

March 12, 2020

The Honorable Analisa Torres
United States District Judge
Southern District of New York
500 Pearl Street
New York, New York 10007

Re:  *ARLENE DELGADO v. DONALD J. TRUMP FOR PRESIDENT, INC*. et. al.
      Civil Case No. 19-cv-11764

Dear Judge Torres:

This firm represents Plaintiff in the above-referenced matter.  I write pursuant to Rule III(a)(i) of Your Honor's Individual Practices, to respectfully request a pre-motion conference or briefing schedule regarding Plaintiff's anticipated motion to enforce the Parties' settlement.

**Material Facts.**

As detailed further in Plaintiff's Complaint, in March of 2017, Plaintiff Delgado informed Defendants that she intended to file a complaint with the New York City Commission on Human Rights ("NYCCHR") regarding the discrimination she suffered while working for the Defendants.  Prior to filing, the Parties agreed to mediate Plaintiff's claims with former First Department Justice, the Hon. Betty Weinberg Ellerin, on May 10, 2017.  After a full day of mediation, Justice Weinberg made a "mediator's proposal" and around June 4, 2017, counsel for all Parties orally agreed in a phone call to the proposal to settle Plaintiff Delgado's claims for $1.2 Million in exchange for a mutual release of all claims.  The following day, on June 5, 2017, Plaintiff Delgado's counsel emailed Defendant's counsel, "please confirm by immediate return email that your clients agree to settle Ms. Delgado's claims for $1.2 million, as you told me by phone last night.  Once you have confirmed by email, we should, as we discussed, move to documentation of the settlement.  Our firm will draft the documents."  Counsel for the Defendants responded to the email several hours later stating, "confirmed as to amount, need to work out payment and other terms and reduce to a formal signed writing."  Notably, Counsel for the Defendants did not reserve any right to not be bound by the settlement absent it being reduced to writing.  Plaintiff, in compliance with the terms of the written agreement, began performance by promptly drafting a full-length settlement document as well as by abiding by the release and not filing a complaint against the Defendants.  Defendants then reneged on the settlement and refused to perform on the agreement.  To date, Defendants have refused to pay Claimant the $1.2 million owed, and have violated the agreement to a mutual release by initiating a baseless arbitration against Plaintiff Delgado in front of the AAA (See Complaint).

Los Angeles Office:  633 West 5th Street, Suite 3250, Los Angeles, CA 90071 | (310) 602-6050
New York City Office: One Penn Plaza, Suite 4905, New York, NY 10119 | (212) 587-0760
Philadelphia Office: 1845 Walnut Street, Suite 1600, Philadelphia, PA 19103 | (215) 391-4790
Miami Office: 701 Brickell Ave., Suite 1310, Miami, FL 33131
New Jersey Office: 73 Forest Lake Drive, West Milford, NJ 07421 | (973) 388-8625
Website: www.discriminationandsexualharassmentlawyers.com

## ARGUEMENT

In order to "form a valid contract under New York law, there must be an offer, acceptance, consideration, mutual assent and intent to be bound.' " *Register.Com, Inc. v. Verio, Inc.,* 356 F.3d 393, 427 (2d Cir. 2004). Settlements are judicially favored and may not be lightly set aside. *United States v. Twenty Miljam-350 IED Jammers*, 669 F.3d 78, 88 (2d Cir. 2011). Thus, "A presumption in favor of enforcement reflects the value that courts place on negotiated settlement agreements." *Oparah v. The N.Y. City Dept. of Ed.,* 2015 WL 4240733,*4 (S.D.N.Y. Jul. 10, 2015). Moreover, stipulations of settlement "are judicially favored, will not lightly be set aside, and 'are to be enforced with rigor and without a searching examination into their substance' as long as they are 'clear, final, and the product of mutual accord.'" *Peralta v. All Weather Tire Sales & Serv., Inc.,* 58 A.D.3d 822, 822, 873 N.Y.S.2d 111, quoting *Bonnette v. Long Is. Coll. Hosp.,*3 N.Y.3d 281, 286, 785 N.Y.S.2d 738, 819 N.E.2d 206. A district court "has the power to enforce summarily, on motion, a settlement agreement reached in a case that was pending before it.'" *BCM Dev., LLC v. Oprandy*, 490 Fed.Appx. 409, 409 (2d Cir. 2013); *Goldstein v. Solucorp Indus., Ltd.*, 11 Civ. 6227, 2017 WL 1078739 at *4 (S.D.N.Y. Feb. 10, 2017), R. & R. adopted, 2017 WL 1067792 (S.D.N.Y. 2017); *Grgurev v. Licul*, 15 Civ. 9805, 2016 WL 6652741 at 3 (S.D.N.Y. 2016).

### A. THE PARTIES ENTERED INTO A WRITTEN SETTLEENT AGREEMENT.

In the present case, the June 5, 2017, email exchange between the Parties included all material terms for a contract to be formed through an offer and acceptance via email; consideration of $1.2 Million in exchange for settlement; mutual assent as shown through the emails; and an intent to be bound, which is demonstrated by neither party maintaining or reserving the right to not be bound in the absence of a formal written agreement. These emails demonstrate there was a "meeting of the minds" between the Parties as they mutually assented to the settlement of all claims in exchange for "the fee, or other cost, involved" of $1.2 million. *Scheinmann v. Dykstra*, 2017 WL 1422972 (S.D.N.Y. 2017); *Walker*, 2006 WL 1662702, at 9; *Gordon*, 2015 WL 1514359, at 7. As the New York Court of Appeals has held, "E-mails exchanged between counsel, which contained their printed names at the end, constitute signed writings." *Williamson v. Delsener,* 59 A.D.3d 291, 291 (N.Y.Ct. App. 2009). As such, this Court should enforce this settlement agreement and require the Defendants to perform their obligations under the agreement. *Id.*; *Scheinmann v. Dykstra*, 2017 WL 1422972 (S.D.N.Y. 2017) at 3; *Sullivan v. Ruvoldt*, 16 Civ. 583, 2017 WL 1157150 at *6 (S.D.N.Y. Mar. 27, 2017); *Herz v. Transamerica Life Ins. Co.*, 172 A.D. 3d 1336 (N.Y. Ct. App. 2019)("the emails were subscribed by counsel, set forth the material terms of the agreement – the acceptance by the plaintiff's counsel of an offer in the sum of $12,500 to settle the case in exchange for a release -- ... and contained an expression of mutual assent," thus the agreement was enforceable despite plaintiff's subsequent refusal to execute). *Id.*

### B. IN THE ABSENCE OF A FORMALIZED WRITING, THE *WINSTON* TEST SUPPORTS ENFORCEMENT OF THE ORAL SETTLEMENT AGREEMENT.

It is long standing precedent that, "an oral settlement agreement is binding and enforceable when the parties agree to its terms with the intent to be bound, even where they contemplate a subsequent written agreement." *Lee v. Hosp. for Special Surgery*, No. 09 CIV. 1117 (LAK), 2009 WL 2447700, at *1 (S.D.N.Y. Aug. 11, 2009); *Francis v. Home Box*

*Office,* 04 Civ. 7430, 2005 WL 1020863 at *4 (S.D.N.Y. Apr. 28, 2005); *Figueroa v. City of N.Y.*, No. 05 CIV. 9594 JGK, 2011 WL 309061, at *5 (S.D.N.Y. Feb. 1, 2011), aff'd sub nom. *Figueroa v. N.Y. City Dep't of Sanitation*, 475 F. App'x 365 (2d Cir. 2012); *Britto v. Salius*, 360 F. App'x 196, 198 (2d Cir. 2010). Additionally, courts have found mutual assent to be evidenced by emails. *Scheinmann v. Dykstra*, 2017 WL 1422972 (S.D.N.Y., 2017)(the court found mutual assent when a settlement proposal was emailed to one party stating, "Please let me know if we have a deal" to which the other party responded, "we have a deal."). *Id*.

In the present case, during the June 3, 2017 phone call between counsel for all Parties, there was an oral offer for a settlement of all claims in exchange for Defendants paying Plaintiff $1.2 Million, an oral acceptance of the settlement by all parties, consideration through the mutual promises made, clear mutual assent and intent to be bound by the terms of the agreement. Thus, this oral agreement is binding on the Defendants and should be enforced. *Lee v. Hosp. for Special Surgery*, No. 09 CIV. 1117 (LAK), 2009 WL 2447700, at 1 (S.D.N.Y. Aug. 11, 2009); *Figueroa v. City of N.Y.*, No. 05 CIV. 9594 JGK, 2011 WL 309061, at *5 (S.D.N.Y. Feb. 1, 2011), aff'd sub nom. *Figueroa v. N.Y. City Dep't of Sanitation*, 475 F. App'x 365 (2d Cir. 2012) (citing cases).

The Second Circuit's four-part *Winston v. Mediafare Entm't Corp.*, 777 F.2d 78, 80 (2d Cir. 1985) balancing test demonstrates the enforceability of the agreement.

1- Upon reaching agreement to the terms of the oral settlement over the phone, neither Party expressly reserved the right not to be bound by their agreement absent a formal written agreement. Indeed, Defendants confirmed the oral agreement by email and failed to reserve the right. *Lee*, 2009 WL 2447700, at *1; *Walker v. City of N.Y.*, No. 05-CV-0004, 2006 WL 1662702, at 8 (E.D.N.Y. 2006); *Oppenheim v. Ultimate Servs. for You, Inc.*, 30 Misc. 3d 1206(A), 958 N.Y.S.2d 647 (Sup. Ct. 2011).[1] Moreover, "[T]he mere fact that the parties contemplate memorializing their agreement in a formal document does not prevent their informal agreement from taking effect prior to that event." *V'Soske v. Barwick*, 404 F.2d 495, 499 (2d Cir. 1968). See also *In re Dragone*, 318 B.R. 33, 36 (D. Conn. 2004)(Defendants email only reserved the right to "work out payment and other terms and reduce to a formal signed writing" and thus it was enforceable.). Thus, this factor favors enforcement.

2- As agreed upon in their email correspondence, Plaintiff drafted settlement documents memorializing the terms of the settlement. Courts have found similar facts sufficient to tip the second factor in favor of enforcement. *Wesley v. Correction Officer Badge No. 9417*, No. 05 CIV. 5912, 2008 WL 41129, at 3 (S.D.N.Y. 2008); *McCray v. County of Orange*, 688 Fed.Appx. 74 (2nd Cir. 2017). Additionally, Plaintiff partially performed by abiding by the release and not filing a Complaint. Thus, this factor favors enforcement.

3- In the present case, all the material terms of the settlement were agreed upon and thus the third factor strongly favors enforcement. *Guardian Life Ins. Co. of Am.*, 2014 WL 61475, at 2. Crucially, Defendants cannot claim any terms agreed upon orally are in dispute, as they were confirmed by email. *Melwani v. Jain*, No. 02 CIV. 1224(DF), 2004 WL 936814, at *5 (S.D.N.Y. 2004); *Walker*, 2006 WL 1662702, at 8; *Gordon*, 2015 WL 1514359, at 7.

---

[1] This first factor "is the most important." *Hostcentric Techs., Inc. v. Republic Thunderbolt, LLC*, 04 Civ. 1621, 2005 WL 1377853 at *7 (S.D.N.Y. 2005); *Goldstein v. Solucorp Indus., Ltd.*, 11 Civ. 6227, 2017 WL 1078739 at *6 (S.D.N.Y. 2017) R. & R. adopted, 2017 WL 1067792 (S.D.N.Y. Mar. 21, 2017).


4- Oral settlements of discrimination claims, like the present, are commonly reached and the terms of the agreement here are neither complex nor have long-term effects. Thus, the final factor favors enforcement. *Lee* at 1; *Mapel*, 2014 WL 2095158, at 3; *Delyanis v. Dyna-Empire, Inc.*, 465 F. Supp. 2d 170, 171 (E.D.N.Y. 2006); *Hostcentric Techs. Inc.*, 2005 WL 1377853, at 9; *Estate of Andrea Brannon v. City of N.Y.*, No. 14-CV-2849, 2016 WL 1047078, at *4 (S.D.N.Y. 2016); *Rahman*, 2014 WL 541851, at 7. This factor also favors enforcement, where, as here, the terms of the oral settlement were confirmed through email. *Delyanis*, 465 F. Supp. 2d at 171; *Hostcentric Techs., Inc.*, 2005 WL 1377853, at 10; *Estate of Andrea Brannon*, 2016 WL 1047078, at 4.[2] Similar to *Lee, Delgrosso and Scheinmann*, in the present case, counsel for Defendants confirmed in writing that an oral settlement was reached. As such, there cannot be any disagreement as to the oral settlement terms, and the four *Winston* factors demonstrate the settlement is enforceable.

Despite the fact that the parties have both an oral settlement and as a subsequent written settlement, Defendants refuse to perform their obligations under this agreement. Accordingly, the Court should enforce the terms of the settlement.

## CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that the Court schedule a pre-motion conference with respect to Plaintiff's anticipated motion to enforce the settlement, or set a briefing schedule for Plaintiff's motion, together with such other and further relief as the Court may deem just and proper.

I thank the Court for its' time and attention to this matter.

                                  Respectfully submitted,

                                  _____/s/ Abe Melamed_____

                                  **DEREK SMITH LAW GROUP, PLLC**
                                  ABRAHAM Z. MELAMED (AM1520)
                                  *Abe@dereksmithlaw.com*
                                  One Penn Plaza, Suite 4905
                                  New York, New York 10119
                                  Phone: (212) 587-0760

CC: All Counsel of Record (VIA ECF)

---

[2] CPLR 2104, a state rule of procedure requiring settlements be made in writing or in "open court," is inapplicable. *Mone*, 2001 WL 1518263, at 3; *Figueroa*, 475 F. App'x at 367; *Lee*, 2009 WL 2447700, at 3. *Foster v. City of N.Y.*, No. 96 CIV. 9271 (PKL), 2000 WL 145927, at *3 (S.D.N.Y. 2000). Federal courts routinely enforce oral settlements reached outside of open court. *Britto*, 360 F. App'x at 198; *Pruiett v. City of N.Y.*, No. 11 CIV. 1737 ALC JCF, 2012 WL 3033720, at *1 (S.D.N.Y. 2012); *Wesley*, 2008 WL 41129, at *3 (same); *Garibaldi*, 533 F. Supp. 2d at 309.