# EXHIBIT B

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------------X

ARLENE DELGADO,

|  |  |
|---|---|
| Plaintiff, | Civil Action No.: 19-cv-11764 (AT) |
| -against- | |
| DONALD J. TRUMP FOR PRESIDENT, INC., TRUMP FOR AMERICA, INC., SEAN SPICER, individually, REINCE PRIEBUS, individually, STEPHEN BANNON, individually, | **STIPULATION** |
| Defendants. | |

------------------------------------------------------------------------X

WHEREAS, defendants Donald J. Trump for President, Inc. (the "Campaign"), Trump for America, Inc., Sean Spicer, and Reince Priebus (collectively, "Defendants")[1] are moving to compel arbitration and/or dismiss certain claims set forth in plaintiff's Complaint; and

WHEREAS, in paragraph 48 of her Complaint, plaintiff makes reference to a written agreement—referred to in her Complaint as an "NDA"—which she signed, and which states within the agreement that it is in connection with her retention as an independent contractor with the Campaign (the "Retention Agreement"). The Retention Agreement contains an arbitration provision, as set forth in pertinent part in the stipulation below; and

WHEREAS, in paragraph 46 of her Complaint, plaintiff makes reference to drafts of a purported written settlement agreement exchanged between her and Defendants (individually and/or collectively, the "Draft Agreements"). The Draft Agreements contain an arbitration provision, as set forth in pertinent part in the stipulation below; and

WHEREAS, in paragraphs 40–42 of her Complaint, plaintiff makes reference to a private mediation between the parties that was conducted in May 2017 (the "Mediation"). In connection

---

[1] The undersigned counsel does not represent defendant Stephen Bannon in this lawsuit, and no appearance has been made by him to date.

with the commencement of the Mediation, the parties entered a written mediation agreement (the "Mediation Agreement"); and

WHEREAS, in connection with the motion, the Campaign desires to set forth certain relevant portions of the Retention Agreement, Draft Agreements, and Mediation Agreement; now therefore

IT IS HEREBY STIPULATED AND AGREED, by and between the undersigned counsel, as follows:

1.      Paragraph 8(b) of the Retention Agreement contains an arbitration provision that states in pertinent part:

**Arbitration.  ...[A]ny dispute arising under or relating to this agreement may, at the sole discretion of [the Campaign], be submitted to binding arbitration in the State of New York pursuant to the rules for commercial arbitrations of the American Arbitration Association, and you hereby agree to and will not contest such submissions...**

2.      Paragraph 15 of the last Draft Agreement contained an arbitration provision that states in pertinent part:

**Arbitration.  Any controversy, dispute or claim of whatever nature arising out of, in connection with, or in relation to the interpretation, performance, or breach of the Settlement Agreement and its subject matter, including but not limited to any claim based on contract, tort or statute, shall be resolved at the request of any party to this Settlement Agreement of the other, and after a good faith effort by the parties, and a sufficient opportunity to resolve the matter between them, by confidential, final and binding arbitration with JAMS, pursuant to JAMS's Employment Arbitration Rules and Procedures (the "JAMS Rules")...**

3.      Paragraph 1 of the Retention Agreement contains a confidentiality provision that states in pertinent part:

**No Disclosure of Confidential Information.[2]  During the term of your service and at all times thereafter you hereby promise and agree:**

---

[2] Paragraph 6(a) of the Retention Agreement defines "Confidential Information" in pertinent part as "**all information...of a private, proprietary or confidential nature...including, but not limited to, any information with respect to...political affairs, and/or business affairs of Mr. Trump..., including, but not limited to...[the Campaign]...**"

2

       **a.**     **not to disclose, disseminate or publish, or cause to be disclosed, disseminated or published, any Confidential Information;**

       **c.**     **not to use any Confidential Information in any way detrimental to the Company…;**

       4.     Section III of the Mediation Agreement contains the following confidentiality provision:

**In order to promote communication among the parties, counsel and the mediator and to facilitate settlement of the dispute, each of the undersigned agrees that the entire mediation process is confidential. All statements made during the course of the mediation are privileged settlement discussions, and are made without prejudice to any party's legal position, and are inadmissible for any purpose in any legal proceeding. These offers, promises, conduct and statements (a) will not be disclosed to third parties except persons associated with the participants in the process, and (b) are privileged and inadmissible for any purposes, including impeachment, under Rule 408 of the Federal Rules of Evidence and any applicable federal or state statute, rule or common law provisions.**

       5.     Electronic signatures shall serve as originals for the purposes of this stipulation.

       6.     This stipulation is not intended by the parties to be the exclusive record in connection with the instant motion or any cross motion.

Dated: New York, New York
       April 22, 2020

**DEREK SMITH**
**LAW GROUP, PLLC**

Abraham Z. Melamed
One Penn Plaza, Suite 4905
New York, New York  10119
T:  (212) 587–0760
E:  ABE@DEREKSMITHLAW.COM

*Attorneys for plaintiff*

**LAROCCA HORNIK ROSEN**
**& GREENBERG LLP**

Patrick McPartland
40 Wall Street, 32nd Floor
New York, New York  10005
T:  (212) 530-4837
E:  PMCPARTLAND@LHRGB.COM

*Attorneys for defendants*
*Donald J. Trump for President, Inc.,*
*Trump for America, Inc.,*
*Sean Spicer, and Reince Priebus*