UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------x
ARLENE DELGADO,

                                                                                                  **Civil Case No.: 19-cv-11764**

                                       Plaintiff,

                           *-against-*

DONALD J. TRUMP FOR PRESIDENT, INC.,
TRUMP FOR AMERICA, INC.,
SEAN SPICER, individually,
REINCE PRIEBUS, individually,
STEPHEN BANNON, individually,

                                       Defendants.
-------------------------------------------------------x

## PLAINTIFF, ARLENE DELGADO'S DECLARATION IN OPPOSITION TO DEFENDANTS' MOTION TO COMPEL ARBITRATION AND TO DISMISS, AS WELL AS CROSS-MOTION FOR AN INJUNCTION

     I, Arlene Delgado, declare under the penalty of perjury, that the following is true and correct:

1. I am the Plaintiff in the above-captioned action.

2. This Declaration is submitted in opposition to the Defendants motion to compel arbitration and to dismiss, as well as in support of my motion for an injunction, and is based upon my best recollection of the information contained herein.

3. All of the facts alleged in the Complaint (Dkt. 1) are true and correct to the best of my knowledge.

4. Around August of 2016, I began my employment with the Defendants.

5. Prior to commencing my employment, I signed an Employment Agreement with the

Defendants, attached as Exhibit A.

6. A few days after I began my employment, Defendants presented me with a Confidentiality Agreement, and instructed me to sign it, which I did. This agreement is attached as Exhibit B.

7. I was not provided any consideration for this new agreement.

8. Additionally, the agreement was never signed by the Trump campaign.

9. Prior to filing a complaint of discrimination against the Defendants, I participated in a mediation at JAMS, on May 10, 2017.

10. The JAMS mediation agreement did not provide for arbitration.

11. After a full day of mediation, I and the Defendants, through counsel, orally agreed to settle my claims for a sum certain ("Payment") in exchange for a mutual release of all claims.

12. The following day, on June 5, 2017, my counsel emailed Defendant's counsel to confirm these terms, and Defendants' counsel confirmed in writing.

13. In compliance with the terms of the settlement agreement, I began performance of my obligations under the settlement agreement by drafting a settlement agreement through my counsel, which included the binding terms reached over the phone. *Id*.

14. Ultimately, this draft agreement was never signed, and so the operate agreement is the verbal settlement agreement, which was confirmed by email.

15. Defendants then reneged on this settlement and refused to perform on the agreement.

16. To date, Defendants have refused to pay me the money owed, and have violated the agreement to a mutual release by initiating a baseless arbitration against me in front of the AAA, entitled *Donald J. Trump for President, Inc. V. Arlene Delgado* (JAMS reference 01-17-0004-4706).

17. This arbitration initially alleged that I breached the Confidentiality Agreement by intending to file a complaint with the NYCCH, as well as by sending out certain unspecified tweets in December of 2016.

18. Defendants have subsequently withdrawn their claims that I breached the Confidentially Agreement by indicating an intention to file my discrimination claims with NYCCHR, and thus only the claims relating to the unspecified tweets remain.

19. I am currently indigent, and have been certified as such by the Florida Family Court, and I am expected to expend significant sums of money paying for the administration of the arbitration itself as well as to my attorneys to defend me, and I am forced to expect significant resources in defending against this arbitration.

June 16, 2020

_____
Arlene Delgado