

Los Angeles | New York | Philadelphia | Miami | New Jersey

March 8, 2021

VIA ECF
The Honorable Analisa Torres
United States District Judge
Southern District of New York
500 Pearl Street
New York, New York 10007

Re:  *ARLENE DELGADO v. DONALD J. TRUMP FOR PRESIDENT, INC.* et. al.
     Civil Case No. 19-cv-11764

Dear Judge Torres:

This firm represents the Plaintiff in the above-referenced matter.  We write: (1) to providen the Court with a copy of supplemental binding authority relevant to the pending Defendants' motion to compel arbitration (Dkt. 35 - 37, 51) and Plaintiff's opposition and cross-motion to enjoin the separate arbitration (Dkt. 44 – 47, 53 - 54); (2) to withdraw the portion of Plaintiff's cross-motion seeking to enjoin the separate AAA arbitration (*Donald J. Trump for President, Inc. V. Arlene Delgado*, AAA case Reference No. 01-17-0004-4706) as moot because Plaintiff Delgado prevailed, but to maintain the portion of the motion seeking a permanent injunction against Defendants; and (3) to seek guidance from the Court as to whether Plaintiff should move to confirm the arbitration decision in AAA case Reference No. 01-17-0004-4706 in the present action, or file a separate related action seeking enforcement of that decision.

(1) Plaintiff writes to provide this Court with a copy of the attached binding supplemental authority in *Donald J. Trump for President, Inc. V. Arlene Delgado*, AAA Reference No. 01-17-0004-4706.  That decision has collateral estoppel effect on the present action because the same parties, represented by the same counsel, appeared in the arbitration, wherein they had a full and fair opportunity to litigate the identical issue, which was actually litigated and decided as part of the final and binding arbitration award.  Specifically, in the AAA arbitration, the same Defendants claimed that Plaintiff Delgado violated the same Non-Disclosure Agreement ("NDA") that the Defendants rely on in moving to compel arbitration in the present action.  The arbitrator in that AAA case found in Plaintiff Delgado's favor and awarded her attorneys' fees, holding not only that the allegedly breaching tweets did not breach of the NDA even if it was enforceable,[1] but also that the tweets could only violate the NDA if Plaintiff, or indeed anyone,

---

[1] The tweets—which the Arbitrator questioned whether were even disparaging to begin with—contained opinions (as distinct from confidential facts) and/or information regarding [Plaintiff Delgado]'s personal life, and those tweets, were "strictly personal in nature and did not violate the prohibition on disclosing information regarding Mr. Trump's political affairs" and therefore did "not fall within the enforceable definition of Confidential Information in

published private information regarding Mr. Trump's "*political affairs,*" and any, "attempt to read that text … to prohibit the disclosure of all private information … without the qualifying reference to Mr. Trump's political affairs, would result in an overly broad, vague and unenforceable restriction." *Id*. ¶ 5. The Arbitrator also held that "the portion of the definition that seeks to include any information "that Mr. Trump insists remain private or confidential" is overly broad and vague, and so is unenforceable, especially in the context of a restrictive covenant." *Id*. This decision demonstrates that Defendants' argument that the present claims are subject to arbitration, despite the fact that they clearly do not relate to Donald Trump's, "*political affairs"* is just plain wrong. It has now been decided, with collateral estoppel effect, that Defendants' claim that the NDA requires Plaintiff "to maintain the confidentiality of any and all private or confidential information pertaining to her retention with the Campaign" (Def. Motion Dkt. 37, p. 7) is wrong. In light of the above, as well as the arguments previously articulated by Plaintiff Delgado in her opposition and cross-motion, it is clear that the present claims belong before this Court, and not in arbitration.

(2) In light of the Arbitrator's decision in AAA Reference No. 01-17-0004-4706, Plaintiff Delgado hereby withdraws the portion of her cross-motion (Dkt. 44 – 47, 53 - 54) that sought to enjoin that arbitration. This portion of Plaintiff Delgado's cross-motion is now moot, because Plaintiff prevailed in that arbitration and it has been dismissed with an award of attorney's fees to Plaintiff Delgado. Plaintiff however maintains the portion of her cross-motion seeking a permanent injunction deeming the NDA null and void, and enjoining Defendants from bringing any future claims against Plaintiff based on that NDA. This portion of Plaintiff's motion is particularly strong in light of the Arbitrator's decision that the NDA, as Defendants seek to enforce it, amounts to an "overly broad, vague and unenforceable restriction." *Id*.

(3) In light of the Arbitrator's decision in AAA Reference No. 01-17-0004-4706, Plaintiff Delgado intends to move to confirm the arbitration award, and argue that the NDA is null and void. Specifically, Plaintiff intends to move to confirm the Arbitrator's decision that, "the portion of the definition that seeks to include any information 'that Mr. Trump insists remain private or confidential' is overly broad and vague, and so is unenforceable, especially in the context of a restrictive covenant," and that any "attempt to read that text … to prohibit the disclosure of all private information … without the qualifying reference to Mr. Trump's political affairs, would result in an overly broad, vague and unenforceable restriction." *Id*. ¶ 5. As such, we write to seek guidance from this Court whether Plaintiff should file a petition to confirm the arbitration award in the present action, or in a separate related action. [2]

To the extent that it would assist the Court for Plaintiff to submit additional briefing relating to the above issues, we are happy to do so, and we consent to the Defendants having an opportunity to brief a response to this letter and any supplemental briefing that Court might seek.

---

the Agreement." AAA Reference No. 01-17-0004-4706, at ¶ 5.

[2] We respectfully submit that this arbitration award has binding effect on the present case, because it determines that the proper forum for the present claims is this Court and not arbitration. Thus, Plaintiff seeks guidance as to whether the proper forum to confirm the arbitration award is in the present action, or a separate related action.

We thank the Court for its' time and attention to this matter.

Respectfully submitted,

_____/s/ Abe Melamed_____

**DEREK SMITH LAW GROUP, PLLC**
ABRAHAM Z. MELAMED (AM1520)
*Abe@dereksmithlaw.com*
DANIEL S. KIRSCHBAUM (DK3446)
*dsk@dereksmithlaw.com*
One Penn Plaza, Suite 4905
New York, New York 10119
Phone: (212) 587-0760


CC: All Counsel of Record (VIA ECF)

In the Matter of the Arbitration between

Donald J. Trump for President, Inc.,

                                 Claimant,

 and

Arlene Delgado,

                                 Respondent.

AAA Case Number 01-17-0004-4706

Before:      Stephen F. Ruffino

## AWARD OF ARBITRATOR

I, THE UNDERSIGNED ARBITRATOR, having been designated in accordance with the arbitration agreement entered into by the parties as part of an Agreement (undated, but represented by Claimant to have been entered into September 2016 and seemingly concurred in by Respondent), and having been duly sworn, and having fully reviewed and considered the documents, authorities and oral arguments submitted to me by both parties, hereby AWARD as follows:

1.      Per the procedure agreed upon and ordered April 14, 2020, Claimant made a dispositive motion and Respondent filed a dispositive cross-motion, both of which are before me at this time. Because the parties agree there are no material factual issues in dispute, the case may be disposed of by summary judgment, and because I believe that relief is appropriate on the record in this case, I find in favor of Respondent and dismiss all claims in this arbitration.

2.      Both parties provided extensive recitations of events that occurred among certain participants who acted for Donald J. Trump for President, Inc. during the 2016 presidential campaign. Essentially, those facts are not in dispute. However, for purposes of this decision and Award, most of the factual events are largely immaterial because the claims can be addressed and decided on (1) the text of the Agreement and (2) the texts of the statements admittedly made by Respondent. Accordingly, I will not recite or address those events that I believe are not material. (Similarly, I need not reach alternate legal arguments made by each party and will not do so.)

3.      The Agreement is a set of restrictive covenants that apply to Respondent's conduct. These include confidentiality (non-disclosure), non-disparagement, non-compete and intellectual property provisions. Claimant alleges Respondent breached the confidentiality and non-disparagement provisions. (Respondent previously withdrew her counterclaims.)

4.      Paragraph 1 of the Agreement sets forth the non-disclosure provisions, which prohibit Respondent from disclosing "Confidential Information" as defined in its paragraph 6. That definition states, in pertinent part, that Confidential Information includes "all information of a private … nature or that Mr. Trump insists remain private or confidential, including … any information with respect to … the political affairs of Mr. Trump …."

5.      Per the definition of Confidential Information, as applied to the facts herein, there can only be a prohibited disclosure if Respondent published private information regarding Mr. Trump's political affairs. Any attempt to read that text so as to prohibit the disclosure of all private information, even Respondent's own, without the qualifying reference to Mr. Trump's

political affairs, would result in an overly broad, vague and unenforceable restriction. (Similarly, the portion of the definition that seeks to include any information "that Mr. Trump insists remain private or confidential" is overly broad and vague, and so is unenforceable, especially in the context of a restrictive covenant.)

6.      Respondent is accused of, and admits to, publishing six tweets on December 22 and 24, 2016, that contained opinions (as distinct from confidential facts) and/or information regarding her personal life. Those tweets were strictly personal in nature and did not violate the prohibition on disclosing information regarding Mr. Trump's political affairs. Regardless of their alleged public impact, the essential nature of those communications does not fall within the enforceable definition of Confidential Information in the Agreement.

7.      Paragraph 2 of the Agreement prohibits Respondent from disparaging Claimant. It is questionable whether the tweets were disparaging, but even if they were, I agree with Respondent's argument that her comments were directed only at an individual colleague, not Claimant.

8.      Per paragraph 8.c of the Agreement, an award of reasonable legal fees and costs to the prevailing party, Respondent, is mandatory. Respondent has submitted an application for attorneys' fees, supported by time records. Respondent did not ask for an award of her costs. I find that the hourly rates, the work performed and the total hours expended are reasonable (and comparable to those requested by Claimant in its application.) Accordingly, I award forty eight thousand seven hundred fifty dollars ($48,750.00) to Respondent, to be paid by Claimant.

9.      The administrative fees of the American Arbitration Association, totaling seven thousand five hundred dollars ($7,500.00), and the compensation of the arbitrator, totaling two thousand three hundred forty-five dollars ($2,345.00), shall be borne by Claimant. Therefore, Claimant shall reimburse Respondent the sum of one thousand one hundred seventy-two dollars and fifty cents ($1,172.50), representing that portion of said fees previously incurred and paid by Respondent.

10.     The above amounts referenced in paragraphs 8 and 9 are to be paid on or before 30 days from the date of this Award, and shall accrue interest thereafter at the applicable statutory rate until paid.

This Award is in full settlement of all claims submitted to this Arbitration. All claims not expressly granted herein are hereby denied.


October 8, 2020                                _____
                                             Stephen F. Ruffino


I, Stephen F. Ruffino, do hereby affirm upon my oath as Arbitrator that I am the individual described in and who executed this instrument, which is my Award.


October 8, 2020                                _____
                                             Stephen F. Ruffino