# LaRocca Hornik Rosen & Greenberg LLP
## COUNSELORS AT LAW

THE TRUMP BUILDING
40 WALL STREET
32ND FLOOR
NEW YORK, NY 10005
212.530.4823
212.530.4815 FAX

LHRGB.COM

FREEHOLD COMMONS
83 SOUTH STREET
3RD FLOOR
FREEHOLD, NJ 07728
732.409.1144
732.409.0350 FAX

FRANK J. LAROCCA ◊○
JONATHAN L. HORNIK
LAWRENCE S. ROSEN
ROSE GREENBERG △
AMY D. CARLIN △
PATRICK T. MCPARTLAND △
DAVID N. KITTREDGE △
JARED E. BLUMETTI
KATELYN C. CANNING
FLORRIE R. GOFFMAN △◊
SHERRY S. HAMILTON △
FAISAL R. LATEEF △
SANFORD HAUSLER △
KEVIN KIM △
PETER KELEGIAN △
DREW TANNER ‡
LAUREN WEISSMAN-FALK
ARI SELEVAN

△ NEW YORK BAR ONLY
‡ NEW JERSEY BAR ONLY
◊ OF COUNSEL ATTORNEYS
○ CERTIFIED MATRIMONIAL LAW ATTORNEY

DIRECT DIAL: 212.530.4837
EMAIL: PMCPARTLAND@LHRGB.COM

March 15, 2021

**VIA ECF & E-MAIL**
Honorable Analisa Torres
Daniel Patrick Moynihan
United States Courthouse
500 Pearl Street, Courtroom 15D
New York, New York 10007-1312

  Re: Arlene Delgado v. Donald J. Trump for President, Inc., et al.
     Civil Action No. 19-cv-11764 (AT) (KHP)

Dear Judge Torres:

  We represent Donald J. Trump for President, Inc. (the "Campaign"), Trump for America, Inc., Sean Spicer, and Reince Priebus in the above-captioned action and are writing to briefly respond to plaintiff's March 8, 2021 correspondence, which purports to serve as a supplemental submission on the parties' fully-briefed motions regarding the arbitrability of certain claims.

  Putting aside the propriety of plaintiff's submission, it is remarkable only for the fact that plaintiff continues to ignore United States Supreme Court precedent requiring that an arbitrator determine the very issues of arbitrability that she presents to this Court. Specifically, it is black letter law that issues of arbitrability are exclusively reserved for an arbitrator where the parties, as here, have agreed to arbitrate disputes pursuant to the rules of the American Arbitration Association (the "AAA"). *See Gwathmey Siegel Kaufman & Associates Architects, LLC v. Rales*, 518 Fed.Appx. 20, 21 (2d Cir. 2013). Indeed, the United States Supreme Court has held that this delegation of authority cannot be overridden, even where the purported grounds for the arbitrability of a particular claim are "wholly groundless." *See Henry Schein, Inc. v. Archer and White Sales, Inc.*, 139 S.Ct. 524, 529–31 (2019).

  Here, plaintiff quite simply asserts that the Campaign is estopped from asserting that her claims are subject to arbitration under her agreement. Regardless of the fact that this assertion is

meritless, it plainly raises an issue of arbitrability, i.e., whether her claims are arbitrable under her agreement. As such, this issue is exclusively reserved for a AAA arbitrator to decide.[1]

Beyond the foregoing, plaintiff improperly seeks guidance from this Court for which no response is required from the Campaign.

Respectfully submitted,

/s/ *Patrick McPartland*

Patrick McPartland

cc: Counsel of record (*via ECF*)

---

[1] Plaintiff—who moved for a preliminary (i.e., not a permanent) injunction—has withdrawn that portion of her motion seeking to stay the parties' prior arbitration as moot. As there are no other claims currently pending in arbitration, this motion—which was meritless for a variety of reasons—is no longer even justiciable. In any event, any claims challenging the validity and enforceability of an agreement "as a whole" are arbitrable under United States Supreme Court precedent. *See Buckeye Check Cashing, Inc. v. Cardegna*, 546 U.S. 440, 449, 126 S.Ct. 1204, 1210 (2006).