UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ARLENE DELGADO,

Plaintiff,

-against-

DONALD J. TRUMP FOR PRESIDENT, INC., TRUMP FOR AMERICA, INC., SEAN SPICER, individually, REINCE PRIEBUS, individually, STEPHEN BANNON, individually,

Defendants.

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 3/26/2021

19 Civ. 11764 (AT)

**ORDER**

ANALISA TORRES, District Judge:

In this employment discrimination action, Plaintiff, Arlene Delgado, alleges that Defendants, Donald J. Trump for President, Inc., Trump for America, Inc., Sean Spicer, Reince Priebus, and Stephen Bannon, violated her rights under the New York State Human Rights Law, N.Y. Exec. Law § 296 (the "NYSHRL"), and the New York City Human Rights Law, N.Y.C. Admin. Code § 8–107 (the "NYCHRL"). Plaintiff also asserts claims for breach of contract, promissory estoppel, and tortious interference with prospective business relations. *See* Compl. ¶¶ 57–97, ECF No. 1. Defendants, except for Stephen Bannon, who has not yet appeared in this action, move for an order (1) dismissing Plaintiff's failure-to-hire claim under the NYSHRL and the NYCHRL, and her claim for tortious interference with prospective business relations, for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6); and (2) compelling arbitration of her breach of contract and promissory estoppel claims. ECF No. 35. Plaintiff cross-moves for a preliminary injunction enjoining arbitration under Federal Rule of Civil Procedure 65. ECF No. 44. For the reasons stated below, Defendants' motion is GRANTED in part and DENIED in part, and Plaintiff's motion is DENIED as moot.

**BACKGROUND**

The following facts are taken from the complaint and accepted as true for the purposes of this motion. *See ATSI Commc'ns, Inc. v. Shaar Fund, Ltd.*, 493 F.3d 87, 98 (2d Cir. 2007).

Delgado is a "Latina-American and a politically conservative writer, thinker, and commentator" whose work has been featured in publications like The Miami Herald and Breitbart, and who has appeared on Fox News, CNN, and Telemundo. Compl. ¶¶ 10–12. She is a Harvard Law School graduate. *Id.* ¶ 11. When Donald J. Trump announced his candidacy for president in 2015, Delgado became an early supporter and claims that, at public campaign events, Trump "routinely called [Delgado] up on stage" and "singled her out for praise." *Id.* ¶¶ 13, 16, 19. She states that, on at least three occasions, "Trump expressed that he was impressed" with her and that he "would hire her for the White House if he won." *Id.* ¶ 19. On September 1, 2016, she was named the Hispanic Outreach Director of his campaign. *Id.* ¶¶ 10, 17, 32.

In November 2016, Delgado learned that she and Jason Miller, her supervisor in the campaign, were expecting a child. *Id.* ¶ 20. Delgado states that Miller said that she could not be seen "waddling around the White House pregnant." *Id.* ¶ 21. In December 2016, Delgado informed Stephen Bannon and Sean Spicer, senior campaign officials, that she was pregnant. *Id.* ¶¶ 7, 9, 23–24. Delgado claims that Spicer told her that the White House is "no place for a new mom" and that working there while raising a baby would be impossible. *Id.* ¶¶ 25–28. Delgado states that Spicer tried to persuade her to focus on other employment options, but she insisted that she still wanted to work at the White House. *Id.* ¶¶ 28–29. According to Delgado, Bannon, Spicer, and Reince Priebus, another senior campaign official, stripped her of her campaign responsibilities shortly after she announced her pregnancy. *Id.* ¶¶ 8, 30–32. On January 20,

2017, the date of Trump's inauguration, Delgado again asked Spicer about employment at the White House, but was met with silence. *Id.* ¶ 33. Delgado alleges that she was unlawfully denied employment because of her status as a pregnant woman. *Id.* ¶ 36.

**DISCUSSION**

I. Legal Standard

To withstand a Rule 12(b)(6) motion to dismiss, "a complaint must contain sufficient factual matter . . . to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A plaintiff is not required to provide "detailed factual allegations" in the complaint, but must assert "more than labels and conclusions." *Twombly*, 550 U.S. at 555. Ultimately, the "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Id.* Courts must accept the allegations in the complaint as true and draw all reasonable inferences in favor of the non-movant. *ATSI Commc'ns, Inc.*, 493 F.3d at 98.

II. Analysis

A. New York State and City Human Rights Laws

A plaintiff can bring a claim for failure to hire if she "applied for an available position for which she was qualified and was rejected under circumstances giving rise to an inference of unlawful discrimination." *Wang v. Phx. Satellite Television US, Inc.*, 976 F. Supp. 2d 527, 537 (S.D.N.Y. 2013). Defendants claim that Delgado is asserting a failure-to-hire cause of action against them for their role in the White House's decision to not offer her employment. Def. Mem. at 4, 8–9, ECF No. 37. But Delgado has stated unequivocally—more than once—that "she does not maintain a cause of action against the federal government, or otherwise, for failure to hire." Pl. Opp'n at 1, 10, ECF No. 45; *see generally* Compl.

Nevertheless, Defendants bring a senseless motion to dismiss Delgado's nonexistent failure-to-hire claim.

Prior to filing their motion, Defendants wrote to Delgado claiming that she had asserted a failure-to-hire cause of action, which Defendants attacked as inadequately pleaded. *See* ECF No. 32 at 2 & n.2. Delgado "explicitly responded" to Defendants that she is not maintaining a failure-to-hire claim. Pl. Opp'n at 10. Despite this clarification, Defendants filed their motion to dismiss, compelling another response from Delgado. Def. Mem. at 4, 8–9. Delgado reiterated in her responsive papers that her complaint does not present such a claim. Pl. Opp'n at 10. Undeterred, Defendants yet again pressed the issue in their reply papers. Def. Reply at 8, ECF No. 51.

Even if her complaint could be construed to state a failure-to-hire claim, Delgado twice made her position clear in no uncertain terms. Nevertheless, Defendants ignored Delgado and formally requested that the Court adjudicate this non-issue. *See* Court's Individual Practices in Civil Cases Rule III.B.ii ("This [pre-motion letter] practice may be especially effective as to certain types of motions frequently made that may be avoidable . . . .").

Defendants' counsel is reminded that attorneys presenting motions to the Court are prohibited from submitting frivolous arguments. Fed. R. Civ. P. 11(b)(2) ("By presenting to the court a . . . written motion, . . . an attorney . . . certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances[,] . . . the . . . legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law[.]"). The Court cautions Defendants' attorneys to refrain from engaging in conduct that suggests sharp practice.

Accordingly, Defendants' motion to dismiss the nonexistent failure-to-hire cause of action is DENIED.

B. Tortious Interference

Under New York law, the elements of a claim for tortious interference with business relations are: (1) a plaintiff's business relationship with a third party; (2) the defendant's interference with that business relationship; (3) a showing that the defendant acted with the sole purpose of harming the plaintiff or used dishonest, unfair, or improper means; and (4) injury to the relationship. *Lombard v. Booz-Allen & Hamilton, Inc.*, 280 F.3d 209, 214 (2d Cir. 2002). To satisfy the third element, "the defendant's conduct must amount to a crime or an independent tort." *Gym Door Repairs, Inc. v. Young Equip. Sales, Inc.*, 206 F. Supp. 3d 869, 908 (S.D.N.Y. 2016) (quotation marks and citation omitted). "Conduct that is not criminal or tortious will generally be 'lawful' and thus insufficiently 'culpable' to create liability for interference with prospective contracts or other nonbinding economic relations." *Id.* (quotation marks and citation omitted). However, if the plaintiff can demonstrate that the defendant acted with the "sole purpose of inflicting intentional harm on [the] plaintiff[]," then the plaintiff can satisfy the third prong. *Id.* (quotation marks and citation omitted). A plaintiff can show intentional harm through "physical violence, fraud or misrepresentation, civil suits and criminal prosecutions, and some degrees of economic pressure" directed towards the third party. *Carvel Corp. v. Noonan*, 818 N.E.2d 1100, 1104 (N.Y. 2004).

Delgado alleges that Defendants committed tortious interference with contract by undermining her efforts to obtain employment at the White House. Compl. ¶¶ 95–97. Defendants argue that federal law bars Delgado's tortious interference claim because Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*, provides the exclusive remedy for

federal employees asserting employment discrimination claims. Def. Mem. at 10–11. But Delgado is not a federal employee, and Defendants' reliance on cases brought by federal workers is misplaced. *See, e.g.*, *Lewis v. Snow*, No. 01 Civ. 7785, 2003 WL 22077457 (S.D.N.Y. Sept. 8, 2003); *Gerentine v. United States*, No. 00 Civ. 0813, 2001 WL 876831, at *1 (S.D.N.Y. Aug. 2, 2001).

Defendants next contend that Delgado fails to allege interference with a third-party because Spicer and Priebus eventually were employed by the White House—the third party. Def. Mem. at 11. However, the bulk of Delgado's allegations regarding Defendants' interference occurred before Spicer and Priebus joined the White House staff. *See* Compl. ¶¶ 24–30, 33; *see also New Paradigm Software Corp. v. New Era of Networks, Inc.*, 107 F. Supp. 2d 325, 330–31 (S.D.N.Y. 2000) ("Plaintiff's tortious interference claim is principally addressed to NEON's interference with the 1997 contract between VIE and New Paradigm prior to NEON's actual purchase of VIE's stock."). That Spicer and Priebus took jobs at the White House at a later date does not mean that such a future employer cannot constitute a third party in a tortious interference claim. This argument, therefore, is also unavailing.

Finally, Defendants contend that Delgado fails to allege that Defendants acted with wrongful purpose in interfering with her prospective employment opportunity because she does not allege an independent tort. Def. Mem. at 12. Defendants overlook that Delgado need not set forth an independent tort to plead that Defendants acted maliciously. *Gym Door Repairs, Inc.*, 206 F. Supp. 3d at 908. Delgado, however, fails to allege how Defendants directed their behavior toward her prospective employer, the federal government. *Carvel*, 818 N.E.2d at 1104 ("As federal courts applying New York law have recognized, conduct constituting tortious

interference with business relations is, by definition, conduct directed not at the plaintiff itself, but at the party with which the plaintiff has or seeks to have a relationship.").

Accordingly, Defendants' motion to dismiss Plaintiff's tortious interference claim is GRANTED without prejudice to Delgado filing an amended complaint.

III. Motion to Compel Arbitration

Defendants also move for an order compelling Delgado to arbitrate her claims under an undated nondisclosure agreement. ECF No. 35; Pl. Opp'n at 3; ECF No. 47-2. Delgado cross-moves for an order enjoining a separate arbitration Defendants brought against her under the agreement. Pl. Opp'n at 4–10, 13–15.

By letter dated March 8, 2021, Delgado (1) informs the Court that the arbitration has concluded and that she withdraws her motion; (2) argues that the arbitrator's decision has a preclusive effect on Defendants' claims before the Court; and (3) requests "a permanent injunction deeming [the agreement] null and void, and enjoining Defendants from bringing any future claims against Plaintiff based on that [agreement]." ECF No. 61.

In light of the arbitrator's decision, the parties shall supplement their briefing on this issue:

1. By **April 16, 2021**, Defendants shall file their supplemental motion to compel and Plaintiff shall file her motion for a permanent injunction;
2. By **April 30, 2021**, the parties shall file their opposition papers; and
3. By **May 7, 2021**, the parties shall file their replies, if any.

Delgado is further directed to file any proceedings to confirm an arbitration award as a separate action.

## CONCLUSION

For the reasons stated above, Defendants' motion to dismiss the complaint is GRANTED in part and DENIED in part, Defendants' motion to compel arbitration is DENIED without prejudice to renewal in their supplemental briefing, and Plaintiff's cross-motion to enjoin arbitration is DENIED as moot. If Plaintiff wishes to file an amended complaint, she must do so by **April 9, 2021**.

The Clerk of Court is directed to terminate the motions at ECF Nos. 35 and 44.

SO ORDERED.

Dated: March 26, 2021
New York, New York

ANALISA TORRES
United States District Judge