# Exhibit D

In the Matter of the Arbitration between

Donald J. Trump for President, Inc.,

                     Claimant,

and

Arlene Delgado,
                     Respondent.

AAA Case Number 01-17-0004-4706

Before:   Stephen F. Ruffino

## AWARD OF ARBITRATOR

I, THE UNDERSIGNED ARBITRATOR, having been designated in accordance with the arbitration agreement entered into by the parties as part of an Agreement (undated, but represented by Claimant to have been entered into September 2016 and seemingly concurred in by Respondent), and having been duly sworn, and having fully reviewed and considered the documents, authorities and oral arguments submitted to me by both parties, hereby AWARD as follows:

1. Per the procedure agreed upon and ordered April 14, 2020, Claimant made a dispositive motion and Respondent filed a dispositive cross-motion, both of which are before me at this time. Because the parties agree there are no material factual issues in dispute, the case may be disposed of by summary judgment, and because I believe that relief is appropriate on the record in this case, I find in favor of Respondent and dismiss all claims in this arbitration.

2. Both parties provided extensive recitations of events that occurred among certain participants who acted for Donald J. Trump for President, Inc. during the 2016 presidential campaign. Essentially, those facts are not in dispute. However, for purposes of this decision and Award, most of the factual events are largely immaterial because the claims can be addressed and decided on (1) the text of the Agreement and (2) the texts of the statements admittedly made by Respondent. Accordingly, I will not recite or address those events that I believe are not material. (Similarly, I need not reach alternate legal arguments made by each party and will not do so.)

3. The Agreement is a set of restrictive covenants that apply to Respondent's conduct. These include confidentiality (non-disclosure), non-disparagement, non-compete and intellectual property provisions. Claimant alleges Respondent breached the confidentiality and non-disparagement provisions. (Respondent previously withdrew her counterclaims.)

4. Paragraph 1 of the Agreement sets forth the non-disclosure provisions, which prohibit Respondent from disclosing "Confidential Information" as defined in its paragraph 6. That definition states, in pertinent part, that Confidential Information includes "all information of a private … nature or that Mr. Trump insists remain private or confidential, including … any information with respect to … the political affairs of Mr. Trump …."

5. Per the definition of Confidential Information, as applied to the facts herein, there can only be a prohibited disclosure if Respondent published private information regarding Mr. Trump's political affairs. Any attempt to read that text so as to prohibit the disclosure of all private information, even Respondent's own, without the qualifying reference to Mr. Trump's

political affairs, would result in an overly broad, vague and unenforceable restriction. (Similarly, the portion of the definition that seeks to include any information "that Mr. Trump insists remain private or confidential" is overly broad and vague, and so is unenforceable, especially in the context of a restrictive covenant.)

6. Respondent is accused of, and admits to, publishing six tweets on December 22 and 24, 2016, that contained opinions (as distinct from confidential facts) and/or information regarding her personal life. Those tweets were strictly personal in nature and did not violate the prohibition on disclosing information regarding Mr. Trump's political affairs. Regardless of their alleged public impact, the essential nature of those communications does not fall within the enforceable definition of Confidential Information in the Agreement.

7. Paragraph 2 of the Agreement prohibits Respondent from disparaging Claimant. It is questionable whether the tweets were disparaging, but even if they were, I agree with Respondent's argument that her comments were directed only at an individual colleague, not Claimant.

8. Per paragraph 8.c of the Agreement, an award of reasonable legal fees and costs to the prevailing party, Respondent, is mandatory. Respondent has submitted an application for attorneys' fees, supported by time records. Respondent did not ask for an award of her costs. I find that the hourly rates, the work performed and the total hours expended are reasonable (and comparable to those requested by Claimant in its application.) Accordingly, I award forty eight thousand seven hundred fifty dollars ($48,750.00) to Respondent, to be paid by Claimant.

9. The administrative fees of the American Arbitration Association, totaling seven thousand five hundred dollars ($7,500.00), and the compensation of the arbitrator, totaling two thousand three hundred forty-five dollars ($2,345.00), shall be borne by Claimant. Therefore, Claimant shall reimburse Respondent the sum of one thousand one hundred seventy-two dollars and fifty cents ($1,172.50), representing that portion of said fees previously incurred and paid by Respondent.

10. The above amounts referenced in paragraphs 8 and 9 are to be paid on or before 30 days from the date of this Award, and shall accrue interest thereafter at the applicable statutory rate until paid.

This Award is in full settlement of all claims submitted to this Arbitration. All claims not expressly granted herein are hereby denied.

October 8, 2020

_____
Stephen F. Ruffino

I, Stephen F. Ruffino, do hereby affirm upon my oath as Arbitrator that I am the individual described in and who executed this instrument, which is my Award.

October 8, 2020

_____
Stephen F. Ruffino