UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
ARLENE J. DELGADO,

                              Plaintiff,                Civil Action No.:
                                                                19-cv-11764 (AT)

  -against-

DONALD J. TRUMP FOR PRESIDENT, INC., SEAN        **ANSWER**
SPICER, individually, REINCE PRIEBUS,
individually, and STEPHEN BANNON, individually,

                              Defendants.
------------------------------------------------------------------------X

       Defendants Donald J. Trump for President, Inc. (the "Campaign"), Sean Spicer, and Reince Priebus (collectively "Defendants"), by their attorneys, LaRocca Hornik Rosen & Greenberg LLP, as and for their answer to plaintiff's first amended complaint (the "Amended Complaint"), allege as follows:

       1.       The allegations contained in paragraph 1 of the Amended Complaint purport to assert legal conclusions to which no response is required. To the extent a response is required, Defendants admit that plaintiff purports to assert claims arising under the New York State Human Rights Law ("NYSHRL"), New York City Human Rights Law ("NYCHRL"), and New York common law. Otherwise, deny the allegations contained in paragraph 1 of the Amended Complaint.

       2.       Deny the allegations contained in paragraph 2 of the Amended Complaint.

       3.       Deny the allegations contained in paragraph 3 of the Amended Complaint, except admit that plaintiff purports to predicate jurisdiction under 28 U.S.C. §§ 1331, 1332, and 1343 and 29 U.S.C. § 2617.

       4.       Deny the allegations contained in paragraph 4 of the Amended Complaint.

5. Deny the allegations contained in paragraph 5 of the Amended Complaint, except admit that venue is proper before this Court under 28 U.S.C. § 1391(b).

6. Deny knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 6 of the Amended Complaint.

7. Deny the allegations contained in paragraph 7 of the Amended Complaint, except admit that the Campaign incorporated in the Commonwealth of Virginia.

8. Deny knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 8 of the Amended Complaint.

9. Deny the allegations contained in paragraph 9 of the Amended Complaint.

10. Deny the allegations contained in paragraph 10 of the Amended Complaint.

11. Deny the allegations contained in paragraph 11 of the Amended Complaint.

12. Deny knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 12 of the Amended Complaint, except admit that plaintiff was retained by the Campaign as an independent contractor effective September 1, 2016.

13. Deny knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 13 of the Amended Complaint.

14. Deny knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 14 of the Amended Complaint.

15. Deny knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 15 of the Amended Complaint.

16. Deny the allegations contained in paragraph 16 of the Amended Complaint.

17. Deny knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 17 of the Amended Complaint regarding plaintiff's purported

publication of an article in Breitbart. Otherwise, deny the allegations contained in paragraph 17 of the Amended Complaint.

18. Deny knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 18 of the Amended Complaint regarding plaintiff's purported television and radio appearances. Otherwise, deny the allegations contained in paragraph 18 of the Amended Complaint.

19. Deny knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 19 of the Amended Complaint.

20. Deny the allegations contained in paragraph 20 of the Amended Complaint.

21. Deny the allegations contained in paragraph 21 of the Amended Complaint, except admit that plaintiff voluntarily signed an agreement titled "Consulting Agreement" in connection with her retention by the Campaign as an independent contractor (the "Consulting Agreement") and respectfully refer the Court to the Consulting Agreement for its true, complete, and contextual meaning.

22. Deny the allegations contained in paragraph 22 of the Amended Complaint and respectfully refer the Court to the Consulting Agreement for its true, complete, and contextual meaning.

23. Deny the allegations contained in paragraph 23 of the Amended Complaint and respectfully refer the Court to the Consulting Agreement for its true, complete, and contextual meaning.

24. Deny the allegations contained in paragraph 24 of the Amended Complaint and respectfully refer the Court to the Consulting Agreement for its true, complete, and contextual meaning.

25. Deny the allegations contained in paragraph 25 of the Amended Complaint, except admit that plaintiff voluntarily signed an agreement titled "Agreement" in connection with her retention by the Campaign as an independent contractor (the "Agreement") and respectfully refer the Court to the Agreement and the Consulting Agreement for their true, complete, and contextual meaning.

26. Deny the allegations contained in paragraph 26 of the Amended Complaint.

27. Deny the allegations contained in paragraph 27 of the Amended Complaint and respectfully refer the Court to the Agreement for its true, complete, and contextual meaning.

28. Deny the allegations contained in paragraph 28 of the Amended Complaint.

29. Deny the allegations contained in paragraph 29 of the Amended Complaint and respectfully refer the Court to the Agreement for its true, complete, and contextual meaning.

30. Deny the allegations contained in paragraph 30 of the Amended Complaint.

31. Deny the allegations contained in paragraph 31 of the Amended Complaint.

32. Deny the allegations contained in paragraph 32 of the Amended Complaint.

33. Deny knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 33 of the Amended Complaint regarding the purported statement by The Washington Post. Otherwise, deny the allegations contained in paragraph 33 of the Amended Complaint.

34. Deny the allegations contained in paragraph 34 of the Amended Complaint.

35. Deny the allegations contained in paragraph 35 of the Amended Complaint.

36. Deny the allegations contained in paragraph 36 of the Amended Complaint and respectfully refer the Court to any purported text message for its true, complete, and contextual meaning.

37. Deny knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 37 of the Amended Complaint.

38. Deny the allegations contained in paragraph 38 of the Amended Complaint.

39. Deny the allegations contained in paragraph 39 of the Amended Complaint and respectfully refer the Court to any purported email for its true, complete, and contextual meaning.

40. Deny the allegations contained in paragraph 40 of the Amended Complaint.

41. Deny the allegations contained in paragraph 41 of the Amended Complaint.

42. Deny the allegations contained in paragraph 42 of the Amended Complaint and respectfully refer the Court to any purported email for its true, complete, and contextual meaning.

43. Deny the allegations contained in paragraph 43 of the Amended Complaint and respectfully refer the Court to any purported tweets for their true, complete, and contextual meaning.

44. Deny the allegations contained in paragraph 44 of the Amended Complaint.

45. Deny the allegations contained in paragraph 45 of the Amended Complaint.

46. Deny the allegations contained in paragraph 46 of the Amended Complaint.

47. Deny the allegations contained in paragraph 47 of the Amended Complaint.

48. Deny the allegations contained in paragraph 48 of the Amended Complaint.

49. Deny the allegations contained in paragraph 49 of the Amended Complaint.

50. Deny the allegations contained in paragraph 50 of the Amended Complaint.

51. Deny the allegations contained in paragraph 51 of the Amended Complaint and respectfully refer the Court to any purported text messages or emails for their true, complete, and contextual meaning.

52. Deny the allegations contained in paragraph 52 of the Amended Complaint.

53. Deny the allegations contained in paragraph 53 of the Amended Complaint.

54. Deny the allegations contained in paragraph 54 of the Amended Complaint.

55. Deny the allegations contained in paragraph 55 of the Amended Complaint.

56. Deny the allegations contained in paragraph 56 of the Amended Complaint.

57. Deny the allegations contained in paragraph 57 of the Amended Complaint.

58. Deny the allegations contained in paragraph 58 of the Amended Complaint.

59. Deny the allegations contained in paragraph 59 of the Amended Complaint.

60. Deny the allegations contained in paragraph 60 of the Amended Complaint.

61. Deny the allegations contained in paragraph 61 of the Amended Complaint.

62. Deny the allegations contained in paragraph 62 of the Amended Complaint.

63. Deny the allegations contained in paragraph 63 of the Amended Complaint.

64. Deny the allegations contained in paragraph 64 of the Amended Complaint.

65. Deny the allegations contained in paragraph 65 of the Amended Complaint.

66. Deny the allegations contained in paragraph 66 of the Amended Complaint.

67. Deny the allegations contained in paragraph 67 of the Amended Complaint.

68. Deny the allegations contained in paragraph 68 of the Amended Complaint.

69. Deny the allegations contained in paragraph 69 of the Amended Complaint.

70. Deny the allegations contained in paragraph 70 of the Amended Complaint.

71. Deny the allegations contained in paragraph 71 of the Amended Complaint.

72. Deny the allegations contained in paragraph 72 of the Amended Complaint.

73. Deny the allegations contained in paragraph 73 of the Amended Complaint.

74. Deny the allegations contained in paragraph 74 of the Amended Complaint and respectfully refer the Court to the "Award of Arbitrator" dated October 8, 2020 (the "Award") for its true, complete, and contextual meaning.

75. Deny the allegations contained in paragraph 75 of the Amended Complaint and respectfully refer the Court to the Award for its true, complete, and contextual meaning.

76. Deny the allegations contained in paragraph 76 of the Amended Complaint and respectfully refer the Court to the Award for its true, complete, and contextual meaning.

77. Deny the allegations contained in paragraph 77 of the Amended Complaint and respectfully refer the Court to the Award for its true, complete, and contextual meaning.

78. Deny the allegations contained in paragraph 78 of the Amended Complaint.

79. Deny the allegations contained in paragraph 79 of the Amended Complaint and respectfully refer the Court to Judge Gardephe's March 30, 2021 Opinion and Order for its true, complete, and contextual meaning.

80. Deny the allegations contained in paragraph 80 of the Amended Complaint and respectfully refer the Court to Judge Gardephe's March 30, 2021 Opinion and Order for its true, complete, and contextual meaning.

81. Deny the allegations contained in paragraph 81 of the Amended Complaint.

82. Deny the allegations contained in paragraph 82 of the Amended Complaint.

83. Deny the allegations contained in paragraph 83 of the Amended Complaint.

84. Deny the allegations contained in paragraph 84 of the Amended Complaint.

85. Deny the allegations contained in paragraph 85 of the Amended Complaint.

86. Deny the allegations contained in paragraph 86 of the Amended Complaint.

87. Deny the allegations contained in paragraph 87 of the Amended Complaint.

88. Deny the allegations contained in paragraph 88 of the Amended Complaint.

89. Deny the allegations contained in paragraph 89 of the Amended Complaint.

90. Deny the allegations contained in paragraph 90 of the Amended Complaint.

91. Deny the allegations contained in paragraph 91 of the Amended Complaint.

## FIRST CAUSE OF ACTION

92. Paragraphs 1 through 91 are realleged.

93. Deny the allegations contained in paragraph 93 of the Amended Complaint.

94. Deny the allegations contained in paragraph 94 of the Amended Complaint.

95. Deny the allegations contained in paragraph 95 of the Amended Complaint.

96. Deny the allegations contained in paragraph 96 of the Amended Complaint.

97. Deny the allegations contained in paragraph 97 of the Amended Complaint.

## SECOND CAUSE OF ACTION

98. Paragraphs 1 through 97 are realleged.

99. Deny the allegations contained in paragraph 99 of the Amended Complaint.

100. Deny the allegations contained in paragraph 100 of the Amended Complaint.

101. Deny the allegations contained in paragraph 101 of the Amended Complaint.

## THIRD CAUSE OF ACTION

102. Paragraphs 1 through 101 are realleged.

103. The allegations contained in paragraph 103 of the Amended Complaint purport to recite statutory language to which no response is required.  To the extent a response is required, Defendants respectfully refer the Court to the NYSHRL for its true, complete, and contextual meaning.  Otherwise, deny the allegations contained in paragraph 103 of the Amended Complaint.

104. Deny the allegations contained in paragraph 104 of the Amended Complaint.

105. Deny the allegations contained in paragraph 105 of the Amended Complaint.

### FOURTH CAUSE OF ACTION

106. Paragraphs 1 through 105 are realleged.

107. The allegations contained in paragraph 107 of the Amended Complaint purport to recite statutory language to which no response is required. To the extent a response is required, Defendants respectfully refer the Court to the NYSHRL for its true, complete, and contextual meaning. Otherwise, deny the allegations contained in paragraph 107 of the Amended Complaint.

108. Deny the allegations contained in paragraph 108 of the Amended Complaint.

### FIFTH CAUSE OF ACTION

109. Paragraphs 1 through 108 are realleged.

110. The allegations contained in paragraph 110 of the Amended Complaint purport to recite statutory language to which no response is required. To the extent a response is required, Defendants respectfully refer the Court to the NYSHRL for its true, complete, and contextual meaning. Otherwise, deny the allegations contained in paragraph 110 of the Amended Complaint.

111. Deny the allegations contained in paragraph 111 of the Amended Complaint.

### SIXTH CAUSE OF ACTION

112. Paragraphs 1 through 111 are realleged.

113. The allegations contained in paragraph 113 of the Amended Complaint purport to recite statutory language to which no response is required. To the extent a response is required, Defendants respectfully refer the Court to the NYCHRL for its true, complete, and contextual meaning. Otherwise, deny the allegations contained in paragraph 113 of the Amended Complaint.

114. Deny the allegations contained in paragraph 114 of the Amended Complaint.

115. Deny the allegations contained in paragraph 115 of the Amended Complaint.

### SEVENTH CAUSE OF ACTION

116. Paragraphs 1 through 115 are realleged.

117. The allegations contained in paragraph 117 of the Amended Complaint purport to recite statutory language to which no response is required. To the extent a response is required, Defendants respectfully refer the Court to the NYCHRL for its true, complete, and contextual meaning. Otherwise, deny the allegations contained in paragraph 117 of the Amended Complaint.

118. Deny the allegations contained in paragraph 118 of the Amended Complaint.

### EIGHTH CAUSE OF ACTION

119. Paragraphs 1 through 118 are realleged.

120. The allegations contained in paragraph 120 of the Amended Complaint purport to recite statutory language to which no response is required. To the extent a response is required, Defendants respectfully refer the Court to the NYCHRL for its true, complete, and contextual meaning. Otherwise, deny the allegations contained in paragraph 120 of the Amended Complaint.

121. Deny the allegations contained in paragraph 121 of the Amended Complaint.

### NINTH CAUSE OF ACTION

122. Paragraphs 1 through 121 are realleged.

123. The allegations contained in paragraph 123 of the Amended Complaint purport to recite statutory language to which no response is required. To the extent a response is required, Defendants respectfully refer the Court to the NYCHRL for its true, complete, and contextual meaning. Otherwise, deny the allegations contained in paragraph 123 of the Amended Complaint.

124. Deny the allegations contained in paragraph 124 of the Amended Complaint.

### TENTH CAUSE OF ACTION

125. Paragraphs 1 through 124 are realleged.

126. The allegations contained in paragraph 126 of the Amended Complaint purport to recite statutory language to which no response is required.  To the extent a response is required, Defendants respectfully refer the Court to the NYCHRL for its true, complete, and contextual meaning.

127. Deny the allegations contained in paragraph 127 of the Amended Complaint.

## ELEVENTH CAUSE OF ACTION

128. Paragraphs 1 through 127 are realleged.

129. Deny the allegations contained in paragraph 129 of the Amended Complaint.

130. Deny the allegations contained in paragraph 130 of the Amended Complaint.

## TWELFTH CAUSE OF ACTION

131. Paragraphs 1 through 130 are realleged.

132. Deny the allegations contained in paragraph 132 of the Amended Complaint.

133. Deny the allegations contained in paragraph 133 of the Amended Complaint.

134. Deny the allegations contained in paragraph 134 of the Amended Complaint.

135. Deny the allegations contained in paragraph 135 of the Amended Complaint.

## PRAYER FOR RELIEF

Defendants deny that plaintiff is entitled to any of the relief requested in the *ad damnum* clause of the Amended Complaint or any other relief.

## FIRST AFFIRMATIVE DEFENSE

The Amended Complaint fails to state a claim upon which relief may be granted.

## SECOND AFFIRMATIVE DEFENSE

Any and all adverse actions taken by Defendants were done for legitimate, non-discriminatory and non-retaliatory reasons.

### THIRD AFFIRMATIVE DEFENSE

Plaintiff is barred from recovery because she failed to mitigate her alleged damages.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred to the extent they were not filed within the relevant statutes of limitation or administrative filing periods.

### FIFTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred to the extent that plaintiff failed to timely and properly exhaust all necessary administrative, statutory or jurisdictional prerequisites for the commencement of this action.

### SIXTH AFFIRMATIVE DEFENSE

To the extent that plaintiff seeks to recover from Defendants for personal injuries, such recovery is barred by the exclusivity provision of the New York State Worker's Compensation Law.

### SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred in whole or in part because plaintiff was not treated differently than any similarly situated employees.

### EIGHTH AFFIRMATIVE DEFENSE

Plaintiff has failed to state a claim for recovery of damages, attorneys' fees or costs.

### NINTH AFFIRMATIVE DEFENSE

There is no legal or factual basis for any demand for punitive damages.

### TENTH AFFIRMATIVE DEFENSE

Plaintiff is not entitled to punitive damages because Defendants engaged in good faith efforts to comply with all applicable laws and otherwise acted in good faith and without malice,

willfulness, recklessness or evil intent.

### ELEVENTH AFFIRMATIVE DEFENSE

Defendants' liability and penalties, if any, should be mitigated by virtue of the factors set forth in Section 8-107(13)(d) and (e) of the NYCHRL.

### TWELFTH AFFIRMATIVE DEFENSE

Plaintiff's claims should be barred in whole or in part due to the doctrines of unclean hands, estoppel, release and/or waiver.

### THIRTEENTH AFFIRMATIVE DEFENSE

Plaintiff is barred from recovery in whole or in part by the after-acquired evidence rule.

### FOURTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims against the Campaign must be dismissed because plaintiff was not working within the scope of her retention with the Campaign or in furtherance of the Campaign's business at the time of any alleged unlawful discriminatory or retaliatory conduct.

### FIFTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims against Sean Spicer and Reince Priebus must be dismissed because they did not actually participate in or aid or abet any unlawful discriminatory or retaliatory conduct.

### SIXTEENTH AFFIRMATIVE DEFENSE

Defendants did not condone, acquiesce, or in any manner encourage any unlawful discriminatory or retaliatory conduct.

### SEVENTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred in whole or in part because all of the necessary or proper parties are not joined in this action.

### EIGHTEENTH AFFIRMATIVE DEFENSE

Plaintiff's retaliation claim is preempted in whole or in part by the New York State Constitution.

### NINETEENTH AFFIRMATIVE DEFENSE

Plaintiff's breach of contract and promissory estoppel claims fail because there was never any meeting of the minds between the parties regarding the material terms of any purported settlement.

### TWENTIETH AFFIRMATIVE DEFENSE

Plaintiff's breach of contract and promissory estoppel claims fail because the parties did not intend to be bound by any purported settlement terms in the absence of a signed writing.

### TWENTY-FIRST AFFIRMATIVE DEFENSE

Plaintiff's tortious interference with prospective business relations claim fails because Defendants did not engage in any independent tortious acts.

### TWENTY-SECOND AFFIRMATIVE DEFENSE

Plaintiff's tortious interference with prospective business relations claim fails because Defendants did not interfere with any third party.

### TWENTY-THIRD AFFIRMATIVE DEFENSE

Plaintiff's claims should be reduced in whole or in part in accordance with General Obligations Law Section 15-108.

### TWENTY-FOURTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred in whole or in part by the purported settlement she reached with Trump for America, Inc.

## TWENTY-FIFTH AFFIRMATIVE DEFENSE

Defendants reserve the right to amend or add additional affirmative defenses.

WHEREFORE, Defendants respectfully demand judgment dismissing plaintiff's Amended Complaint, together with costs, disbursements and attorneys' fees and such other relief as this Court deems just and proper.

Dated: New York, New York
April 11, 2022

                LAROCCA HORNIK ROSEN
                & GREENBERG LLP

By: /s/ *Jared E. Blumetti*
      Patrick McPartland
      Jared E. Blumetti

40 Wall Street, 32nd Floor
New York, New York 10005
T: (212) 530-4837, 4831
E: pmcpartland@lhrgb.com
   jblumetti@lhrgb.com

*Attorneys for defendants
Donald J. Trump for President, Inc.,
Sean Spicer, and Reince Priebus*