# LaRocca Hornik Rosen
## & Greenberg LLP
### COUNSELORS AT LAW

The Trump Building
40 Wall Street
32nd Floor
New York, NY 10005
212.530.4823
212.530.4815 FAX

LHRGB.COM

Freehold Commons
83 South Street
3rd Floor
Freehold, NJ 07728
732.409.1144
732.409.0350 FAX

Private Lender Group
212.536.3529
732.625.2463 FAX

Frank J. LaRocca ◊ₒ
Jonathan L. Hornik
Lawrence S. Rosen
Rose Greenberg ◊
Amy D. Carlin ◊
Patrick McPartland ◊
David N. Kittredge
Jared E. Blumetti
Faisal R. Lateef ◊
Sanford Hausler ◊
Jason W. Moussourakis ◊ ◊
Stan Sharovskiy ◊
John L. Garcia ◊
Peter Kelegian ◊
Drew Tanner †
Lauren Weissman-Falk
Nelson Diaz
Ryan Duffy
Daniel Kraft †

◊ New York Bar Only
† New Jersey Bar Only
◊ Of Counsel Attorneys
ₒ Certified Matrimonial Law Attorney

DIRECT DIAL: 212.530.4831
EMAIL: JBLUMETTI@LHRGB.COM

May 10, 2022

**VIA ECF**
Honorable Analisa Torres
Daniel Patrick Moynihan
United States Courthouse
500 Pearl Street, Courtroom 15D
New York, New York 10007

Re:   Arlene J. Delgado v. Donald J. Trump for President, Inc., et al.
      Civil Action No. 19-cv-11764 (AT) (KHP)

Dear Judge Torres:

We represent Donald J. Trump for President, Inc. (the "Campaign"), Sean Spicer, and Reince Priebus (collectively "Defendants") in the above-captioned action and are writing, in accordance with Section III(A) of Your Honor's Individual Practices, to respond to plaintiff's May 3, 2022 pre-motion letter setting forth her purported basis for a motion seeking judgment on her breach of settlement agreement claim.[1]

Plaintiff's anticipated motion is meritless for a variety of reasons, including, most fundamentally, because there was never any meeting of the minds on certain key material terms and, as a result, no settlement agreement was ever agreed upon, much less signed, by the parties. Among other things, documentary evidence confirms that the parties never agreed on payment terms, which were specifically rejected by plaintiff. It further confirms that both sides only intended to be bound by the terms of a signed writing. In fact, the draft settlement agreement that was being negotiated by the parties contained an "execution" provision stating that the settlement would only be binding "upon the signatures" of the parties' representatives and a merger clause

---

[1] While plaintiff appears to be relying on extrinsic evidence in support of her motion—which would indicate that she intends to move for summary judgment—she did not provide Defendants with a Rule 56.1 Statement of Material Facts or the evidence on which she intends to move prior to filing her letter, as required for a summary judgment motion under Your Honor's rules. Regardless, Defendants do intend to cross-move for summary judgment dismissing plaintiff's breach of settlement agreement claim, so they will prepare and exchange a Rule 56.1 Statement with plaintiff prior to submitting their pre-motion letter.

disavowing "any and all prior written or oral agreements." *See Kaczmarcysk v. Dutton*, 414 Fed.Appx. 354, 355–56 (2d Cir. 2011), *citing Ciaramella v. Reader's Digest Ass'n, Inc.*, 131 F.3d 320 (2d Cir. 1997); *see also Winston v. Mediafare Entertainment Corp.*, 777 F.2d 78 (2d Cir 1985).

For these and other related reasons, there was never any binding settlement agreement between the parties.

Respectfully submitted,

/s/ *Jared E. Blumetti*

Patrick McPartland
Jared E. Blumetti

cc:     Counsel of record (*via ECF*)