*Revised March 2021*

**UNITED STATES DISTRICT COURT FOR**
**THE SOUTHERN DISTRICT OF NEW YORK**



ARLENE J. DELGADO

                        Plaintiff(s)

        -against-

DONALD J. TRUMP FOR PRESIDENT, INC.,
et al.,

                        Defendant(s)

No.: ___19___ CV ___11764___

**ESI Plan and [Proposed]**
**Order**

**The parties in this action stipulate and agree that the following ESI Plan and [Proposed] Order shall govern the preservation, collection and production of electronically stored information and documents in this action.**

**(1)      Description of Claims/Counterclaims/CrossClaims:**

Plaintiff has brought common law causes of action for breach of contract, promissory estoppel, and tortious interference with prospective business relations/economic advantage, as well as claims under the New York State Human Rights Law and New York City Human Rights Law. Plaintiff alleges that during her employment with Defendants in 2016, she was subjected to pregnancy discrimination and a hostile work environment, and that when Plaintiff complained of this she was retaliated against by being stripped of her duties and terminated. Plaintiff further alleges that Defendants, tortiously interfered with her opportunities to work in the Trump White House. Ultimately, after Plaintiff indicated her intent to file a complaint with the NYC Human Rights Commission, the

Parties engaged in a mediation and settled the claims, but Defendants reneged on the settlement. As such, Plaintiff also has claims for breach of contract. Finally, Plaintiff alleges that the Trump Campaign then filed a retaliatory arbitration action against her, in which Plaintiff has since prevailed.

**(a)      Plaintiff's Estimated Monetary Damages and Description of Other Relief**
**Sought:**

a.      Breach of contract: $1,200,000.00 plus interest, costs and attorney's fees.

b.      Injuries and emotional distress: $6,000,000

c. Punitive damages: ten times the amount awarded by the jury for compensatory or other damages, as permitted by the U.S. Supreme Court in BMW of North America Inc., v. Gore.

d.      Lost compensation: Plaintiff's anticipated annual salary and the value of all bonuses, insurance, and other benefits, from the time of her termination/tortious interference, until the present.

e.      Attorney's fees and costs upon a successful verdict.

(b)     **Defendant's Estimated Damages on any Counterclaim/Cross-Claims and Description of Other Relief Sought:**

N/A.

By signing below, counsel for the parties confirm that they have factored in the potential damages and relief sought in this case, as well as the resources of the parties, to develop an ESI Plan that is proportional to the needs of this case.

**(2)     Meet and Confer.** Pursuant to Fed. R. Civ. P. 26(f), counsel are required to meet and confer regarding certain matters relating to electronic discovery before the Initial Pretrial Conference (the Rule 16 Conference). Counsel hereby certify that they have met and conferred to discuss these issues.

Date(s) of parties' meet-and-confer conference(s): 8/9/22, 8/16/22 (at case management conference), 9/16/22

*By signing below, the parties confirm that they have reviewed Judge Parker's Discussion Topics for Rule 26(f) Meeting.*

**(3)     Preservation.**

(a)     **The parties have discussed the obligation to preserve potentially relevant electronically stored information and agree to the following scope and methods for preservation, including but not limited to: (e.g., retention of electronic data and implementation of a data preservation plan; identification of potentially relevant data; disclosure of the programs and manner in which the data is maintained; identification of computer system(s) utilized; and identification of the individual(s) responsible for data preservation, etc.)**

Plaintiff(s):
Plaintiff was advised at outset of matter to retain all ESI in her possession pertinent to the case, and has been reminded intermittently of her ongoing obligation to continue doing so.

Plaintiff's data may be maintained in her personal computer(s), personal e-mail account(s), cellular telephone, and social media accounts.

Defendant(s):
The Campaign and individual defendants are aware of their obligation to preserve potentially relevant ESI and have done so.

2

_____

_____

_____

_____

**(b)**   **State the extent to which the parties have disclosed or have agreed to disclose the dates, contents, and/or recipients of "litigation hold" communications.**

The parties have not agreed to such disclosures.

The parties do not need to provide each other with copies of any document retention or preservation communications.

**(4)**   **Collection**

**(a)**   **State the extent to which the parties have agreed on the scope of documents to be collected (e.g., custodians and files/folders, servers, databases) for search and review and agreement on methods of collection.**

Parties have agreed to search for potentially relevant ESI by way of using keywords and terms and connectors to search through certain custodial accounts.

_____

_____

_____

**(b)**   **Source(s) of Electronically Stored Information.  The parties anticipate that discovery may occur from one or more of the following potential source(s) of electronically stored information [e.g., email, word processing documents, spreadsheets, presentations, databases, instant messages, web sites, blogs, social media, ephemeral data, etc.]:**

Plaintiff(s):

E-mail, voicemails, instant messages, text messages, social media, audio/video recordings.

_____

_____

_____

_____

_____

Defendant(s):

E-mail, voicemails, instant messages, text messages, social media, audio/video recordings.

_____

_____

_____

_____

_____

(c)     **Custodians/Databases.  The parties have agreed that data will be collected from the following custodians/databases for review:**

Plaintiff(s):

Plaintiff._____

_____

_____

_____

_____

_____

Defendant(s):

The Campaign and individual defendants will search their documents, databases, and personal electronic devices using, among other things, the custodial accounts, keywords, and terms and connectors identified by plaintiff._____

_____

_____

_____

(5)     **Search and Review**

(a)     **The parties have discussed methodologies or protocols for the search and review of electronically stored information, as well as the disclosure of techniques to be used.  (Some of the approaches that may be considered**

include:  the use and exchange of keyword search lists, "hit reports," and/or responsiveness rates; concept search; machine learning, or other advanced analytical tools; limitations on the fields or file types to be searched; date restrictions; limitations on whether back-up, archival, legacy, or deleted electronically stored information will be searched; testing; sampling; etc.)  To the extent the parties have reached agreement as to search and review methods, provide details below:

Plaintiff(s):

Plaintiff has identified keywords and terms and connectors, which will be used to search through certain custodial accounts to locate potentially relevant ESI.  Insofar as an initial search yields an unreasonable number of documents, the parties will confer in good faith to narrow the search.

Defendant(s):

(6)   **Production**

(a)   **Limitations on Production.  The parties have discussed factors relating to the scope of production, including but not limited to:  (i) number of custodians; (ii)  date ranges for which potentially relevant data will be drawn; (iii) timing of productions (including phased discovery or rolling productions); (iv) prioritization of review; and (vi) electronically stored information in the custody or control of non-parties.  To the extent the parties have reached agreements related to any of these factors, describe below:**

Plaintiff(s):
Per the foregoing, the parties will confer in good faith if narrower search parameters are needed.

The parties need not provide ESI in possession, custody, or control of non-parties.

5

Defendant(s):

_____

**(b)    Form(s) of Production and Metadata to be produced:**

**(1)    The parties have readied the following agreements regarding the form(s) of productions and metadata fields to be produced:**

Plaintiff(s):
The parties need not produce metadata at the outset, but will preserve any metadata in their possession, custody, or control, and will confer

in good faith about producing such metadata if requested.

_____

Defendant(s):

_____

**(2)**   **Please specify any exceptions to the form(s) of production indicated above (e.g., word processing documents in TIFF with load files, but spreadsheets in native form):**

To be discussed in good faith as needed.

_____

_____

_____

_____

_____

**(3)**   **Methods to expedite review.  The parties have discussed and agree to the following (e.g., de-deduplication, email threading, etc.)**

The Parties will de-duplicate their document productions.

_____

_____

_____

_____

_____

**(4)**   **Privileged Material.**

**(a)**   **Identification.  The parties have agreed to the following method(s) for the identification (e.g., form of logs, acceptability of categorical logs for certain categories of communications, production of metadata log in lieu of or in advance of more limited document by document log, categories of documents that need not be logged, disclosure of number of documents withheld pursuant to certain privileges in lieu of document by document log), and the redaction of privileged documents:**

Standard redacting and logging of privileged materials.

_____

_____

_____

7

_____

_____

**(b)      Inadvertent Production / Claw-Back Agreements.  Pursuant to Fed R. Civ. Proc. 26(b)(5) and F.R.E. 502(e), the parties have agreed to the following concerning the inadvertent production of privileged documents (e.g. "quick-peek" agreements, on-site examinations, non-waiver agreements or orders pursuant to F.R.E. 502(d), etc.)** (the parties are referred to the Rule 502 order in Judge Parker's form confidentiality order):

The Parties agree to the Court's standard presumptive full clawback protocols pursuant to FRE 502(d) and the Court's model protective order.

_____

_____

_____

_____

**(c)     The parties have discussed a 502(d) Order. Yes $\underset{=}{X}$; No _**

**The provisions of any such proposed Order shall be set forth in a separate document and presented to the Court for its consideration.**

**(5)Cost of Production.  The parties have analyzed their client's data repositories and have estimated the costs associated with the production of electronically stored information.  The factors and components underlying these costs are estimated as follows:**

ESI production costs are not yet known to the Parties.

**(1)     Costs:**

Plaintiff(s):

_____

_____

_____

_____

_____

_____

8

Defendant(s):

_____

_____

_____

_____

_____

_____

**(2)**   **Cost Allocation.  The parties have considered cost-shifting or cost-sharing and have reached the following agreements, if any:**

N/A.
_____

_____

_____

_____

_____

**(3)**   **Cost Savings.  The parties have considered cost-saving measures, such as the use of a common electronic discovery vendor or a shared document repository, and have reached the following agreements, if any:**

N/A.
_____

_____

_____

_____

_____

9

The preceding constitutes the agreement(s) reached between the parties to certain matters concerning electronic discovery as of this date.  Counsel certify that in connection with preparation of this ESI Plan and [Proposed] Order they are sufficiently knowledgeable in matters relating to their clients' technological systems to discuss competently issues relating to electronic discovery, or have involved someone competent to address these issues on their behalf.

**Party:** Arlene J. Delgado                  **By:**

Derek Smith Law Group, PLLC, by Daniel S. Kirschbaum

**Party:** _____                  **By:**

**Party:** _Donald J. Trump, For President_                  **By:** LaRocca Hornik Rosen & Greenberg

**Party:** _Sean Spicer_                  **By:** LLP, by

**Party:** _Reince Priebus_                  **By:**

**Dated:** _____, 20___                  **SO ORDERED:**

_____

**Katharine H. Parker**
**United Stated Magistrate Judge**