**DEREK SMITH LAW GROUP, PLLC**
*Sexual Harassment and Discrimination Lawyers*

January 23, 2023

Hon. Katherine H. Parker
U.S. District Court, Southern District of New York
500 Pearl Street, Courtroom 17-D
New York, New York 10007
**Via ECF**

Re:   *Delgado v. Donald J. Trump for President, Inc., et al.*, No. 19 Civ. 11764 (AT) (KHP)

Dear Judge Parker:

    This Firm represents the above referenced Plaintiff, A.J. Delgado. I write to respectfully move for a 30-day extension of the deadlines for production of expert reports (currently February 10, 2023), production of rebuttal expert reports (currently March 17, 2023), and completion of non-party depositions (currently March 31, 2023). Defendants do not consent to this request.

    Plaintiff's position is that Defendants did not produce documents to us until the very end of November, in violation of a prior deadline and after my firm agreed to a generous extension; and it was only when my firm had a chance to review these documents in December that we could begin to determine which individuals we need to depose. And Defendants only revealed at our most recent conference that there were additional documents not yet produced then. Plaintiff should not be penalized for any of this. Moreover, Plaintiff intends to subpoena third party deponents scattered around the country for depositions, some of whose addresses or whereabouts have yet to be ascertained. Many of these intended third-party deponents are very busy, and at least several of them will invariably move to quash our subpoenas. Donald Trump in particular is a critical witness in this case, but is notoriously difficult to serve; in another case, it apparently took the plaintiff over a year to secure his deposition. We hope that this will not be the case here, but it is highly unrealistic to say the least that these third-party depositions can all be taken within the next eight weeks or so. Moreover, Plaintiff anticipates calling one or two expert witnesses, whose location, selection, investigation, and report composition all take time; Plaintiff sees this as impossible within the current deadline, and as mountain-moving even with an extension.

    Plaintiff's position is that, respectfully, the current deadlines do not preserve her due process rights to reasonable discovery. Plaintiff's due process right to conduct fair and thorough discovery should not be curtailed, simply because this case has been pending for over three years – particularly when most of that delay was the result of Defendants' unmeritorious motion practice.

    I realize that the Court wants to move this case forward expeditiously, and Plaintiff and I generally share the Court's preference. To that end, the Parties have scheduled Plaintiff's deposition on February 6, and are working to schedule the two Individual Defendants' depositions during the week of February 13, both in accordance with the Court's order. But given the difficulty of scheduling the depositions of eight non-party witnesses and of arranging an expert psychotherapist to examine Plaintiff and write a report, an extra thirty days is eminently reasonable, and will not prejudice any Party nor unduly delay the determination of this case.

    I appreciate the Court's consideration.

Respectfully submitted,

                                      DEREK SMITH LAW GROUP, PLLC

BY: */s/ Daniel S, Kirschbaum*
       Daniel S. Kirschbaum, Esq.
       One Penn Plaza, Suite 4905
       New York, New York 10119
       Telephone: (212) 587-0760
       dsk@dereksmithlaw.com

*Attorneys for Plaintiff*