UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------X

ARLENE DELGADO,

                                        Plaintiff,

                        -against-

DONALD J. TRUMP FOR PRESIDENT, INC.,
TRUMP FOR AMERICA, INC., SEAN SPICER,
individually, REINCE PRIEBUS, individually,
STEPHEN BANNON, individually,

                                        Defendants.

---------------------------------------------------------------X

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED:  3/10/2023

19-CV-11764 (AT) (KHP)

**OPINION AND ORDER
ON MOTION TO WITHDRAW**

**KATHARINE H. PARKER, UNITED STATES MAGISTRATE JUDGE:**

Before the Court is a motion by the Derek Smith Law Group, PLLC and Daniel

Kirschbaum, counsel of record for Plaintiff Arlene Delgado, to withdraw as counsel.  (ECF

No. 124.)  For the reasons stated below, the motion is GRANTED.

**BACKGROUND**

Arlene Delgado ("Plaintiff") initiated this action on December 23, 2019 against Trump

for America, Inc., Donald J. Trump for President, Inc. and certain individuals who worked for the

campaign.  Her claims include breach of contract, employment discrimination, retaliation, and

tortious interference with prospective economic advantage.  Since the action's inception,

Plaintiff was represented by the Derek Smith Law Group, PLLC (the "Firm").  Initially, Abraham

Melamed ("Mr. Melamed") served as lead counsel, but in September 2022, Mr. Melamed left

the Firm and Daniel Kirschbaum ("Mr. Kirschbaum") replaced him as lead counsel for Plaintiff.

On January 12, 2023, the Court held a settlement conference, which was not successful.

On January 27, 2023, another lawyer at the Firm, Ian Bryson ("Mr. Bryson"), applied for Pro Hac

Vice admission, but then immediately withdrew his application.  On January 30, 2023, Mr.

1

Kirschbaum moved on behalf of the Firm to withdraw as counsel, citing an "irreparable breakdown in attorney-client relations" between Plaintiff and the Firm.  (ECF Nos. 124, 125.) Plaintiff opposed the motion, and Defendants took no position.  (ECF Nos. 129, 132.)  At the time the motion was filed, document discovery was largely complete, and dates had been set for party depositions.  No other depositions had occurred or were scheduled, and no expert discovery had been taken.  The deadline for all discovery was March 31, 2023.

On February 7, 2023, the Court held an *ex parte* conference with Plaintiff and Mr. Kirschbaum to learn more about their positions on the motion.[1]  (ECF No. 134.)  The Court then issued a 60-day stay of deadlines and directed Plaintiff and Mr. Kirschbaum to submit *in camera* affidavits providing further detail regarding their positions on the motion.  (ECF No. 137.)

The letters from Mr. Kirschbaum and Plaintiff confirm a breakdown in their relationship and reveal the development of distrust and acrimony between Plaintiff and her lawyers.  Mr. Kirschbaum's letter also states that the Firm will not seek any lien for fees on any settlement that Plaintiff may recover, but it does intend to seek reimbursement of the expenses it has laid out in this litigation for this Court's filing fee, process server's charges, the cost of ordering a court reporter's transcript, and the fee for Mr. Bryson's Pro Hac Vice application, and that it reserves the right to apply for and recover its fees in the event Plaintiff prevails at a trial.  Mr. Kirshbaum does not request any retaining lien.

Plaintiff's letters contest that she was the cause of any relationship breakdown, and suggest that a motivating factor behind the relationship strain is that the Firm assumed this

---

[1] Documents concerning motions to withdraw as counsel are "routinely" filed under seal or *in camera* to preserve the confidentiality of the attorney-client relationship between a party and its counsel. *Team Obsolete Ltd. v. A.H.R.M.A. Ltd.*, 464 F.Supp.2d 164, 165 (E.D.N.Y.2006); *see also* Committee Note to Local Civil Rule 1.4.

case would settle quickly, and it is not interested in taking the case to trial.  Plaintiff also stated

that she has already paid a substantial amount in attorney's fees to the Firm, and if the Firm is

permitted to seek additional fees, this would further prejudice her ability to obtain new

counsel.

**ANALYSIS**

Withdrawal of counsel is governed by Local Civil Rule 1.4, which states:

An attorney who has appeared as attorney of record for a party . . . may not withdraw
from a case without leave of the court granted by order. Such an order may be granted
only upon a showing by affidavit or otherwise of satisfactory reasons for withdrawal or
displacement and the posture of the case, including its position, if any, on the calendar,
and whether or not the attorney is asserting a retaining or charging lien.

S. & E.D.N.Y.R. 1.4.

The decision to grant or deny a motion to withdraw is within the district court's

discretion.  In making the determination, the Court should consider (i) the reasons for

withdrawal, and (ii) the impact of the withdrawal on the timing of the proceeding.  *Karimian*

*v. Time Equities, Inc.*, 2011 WL 1900092, at *2 (S.D.N.Y. May 11, 2011) (citing S. & E.D.N.Y.R.

1.4).  I consider both factors below, and also address the issue of any claim to attorney's fees

and costs that the Firm may make.

1. **Reasons for Withdrawal**

Mr. Kirschbaum states that his Firm's reason for seeking to withdraw is that an

irreparable breakdown has occurred in the attorney-client relationship.  It is well established

that this is a sufficient reason for withdrawal, even where the client opposes the motion or

disputes a relationship breakdown.  *Id.* (collecting cases).

Although Plaintiff opposes the withdrawal, she does not contest that the attorney-client relationship has broken down, and her submissions confirm a lack of confidence in Mr. Kirschbaum and the Firm.  The Court need not determine the "source of the strain" on the relationship or assign any blame in deciding the motion to withdraw; the strained relationship alone is "sufficient grounds" for withdrawal.  *Diarama Trading Co. v. J. Walter Thompson U.S.A., Inc.*, 2005 WL 1963945, at *1 (S.D.N.Y. Aug. 15, 2005).  Based on the *in camera* submissions, the Court finds that the attorney-client relationship has indeed broken down here sufficient to warrant granting the motion to withdraw.  Importantly, in making this determination, the Court does not ascribe blame to either Plaintiff or her counsel for the breakdown.  Thus, this decision should not be cited for any purpose in connection with the ongoing litigation and in no way impacts merits issues in the case.

Plaintiff suggests that a motivating factor for the withdrawal is that the Firm wanted this case to settle, and after the unsuccessful January 2023 settlement conference, it lost interest in the case and sought to withdraw on that basis.  A dispute regarding settlement strategy is generally not a sufficient reason to permit withdrawal.  *Joffe v. Javerbaum Wurgaft Hicks Kahn Wikstrom & Sinins, P.C.*, 827 F. App'x 35, 38 (2d Cir. 2020).  However, Plaintiff has not shown that a disagreement over settlement strategy was the sole, or even a predominant, motivating factor here.  *See id.* (affirming the decision to grant a motion to withdraw where the district court acknowledged there was a dispute between plaintiff and his counsel regarding settlement, but did not find that this dispute was the only, or even the predominant, reason for withdrawal).  Rather, there are various reasons unrelated to settlement strategy for the breakdown in the relationship that are sufficient for allowing the withdrawal.  *See Diarama*

*Trading Co. v. J. Walter Thompson U.S.A., Inc.*, 2005 WL 1963945, at *2 (S.D.N.Y. Aug. 15, 2005) (finding that an ongoing dispute between plaintiff and counsel regarding legal fees "may not, by itself, constitute a sufficient reason" for withdrawal, but that counsel nevertheless showed a "'satisfactory' reason for withdrawal: its irreconcilable differences with Plaintiff").

Plaintiff also argues that if Mr. Kirschbaum is permitted to withdraw, another attorney from the Firm should be required to represent her.  However, Mr. Kirschbaum has represented Plaintiff "on behalf of" the Firm rather than as a sole practitioner, and therefore the breakdown in the relationship is between Plaintiff and the Firm.  *United States v. Cole*, 2022 WL 615046, at *2 (S.D.N.Y. Mar. 2, 2022).  Accordingly, the Court will not require a different attorney at the Firm to represent Plaintiff.

**2.  Impact of Withdrawal on the Case**

Although this action has been pending since 2019, this case is still in the discovery stage and no trial has been scheduled.  Given that this action is still in a relatively early stage, withdrawal will not have a particularly significant effect on its timing.  *See Furlow v. City of New York*, 1993 WL 88260, at *2 (S.D.N.Y. March 22, 1993) (granting motion to withdraw where document discovery was complete but depositions had not been taken, because "resolution of this matter will not be delayed substantially by counsel's withdrawal at this juncture").

Plaintiff argues that the withdrawal will negatively impact her prosecution of this case because it will prejudice her ability to retain new counsel.  While Plaintiff may face hurdles obtaining replacement counsel, "this difficulty does not tip the scales in favor of denying the motion." *Karimian*, 2011 WL 1900092, at *3; *see also Cole*, 2022 WL 615046, at *2 (finding that although permitting withdrawal may "be disruptive to" the client, this was not a reason to deny

the motion).  The Court will extend the stay in this action to **Wednesday, May 31, 2023** to afford Plaintiff the opportunity to find new counsel.  If Plaintiff has not secured new counsel by then, the case will proceed with Plaintiff representing herself pro se.  The Court notes that Plaintiff is a Harvard-educated lawyer with several years of experience practicing at a large New York City law firm (Compl. ¶¶ 3, 11) and thus has some familiarity with the law.

3. **Attorney Fees and Costs**

"New York law generally recognizes three remedies for an attorney making a fee claim against a former client: (1) a charging lien, (2) a retaining lien, and (3) a plenary action in *quantum meruit*."  *Pettiford v. City of Yonkers*, 2020 WL 1331918, at *2 (S.D.N.Y. Mar. 20, 2020), *aff'd*, 833 F. App'x 893 (2d Cir. 2020) (citations omitted).  In order to prevail on a charging lien or plenary action in *quantum meruit*, the withdrawing attorney must show that he had "good cause" to withdraw.  *Guzik v. Albright*, 2018 WL 4386084, at *3 (S.D.N.Y. Sept. 14, 2018).  This "good cause" inquiry "reflects a higher standard than the 'satisfactory reason' required to successfully withdraw as counsel under Local Civil Rule 1.4."  *Karimian*, 2011 WL 1900092 (citations omitted).  As for the retaining lien, which permits counsel to retain pleadings and other documents in its possession until it is paid for its work, the decision to fix such a lien "lies within the discretion of the district court."  *Allstate Ins. Co. v. Nandi*, 258 F. Supp. 2d 309, 311 (S.D.N.Y. 2003) (*citing Pay Television of Greater New York, Inc. v. Sheridan*, 766 F.2d 92, 94 (2d Cir. 1985)).

Here, the Firm has not asked the Court to determine whether there is "good cause" for purposes of any charging lien or *quantum meruit* claim for fees.  Thus, the Court makes no

decision on these issues at this time.[2]  The firm has not stated that it will withhold files or assert a retaining lien and, thus, it shall turn over all relevant files to Plaintiff **by no later than March 17, 2023** so that she can prosecute the case herself or turn over the files to her new counsel.

## CONCLUSION

For the foregoing reasons, the motion to withdraw is GRANTED.  **The Clerk of the Court is respectfully directed to terminate the motion at ECF No. 124 and to terminate Mr. Kirschbaum and Mr. Bryson as counsel of record for Plaintiff.**

**This action is stayed until Wednesday, May 31, 2023** to afford Plaintiff the opportunity to obtain new counsel and to allow counsel to get up to speed on the case.  **By May 16, 2023,** Plaintiff shall file a letter informing the Court whether she has obtained new counsel or is proceeding pro se.  In the event Plaintiff proceeds pro se, she shall familiarize herself with the resources for pro se litigants available on the Court's website at https://www.nysd.uscourts.gov/prose.  Plaintiff is also advised that there is a free legal clinic, the New York Lawyers Assistance Group, which is available to help pro se litigants in this Court. Information about the clinic is available at https://nylag.org/.

A telephonic case management conference is scheduled on **Wednesday, May 17, 2023 at 10:30 a.m.**  At the scheduled time, counsel for the parties shall dial the Court's conference line at 866-434-5269, Access Code 4858267#.

---

[2] Whether the Firm in fact has any right to recover fees in the event Plaintiff prevails at trial depends on whether the withdrawal was for "good cause" under the applicable New York law.  Because this issue is disputed and is fact-dependent, any application for a charging lien or a *quantum meirut* claim may require an evidentiary hearing on the issue.  *See, Karimian*, 2011 WL 1900092, at *5 (deferring decision on whether withdrawing counsel had a charging lien against plaintiff's recovery because plaintiff disputed that he was to blame for the relationship breakdown and explaining an evidentiary hearing would be needed to resolve the issue).  Additionally, the amount of a charging lien is typically set only after recovery in a particular case.  *Id.*

**SO ORDERED.**

DATED:          New York, New York
                March 10, 2023                    *Katharine H. Parker*
                                                  _____

                                                  KATHARINE H. PARKER
                                                  United States Magistrate Judge