# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ARLENE DELGADO,<br><br>  Plaintiff,<br><br>-against-<br><br>DONALD J. TRUMP FOR PRESIDENT, INC.,<br>SEAN SPICER, individually,<br>REINCE PRIEBUS, individually, and<br>STEPHEN BANNON, individually,<br><br>  Defendants. | Civil Case No.: 19-cv-11764<br><br>**NOTICE OF MOTION** |

**UNOPPOSED MOTION FOR LEAVE TO WITHDRAW AND IMPRESS LIEN**

PLEASE TAKE NOTICE, that John M. Phillips and Phillips, Hunt, Walker and Hanna, pursuant to Local Rule 1.4, respectfully seeks leave to withdraw as counsel for Plaintiff, Arlene J. Delgado, and to stay all proceedings for 90 days to afford Plaintiff the opportunity to obtain new counsel and state as follows:

1. Prior to the appearance of counsel, Plaintiff was scheduled to proceed *pro-se*. Plaintiff is a Harvard Law graduate and licensed to practice in New York.

2. On August 5, 2023, Plaintiff notified the undersigned via email that the attorney/client relationship was irreconcilably broken. (See Exhibit 1 – Declaration of John M. Phillips.)

3. On August 7, 2023, the undersigned accepted the Plaintiff's termination of services and sent notice of the intent to seek leave to withdraw. (See Exhibit 2 – 8/7/23 correspondence.)

4. Prior to this subject motion, the depositions of Arlene Delgado and Defendant Sean Spicer were conducted.

5. Defendant Reince Priebus' deposition was postponed on the eve of the deposition given the termination of the undersigned services.

6. The non-party depositions of Jason Miller (served July 31, 2023), Stephen Bannon (served July 31, 2023), and John Kelly (served August 6, 2023) were also postponed. The following depositions were tentatively scheduled: Brad Parscale (August 10, 2023); Lucia Castellano (August 17, 2023), Jared Kushner (September 11, 2023), Eric Trump (September 12, 2023) and Donald Trump (September 14, 2023).

7. The undersigned maintains a charging lien for costs as well as any fees allowed under the contract for the services outlined herein.

8. On August 5, 2023, the undersigned contacted opposing counsel regarding this matter and was advised the Defendants do not object to the relief sought herein.

**MEMORANDUM OF LAW**

There has been an irreparable breakdown in client-attorney relations and Plaintiff has terminated the services of Phillips, Hunt, Walker and Hanna. Local Civil Rule 1.4 states in pertinent part that an attorney who has appeared for a party "may be relieved or displaced only by order of the Court and may not withdraw from a case without leave of the Court granted by order," and that such an order,

> "may be granted only upon a showing by affidavit or otherwise of satisfactory reasons for withdrawal or displacement and the posture of the case, including its position, if any, on the calendar, and whether or not the attorney is asserting a retaining or charging lien."

Additionally, Local Civil Rule 1.4 states: "All applications to withdraw must be served upon the client and (unless excused by the Court) upon all other parties." Comment 3 to New York State Bar Association Rule of Professional Conduct 1.16 provides that "the court may request an explanation for the withdrawal, while the lawyer may be bound to keep confidential the facts that would constitute such an explanation. The lawyer's statement that professional considerations require termination of the representation ordinarily should be accepted as sufficient."

Similarly, the Committee Note to Local Civil Rule 1.4 recommends that it is not meant to preclude the Court from permitting the reasons for withdrawal to be stated in camera and under seal in an appropriate case. In a case where discovery has yet to close and there is no trial date set, withdrawal of one party's counsel is

unlikely to cause either prejudice to the client or substantial disruption to the proceedings to warrant a denial of leave to withdraw. See, e.g., Winkfield v. Kirschenbaum & Phillips, P.C., No. 12 CIV. 7424 (JMF), 2013 WL 371673, at *1 (S.D.N.Y. Jan. 29, 2013) ("where discovery has not yet closed and the case is not on the verge of trial readiness, prejudice is unlikely to be found") (internal quotations omitted); see also Farmer v. Hyde Your Eyes Optical, Inc., 60 F. Supp. 3d 441, 446 (S.D.N.Y. 2014) (finding no undue disruption and granting counsel's motion to withdraw where the "discovery period is nearly over, [but] no trial date set"); and Furlow v. City of New York, No. 90 Civ. 3956 (PKL), 1993 WL 88260, at *2 (S.D.N.Y. Mar. 22, 1993) (permitting withdrawal where document discovery complete but depositions remaining, because action "is not trial ready and resolution of this matter will not be delayed substantially by counsel's withdrawal").

In short, as this Court has noted, when "discovery has yet to close" and "there is no trial date set," the "proceedings are unlikely to be substantially disrupted and prejudice to Defendant is unlikely," so that favors withdrawal. Capak v. Smith, No. 18 Civ. 4325 (RA) (KHP), 2021 WL 1103375, at *1-2 (S.D.N.Y. Feb. 2, 2021).

According to the attached Declaration of John M. Phillips, on several recent occasions, Plaintiff has indicated she is not satisfied with the representation provided by the Firm. Moreover, there has been an irreparable breakdown in

attorney-client relations. Plaintiff has also recently attacked a federal judge who oversees a case in which the undersigned are counsel. (See Exhibit 3 – Social Media Posts). For this and other reasons, the Firm has multiple valid reasons for withdrawal. As indicated in the Declaration, should the Court require additional information regarding the differences that have arisen between Plaintiff and the Firm, we respectfully request an ex parte, in-camera interview in order to fully discuss this matter while protecting client confidences and privileged attorney-client communications.

Although the Court has repeatedly expressed its desire to push the case forward, the case is still in the discovery phase, depositions have not yet occurred, and there is no trial date set; accordingly, the proceedings are unlikely to be substantially disrupted and there is no likely prejudice to Defendants from the Firm's withdrawal – even if Plaintiff is granted a 60- to 90-day adjournment of the current case management deadlines, in order to have reasonable time to find new counsel.

## CONCLUSION

For the foregoing reasons, the John M. Phillips and Phillips, Hunt, Walker and Hanna respectfully request the Court enter an order permitting it to withdraw from representation of Plaintiff in this action, and that Plaintiff be

afforded a 90-day adjournment of the discovery deadlines so that she may find new counsel.

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing was electronically filed with the Clerk of Court using the CM/ECF system and a copy hereof individually provided to the Plaintiff, Arlene Delgado, via electronic mail at [ajdelgado6@gmail.com](mailto:ajdelgado6@gmail.com) on this the 9th day of August, 2023.

    Phillips, Hunt, Walker and Hanna

*/s/ John M. Phillips*
JOHN M. PHILLIPS, ESQUIRE
212 N Laura Street
Jacksonville, FL 32202
(904) 444-4444
(904) 508-0683 (facsimile)
jmp@floridajustice.com
amy@floridajustice.com
catherine@floridajustice.com
*Attorney for Plaintiff*