USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED:  8/23/2023

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X

ARLENE DELGADO*,*

                                                    Plaintiff,                    **19-CV-11764 (AT) (KHP)**

                              -against-
                                                                                  **OPINION AND ORDER
DONALD J. TRUMP FOR PRESIDENT, INC.,                                              ON MOTION TO WITHDRAW**
TRUMP FOR AMERICA, INC., SEAN SPICER,
individually, REINCE PRIEBUS, individually,
STEPHEN BANNON, individually,

                                                    Defendants.
-------------------------------------------------------------------X

**KATHARINE H. PARKER, UNITED STATES MAGISTRATE JUDGE:**

        Before the Court is a motion by John M. Phillips, counsel of record for Plaintiff Arlene

Delgado, to withdraw as counsel.  (ECF No. 153.)  For the reasons stated below, the motion is

GRANTED.  The request for a 90-day stay of the litigation is denied.

## BACKGROUND

        Plaintiff initiated this action on December 23, 2019 against Trump for America, Inc.,

Donald J. Trump for President, Inc., and certain individuals who worked for the campaign.  Her

claims include breach of contract, employment discrimination, retaliation, and tortious

interference with prospective economic advantage.  At the time of the action's inception,

Plaintiff was represented by the Derek Smith Law Group, PLLC.  On January 30, 2023, shortly

before discovery was set to close, the Derek Smith Law Group moved to withdraw as counsel,

citing an irreparable breakdown in attorney-client relations.  Plaintiff opposed the motion, but

after reviewing *in camera* letters from Plaintiff and her then-counsel, the Court granted the

motion and stayed the case until May 31, 2023, to allow Plaintiff to find new counsel.  *Delgado*

*v. Donald J. Trump for President, Inc.*, 2023 WL 2975155, at *3 (S.D.N.Y. Mar. 10, 2023).

On May 15, 2023, John M. Phillips filed a letter introducing himself as Plaintiff's new

counsel and subsequently entered an appearance in the case.  Phillips attended a case

management conference on May 17, 2023 on behalf of Plaintiff, at which the Court extended

the deadline for party depositions to June 30, 2023, and for all other discovery to September

15, 2023.  The Court emphasized that these deadline "will not be extended absent a showing of

good cause."  (ECF No. 145.)

On June 27, the Court granted an extension of the deadline for party depositions to

August 15, 2023, because Phillips had a sinus infection.  (ECF No. 152.)  At that time, Plaintiff

had been deposed, but Defendants Reince Priebus and Sean Spicer had not been deposed.

Spicer was subsequently deposed, but Priebus has not yet been deposed.

On August 9, 2023, Phillips filed a motion to withdraw as counsel for Plaintiff.  (ECF No.

153.)  The motion cited several reasons for the withdrawal, including that the attorney-client

relationship had irreconcilably broken down.[1]  Phillips advised the Court that the scheduled

depositions of Priebus and non-parties Jason Miller, Stephen Bannon, and John Kelly had been

postponed as a result of the termination of services.  Phillips stated that he maintains a

charging lien for costs and fees.  However, in a subsequent *ex parte* letter to the Court, Phillips

disclaimed any attempt to assert a charging lien for fees, and only asserts a lien for costs.

Phillips and Plaintiff each provided *ex parte* letters to the Court further outlining their

positions as to the breakdown in the attorney-client relationship.[2]  Plaintiff's letters stated that

---

[1]  Phillips attached a declaration in which he declared under penalty of perjury that the "main reason" for his motion was that "Plaintiff has terminated our services via email on August 5, 2023," (ECF No. 153-1), however, in a subsequent letter, Mr. Phillips conceded that there was "no singular email" from Plaintiff terminating him.

[2]  The Court permitted *ex parte* submissions regarding this issue to protect attorney-client confidences.  The Court retains the discretion to refer publicly to statements within the *ex parte* communications that are relevant to its decision on the motion without disclosing attorney-client confidences.  The parties' submissions raised concerns

she had not terminated Phillips' employment, and that she wished to proceed with Phillips as

her counsel.[3]  The letter suggested that one cause of strain on the relationship was due to

"hostility" from non-party witnesses.[4]  On August 22, 2023, the Court held an *ex parte*

conference with Phillips and Plaintiff to discuss the motion.  At the conference, Plaintiff stated

that, based on the letters Phillips had sent to the Court in connection with the motion to

withdraw, she agreed that the attorney-client relationship had broken down.

### ANALYSIS

Withdrawal of counsel is governed by Local Civil Rule 1.4, which states:

An attorney who has appeared as attorney of record for a party . . . may not withdraw
from a case without leave of the court granted by order. Such an order may be granted
only upon a showing by affidavit or otherwise of satisfactory reasons for withdrawal or
displacement and the posture of the case, including its position, if any, on the calendar,
and whether or not the attorney is asserting a retaining or charging lien.

S. & E.D.N.Y.R. 1.4.

---

regarding waiver of the attorney-client privilege, but the Court notes that the use of *in camera* submissions does
not typically effect a waiver of the privilege, and the Court did not learn any specific advice that Plaintiff's
counsel provided on this litigation in connection with adjudicating this motion.  *See In re John Doe Corp.*, 675
F.2d 482, 490-91 (2d Cir. 1982); *Plasmanet, Inc. v. Apax Partners, Inc.*, 2003 WL 21800981, at *2 n.4 (S.D.N.Y.
Aug. 5, 2003).

[3]  Plaintiff's letter also raised a concern that the submissions would impact the Undersigned's view of Plaintiff
and/or the case and would prevent me from effectively presiding over the case.  The Court reassures Plaintiff
that the submissions do not impact its view of the parties or the merits of the case. The Court routinely deals
with motions to withdraw involving disputes between clients and their lawyers, and it resolves such disputes in
accordance with applicable law and rules.  Such disputes do not impact the Court's decision-making on issues
relating to discovery or any other issues, which the Court also resolves in accordance with applicable law and
rules.  In addition, because I am only referred for General Pretrial and settlement, I will not be the decision-
maker on any dispositive issue in this case.  Such issues will be resolved by the Honorable Analisa Torres, and, if
this case proceeds to a jury trial, by a jury.

[4]  Specifically, Plaintiff's letter asserted that counsel for two non-parties in the case, Stanley Woodward and
Nathan Muyskens, had made inappropriately hostile communications with Phillips in connection with
anticipated depositions of the non-parties.  Plaintiff requested that the Court order Woodward and Muyskens to
attend an upcoming conference to explain their behavior.  The Court does not have sufficient information to
determine whether Woodward or Muyskens engaged in inappropriate behavior.  The Court notes that the
subpoenaed non-parties will be required to sit for their depositions and to answer questions truthfully unless
they successfully move to quash the subpoenas.  In the future, to the extent Plaintiff makes requests of the
Court, she should do so through a public filing on ECF in accordance with the Federal Rules of Civil Procedure.

The decision to grant or deny a motion to withdraw is within the district court's discretion.  In making the determination, the Court should consider (i) the reasons for withdrawal, and (ii) the impact of the withdrawal on the timing of the proceeding.  *Karimian v. Time Equities, Inc.*, 2011 WL 1900092, at *2 (S.D.N.Y. May 11, 2011) (citing S. & E.D.N.Y.R. 1.4).  I consider both factors below, and also address the issue of a charging lien as well as the discovery deadlines moving forward.

1. **Reasons for Withdrawal**

In his motion to withdraw, Phillips put forward several reasons for the withdrawal, including an irreconcilable breakdown in the attorney-client relationship.  While the Court does not find that all of the asserted reasons for withdrawal are satisfactory, there is no dispute that an irreconcilable breakdown in the relationship is a satisfactory reason for withdrawal, even where the client opposes the motion or disputes a breakdown.  *Karimian*, 2011 WL 1900092, at *2*.  Based on the parties' *ex parte* submissions and their representations at the *ex parte* conference, the Court finds that the relationship has broken down such that it would not serve Plaintiff for Phillips to continue representing her.

The Court need not determine the "source of the strain" on the relationship or assign blame in deciding the motion to withdraw; the strained relationship alone is "sufficient grounds" for withdrawal.  *Diarama Trading Co. v. J. Walter Thompson U.S.A., Inc.*, 2005 WL 1963945, at *1 (S.D.N.Y. Aug. 15, 2005).  Importantly, in finding that there has been a relationship breakdown, the Court does not ascribe blame to either Plaintiff or Phillips for the breakdown, and this decision should not be cited for any purpose in connection with the ongoing litigation and in no way impacts merits issues in the case.

4

### 2. Impact of Withdrawal on the Case

This action is still in the discovery stage and no trial has been scheduled.  Accordingly, although the withdrawal has caused delays in this case, including the need to reschedule depositions, this impact is not so significant as to warrant denial of the motion.  *See Furlow v. City of New York*, 1993 WL 88260, at *2 (S.D.N.Y. March 22, 1993) (granting motion to withdraw where document discovery was complete, but depositions had not been taken, because "resolution of this matter will not be delayed substantially by counsel's withdrawal at this juncture").

Moreover, because Plaintiff is an individual rather than a corporation, she may proceed without an attorney in the event she is unable to find new counsel.  Significantly, Plaintiff is a Harvard-educated lawyer with several years of experience practicing at a large New York City law firm.  (Compl. ¶¶ 3, 11.)  Accordingly, there is no need to stay the case to afford Plaintiff time to find new counsel, and the case can proceed immediately with only a short discovery extension.

### 3. Charging Lien

"New York law generally recognizes three remedies for an attorney making a fee claim against a former client: (1) a charging lien, (2) a retaining lien, and (3) a plenary action in *quantum meruit*."  *Pettiford v. City of Yonkers*, 2020 WL 1331918, at *2 (S.D.N.Y. Mar. 20, 2020), *aff'd*, 833 F. App'x 893 (2d Cir. 2020) (citations omitted).  Here, Phillips asserts a charging lien against Plaintiff for costs only and does not assert a charging lien for fees or a retaining lien.  Plaintiff has agreed to reimburse Phillips for reasonable costs that he advanced in connection with the litigation.  Accordingly, Plaintiff shall pay Phillips for any reasonable costs he advanced

in connection with the litigation.  Phillips shall not be entitled to any payment of attorneys' fees in connection with this litigation.

As Phillips has not asserted a retaining lien, he shall turn over all relevant files to Plaintiff as soon as practicable, and no later than **Friday, August 25, 2023.**  This includes all deposition transcripts, subpoenas, contact information for third party witnesses, and other documents and information relating to this case.  Phillips shall file a declaration on **Friday, August 25, 2023** stating that he has complied with this order.

4.  **Discovery Deadlines and Case Management Conference**

Given Plaintiff's legal training and her representations that she will not be able to find another lawyer to represent her, the Court does not find it necessary or useful to stay this case to allow Plaintiff time to find new counsel.  However, out of solicitude to Plaintiff, who is now proceeding *pro se*, the Court grants a 60-day extension of the discovery deadline until **Tuesday, November 14, 2023**.  No further extension requests will be entertained.

Plaintiff shall familiarize herself with the resources for pro se litigants available on the Court's website at https://www.nysd.uscourts.gov/prose.  Plaintiff shall provide her contact information to the Pro Se Intake Unit to ensure case filings can be sent to the correct mail (or email) address.  Plaintiff must inform the Pro Se Intake Unit in writing of any change to her contact information.  Plaintiff shall also familiarize herself with the Motions Guide for Pro Se Litigants, available at https://www.nysd.uscourts.gov/node/821.  In the event Plaintiff finds it necessary to file a motion to compel discovery and/or compliance with a subpoena, she should do so in a timely fashion so that the motion can be resolved in advance of the November 14 discovery deadline.

Plaintiff is also advised that there is a free legal clinic, the New York Lawyers Assistance Group ("NYLAG"), that is available to help pro se litigants in this Court.  Information about the clinic is available at https://nylag.org/.  The NYLAG clinic may be able to assist Plaintiff in connection with a discovery motion.

A telephonic Case Management Conference is scheduled on **Thursday, October 26, 2023 at 2:00 p.m.**  At the scheduled time, the parties shall dial the Court's conference line at 866-434-5269, access code 4858267#.

## CONCLUSION

For the foregoing reasons, the motion to withdraw is GRANTED.  The Clerk of the Court is respectfully directed to terminate the motion at ECF No. 153, to terminate Mr. Phillips as counsel of record for Plaintiff, and to note on the docket that Plaintiff is proceeding pro se.

To ensure that Mr. Phillips and Plaintiff are apprised of this Order, and because Plaintiff has not yet provided her mailing address to the Court, the Clerk of the Court is respectfully directed to mail a copy of this Order to Mr. Phillips, and Mr. Phillips shall then send a copy of the Order to Plaintiff.

**SO ORDERED.**

DATED:     New York, New York
           August 23, 2023

_Katharine H Parker_
KATHARINE H. PARKER
United States Magistrate Judge

7