```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 12/19/2023
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X

ARLENE DELGADO,

                               Plaintiff,

              -against-

DONALD J. TRUMP FOR PRESIDENT, INC.,
TRUMP FOR AMERICA, INC., SEAN SPICER,
individually, REINCE PRIEBUS, individually,
STEPHEN BANNON, individually,

                            Defendants.
------------------------------------------------------------------X

**19-CV-11764 (AT) (KHP)**

**OPINION AND ORDER**
**ON MOTION TO WITHDRAW**

**KATHARINE H. PARKER, UNITED STATES MAGISTRATE JUDGE:**

Before the Court is a motion by William C. Odle, counsel of record for Plaintiff Arlene

Delgado, to withdraw as counsel.  (ECF No. 168.)  For the reasons stated below, the motion is

GRANTED.

## BACKGROUND

Ms. Delgado initiated this action on December 23, 2019 against Trump for America, Inc.,

Donald J. Trump for President, Inc., and certain individuals who worked for the campaign.  Her

claims include breach of contract, employment discrimination, retaliation, and tortious

interference with prospective economic advantage.  Ms. Delgado was initially represented by

the Derek Smith Law Group.

On August 16, 2022, the Court set January 31, 2023, as the deadline for fact discovery

and March 31, 2023, as the deadline for expert discovery.  (ECF No. 103.)  On January 12, 2023,

the Court extended the fact discovery deadline to March 31, 2023.  (ECF No. 117.)  On January

25, 2023, the Court denied without prejudice Ms. Delgado's request for a lengthier extension of

the discovery deadlines, finding that good cause had not been shown.  Five days later, the

Derek Smith Law Group, PLLC, moved to withdraw as counsel, citing an irreparable breakdown in the attorney-client relationship.  (ECF No. 124.)  The Court granted the motion in March 2023 and stayed the case until May 31, 2023 to permit Ms. Delgado the opportunity to find new counsel.  (ECF No. 140.)  The Court then extended the fact discovery deadline to September 15, 2023, and warned that further extensions would not be granted absent a good cause showing.  (ECF No. 145).

On May 23, 2023, John M. Phillips made an appearance as counsel for Ms. Delgado.  (ECF No. 147).  Mr. Phillips moved to withdraw as counsel on August 9, 2023, citing an irreparable breakdown in the attorney-client relationship.  (ECF No. 153.)  On August 23, 2023, the Court granted the motion to withdraw and, to accommodate Plaintiff, extended the fact discovery deadline to November 14, 2023.  (ECF No. 157.)  In light of the lengthy discovery extensions that had already been granted, the Court stated that no further extension requests would be entertained absent good cause.  (*Id.*)

Mr. Odle entered his appearance on behalf of Ms. Delgado on October 27, 2023, and immediately requested an extension of time to complete discovery.  (ECF Nos. 161, 162.)  The Court partially granted that request, extending the discovery deadline to December 29, 2023.  (ECF No. 164.)[1]  This deadline was extended to February 15, 2024, for the sole purpose of deposing Defendant Reince Priebus and for production of information, if any, based on a ruling on Defendants' anticipated motion to compel discovery.  (ECF No. 173.)

---

[1] The Court advised that to the extent Plaintiff required more time to take third party depositions, the Court would need to understand by November 14, 2023 what third party depositions would be taken, when they would be taken, and why those depositions were relevant and proportional to the needs of the case in accordance with the Federal Rules.  That information was not provided by November 14, and thus no further extension was granted.

Mr. Odle moved to withdraw as counsel on December 1, 2023.  (ECF No. 168.)  Mr. Odle

asserts that the reason for his motion is that the attorney-client relationship has irreparably

broken down due to fundamental disagreements, including regarding legal strategy.  Mr. Odle

is not asserting a charging or retaining lien.

The Court held an *ex parte* conference with Mr. Odle and Ms. Delgado on December 11,

2023 to learn more about the motion and to hear Ms. Delgado's position on the motion.

Following the conference, Ms. Delgado submitted an *ex parte* email stating that she objected to

Mr. Odle's withdrawal, and raising concerns with Mr. Odle's representation of her.  Ms.

Delgado submitted a second *ex parte* letter on December 18, 2023, reiterating her opposition

to Mr. Odle's motion to withdraw.  After careful consideration of the *ex parte* submissions, the

Court finds that an irreparable conflict has arisen between counsel and Ms. Delgado.

**ANALYSIS**

Withdrawal of counsel is governed by Local Civil Rule 1.4, which states:

> An attorney who has appeared as attorney of record for a party . . . may not withdraw
> from a case without leave of the court granted by order. Such an order may be granted
> only upon a showing by affidavit or otherwise of satisfactory reasons for withdrawal or
> displacement and the posture of the case, including its position, if any, on the calendar,
> and whether or not the attorney is asserting a retaining or charging lien.

S. & E.D.N.Y.R. 1.4.  The decision to grant or deny a motion to withdraw is within the district

court's discretion.  In making the determination, the Court should consider (i) the reasons for

withdrawal, and (ii) the impact of the withdrawal on the timing of the proceeding.  *Karimian*

*v. Time Equities, Inc.*, 2011 WL 1900092, at *2 (S.D.N.Y. May 11, 2011) (citing S. & E.D.N.Y.R.

1.4).

Based on the parties' *ex parte* submissions and their representations at the *ex parte* conference, the Court finds that the attorney-client relationship between Mr. Odle and Ms. Delgado has broken down, which is a satisfactory reason for withdrawal. *See Karimian*, 2011 WL 1900092, at *2 (irreconcilable breakdown in the attorney-client relationship is a satisfactory reason for withdrawal, even if opposed by the client). The Court need not determine the "source of the strain" on the relationship or assign blame in deciding the motion to withdraw, *Diarama Trading Co. v. J. Walter Thompson U.S.A., Inc.*, 2005 WL 1963945, at *1 (S.D.N.Y. Aug. 15, 2005), and it does not do so here. This decision in no way impacts merits issues in the case.

Additionally, although the withdrawal has caused delays in this case, the impact is not so significant as to warrant denial of the motion. *See Furlow v. City of New York*, 1993 WL 88260, at *2 (S.D.N.Y. March 22, 1993). Because Plaintiff is an individual rather than a corporation, she may proceed without an attorney while she looks for new counsel and/or in the event she is unable to find new counsel. This Court has presided over numerous matters that have been successfully prosecuted by individuals acting *pro se*, including by individuals with no legal training (or even higher education), individuals who are not fluent in English, and individuals who are working full time jobs and juggling other responsibilities. Although Plaintiff is a Harvard-educated lawyer, (Compl. ¶¶ 3, 11), the Court will afford her the appropriate solicitude owed to *pro se* litigants in light of the fact that she is not a litigator and is not licensed to practice law in the state of New York. *See Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 475 (2d Cir. 2006) (citation omitted) (explaining that "[i]t is well established that the submissions of a *pro se* litigant must be construed liberally and interpreted 'to raise the strongest arguments that they suggest.'")

4

Plaintiff is reminded that there is a free legal clinic, the New York Legal Assistance Group ("NYLAG"), that is available to help pro se litigants in this Court.  Information about the clinic is available at https://nylag.org/.

## CONCLUSION

For the foregoing reasons, the motion to withdraw is GRANTED.  **The Clerk of the Court is respectfully directed to terminate the motion at ECF No. 168, to terminate Mr. Odle as counsel of record for Plaintiff, and to note on the docket that Plaintiff is proceeding pro se. The Clerk of the Court is respectfully directed to mail a copy of this Order to Mr. Odle, and Mr. Odle shall then send a copy of the Order to Ms. Delgado.**

Mr. Odle shall turn over all relevant files to Ms. Delgado as soon as practicable, and no later than **Friday, December 22, 2023.**

Ms. Delgado may, of course, seek new counsel to represent her.  In the interim, and no later than **Friday, December 22, 2023**, Plaintiff shall provide her contact information to the Pro Se Intake Unit to ensure case filings can be sent to the correct mail or email address. Instructions to consent to electronic service are available at:

https://www.nysd.uscourts.gov/forms/consent-electronic-service-pro-se-cases.

**SO ORDERED.**

DATED:      New York, New York
            December 19, 2023

_Katharine H Parker_

KATHARINE H. PARKER
United States Magistrate Judge