January 29, 2024

Hon. Magistrate Parker

United State District Court, S.D.N.Y.

500 Pearl Street

Courtroom 17D

New York, NY 10007

RE: *Delgado v. Donald J. Trump for President, et. al.*, 19-cv-11764 (AT) (KHP)

VIA: electronic submission through pro-se intake unit

Hon. Magistrate Parker,

I am the *pro-se* Plaintiff in the above-mentioned matter, referred to herein as the "**Plaintiff**" or in first person. I write to respectfully request reconsideration of your December 19, 2023 Order ("**December 19th Order**"), and am promptly filing this (within 10 business days of receiving said order). I do not request reconsideration of its granting of Mr. Odle's motion to withdraw but rather request reconsideration of the Order's failure to extend the discovery deadline.

**I request re-opening of the window for third party depositions, to ameliorate the harm caused by Mr. Odle's malpractice**, for which I bare no direct blame and should not reasonably be held responsible, and state as follows, including some background for necessary context and timeline:

EVENTS LEADING UP TO PLAINTIFF'S CHANGING OF COUNSEL: A brief historical note is necessary for the record, regarding the events leading to the position in which I find myself, as it is my belief that the Court has taken the position that I am to blame for the succession of counsel in 2023, inaccurately.

In February 2023, the Court granted the withdrawal of the firm with by I had been represented, Derek Smith Law Group, since the commencement of this case. Said firm and I had worked together *seamlessly* for over three years, with not a single issue arising. (As another testament to my conduct and disposition as a client, my family-law attorney in Miami-Dade also represented me for nearly

1

four years, with no issues.) The dynamic changed, however, in February 2023, immediately following, and purely as a result of, the February 2023 "settlement conference." As the Court may recall, I did not appear in person in New York City (instead, via virtual appearance on my counsel's laptop computer) at said settlement conference, because my counsel neglected to inform me of such until the night prior. This is an understandable oversight that can happen – we are only human. To his credit, my counsel submitted a letter to the Court the evening before the conference, taking full responsibility and explaining I would not be there in person because he had neglected to inform me. Nevertheless, despite my counsel taking responsibility, as the settlement conference began the next morning, and I was appearing virtually, the Court repeatedly lashed out at me, both in public prior to the commencement of the 'mediation' *and* during said mediation. Twice, even before the mediation exercise began, the Court excoriated me for not being there in person, despite being aware that I was not informed.

During the settlement conference, the Court (which, for reasons incomprehensible to me, also acts as mediator, in SDNY) engaged in commentary for which I even considered seeking counseling afterward. This included commentary along the lines of, 'You were never going to be on TV, stop it, that's just absurd' – an ironic position, given that I have a Fox News programming chief email from November 2016 stating, "You'll have your own show soon!" and more. I understand the Court must engage in 'good cop/bad cop' when wearing its 'mediator hat' but, having been in mediations in the past, this went beyond that. The Court also became visibly very irate (turning red), at any mention of Miller's sexual misconduct, which only arose tangentially in the course of discussion, fiercely berating me on that, as well. (**Given that I have now filed an action pertaining to such, in state court, I question whether it is even proper for the Court to make any decisions in *this* matter or any decisions involving *me*, given its opinionated viewpoints on sexual misconduct matters, including this case**.) My attorney and I emerged from the conference both reeling, offended, and disoriented, leading to a breakdown in what was otherwise a fine attorney-client-relationship, as is expected when emerging from such a traumatic afternoon. The firm, as it noted in its motion, felt I had effectively terminated their representation and would prefer other representation.

The best I could find, this late in a case, on short notice, and on contingency, was a personal injury attorney out of Jacksonville with no fewer than five Bar complaints in Florida in the past 18 months or so, including allegations concerning narcotics at an office party of said counsel's firm and concerning allegations of 'doxxing' third parties, to name but a few of the allegations. He

2

entered the case in May 2023. Not surprisingly, that attorney did not turn out to be a suitable choice, and displayed strange behavior, including a general policy that clients not attend depositions, even by ZOOM.

On August 24, 2023, Your Honor granted the withdrawal of said then-counsel, (as noted by the Court when, e.g., in the hearing on his motion to withdraw, said counsel repeatedly revealed his scant knowledge of the case).

Despite my easygoing and helpful nature as a client, and despite my making constant allowances because I did not want to lose representation, the relationship became unsustainable when said counsel made a rather cruel, in my opinion, remark pertaining to my six-year-old son (who is disabled and suffers from a rare disorder).

Your Honor's August 24, 2023 order stated that, as I had expressed it would be "impossible" to find substitute counsel this late in a case, Your Honor would not stay the case to give me time to find new counsel (because I had said such would be nearly impossible) but would merely extend discovery until November 14, 2023 (a mere 60-day extension). [This seems to be an approach of the Court where the plaintiff is harmed, either way—if the plaintiff expresses that it will be difficult to find new counsel, as is a common and understandable position for a litigant having to find substitute contingency-fee counsel, the plaintiff is given 'no stay' to even attempt it because, 'Well, you said it would be impossible to find one, so no need!' Similarly, attorneys are nearly always allowed to exit a case, no matter how much it will prejudice a client, by claiming an 'breakdown' in attorney-client relations. All attorneys need do is create that tension themselves and then, *voila*!, "You have to let me out because the client dislikes me now!"]

**I bravely attempted to forge ahead *pro-se*, only to be met with complete resistance**, e.g., a third party witness's counsel, **Stanley Woodward**, told me to get back to him *once I had counsel*, and refused to coordinate his client's deposition with the now pro-se litigant, after previously agreeing to the deposition with my prior counsel only a few weeks earlier. Such was in early September 2023. Similarly, the prior month (August 2023), the firm representing third-party Jason Miller sent my then-counsel an indescribably absurd demand, demanding that Mr. Miller's deposition be extremely limited in scope, since Mr. Miller is "not important to this litigation", is "mentioned only a few times in the Complaint", and more. They requested the entire deposition be under seal and, to the extent it is to be used at trial, or portions thereof, that such be presented in court only in specially marked, sealed envelopes. If the Plaintiff would not agree, they said, a protective order would be sought.

3

This is precisely the kind of bad faith litigation tactic that required/requires the Plaintiff to have *counsel*. This is *not* the type of case where one can be *pro-se*.

[I also was completely unable to move forward *pro-se* because, as I had explained to Your Honor, the trial in my family-law case, where I am also *pro-se* because I cannot afford counsel, would (and did) take place on October 31, 2023, with a critical hearing on "all pre-trial motions" on October 12, 2023, which also took place as scheduled, as well as a flurry of last minute matters, such as hearings on subpoenas and the like, including Mr. Miller's deposition in that case on September 26, 2023. **At the same time as I to wrap up discovery, prepare and hear for motions, and prepare trial in my family law matter (September/October 2023), I was somehow expected to** *also* **take all third-party depositions in** *this* **matter.**

A concerned individual who heard of what happened with Mr. Phillips, and is an alleged victim of Mr. Phillips conduct, connected me with a lawyer who might help, in Kansas City, named Bill Odle.

I conferred with Mr. Odle and gave him an overview of the case. Mr. Odle looked into it and informed me on September 13, 2023 that he had decided to enter the case (he did not ultimately file his Notice of Appearance until **October 30, 2023**, just in time for the November 2, 2023 Case Management Conference, due a delay caused by Mr. Odle inaccurately believing his appearance required local counsel sponsorship.)

I therefore was unable to move the ball forward in that September/October 2023 period, given that (a) I was not being taken seriously as a *pro-se* litigant, particularly as a *female* pro-se litigant and Latina, by male attorneys and their male clients; and (b) even if that were not the circumstances, which they were, I did not want to 'get ahead of/get in front of' Mr. Odle, given that he was coming into the case and take depositions he would take himself.

**On October 30, 2023, Mr. Odle filed a letter-motion ("November 14th letter"), requesting to extend the discovery deadline from November 14, 2023 to <u>March 1, 2024</u>**.[1]

---

[1] The letter-motion read, in part:
*I respectfully submit this Letter Motion requesting the Court to extend the current discovery deadline of*
*November 14, 2023 to March 1, 2024 for the following reasons.*
*Initially, I was retained by Ms. Delgado within the last week. I have requested but not*
*yet received her client file from prior counsel. Additionally, as the Court is aware, the record*
*in this matter is substantial, there is a great deal of information that must be reviewed and*

4

Mr. Odle appeared at the November 2, 2023 CMC (I did not attend as had an appointment to attend of my son's).

Your Honor entered a resulting order following the November 2nd CMC ("**November 2nd Order**"), which read:

> Plaintiff's letter motion for an extension of time (ECF No. 162) is **granted in part and denied in part without prejudice**. Specifically, **the discovery deadline is extended to Friday, December 29, 2023 for the purpose of deposing Defendant Reince Priebus ("Priebus") and a 30(b)(6) witness for Defendant Donald J. Trump For President, Inc. (the "Campaign Witness.")** By Tuesday, November 14, 2023, the parties shall have scheduled a date for the deposition of Priebus, and Plaintiff shall have provided a 30(b)(6) deposition notice to Defendants' counsel for the Campaign Witness. **On Tuesday, November 14, 2023, Plaintiff shall file a letter advising the Court of the date scheduled for the deposition of Priebus and confirming that a 30(b)(6) deposition notice has been provided to Defendants' counsel for the Campaign Witness. Additionally, to the extent Plaintiff seeks a further extension of time to complete third-party depositions, this request shall be made in the November 14 letter. The letter should clearly and succinctly outline which third parties Plaintiff intends to depose and why those depositions would be relevant to any claims or defenses and proportional to the needs of the case in light of the testimony elicited from the parties. The letter should also state the length of time needed for these depositions, and should propose a reasonable timeline for completing the depositions. The letter should note whether the parties are in agreement as to any of the requests made in the letter. Defendant may file an opposition to Plaintiff's November 14 letter by Friday, November 17, 2023**. The letters shall be limited to four pages in length. The Clerk of the Court is respectfully directed to terminate the motion at ECF No. 162. SO ORDERED. Discovery due by 12/29/2023. (Signed by Magistrate Judge Katharine H. Parker on 11/2/2023) (vfr)

---

*absorb over a short period of time, as well as scheduling remaining deposition dates. Also, I am presently lead counsel for Plaintiff in Smith v. Highland Community College, et al., Case No. 2:23-CV-02114 in Kansas federal district court where I have eight to ten depositions scheduled between now and mediation on Nov. 17, after which schedules tighten up even more due to the holidays. Under the circumstances, unless the current deadline is extended, I feel it will be difficult, if not impossible, for Ms. Delgado to receive adequate or effective representation.*

*Accordingly, we respectfully ask the Court to extend the deadline for the close of discovery in this matter to and including March 1, 2024, to allow the undersigned time to become familiar with the record and complete discovery; as well as sufficient time to issue third-party deposition subpoenas for witnesses who will not appear voluntarily and resolve any related objections. I have contacted defense counsel as to whether he will consent or oppose/not oppose the requested extension, as well as providing me available dates over the next few weeks so that we can start moving forward. As of this writing, I've received no response or other indication that the proposed extension would prejudice to any party or otherwise impact subsequent deadlines in this matter.*

(bold emphasis added)

[It should be noted that the propriety of forcing a litigant to seek leave for a third-party deposition, one that has not even been objected to yet, and to explain *why* it is relevant, borders on requesting work-product-privilege and, without revealing attorney-client privileged, Mr. Odle held concerns about this.]

On Thanksgiving Eve, I filed a lawsuit under the Adult Survivor's Act in New York State Court, via separate counsel. I informed Mr. Odle of this in advance.

That Monday, November 27, 2023, Mr. Odle shockingly informed me he was withdrawing from the case. The reason was that I had upset his ability to settle *this* case, by filing that separate action in which the Campaign was named as a defendant.[2] (Mr. Odle had sent Defendants a settlement offer on November 17, 2023, as he noted in his November 14, 2023 letter to the Court.) This is not privileged: Mr. Odle admitted as much to the Court during the December 11, 2023 hearing on his motion to withdraw. Mr. Odle *also* stated the same to a concerned third-party attorney-friend, who spoke with Mr. Odle on Tuesday, November 28, 2023 (I granted permission to both to speak) to ascertain his inexplicable reaction. In that conversation, Mr. Odle also let it slip that, even after he informed me, on November 28th, that he would be withdrawing, he nonetheless engaged in a last 'Hail Mary' and, despite no authorization from me, contacted opposing counsel on November 28th to ask if they were still interested in his November 17, 2023 settlement offer, *seemingly hoping to still collect a 40% contingency fee for less than a month's worth of work*. (According to Mr. Odle, Plaintiff's counsel, Mr. Blumetti, responded to Mr. Odle on said call that, while they were had been interested and were "chewing over" Mr. Odle's number, and felt the number was "reasonable," now the Campaign was no longer interested because, a few days earlier, a lawsuit had been filed against Mr. Miller. [It is of note that the Campaign, despite it and Mr. Miller both claiming Mr. Miller is entirely unrelated to this matter and not coordinating with him, expressed such anger at a lawsuit filed against Mr. Miller.]

When this individual asked what Mr. Odle had done in the case, in terms of moving the case forward, and where discovery stood, Mr. Odle became defensive and irate and abruptly ended the call.

---

[2] This is not attorney-client privileged information, as Mr. Odle stated such to a third-party whom the Plaintiff authorized to speak to Mr. Odle on November 28, 2023, in the hopes of understanding Mr. Odle's bizarre reaction.

6

**Mr. Odle 'ghosted' (for lack of a better term) his client, starting November 28th, and refused to respond to any questions about the case. All emails went completely ignored, even though he was still counsel in the case and the discovery deadline was tolling, daily.**

That Friday, December 1, 2023, Mr. Odle filed his motion to withdraw.

The Court then scheduled an *ex-parte* chambers meeting for December 11, 2023. Part of the concern I expressed in that December 11, 2023 meeting was that Mr. Odle should not be permitted to withdraw until he had responsibly and diligently informed me where the case stood in terms of discovery and what he had done, given that Mr. Odle was refusing to provide me any status update or information (it would soon be apparent why) as to where the case stood. Mr. Odle said nothing. The Court did not seem concerned with such.

Multiple emails I had, and have, sent Mr. Odle asking for information on what he had done in terms of discovery and where things stood have *all* gone unanswered. He did not/does not respond to any emails, despite all being short, polite emails merely asking basic information as to the status of the case, *since November 28th*.

<u>**To be clear, Mr. Odle disappeared completely as of November 28, 2023. Nonetheless, I had my hands tied and could do nothing because I was *technically* still represented by him, for several weeks further. This merits extending the deadline.**</u>

[Of note: During the *ex-parte* conference, Your Honor specifically asked Mr. Odle to supply chambers with a copy of the Adult Survivors Act lawsuit that was filed. Mr. Odle then confirmed his assistant was emailing it to Your Honor. **Respectfully, I do not believe it is appropriate for the Court to read material outside of that which is filed in, and is part of, *this* litigation. I believe this merits Your Honor's *sua sponte* recusal, and should not require that I file a time-consuming motion to disqualify under 28 U.S.C. Sec. 455.** Your Honor also (inexplicably, in my opinion) requested the name from me (even the spelling) of the attorneys representing me on the Adult Survivors Act matter. All of this, coupled with the very strong views (skeptical of women who file sexual misconduct suits, exhibited by Your Honor in the February 2023 'mediation') also lead me to believe recusal is appropriate, respectfully, given the Adult Survivors Act filing.]

On December 19, 2023, Your Honor granted Mr. Odle's withdrawal ("**December 19th Order**") and, in the same order, stated that, **since Mr. Odle had not sought**

7

**leave-from-the-Court for any third-party depositions, no third party depositions would be allowed.**

It ordered Mr. Odle to "**mail**" me a copy of the Order.

**Yet I was not provided this December 19th Order by Mr. Odle, via mail (as ordered), or by anyone in his staff.** (The Court also did not serve the Order on me, or send a courtesy copy.)

Naturally, during late December, I did not consider it odd that I had not heard, as it was likely the Court had not ruled over the holidays (and it is not uncommon for a court to take several weeks to issue an order).

Nonetheless, I responsibly wrote to the Court on Tuesday, January 2, 2024, asking for an update as to the status of Mr. Odle's motion to withdraw, in an abundance of caution.

I received no response.

On Friday, January 5, 2024, I followed up with chambers again.

On Monday, January 8, 2024, chambers only replied with a cryptic response, indicating that I should contact the "pro se unit" for an update on the case or contact with Mr. Odle (even though the Court is aware Mr. Odle had disappeared from the case and refused to communicate, for weeks now).

On Tuesday, January 9, 2024, I contacted the pro-se unit but was unable to speak to someone.

On Wednesday, January 10, 2024, I responded to chambers, explaining that Mr. Odle had refused to communicate with me in two months, as it was aware. I specifically requested a copy of any order entered by the Court on Mr. Odle's motion.

I received no response.

The following day, Thursday, January 11, 2024, I received an email from Mr. Odle's assistant, which contained a copy of an **affidavit to the Court, by Mr. Odle**. It appeared to be an affidavit that the Court had requested of Mr. Odle, as a result of my January 2nd outreach. If one reads it carefully, in that affidavit **Mr. Odle essentially admits that he did *not* follow the Court's December 19th instructions, which were to "mail" the Order to the me**. He claims instead that he *emailed* it to me. But I never received any such email – indeed, I had previous problems receiving at least one other email from Mr. Odle's email

account, and had asked that his *assistant*, instead, send me anything important, which they had adhered to. I am not accusing Mr. Odle of misrepresentation but it is possible there was a typo in the email he sent it to, or it went to my Spam folder. An order this important should have been physically mailed, as ordered, and/or he should have *confirmed receipt*, via text message or voicemail.)

**I am able to provide an affidavit or sworn declaration to the Court that I did not receive any email containing the December 19, 2023 Order from Mr. Odle or his staff.** If Mr. Odle has any read-receipt notifications on his email, it should be easy for him to confirm that his email was never received.

It was only once I received the filed-affidavit from Mr. Odle's assistant, on January 11, 2024, and read through it, that it became clear his motion-to-withdraw had been granted the prior month. I then asked an attorney I know, with access to PACER, to pull the document from me, which he graciously did.

Thus, on Monday, **January 15, 2024, is when I first was made aware of, and able to read, the December 19th Order.** (Again, it is unclear to me why the Court did not serve the Order on me or send me a courtesy copy, given that the Court has my email address; has previously sent me various notifications; has received submissions from me, via email, in 2023.)

On January 15, 2023, I carefully read over the Court's December 19th Order and **was surprised to read the portion in which the Court notes that, because Mr. Odle did not request any third party depositions in his November 14 letter, now I would not be permitted any such depositions.** The Order reads:

> Mr. Odle entered his appearance on behalf of Ms. Delgado on October 27, 2023, and immediately requested an extension of time to complete discovery. (ECF Nos. 161, 162.) The Court partially granted that request, extending the discovery deadline to December 29, 2023. (ECF No. 164.)[1]  [[1]The Court advised that to the extent Plaintiff required more time to take third party depositions, the Court would need to understand by November 14, 2023 what third party depositions would be taken, when they would be taken, and why those depositions were relevant and proportional to the needs of the case in accordance with the Federal Rules. That information was not provided by November 14, and thus no further extension was granted.] This deadline was extended to February 15, 2024, for the sole purpose of deposing Defendant Reince Priebus and for production of information, if any, based on a ruling on Defendants' anticipated motion to compel discovery. (ECF No. 173.)

I immediately went back to Mr. Odle's November 14th letter to the Court which, in line with Mr. Odle's malpractice, had *not* been provided to me for review/approval *prior* to its being sent to Your Honor. (Mr. Odle provided it to me on *November 16*, 2023, instead, days *after* it had been submitted.)

9

It is true that Mr. Odle does not appear to request the third-party depositions in said letter,[3] as required by Your Honor's November 2, 2023 Order. (This is shocking, given the November 8, 2023 email from me to Mr. Odle, clearly listing the third-party-depositions needed and the justification for each, in line with the list of names submitted to the Court in May.) This appears to be clear malpractice by Mr. Odle and may explain now why he indescribably chose to withdraw; why he refused to provide any accounting or status-update as to the case upon departure; and why he disappeared, a month before he was even permitted to withdraw. **However, he *does* mention the depositions of Eric Trump and Brad Parscale are being coordinated and are not opposed by Mr. Blumetti.** As such, the Court should permit depositions of those two individuals.

On January 17, 2024, I sent the following email to Mr. Odle and his assistant:

> I read the attached affidavit. It says I was sent a copy of an order granting a motion to withdraw on Dec 19th.
>
> No, **I received no order, granting the motion, from you in December**. Since Bill refuses to communicate with me or anyone in the firm (all my emails have gone ignored), I was not at liberty to inquire as to the status of any ruling on the order and naturally concluded it was in abeyance through the holidays…. Emails sent to me with attachments often go to SPAM. I had warned Bill of this and asked that he not send me anything important via email.
>
> Bill has my phone number and can call and text. Wouldn't an order of that importance require confirmation of receipt?

As usual, I received no response.

---

[3] The November 14, 2023 letter reads, in part:

> *Non-Party Depositions.* In addition to the above, I'm continuing to contact counsel for potential third-party witnesses Brad Parscale and Eric Trump, who have previously indicated their clients may be agreeable to appearing voluntarily or for the purpose of preserving testimony, whose testimony will be admissible under Fed. R. Civ. P. 32 (a) as witnesses who reside outside of trial subpoena range, which may ordinarily be taken outside the discovery deadline. Mr. Blumetti and I also discussed possible other third-party depositions, but as Mr. Blumetti correctly points out, he has no control over whether to produce anyone other than his clients. Moreover, the parties have conducted little or no discovery into issues relating to Plaintiff's breach of contract claim and defendants' claims that no contract was ever formed, which may necessitate the depositions of various participants in the failed mediation (i.e., Michael Kosowitz, Andrew Celli and possibly others), which we intend to take up and attempt to resolve as they arise in ordinary course.

I then did all that was asked of me in the Order:

On Wednesday, January 17, 2024, I responsibly contacted the pro-se clinic regarding the procedure for registered.

On Thursday, January 18, 2024 I was able to speak to someone and receive instructions on how to submit the registration and to which email address. I promptly submitted my registration.

RECENT INFORMATION AUGMENTS NEED FOR THIRD-PARTY DEPOSITIONS: Third-party depositions are more necessary than ever, given that, in December, I recently received highly credible information that indicates Mr. Spicer, one of the defendants, may have lied under oath about a key matter. This individual is willing and able to testify in a brief deposition.

REQUEST: I respectfully ask that the Court, given that it permitted Mr. Odle to easily exit the case after creating and leaving an absolute mess (without even requiring that he first provide an accounting of the case status prior to being permitted to exit), at least not hold me responsible for Mr. Odle's malpractice. Such would prevent me from continuing my case, for which I have patiently waited *years*, on a technicality. I ask that the original deadline which Mr. Odle had requested (discovery open until March 1, 2024) be permitted now, especially as it is now needed more than ever (by a *pro-se* litigant) and, moreover, the Court had indicated in its November 2nd Order that it was considering granting said deadline when Mr. Odle was the one who needed it. I also ask that the Court add on an additional seven weeks to this deadline, to account for the time during which I had my hands tied from doing anything in the case or moving the case forward: This would be the time from which Mr. Odle said he was withdrawing and disappeared/stopped working on the case (November 28, 2023) to the time when I learned the withdrawal had been granted (January 12, 2024). (It is seven weeks between November 28, 2023 and January 12, 2024.) Thus, I respectfully request an extension until **April 19, 2024**. Such is only fair and inequitable, given that Mr. Odle was permitted to leave the case in disarray and was not even required to give me an accounting of the case's status.

Again, if the Court was considering, and likely to grant, Mr. Odle's request for discovery-until-March, what would be the rationale for *not* permitting it when such is required even more so by a *pro-se plaintiff*, who not only needs to brush up on the case but must learn the methods of discovery and taking of depositions?

11

The Court has repeatedly stated I can try this case myself, simply because I have a law license. I cannot. (The nation all witnessed this past month, watching Donald Trump's attorney, Alina Habba, how important it is for a *trial* attorney with actual, extensive trial *experience*... to try a case. A law license matters little.) Not only do I not have the expertise, or the knowledge -- I do not have the time. If the Court is to truly expect me to undertake said effort, as it clearly did by allowing counsel's withdrawal, it should at least afford me the bare minimum of time to take the necessary depositions and engage in the necessary discovery.

Regarding the list of third parties, I request to be allowed to submit the request that Mr. Odle was supposed to be submit on November 14th, within one week, including the information required in the November 2nd Order (time each depositions will take, etc.) and I can do so promptly.

No prejudice to the Defendants: There is no prejudice to the Defendants in permitting discovery to be open until April:

1) The Defendants are not surprised here in any way, nor would these be 'last-minute' requests, because the third-parties-to-be-deposed were *already* listed in letter to the Court and Defendants in May 2023;

2) The Defendants were aware that the Court was considering an extension of discovery until March and did not present any real objection; and

3) **I do not dispute that my having to change counsel, through no fault of my own** (such is common in contingency-fee cases where attorneys are quick to withdraw), **may have caused delays in the case this past year, in total delaying the case my several months. However, the Defendants delayed this case for *two years* with frivolous motion practice**, claiming the Trump Campaign NDA prevented me from filing this suit in court. (They would ultimately lose that endeavor, but not before wasting two years of time on dilatory efforts, so much so that Hon. Judge Torres wisely cautioned them against making frivolous arguments, twice, and at one point hinted at Rule 11 sanctions against Mr. Blumetti and his firm.) Indeed, last summer, Mr. Blumetti, in a sworn declaration in another case, finally acknowledged, on behalf of the Campaign, that it would never again try to enforce the NDA, after each and every court battle demolished the NDA as unenforceable.[4] This was not before, however, ruining a few lives and, in this particular case, also using it to create an unnecessary two-year delay.

---

[4] *See* declaration of Jared Blumetti, Esq., counsel for Trump Campaign, in 20-cv-04737 (PGG)

It is concerning why the Court had no concern for delays when Mr. Blumetti's firm frivolously caused a two-year delay in this case (all of 2020 and 2021) but has seemingly little mercy for a *pro-se* litigant which has, even with the extension requested herein, not come anywhere close to causing a two-year delay.

<u>The 30(b)(6)</u>: The Court's position appears to be inconsistent, which I hope is an oversight. On the one hand, the Court states that, because Mr. Odle (negligently) failed to request third-party depositions by November 14, 2023, none will be permitted. However, Mr. Odle did, at least (!), abide by the November 2nd Order's directives *pertaining to the 30(b)(6)* request: In that November 14th letter, Mr. Odle *did* advise the Court as to the 30(b)(6) matter and, moreover, it was something on which the Defendants had reluctantly agreed, as he noted:

> As directed by the Court, Plaintiff today served a Rule 30(b)(6) notice and the parties are presently discussing arrangements for production of appropriate responsive witness[es], which, depending on availability and need to resolve any objections, should be accomplished by or before by December 31, 2023.

This was indeed done and I **have a copy of the 30(b)(6) notice that Mr. Odle filed on November 14th**. Per Mr. Odle, Mr. Blumetti would be responding soon with the identity of the 30(b)(6) witness…. *yet Mr. Blumetti never did.* This is Mr. Blumetti's refusal to abide in good faith, not Plaintiff's.

Moreover, per the November 2nd Order, the deadline for the 30(b)(6) deposition was end of December but:

- given that Mr. Odle sought to withdraw and completely stopped working on this case on November 28th, and
- given that the Court did not grant the withdrawal until December 19 (just before the holidays, when everything goes into a standstill and no deponent is available)…

**the Court allowed Mr. Odle to 'eat up' all of the remaining discovery time. Yet, in the order permitting his withdrawal, the Court did then at least allot for the time that it had permitted him to eat up (though, to be fair, nothing could be done on that end until Mr. Blumetti identified the 30(b)(6) witness, which Mr. Blumetti failed to do.)**

As a result, a recent email from Mr. Blumetti bragged that there will now be no 30(b)(6) deposition. ("The December 18[sic], 2023 Order also reflects that you are not entitled to any further discovery beyond Mr. Priebus' deposition, including

13

any deposition of a 30(b)(6) witness." – email from Mr. Blumetti to Plaintiff, January 22, 2024)

**Plaintiff therefore requests that the Defendants be ordered to name the 30(b)(6) witness (given that Plaintiff's counsel complied with the requirements and served the notice on time) and that said deposition take place within the next 45 days.**

Regarding Plaintiff's document request: Mr. Odle's November 14, 2023 letter also mentions a document-request by Defendants and explains (that Plaintiff's counsel had agreed to *first provide a copy of my deposition* (since the document request makes mention to specific pages of my June 2023 deposition). I recall this, as well. However, same as the 30(b)6) witness they said-they-would-identify-but-never-did, Mr. Blumetti failed to provide a copy of my deposition, even though Mr. Odle and I were awaiting it to then be able to address their document request.

Regarding Reince Priebus's deposition: Per the Court's current orders in place, Mr. Priebus's deposition is to take place by February 15th. I proactively reached out to Mr. Blumetti to coordinate such (on Monday morning, January 22, 2024), and provided three dates from which they may choose, writing, "Regarding Priebus's deposition, please therefore choose from the following dates: February 7, 8, or 12." (email from Plaintiff to Mr. Blumetti, Monday, January 22, 2024) But **Mr. Blumetti did not respond at all. That was one week ago today**. This is the reality of the Defendants' bad-faith conduct and why a female, *pro-se* litigant is unable to represent herself. I believe it is only fair that I have 10 calendar days' notice (which is standard) as to the date-certain of the deposition, including to secure the court reporter and videographer (many agencies do not work with *pro-se* clients and shopping around for one takes a while, once one has the deposition notice and date). At this point, I therefore request that the deposition be ordered to take place on February 12th or any day February 21-29th.

CONCLUSION: Plaintiff respectfully requests:

a) that she be permitted to submit the letter seeking-leave-for-third-party-depositions, requested in the November 2nd Order which her attorney failed to do, within one week;
b) that said third-party depositions granted be permitted to take place sometime before April 19, 2024, to grant the Plaintiff the time she lost during which her-counsel-was-still-in-the-case-but-had-ceased-working-or-communicating-with-her, as well as to allot for the extension her

14

    counsel had requested on October 30, 2023, which the Court was considering and inclined to grant;

c) that Reince Priebus's deposition (which Mr. Blumetti has refused to coordinate) be scheduled for February 12, 2023 or a day between February 21-29, 2024;

d) that the Court honor the Plaintiff's right to the 30(b)(6), as Mr. Odle *did* file notice of such and abide by the Court directive on such but Mr. Blumetti refused to identify the 30(b)(6) witness, and that Mr. Blumetti be required to identify the 30(b)(6) witness within one week, and that said deposition take place within the next 45 days; and

e) that Mr. Blumetti be ordered to supply the Plaintiff's deposition to the Plaintiff, which is so heavily referenced in his document-production-request, which he had already agreed to produce, so that Plaintiff may then answer his document production request.

                                                                      Respectfully submitted,

                                                                        *s/Arlene Delgado*
                                                                          Arlene Delgado
                                                                        Plaintiff, *Pro-Se*