```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 2/5/2024
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X

ARLENE DELGADO,

                                        Plaintiff,

                    -against-

DONALD J. TRUMP FOR PRESIDENT, INC.,
TRUMP FOR AMERICA, INC., SEAN SPICER,
individually, REINCE PRIEBUS, individually,
STEPHEN BANNON, individually,

                                        Defendants.
-------------------------------------------------------------X

19-CV-11764 (AT) (KHP)

<u>OPINION AND ORDER
ON MOTION TO RECUSE</u>

**KATHARINE H. PARKER, UNITED STATES MAGISTRATE JUDGE:**

Plaintiff Arlene Delgado brings this action against Defendants Trump for America, Inc.

(the "Campaign"), Sean Spicer, Reince Priebus, and Stephen Bannon.  Plaintiff, who worked for

the Campaign from in or about August to December 2016, contends that after informing the

Campaign of her pregnancy, she was discriminated and retaliated against due to pregnancy.

She also alleges common law claim claims for, inter alia, breach of contract and tortious

interference with her anticipated employment at the White House.

Before the Court is Plaintiff's motion for me to recuse myself from this case pursuant to

28 U.S.C. § 455.  (ECF No. 184.)  Plaintiff alleges that the undersigned is biased against her

because I represented defendants in employment matters prior to becoming a judge in 2016

and her perception that the Court has been too strict with discovery deadlines and allowed

three prior attorneys to withdraw from representing her.  She also makes other factually

incorrect accusations about what transpired in a confidential settlement conference proceeding

to suggest bias.  For the reasons stated below, the motion is DENIED.

**LEGAL STANDARD**

A judge should recuse herself when the judge harbors a "personal bias or prejudice" concerning a party or "in any proceeding in which [her] impartiality might reasonably be questioned." 28 U.S.C. § 455(a-b). A recusal decision rests within the sound discretion of the judge whose recusal is sought. *See United States v. Lovaglia,* 954 F.2d 811, 815 (2d Cir. 1992) (citation omitted).

There is a strong presumption that a judge is impartial, and the movant bears the "substantial" burden of overcoming that presumption. *Metro. Opera Ass'n, Inc. v. Loc. 100, Hotel Emps. & Rest. Emps. Int'l Union*, 332 F. Supp. 2d 667, 670 (S.D.N.Y. 2004) (citation omitted). Significantly, "[t]he alleged bias and prejudice to be disqualifying must stem from an *extrajudicial source* and result in an opinion on the merits on some basis other than what the judge learned from his participation in the case." *United States v. Grinnell Corp.,* 384 U.S. 563, 583 (1966) (emphasis added); *see also Apple v. Jewish Hospital and Medical Ctr*, 829 F.2d 326, 333 (2d Cir.1987) (noting that the analysis "looks to extrajudicial conduct as the basis for making such a determination, not conduct which arises in a judicial context"). Recusal is only warranted if "an objective, disinterested observer fully informed of the underlying facts, [would] entertain significant doubt that justice would be done absent recusal." *United States v. Carlton*, 534 F.3d 97, 100 (2d Cir. 2008) (citation omitted).

A judge has "an affirmative duty" not to unnecessarily disqualify herself, *Nat'l Auto Brokers Corp. v. Gen. Motors Corp.*, 572 F.2d 953, 958 (2d Cir. 1978), and indeed, "the public interest mandates that judges not be intimidated out of an abundance of caution into granting disqualification motions," *Da Silva Moore v. Publicis Groupe*, 868 F. Supp. 2d 137, 148-51

(S.D.N.Y. 2012), objections overruled sub nom. *Moore v. Publicis Groupe SA & MSL Grp.*, 2012

WL 12528637 (S.D.N.Y. Nov. 8, 2012).

The opinions of judges formed "on the basis of facts introduced or events occurring in

the course of the current proceedings, or of prior proceedings, do not constitute a basis for a

bias or partiality motion unless they display a deep-seated favoritism or antagonism that would

make fair judgment impossible."  *Liteky v. United States*, 510 U.S. 540, 555 (1994).

## DISCUSSION

To start, there is no allegation or evidence of bias stemming from an extrajudicial source

—and the court affirmatively disclaims the existence of any such bias or prejudice.  Next,

Plaintiff's assertion that the undersigned's impartiality can be called into question by virtue of

my former work as an employment lawyer, primarily representing defendants, is specious.  If

this assertion were true, the undersigned would be required to recuse in every employment-

related case before it.  And, taken to its logical conclusion, all judges would be required to

recuse in cases involving their general areas of practice prior to becoming a judge.  This is not

the law and is not a valid reason to call into question the court's impartiality.  *See, e.g., Nasca*

*v. County of Suffolk*, 2010 WL 3713186 (E.D.N.Y. Sept. 13, 2010) (denying motion to recuse;

prior employment not indicative of bias); *Zlotnick v. Hubbard*, 572 F.Supp.2d 258 (N.D.N.Y.

2008) (same).[1]

---

[1]  Reliance on a handful of anonymous comments on the internet about the undersigned's alleged biases, which the undersigned strongly rejects, and which themselves represent less than a fraction of a percent of the total cases managed and adjudicated by the undersigned, does not strengthen Plaintiff's accusation or bolster the motion. Such comments do not concern this case and are irrelevant to this motion, as the decision whether a judge's impartiality can reasonably be questioned is made based on facts, and is not based on anonymous, uninformed reports or opinions. *See Cheney v. U.S. Dist. Court for Dist. Of Columbia*, 541 U.S. 913, 924 (2004) (Scalia, J.) (denying recusal motion and explaining that "a blast of largely inaccurate and uninformed opinion cannot determine the recusal question").

I turn next to Plaintiff's suggestion that this Court's rulings regarding discovery deadlines show bias.  This contention is unfounded, as the following summary of the procedural history of the case demonstrates.  This case has been pending since December 2019 and was referred to the undersigned for pretrial management in May 2022.  The court set deadlines of January 31, 2023 for the close of fact discovery and March 31, 2023 for the close of expert discovery, allowing ample time for exchange of documents and depositions.  (ECF No. 103.)  At an October 20, 2022, case management conference, the Derek Smith Law Group, Plaintiff's first counsel in this matter, represented that the parties were on track to meet discovery deadlines. On January 30, 2023—the day before fact discovery was set to close—Plaintiff's first counsel moved to withdraw as counsel, citing an irreparable breakdown in the attorney-client relationship.  (ECF No. 124.)  Following an *ex parte* hearing with Plaintiff and counsel and after review of *ex parte* submissions, I granted the motion and stayed the case until May 31, 2023 to permit Plaintiff the opportunity to find new counsel.[2]  (ECF No. 140.)  Because Plaintiff represented that she did not think she would be able to find new counsel, I directed Plaintiff to provide her mailing address to the Court and to communicate with the Pro Se Intake Unit so that she could receive Court orders while she was without a lawyer.  (ECF No. 141.)  Plaintiff did not comply with this Order.

On May 23, 2023, John M. Phillips, Esq. made an appearance as counsel for Plaintiff. (ECF No. 147).  Plaintiff requested, and the Court granted, an extension of the discovery

---

[2]  Plaintiff's assertion that her first attorney withdrew as a result of the undersigned's alleged statements at a confidential settlement conference is inconsistent with her counsel's *ex parte* declaration, made under penalty of perjury and served on Plaintiff, which specified the reasons for the withdrawal and which the Court will not repeat here.

deadlines until August 15, 2023.  (ECF No. 151.)  Then, on August 9, 2023, less than a week

before the discovery deadline, Mr. Phillips (Plaintiff's second attorney in this matter) moved to

withdraw from representing Plaintiff citing an irreparable breakdown in the attorney-client

relationship.  (ECF No. 153.)  Plaintiff did not oppose this motion.  Following an *ex parte* hearing

with Plaintiff and counsel and after reviewing *ex parte* submissions, I granted the motion to

withdraw.  To accommodate Plaintiff, who was now proceeding pro se, I further extended the

fact discovery deadline to November 14, 2023.  (ECF No. 157.)  I again directed Plaintiff to

provide her mailing address to the Court and to coordinate with the Pro Se Intake Unit to

remain abreast of filings in her case until she was able to find new counsel, but Plaintiff again

did not comply with this directive.  (*Id.*)

On October 27, 2023, John Odle, Esq. entered his appearance on behalf of Plaintiff and

requested an extension of time through March 2024 to complete discovery.  Due to significant

extensions previously provided, the Court stated it would consider an additional extension to

allow for additional third-party discovery to the extent Plaintiff could demonstrate good cause

and that such discovery was relevant and proportional to the needs of the case.  Plaintiff's

counsel did not file a submission concerning such discovery, so the Court granted a limited

extension of time to December 29, 2023 to complete two previously contemplated party

depositions.  (ECF Nos. 161, 162, 164.)

On December 1, 2023, Mr. Odle (Plaintiff's third attorney in this matter) moved to

withdraw as counsel asserting an irreparable breakdown in the attorney-client relationship and

significant disagreement regarding case strategy.[3]  (ECF No. 168.)  Following an *ex parte* hearing

with Plaintiff and counsel and after reviewing *ex parte* submissions, I granted the motion to

withdraw.  (ECF No. 174.)  Additionally, I again extended the deadline for completion of

discovery to February 15, 2024.  (ECF No. 173.)

On January 21, 2024, Plaintiff filed a notice of pro se appearance and provided her

contact information to the Court.  (ECF No. 179.)  I then scheduled a Case Management

Conference to occur on January 30, 2024.  (ECF No. 180.)  On January 29, 2024, Plaintiff filed a

letter requesting the "re-opening of the window" for nonparty depositions.  (ECF No. 183.)  At

the Case Management Conference the following day, I granted that request and extended the

deadline for discovery through April 15, 2024 to allow Plaintiff to complete previously

contemplated but uncompleted party depositions and limited nonparty depositions.  Notably,

Defendants have objected to various extensions of the deadlines, which this Court overruled in

favor of giving Plaintiff additional time.

As the procedural history demonstrates, this Court has been exceedingly generous in

extending deadlines in Plaintiff's favor over objections of the Defendants.  These extensions

have added to over an additional year for Plaintiff to complete discovery.  And, while the Court

has not granted every request made by Plaintiff, the Court's decisions regarding scheduling are

not evidence of bias against her, and certainly not a basis for recusal, which requires that

rulings or remarks "display a deep-seated favoritism or antagonism that would make fair

---

[3]  Plaintiff's objection to the Court's inquiries about another suit she recently filed in state court against the Trump Campaign and Jason Miller in connection with her third attorney's motion to withdraw are without merit.  A basic understanding of the allegations in that action was relevant to the motion to withdraw.  Further, it is not unusual for a Court to be apprised of another action involving the parties in another forum, notwithstanding Plaintiff's contention that this is not "standard".

judgment impossible." *Liteky*, 510 U.S. at 555. This is particularly so when none of the undersigned's decisions are merits decisions and when the undersigned has no role in determining the merits of this case, as I have been referred only for general pretrial management.

Plaintiff also complains that "no neutral or unbiased judge" would find that Plaintiff as a single mother could represent herself pro se. Plaintiff has had three different law firms representing her in this case, but in each instance, an irreparable breakdown in the attorney-client relationship occurred and the standard for withdrawal was met. Civil litigants ordinarily are not entitled to counsel, and many individuals proceed pro se. Indeed, the idea of citizen lawyers and the right to proceed pro se in court goes back to our Nation's founding. *Iannoccone v. Law*, 142 F.3d 553, 557-58 (2d Cir. 1998).

Plaintiff is a graduate of the Harvard Law School – consistently one of the top-ranking law schools in the world. She practiced as an attorney after law school, albeit, not as a litigator. Nevertheless, her education enables her to litigate this case in a way most pro se litigants cannot. Indeed, many courts within this Circuit have recognized that pro se litigants who are attorneys have special skills that allow them to better prosecute a case pro se. *See, e.g.*, *Fenner v. City of New York*, 2009 WL 5066810, at *3 (E.D.N.Y. Dec. 21, 2009), *aff'd*, 392 F. App'x 892 (2d Cir. 2010); *Tracy v. Freshwater*, 623 F.3d 90, 102 (2d Cir. 2010); *Nwoye v. Obama*, 2023 WL 4631712 (S.D.N.Y. July 20, 2023). Many lawyers representing clients in court are single parents. Many pro se litigants who are not lawyers are single parents. While the Court is sympathetic to Plaintiff's individual circumstances, nothing the Court has said or done in connection with

granting three different attorneys' motions to withdraw from representing Plaintiff evidences bias against Plaintiff or is a basis for recusal.

Plaintiff also contends that the undersigned inappropriately admonished her for failing to attend a settlement conference in person as ordered by the Court and makes allegations about what this Court said/did during the confidential settlement conference. To say Plaintiff is spinning the facts about what occurred would be generous. In any event, a Court is within its right to sanction a party for violating a court order. Fed. R. Civ. P. 16(f). When the Court scheduled the settlement conference, it stated in a written order that parties needed to appear in person. (ECF No. 113.) The individual defendants also were required to attend in person. On January 10, 2023, the day before the long-scheduled settlement conference, and after the deadline for such requests in the undersigned's Individual Rules of Practice, Plaintiff's counsel filed a letter stating that Plaintiff would not be able to attend the long-scheduled settlement conference in person due to child-care responsibility and requested permission for Plaintiff to attend virtually. (ECF No. 114.) Insofar as this was a fait accompli and defendants had already traveled to attend the conference in person, I granted Plaintiff's request so the day would not be a waste. (ECF No. 115.) In sum, nothing about the settlement conference process requires recusal.

Plaintiff's other ad hominem statements such as mischaracterizing the undersigned as "irate" or "gleeful[]" also do not warrant recusal. Insults and false accusations are not the proper way to achieve wins in litigation. Rather, Plaintiff is advised to complete discovery within the deadlines set by the Court and prepare to present the merits of her case to the

District Judge, who will be the individual deciding any motion for summary judgment and presiding over trial.

## CONCLUSION

For the reasons set forth above, Plaintiff's motion for recusal is DENIED.  The Clerk of the Court is respectfully directed to terminate the motion at ECF No. 184.

**SO ORDERED.**

Dated: New York, New York
        February 5, 2024

_Katharine H. Parker_____

KATHARINE H. PARKER
United States Magistrate Judge