```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 3/1/2024
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
ARLENE DELGADO,

                                  Plaintiff,

       -against-

DONALD J. TRUMP FOR PRESIDENT, INC.,
TRUMP FOR AMERICA, INC., SEAN SPICER,
individually, REINCE PRIEBUS, individually,
STEPHEN BANNON, individually,

                                 Defendants.
-----------------------------------------------------------------X

19-CV-11764 (AT) (KHP)

**DISCOVERY ORDER AND SCHEDULING ORDER**

**KATHARINE H. PARKER, UNITED STATES MAGISTRATE JUDGE:**

      Plaintiff brings this action against Defendants Trump for America, Inc. (the "Campaign"), Sean Spicer, Reince Priebus, and Stephen Bannon. Plaintiff worked for the Campaign in 2016 and alleges that she was discriminated and retaliated against due to pregnancy. She also alleges common law claim claims for, inter alia, breach of contract and tortious interference with her anticipated employment at the White House.

      On August 16, 2022, I entered a Scheduling Order pursuant to Rule 16 of the Federal Rules of Civil Procedure ("Rule 16 Scheduling Order"), which set January 31, 2023 as the deadline for fact discovery. (ECF No. 103.) I thereafter granted numerous discovery extensions at Plaintiff's request. Most recently, on January 31, 2024, I extended the discovery deadline through April 15, 2024. However, in light of the numerous extensions already granted, I directed that depositions would be limited to previously contemplated party depositions as well as the depositions of nonparties Eric Trump and Brad Parscale. I directed that to the extent Plaintiff sought additional third-party discovery, she was to seek leave of Court and show that

such discovery is relevant and proportional to the needs of the case and can be accomplished by the April 15, 2024 deadline.

On February 27, 2024, Plaintiff submitted a letter listing sixteen non-party witnesses whom she wishes to depose and requesting another extension of time to allow completion of the depositions. (ECF No. 202.) At a Case Management Conference on February 28, 2024, Defendants objected to the letter and argued that the majority of requested depositions seek cumulative or irrelevant information.

Having reviewed Plaintiff's letter and heard from the parties at the Conference, I orally granted Plaintiff permission to subpoena and depose certain additional non-parties, and otherwise denied the request. **Specifically, as discussed at the Case Management Conference, Plaintiff is permitted to subpoena and depose the following individuals:**

- **Lucia Castellano**, who was identified as the head of Human Resources for the Campaign, and is thus likely to have information relevant to employment decisions by the Campaign.

- **Michael Glassner**, who was identified as counsel for the Campaign during a mediation between the Campaign and Plaintiff to which the breach of contract claim pertains, and is likely to have information relevant to the breach of contract claim.

- **Jared Kushner**, who was identified as having a role in the decision not to hire Plaintiff for a position at the White House, and thus is likely to have information relevant to the discrimination claim.

- **Donald McGahn**, who was identified as an individual involved in the security clearance process for White House personnel during the relevant period, and is likely to have information relevant to Defendants' defense that Plaintiff would not have qualified for a position at the White House due to security clearance issues.

In the event Defendants state a renewed intention to call Kellyanne Conway as a trial witness, Plaintiff may seek leave to depose Ms. Conway in advance of trial. **Plaintiff's request for additional third-party discovery is otherwise DENIED.**

2

The decision denying Plaintiff's request for additional discovery is grounded in the Federal Rules of Civil Procedure and applicable case law.  To start, Rule 26(b) provides that discovery "must be relevant to any party's claim or defense and proportional to the needs of the case."  Fed. R. Civ. P. 26(b).  Rule 26(c) "confers broad powers on the courts to regulate or prevent discovery."  Notes of Advisory Committee on Rules – 1970 Amendment.  A court "must limit discovery to the extent that it would be 'unreasonably cumulative or duplicative, or would involve an undue burden."  *Amtrust N. Am., Inc. v. Preferred Contractors Ins. Co. Risk Retention Grp., LLC*, 2016 WL 6208288, at *3 (S.D.N.Y. Oct. 18, 2016) (citing Fed. R. Civ. P. 26(b)(2)(C)).  Here, the additional discovery sought by Plaintiff is not proportional to the needs of this case because it is cumulative of information she has received through document discovery and party depositions, as well as information she will receive through the limited third-party discovery this Court has allowed.

Additionally, Rule 16(b) provides that a scheduling order "may be modified only for good cause and with the judge's consent."  Fed. R. Civ. P. 16(b)(4).  "The requirement of good cause reflects the crucial role such orders play in allowing a district court to effectively control and manage its docket."  *Hnot v. Willis Grp. Holdings Ltd.*, 2006 WL 2381869, at *3 (S.D.N.Y. Aug. 17, 2006).  "At a minimum, good cause requires a showing by the moving party of an objectively sufficient reason for extending a deadline such that the deadlines cannot reasonably be met despite the diligence of the party needing the extension."  *Michael Grecco Photography, Inc. v. Everett Collection, Inc.*, 2008 WL 4580024, at *2-3 (S.D.N.Y. Oct. 14, 2008), *as corrected* (Oct. 15, 2008).

As discussed above, I entered a Rule 16 Scheduling Order in August 2022 setting discovery deadlines, and I thereafter granted numerous extensions, several times warning that no further extensions would be granted.  Plaintiff has not shown good cause for failing to have taken the requested depositions by the Court-set deadlines.  Although Plaintiff blames her prior counsel, a client generally assumes the risk of her attorney's actions and is bound by the consequences of her attorney's negligence or even fraudulent conduct.  *Bruce Lee Enterprises, LLC v. A.V.E.L.A., Inc.*, 2013 WL 364210, at *2 (S.D.N.Y. Jan. 30, 2013) (citations omitted); *Lastra v. Weil, Gotshal & Manges LLP*, 2005 WL 551996, at *4 (S.D.N.Y. Mar. 8, 2005).  "[T]he mistake or inadvertence of counsel will not support a finding of good cause." *Everett Collection, Inc.*, 2008 WL 4580024, at *3.

Plaintiff also argues that Defendants caused a delay in this case from 2019 until 2022, prior to my issuing the Rule 16 Scheduling Order.  However, any delays in this case prior to the Rule 16 Scheduling Order being entered do not impact my obligation to manage discovery or the parties' obligation to abide by the Court's scheduling orders.  Plaintiff's argument that this Court should allow additional, non-relevant and/or non-proportional, late discovery because Defendants caused pre-discovery delays is without merit.

At the February 28, 2024 Case Management Conference, the Court also discussed possible outstanding document discovery.  As discussed at that Conference, to the extent either party has a good faith reason to believe the opposing party is in possession of responsive documents that were not produced, that party must identify those documents and engage in a meet and confer process with the opposing party**.  Any letter motion to compel discovery must be filed by <u>March 20, 2024</u>, with any response due by <u>March 27, 2024</u>**.

Finally, as discussed at the Conference, a telephonic Case Management Conference is scheduled for **March 26, 2024 at 4:30 p.m**.  The dial-in information is noted below.

**CONCLUSION**

For the reasons set forth above and as stated on the record at the February 28, 2024 Case Management Conference, Plaintiff's request for additional third party discovery is granted in part and denied in part, to the extent summarized in this Order.

A telephonic Case Management Conference is scheduled for March 26, 2024 at 4:30 p.m.  At the scheduled time, the parties shall dial 646-453-4442, code 806 645 592#.

Any motions to compel are due by March 20, 2024 with opposition briefs due by March 27, 2024.

        SO ORDERED.

DATED:    New York, New York  
             March 1, 2024

_____  
KATHARINE H. PARKER  
United States Magistrate Judge