March 8, 2024

Hon. Magistrate Parker
United State District Court, S.D.N.Y.
500 Pearl Street
Courtroom 17D
New York, NY 10007

RE: *Delgado v. Donald J. Trump for President, et. al.*, 19-cv-11764 (AT) (KHP) – **request for leave to file motion for contempt and/or motion to compel regarding third-party deponent, Bradley Parscale**

VIA: electronic submission through *pro-se* intake unit

Your Honor,

I am the *pro-se* Plaintiff in the above-mentioned matter, referred to herein as the "**Plaintiff**" or in first person. Pursuant to Your Honor's rules, parties are to file letter-motions prior to a formal motion regarding discovery matters. (It is unclear to Plaintiff whether Your Honor applies that to discovery disputes concerning third parties but, in an abundance of caution, Plaintiff proceeds as if it does.)

Third-party deponent Bradley Parscale ("Mr. Parscale") willfully failed to appear for his deposition yesterday, March 7th, as did his counsel, Mr. Stanley Woodward. Attached is the **Certificate of Non-Appearance** from the court reporter.

I thus seek leave of court to file a motion for contempt and/or a motion to compel.

Below is a brief summary:

- As Your Honor is aware, I have moved swiftly to usher the case along, submitting to the Clerk of Courts the subpoena for Mr. Parscale, within days of Your Honor approving the deposition at our January 28th conference.
- On January 30, 2024, I emailed Mr. Woodward, asking if he would accept service via email on his client's behalf. Thus, **Mr. Woodward and Mr. Parscale have been on notice, and could have started preparing, since January 30th**. Mr. Woodward said he was not authorized, "at this time," to accept service.
- On February 6, the Court of Clerks issued the subpoena for Mr. Parscale's March 7th deposition.
- As soon as I received the issued subpoena from the Clerk via mail, I immediately moved to serve it, spending hundreds of dollars on such.

1

- On February 20th, after unsuccessful attempts to find Mr. Parscale at his residence in FL, the process server attempted service at Mr. Parscale's Midland, TX home. Mr. Parscale's wife claimed he was out of the country.

- The morning of February 21st, I contacted Mr. Woodward, writing, "Please advise by 1 pm today if you will accept service on behalf of your client, given his alleged travel out of the country for a week, prior to my seeking an extension from the Court this afternoon." Mr. Woodward did not respond and I was then forced to file an extension with the Court.

- Six hours after the extension request reflected on the docket (February 23rd), Mr. Woodward appeared, now changing course and stating, "We'll accept service, thanks."

- The following day, February 24th, I emailed Mr. Woodward the subpoena. I also asked him to advise if the date did not work for his client (e.g., an important medical appointment, etc.). Mr. Woodward did not respond or inform that there was any problem with the date.

- Out of an abundance of professional and personal courtesy, a few days later, on February 28th, I followed up *again*, asking the same. Again, no response.

- On Friday, March 1st, a mere four business days prior to the deposition, Mr. Woodward appeared, claiming he is typically entitled to 30 days' notice (incorrect[1]) and demanding to reschedule the deposition for the very last leg of discovery (April) because he wants a minimum of 30 days to "prepare" his client. This, **even though Mr. Woodward and Mr. Parscale have been on notice of this deposition** *since I contacted Mr. Woodward on January 30th* (and, actually, on notice since August 2023, given Mr. Woodward's outreach to my prior counsel about the deposition to be taken of Mr. Parscale. They have been aware of this deposition **for seven months**... yet were claiming, four business days prior to the deposition, that they need even *more* time).

- Nonetheless, I cooperatively replied to Mr. Woodward, and expressed my position, as well as my concern that the 'rescheduling for *April*' was an attempt

---

[1] Mr. Woodward's own email admits 30 days is only what is 'typically' provided if time provides. There is nothing in the Federal Rules as to a minimum number of days' notice. There is is ample caselaw that notice is to be that which is "**reasonable under the circumstances**." Given the tight discovery deadline in this case, Mr. Woodward receiving a subpoena on February 24th, or a deposition 12 days later (March 7th), is sufficient notice, particularly given that he and his client have been on notice of an upcoming deposition for over two months (since January 30th).

2

to 'run out the clock' and that, come April, they would claim, just as discovery is closing, that either Mr. Woodward or Mr. Parscale is unavailable. (Moreover, Mr. Parscale's deposition was due to be first, for a strategic reason. This would make his deposition last. I have a right to schedule depositions in the order needed.) I asked what assurance Mr. Woodward could provide that such is not the case. Absent such, I stated, the deposition for which his client was properly subpoenaed remains set for March 7th and will be going forward. I suggested Mr. Woodward seek relief from the Court on Monday if he disagreed.

- Unable to provide any assurance, Mr. Woodward did not respond, **nor did he file for relief with the Court** on Monday.

- On Tuesday, March 5th, I sent Mr. Woodward the court reporter's ZOOM link for Thursday's deposition. This time, Mr. Woodward responded, stating they would not be appearing. I responded, explaining that the subpoena was properly served and the deposition was going forward on Thursday. Mr. Woodward did not respond, nor did he seek relief from the Court on Tuesday, Wednesday, or even Thursday morning.

- On Thursday, March 7th, Defendants' counsel and I appeared for the deposition. Mr. Woodward and his client did not. This letter follows.

I also ask that the Court be mindful that there is indication that the Trump orbit has intimidated or influenced Mr. Parscale into evasion of this deposition (the deposition is not hostile to Mr. Parscale, and he and I are longtime friends. The evasion is thus illogical, outside of pressure placed on Mr. Parscale). I respectfully request that Your Honor advise as to the Court's preference on how to proceed: whether Your Honor would like to summon Mr. Woodward (who I believe is an admitted officer of the Southern District of New York) to appear, prior to any formal motion practice, or if I am free to submit a motion to compel and/or motion for contempt.

 I thank you Your Honor for your time and consideration.

Respectfully submitted,

*s/Arlene Delgado*
Arlene Delgado, Plaintiff, *Pro-Se*

```
 1              UNITED STATES DISTRICT COURT
                          for the
 2                Southern District of New York

 3
                Civil Action No:  19-cv-11764(AT)(KHP)
 4

 5     ARLENE DELGADO,

 6              Plaintiff,

 7     vs.

 8     DONALD J. TRUMP for President, et al.,

 9              Defendant.
       _____/
10
                 CERTIFICATE OF NON-APPEARANCE OF
11                    BRADLEY J. PARSCALE

12
       STATE OF FLORIDA)
13     COUNTY OF MIAMI-DADE )

14          I, Debora J. Patsis, a Notary Public in and
       for the State of Florida at Large, do hereby
15     certify that, pursuant to a Notice of Taking
       Deposition in the above-entitled cause, I appeared
16     via Zoom, Meeting ID 867 6384 3931, Passcode
       691220, on Thursday, March 7th, 2024, at 10:00
17     a.m.; that I was attended by Arlene Delgado, Esq.,
       and Jared E. Blumetti, Esq., and waited for the
18     witness to arrive until 10:30 a.m.

19          In witness whereof, I have hereunto
       set my hand and affixed my official seal of office
20     in the City of Miami, County of Miami-Dade, State
       of Florida, this 7th day of March, 2024.
21

22     _____
       DEBORA J. PATSIS, STENOGRAPHIC REPORTER
23     Commission Expires:  August 22, 2027

24

25
```