March 11, 2024

Hon. Magistrate Parker
United State District Court, S.D.N.Y.
500 Pearl Street, Courtroom 17D
New York, NY 10007

RE: *Delgado v. Donald J. Trump for President, et. al.*, 19-cv-11764 (AT) (KHP) – **request for reconsideration of Kellyanne Conway deposition**

VIA: electronic submission through *pro-se* intake unit

Your Honor,

I am the *pro-se* Plaintiff in the above-mentioned matter. Pursuant to Your Honor's rules, parties are to file letter-motions prior to a formal motion regarding discovery. Thus, I file this letter prior to a *Motion for Review of Magistrate Judge's Ruling*, and humbly request that Your Honor hold a brief call to consider argument. With utmost respect to the Court, I ask that the Court reconsider its position on the deposition of Kellyanne Conway ("Conway"), for the following reasons:

*First*, F.R.C.P. Rule 30(a)(2)(A) permits a party **to take up to 10 depositions, without leave of court**. Plaintiff is only at nine.[1] While Rule 26(b)(2) permits the Court to reduce the number of depositions, that is if the Court determines that:

> "(i) the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive; (ii) the party seeking discovery has had ample opportunity to obtain the information by discovery in the action; or (iii) the proposed discovery is outside the scope permitted by Rule 26(b)(1)."

None of that is found herein, *e.g.*, there is no one who can answer the questions Conway can answer (including steps taken once my pregnancy was made known) or authenticate what she wrote.

*Second*, in a case with: <u>four</u> defendants; <u>three</u> other individuals listed on Defendants' Rule 26 disclosures as possessing "relevant information"; and a set of facts involving multiple players, taking 10 depositions is on the conservative side, as only three slots remain for any other depositions. (Further justifying the full 10 depositions, the depositions being taken are not full-day depositions but rather very short ones).

---

[1] Defendants Priebus and Spicer; the 30b6; Eric Trump; Brad Parscale; Lucia Castellano; Don McGahn; Jared Kushner; and Michael Glassner

1

*Third*, Plaintiff had already reached out to Conway, on February 17th (i.e., prior to our February 28th conference[2]), to begin the process of coordinating her deposition and selecting a date (as Plaintiff was under the impression that the deposition would be green-lit, particularly given the Rule 26 disclosures, and given the time discovery timeframe, thought it prudent to begin to coordinate). To her credit, Conway was ***receptive and willing*** (a testament to her professionalism) and even provided the best email address to discuss. Subsequently, however, Conway wrote that she was told that Your Honor, in your March 1st written order, ruled that Plaintiff 'cannot' take her deposition (which is not exactly the case).

*Fourth*, Conway's relevance is clear (and here the Plaintiff details more information for the Court to consider, than listed in the original request):

- The Campaign is a defendant. Conway was the Campaign Manager the entire time of Plaintiff's tenure and the two worked closely together.
- Conway was one of two individuals whom Plaintiff informed of her pregnancy (the other being Mr. Bannon) and, as to the subsequent steps or discussion, only she (and Bannon) knows.
- Conway sent Plaintiff correspondence, *about the White House job issue.*
- Plaintiff was not a junior or mid-level staffer, who is now simply looking to depose a famous individual. Plaintiff was a Senior Advisor. Plaintiff and Conway worked together and traveled together with Mr. Trump on his plane, in a small circle.  Conway was familiar with, and *praised,* Plaintiff's work, in writing, on numerous occasions, *e.g.*, in Conway's 2022 book (this is key, as it is contrary to Mr. Spicer's criticism of Plaintiff, during his deposition). Conway even paused during election night to praise Plaintiff.[3]

*Fifth*, Your Honor stated that Lucia Castellano, the HR Director for the Campaign, would be able to answer many of the questions that would be posed to Conway. With utmost respect, this is incorrect: Castellano handled basic Human Resources duties,

---

[2] the conference wherein, in part, the Court addressed the third-party depositions

[3]

Kellyanne Conway @KellyannePolls

@AJDelgado13 you are a WARRIOR. Sing it sister. Be proud. We love you. 🇺🇸🇺🇸🇺🇸

> A.J. Delgado @AJDelgado13 · Nov 9, 2016
> That moment it does hit you and you cry uncontrollably in the middle of 54th st and call your mom. 🇺🇸🇺🇸🇺🇸

12:41 AM · Nov 9, 2016

109    758    1.8K

as is her job. She was not at all involved in determining and recommending White House roles or overseeing the substance of Plaintiff's work.

*Sixth*, Plaintiff must take Conway's deposition because there are messages/emails from Conway that must be authenticated (and Conway's attendance at trial cannot be assured, as she is outside the subpoena power of this Court.)

*Seventh*, this is not a hostile deposition. Conway and Plaintiff have always had a friendly rapport. There is, *e.g.*, no 'protect a deponent from undue annoyance' at play here, which would ostensibly provide grounds for a court to intervene.

*Eighth*, the Defendants listed Conway as someone with relevant information in their Rule 26 disclosures. **When a plaintiff says a third party possesses relevant information, and the defendant <u>also</u> says the third party possesses relevant information,** the deposition should be granted.

*Ninth*, during the February 28, 2024 conference, Your Honor asked if, given the Rule 26 disclosures, Defendants intended to utilize Conway as a trial witness. Defendants could have easily said 'no.' Although a 'no' would not automatically be grounds to deny Plaintiff the deposition (since, clearly, Plaintiff might have her *own* reasons to depose Conway and her own relevance grounds), it would have somewhat reduced the grounds. But even when prompted by the Court for the opportunity to state Conway would not be a witness for trial, Defendant's counsel refused to commit. Thus, the Court's position became: 'If Defendants do decide to call Conway at trial, Plaintiff can then take the deposition shortly before trial.' Respectfully, this is unfair to Plaintiff and not in line with her discovery rights. First, no litigant should have to take an 11th hour deposition of a trial witness (when the litigant sought that deposition during discovery) *and* once discovery has already closed (e.g., Conway's answers might lead to questions posed to *other* deponents, or documents that need to be requested). That completely belies the point of discovery.

*Tenth*, Plaintiff reminds the Court that it did not select Mr. Trump (who had promised Plaintiff the White House job on at least three occasions) or Mr. Bannon (a defendant) for deposition, along with others. Respectfully, to deny the deposition of Conway is to deny yet another critical deposition.

I thank you Your Honor for your time and consideration.

Respectfully and humbly submitted,

*s/Arlene Delgado*
Arlene Delgado
Plaintiff, *Pro-Se*