**SCHULMAN BHATTACHARYA**    6116 Executive Boulevard, Suite 425, North Bethesda, Maryland 20852  240.356.8551

**JEFFREY S. GAVENMAN**
**direct dial** 240.356.8553   **email** jgavenman@schulmanbh.com

March 12, 2024

**VIA ECF**

Magistrate Judge Hon. Katharine H. Parker
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, NY 10007-1312
Courtroom 17D

Re:   *Delgado v. Donald J. Trump for President, Inc., et. al., 19-cv-11764 (AT) (KHP); Deposition of Brad Parscale*

Your Honor,

This firm, together with Stanley Woodward of Brand Woodward Law,[1] represent non-party Brad Parscale in the above-captioned action. As Plaintiff Arlene Delgado noted in ECF No. 209, Plaintiff seeks to depose Mr. Parscale. I am writing to inform the Court that, as Mr. Woodward has informed Plaintiff on several occasions, Mr. Parscale will indeed appear for a deposition. Plaintiff also neglected to inform the Court that she unilaterally selected a deposition date that did not work for Mr. Woodward or Mr. Parscale and then, after previously representing that she would consider multiple dates for Mr. Parscale's deposition, refused to discuss alternative dates. The details of those conversations are provided below.

On January 30, 2024, Mr. Woodward informed Plaintiff that he was not authorized to accept service of a subpoena on behalf of our client. Plaintiff, in follow-up correspondence, noted that she would be amenable to considering multiple deposition dates in March. However, given that Mr. Woodward was not authorized at that time to accept service on behalf of our client, Mr. Woodward did not discuss potential dates with Plaintiff.

On February 23, 2024, in response to a further request from Plaintiff, Mr. Woodward accepted informal electronic mail service on behalf of Mr. Parscale. To be clear, Mr. Parscale did not authorize Mr. Woodward to accept service of this subpoena on his behalf prior to February 23, 2024.

On February 24, 2024, Plaintiff served Mr. Woodward with a subpoena commanding Mr. Parscale to appear for a deposition on March 7, 2024, a mere twelve (12) days after the date of service. Mr. Woodward repeatedly advised Plaintiff that neither he nor Mr. Parscale were available for deposition that day, and that Mr. Woodward would not allow Plaintiff to unilaterally set the deposition date for Mr. Parscale, particularly when he agreed to accept service on the understanding that Plaintiff would work cooperatively to schedule the deposition at a mutually

---

[1] Mr. Woodward's motion to appear *pro hac vice* will be forthcoming shortly.

convenient time. Rather than discuss other dates for Mr. Parscale's deposition, Plaintiff broadly accused Mr. Woodward and Mr. Parscale of seeking to undermine her and informed Mr. Woodward she would elevate this matter to the Court if Mr. Woodward and Mr. Parscale did not appear for the March 7, 2024 deposition. Given that neither Mr. Woodward nor Mr. Parscale could be in multiple places at once, they failed to appear for the March 7, 2024 deposition. Furthermore, Mr. Woodward could not have represented Mr. Parscale at such deposition, as he is not yet admitted *pro hac vice* in this case, and I was not retained to represent Mr. Parscale until after March 7.

While we understand that Plaintiff is proceeding pro se, parties are generally required to meet and confer prior to bringing a discovery dispute to the Court, with a goal of resolving the issues without unnecessary Court intervention. *See e.g. Harris v. Jacobs Marsh, LLC*, No. 12CV356A, 2012 WL 4800981, at *4-5 (W.D.N.Y. Oct. 9, 2012) (denying FRCP 37(d) relief where Defendant (moving party) failed to confer with Plaintiff after Plaintiff failed to appear for deposition and ordering parties to confer to resolve discovery disputes). Mr. Woodward made numerous offers to confer with Plaintiff about alternate deposition dates. However, prior to filing ECF No. 209, Plaintiff made no efforts to confer beyond asserting, without legal support, that Mr. Parscale must operate on Plaintiff's schedule. Mr. Woodward has repeatedly informed Plaintiff that Mr. Parscale will appear for a deposition at a date and time which is practicable for his and Mr. Woodward's schedules, and that our client has no intent to take any side with or against Plaintiff in this lawsuit.

Notably, the Parties still have more than a month to find a mutually agreeable date for Mr. Parscale's deposition. See ECF No. 200 ("Any deposition of Mr. Parscale must occur by April 15, 2024."). Earlier today, Mr. Woodward once again asked Plaintiff to consider another day for this deposition. This time, Plaintiff stated that she was "not in front of [her] calendar," but "can respond tomorrow afternoon." We remain hopeful that this matter can be resolved without Court intervention; to that end, we propose to update the Court regarding whether the Parties have resolved this issue no later than March 19, 2024.

We thank the Court for its attention to this matter.

Respectfully,

/s/ Jeffrey S. Gavenman
Jeffrey S. Gavenman

Cc:     Counsel of Record