## LaRocca, Hornik, Greenberg, Kittredge, Carlin & McPartland LLP

COUNSELORS AT LAW

40 Wall Street
32nd Floor
New York, NY 10005
212.530.4823
212.530.4815 fax

LHRGB.COM

Private Lender Group
Professional Arts Center
475 County Rd 520
Suite 200
Marlboro, NJ 07746
212.536.3529
732.625.2463 fax

Frank J. LaRocca ✦◊
Jonathan L. Hornik
Rose Greenberg ▲
David N. Kittredge
Amy D. Carlin ▲
Patrick McPartland ▲
Jared E. Blumetti
Nelson Diaz
Ryan Duffy
Christopher Ford ✦
John L. Garcia
Sanford Hausler ▲
Peter Kelegian ▲
Daniel Kraft ✦
Andrew Nastashkin ✦
Rick Pepsny ✦
Michael Samson ▲
Drew Tanner ✦
Jessica Thual ▲
Lauren Weissman-Falk
Shangshui Yun ▲

▲ New York Bar Only
✦ New Jersey Bar Only
◊ Certified Matrimonial Law Attorney

DIRECT DIAL: 212.530.4831
EMAIL: JBLUMETTI@LHRGB.COM

March 20, 2024

**VIA ECF**
Honorable Katharine H. Parker
United States District Court
Southern District of New York
500 Pearl Street, Courtroom 17D
New York, New York 10007

   Re: Arlene Delgado v. Donald J. Trump for President, Inc., et al.
      Civil Action No. 19-cv-11764 (AT) (KHP)

Dear Judge Parker:

  We represent Donald J. Trump for President, Inc. (the "Campaign"), Sean Spicer, and Reince Priebus in the above-captioned action and are writing, in accordance with the Court's March 1, 2024 Order, to compel plaintiff to produce (i) the affidavit that plaintiff has obtained from a non-party witness named Stephanie Grisham, and (ii) an authorization enabling defendants to obtain plaintiff's subsequent employment records from the Department of Veterans Affairs, with whom plaintiff is no longer employed.

  Pursuant to Rule 37(a)(1) of the Federal Rules of Civil Procedure, Local Civil Rule 37.2, and Section II(C) of Your Honor's rules, the undersigned certifies that he made a good faith effort to obtain this discovery before seeking judicial intervention. Specifically, the undersigned requested that plaintiff voluntarily produce this discovery during a telephonic meet and confer on March 14, 2024, and then reiterated this request by email on March 19, 2024. Notwithstanding these good faith efforts, however, plaintiff has failed to provide this discovery to date.

## A Brief Background

  At the February 28, 2024 conference before Your Honor, plaintiff revealed for the first time that she obtained a fact affidavit from non-party witness Stephanie Grisham, which plaintiff asserted undermines certain aspects of Sean Spicer's deposition testimony in this case. As set forth below, Ms. Grisham's affidavit is directly responsive to defendants' prior document demands

and is otherwise discoverable under the liberal federal discovery rules, especially given plaintiff's own representations. Despite due demand, however, she has not produced this affidavit.

Moreover, plaintiff testified at her deposition that she was employed by the Department of Veterans Affairs in Miami for approximately 3 months between November 2022 and February 2023 before she purportedly resigned. Defendants have requested a narrowly-tailored authorization seeking discoverable information from this subsequent employer, including plaintiff's compensation and the reasons for the termination of her employment (both of which relate directly to mitigation of damages). Plaintiff has refused to provide this authorization.[1]

## The Motion to Compel

### A. Defendants' Document Demands Addressing Ms. Grisham's Affidavit

**Document Demand 92:** All written or recorded statements made by any third persons concerning the allegations contained in the Amended Complaint.

**Document Demand 107:** All documents not responsive to any of the foregoing requests which plaintiff intends to introduce into evidence at trial.

On February 28, 2024, plaintiff stated that she obtained a fact affidavit from Ms. Grisham which she presumably intends to use in this action, including to collaterally attack Mr. Spicer's deposition testimony. Ms. Grisham's affidavit is responsive to defendants' foregoing document demands as well as the recent demands for the affidavit that were made by defendants during the March 14th meet and confer and their subsequent March 19th email (which demands were made shortly after defendants were made aware of the existence of the affidavit). *See e.g. Miller v. Elexco Land Servs.*, 2011 U.S. Dist. LEXIS 109469, * 50 (N.D.N.Y. September 27, 2011) ("to the extent the Transcribed Interview is akin to an affidavit, it is discoverable").

### B. Defendants' Authorization Demand Addressing Plaintiff's Subsequent Employment

**Authorization Demand 1:** Duly executed authorization(s) to obtain plaintiff's employment or independent contractor records from any employers with whom plaintiff has been employed or retained since January 2017, including, (i) Forms W-2, Forms K-1, Forms 1099, or other similar tax forms or payroll records demonstrating her compensation; (ii) documents sufficient to identify any medical, dental or other benefits received by plaintiff from the employer; (iii) all written agreements or similar documents setting forth the terms or conditions of her employment or retention, including, without limitation, any agreements or documents setting forth her compensation or benefits; and (iv) all documents demonstrating any reason(s) for the termination of her employment, in the event she is no longer employed with a particular employer. **A prepared template authorization is enclosed.**

Information pertaining to plaintiff's compensation with the Department of Veterans Affairs and the reasons underlying the termination of her employment with this employer bear directly on plaintiff's extraordinary multi-million-dollar lost wages claim and her related duty to mitigate her

---

[1] Defendants' document demands and authorization demands are collectively enclosed as *Exhibit A*.

damages. Accordingly, this information is plainly discoverable. *See e.g. Walsh v. Scarsdale Union Free Sch. Dist.*, 2019 U.S. Dist. LEXIS 216786, * 10 (S.D.N.Y. December 12, 2019) ("[a]n employee alleging unlawful discrimination has a duty to mitigate his or her damages by using reasonable diligence in finding other suitable employment") (*citation omitted*); *Palm Bay Int'l, Inc. v. Marchesi Di Barolo S.P.A.*, 2009 U.S. Dist. LEXIS 104020, * 14 (E.D.N.Y. November 9, 2009) (directing plaintiff to produce documents regarding its efforts to mitigate its damages reasoning that "[p]laintiff's mitigation efforts are within the sphere of relevance at the discovery stage"); *Ghonda v. Time Warner Cable, Inc.*, 2017 U.S. Dist. LEXIS 11769 (E.D.N.Y. January 27, 2017) (denying motion to quash subpoena that was served on plaintiff's former employer).

For these reasons, defendants respectfully request that the Court compel plaintiff to produce (i) Ms. Grisham's affidavit, and (ii) the authorization for plaintiff's employment records with the Department of Veterans Affairs.

Respectfully submitted,

/s/ *Jared E. Blumetti*

Patrick McPartland
Jared E. Blumetti

Enclosures:

cc:   All parties of record (*via ECF*)