```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED:_4/3/2024____
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X

ARLENE DELGADO,

                                    Plaintiff,

                    -against-

DONALD J. TRUMP FOR PRESIDENT, INC.,
TRUMP FOR AMERICA, INC., SEAN SPICER,
individually, REINCE PRIEBUS, individually,
STEPHEN BANNON, individually,

                                    Defendants.
------------------------------------------------------------X

19-CV-11764 (AT) (KHP)

**DISCOVERY ORDER**

**KATHARINE H. PARKER, UNITED STATES MAGISTRATE JUDGE:**

This Order addresses several discovery issues that have recently arisen in this case.

1. **Defendant's Motion to Compel Discovery (ECF No. 216)**

    a. **Non-Party Affidavits**

Defendants seek an order compelling Plaintiff to produce an affidavit Plaintiff obtained from Stephanie Grisham relating to this case.  In response, Plaintiff asserts that she intends to produce the affidavit along with other affidavits she obtained in connection with this case. Plaintiff requests that the Court enter an Order directing Defendants not to share the affidavits with third parties.  A Protective Order already exists in this case pursuant to which the parties may designate certain documents as "Confidential," and the parties agree not to share Confidential documents with third parties.  (See ECF No. 108.)  **Accordingly, Plaintiff shall produce the affidavits in accordance with the Protective Order no later than <u>April 15, 2024</u>. For the sake of convenience, counsel for Defendants shall send Plaintiff a copy of the Protective Order by email.**

###### b. **Documents Regarding Subsequent Employment**

Defendants seek an order compelling Plaintiff to provide executed authorizations to obtain Plaintiff's employment records from the Department of Veterans Affairs (the "VA"). Defendants assert that this information is relevant to Plaintiff's lost wages claim and her duty to mitigate damages.  Plaintiff responds that her employment with the VA began in November 2022 and concluded in February 2023, and is not relevant to this case because it occurred 6 years after the events at issue and thus is outside any window for damages.  Nevertheless, Plaintiff agreed to provide her W-2 form from this position as well as her start and end dates and her reason for resigning.

**The Court finds that Plaintiff's W-2 form(s) from her employment with the VA, as well as her termination letter(s) and/or reason(s) for leaving the VA are relevant and discoverable, and should be produced by <u>April 15, 2024</u>.**  Given that Plaintiff has agreed to produce this information, there is no need to compel Plaintiff to execute any authorization forms.

##### 2. **Plaintiff's Motion to Compel Discovery (ECF No. 217)**

###### a. **Purported Missing Documents**

Plaintiff asserts that she has reason to believe Defendants Reince Priebus, Sean Spicer, and the Trump for America Campaign (the "Campaign"), have improperly withheld documents.

As for the Campaign, Plaintiff identified specific documents that she believes were withheld.  Defendants assert that they are working with their e-discovery vendor to determine if such documents exist on the Campaign's server.  **By <u>April 10, 2024</u>, Defendants shall provide the Court with an update regarding the search of the Campaign's servers.**

As for Priebus and Spicer, Defendants counter that Priebus and Spicer both searched for and produced all the documents they had in their possession regarding this case; that Plaintiff fails to identify specific documents that were withheld; and that her assertion that additional documents exist is speculative.  **By** <u>**April 10, 2024**</u>**, Counsel for Defendants shall file an affidavit stating how Priebus and Spicer searched for and produced documents, including what search terms were used, how the documents were reviewed, and whether documents hitting on the search terms were withheld as irrelevant.  From there, the Court will determine whether there is any basis to direct Defendants to search for/produce additional documents**.

   b.   <u>Priebus' and Spicer's Personnel Files</u>

Plaintiff seeks the Court to compel Defendants to produce personnel records of Priebus and Spicer from their employment with the Republican National Committee ("RNC") during the time period of December 2012–2018 to the extent such records involve "complaints/ concerns/statements made against/about Defendants Priebus and Spicer, including, e.g., those related to potential discrimination."  Plaintiff asserts that Defendants' RNC personnel records are relevant because they will reveal whether other employees or colleagues made similar allegations as those in this suit, *i.e.*, claims of pregnancy discrimination, sex and gender discrimination, hostile work environment, and retaliation.  Defendants argue that Plaintiff failed to ask Priebus or Spicer at their depositions whether any such complaints were made against them, and thus has no basis to believe that such complaints were made against Priebus and/or Spicer.

As an initial matter, the Court finds that Plaintiff's document request as phrased is overbroad, but that Plaintiff may inquire specifically into whether similar complaints of

pregnancy discrimination, sex and gender discrimination, and/or hostile work environment were made against Defendants.  The bigger issue here is that Plaintiff appears to seek personnel records not from any Defendant in this case, but from non-party the RNC.  It is unclear to the Court whether Plaintiff has sought these records directly from the RNC, but the instant motion is denied on the basis that it is directed toward the wrong party.

It is possible that this discovery dispute may be resolved through a contention interrogatory.  Accordingly, **Plaintiff may serve Defendants Priebus and Spicer with a contention interrogatory asking whether they are aware of any pregnancy and/or sex discrimination and/or hostile work environment-related complaints made against them from their employment with the Republican National Committee (the "RNC") during the period December 2012-2018.**  The parties are further directed to meet and confer on this topic in an effort to amenably resolve the discovery dispute and shall report the status of this dispute to the Court at the upcoming case management conference.

### c.   <u>Illegible Documents</u>

Plaintiff seeks an order compelling Defendants to re-produce the pages bates-stamped DEF 0692-0693 because those pages are illegible.  Defendants represented that they have now reproduced those pages, and thus **this request is moot**.

### d.   <u>Attorney Declaration</u>

Plaintiff requests the Court to compel Defendants' counsel to provide a declaration regarding the non-party witnesses with whom counsel has communicated about this case.  However, this request seeks protected work product.  *See In re Veeco Inst. Inc. Secs. Litig.*, 2007 WL 274800, at *1 (S.D.N.Y. Jan. 29, 2007).  Defense counsel is permitted to correspond with

4

non-parties and is not required to divulge said communications to Plaintiff. **Accordingly, this request is denied.**

3. <u>**Plaintiff's Requested Extension of Time for Non-Party Depositions (ECF No. 218)**</u>

Plaintiff filed a letter at ECF No. 218 advising the Court that, despite timely requesting deposition subpoenas from the Clerk's office for four non-parties whom the Court previously permitted Plaintiff to depose, Plaintiff did not timely receive the processed subpoenas in the mail and thus was unable to serve the subpoenas on the non-parties. Plaintiff requested an extension of time until **May 7, 2024** to take the four depositions. At the March 26, 2024 Case Management Conference, Defendants represented that they did not object to the extension request provided it only applied to the non-party depositions.

**As discussed at the March 26 Conference, the deadline for Plaintiff to depose non-parties Castellano, Glassner, Kushner, and McGahn is extended to <u>Tuesday, May 7, 2024</u>. Plaintiff shall promptly re-file her subpoena requests with revised dates and shall advise the Court by <u>Wednesday, April 10, 2024</u> if she has not received the signed subpoenas from the Clerk's office**.

4. <u>**Additional Non-Party Witness Depositions**</u>

At the March 26, 2024 Case Management Conference, Plaintiff renewed her request for permission to depose Kellyanne Conway and Steve Bannon, and raised a new argument that these depositions were necessary to allow Plaintiff to authenticate relevant documents. In light of Plaintiff's arguments at the Conference and as discussed at the conference, **Plaintiff is permitted to subpoena Ms. Conway and Mr. Bannon for depositions that are focused on**

authenticating relevant documents.  Those deposition must occur on or before **Tuesday, May**

**7, 2024.**

Plaintiff is advised that she has now been permitted to take 10 depositions in total,

which is the presumptive limit under the Federal Rules.  Rule 30(a)(2)(A)(i).

## CONCLUSION

Defendants' letter motion at ECF No. 216 is partially granted and partially denied as set

forth above.  Plaintiff's letter motion at ECF No. 217 is partially granted and partially denied as

set forth above.  The deadline for discovery is extended to May 7, 2024 for the sole purpose of

completing the depositions of Castellano, Glassner, Kushner, McGahn, Conway, and Bannon.

**The Clerk of the Court is respectfully directed to terminate the motions at ECF No. 216 and**

**217 and to promptly mail a copy of this Order to the pro se Plaintiff.**

**SO ORDERED.**

DATED:      New York, New York
            April 3, 2024                              _Katharine H. Parker_____

                                                       KATHARINE H. PARKER
                                                       United States Magistrate Judge