April 10, 2024

Hon. Magistrate Parker
United State District Court, S.D.N.Y.
500 Pearl Street, Courtroom 17D
New York, NY 10007
<u>RE</u>: ***Motion to Compel / Responses to Fox Corp's Objections***
<u>VIA</u>: electronic submission through *Pro-Se* Intake Unit

Your Honor,

I am the *pro-se* Plaintiff in the above-mentioned matter. I write to respond to the Objections filed by Fox Corp/Fox News (hereinafter, "**FOX**"), regarding the subpoena-for-documents served on same. Plaintiff's position on each Objection is as follows[1] and FOX should be compelled to comply.

*Pursuant to Rule 45 of the Federal Rules of Civil Procedure and all other relevant provisions thereof, Non-Party Fox Corporation, identified by Plaintiff as "Fox Corp" ("Fox Corp") hereby objects to the Plaintiff Arlene J. Delgado's ("Plaintiff") Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (the "Subpoena") as follows:*

*1. Fox Corp objects to the Subpoena, dated March 28, 2024, served on April 8, 2024, and returnable on April 10, 2024, on the grounds that on its face Plaintiff did not provide Fox Corp with adequate time to comply with the Subpoena.*

The two-day turn-around time is a product of the delay between the issued subpoena, signed by the Clerk, arriving to the Plaintiff to thereupon be served. FOX's counsel is and was free, however, to contact Plaintiff regarding an agreed-upon amendment to the due-date, which could have been resolved in minutes. To file this Objection without first contacting Plaintiff about the due date (again, an amendment to which Plaintiff would easily agree) is improper.

*2. Fox Corp further objects to the Subpoena on the grounds that the Order of this Court, entered on January 1, 2024 (ECF Doc. No. 187), expressly stated that, "[h]aving missed prior deadlines, Plaintiff must seek leave of Court for additional third- party discovery and demonstrate any such proposed discovery is relevant and proportional to the needs of the case and can be accomplished by April 15,*

---

[1] FOX filed a set of objections for Fox Corp and for Fox News LLC, both of which have the same wording.

*2024." Plaintiff did not obtain the Court's leave to take third party discovery from Fox Corp as required by the January 1, 2024 Order. Accordingly, the Subpoena is late, unauthorized, and is a nullity.*

This is a complete misreading of the docket and precisely what happens when an attorney browses a docket and purports to understand said docket based on a mere reading of orders on their face.
First, as this Court is aware, this Court's Order on January 1, 2024 was referring to the third-party *depositions*, not to document-subpoenas.
Second, making it clear yet again that the "third party discovery permission" only applied to depositions, during the recent March 26, 2024 Case Management Conference, this Court even briefly acknowledged the document-subpoenas that the Plaintiff had filed into the docket two days earlier (March 24th).
Third, notice that the Defendants did not object to the third-party document-subpoenas because, of course, such are indeed permitted.
Fourth, document-subpoenas are expected whenever depositions' discovery is ongoing and/or extended, as depositions naturally often lead to the need to issue a document subpoena.
Thus, this Objection is meritless.

*3. Fox Corp further objects to the Subpoena on the grounds that by an additional Order entered on March 1, 2024 (ECF Doc. No. 204), the Court expressly limited Plaintiff's right to take third-party discovery and identified and limited the potential recipients of such discovery requests, and neither Sean Hannity, Thomas Bowman, Fox News, nor Fox Corp was listed as a permissible recipient. The Court's March 1, 2024 Order further stated, "Plaintiff's request for additional third-party discovery is otherwise denied." Accordingly, the Subpoena is unauthorized and is a nullity.*

Same response as above. That order applied to *depositions*, not simple document-subpoenas. This Objection is meritless.

*4. Fox Corp further objects to the Subpoena on the ground that in the Court's subsequent April 3, 2024 Order (ECF Doc. No. 231), the Court addressed certain additional discovery issues and allowed Plaintiff to depose two other specifically identified non-parties, which did not include Fox News or Fox Corp, but otherwise did not amend the March 1, 2024 Order regarding non-party discovery. Accordingly, the Subpoena remains unauthorized and is a nullity.*

Same response as above. That order applied to *depositions*, not simple document-subpoenas. There was no need for the Court to amend any order. This Objection is meritless.

*5. Fox Corp further objects to the request for documents listed in Attachment A to the Subpoena (the "Request") on the ground that the Request imposes an undue burden or expense on Fox Corp in responding to the Subpoena, in contravention of Federal Rule of Civil Procedure 45(d)(1), including without limitation to the extent that it requires Fox Corp to search for and produce electronically stored information, including email and texts messages, from sources that are not reasonably accessible because of undue burden or cost as set forth in Federal Rule of Civil Procedure 45(e)(1)(D) and otherwise. To the extent the Court orders Fox Corp to produce responsive documents, Fox Corp expressly reserves any and all rights to pursue cost-shifting, attorneys' fees, and/or other judicial relief in connection with its efforts to respond to the Subpoena.*

While "undue burden" continues to be a popular boilerplate objection, carried over from earlier years of law practice, these days said objection rarely succeeds in relation to document-subpoenas, particularly of corporate entities: e.g., It is not credible to claim that running a keyword search on FOX's servers, which takes mere minutes to accomplish, constitutes an "undue burden", as would be more believable in the days of paper documents. This Objection is meritless.

*6. Fox Corp objects to the Request to the extent that it seeks information protected by the attorney-client privilege and/or any other evidentiary privilege available under applicable law.*

This is not a valid objection. To the extent that any document sought is protected by attorney-client privilege, the proper avenue is to produce a privilege log in accordance with S.D.N.Y rules.  This Objection is meritless.

*7. Fox Corp objects to the Request to the extent that it seeks information protected by the New York State Shield Law, N.Y. Civ. Rights Law § 79-h, or other such statutory or common law journalistic privilege.*

It is entirely illogical and incomprehensible why 'journalistic privilege objection' was invoked here. Though FOX, as a news company, is perhaps accustomed to invoking 'journalistic privilege' as a boilerplate objection (as FOX likely receives subpoenas pertaining to stories its *journalists* worked on or reported on), such does not apply here, at all: FOX never covered Plaintiff from a journalistic or reporting standpoint, nor does the subpoena pertain to any reporting about Plaintiff or on

anyone. Instead, Plaintiff was utilized as an on-air contributor many times [and a FOX executive explicitly, in one written email, told Plaintiff she would "have her own show soon" (November 2016 email)].

FOX seems to indicate that, simply because it happens to be a news company, it can 'throw in' a "journalistic privilege" into any subpoena, on any topic. Again, such is not remotely applicable here. The documentation sought pertains to Plaintiff's work with FOX, for FOX, potential hiring or not, potential retaliation by the Defendants and their allies, and more – *none* of which stemmed from FOX reporting on, or writing about, Plaintiff.  There is no 'journalism' angle here.

This Objection is meritless.

*8. Fox Corp objects to the time period identified in the Subpoena, i.e., December 22, 2016 — May 2018, on the grounds that it places a disproportionate burden upon Fox Corp.*

This is an electronic search, which takes minutes to execute on FOX's servers. Moreover, the time period (a little over a year) is appropriately narrow and tailored. This Objection is meritless.

*9. Fox Corp objects to the Request on the grounds that it is vague, ambiguous, over-broad, or does not specify the information sought with sufficient particularity. The Request purports to seek communications from the program staff of every Fox News and Fox Business show and from Mr. Bowman and every member of his staff.*

As is clear from the subpoena, the keywords are particular and clear. Because Plaintiff appeared on a variety of FOX shows, the request (that FOX run the searches across its database) is indeed narrowly tailored and reasonable. Fox News and Fox Business servers are not divided by "show" and it entails no difficulty to plug the search terms into its servers. On the contrary, specifying only certain shows' teams/staffers to be searched would be more time-consuming. This Objection is meritless.

*10. Fox Corp further states, without limitation of the foregoing objection, that the ESI search term list provided by Plaintiff is vastly overinclusive.*

As is clear from the list provided, the search terms are nowhere near "vastly overinclusive" but rather list, e.g., specific (uncommon) names and surnames. This

Objection is meritless. Nonetheless, Plaintiff is willing to confer to work with FOX's counsel to craft search terms.

*11. Fox Corp objects to the Request to the extent that it seeks information unrelated to the claims asserted in the above-captioned action, and/or on the ground that such information is irrelevant and is not reasonably calculated to lead to the discovery of admissible evidence.*

This is a baseless objection. It is not up to the third-party subpoenaed to decide what is relevant or what is necessary for Plaintiff to put on her case. Moreover, the Federal Rules of Procedure permit broad discovery. The amended Rule 26(b) does not even require any longer that the information sought be likely to lead to the discovery of "admissible evidence" -- it now takes an even more generous approach: "Parties may obtain discovery regarding any non-privileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." The information FOX possesses relates to damages, to retaliation by Defendants, and more. It would also almost certainly reveal admissible evidence.

This Objection is meritless.

*12. Fox Corp objects to the Request to the extent that it purports to require Fox Corp to supply documents or information in violation of any third party's rights to privacy, including without limitation as the result of duties of nondisclosure arising out of contracts with Fox Corp and/or applicable federal or state privacy laws.*

First, the objection does not specify whose right to privacy would be violated. Is it the Plaintiff's? The Plaintiff has no right to privacy in regards to documents/emails, etc., concerning her, within FOX's servers. Is FOX claiming its *employees'* have a right to privacy in their work emails? That, too, has never been recognized. Moreover, any such argument is plainly contradicted by the millions of emails FOX was forced to turnover in the *Dominion* lawsuit. This Objection is meritless.

*13. Fox Corp objects to the Request on the grounds that it seeks information that is in the possession, custody, or control of another entity or individual, or that is as easily obtained by Plaintiff and/or Defendants through other means of discovery that are more convenient, more efficient, more practical, and/or less burdensome.*

FOX is seemingly claiming that it is easier for Plaintiff to subpoena each and every FOX host and employee and that, moreover, FOX employees have their work

emails/documents history, etc., easily accessible… more so than the FOX servers. This is false and defies logic. This Objection is meritless.

*14. Fox Corp objects to the instruction to transmit requested documents by email inasmuch as that instruction requires the unsecure transmittal of data and the production of data, if any, should be accomplished by secure means agreed upon by the parties or ordered by the court.*

The Plaintiff is happy to work with FOX on a secure transmission method of its choice. Again, this could have been resolved with a simple email or phone call to Plaintiff.

-------------------------------------------------------------------------------------------

In sum, Plaintiff concedes that (a) FOX should have an additional number of days (Objection 1); (b) she is happy to work with FOX on search terms (Objection 10); and (c) that she is willing to work with FOX on a secure transmission method of its choosing (Objection 14). The remainder of the Objections, however, are meritless.

Plaintiff respectfully and humbly requests that Your Honor compel compliance with the lawfully issued subpoena.

Respectfully and humbly submitted,
*s/ Arlene Delgado*
Plaintiff, *pro-se*