April 11, 2024

Hon. Magistrate Parker
United State District Court, S.D.N.Y.
500 Pearl Street, Courtroom 17D
New York, NY 10007
<u>RE</u>: *Court's April 11, 2024 order*
<u>VIA</u>: electronic submission through *Pro-Se* Intake Unit

Your Honor,

I am the *pro-se* Plaintiff in the above-mentioned matter, hereinafter referred to in first person or as "Plaintiff."

Plaintiff writes regarding the Order entered yesterday afternoon (April 10), denying Mr. Parscale's request to postpone his deposition once again. While Plaintiff appreciates the Court's denial of the motion, Plaintiff writes regarding what Plaintiff respectfully believes to be an error, potentially violating her due process rights. Although the Court denied Mr. Parscale's request to move the deposition, it nevertheless accommodated the request significantly, at the expense of Plaintiff's rights as a litigant. Specifically, Mr. Parscale's deposition has **now been limited to 2.5 hours**. The Federal Rules provide for depositions to last up to seven hours. While Plaintiff certainly did not intend to use the full seven hours, to ***limit Plaintiff to a specific time frame of 2.5 hours, ordering her to conclude by 12:30 pm (less than half of what is permitted by the Rules) denies Plaintiff the right to discovery and ability to meaningfully probe the witness (who is relevant on a multitude of grounds/avenues in this case)***.[1] This is also particularly concerning, given that witnesses are often coached to give meandering and long-winded answers when there is a short time-limit in place, to 'run out the clock.'

Plaintiff does not believe an attorney would be limited in this manner. The Order reads:

> Plaintiff has represented that the deposition can be completed in under 3 hours, and the Court finds that it should be completed within 2.5 hours…. The deposition of Mr. Parscale is ordered to conclude no later than 12:30 p.m. on April 12 to allow Mr. Woodward sufficient time to attend the [2 pm EST] hearing before Judge Cannon, if he elects to participate in the deposition (as opposed to having his co-counsel, Mr. Gavenman, defend the deposition)…

Plaintiff does not recall ever representing to this Court that *Mr. Parscale's* deposition would be completed in three hours. Nonetheless, assuming Plaintiff has, Plaintiff should be entitled to the full three hours (which is already less than half of what the Rules provide) – i.e., at least the *option* to utilize the three hours. No litigant should be robbed of time with a key witness simply to accommodate an opposing counsel wrapping up in time to attend another matter.

---

[1] Nor is Plaintiff available at 9 am EST or 9:30 am EST to begin the deposition, as the earliest she returns from the school drop-off (child is in a special education program) is at 9:45 am. As it is, Plaintiff is normally rushing to set up her ZOOM and camera for a 10 am start-time.

1

Consider: Mr. Eric Trump's deposition lasted over three hours and Mr. Trump is not nearly as relevant a witness as Mr. Parscale. Mr. Parscale has knowledge about discrimination of Plaintiff; retaliation; Plaintiff's job search efforts; Plaintiff's performance on the Campaign; and more. He is by far the most 'varied' witness, in terms of topics. ***There are close to two dozen exhibits. The understandable anxiety and pressure of getting through all the questions and answers, and exhibits, all while watching the clock and ensuring it is all done within the length of the average feature film, is prevents Plaintiff from concentrating on the substance of the deposition.***

***Plaintiff requests the full three hours*** which, already, limits the Plaintiff to less than half of what she is entitled to under the Federal Rules. To limit it even further to a mere 2.5 hours, simply to accommodate an attorney wrapping up a full 90 minutes before he is even due to appear elsewhere, is to deny Plaintiff her rights to discovery. The deposition is by ZOOM. The deposition can easily conclude at 1 pm, with *plenty* of time to close his computer and be ready to appear at 2 pm before Judge Cannon. Plaintiff has waited for this deposition for nearly nine months – to shorten it to a specific, 10 am – 12:30 pm timeframe, to accommodate opposing counsel, is unfair to Plaintiff and denies her right to meaningful discovery.

Respectfully and humbly submitted,<br>
<u>s/ Arlene Delgado</u><br>
Plaintiff, *pro-se*