```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
ARLENE DELGADO,

                        Plaintiff,

        -against-

DONALD J. TRUMP FOR PRESIDENT, INC.,
SEAN SPICER, individually, REINCE PRIEBUS,
individually, STEPHEN BANNON, individually,

                        Defendants.
```

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 04/12/2024
```

19 Civ. 11764 (AT) (KHP)

**ORDER**

ANALISA TORRES, District Judge:

Plaintiff *pro se*, Arlene Delgado, brings this action against Defendants, Donald J. Trump for President, Inc., Sean Spicer, Reince Priebus, and Stephen Bannon, alleging, *inter alia*, breach of contract, tortious interference with economic advantage, pregnancy discrimination, sex and gender discrimination, hostile work environment, and retaliation. First Am. Compl., ECF No. 94. The Court referred the case to the Honorable Katherine H. Parker for general pretrial management. ECF No. 99.

On February 27, 2024, Plaintiff sought leave to take sixteen non-party depositions. ECF No. 202. On March 1, 2024, Judge Parker denied Plaintiff's request, instead granting her leave to take only four non-party depositions (the "March 1 Order"). ECF No. 204 at 2. Plaintiff timely objected to Judge Parker's ruling. Pl. Objs., ECF No. 214.

For the reasons stated below, Plaintiff's objections are OVERRULED, and her request to modify the March 1 Order is DENIED.

## BACKGROUND

By order dated August 16, 2022, Judge Parker set an initial fact discovery deadline of January 31, 2023. ECF No. 103. The deadline has since been extended on at least four

occasions. *See* ECF Nos. 117, 145, 164, 173. Plaintiff's counsel withdrew on December 19, 2023. ECF No. 174. And, Plaintiff has elected to proceed *pro se*. ECF Nos. 179, 181. By order dated January 31, 2024, Judge Parker extended the discovery deadline to April 15, 2024, out of solicitude to Plaintiff's *pro se* status and "solely for the purpose[] of completing certain discovery that was not completed by Plaintiff's prior counsel." ECF No. 187 at 1. Namely, Plaintiff's attorney "failed to meet deadlines for service of non-party subpoenas," so Judge Parker permitted Plaintiff to serve subpoenas on non-parties Eric Trump and Brad Parscale and directed her to seek leave for additional third-party discovery. *Id.* at 1–2.

By letter dated February 27, 2024, Plaintiff sought leave to take sixteen non-party depositions. ECF No. 202. By order dated March 1, 2024, Judge Parker granted Plaintiff's motion to the extent she was permitted to take four depositions of specific non-parties that were "likely to have information relevant" to her claims. March 1 Order at 2. Judge Parker denied leave for the other twelve depositions. *Id.* On March 15, 2024, Plaintiff timely objected to the March 1 Order. Pl. Objs.

## DISCUSSION

### I. Legal Standard

Federal Rule of Civil Procedure 72(a) provides that the district judge to whom a case is assigned shall consider a party's objection to a magistrate judge's order on a non-dispositive matter and shall "modify or set aside any part of the order that is clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a). An order is clearly erroneous if the reviewing court is "left with the definite and firm conviction that a mistake has been committed." *Easley v. Cromartie*, 532 U.S. 234, 242 (2001) (citation omitted). An order is contrary to law when it fails to apply or misapplies relevant statutes, caselaw, or rules of procedure. *Travel Sentry, Inc. v. Tropp*, 669 F.

Supp. 2d 279, 283 (E.D.N.Y. 2009).  Rule 72(a) imposes a "highly deferential standard of review."  *Lyondell-Citgo Refining, LP v. Petroleos de Venezuela, S.A.*, No. 02 Civ. 795, 2005 WL 551092, at *1 (S.D.N.Y. Mar. 9, 2005).  "[A] magistrate judge is afforded broad discretion in resolving discovery disputes and reversal is appropriate only if their discretion is abused. . . .  Thus, a party seeking to overturn or modify a discovery order bears a heavy burden."  *Id.* (quotation marks and citation omitted).

II.     Analysis

Plaintiff first argues that she does not require leave of court to take depositions as she has not exhausted the ten allowed by Federal Rule of Civil Procedure 30(a).  Pl. Objs. at 2–4.  Not so.  "[A] court must limit discovery to the extent that it would be 'unreasonably cumulative or duplicative,' or would involve an undue burden."  *Amtrust N. Am., Inc. v. Preferred Contractors Ins. Co. Risk Retention Grp., LLC*, No. 16 Misc. 340, 2016 WL 6208288, at *3 (S.D.N.Y. Oct. 18, 2016) (quoting Fed. R. Civ. P. 26(b)(2)(C)).  After at least four prior discovery extensions, it was not clearly erroneous for Judge Parker to require Plaintiff to affirmatively show that her non-party depositions were "relevant and proportional to the needs of the case" before she exhausted the ten depositions.  ECF No. 187 at 2; *see* Fed. R. Civ. P. 26(b)(1), (b)(2)(A).

Plaintiff next contends that Judge Parker erred in denying her leave to take the other twelve non-party depositions.  Pl. Objs. at 4.  The Court again disagrees.  Judge Parker permitted Plaintiff to take four non-party depositions (1) relevant to her breach-of-contract and discrimination claims and (2) concerning Defendants' employment decisions and their defense that Plaintiff was unqualified for a White House position.  March 1 Order at 2.  As such, Judge Parker's determination that the other requested depositions were cumulative or duplicative was not clearly erroneous.  *Id.* at 3 (holding that "additional discovery sought by Plaintiff is not

proportional to the needs of this case because it is cumulative of information she has received through document discovery and party depositions, as well as information she will receive through the limited third-party discovery this Court has allowed."). "[J]ust because counsel believes a witness might have discoverable information, does not in and of itself give rise to an unfettered right to depose that person." *See C.K. ex rel. P.K. v. McDonald*, 345 F.R.D. 262, 267 (E.D.N.Y. 2023) (quotation marks and citation omitted). Moreover, since the March 1 Order, Judge Parker has granted leave for Plaintiff to depose two additional non-parties, and Plaintiff has now noticed the ten depositions permitted by the Federal Rules. ECF No. 231. In addition, Judge Parker has extended fact discovery to May 7, 2024. *Id.*[1]

## CONCLUSION

Accordingly, Plaintiff's objections are OVERRULED, and her request to modify the March 1 Order is DENIED.

SO ORDERED.

Dated: April 12, 2024
New York, New York

ANALISA TORRES
United States District Judge

---

[1] Plaintiff also argues that Judge Parker should have granted her request for an additional thirty days of discovery. The issue is moot given the extension of fact discovery to May 7, 2024. That said, a "schedule may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). Because Judge Parker has broad discretion to issue scheduling orders, the March 1 Order was not clearly erroneous. *See James v. State Univ. of N.Y.*, No. 22 Civ. 4856, 2023 WL 1998937, at *1 (S.D.N.Y. Jan. 30, 2023).