April 15, 2024

Hon. Magistrate Parker
United State District Court, S.D.N.Y.
500 Pearl Street, Courtroom 17D
New York, NY 10007
RE: *motion to compel documents ordered by Court's April 3, 2024 Order and motion to Defendant's counsel to permit access to storage vendor*
VIA: electronic submission through *Pro-Se* Intake Unit

Your Honor,

I am the *pro-se* Plaintiff in the above-mentioned matter, hereinafter referred to in first person or as "Plaintiff."

Plaintiff writes to respectfully request that Defendants be required to comply with the Court's April 3, 2024 Order. In the Court's April 3, 2024, Order, Defendants were required to provide a declaration by the Individual Defendants (Sean Spicer and Reince Priebus) regarding searches for documents (given that both have produced almost nothing) *and* Defendant-Campaign was to execute a search for certain documents.

### I. The Searches Run Are Not The Searches That Plaintiff Requested
Defendants' counsel's April 10, 2024 letter-motion attests that he complied with requested additional searches, writing:

> **"Organizational Charts" and "Lists" for the White House**
>
> Further to defendants' March 27, 2024 letter, defendants and their e-discovery vendor 2M conducted another search of the Campaign's server using the keywords "orgchart" or "org chart" both with and without the additional keyword "Delgado." Defendants also searched through the custodial account of Kaelan Dorr for all emails or attachments sent or received by Mr. Dorr containing the keywords "orgchart," "org chart," "white house list," or "Delgado."
>
> As a result of this search, certain additional documents, including additional versions of the White House "organizational charts" and "lists," were located. Those documents have been produced to Ms. Delgado with Bates-stamp numbers DEF-2387 to DEF-2511.

However, Defendant's counsel failed to execute the search actually requested in the Plaintiff's earlier letter, in response to which this Court then directed Defendant to execute searches: In short, Defendants' counsel searched for document using a <u>keyword</u> search *but that is not what Plaintiff had requested, given that the org charts are often in JPEG and PDF images whose words/captions are not 'captured' by a keyword search function.*

As the Plaintiff explained to Defendants' counsel in an email the afternoon of April 10th:

> Mr. Blumetti:
>
> I'm perplexed by the fact that you ran a keyword search in Kaelan Dorr's emails. This is what I wrote in my Motion to Compel:
>
> *Defendants' own production reveals that Mr. Kaelan Dorr, a Campaign staffer who was Mr. Miller's assistant, was heavily involved in the circulation of the White*

1

> *House org charts and lists. The Defendant-Campaign should be ordered to conduct a **search of Mr. Dorr's Campaign email account for all emails during that critical period, starting on 12/22/16, through and including 1/18/17, and produce all materials referencing Plaintiff, Miller, org chart, or White House list.***
>
> I did not ask that you use those terms as a <u>keyword</u> search. I asked that you do a search of all of Kaelan's emails in that time frame (there would not be many) and produce those that reference, explicitly or not, Plaintiff, Miller, org chart, or the White House List. Why not use "keyword search"? We both know that keyword searches often do not always catch things, especially when these org charts were scanned or illegible attachments, whose words are often illegible (so much so you had to recently reproduce a document) and are NOT caught when doing a <u>keyword</u> search.
>
> The keyword search you ran only caught those documents in which every word in the document and in the attachment is amenable to being found by a keyword search. That is not what was requested.
>
> Again: Please review Kaelan's emails from that period (12/22/16-1/18/17) and do not simply rely on the keyword search. Again, this should only take a few minutes as I do not think he would have a lot of emails for that period (especially given the holiday break). A reference to an org chart, for example, might never use the term "org chart" - it might simply say "See attached" and there is an org chart attached.
>
> Please confirm. Thank you.

But Mr. Blumetti did not respond. Two days later, Plaintiff followed up again, to avoid the need for this motion, on Friday afternoon, April 12th, writing:

> Mr. Blumetti: Following up on my email from Wednesday, below. Please confirm that you are executing the appropriate search so that I do not have the bother the Court, unnecessarily so, with a motion about this. Thank you.

Again there was no response. Plaintiff is left with no choice but to seek the Court's assistance.

**II. Access to the 2M Vendor**
Plaintiff also seeks that the Court order the Defendant-Campaign to permit and facilitate the Plaintiff access to its storage vendor ("2M") representative, to request a specific search from the vendor. At this point, justice requires nothing less: **documents, which should have been produced in 2022, and which were clearly responsive, are suddenly 'found' (*some* of them), piece by piece, but only when the Plaintiff specifically knows of the documents' existence.** Consider:

- After repeatedly pressing Defendants' counsel for a document regarding the organizational chart and December 27th (Plaintiff knows the document exists, as Plaintiff was shown the document in 2017), Defendants' counsel suddenly 'located' a document dated December 27th. Even though it was not the document Plaintiff recalls, it was nonetheless a document that was clearly responsive and should have been produced in 2022. Defendants' counsel claimed the document was not previously produced because it was nearly identical to another document produced. But

2

the document was not remotely identical to any other document and, regardless, even exact duplicates are to be produced.

- The number of 'located' documents (roughly 150 pages), produced on April 10th by Defendants after this latest search, were all responsive, and also should have been produced in 2022. No explanation has been provided why they were not.

- Another document, from another case that the Campaign faces by another Plaintiff, was also recently produced but only once the Plaintiff specifically described the document (because she read of its mention in the other case). But it was clearly responsive and should have been produced in 2022.

This is, colloquially, 'three strikes.' These are at least three examples, in the past few weeks alone, of documents the Campaign has been seemingly withholding and only 'finds' them once the Plaintiff demands the *specific* document or somehow knows of it. There is, regrettably, indication that the Campaign has either withheld documents or, at best, conducted incomplete and careless searches. There is no need to continue to blindly trust the Defendant-Campaign to be thorough in its production, given that a storage-vendor exists from whom the Plaintiff can request a documents/search directly.

### III. Org Chart Versions are Still Missing

As the Plaintiff noted in her letter last month, org-charts each had version numbers (e.g., org chart v2, etc.). Yet some 'versions' remain mysteriously outstanding. It is not plausible that these documents are not in the Campaign's possession, custody, or control. Perhaps most importantly, the Defendants continue to be unable to show the document when Plaintiff was finally removed from the White House list or no longer on the White House list.

Respectfully and humbly submitted,<br>
*s/ Arlene Delgado*<br>
Plaintiff, *pro-se*