April 17, 2024

Hon. Magistrate Parker
United State District Court, S.D.N.Y.
500 Pearl Street, Courtroom 17D
New York, NY 10007
**RE**: *request for continued deposition of Mr. Parscale*
VIA: electronic submission through *Pro-Se* Intake Unit

Your Honor,

I am the *pro-se* Plaintiff in the above-mentioned matter, hereinafter referred to in first person or as "Plaintiff."

Plaintiff writes to request additional deposition time with third-party witness Bradley Parscale.

On April 9, 2024, Mr. Parscale's attorneys wrote to the Court, requesting to postpone Mr. Parscale's April 12th deposition date yet again, as one of Mr. Parscale's attorneys (Stanley Woodward, Esq.) had a hearing in another matter at 2 pm, even though this April 12th date was court ordered.

Plaintiff filed an objection on April 10th.

On April 10th, the Court entered an order, declining to cancel the deposition date but stating it was to conclude at 12:30 pm and only last 2.5 hours, in order to accommodate Mr. Woodward's other obligation. (Depositions are customarily permitted to last up to seven hours, per the FRCP.)

On April 11th, Plaintiff filed an objection to the deposition being limited to 2.5 hours and being limited due to Mr. Woodward's other commitment.

On April 11th, the Court entered an Order granting that, while the deposition time-limit would remain in place for April 12th, should the Plaintiff find that, once she had taken the deposition, she required more time with the witness, the Plaintiff could write to the Court for more time.

The deposition went straight up to the very last minute (12:31 pm, to be exact). **Questions remained unasked and topics untouched, which Plaintiff did not have the opportunity to ask, due to the time-limit. Plaintiff herein writes to the Court for more time with the witness.**

Additionally, time was wasted by Mr. Woodward's conduct, including but not limited to:

- instructing his client not to answer questions (despite no privilege objection);
- directing his client not to answer a question because the question was done for purposes of "harassment" (The question asked was a benign one, asking what discrimination or harassment complaints Mr. Parscale was aware against the Defendant-Campaign. It is entirely unclear how this was 'harassing' Mr. Parscale, especially as no complaints, that the Plaintiff knows of, concerned or involved him);
- coaching his client during the deposition -- at one point, Mr. Woodward interrupted Mr. Parscale mid-answer, saying "If you recall…";

- declaring they would be taking a break, after a question had been asked (mid question-and-answer);
- and, during at least two points during the deposition, turning off his and Mr. Parscale's camera (rendering Plaintiff unable to see Mr. Parscale and Mr. Woodward, or see if they were conferring or passing notes).

At one point, Plaintiff had to explicitly urge Mr. Woodward to please treat her, and the deposition, with respect. It was readily apparent that Mr. Woodward's conduct was sabotaging the deposition and the Plaintiff's right to discovery, and that Mr. Woodward would likely not have conducted himself in such a manner against an attorney, versus a female *pro-se* litigant. The Plaintiff has taken four depositions in this case. The three other depositions were all extremely cordial on all sides, seamless, and done with no contentious back-and-forth, at any point. Mr. Woodward's conduct, however, was improper and the outlier.

The Plaintiff respectfully requests that the Court enter an Order directing Mr. Woodward to provide new dates to Plaintiff, on which he is available for the continuation of the deposition of Mr. Parscale.

Respectfully and humbly submitted,
*s/ Arlene Delgado*
Plaintiff, *pro-se*