# BRAND | WOODWARD
Attorneys at Law

Stanley E. Woodward Jr.
+1.202.996.7447 (p) +1.202.996.0113 (f)
stanley@BrandWoodwardLaw.com

April 19, 2024

Magistrate Judge Hon. Katharine H. Parker
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, NY 10007-1312
Courtroom 17D

Re:     *Delgado v. Donald J. Trump for President, et. al.*, 19-cv-11764 (AT) (KHP); Deposition of Bradley Parscale

Your Honor,

This firm, together with Jeffrey Gavenman of Schulman Bhattacharya, LLC, represents non-party Bradley Parscale in the above-captioned matter. We write in response to Plaintiff's April 18, 2024 letter (ECF No. 252) ("Plaintiff's Letter"), wherein she requests leave to conduct a second deposition of Mr. Parscale.

Pursuant to Fed. R. Civ. P. 30(a)(2)(A)(ii), leave of court is required to depose a person who, like Mr. Parscale, has already been previously deposed in the same action. In order to obtain such leave, the party seeking the second deposition must demonstrate good cause. *See Robinson v. De Niro*, No. 19-CV-9156 (KHP), 2022 WL 274677 at *2 (S.D.N.Y. Jan. 26, 2002) ("A party seeking a court order to extend the time for examination or otherwise alter the limitations is expected to show good cause to justify such an order.")

Simply stated, Plaintiff's Letter fails to establish good cause for a second deposition of Mr. Parscale. Rather, Plaintiff's Letter contains mere bald assertions and accusations, without any evidence in support. In order to give the Court the proper record to evaluate her request, Plaintiff should have attached a copy of the transcript from the first deposition. Without that transcript, the Court does not have a sufficient record to find that—or even to assess whether—there is good cause for a second deposition. Indeed, in *Robinson v. De Niro*, Your Honor ordered the requesting party to "submit a copy of the deposition transcript and identify topics that remain that require further questioning and the reasons why they were not answered/asked during the first day of Plaintiff's deposition." *Id*. at *1. If Plaintiff does not yet have a copy of that transcript, as we do not, then her request is premature, at best.

Notably, we strongly disagree with Plaintiff's unsupported characterization of Mr. Parscale's deposition. The transcript will undoubtedly refute her claims and clearly demonstrate that Plaintiff conducted a fulsome deposition of Mr. Parscale in the allotted time, and was permitted to ask all of her desired questions. Further, the transcript will show that she gave no indication that she had additional topics or areas of inquiry at the time the deposition concluded. In fact, it will

**BRAND | WOODWARD**
Attorneys at Law

show that we accommodated Plaintiff by staying several minutes past the deadline to facilitate her asking her purported "final" questions (causing me to narrowly make the 2:00 PM hearing in the case before Judge Aileen M. Cannon.[1]

Furthermore, Plaintiff's Letter fails to establish good cause because it provides no specifics as to the purported remaining areas of inquiry. She simply states, without any support or explanation, that "Questions remained unasked and topics untouched, which Plaintiff did not have the opportunity to ask, due to the time-limit[sic]." Again, such bald assertions are insufficient to meet the good cause standard. Indeed, her public statements belie her claim that such areas exist. Less than an hour after Mr. Parscale's deposition concluded, Plaintiff took the liberty to tweet publicly that "the deposition was a success and I got a lot of what I needed." A screenshot of this tweet is embedded below for your reference:



Additionally, even if Plaintiff does have remaining areas of inquiry, such was not caused by the time restriction. Rather, as the transcript will reflect, Plaintiff spent the majority of the deposition wasting time on issues not pertinent to her litigation. This, too, undermines her ability to demonstrate the requisite good cause. *Id*. at *3 (evaluating the amount of time the requesting party "wasted" with "irrelevant questioning" in assessing the request for additional time for deposition).

In light of the above, we respectfully submit that Plaintiff's request should be denied, as she has failed to show that Mr. Parscale—a non-party witness, who has no stake in this litigation—should be subject to the burden of a second deposition. Alternatively, if the Court finds that, given

---

[1] As you may recall, a scheduling conflict arose on the date that Mr. Parscale's deposition was to occur, which was the subject of a letter to this Court. See ECF No. 235. On April 12, 2024, the date of Mr. Parscale's deposition, I was required to attend an in-person hearing before Judge Aileen M. Cannon, who presides over the case *USA v. Trump, et al* (Case No. 9:23-cr-80101) in the Southern District of Florida.

**BRAND | WOODWARD**
Attorneys at Law

the lack of transcript, Plaintiff's request is premature, then we ask that Your Honor follow the same protocol as in *Robinson v. De Niro*: require Plaintiff to "submit a copy of the deposition transcript and identify topics that remain that require further questioning and the reasons why they were not answered/asked during the first day of Plaintiff's deposition." *Id*. at *1.

                                                                                          Respectfully submitted,

                                                                                          Stanley E. Woodward Jr.