April 19, 2024

Hon. Magistrate Parker
United State District Court, S.D.N.Y.
500 Pearl Street, Courtroom 17D
New York, NY 10007
RE: *response to April 19th letter from Mr. Parscale's attorney, Stanley Woodward, to the Court*
VIA: electronic submission through *Pro-Se* Intake Unit

Your Honor,

I am the *pro-se* Plaintiff in the above-mentioned matter, hereinafter referred to in first person or as "Plaintiff."

Earlier this week, on April 17th, Plaintiff wrote to the Court, requesting additional time with third-party witness Brad Parscale, **who was partially deposed on Friday, April 12th**.

As Plaintiff reminded the Court in her letter, this Court had, in its April 10th Order, limited Plaintiff's deposition of Mr. Parscale to 2.5 hours (and the 10 am deposition must conclude 'by 12:30 pm'), to accommodate the last-minute request of Mr. Parscale's attorney, Stanley Woodward ("Mr. Woodward"), and his 2 pm hearing that day on another case. Plaintiff wrote to the Court promptly on April 11th, objecting to the Court limiting her deposition to 2.5 hours (the Federal Rules permit depositions to last up to seven hours), particularly as it limited her discovery simply to accommodate another attorney's scheduling requests. The Court entered an Order later that day, stating the deposition would still be limited to 2.5 hours to accommodate Mr. Woodward **but, should Plaintiff find that additional time is needed with the witness, Plaintiff need only write to the Court subsequent to that April 12th, 2.5 hour deposition**. (This was, respectfully, a disappointingly-unfair-to-Plaintiff directive, as it requires Plaintiff to incur the cost of a separate court-reporter appearance fee and the cost of a separate baseline transcript fee, when all could have and should have been done in one sitting, not two.)

Plaintiff took the 2.5 hour deposition on April 12th, respectfully concluded it after 2.5 hours (as court-ordered), and then wrote to the Court, on April 17th, requesting the additional time.

This should have been a simple, straightforward request, without objection. Instead, on Friday, April 19th, **Mr. Woodward wrote to the Court claiming, most misleadingly, that Plaintiff is seeking a "second" deposition of Mr. Parscale** and, as such, is required to show "good cause," as such is required for "second" depositions.

**But Plaintiff is most certainly not seeking a "second deposition,"** as Mr. Woodward is surely well aware. Plaintiff is seeking a *continuation* of the first deposition – a predicament in which she finds herself due to the Court's accommodation of Mr. Woodward's request, which impeded with Plaintiff's right to take the full deposition in one sitting.

Mr. Woodward also claimed Plaintiff stated during the deposition that she was asking her "final" questions (quotations in the original). But Mr. Woodward provides no transcript to support this alleged quote. In any event, such quote would be irrelevant to his argument, as "final" questions

would have only meant final questions *for that day*, given that the Plaintiff was court-ordered to conclude by 12:30 pm.

Mr. Woodward also includes a tweet from Plaintiff. (Given that Plaintiff has raised funds on her social media page for the costs in this litigation, she has, from time-to-time, provided some limited updates on which depositions have been take, or are being scheduled, etc., without delving into substance. Such is the least Plaintiff can do for those who have contributed to help with the costs of this litigation.) In it, Plaintiff wrote that she obtained a lot of what she needed from the deposition. It is entirely unclear why Mr. Woodward feels this statement supports his position that Plaintiff does not need more time with the witness -- "a lot" is *not* "all." On the contrary, the statement supports Plaintiff's position that she did *not* ask "all".

Finally, Mr. Woodward's claim that a "transcript" is necessary for Plaintiff to obtain continued time is meritless: First, the Court order made no mention of a transcript being necessary for additional time. Second, the notion that Plaintiff must first spend over $1,000, and wait many days for a transcript's arrival, before she can even *ask* for more time, is not an obligation this Honorable Court would impose on any litigant. Third, even assuming, *arguendo*, that transcripts are generally needed to request a "second" deposition, such is inapplicable here as, again, a "second" deposition is not requested here.

Again, Plaintiff should never have been placed in this position, to begin with, and was placed in such solely due to Mr. Woodward and Mr. Parscale's demands that their scheduling wishes be accommodated.

In sum, as ever, Plaintiff always planned to take Mr. Parscale's deposition in one sitting. Such was and is Plaintiff's *right*. This Court prevented Plaintiff from doing so but did state that Plaintiff need only ask for more time if it turned out the 2.5 hours were insufficient. Plaintiff did so. Yet, once again, Mr. Parscale and Mr. Woodward stand at the ready to thwart Plaintiff's discovery rights.

Mr. Woodward's letter is meritless. Plaintiff respectfully and humbly repeats her request, per her April 17th letter, for additional time with the witness, as the Court's April 11th Order made implicitly clear she had a right to receive, should the April 12th deposition's 2.5 hours prove insufficient.

Respectfully and humbly submitted,
*s/ Arlene Delgado*
Plaintiff, *pro-se*