**LaRocca, Hornik, Greenberg, Kittredge, Carlin & McPartland LLP**
COUNSELORS AT LAW

40 Wall Street
32nd Floor
New York, NY 10005
212.530.4823
212.530.4815 fax

lhrgb.com

Private Lender Group
Professional Arts Center
475 County Rd 520
Suite 200
Marlboro, NJ 07746
212.536.3529
732.625.2463 fax

Frank J. LaRocca +◊
Jonathan L. Hornik
Rose Greenberg ∆
David N. Kittredge
Amy D. Carlin ∆
Patrick McPartland ∆
Jared E. Blumetti
Nelson Diaz
Ryan Duffy
Christopher Ford ‡
John L. Garcia
Sanford Hausler ∆
Peter Kelegian ∆
Daniel Kraft ‡
Andrew Nastashkin ‡
Rick Pepsny ‡
Michael Samson ∆
Drew Tanner ‡
Jessica Thual ∆
Lauren Weissman-Falk
Shangshui Yun ∆

∆ New York Bar Only
‡ New Jersey Bar Only
◊ Certified Matrimonial Law Attorney

DIRECT DIAL: 212.530.4831
EMAIL: JBLUMETTI@LHRGB.COM

April 22, 2024

**VIA ECF**
Honorable Katharine H. Parker
United States District Court
Southern District of New York
500 Pearl Street, Courtroom 17D
New York, New York 10007

    Re:    Arlene Delgado v. Donald J. Trump for President, Inc., et al.
              Civil Action No. 19-cv-11764 (AT) (KHP)

Dear Judge Parker:

We represent defendants Donald J. Trump for President, Inc., Sean Spicer, and Reince Priebus in the above-captioned action and are writing in response to plaintiff's April 15, 2024 letter to compel the Campaign's 30(b)(6) witness, Jesse Binnall, to provide "appropriate answers" to certain of her deposition questions.[1] ECF Doc. No. 248.

## Plaintiff's Motion Should be Denied

As an initial matter, plaintiff's overarching assertion that Mr. Binnall was unprepared for his deposition is false and belied by his deposition transcript, a full copy of which is enclosed as *Exhibit A*. Mr. Binnall provided fulsome testimony on the relevant facts and circumstances contained in this lawsuit and plaintiff's Rule 30(b)(6) notice, despite the fact that he had no personal knowledge of the topics. He took time to prepare himself to answer all relevant questions at the deposition, as instructed by the Court, which is plainly evident in his testimony.

Plaintiff, however, is seeking information from Mr. Binnall which has absolutely no bearing on her claims in this lawsuit. Specifically, she seeks to compel Mr. Binnall to provide answers to (i) whether there were any complaints of sexual harassment or other types of unlawful discrimination made against the Campaign during the **_2020_** Campaign (not the **_2016_** Campaign to

---

[1] The letter is dated April 15, 2024, but the letter was not docketed until April 17, 2024.

which all of plaintiff's allegations in this case pertain), (ii) the exact amount of money that the Campaign has paid to our firm for plaintiff's case specifically (as opposed to the amount of money that the Campaign has paid to our firm in total for each case it has handled), (iii) the amount of cash that the Campaign currently has on hand, and (iv) whether the 2016 Campaign workers were informed that the Campaign had a Human Resources Director.

A.  **Complaints of Sexual Harassment or Other Types of Unlawful Discrimination Against the 2020 Campaign Are Not Discoverable**

Plaintiff's allegations in this case pertain to alleged pregnancy discrimination in connection with her retention during the 2016 Campaign. They do ***not*** pertain to any claims of sexual harassment (or any other type of unlawful discrimination) involving the 2020 Campaign (a campaign on which plaintiff did not work; which had a different staff and leadership team; and was even headquartered in a different state than the 2016 Campaign).[2] *See e.g. Vuona v. Merrill Lynch & Co.*, 2011 U.S. Dist. LEXIS 131491, * 19 (S.D.N.Y. November 11, 2011) (denying plaintiffs discovery of non-gender-based complaints), citing *Bolia v. Mercury Print Prods.*, 2004 U.S. Dist. LEXIS 22730, * 3 (W.D.N.Y. October 28, 2004) ("other claims of discrimination against a defendant are discoverable only if limited to the same form of discrimination, if limited to the same department or agency where plaintiff worked, and if limited to a reasonable time before and after the discrimination complained of").

In fact, plaintiff affirmed on the record in January 2024 that she is not asserting any sexual harassment claims in this lawsuit. At that time, the Campaign had moved to compel plaintiff to provide certain discovery regarding allegations she made during her deposition that Jason Miller sexually assaulted her and subjected her to *quid pro quo* sexual harassment in 2016. However, the Court denied that motion during the parties' January 30, 2024 conference when plaintiff asserted that she was ***not*** pursuing any such claims of sexual harassment against the 2016 Campaign in this lawsuit (much less the 2020 Campaign). *See the conference transcript, attached as Exhibit B at pp. 16-19.*

As such, the issue of whether there were any complaints of sexual harassment (or any other types of unlawful discrimination) made against the 2020 Campaign is irrelevant.

B.  **The Amount of Money the Campaign Has Paid for This Case Is Not Discoverable**

The amount of money that the Campaign has paid to the undersigned's firm for plaintiff's case is not discoverable, and plaintiff cites to no authority suggesting otherwise.[3] *See e.g. Julicher v. Town of Tonawanda*, 2008 U.S. Dist. LEXIS 73454, * 12-13 (W.D.N.Y. 2008) (denying motion to compel plaintiff to produce documents regarding plaintiffs' "fee arrangement with counsel in this matter" on relevance grounds); *Luessenhop v. Clinton Cty.*, 2007 U.S. Dist. LEXIS 108748, * 10-11 (N.D.N.Y. October 15, 2007) (denying plaintiff's request to discover "defendants' hourly rate and time expended in defending a § 1983 matter"); *Davis v. Ross*, 107 F.R.D. 326, 328

---

[2] Plaintiff does not dispute that Mr. Binnall answered all her questions regarding claims against the 2016 Campaign.

[3] Mr. Binnall testified regarding the total amount of money that the Campaign has paid our firm for each case it has handled because this information is already public record.

(S.D.N.Y. 1985) ("the amount of fees earned, without more, is not probative…[c]onsequently, plaintiff's motion to compel discovery of legal fees is denied"); *Blowers v. Lawyers Cooperative Pub. Co.*, 526 F.Supp. 1324, 1327-28 (W.D.N.Y. 1981) ("[p]laintiff is not however entitled to discover information concerning the amount of legal fees incurred by defendants in this action").

C. **The Campaign's Current Cash on Hand Is Not Discoverable**

It is well-settled that a party's financial status is not discoverable prior to obtaining a judgment unless such information is relevant to establishing some element of liability and, again, plaintiff cites to no authority suggesting otherwise.[4] *See e.g. Nowlin v. Lusk*, 2014 U.S. Dist. LEXIS 10341, * 21 (W.D.N.Y. January 28, 2014) ("[a]s a general rule, discovery concerning an adversary party's assets is not permitted during the course of the litigation unless it is relevant to the merits of a claim"); *Davis v. Ross*, 107 F.R.D. at 327-28 (denying defamation plaintiff's request for discovery into the "net worth and annual income" of defendant Diana Ross because, under New York law, such discovery "will become necessary only in the event plaintiff obtains…a special verdict" entitling her to punitive damages).

D. **Plaintiff Was Well Aware of the 2016 Campaign's Human Resources Director**

Plaintiff's questions regarding whether the persons working on the 2016 Campaign were ever informed that the Campaign had a Human Resources Director was not a noticed topic.[5] Regardless, plaintiff was well aware that Ms. Castellano was the 2016 Campaign's Human Resources Director because, among other reasons, plaintiff exchanged many emails with Ms. Castellano in 2016 with Ms. Castellano's email signature block plainly stating "***Lucia Castellano – HR Director – Donald J. Trump for President, Inc***." As such, the request to compel further testimony on this topic is unnecessary and vexatious.

For all these reasons, plaintiff's motion to compel Mr. Binnall to provide "appropriate answers" to the foregoing questions should be denied in its entirety.

Respectfully submitted,

*Jared E. Blumetti*

Patrick McPartland
Jared E. Blumetti

Enclosures:

---

[4] Mr. Binnall testified regarding the Campaign's cash on hand as set forth in its most recent financial disclosure because this information is also already public record.

[5] Mr. Binnall did respond fully and appropriately to other noticed topics relating to Human Resources, including Topic 2 requesting the Campaign's "policies and procedures for receiving, investigating and resolving complaints of sexual harassment and of any kind of discrimination, including identification of person[s] responsible for oversight of all such matters at all relevant times hereto" and Topic 5 requesting the Campaign's "organizational structure…and chain of reporting for complaints or allegations of sexual discrimination." *See deposition transcript, pp. 42, 71-78.*