**LaRocca, Hornik, Greenberg,
Kittredge, Carlin
& McPartland LLP**

COUNSELORS AT LAW

40 Wall Street
32nd Floor
New York, NY 10005
212.530.4823
212.530.4815 fax

lhrgb.com

Private Lender Group
Professional Arts Center
475 County Rd 520
Suite 200
Marlboro, NJ 07746
212.536.3529
732.625.2463 fax

Frank J. LaRocca ‡◇
Jonathan L. Hornik
Rose Greenberg △
David N. Kittredge
Amy D. Carlin △
Patrick McPartland △
Jared E. Blumetti
Nelson Diaz
Ryan Duffy
Christopher Ford ‡
John L. Garcia
Sanford Hausler △
Peter Kelegian △
Daniel Kraft ‡
Andrew Nastashkin ‡
Rick Pepsny ‡
Michael Samson △
Drew Tanner ‡
Jessica Thual △
Lauren Weissman-Falk
Shangshui Yun △

△ New York Bar Only
‡ New Jersey Bar Only
◇ Certified Matrimonial Law Attorney

DIRECT DIAL: 212.530.4831
EMAIL: JBLUMETTI@LHRGB.COM

April 22, 2024

**VIA ECF**
Honorable Katharine H. Parker
United States District Court
Southern District of New York
500 Pearl Street, Courtroom 17D
New York, New York 10007

Re: Arlene Delgado v. Donald J. Trump for President, Inc., et al.
Civil Action No. 19-cv-11764 (AT) (KHP)

Dear Judge Parker:

We represent defendants Donald J. Trump for President, Inc., Sean Spicer, and Reince Priebus in the above-captioned action and are writing to briefly respond to plaintiff's April 15, 2024 letter asserting that defendants did not comply with this Court's April 3, 2024 order (the "April 3rd Order") and seeking "direct access" to the Campaign's server.[1] ECF Doc. No. 249.

In their March 27, 2024 letter, defendants informed the Court that they had taken it upon themselves to conduct another search through the Campaign's server to try to locate any additional White House "organizational charts" and "lists." ECF Doc. No. 227. In its April 3rd Order, the Court instructed defendants "to provide the Court with an update regarding the search of the Campaign's server." ECF Doc. No. 231. On April 10, 2024, defendants produced to plaintiff all additional White House "organizational charts" and "lists" that were located and disclosed the search terms that were used to effectuate the search. ECF Doc. No. 239. Defendants, thus, fully complied with the April 3rd Order.

Plaintiff's assertion that defendants did not execute the exact same search that she proposed in her March 20, 2024 letter is meritless. ECF Doc. No. 217. For one thing, the search proposed by plaintiff was not endorsed—much less ordered—by the Court in the April 3rd Order. In any event, the search that defendants performed netted all White House "organizational charts" and "lists" that are located on the Campaign's server, all which have been produced to plaintiff.

---

[1] The letter is dated April 15, 2024, but the letter was not docketed until April 17, 2024.

Furthermore, plaintiff's repeated and conclusory assertions that defendants are "withholding" documents is baseless rhetoric. Over the past two months, plaintiff identified a few documents which she believed existed—without ever identifying any document request that she or her attorneys even made for these documents—and defendants willingly, and without objection or court order, searched for and produced the documents that were located. Indeed, the only party who is withholding documents here is plaintiff, who proceeded to produce numerous plainly relevant emails during the recent deposition of Bradley Parscale without having ever previously disclosed these documents to the Campaign.

Given these circumstances, plaintiff's motion, including her patently inappropriate request for direct access to the Campaign's server, should be denied. *See e.g. Aviles v. S&P Global, Inc.*, 2021 U.S. Dist. LEXIS 98053, * 19 (S.D.N.Y. May 24, 2021) (denying plaintiffs' request for "unfettered access to all the Server information in the Estate's possession") (J. Parker).

Respectfully submitted,

*Jared E. Blumetti*

Patrick McPartland
Jared E. Blumetti