UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
ARLENE J. DELGADO,

                Plaintiff,

     -against-

DONALD J. TRUMP FOR PRESIDENT, INC., SEAN
SPICER, individually, REINCE PRIEBUS,
individually, and STEPHEN BANNON, individually,

                Defendants.
-------------------------------------------------------------------X

Civil Action No.:
19-cv-11764 (AT) (KHP)

**DECLARATION OF
JARED E. BLUMETTI**

I, **JARED E. BLUMETTI**, declare as follows:

1. I am a partner at LaRocca, Hornik, Greenberg, Kittredge, Carlin & McPartland LLP (the "Firm"), attorneys for defendants Donald J. Trump for President, Inc. (the "Campaign"), Sean Spicer, and Reince Priebus ("Defendants").

2. I make this declaration in support of the Firm's motion for an order, pursuant to Local Rule 1.4, relieving the Firm as counsel of record for Defendants in this action.

3. Under Local Rule 1.4, an attorney of record may be relieved by order of the Court "upon a showing by affidavit or otherwise of satisfactory reasons for withdrawal…and the posture of the case, including its position, if any, on the calendar." The applicable Committee Note states that the reasons for withdrawal may be provided to the Court *in camera*.

4. When faced with a motion to withdraw, the court "must…analyze two factors: the reasons for withdrawal and the impact of withdrawal on the timing of the proceeding." *Bijan Karimian v. Time Equities, Inc.*, 2011 U.S. Dist. LEXIS 51916, * 3-4 (S.D.N.Y. May 11, 2011).

5. With respect to the first factor, the primary reason for the Firm's motion is due to an irreparable breakdown in the attorney-client relationship between the Firm and the Campaign, the details of which the Firm respectfully requests leave to explain to the Court *in camera*. It is

well-established that a breakdown in the attorney-client relationship is sufficient reason to permit withdrawal, even if the source of the breakdown is disputed and the client opposes the motion to withdraw.  *See Bijan Karimian v. Time Equities, Inc*., 2011 U.S. Dist. LEXIS 51916, at * 3 (collecting cases); *see also Diarama Trading Co. v. J. Walter Thompson U.S.A., Inc.*, 2005 U.S. Dist. LEXIS 17008 (S.D.N.Y. August 12, 2005) (satisfactory reasons for withdrawal include a client's lack of cooperating and communication); *Ashmore v. CHI Group, Inc.*, 2013 U.S. Dist. LEXIS 156953, * 2 (S.D.N.Y. October 30, 2013) (reiterating that "there is no definitive standard for what constitutes a 'satisfactory reason' for allowing a withdrawal").

6.    As for the second factor, the granting of this motion will not significantly impact the timing of this proceeding.  Indeed, discovery is ongoing, several depositions remain, and the case has not been scheduled for trial.  *See e.g. Mikolaenko v. New York Univ.*, 2020 U.S. Dist. LEXIS 40408, * 2 (S.D.N.Y. March 9, 2020) (granting motion to withdraw even after a motion for summary judgment had been filed); *Bijan Karimian v. Time Equities, Inc*., 2011 U.S. Dist. LEXIS 51916, * 3 (granting motion to withdraw even though discovery was substantially complete and a trial had been scheduled); *Blue Angel Films, Ltd. v. First Look Studios, Inc.*, 2011 U.S. Dist. LEXIS 16674, * 5 (S.D.N.Y. February 17, 2011) (explaining that where discovery has not yet closed and the case is not on the verge of trial readiness, courts are unlikely to find that withdrawal will unduly impact the timing of the proceeding); *Brown v. National Survival Games*, 1994 U.S. Dist. LEXIS 16572, * 10 (N.D.N.Y. November 17, 1994) ("[i]n the case at bar, although the parties have already commenced discovery, it is not complete and the case is not presently scheduled for trial…[t]hus, granting the instant motion will not likely cause undue delay").

7.    For these reasons (and the reasons that the Firm wishes to provide the Court *in camera*), it is respectfully requested that this motion be granted in its entirety.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.  Executed on this 26 day of April, 2024, in New York, New York.

/s/ *Jared E. Blumetti*
_____
Jared E. Blumetti