<u>UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK</u>

ARLENE J. DELGADO,
Plaintiff,

-vs-                                                                No. 19-cv-11764 (AT) (KHP)

DONALD J. TRUMP FOR PRESIDENT, INC.,
TRUMP FOR AMERICA, INC., SEAN SPICER,
individually, REINCE PRIEBUS, individually,
and STEPHEN BANNON, individually,
Defendants.

## **OBJECTION TO DEFENDANTS' COUNSEL'S MOTION TO WITHDRAW**

Plaintiff, ARLENE J. DELGADO, hereby objects to the Motion to Withdraw by Defendants' counsel, Jared Blumetti / LaRocca, Hornik, Greenberg, Kittredge, Carlin & McPartland LLP ("**the Firm**" or "**Mr. Blumetti**"). (Nothing in this Objection should be interpreted as a criticism of Mr. Blumetti himself, with whom Plaintiff has had a cordial and respectful experience.)

The Firm has represented the Trump Campaign in this matter since July <u>2017</u> – ***i.e., for nearly seven years***.[1] Yet, it abruptly filed a Motion to Withdraw on Friday afternoon, April 26, 2024: ***(a)*** <u>***with only six days remaining in discovery; and (b) a mere two days after the Campaign was ordered to produce key information** to Plaintiff, and with said information due this week*</u>.[2]   A brief background is appropriate: On Wednesday, April 24th, this Court granted Plaintiff's request, ordering that the Campaign must produce any complaints of: gender discrimination, pregnancy discrimination, and sexual harassment, through the 2020-election cycle. [The Campaign had strongly resisted turning over this information (even the 30(b)(6) witness refused to answer), despite ample caselaw to the contrary.] The Court instructed Plaintiff to confer with Mr. Blumetti on whether she preferred to obtain such via another 30(b)(6) deposition and/or only obtain the documents. Plaintiff emailed Mr. Blumetti on Thursday to set up a time to confer. Mr. Blumetti did not respond. Instead, on Friday, Mr. Blumetti/the Firm filed a Motion to Withdraw, "due to ***an irreparable breakdown in the attorney-client relationship between the Firm and the Campaign**, the details of which the Firm respectfully requests leave to explain to the Court in camera.*"

Given the abrupt filing and its timing, this all (in layman's terms) *stinks to high heaven*. What happened between Wednesday and Friday that caused a sudden 'irreparable breakdown' with the client, allegedly leaving the Firm no choice but to withdraw? It is hardly a mystery: the Campaign likely instructed Mr. Blumetti to *not* fulfill his obligations under the Order (e.g., to selectively edit the complaints he produces to Plaintiff) and Mr. Blumetti refused (adhering his obligations as an officer of the Court and Bar member), unwilling to risk sanctions and his law license. To be sure, 'Trump World' is known for its ethically-questionable legal tactics – e.g., one of its outside-lawyers

---

[1] This case was *filed* in December 2019, the case dates back to 2017. Campaign was originally represented by Kasowitz Benson Torres, from March 2017 – July 2017, and the Firm took over in July 2017.
[2] *See* April 25, 2024 written order.

1

of choice, Alina Habba, was recently sanctioned nearly $1 million by a federal judge,[3] to say nothing of longtime Trump attorney Michael Cohen's actions during his Trump years. Numerous attorneys have withdrawn from representing Mr. Trump or the Campaign.[4] Worse yet, there is an obsession with prevailing against Plaintiff in particular, given the amount of *personal* vitriol towards Plaintiff. [e.g., Mr. Blumetti informed Plaintiff's prior counsel in 2023 that settlement is difficult due to the amount of "bad blood" "from the client" towards Plaintiff.[5]] ***It is thus likely that the Firm was placed in the position of being expected to behave extremely unethically, rather than hand over the information, hence the 'breakdown' and abrupt withdrawal. The Campaign's plan is likely to replace Mr. Blumetti with an attorney willing do its bidding and withhold key documents***. The Campaign seemingly seeks to swap players *in the middle of a play*, replacing its lineman with one willing to engage in dirty hits. This obvious trick cannot be permitted, and certainly not when there is an outstanding, imminently-due discovery order.

COUNSEL CANNOT BE PERMITTED TO WITHDRAW IN THE MIDDLE OF COMPLIANCE ON A PENDING, IMMINENTLY DUE, SPECIFIC ORDER
The Firm cannot be permitted to the withdraw ***in the middle of compliance on a pending, imminently due, specific order***. This is, as aforementioned, ***seeking to swap players on the field while a play is already in motion***. Per Rule 1.4, one of the two factors a Court must consider is the impact of counsel's withdrawal on the timing of the proceedings, e.g., in a recent S.D.N.Y. 2019 case, ***the court <u>denied</u> the Defendants' counsel motion to withdraw because Defendants had a response due in three days and another filing due later that month and those had yet to be fulfilled.*** *New York v. U.S. Dep't of Commerce*, 18-CV-2921 (S.D.N.Y. 2019) The Firm must fulfill its pending/outstanding obligations, until such time as the Motion is ruled upon.

PLAINTIFF *IS* PREJUDICED BY THE FIRM'S WITHDRAWAL
The Motion claims Plaintiff would suffer no prejudice. Plaintiff strongly disagrees and, per S.D.N.Y. caselaw, "***Defendants' mere 'expect[ation] that withdrawal of current counsel will [not] cause any disruption' is not good enough***." <u>Id.</u> Plaintiff would indeed be prejudiced by the Firm's withdrawal, given that there is an imminently due production. Second, Kellyanne Conway's deposition is (at long last) confirmed to take place ***this Thursday, May 2nd***. That would need to be canceled yet again (even after Plaintiff canceled an important medical appointment to accommodate such). Other depositions are scheduled for May 3 and May 6. And, even if no depositions are canceled, Plaintiff nonetheless needs the ***complaints-production prior*** to Thursday's/any deposition, as such is relevant to all remaining depositions. ***If this Court is to grant the withdrawal, it should condition such on the Firm first completing/fulfilling the compliance ordered in the April 25th Order and any outstanding questions/matters tied into that Order***. There is no emergency, to Plaintiff's knowledge, requiring that a wrench be thrown.

---

[3] *See* Order by Hon. Donald Middlebrooks, Southern District of Florida, 2:22-cv-14102-DMM.
The same lawyer, Ms. Habba, 'represented' Eric Trump, third-party witness, in this matter at his March 13, 2024 deposition, ***yet had filed no Notice of Appearance in the case***. Second, Ms. Habba supplied an improper privilege log that does not comply with S.D.N.Y. rules and has subsequently refused to provide the updated, corrected log.
[4] https://www.forbes.com/sites/brianbushard/2024/01/16/joe-tacopina-steps-down-heres-a-timeline-of-all-the-trump-lawyers-who-have-quit/?sh=3b867d604825
[5] Jason Miller, whose unbridled hatred of Plaintiff is well-documented, is a top advisor in the Campaign and is likely the/a person who makes decisions as the 'client' (or has significant input on such). He would certainly demand that an attorney knowingly conceal or withhold documents that could prove helpful to Plaintiff's case. **In fact, *Mr. Miller has been caught concealing information in another case***, in Florida, to harm / deprive Plaintiff.

IT IS UNCLEAR HOW A "BREAKDOWN" IS POSSIBLE WITH THE ENTITY
The Motion claims there has been a complete breakdown with the Campaign. However, per the Firm's representations earlier this year (the Firm *claims* the Campaign is distinct from the 2024-Campaign), the Campaign has no employees (during the January 2024 hearing, Mr. Blumetti cautioned it would be difficult to ascertain a 30(b)(6) witness, because of this). Yet, *someone* is clearly 'at' the Campaign, given that the Firm: (a) repeatedly conveyed in the past, "I will check with the client." (Who, then, is the human client with whom the Firm confers? Trump? Jason Miller? Susie Wiles? Chris LaCivita?[6]) (Plaintiff asked Mr. Blumetti such on April 9th but received no response. *See* **Attachment A**); *and* (b) had a "breakdown" with, obviously, a human person/s. ***The Firm should be ordered identify the person/s with whom there is a breakdown***, particularly as such is a contradicted by the Firm's prior representations that the Campaign has no employees/executives. Absent such, the Motion's claim that there is a "breakdown" is not credible. In fact, the claim of a breakdown, after seven years of representation, is not credible and is something on which the Firm should need to provide justifying detail to the Court, albeit in camera.

WITHDRAWING FROM REPRESENTATION OF THE INDIVIDUAL DEFENDANTS
The Firm claims that a breakdown has occurred with the Campaign yet the Firm also seeks to withdraw from representing the individual defendants, despite no breakdown with Priebus and/or Spicer. This renders the Motion defective under Rule 1.4.

THE FIRM HAS NOT MOVED TO WITHDRAW IN THE OTHER CASES
The Firm claims there is an irreparable breakdown with the Campaign yet it has not filed a motion to withdraw (at least none is docketed) from representing the Campaign in any other case. [Such also supports the obvious: the Campaign is demanding the Firm behave unethically in *this* case.]

CONCLUSION
Whether to grant or deny a motion to withdraw is in the discretion of the court. *In re Albert*, 277 B.R. 38, 47 (Bankr.S.D.N.Y.2002). The Firm has been counsel in this case for seven years and Mr. Blumetti lead counsel for over four years. The abrupt, mysterious withdrawal-request -- a week prior to discovery closing *and* when a key document-production is imminently due-- should not be granted. Such is unfairly prejudicial and likely part of the Campaign's scheme to avoid compliance. The S.D.N.Y. has denied motions to withdraw when there are filings or discovery due soon. And, if the Firm *is* granted withdrawal, Plaintiff respectfully requests that the withdrawal be conditional on the Firm first fulfilling its outstanding obligations under the current Order (e.g., producing the complaints, which are due imminently, and any outstanding issues related to said Order[7]).

Dated: April 29, 2024               Respectfully and humbly submitted,
                                    *s/Arlene Delgado*
                                    Arlene Delgado
                                    Plaintiff, *pro-se*

---

[6] Trump, LaCivita, Wiles, and Miller run the 2024-Campaign
[7] E.g., In the April 24th hearing, the Court directed Mr. Blumetti to confer with Kasowitz regarding the latter's casefile.

# ATTACHMENT A

**question**

A Delgado <ajdelgado@outlook.com>
Tue 4/9/2024 6:01 PM
To: Jared Blumetti <jblumetti@lhrgb.com>

Mr. Blumetti:

Given Mr. Binnall's position that the 2024 Campaign is a different entity (I do not agree with that), and his statement (as well as yours), that the 'prior' entity has no employees, I have something on which I require clarification from you:

Who, then, is your client? For instance, when you say you are going to speak to "the client," who is that, if this entity no longer exists and has no employees?

Thank you,

AJ