May 1, 2024

Hon. Magistrate Parker
United State District Court, S.D.N.Y.
500 Pearl Street, Courtroom 17D
New York, NY 10007
RE: *update on Defendants' and counsel's refusal to comply with April 24, 2024 Order and more*
VIA: electronic submission through *Pro-Se* Intake Unit

Your Honor,

I write to provide a status update to the court. **It has been *a week* since Your Honor entered your Order and not a single document or shred of information, ordered in Your Honor's April 24th Order, has been produced, even though discovery ends in few days.**

On April 24, 2024, this Court ruled that Defendants have to hand over information they had strongly resisted handing over – namely, complaints of gender discrimination, pregnancy discrimination, and sexual harassment from the 2020 election cycle. There documents were and are *imminently* due.

On Friday afternoon, April 26, Jared Blumetti, Defendants' counsel, filed a Motion to Withdraw, citing an **irreparable breakdown with the Defendant-Campaign** in particular.

It is abundantly clear – to any observer – what has occurred here: the client likely told the attorney not to produce the documents (or only some); the attorney declined to violate his ethics; and the irreparable breakdown occurred.

Two days ago, on Monday morning, April 29, Plaintiff filed an Objection, noting this was an obvious scheme to avoid compliance with the Order. **Plaintiff noted this was the Defendant-Campaign seeking to swap players on the field, mid-play. Plaintiff also cited S.D.N.Y. caselaw in which a defendant's counsel was not permitted to withdraw because various filings were due shortly.**

Later that morning, this Court entered an order, directing that Defendants' counsel was to continue working and that an *ex-parte* hearing would be held between Defendants' attorney and Defendants/client (but who are the humans that make up the Defendant-Campaign/client?) about the motion to withdraw.

The Defendant-Campaign and Mr. Blumetti completely ignored Monday morning's Order, continuing the disappearance. **Two emails from Plaintiff to Mr. Blumetti on Monday, asking for the documents, were ignored**. Mr. Blumetti finally re-appeared late Tuesday afternoon (yesterday afternoon), claiming he had been "ill," **and offering to connect about the documents due, saying he was available between 10 am and 1 pm the next day** (today, Wednesday, May 1st). Plaintiff asked that the documents-ordered-to-be-produced, as well as the name of the HR director (also ordered produced), be provided to her that day, so she would have them, in part, prior to the Kellyanne Conway deposition on May 2nd but also to avoid receiving the documents at the last minute.

1

Mr. Blumetti ignored the email.

Plaintiff called Mr. Blumetti this morning at 10:20 am (i.e., during the time-frame he said he would be available to speak). Incredibly, there was no answer, nor any answer to the follow-up email she sent. She tried *again* at 11:30 am and again there was no answer.

Shortly thereafter, this Court entered an Order announcing it would hold a hearing today, at 3 pm, *ex-parte*, between Mr. Blumetti and the Defendants (again, *who* – what human? - is the Defendant-Campaign client?).

The Plaintiff, again, objects to Defendants' counsel being permitted to withdraw. The Defendant-Campaign's scheme here is obvious and, **by permitting Mr. Blumetti to withdraw -- without first requiring that he comply-- would mean this honorable Court approves of, condones, and ratifies an obvious scheme to conceal documents and commit fraud on this Court, greatly harming Plaintiff. Plaintiff is confident that such is not the case.**

**_There is absolutely no valid reason for Mr. Blumetti to be permitted to withdraw prior to providing the (already overdue) documents and information in his possession, other than to enable the Campaign to commit fraud on the Court and in his case._**

Plaintiff also raises concerns herein regarding this Court's fast-tracked accommodation of the Defendants, compared to earlier treatment of *other* motions to withdraw. Consider, e.g., when Plaintiff's most recent attorney (Mr. Odle) moved to withdraw, he did so on December 1st. Yet the *ex-parte* hearing on his withdraw-motions was not held until 11 days later. Similarly, when the other prior counsel (Mr. Phillips) moved to withdraw (on August 9, 2023), the *ex-parte* hearing was set for August 22nd (nearly two weeks later). In contrast, the Court appears to be rushing to accommodate Mr. Blumetti's withdrawal-- the motion was filed Friday afternoon and a hearing is happening this afternoon -- even though, unlike in other withdrawals, there is *a pending, outstanding, imminently due discovery order* this time.

Plaintiff also respectfully reminds this Court that, when Plaintiff's attorneys withdrew, Plaintiff's attorneys were probed, by the Court, as to attorney-client privileged areas. Plaintiff asks that the same be done, and the same treatment applied, during the *ex-parte* hearing this afternoon, when the position of "We cannot get into that, that is attorney-client privileged" will undoubtedly be taken. The Court did not suffer/permit that for Plaintiff and *her* attorneys.

Why, Plaintiff respectfully asks, is this Court seeking to fast-track Mr. Blumetti's withdrawal, when it is aware of an apparent scheme to withhold production of key, overdue, court-ordered documents, **with the attorney seeking to exit the case without first complying with an outstanding order, so that he can be replaced with an attorney who will commit fraud on the Court (likely only producing some documents and hiding the rest)?** (There are no shortage of such attorneys, surrounding Trump World.)

Plaintiff also respectfully reminds the Court that this is a very sensitive situation, and Mr. Blumetti likely cannot simply exit so easily, if he is aware of intent to commit wrongdoing by the client. **There are obligations, both as an officer of the Court and as a member of the Bar, on Mr. Blumetti to disclose to Plaintiff and to the Court, publicly, if the Defendant instructed Mr. Blumetti to commit fraud on the Court or in this case.**

2

In conclusion, it is also incredibly prejudicial and unfair to Plaintiff that she has to spend time on this today, versus preparing for a key deposition that is tomorrow morning.

Plaintiff again respectfully re-iterates:
1) Her objection to Mr. Blumetti's withdrawal;
2) **Her request that, if Mr. Blumetti is permitted to withdraw, that he not be permitted to withdraw in the midst of a pending, <u>overdue</u>, discovery order from a full week ago, which he and his client have flagrantly ignored, and instead first be required to comply first;**
3) Plaintiff asks, given that she objects to the withdrawal, that the Court **also hold an open hearing on which Plaintiff may be heard**, separate from its *ex-parte* hearing, especially given the lingering questions that are not attorney client privileged (e.g., who is the client/Defendant-Campaign? Why is Mr. Blumetti not withdrawing from the other cases? Etc. These are a matter of public interest, as well as highly relevant to this case and the Defendants' credibility and fraud); and
4) Plaintiff asks that Mr. Blumetti be made to identify who the "client" is, given that the Campaign/Mr. Blumetti has repeatedly taken the position that the Campaign 'exists only on paper'. Mr. Blumetti's Motion to Withdraw essentially claims to have had a breakdown with a ghost/dead entity. That should not be handled in the secrecy of chambers, as it contradicts public positions the Defendants have taken.

Respectfully and humbly submitted,
*s/ Arlene Delgado*
Plaintiff, *pro-se*