May 6, 2024

Hon. Magistrate Parker
United State District Court, S.D.N.Y.
500 Pearl Street, Courtroom 17D
New York, NY 10007
**RE**: *Renewed Objection to Withdrawal* and *Objection to Substitution of Any Counsel* and *Motion to Compel documents*
VIA: electronic submission through *Pro-Se* Intake Unit and to chambers directly

Your Honor,

I am the *pro-se* Plaintiff in the above-mentioned matter, hereinafter referred to in first person or as "Plaintiff."

On Friday afternoon, May 3, 2024, afternoon, Defendants' counsel, Mr. Blumetti, submitted a stipulation, seeking approval from the Court to permit substitution with another firm, exactly as Plaintiff and observers deduced was the rather-obvious ploy behind the ***abrupt-and-mysterious withdrawal in the midst of an imminently-due, pending discovery order***: have Mr. Blumetti withdraw … and then bring in another law firm that is hopefully willing to do the bidding of the Campaign-client and withhold certain documents from the production or, at best, delay production of the documents merely by virtue of the chaos the withdrawal creates in the midst of a pending order and discovery ending.
[NOTE: On Sunday afternoon, May 5th, Plaintiff was informed by a partner within Dhillon Law Group that the firm is *not* entering the case after all but, nevertheless, the following concerns and objections remain, unrelated to any law firm entering the case.]

THE STIPULATION ITSELF IS INVALID
The Stipulation is invalid. On such stipulations, all defendants are to sign, to reflect their approval of the substitution. Yet, for Donald J. Trump for President, Inc., there is only what appears to be a circle, drawn with a pen, and no signature. Image below:



There is, moreover, **no printed name underneath the signature**, denoting who signed. Thus, who signed? A random stranger? Mr. Blumetti? A child? The entire point of the signatures is to denote approval and the identity of the ***signatory*** is key.

If a clear signature and knowledge of who signed were not required, the signatures themselves, denoting approval, would not be required, on any stipulation of consent.

MOTION TO COMPEL AS TO CLIENT'S IDENTITY
Plaintiff hereby files a Motion to Compel, regarding the identity of the Defendant-Campaign client. It is readily apparent that, despite claiming Donald J. Trump for President, Inc. (which became Make America Great Again PAC), exists 'only on paper' and has 'no executives or employees', there is an actual person/s with control. Indeed, Mr. Blumetti clearly confers with a person or persons who has control: (a) He repeatedly has made statements, throughout this case, such as "I will need to check with the client" and (b) most recently suffered an "irreparable breakdown" with the Campaign-client, meaning with a person or persons (it is not possible to have a "breakdown" with an entity).

Plaintiff asked Mr. Blumetti during a brief call on Wednesday afternoon, May 1st, to identify the client and Mr. Blumetti refused, stating that such is privileged. It is not. The Southern District of New York and, more importantly, the Second Circuit, has made this clear. See *HSH Nordbank AG New York Branch v. Swerdlow*, 259 F.R.D. 64 (S.D.N.Y. 2009) "**there is no privilege as to a client's identity",** citing *Lefcourt v. United States,* 125 F.3d 79, 86 (2d Cir.1997).

PLAINTIFF'S CONTINUED OBJECTION TO THE WITHDRAWL BECAUSE THERE IS NO *DEMONSTRATED* BASIS FOR THE WITHDRAWAL NOR ANY DEMONSTRATED BASIS FOR THE COURT TO APPROVE A SUBSTITUTION
Plaintiff continues to object to the withdrawal and also to an unnecessary substitution of counsel, which will inevitably cause delays and increased tension in this already-contentious case. A substitution of counsel is not automatic and requires approval from the Court.

***This Court must keep in mind that Mr. Blumetti has not moved to withdraw from representing the Defendant-Campaign in another, similar case in NY State Court (a lawsuit by another staffer, NY State 101616-2017), which calls into question the credibility of the Motion to Withdraw or the need for any substitution of counsel. (The Motion claimed an irreparable breakdown with the Defendant-Campaign, yet such is contradicted by Mr. Blumetti continuing to work with the Campaign on another case.)***

Mr. Blumetti has yet to demonstrate there *actually* was an irreparable breakdown (as is apparent from Your Honor's Thursday, May 2nd Order, stating insufficient information had been provided to the Court, either in Mr. Blumetti's declaration or in the in-camera, *ex-parte* meeting with Your Honor on Wednesday afternoon, May 1st.) As such, Mr. Blumetti should not be permitted to withdraw, nor should any substitution of counsel be permitted, given the delays such would cause.

THERE IS NO REASON TO PERMIT THE WITHDRAWL OR SUBSTITUTION OF COUNSEL IN THE MIDST OF A PENDING DISCOVERY ORDER (April 24, 2024 Order)
As stated in the Plaintiff's prior objections to the withdrawal, this is a clear attempt by Defendants *to **avoid compliance with the documentation/information due to the Plaintiff under the April 24, 2024 Order***. As every reasonable observer has rightly gathered, it must be reasonably inferred that the 'breakdown' here was caused by Mr. Blumetti's intent to comply

with the Order and to produce the documentation to Plaintiff, and the client refusing to allow such (given the amount of "bad blood" the client holds towards Plaintiff). The client now seeks to replace Mr. Blumetti, with any law firm that it hopes will, out of eagerness to curry favor with former President Trump and the 'Trump World', become "creative" with the production.

URGENT MOTION TO COMPEL
As for May 6, 2024, Plaintiff has yet to receive any documentation of the complaints during the 2020-cycle and, given Mr. Blumetti's Motion to Withdraw and disappearance for days, plus the 'around the corner' discovery-closure date, a 30b6 deposition on such was rendered unrealistic and impossible (Mr. Blumetti moved to withdraw on Friday, April 26th and only resurfaced on late Tuesday, April 30th. Kellyanne Conway's deposition would be that Thursday, May 2nd and Mr. Parscale's on Tuesday, May 7th – there is no room for the 30b6 deposition, as Mr. Blumetti was clearly aware.)

It is May 6, 2024 and the documents (which were ordered, two weeks ago, on April 24, 2024, to be provided via production, interrogatories, or a 30b6 deposition), have yet to be provided (nor, to be clear, was any email ever sent to the Plaintiff proposing a date and time, and witness, for a 30b6 deposition).

Plaintiff again invokes the option of the documents themselves produced, with a sworn declaration accompanying same. These documents were due in the course of ordinary production anyway (they were requested in the fall of 2022 production requests) and, as such, the 30b6 deposition would only have been supplemental to the documents' production.

***Plaintiff respectfully requests that this Court order the production of the documents by 5 pm today, via Mr. Blumetti. The latest the documents are due under the April 24, 2024 Order, in any event, is May 7th. Plaintiff is taking the deposition of Mr. Parscale tomorrow morning, who was the Campaign Manager for much of the 2020 election cycle, and Plaintiff should be able to review said documentation in preparation for the deposition.***

Respectfully and humbly submitted,

*s/Arlene Delgado*
Arlene Delgado
Plaintiff, pro-se