May 6, 2024

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: __5/6/2024__
```

Hon. Magistrate Parker
United State District Court, S.D.N.Y.
500 Pearl Street, Courtroom 17D
New York, NY 10007
**RE**: *continuation of deposition of Brad Parscale*
<u>VIA</u>: electronic submission through *Pro-Se* Intake Unit and to chambers directly

Your Honor,

I am the *pro-se* Plaintiff in the above-mentioned matter, hereinafter referred to in first person or as "Plaintiff."

As your Honor may recall, the Court, on April 11, 2024, limited Mr. Parscale's April 12, 2024 to only 2.5 hours, because his counsel, Mr. Stanley Woodward, had another hearing that afternoon on another case. Plaintiff promptly filed an objection later that day, arguing that this was a violation of her due process, given that the Rules permit up to the seven hours of deposition, and stating this limit would not be placed on Plaintiff if she were an attorney in the case. The Court issued another order, holding the limit would remain in place but noting that Plaintiff could ask for additional time if the 2.5 hours proved too short. The time indeed proved too short and Plaintiff promptly filed a request for more time. Mr. Parscale's counsel, Stanley Woodward, filed an objection. On April 24, 2024, the Court granted an additional three hours. The continuation of the deposition was subsequently coordinated with Mr. Woodward, to take place on Tuesday morning, May 7th (tomorrow).

It has just come to Plaintiff's attention, via the court reporting agency, that a copy of Mr. Parscale's deposition – a rush copy – was ordered last week by Mr. Woodward, subsequent to the Court green-lighting the continuation of the deposition.

Plaintiff writes to the Court to state that such has effectively violated Court rules and all norms. The deposition taking place tomorrow is a ***continuation of the first deposition*** (a splitting into Part 1 and Part 2 that occurred because Plaintiff was denied the adequate time to which she is entitled with a witness, in one sitting). ***By ordering the transcript, <u>mid-deposition</u>, it is apparent that Mr. Woodward and his client, Mr. Parscale, have reviewed his testimony and discussed his testimony, effectively in the <u>middle</u> of a deposition.***

Mr. Woodward will undoubtedly claim that he only ordered the transcript to avoid the same question being asked twice. But such is still not a valid justification. In a one-sitting deposition, neither side has the benefit of knowing what question has already been asked as no one has the transcript halfway through. One can simply object, "Asked and answered", and the witness thereupon answers (which can be stricken later if indeed the question was redundant). What Mr. Woodward has done is to obtain a transcript of the first portion of the deposition – *mid*-deposition. Regardless, Plaintiff respectfully requests that:

(a) Mr. Woodward be ordered to submit a sworn declaration that he has not shown the transcript to Mr. Parscale; provided the transcript to Mr. Parscale; or discussed the transcript or the testimony provided on April 12th with Mr. Parscale, by 5 pm today.
(b) the Court also order that, same as Plaintiff is not permitted to ask any question already asked (per April 24, 2024 order), Mr. Parscale is, conversely, not permitted to re-issue any answer already given – i.e., to 'clean up' or 'revisit' any answer he previously provided.
(c) the Court also order Mr. Woodward to provide a copy of the transcript, by 5 pm today, to Plaintiff via email, so as to not lead to a further advantage the witness has or a situation where Mr. Woodward, at best, claims, "You already asked this", citing a transcript in front of him which only he has in possession. Absent such, what is occurring tomorrow is that one party obtained a transcript of the first half of the deposition, mid-way through, and intends to rely on it… but has not shared it with the other side.

Respectfully and humbly submitted,

*s/Arlene Delgado*
Arlene Delgado
Plaintiff, pro-se

---

Plaintiff's request that Mr. Woodward be required to submit a sworn declaration that he has not shown the deposition to Mr. Parscale is DENIED. There is no rule that prohibits a party from reviewing a deposition transcript in advance of a continued deposition. Plaintiff cites no case law to the contrary.

Plaintiff's second request is also DENIED.

As for Plaintiff's third request, Mr. Woodward shall provide a copy of the transcript to Plaintiff via email by 7PM tonight.

SO ORDERED:

*Katharine H. Parker*   5/6/2024
HON. KATHARINE H. PARKER
UNITED STATES MAGISTRATE JUDGE