May 6, 2024

Hon. Magistrate Parker
United State District Court, S.D.N.Y.
500 Pearl Street, Courtroom 17D
New York, NY 10007

<u>RE</u>: ***Supplement to May 6, 2024 objection to Stipulation regarding Schulman Bhattachary firm***
<u>VIA</u>: electronic submission through *Pro-Se* Intake Unit and to chambers directly

Your Honor,

I am the *pro-se* Plaintiff in the above-mentioned matter, hereinafter referred to in first person or as "Plaintiff."

Plaintiff apologizes for the number of filings today but the circumstances are not of Plaintiff's making – rather, of Defendant-Campaign's.  This is a Supplement to the renewed ***objection to attempts to substitute counsel, in the midst of a pending, imminently due discovery order.***

As Plaintiff has repeatedly noted to the Court, all reasonably observers would infer what is occurring here is an attempt by the Defendant-Campaign, including Mr. Blumetti, ***to permit Mr. Blumetti (who is unwilling to commit fraud on the Court and withhold/or selectively-product the documents the client was ordered to produce, hence the 'breakdown' with the client) to quietly exit and be replaced with a law firm willing to do the client's bidding. There is no reason to permit this utterly-last-minute 'swap' mid-play, especially when the Court is aware that it would be prejudicial not only to Plaintiff but to the interests of honesty and justice***. It is abundantly obvious the scheme that is occurring here, and Plaintiff respectfully requests that this honorable Court not permit such.

The new law firm, **Schulman Bhattachary**, that the Defendant-Campaign is seeking that this honorable Court approve as counsel is, per *Department of Justice filings*, ethically compromised, to put it lightly. This is exactly the type of law firm Plaintiff predicted, last week, would be brought on and, without fail, exactly what has occurred. This Court denied the Plaintiff access to the Defendant-Campaign's storage-server. As such, Plaintiff argues it is now, respectfully, incumbent upon this Court, more than ever, to ensure the integrity of these proceedings. <u>***A law firm whose founding partner was indicted by the U.S. Department of Justic, for 11 criminal counts, including alleged fraud and falsifying documents, is precisely the type of law firm that cannot be permitted to enter this case, and certainly not, at a bare minimum, before the documents have been produced***</u>. What the Defendant-Campaign is attempting to do here is a travesty of justice and cannot be permitted.

Below is a glimpse of the headlines surrounding this firm, including from the Department of Justice press releases:

# Maryland Lawyer Charged with Defrauding Financial Institutions and Other Entities to Obtain Control over $12.5 Million of Somali Sovereign Assets

Thursday, December 3, 2020

Share >

For Immediate Release

Office of Public Affairs

A Maryland lawyer was charged in an 11-count indictment for his alleged role in a scheme to fraudulently obtain control of more than $12.5 million that was held by financial institutions on behalf of the Somali government, to improperly take part of those funds for fees and expenses, and to launder a portion of those funds to accounts for the benefit of his co-conspirators.

Acting Assistant Attorney General Brian C. Rabbitt of the Justice Department's Criminal Division, U.S. Attorney Robert K. Hur of the District of Maryland, Special Agent in Charge Jennifer C. Boone of the FBI's Baltimore Field Office, and Special Agent in Charge Kelly Jackson of the IRS-Criminal Investigation's Washington D.C. Field Office made the announcement.

Jeremy Schulman, 47, of Bethesda, Maryland, was charged in an indictment filed in the

The prosecution's narrative details how Schulman, with the collaboration of certain Somali government officials and associates, fabricated documents and misled banks about his legal authority to manage and retrieve the Somali government's funds. These actions were part of a broader strategy to gain control over the $12.5 million that was eventually unfrozen.

Approval of substitution of counsel, including considering the quality of the attorneys, is soundly within the discretion of the trial court. The right to counsel of one's choice is not absolute and never has been. The Plaintiff respectfully requests that the substitution of counsel be denied due to (a) Mr. Blumetti and the Defendant-Campaign providing no demonstration that there was an actual breakdown in their relationship; (b) the proposed new firm's indisputably troubling, per

the Department of Justice itself (!), record (surely, this Court likely shies away from approving substitution of a law firm indicted for fraud); and (c) at a minimum, even if this Court permits a firm-indicted-over-fraud to enter this case, Plaintiff respectfully requests that the issue first be heard at a hearing and that it only be permitted to substitute after the documents have been produced (which are due by tomorrow).

                                                  Respectfully and humbly submitted,

                                                                             *s/Arlene Delgado*
                                                                               Arlene Delgado
                                                                               Plaintiff, pro-se