

| | | |
|---|---|---|
| Steven W. Gold | Peter Guirguis | **Senior Counsel** |
| Steven G. Mintz* | Andrew R. Gottesman | Jack A. Horn |
| Jeffrey D. Pollack* | Matthew S. Seminara | Noreen E. Cosgrove |
| Elliot G. Sagor | Julia B. Milne | Timothy J. Quill, Jr. |
| Ira Lee Sorkin | James W. Kennedy | |
| Lon Jacobs | Ryan W. Lawler* | **Of Counsel** |
| Steven A. Samide | Andrew A. Smith | Honorable Vito J. Titone (*dec.*) |
| Scott A. Klein | Amit Sondhi | NY State Court of Appeals 1985–1998 |
| Terence W. McCormick*** | Brett Joshpe | Harvey J. Horowitz (*dec.*) |
| Robert B. Lachenauer | Michael Mooney | Honorable Howard Miller |
| Roger L. Stavis | Adam K. Brody | NY Appellate Div. 1999–2010 [ret.] |
| Charles A. Ross** | Andrew E. Steckler | Alan Katz |
| Richard M. Breslow | Alex J. Otchy* | Eric M. Kutner |
| Barry M. Kazan* | Philip Tafet | Andrew P. Napolitano° |
| Craig D. Spector* | Carli M. Aberle | Brian T. Sampson |
| Kevin M. Brown | Zachary J. Turquand | Erica Nazarian |
| Alexander H. Gardner | Kellyann T. Ryan | Tara Shamroth |
| Heath Loring | Sitie "Esther" Tang | Jared Van Vleet |

*Also admitted in New Jersey
**Also admitted in Florida
***Also admitted in California

°Admitted to practice only before all courts
in New Jersey and all Federal Courts in New York City

May 7, 2024

<u>Via ECF</u>
Hon. Katharine H. Parker
United States Courthouse
500 Pearl St.
New York, NY 10007-1312

        Re:    Delgado v. Donald J. Trump For President, Inc. et al.
              <u>No. 1:19-cv-11764-AT-KHP</u>

Dear Judge Parker:

      This Firm represents Fox News Network, LLC ("<u>Fox News</u>") and Fox Corporation ("<u>FOX Corp</u>," and together with Fox News, "<u>Fox</u>"). We write in response to Plaintiff's "Motion to Compel," set forth in her letter filed on April 10, 2024 (ECF 240), and pursuant to Your Honor's subsequent Order entered on April 24, 2024 (ECF 265).

      At the outset, Fox respectfully refers the Court to the responses and objections that were served in response to Plaintiff's subpoena. Copies of Plaintiff's subpoena and Fox's responses and objections are attached as <u>Exhibits A</u>, <u>B</u>, and <u>C</u>, respectively.[1] Fundamentally, although Plaintiff apparently has a dispute with former President Trump's 2016 campaign and the other defendants arising out of alleged gender and pregnancy discrimination, neither her First

---

[1]     Plaintiff did not attach any of these documents to her purported motion to compel. As the Court will observe, Plaintiff's subpoena was addressed to "FOX Corp/Fox News Network, LLC" and was served on Fox News's agent, CT Corporation. Because Plaintiff's subpoena was ambiguous as to which Fox entity she sought discovery from, out of an abundance of caution this Firm served separate objections and responses on behalf of both FOX Corp and Fox News. Plaintiff's April 10 letter does not shed any further light on which entity she sought to subpoena, but simply doubles down on blending the two companies together as "FOX."



May 7, 2024
Page 2

Amended Complaint nor her purported motion to compel identifies any role whatsoever played by *Fox* in the allegedly discriminatory decision to deny her a White House job. Nevertheless, Plaintiff wishes to conduct an invasive search of a national news organization's files, guided only by her evident speculation that persons close to the Trump campaign might conceivably have gossiped about her with one or more Fox employees. For the following reasons, the Court should protect Fox, a third party, from such an unjustified burden and expense. Fed. R. Civ. P. 45(d).

*First,* upon receiving Fox's objections, Plaintiff did not endeavor to meet and confer with this Firm prior to filing her motion to compel. While Plaintiff is self-represented, we also note that her First Amended Complaint alleges that she is a graduate of Harvard Law School and she is therefore chargeable with knowledge of how civil discovery is supposed to work. Fox understands and respects the Court's efforts to ensure that a pro se plaintiff obtains due process, but at this point Plaintiff certainly must know she cannot enlist third parties to task their IT personnel to assist her in a fishing expedition through "the FOX servers" for documents that should be obtained in the first instance from Defendants.

And there is an obvious reason why Plaintiff did not seek to meet and confer—***she doesn't want to.*** Instead, Plaintiff wants to make Fox do her work for her, evidently speculating that someone at Fox may have been in communication with one of the Defendants and that some email or text message might somehow have something to do with Plaintiff's claims. But Fox is neither a Defendant nor even implicated by any transaction or occurrence forming the basis for her claims against Defendants in the First Amended Complaint.

While Plaintiff's April 10 letter dismisses Fox's objections on grounds of undue burden as a "popular boilerplate objection," it is fundamental that requests to a third party (like Fox) for "*any and all documents*" relating to a particular subject in a Rule 45 subpoena, coupled with the phrase "*including but not limited to,*" is an impermissible "fishing expedition" prohibited by the Rule. See, e.g., Morocho v. Stars Jewelry by A Jeweler Corp., 345 F.R.D. 292, 294 (S.D.N.Y. 2024) (citing, inter alia, Henry v. Morgan's Hotel Grp., Inc., No. 15-cv-1789 (ER)(JLC), 2016 WL 303114, at *2 (S.D.N.Y. Jan. 25, 2016)). Moreover, Fox News and FOX Corp explained in their objections the reasons why the requests were overbroad—Plaintiff seeks communications from the program staff of *every* Fox News and Fox Business show and from Mr. Bowman and every member of his staff. Plaintiff's proposal that Fox could effortlessly search through the haystack with a keyword search of "mere minutes" gives short shrift to the burden that Fox would incur in complying with the subpoena. As Ms. Delgado admits, she herself appeared on Fox News on many occasions. Searching for eighteen months of records including the words "Arlene," "Delgado," "Jason Miller," "AJ," "A.J.," "pregnant," and "pregnancy" would likely yield numerous irrelevant search results (most likely all of them)—to say nothing of the effort required to search the myriad number of employees' cell phones that Plaintiff demands be searched. This is an abusive subpoena, and the Court should not compel Fox to comply with it.

**Mintz & Gold LLP**
600 Third Avenue, 25th Floor, New York NY 10016

**O** 212.696.4848  |  **F** 212.696.1231
mintzandgold.com



*Second,* Plaintiff's overreaching subpoena to a news organization is objectionable for the additional reason that the subpoena was not only served far too late in the process but also did not afford adequate time for Fox to comply. Although the subpoena specifies a return date of April 10, 2024, Plaintiff did not effect service upon Fox News's registered agent, CT Corporation, until April 8, 2024—a mere two (2) days before the return date—and it was not until April 9, 2024 (the last day to serve objections pursuant to Fed. R. Civ. P. 45[d][2][b]) that Fox News's legal department even *received* the subpoena. The motion to compel should be denied for that reason alone. Moreover, the notion of fishing for documents from Fox appears to have been an afterthought that only occurred to Plaintiff after the fact discovery deadline had passed, with the exception of certain specifically authorized depositions.[2] If Plaintiff is permitted to abuse the discovery process in this manner simply because high-profile defendants connected to a presidential candidate have press contacts, it would set a dangerous precedent. Other litigants suing political figures would be incentivized to turn every other news organization in the country into a discovery engine in contravention not only of the First Amendment but also the unmistakable mandate in Rule 45(d) to protect third parties from undue burden and expense.

Fox adheres to each of its other objections to the subpoena (see Exhibit B and C), including potential Shield Law issues, and looks forward to discussing them with the Court at the conference on May 9th.

Respectfully submitted,

Steven G. Mintz

Att.

Cc: Arlene Delgado (via ECF)
Counsel for Defendants (via ECF)

---

[2] Fox notes that, after several previous extensions of the deadline for fact discovery, Plaintiff's prior counsel had requested an additional extension of the cutoff date (ECF 162). However, that application to extend discovery was granted on the *limited* basis of extending the discovery cutoff date to December 29, 2023, and then *solely* for the purpose of conducting two party depositions (not for document subpoenas or other fact discovery), while authorizing Plaintiff to make a subsequent request for leave to conduct third party depositions. The application was otherwise denied. The Court later adhered to the December 29, 2023 fact discovery cutoff, again with limited exceptions for the conduct of third-party depositions. (ECF 173.) While Plaintiff's April 10 letter makes an ambiguous reference to the Court's having "briefly acknowledged" her request for document subpoenas at a March 26 conference, nothing in the Court's orders suggests that further post-cutoff document discovery was ever authorized. The transcript of the March 26 conference reveals only that when Plaintiff advised the Court she had obtained subpoenas "for documents only," the Court responded in real time "[f]or the documents. Okay. Great." (Tr. at 8-9.) There is no indication that the Court affirmatively considered or addressed whether those subpoenas would be timely in light of the fact discovery cutoff. Fox continues to believe it is *Plaintiff*, not Fox, who misreads the Court's orders.

**Mintz & Gold LLP**
600 Third Avenue, 25th Floor, New York NY 10016

O 212.696.4848 | F 212.696.1231
mintzandgold.com