# SCHULMAN**BHATTACHARYA**   6116 Executive Boulevard, Suite 425, North Bethesda, Maryland 20852 240.356.8550

**JEFFREY S. GAVENMAN**

**direct dial** 240.356.8553   **email** jgavenman@schulmanbh.com

May 8, 2024

**VIA ECF**

Hon. Katharine H. Parker
Magistrate Judge
United States District Court
Southern District of New York
500 Pearl St., Courtroom 17D
New York, NY 10007

Re: *Delgado v. Donald J. Trump for President, Inc., et al.*
Case No. 1:19-cv-11764-AT-KHP
Plaintiff's May 7, 2024 Letters

Dear Judge Parker:

We write in regard to the May 7, 2024 Letters to Your Honor (ECF Nos. 287 and 288, hereinafter "May 7 Letters") filed by Plaintiff Arlene Delgado ("Plaintiff" or "Ms. Delgado"). Ms. Delgado's May 7 Letters object to the Stipulation and Proposed Order of Substitution and Withdrawal of Counsel (ECF No. 280) filed on May 6, 2024 by the undersigned (as proposed new counsel for Defendants Donald J. Trump for President, Inc., Sean Spicer, and Reince Priebus (collectively, "Defendants")) and Defendants' counsel of record that wishes to withdraw (LaRocca, Hornik, Greenberg, Kittredge, Carlin & McPartland LLP, and its attorneys Amy Carlin, Patrick McPartland, and Jared E. Blumetti).

In addition to being incorrect on the merits, the first May 7 Letter (ECF No. 287) is nothing short of shameful, as it includes salacious and entirely improper allegations aimed at tarnishing the reputation of a law firm, one of its founding members, and – by extension – the undersigned. This desperate attempt to block a completely valid substitution of counsel should be rejected for multiple reasons.

*First*, Plaintiff's assertion that the proposed substitution of counsel is some kind of last-minute, end-around Defendants' discovery obligations is entirely incorrect. Yesterday, May 7, 2024, Defendants filed a Status Report (ECF No. 289), as Ordered by this Court. ECF No. 265. As explained in this Status Report, discovery has now closed, and Defendants have met all of their discovery obligations in this case. Specifically, while "plaintiff has (i) noticed certain non-party depositions that have not been completed, and (ii) served contention interrogatories on the individual defendants that will be responded to in the ordinary course," Defendants otherwise take the "position that discovery in this matter is complete." ECF No. 289, p. 2. Plaintiff's claims in her first May 7 Letter regarding "a pending, imminently due discovery order" are, therefore, incorrect and, further, moot.

*Second*, in referencing the indictment – the dubious merits of which will be explained below – of Jeremy W. Schulman, one of Schulman Bhattacharya, LLC's founding members,

SchulmanBH.com

Plaintiff attempts to smear, by association, an entire law firm and the undersigned. This insinuation, based on mere allegations against one member of Schulman Bhattacharya, LLC, is unprofessional and borders on incredulous.

**_Third_**, and most importantly, the allegations in the referenced indictment have been vehemently opposed by Mr. Schulman and are subject to a Motion to Dismiss the Indictment Based on Newly Discovered Evidence of Prosecutorial Misconduct. *See U.S.A. v. Schulman* (Case No. 8:20-cr-00434-PX), pending in the United States District Court for the District of Maryland. That same court has already found that numerous witnesses who possess exculpatory evidence for Mr. Schulman are unavailable for trial due to the government's pre-indictment delay and thus Mr. Schulman has been prejudiced by the government's actions. *See* Memorandum Opinion, dated September 28, 2023, ECF No. 308. Moreover, regardless of their merit, or lack thereof, the allegations, at this point, are just that – allegations. They have not been proven. Not even close. Notably, all of the news reports cut-and-pasted into the first May 7 Letter are from years ago and based entirely on the unproven (and unprovable) allegations from the indictment. One of the reports references "[t]he prosecution's narrative" (*See* ECF No. 287, p. 2), and Mr. Schulman is confident it will be shown to be just that – a fiction that is entirely meritless.

Furthermore, notwithstanding what may come of the allegations in the indictment, Mr. Schulman is presumed innocent, and his immaculate professional reputation and record show such presumption is not only mandatory but well-earned. He has not been the subject of any disciplinary proceedings – either relating to the indictment or otherwise – and he has been allowed to practice law during the entire time the indictment has been pending. The suggestion that the indictment would be disqualifying is, therefore, entirely absurd and baseless.

Sadly, this is not the first time that an opponent has attempted – out of desperation or pure malice – to use Mr. Schulman's indictment to its advantage in a lawsuit. As part of litigation in the Circuit Court for Montgomery County, Maryland in which Mr. Schulman was lead counsel for plaintiffs (*Sachs Capital Fund I, LLC, et al. v. EM Group, LLC, et al.*, Civil No. 480195), the defendants brought up the indictment in an attempt to disparage Mr. Schulman's character in opposing plaintiffs' request for attorneys' fees and costs (to which plaintiffs were entitled after prevailing on summary judgment and being awarded relief valued in excess of $65 million). At a hearing on plaintiffs' request for fees, the Hon. Ronald B. Rubin (Ret.) addressed the defendants' contemptuous comments prior to awarding plaintiffs all the fees and costs they requested, stating:

> A couple of things preliminarily. First, I – how do I put this delicately? The suggestions that I should not credit Mr. Schulman's affidavits because of what I'll simply refer to as other pending matters, respectfully, I reject. In this Court's personal experience, since 2009 in litigating business and technology cases, I have had before me on any number of occasions – and I can't count [them] – Mr. Schulman representing parties. Sometimes he's won. Sometimes he's lost. But at all times he has comported himself consistently with the highest ethical standards. So based upon what this Court knows, he is a truthful and ethical person.
>
> I'm aware of what I'm referring to as other matters. To be blunt, those are contentions that to this date, insofar as I know, have not been proven. So for today,

I give that other matter zero consideration. If others disagree, that's certainly their business.  But in my view, based on experience, until, if ever, the other matters reach some different conclusion, my view is based on what I know to be true and what has been proven and demonstrated in this courtroom.  So enough about that.

Transcript of April 27, 2021 Hearing, pp. 36-37, attached hereto as **Exhibit 1**.

As I am sure Your Honor is aware, Your Honor also has personal experience with Mr. Schulman, as he and the undersigned have appeared before Your Honor in *Optionality Consulting Pte. Ltd v. Edge Technology Group, LLC, et al.* (Case No. 1:18-cv-05393-ALC-KHP) in this court. There have been no concerns in that case about the work or ethics of Schulman Bhattacharya, LLC or any of its attorneys.

Not content with slandering the reputation of Schulman Bhattacharya, LLC and one of its founding members, Plaintiff wrote a second letter on May 7, claiming the undersigned should not be permitted to serve as substitute counsel for Defendants because of his representation of third-party witness Brad Parscale.  *See* ECF No. 288.  As the Court is aware, the undersigned was acting merely as local counsel to Mr. Parscale and, as Mr. Parscale testified, he never spoke to the undersigned prior to his deposition or outside of attending his deposition.  Plaintiff's concerns that the undersigned is somehow in possession of "secret information" are completely ill-founded and, regardless, irrelevant.  Even if Mr. Parscale had provided me with "secret information," a conflict would arise only if such information was adverse to Defendants.  *See Smothers v. County of Erie*, 272 A.D.2d 906 [4th Dept 2000] (concluding Supreme Court did not abuse its discretion in denying motion of plaintiff in medical malpractice case to disqualify attorneys representing defendant because they previously represented plaintiff's treating physician, a non-party, in a deposition in the case, stating: "Plaintiff failed to prove that she had a prior attorney-client relationship with those attorneys, nor did she establish that the interests of her nonparty treating physician and defendant are materially adverse").  Plaintiff also asserts that the withdrawing attorneys have not demonstrated an actual breakdown in communications, as they noted in their withdrawal motion. *See* ECF No. 268, p. 1 ("[T]he primary reason for the Firm's motion is due to an irreparable breakdown in the attorney-client relationship between the Firm and the Campaign.").  But such claim is irrelevant now that there has been a substitution of counsel, which does not itself require any reason for former counsel to be substituted.

Defendants are entitled to engage new counsel.  There is nothing pending – in discovery or otherwise – that makes the timing of such substitution suspect.  The allegations in the referenced indictment are not only baseless, but they are aimed at an attorney who has not even sought to be part of this case.  And the undersigned's service as local counsel for Mr. Parscale does not at all prejudice Plaintiff or provide any sort of improper advantage.  The Court should summarily reject Plaintiff's May 7 Letters and permit Defendants to substitute counsel.

Respectfully,

*/s/ Jeffrey S. Gavenman*
Jeffrey S. Gavenman