May 7, 2024

Hon. Magistrate Parker
United State District Court, S.D.N.Y.
500 Pearl Street, Courtroom 17D
New York, NY 10007
**RE**: *motion to compel; renewed motion to compel; and Status Report due by May 7, 2024*
VIA: electronic submission through *Pro-Se* Intake Unit

Your Honor,

I am the *pro-se* Plaintiff in the above-mentioned matter, hereinafter referred to in first person or as "Plaintiff." I write to respectfully submit various motions to compel; renewed motions to compel; and the Court-requested Status Report, as required per the April 24, 2024 Order.

In light of the Court's recent directive that letter-motions should be brief and only to give the Court an idea of what the party seeks opportunity to argue, the descriptions below are brief.

MR. PARSCALE'S DEPOSITION
Plaintiff has taken multiple depositions (Reince Priebus, 30b6, Kellyanne Conway, Brad Parscale, and Eric Trump), pro-se. All had a respectful, friendly, polite tone amongst all attendees, by and large. The deposition of Mr. Parscale (both parts) was the exception – not due to Mr. Parscale but to Mr. Woodward. There are multiple questions the Plaintiff was forced to 'table', to address with the Court. It was particularly egregious in "Part 2" (May 7, 2024), during which Mr. Woodward instructed his client not to answer, on the basis of "relevance." Although Plaintiff noted, and Mr. Woodward is aware, that generally the only basis upon which to instruct a client not to answer is an assertion of privilege, Mr. Woodward claimed that this Court's April 24th Order, granting the additional deposition of Mr. Parscale, which contained a perfectly standard statement that questions posed must be relevant to the case (this is true for every deposition) (p. 3 of April 24th Order), **meant that the Court had given Mr. Woodward special permission to direct his client not to answer, based on whether Mr. Woodward felt the question was relevant to the case or not!** Plaintiff requests Court's relief.

MOTION TO DEPOSE OR FILE WRITTEN INTERROGATORIES ON MR. JUSTIN CLARK
Defendants' counsel has repeatedly taken the position (e.g., at the January 30, 2024 status conference transcript, p. 36-37) that the Campaign (which they claim is a separate entity from the 2024 Campaign) has no individuals and exists on paper. Yet, in the stipulations filed May 3rd and May 6th, there is a *person* signing on behalf of the Campaign: Justin Clark. Plaintiff seeks leave for a limited deposition of Mr. Clark, via written deposition or interrogatory. While most of discovery is due to close on May 7th, the fact is the Defendants hid this until May 6th.

RELATEDLY, MOTION TO COMPEL AS TO CLIENT'S IDENTITY
Plaintiff hereby files a Motion to Compel, regarding the identity of the Defendant-Campaign client. It is readily apparent that Mr. Blumetti clearly confers with a person/s (repeatedly making statement such as "I will need to check with the client" and, most recently, suffering an "irreparable breakdown" with the client – *See* April 26th Motion to Withdraw). Plaintiff asked

1

Mr. Blumetti during a brief call on May 1st yet Mr. Blumetti stated that is privileged. It is not. See *HSH Nordbank AG New York Branch v. Swerdlow*, 259 F.R.D. 64 (S.D.N.Y. 2009) "there is no privilege as to a client's identity"; *Lefcourt v. United States,* 125 F.3d 79, 86 (2d Cir.1997).

MOTION TO COMPEL PRIVILEGE LOG
Third-party witness Eric Trump, via purported counsel[1] Alina Habba, Esq., was deposed on March 13, 2024, *duces tecum*. Plaintiff proposed a small amount of documents and a privilege log. The privilege log does not comply with S.D.N.Y. Rules. Plaintiff brought this to Ms. Habba's attention during the deposition and, in writing, subsequent to the deposition but has received no response. While most of discovery is due to close on May 7th, the Plaintiff had to give reasonable time to the third-party witness in the hopes of compliance. Yet, there was none.

THE DECEMBER 27, 2016 DOCUMENT
This still was not produced.

MOTION TO COMPEL REGARDING KASOWITZ PAYMENTS
Plaintiff seeks leave from the Court to compel the Defendant-Campaign to provide a sworn explanation for the $4.1 million in payments by it *to* Kasowitz Burgos firm, between November 2020 and January 2021. Plaintiff, upon information (which she is not at liberty to disclose herein) and belief, informs this Court that some or all of said payments are directly related, and reflective of, complaints and settlements against the Campaign which, if gender, pregnancy, or sexual harassment related, are already required under Court order.

THE HR DIRECTOR NAME HAS STILL NOT BEEN PROVIDED
On May 7th, 2024, Mr. Blumetti sent Plaintiff in email stating the "understanding" is that "Stephanie Alexander" was the Human Resources Director. Yet, an advisor on the Trump Campaign informed Plaintiff it was Megan Powers; a senior advisor confirmed the same on May 7th; and Mr. Parscale, during his 'Part 2' deposition on May 7th, also confirmed Ms. Powers handled the HR-type of duties. Similarly, when Plaintiff reached out to Ms. Powers via Twitter (who curiously follows Plaintiff), as to whether Ms. Powers was the HR Director, Ms. Powers seemingly 'lawyered up' and referred Plaintiff to an attorney, presumably representing her.

SIMILARLY, THE INFORMATION REGARDING THE COMPLAINTS (2015-2021) STILL NOT TURNED OVER
The Defendant-Campaign waited until the very deadline, May 7, 2024, to produce documentation that it *strongly* resisted producing but was ordered to produce, in the Court's April 24th Order: namely, complaints of gender and pregnancy discrimination ,and sexual harassment, not just from the 2015-2016 cycle but through the 2020-election cycle. **As this Court is aware, this directive led to a complete implosion in the case, covered by national media, when Mr. Blumetti moved to withdraw 24 hours later, citing an "irrevocable breakdown" with a client (Defendant-Campaign) – a client his firm has had on this case since June 2017.**
What was produced on May 7th -- there is no reasonable doubt -- is a **continued refusal to produce the requested documents**. The Campaign has clearly taken the position of "Hide the documents, who's going to know?" What was produced on May 7th is a 'document dump,' 98%

---

[1] Ms. Habba appeared at the deposition of Mr. Trump, on March 13, 2024, but had not and has not filed a Notice of Appearance in this case.

2

of which is public court filings from the Denson v. Trump Campaign case (a 2016-cycle matter, already widely known); a one page complaint from another already-disclosed 2016-matter that was dropped; and a one-page quickly resolved email, saying nothing, from a CA staffer in 2020. ***The Campaign expects this Court to believe that, in the thousands of employees it had in the 2020 cycle; in a cycle that spanned four years; and even though the 2016-Campaign had at least four lawsuits… the 2020 cycle was pure as the driven snow and no one raised any concerns, in four years, of gender, pregnancy, or sexual harassment.*** It is true that this Court cannot *force* the Defendant-Campaign to be honest. That would be to make wine out of water. But it does have options and mechanisms available to it, precisely for circumstances such as this, when a reasonable inference can and must be made that the Campaign-Defendant is more likely than not engaging in bad faith, obstruction, and dishonesty…

PLAINTIFF'S RENEWED MOTION TO SERVE A SUBPOENA ON, OR BE ABLE TO DEPOSE, THE CAMPAIGN'S STORAGE VENDOR REPRESENTATIVE AT 2M
Recently, this Court ruled on the Plaintiff's earlier request, seeking access to the "2M" vendor, at which the Campaign has its documents stored. Defendants objected, though they did not pretend there is a danger of any personal information being obtained, given that this is simply a storage vendor for a corporate entity. Even in Defendants' objection, however, it was admitted that this is allowed in some circumstances. The Court ruled in favor of the Defendants on this.
Given recent events, however, Plaintiff believes the Court has *new* information and new reason to *now* grant the request (as noted above). ***The Motion for access to 2M is no different than the motion this Court granted for access to Don McGahn – both were/are recipients/custodians of relevant documents in this case.***

HAVE NOT BEEN ABLE TO TAKE THE OTHER DEPOSITIONS / UPDATE ON DEPOSITIONS
The Plaintiff has been unable to serve the depositions on Jared Kushner, Lucia Castellano, Michael Glassner, or Stephen Bannon. Once again, the S.D.N.Y. processes failed the Plaintiff: the Clerk took a full week to issue the subpoenas by which point the date on the subpoenas had passed, by the time they would be served.

PROBLEM WITH OTHER DEPOSITIONS DUE TO MCGAHN INTERPRETATION
There is also a problem requiring clarification in that attorneys for McGahn, one of the witnesses, have taken the position that the questions/topics in their deposition are limited to the language found in the Court's Order. *See* Attachment A. This would mean, e.g., that Plaintiff could only ask Ms. Castellano about "employment decisions" by the Campaign.

BRIAN WALSH WAS SERVED
Mr. Walsh was served but has not answered the subpoena.

The Plaintiff seeks Court relief and guidance on all of the above.

Respectfully submitted,
s/Arlene Delgado
Arlene Delgado
Plaintiff, pro-se

ATTACHMENT A

**Plaintiff is permitted to subpoena and depose the following individuals:**

- **Lucia Castellano**, who was identified as the head of Human Resources for the Campaign, and is thus likely to have information relevant to employment decisions by the Campaign.

- **Michael Glassner**, who was identified as counsel for the Campaign during a mediation between the Campaign and Plaintiff to which the breach of contract claim pertains, and is likely to have information relevant to the breach of contract claim.

- **Jared Kushner**, who was identified as having a role in the decision not to hire Plaintiff for a position at the White House, and thus is likely to have information relevant to the discrimination claim.

- **Donald McGahn**, who was identified as an individual involved in the security clearance process for White House personnel during the relevant period, and is likely to have information relevant to Defendants' defense that Plaintiff would not have qualified for a position at the White House due to security clearance issues.

In the event Defendants state a renewed intention to call Kellyanne Conway as a trial witness, Plaintiff may seek leave to depose Ms. Conway in advance of trial. **Plaintiff's request for additional third-party discovery is otherwise DENIED.**