May 7, 2024

Hon. Magistrate Parker
United State District Court, S.D.N.Y.
500 Pearl Street, Courtroom 17D
New York, NY 10007

**RE**: *Second Supplement to May 6, 2024 objection to Stipulation regarding Schulman Bhattachary firm*
<u>VIA</u>: electronic submission through *Pro-Se* Intake Unit and to chambers directly

Your Honor,

I am the *pro-se* Plaintiff in the above-mentioned matter, hereinafter referred to in first person or as "Plaintiff."

Plaintiff respectfully writes to the Court to bring a matter of concern to the Court's attention.

The firm that the Defendant-Campaign now wishes to substitute as counsel (after Dhillon Law Group declined to enter the case after all[1]) is Jeffrey Gavenman of Schulman Bhattachary. As Plaintiff's earlier filing notes, there are ethical issues, per the Department of Justice itself, regarding the (small) firm, whose founding/lead partner was indicted on 11 criminal charges related to fraud.

Aside from that, ***the attorney seeking to enter the case and represent the Defendant has been serving as an attorney for third-party witness, Brad Parscale*** (Mr. Gavenman and Mr. Stanley Woodward are co-counsel. Mr. Gavenman attended both of Mr. Parscale's depositions).

Mr. Parscale purports to be a witness with no skin in this game. He has, more importantly, repeatedly asserted attorney-client privilege in response to certain questions. As such, to permit Mr. Gavenman to swing from representing a seemingly neutral third-party witness, **and being privy to attorney-client 'insider' information from said witness**, to now also representing the Defendant/s is, Plaintiff believes, highly improper and provides an undeniable and unfair advantage to Defendants. It would create a situation where the Defendant now has backdoor access to secret information, of a witness who *already* testified, which the Plaintiff was denied.

As this has just come to the surface, Plaintiff has not had an opportunity to review the caselaw regarding this issue, and ***respectfully requests until Friday*** to submit a brief, no-longer-than-three-pages letter, regarding search… *prior* to the Court making any decision on permitting this substitution.

---

[1] On Friday, May 3, 2024, the substitution-of-counsel proposal reflected that Dhillon Law Group sought to enter the case. Sometime between Friday afternoon and Sunday afternoon, Dhillon Law Group seems to have come across information that made it withdraw from wishing to enter this case on behalf of Defendant-Campaign. On Monday morning, a new Stipulation was filed, this time reflecting the **Schulman Bhattachary firm, specifically attorney Jeffrey Gavenman.**

The Plaintiff humbly reminds this honorable Court that permitting substitution of counsel is at the Court's discretion and that, moreover, the need for substitution has yet to be shown, given that (a) Defendants' current counsel, Mr. Blumetti, has yet to demonstrate an actual breakdown with the client occurred; and (b) as of May 7, 2024, Mr. Blumetti has *not* withdrawn from representing Defendant-Campaign on a similar matter in NY state court, calling into doubt that, indeed, a 'breakdown' occurred with the Defendant-Campaign client.

Respectfully and humbly submitted,

*s/Arlene Delgado*
Arlene Delgado
Plaintiff, pro-se

Plaintiff's request to submit a brief opposing Defense Counsel's substitution is DENIED as moot. The Court construes Plaintiff's request as a pre-motion letter for a motion to disqualify Defendant's new counsel. The Court will discuss such request at the Case Management Conference on May 9, 2024.

SO ORDERED:

*Katharine H. Parker*    5/8/2024
HON. KATHARINE H. PARKER
UNITED STATES MAGISTRATE JUDGE