UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
ARLENE DELGADO,

                                          Plaintiff,

            -against-

DONALD J. TRUMP FOR PRESIDENT, INC.,
TRUMP FOR AMERICA, INC., SEAN SPICER,
individually, REINCE PRIEBUS, individually,
STEPHEN BANNON, individually,

                                        Defendants.
----------------------------------------------------------------X

19-CV-11764 (AT) (KHP)

**ORDER REGARDING
SUBSTITUTION OF COUNSEL**

**KATHARINE H. PARKER, UNITED STATES MAGISTRATE JUDGE:**

      Plaintiff has objected to the substitution of counsel.  Specifically, the firm Schulman Bhattacharya, LLC and attorney Jeffrey Gavenman has made an appearance substituting in for Defendants' former firm, LaRocca, Hornik, Greenberg, Kittredge, Carlin & McPartland LLP and the attorneys associated with that firm.  There is no basis for objecting to this substitution.  I indicated in a recent order (ECF No. 304), however, that I would at least discuss whether Plaintiff had a basis to move to disqualify Gavenman and the Schulman Bhattacharya firm.  Having reviewed a response by Schulman Bhattacharya to Plaintiff's objections, I find that there is no need to discuss Plaintiff's objections at the conference on May 15, 2024 and that I can address the issue of disqualification through an order.

      Disqualification motions are disfavored, as they are often interposed for tactical reasons. *Evans v. Artek Sys. Corp.*, 715 F.2d 788, 791-92 (2d Cir. 1983).  Such motions are subject to a high standard of proof.  *Merck Eprova AG v. ProThera, Inc.*, 670 F. Supp. 2d 201, 207 (S.D.N.Y. 2009)). "In deciding disqualification motions, a court balances a client's right freely to choose his

1

counsel against the need to maintain the highest standards of the profession." *Copantitla v. Fiskardo Estiatorio, Inc.*, 788 F. Supp. 2d 253, 281 (S.D.N.Y. 2011) (internal citations and quotations omitted). Disqualification motions are "committed to the sound discretion of the district court." *Purgess v. Sharrock*, 33 F.3d 134, 144 (2d Cir. 1994).

The bases for Plaintiff's objections to new counsel are her concerns that discovery will be delayed, the fact that Mr. Gavenman served as local counsel for Brad Parscale in connection with his deposition pursuant to a Rule 45 subpoena in this matter, and a concern about a pending matter against an attorney from Schulman Bhattacharya that has not made an appearance in this case. These concerns do not come close to meeting the standard for disqualification of the Defendants' current counsel. First, discovery is closed except for responses to certain interrogatories and requests to admit. Therefore, substitution will not delay discovery. Second, Plaintiff has cited no attorney ethical or other rule as to why Mr. Gavenman cannot serve as local counsel to a non-party and then later serve as counsel for Defendants. Nor is this Court aware of any such rule. This Court is familiar with the Schulman Bhattacharya firm from another pending matter and the firm has conducted itself in an ethical manner and this Court has no reason to think it would not so conduct itself in this case. Lastly, the other matter pending against a D.C.-based attorney of Schulman Bhattacharya has no bearing on this case, does not concern Mr. Gavenman, and thus is not a basis for disqualification of the firm or Mr. Gavenman here. For these reasons, I will not entertain any further discussion of this issue at the conference on May 15, 2024, or set a briefing schedule for a motion to disqualify because it would be frivolous.

**SO ORDERED.**

DATED:   New York, New York

   May 13, 2024

_____

KATHARINE H. PARKER

United States Magistrate Judge