```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 5/13/2024
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
ARLENE DELGADO,

                               Plaintiff,

-against-

DONALD J. TRUMP FOR PRESIDENT, INC.,
TRUMP FOR AMERICA, INC., SEAN SPICER,
individually, REINCE PRIEBUS, individually,
STEPHEN BANNON, individually,

                               Defendants.
-----------------------------------------------------------------X

19-CV-11764 (AT) (KHP)

**OPINION AND ORDER**

**ON MOTION TO COMPEL**

**RESPONSE TO SUBPOENA**

**KATHARINE H. PARKER, UNITED STATES MAGISTRATE JUDGE:**

Plaintiff Arlene Delgado ("Ms. Delgado") has moved to compel responses to her document subpoena on Fox Corp./Fox News Network, LLC ("Fox").[1] The subpoena requests "any and all documentation and communications (including but not limited to emails and text messages) referencing, concerning, regarding, or mentioning A.J. Delgado." It requests documents for the period December 22, 2016 through May 2018. Additionally, it provides a request that searches be conducted of "Fox News and Fox Business shows' staff, such as Sean Hannity and the staff of his show" and of "Fox Business Vice President of Programming at the time, Thomas (Tom) Bowman, as well as his staff at the time." It requests that the following search terms be applied: "AJ, A.J., Arlene, Delgado, Jason Miller, pregnancy, pregnant."

Fox responded to the motion and objects to the subpoena for various reasons, including that it requests irrelevant information, is overbroad, and overly burdensome. The Court had set

---

[1] In light of Plaintiff's pro se status, the Court construed Plaintiff's letter at ECF No. 240 as a motion to compel and set a schedule for Fox to respond to the objections, which Fox did at ECF No. 291.

1

a conference to speak with the parties about the subpoena. However, after reviewing the subpoena and the submissions of the parties, the Court finds that a conference is not necessary and that it can resolve the motion on the papers before it.

For the reasons set forth below, the motion is DENIED and the subpoena is QUASHED.

## BACKGROUND[2]

Ms. Delgado brings this action against Donald J. Trump for President, Inc. ("Campaign"), Sean Spicer, Reince Priebus, and Stephen Bannon[3] and asserts the following claims: (1) breach of contract and the covenant of good faith and fair dealing; (2) promissory estoppel; (3) discrimination on the basis of sex, gender, and pregnancy in violation of the New York State Human Rights Law ("NYSHRL") and New York City Human Rights Law ("NYCHRL"); (4) retaliation for complaining about discriminatory practices in violation of the NYSHRL and NYCHRL; (5) interference with protected rights under the NYCHRL; (6) tortious interference with prospective economic advantage; and (7) prima facie tort. She alleges that Defendants aided and abetted the discrimination and retaliation and that the Campaign is vicariously liable for the acts of its employees, agents and independent contractors.

---

[2] The summary of facts is taken from Plaintiff's Amended Complaint. (ECF No. 94)

[3] The original complaint was served on Bannon (ECF No. 27), but Bannon has never made an appearance in this case and failed to respond to the complaint. No proof of service of the Amended Complaint was filed with respect to Bannon. Trump for America, Inc. was a Defendant but was dismissed by stipulation and order. The other Defendants all appeared through the same counsel, answered the amended complaint, and have fully participated in this action.

Ms. Delgado served as a Senior Advisor and Hispanic Outreach Director for the Campaign from in or about September 1, 2016 to January 20, 2017.[4] Prior to being engaged by the Campaign, she made unpaid television and radio appearances supporting Donald Trump and his Campaign, including on Fox News and MSNBC. She alleges that Sean Hannity and Chris Hayes complimented her following her appearances. She also alleges that Trump complimented her on her public appearances on his behalf and promised her a job in the White House.

In November 2016, Ms. Delgado learned that she and Jason Miller, her supervisor at the Campaign, were expecting a child. She alleges that she was stripped of her campaign responsibilities shortly after she announced her pregnancy and that Defendants retaliated against her and unlawfully interfered with her securing employment at the White House after Trump's inauguration due to her pregnancy. She asserts that but for Defendants' conduct, she would have been named Deputy Press Secretary at the White House. She alleges that Defendants also interfered with her ability to secure unspecified jobs in media and publishing deals.

In or around March 2017, Ms. Delgado, through her then counsel, informed Defendants she intended to file a complaint of discrimination. The parties then agreed to mediate the dispute. According to Ms. Delgado, the parties reached a settlement in principal and then Defendants reneged on the agreement. She contends that thereafter, Defendants filed a baseless and retaliatory arbitration action against her seeking damages for her alleged breach of

---

[4] Ms. Delgado was classified as an independent contractor by the Campaign and then later was provided with an agreement that contained a non-disparagement, confidentiality and arbitration provisions. The confidentiality provision was later found by an arbitrator to be unenforceable.

the confidentiality and non-disparagement clauses of the agreement by her posting purportedly confidential information on the internet via tweets on what was then the Twitter platform and by threating to file a discrimination action.  Defendants, however, did not pursue the arbitration after filing it, causing Ms. Delgado to file the instant action. The Honorable Analisa Torres later denied Defendants' motion to compel arbitration. (ECF No. 93)

Discovery in this case has been extended multiple times, but ended on May 7, 2024 with the exception of specific contention interrogatories and requests to admit and resolution of the instant motion.

**DISCUSSION**

Federal Rule of Civil Procedure 45 permits a party to command a non-party to produce documents and provide deposition testimony. *See* Fed. R. Civ. P. 45(a). The issuing party "must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena." Fed. R. Civ. P. 45(d)(1).  Additionally, the Court notes that a party's requests under a Rule 45 subpoena are cabined by Rule 26(b), which limits discovery to information that is both relevant and proportional to the needs of the case.

The court "must quash or modify a subpoena" that "requires disclosure of privileged or other protected matter, if no exception or waiver applies" or "subjects a person to undue burden." Fed. R. Civ. P. 45(d)(3).  Likewise, a court must quash a subpoena if it requests documents beyond the scope of discovery permitted under Rule 26(b). *See Warnke v. CVS Corp.*, 265 F.R.D. 64, 66 (E.D.N.Y. 2010) (citing *During v. City Univ. of N.Y.*, No. 05-cv-6992 (RCC), 2006 WL 2192843, at *2 (S.D.N.Y. Aug. 1, 2006) (collecting cases)).

The party seeking discovery bears the initial burden of proving that the information and testimony sought in the subpoena are relevant and proportional to the needs of the case, and the burden then shifts to the party opposing discovery to show that the information sought is privileged or unduly burdensome. *See* Fed. R. Civ. P. 26(b); Fed. R. Civ. P. 45(d)(3)(A)(iv); *Fireman's Fund Ins. Co. v. Great Am. Ins. Co. of N.Y.*, 284 F.R.D. 132, 135 (S.D.N.Y. 2012). "When evaluating undue burden, the court considers the relevance of the information sought, the party's need for the information, the breadth of the request, and the burden imposed." *Lelchook v. Lebanese Canadian Bank*, 670 F. Supp.3d 51, 55 (S.D.N.Y. 2023).

The decision to grant or deny a motion to quash is left to the district court's sound discretion. *John Wiley & Sons, Inc. v. Doe*, 284 F.R.D. 185, 189 (S.D.N.Y. 2012).

In this case, the subpoena seeks "any and all documents and communications referencing, concerning, regarding, or mentioning A.J. Delgado."  Any request that seeks "any and all documents and communications" concerning a person is grossly overbroad and does not comport with Rule 26(b) or Rule 45.  *See Henry v. Morgan's Hotel Grp., Inc.*, No. 15-CV-1789 (ER)(JLC), 2016 WL 303114, at *2 (S.D.N.Y. Jan. 25, 2016) (finding a subpoena requesting "all documents and communications" relating to an individual overbroad) (collecting cases). The subpoena is not tailored to claims in this case, requests irrelevant information, and is unduly burdensome on a non-party.  As to relevance, Fox is not alleged to have had any involvement in the hiring, management or firing of Plaintiff from the Campaign.  Nor is Fox alleged to have had any involvement in decision-making regarding whether Plaintiff would be extended a job at the White House.  And while Plaintiff alleges that she appeared on Fox during Trump's 2016 campaign, she does not allege that she applied to work at Fox in any particular position, or was

5

extended an offer by Fox, at any time after she stopped working for the Campaign, or that Defendants spoke to specific individuals at Fox to interfere with a specific job opportunity. The gravamen of Plaintiff's complaint is that she was denied a job at the White House as Deputy Press Secretary where, Plaintiff asserts, she would have earned more than $700,000 in three years of that role. As to proportionality, it is entirely speculative whether Fox has any information at all relevant to this case. Thus, the information sought is not proportional to the needs of the case given the claims at issue, the information already received through discovery, and the costs and burdens of conducting such a broad search, particularly when it might result in no relevant information.

Fox has objected to the subpoena as burdensome, and this Court agrees that it is unduly burdensome to a non-party. Contrary to what Plaintiff has argued, a request for ESI of multiple custodians over a one-and-a-half-year period utilizing the broad search terms proposed by Plaintiff does not take mere minutes to respond to. Parties responding to subpoenas must collect relevant ESI in a forensically sound manner, while incurring costs to host the ESI, process the ESI into forms suitable for application of search terms, review and analyze the ESI, apply search terms to the ESI, conduct a legal review of the ESI for privilege, and prepare any applicable privilege log, among other things. Although ESI software has improved over the years it has existed, costs associated with ESI production continue to increase due to growth in the volume of data, more prevalent use of new and complex forms of data (e.g., Slack, video conferencing, social media messaging) and the explosion of sources of data (e.g., multiple devices and platforms used by each custodian). And, attorney review time is expensive as well. Although Fox does not estimate the costs of responding, the Court is aware from its own

knowledge of the ESI process that the burden imposed on Fox by Plaintiff's request is high given the speculative and marginal value of the information Plaintiff may discover.

In sum, Plaintiff has failed to show the information requested in the subpoena is relevant and proportional to the needs of the case and the Court also finds that it is unduly burdensome on a non-party. Accordingly, Plaintiff's motion to compel is DENIED, the subpoena is QUASHED and Fox is not required to respond. Therefore, the Court will not address the subpoena at the conference on May 15, 2024 and Fox is excused from attendance.

**SO ORDERED.**

New York, New York

May 13, 2024

_____

Katharine H. Parker

U.S. Magistrate Judge