UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

ARLENE J. DELGADO,
Plaintiff,

-vs-                                                              No. 19-cv-11764 (AT) (KHP)

DONALD J. TRUMP FOR PRESIDENT, INC.,
TRUMP FOR AMERICA, INC., SEAN SPICER,
individually, REINCE PRIEBUS, individually,
and STEPHEN BANNON, individually,

Defendants.

## MOTION FOR RULE 37 SANCTIONS

Plaintiff, ARLENE DELGADO, moves this Court for sanctions against the Defendant, Donald J. Trump for President, Inc., under F.R.C.P. Rule 37, as Defendant has withheld information in discovery (information that it was under court-order to produce), as follows:

BACKGROUND
On March 21, 2024, Plaintiff took a 30(b)(6) deposition of the Defendant-Campaign. The witness did not answer as to the 2020-election-cycle and only answered as to 2016-election-cycle complaints (i.e., 2015-2016). It then provided the names of four women -- Plaintiff; Alva Johnson; Elizabeth Davidson; and Jessica Denson -- who raised complaints regarding sexual harassment, gender pay discrimination, sexual misconduct, and pregnancy discrimination. (Of note: The four names are names whose complaints were *already* widely reported on and well known. The witness gave no information that was not already publicly known.) The witness, surprisingly, conceded that the way he located this information was by searching the internet for articles about complaints raised and, thereupon, names in hand, running a search with the 2M vendor for said names. (See transcripts excerpts in Plaintiff's Motion to Compel, ECF 248, attached). ***Under no possible interpretation, can this be considered a "reasonable" diligence or "reasonable" effort to ascertain the information and provide it during the 30(b)(6) deposition.***

Perhaps more concerning, when the Plaintiff asked if the witness had at least spoken to the HR director at the time (Lucia Castellano), the witness dismissively said he did not because he saw no reason to do so. (*See* excerpts in Plaintiff's Motion to Compel, ECF 248, attached). Conferring with Ms. Castellano, moreover, would have been easy, given that the Campaign is in contact with her and Mr. Blumetti even represented her, when she was deposed in another case, in June 2022. ***Again, under no possible interpretation, can this be considered a "reasonable" diligence or "reasonable" effort to ascertain the information and provide it during the 30(b)(6) deposition.***

DOCUMENTS WITHHELD, EVEN DESPITE THE APRIL 24th COURT ORDER
I.THE COMPLAINTS: On April 24, 2024, the Court granted in part the Plaintiff's Motion to Compel and gave the Defendant-Campaign until May 7th, the discovery deadline, to produce all complaints, not just from 2015-2016 but also the 2020-election cycle, pertaining to sexual

1

harassment, gender discrimination, and/or pregnancy discrimination. This appears to have caused such friction with the client, Defendant-Campaign, that, on April 26th, Mr. Blumetti filed a motion to withdraw, citing an "irreparable breakdown" with the client – certainly a sudden development, given that Mr. Blumetti has been lead counsel on this case for Defendants since December 2019.

Defendant-Campaign waited until the very last minute: **On May 7th, Plaintiff received a 'document dump' containing… nothing** -- no complaints from 2020 and instead consists mostly of public filings from the Denson v. Trump Campaign case in NY state court. In other words, despite approximately 1,000 workers, according to this document production, *not a single woman had complained of sexual harassment, gender harassment, or pregnancy discrimination from 2017-2020 (whereas at least five complained in 2016)*..

***Putting aside that this belies common sense, it is knowingly false.*** The Plaintiff does not wish to disclose more than necessary in this filing and, as such, provides one example: Plaintiff obtained <u>documentation</u> reflecting that *a staffer in 2016 raised sexual harassment concerns about a very senior official (who was, as a result, relocated to the D.C. Campaign office). Yet such was omitted from the 30(b)(6) deposition and missing from the court-ordered production of May 7, 2024*. Not only should the Campaign have produced this, if it conducted a reasonable effort to ascertain the information, but it withheld the information knowingly and was fully aware, given that the issue came up in a deposition taken in another case, at which Mr. Blumetti was present. There is no denying at this point that the Defendant-Campaign knowingly and willfully withheld information that is simply does not want to produce.

It is, respectfully, apparent that Defendant-Campaign has taken this bold position, because it faces no consequences from this Court. This Court has repeatedly made comments during the hearings along the lines of 'Look for it and if you don't have it, you don't have it, and that'll be the end of it.' In other words, all the Campaign need to do is say 'this is all we have' or 'we don't have that' and nothing will be questioned. Respectfully, this Court's position has been extremely prejudicial to Plaintiff, preventing her from the information and discovery to which she is entitled. Plaintiff respectfully requests that this Court rectify its prior positions.

II. THE HR DIRECTOR: It is worth noting that the Defendant-Campaign *also refused identify the 2020-Campaign cycle's Human Resources Director*, as court-ordered on April 24, 2024, seemingly to prevent said person being deposed or questioned at any point. Two staffers in the 2020-Campaign cycle informed Plaintiff that the person who handled HR was Megan Powers and, in his May 7th deposition, Mr. Parscale also said the same name. [When Plaintiff contacted Ms. Powers via social media (Ms. Powers follows Plaintiff on social media), Ms. Powers referred Plaintiff to an attorney.] Instead of identifying Ms. Powers *or* stating the Campaign had no actual HR director in the 2020 cycle, on May 7th, Mr. Blumetti sent Plaintiff an email stating the individual they "understand" was the HR Director for that period was Stephanie Alexander. But Ms. Alexander was not the HR Director – she was a mid-level GOP operative out of Oklahoma who was named Chief of Staff in May 2020. "Chief of Staff" is not "Human Resources," nor does Ms. Alexander, who has an arrest record from 2016,[1] have the qualifications or any HR experience

---

[1] https://www.businessinsider.com/trump-campaign-chief-of-staff-charged-with-campaign-finance-violations-2020-5 and https://twitter.com/PhilippeReines/status/1265844786264752134

in her professional bio (as did Ms. Castellano).[2] The Campaign knows this yet fed Plaintiff misinformation, even in violation of a court order.

III. RESPONSES TO REQUESTS. It is also now known that Defendants were **untruthful in their November 18, 2022 Response to Plaintiff's Request for Production**, claiming that no complaints were known of/heard by individuals listed, when it is now known there were. (*See* Attachment A)

APPROPRIATE SANCTIONS

Plaintiff seeks Rule 37 sanctions, under Rule 37(b)(2), which provides:

> For Not Obeying a Discovery Order. If a party or a party's officer, director, or managing agent—or a witness designated under Rule 30(b)(6) or 31(a)(4)—fails to obey an order to provide or permit discovery, including an order under Rule 26(f), 35, or 37(a), the court where the action is pending may issue further just orders. They may include the following:
> (i) directing that the matters embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party claim
> **ii) prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence;**
> (iii) striking pleadings in whole or in part;
> (iv) staying further proceedings until the order is obeyed;
> (v) dismissing the action or proceeding in whole or in part;
> (vi) rendering a default judgment against the disobedient party; or
> (vii) treating as contempt of court the failure to obey any order except an order to submit to a physical or mental examination.
> -FRCP Rule 37 (bold emphasis added)

Option (iv) ("staying further proceedings until the order is obeyed") would be welcome but an exercise in futility: The Defendants have clearly decided to not comply and calculated that this Court will not question such, i.e., there will be no consequences. An existing court order (April 24, 2024) already did not result in compliance – this will not change. Moreover, it would be improper to *trust* that any additional documents provided are the totality of what should be produced.

As such, it is only reasonable to, at this point, order that **the Defendants are prevented from opposing, or offering any defenses against, Plaintiff's claim that she was discriminated against for her pregnancy (and for any other gender-related claims within the Amended Complaint)** and are prevented from offering any evidence / argument in those regards. No further time can be wasted laboring under the misapprehension that Defendants will comply. The only claims remaining on which the Defendants should be permitted to offer defenses and evidence are retaliation, tortious interference, and breach of contract. Anything less would be to continue to reward the Defendants for the clear refusal to comply with discovery, and even with court orders.

*s/Arlene Delgado*
Arlene Delgado
Plaintiff, *pro-se*

---

[2] Ms. Alexander's Linked In mentions no work – for Trump Campaign or any company – as a Human Resources specialist, much less as a director. *See* Attachment B.

3

ATTACHMENT A

## ATTACHMENT A

19. Any report, complaint, or grievance (whether formal or informal, written or oral) that concerned or alleged any form of discrimination or harassment on the basis of sex, gender, pregnancy status, family status, or disability, or which concerned or alleged any form of retaliation, and which was filed against, received, heard, or transmitted to, or maintained by any of the following individuals since August 1, 2016:

10

i. Reince Priebus
ii. Sean Spicer
iii. Stephen Bannon
iv. Donald Trump, Jr.
v. Eric Trump
vi. Jason Miller
vii. Bradley Parscale
viii. Corey Lewandowski
ix. Jared Kushner
x. Ivanka Trump
xi. Cassidy Dumbauld
xii. Brian Walsh
xiii. Jessica Ditto
xiv. Hope Hicks
xv. John McGann
xvi. Sarah Huckabee Sanders
xvii. Giancarlo Sopo
xviii. Stephanie Grisham
xix. Kellyanne Conway

**RESPONSE NO. 19:**

In addition to the General Objections, Defendants object to this request on the grounds that it is confusing, vague, ambiguous, and overbroad. Defendants further object to this request on the grounds that it seeks discovery that is not relevant to the claims or defenses in this action because it is not limited to the same alleged harassers; the same form of alleged discrimination or harassment; individuals who are similarly situated to plaintiff; or individuals who worked at the same time as or in the same geographical location as plaintiff. Subject to these objections, none.

ATTACHMENT B
https://www.linkedin.com/posts/direct-wins_direct-wins-chief-operations-officer-stephanie-activity-7127779250383835136-L2bV/?trk=public_profile_like_view



**Direct Wins**
72 followers
6mo • 

Direct Wins Chief Operations Officer Stephanie Alexander is no stranger to winning. Stephanie has worked with campaigns and elected officials in more than 20 states. During the 2016 cycle, Stephanie served as a regional political director and then battleground states director for President Donald Trump's campaign. In 2020, she was tapped to serve as chief of staff for President Trump's re-election bid.

Having worked as a legislative assistant, contract lobbyist, political fundraiser, campaign consultant, and served as Chair of the Oklahoma Federation of Young Republicans, Stephanie is well-versed in every aspect of government and campaigns. She most recently managed Gentner Drummond's successful election as Oklahoma Attorney General.

Stephanie is married to Chad Alexander and is the proud mom to a blended family of four kids. In her free time, she enjoys visiting her collegiate kids on campus, having family pool days, and attending the University of Oklahoma football games.