May 13, 2024

Hon. Magistrate Parker
United State District Court, S.D.N.Y.
500 Pearl Street, Courtroom 17D
New York, NY 10007
**RE**: *reconsideration of quashing of Fox News subpoena* / 2019-cv-11764
VIA: electronic submission through *Pro-Se* Intake Unit

Your Honor,

I am the Plaintiff in the aforementioned matter, referred to herein in the first person or as "Plaintiff." I write regarding this morning's Order (ECF 309), in which Plaintiff's subpoena-for-documents on Fox News was suddenly quashed.

BACKGROUND
On April 24, this Court stated it would hear argument on the issue of the Fox News subpoena (Fox's Objections and Plaintiff's responding Motion to Compel), at the upcoming May 9th conference. The Court asked for all filings on this to be sent to the Court, which Plaintiff provided to the Court that day. This Court also ordered Plaintiff to notify Fox News's counsel of the May 9th hearing. Fox News's counsel confirmed attendance.

Plaintiff did not supplement her Response to Fox News's objections, with additional information, because, for judicial economy, such would instead be provided and discussed at the hearing. Plaintiff continued preparing for the hearing.

Last week, on May 9, 2024, Plaintiff informed the Court of the death of her beloved dog, Max, the evening prior, via what appeared to be a sudden seizure. Plaintiff asked to postpone the hearing. Both opposing counsel and Fox News counsel replied stating they had no objection and providing availability dates. The matter was then reset for this Wednesday, May 15th. That was Thursday. This morning, Monday, May 13th, this Court entered an order suddenly stating that the subpoena, which had been set for a *hearing*, for weeks, would now no longer be heard and was quashed.

ARGUMENT
*First*, Plaintiff is aware that this Court has the ability to rule on matters via filings and that litigants are not always entitled to be heard on a matter. However, that notwithstanding, Plaintiff can find no example in which a Court stated it *would* hear the matter; a party reasonably relied upon such; and, subsequently, two days later, the Court abruptly announced it would *not* hear the matter, despite nothing new occurring in between (other than press coverage of this case over the weekend, for which it seems Plaintiff is being retaliated against by the Court). Yet that is what has occurred here.

*Second*, it appears to be a penalty, even if unintentionally, against the Plaintiff for asking to continue last week's hearing, due to the death of a beloved friend and dog. Had the Court stated it would, as a result of the brief postponement, no longer allow hearing on a critical matter, Plaintiff would have gone forward with the May 9th hearing, regardless of how ill she felt. Even a hearing when Plaintiff felt awful is superior than no hearing at all. The Court's position has effectively become one of "Due to your dog's death, you will now no longer be heard on the Fox News matter."

1

*Third*, the Order, on its face, reveals key misunderstandings about this case. On p. 3, it states that the Plaintiff made appearances on Fox News and MSNBC "*prior* to being engaged by the Campaign." (italics emphasis added) No, it was also *throughout* the Campaign and election. The Order also states: "And while Plaintiff alleges that she appeared on Fox during Trump's 2016 campaign, **she does not allege that she applied to work at Fox** in any particular position, **or was extended an offer by Fox**, at any time after she stopped working for the Campaign, or that Defendants spoke to specific individuals at Fox to interfere with a specific job opportunity." (bold emphasis added) The former reveals a misunderstanding of the political media landscape – these jobs are not advertised nor "applied for" -- the 'application' is the repeated appearances. *As for the latter, it is simply false that the Plaintiff "does not allege that… she was extended an offer by Fox."* Quite the contrary, and as this Court is (or should be) aware, Plaintiff has repeatedly said that she was: e.g., A Fox VP, in charge of hiring talent for the commentator and host positions, emailed Plaintiff on November 8, 2016, stating she would have her "own show soon!" (*See* Attachment A.)

Moreover, these allegations are indeed <u>in Plaintiff's Complaint</u>, and are part of the retaliation and tortious interference claims: *See e.g.*, "Defendants also tortiously interfered with Ms. Delgado's prospective business opportunities with third parties, including in the Federal Government, the White House, ***and other media positions***." (Plaintiff's Amended Complaint, ECF 94, March 28, 2022, p. 15, emphasis added) Why is the Court blocking Plaintiff from proving this, by claiming her attempt to prove this is "irrelevant" to the case?

The Order also, oddly, seems to omit any reference to a key document-category requested: ***Mr. Bowman's emails about Plaintiff.*** The Order does not address how it can deem the subpoena as seeking "irrelevant" information, when the Court is aware that a high-ranking vice-president of programming had, roughly a month prior to Defendants' discriminatory actions, essentially said Plaintiff had a job with Fox News… and then disappeared following Defendants' actions.

The subpoena *is* clearly relevant to matters raised in the Complaint and allegations/claims therein.

*Fourth,* as shown above, the subpoena is not only relevant to claims made in this case but goes directly to <u>damages</u>. In fact, this Court itself, during a January 2023 conference, specifically told Plaintiff, 'The idea that you would have had a job in TV, had Defendants acted in a different manner, in TV is just not true. It's just not true.' (The Court was speaking of the media-job-issue because it is, of course, relevant to damages.) Yet, the documented fact is Plaintiff all-but-had an offer (Bowman email), from Fox, which disappeared due to Defendants' actions – ***a fact that this Court is now blocking Plaintiff from presenting to a jury.***

*Fifth*, the Order also, oddly, seems to omit any reference to the fact that ***Plaintiff did try to obtain this information via a less burdensome way*** -- a deposition of Mr. Bowman. Plaintiff requested the deposition of Mr. Bowman in her February 27, 2024 letter to the Court (EFC 202, p. 4), writing:

> D. THOMAS BOWMAN: Mr. Bowman was, in 2016, a chief programming director at Fox News who, per a November 2016 email, emailed Plaintiff, "You'll have your own show soon!" Subsequent to the Defendants actions, Fox 'went cold' on the Plaintiff. For purposes of the issue of damages and for purposes of potential Campaign actors' interference, Plaintiff needs to depose Mr. Bowman. (This Court itself, in January 2023, questioned the claim that I would have had a role in television, absent the Defendants' sabotage of my career and image. This goes to the heart of that.)

2

*Yet, the Court unfairly denied that request. Plaintiff then, naturally, was left with the only option of a subpoena on Fox News. Yet the Court is now blocking that, as well.*

**Sixth**, there is a double standard at play: the Court has taken the position that the Plaintiff's efforts to find work, and lost job opportunities, are relevant for damages (including mitigation) when it is the *Defendants* seeking that information. To wit, on January 31, 2024 (ECF 187), this Court ordered Plaintiff to turn over evidence of job-seeking or career-searches to date, "**because such information is relevant to mitigation and proportional to the needs of the case**." If *that* was relevant, how then is *not* relevant when *Plaintiff* wishes to demonstrate what occurred with a particular job opportunity? If one is relevant, so, too, is the other. But there appears to be one standard in this case for the Defendants' desired discovery, and another for Plaintiff.

**Seventh**, Plaintiff had additional, new information for the Court to consider regarding this subpoena: On May 2, 2024, Plaintiff took the deposition of Kellyanne Conway. One of Ms. Conway's arguments was, in part, that Plaintiff could have easily obtained a job in media (and thus suffered no damages). As such, even Ms. Conway's deposition underscores the relevance in this case of the subpoena on Fox News, to ascertain why Fox News went from telling Plaintiff she would "have your own show soon!" (November 2016) to essentially never inviting the Plaintiff on again. *Plaintiff has a right to, moreover, to these documents, rebut and impeach a witness's argument.*

**Eight**, it is readily apparent that this was not a phishing expedition or one to find "gossip", as Fox News alleged in its ridiculously over-reaching and insulting objections. The Plaintiff did not subpoena *other* news organizations at which she appeared during the election (CNN, CBS, MSNBC, etc.) She subpoenaed Fox News and Fox News only – for obvious reasons (See e.g., Bowman email). Plaintiff's effort was targeted and focused on the one media company where there was clear documentation of a job on the table – and then a job that was snatched away.

In sum, the Court is outright blocking Plaintiff from even a single subpoena or avenue into proving a specifically alleged angle in her Complaint -that Defendants not only caused her to lose out on a White House job but even on positions in the media. In fact, the Court has also prevented Plaintiff's discovery to allow her to prove damages in other ways – e.g., by preventing the deposition of her counterpart Boris Epshteyn and, on January 12, 2023, informing her then-counsel that all expert hiring, consulting, and reports were due in less than a month, making the utilizing of an expert in this case impossible. It has also now made it impossible to utilize the email from Mr. Bowman or show such to a jury: the Court said "You cannot depose Mr. Bowman" and now, when Plaintiff diligently seeks to obtain the email from Fox (its custodian) and authenticate it *that* way, the Court blocks such.

Plaintiff respectfully seeks the Court reconsider its May 13, 2024 Order. Respectfully, the Court cannot continue to block and prevent Plaintiff from proving basic claims and authenticating basic documents, simply because she is a *pro-se* litigant. By denying this subpoena, especially without hearing, the Court has taken the extreme step of denying Plaintiff the **sole** avenue to document a claim in her Complaint.

*s/Arlene Delgado*
Arlene Delgado, pro-se, Plaintiff

3

ATTACHMENT A



The deadline for Fox Corporation to respond to Plaintiff's motion for reconsideration is Wednesday, May 22, 2024.

SO ORDERED:

*Katharine H. Parker*  5/15/2024

HON. KATHARINE H. PARKER
UNITED STATES MAGISTRATE JUDGE

4