May 15, 2024

Hon. Magistrate Parker
United State District Court, S.D.N.Y.
500 Pearl Street, Courtroom 17D
New York, NY 10007
**RE**: *motion for <u>correction</u> and reconsideration of May 14, 2024 Order regarding timing of depositions <u>and</u> Rule 804 leave*
<u>VIA</u>: electronic submission through *Pro-Se* Intake Unit

Your Honor,

I am the Plaintiff in the aforementioned matter, referred to herein in the first person or as "Plaintiff."

On May 14, 2024, this Court entered an Order that contains significant errors regarding the timing of attempts to take the depositions of Lucia Castellano, Michael Glassner, and others.

Essentially, the Court's order represents that the Plaintiff failed to move diligently to secure these depositions and, as such, the Court finds, these depositions will now not be permitted, even though, e.g., the deposition of Michael Glassner is directly relevant to a key claim in this case – retaliation (and, same as in another similar case proceeding under a different judge, for the same reason, Mr. Glassner was deposed for hours in said case. The difference is, in that case, the plaintiff, who is represented by attorneys and now treated as a pro-se litigant, was not made to jump through delay-causing hoops to obtain said deposition.)

The Court's May 14, 2024 Order (ECF 312), page 8-10, reads reflected in Attachment A. The summary in the Court's Order is, respectfully, incorrect.

***First, the Order neglects to acknowledge that the delays in obtaining these depositions were caused solely by (a) the Court requiring that the Plaintiff obtain permission for the depositions; and (b) negligence, twice, by the Southern District of New York.***

Were it not for this Court treating the Plaintiff differently in this case, as litigants are treated in other cases, the Plaintiff would have issued these subpoenas in January and they would be done by now.

In January 2024, once the Plaintiff finally learned that, in December 2023, this Court had permitted her outgoing attorney to exit the case, the Plaintiff moved swiftly. The Court set a hearing for late January 2024, to discuss all pending matters. The Plaintiff's hands were thus tied until then. At said hearing, as reflected in the Court's January 31, 2024 Order, the Court stated that the Plaintiff could not move to depose any third-party but would first need to seek permission from this Court for each particular deposition, and said request would not be discussed until a month (!) later, at the February 27 2024 conference.

***Thus, the Court made Plaintiff lose yet another month. Discovery would be closing in April 15th but not until late February would the Court even entertain the issue of third-party deponents. This is improper.***

The Plaintiff filed her requests, by the deadline. On March 1, 2024, the Court selected only four depositions to allow the Plaintiff to take.

The Plaintiff then moved diligently and swiftly and, within a few days, filed with the Pro-Se Intake Unit the subpoenas, to be issued by the Clerk (one of the many delays and hoops endured by pro-se litigants). The Plaintiff repeatedly informed the S.D.N.Y. not to mail the subpoenas, in order to avoid delay. Yet, sure enough, the S.D.N.Y. mailed the subpoenas. Despite endless calls and pleads, the S.D.N.Y. said it could not email the subpoenas to Plaintiff that had been mailed to her.

The subpoenas, signed by the Clerk on March 7, 2024, did not arrive, however, until March 30, 2024.

The Plaintiff diligently and promptly brought this to the Court's attention, and the Court agreed, in its April 3 2024 Order, to permit the Plaintiff more time but the depositions would need to be concluded by May 7, 2024.

The Court was clearly not taking into consideration that it (a) caused the Plaintiff to lose over one month (via its requirement that Plaintiff first obtain permission) and (b) the S.D.N.Y also caused the Plaintiff to lose one month. Instead, ***the Court held, in early April, that the subpoenas would need to be re-issued, served, and completed all within four weeks.***

This seemed like an oddly tight turnaround time, given the lack of fault on Plaintiff, but the Plaintiff respected the Court's holding and moved as quickly as she could. Plaintiff set about, employing a private investigator database, to ascertain the addresses of the three (McGahn waived the need for service on his person), and was finally able to obtain addresses, submitting the subpoenas to the pro-se intake unit mid-month, and setting the depositions for May 3 and May 6th, hoping that would provide the deponents sufficient notice. ***Yet, once again, the S.D.N.Y. committed negligence and, despite pleas by the Plaintiff, not only delayed in uploading the documents for processing but, even then, the Clerk took a full week to sign the subpoenas***. By the time they were finally supplied to the pro0se Plaintiff (this time, uploaded to the docket) ***it was April 29th***. To serve any of the three deponents, for a deposition to take place on May 3rd and May 6th, would have been a bad faith act and unfair to the deponents.

There is therefore good cause to permit the depositions and, given the Court and the S.D.N.Y.'s actions that led to the delay, Plaintiff argues not only good cause but an obligation on the Court to permit such. Again, the Plaintiff would have been able to issue these subpoenas in January, were it not for the Court requiring Plaintiff to jump through hoops first, and would have, even then, been able to serve these subpoenas in March, were it not for the S.D.N.Y. mailing the subpoenas in March and, even once re-issued, delaying a full week in sighing the second round of subpoenas.

Plaintiff has a constitutional right to access the Courts. The orders of this Court, and the negligence of S.D.N.Y., has denied Plaintiff the access to which litigants have a right, and has prevented her from obtaining the few third-party depositions this Court permitted.

As for the deposition of **Stephen Bannon**, Plaintiff did dutifully attempt to serve him, immediately, on April 29, 2024 at the only known address for Bannon – the address out of which he broadcasts his show. (See attached service of process from process server.) How can Plaintiff be blamed for the delay, when this Court did not grant leave to depose Mr. Bannon (*even though he is a named*

*Defendant*) so until April 3, 2024, and the subpoenas were not provided to her by the S.D.N.Y. until April 29th? Mr. Bannon is well known for hiding from process servers and is, per reports this week, headed to prison for four months. Plaintiff thus requests leave to be permitted to utilize all emails and materials authored by Bannon to be permitted, as well as leave under Rule 804(b)(1) to use Bannon's depositions from any other matters, related to this case, given his unavailability. Plaintiff also requests leave to be permitted to utilize Castellano and Glassner's depositions from any other matters, related to this case. And, lastly, Plaintiff requests that the depositions be permitted.

Respectfully submitted,

s/Arlene Delgado
Plaintiff, pro-se

## **ATTACHMENT A**
p.8-10 of May 14, 2024 Order

to its decision on the motion.

**JARED KUSHNER, LUCIA CASTELLANO, MICHAEL GLASSNER, STEPHEN BANNON DEPOSITIONS:**

Plaintiff requests an extension of discovery to conduct the depositions of Jared Kushner, Lucia Castellano, Michael Glassner, and Stephen Bannon. The subpoenas for Glassner, Castellano and Kushner were originally issued on March 7 and issued a second time on April 29. The subpoena for Bannon was originally issued on April 4 and a second time on April 29. The Court extended the deadline for third-party depositions several times already and in connection with the last extension did so *only* if the subpoenas could be served and the depositions conducted by May 7, 2024. The Court allowed for this in an abundance of solicitude to the Plaintiff and noted that Plaintiff, previously represented by counsel, has had more than adequate time to conduct third-party depositions. That they did not conduct all of the discovery Plaintiff wants does not justify extending discovery. "Absent extraordinary circumstances, a client assumes the risk of his attorney's actions and is bound even by the consequences of his attorney's negligence" even if that results in a party not obtaining certain discovery. *Lastra v. Weil, Gotshal & Manges LLP*, No. 03CIV.8756(RJH)(RLE), 2005 WL 551996, at

*4 (S.D.N.Y. Mar. 8, 2005); *Chira v. Lockheed Aircraft, Corp.,* 634 F .2d 664, 666-67 (2d Cir.1980); *Gadsden v. Jones Lang Lasalle Americas, Inc.,* 210 F.Supp.2d 430, 436-37 (S.D.N.Y.2002). See also *Scott v. City of New York Dept. of Correction*, 2007 WL 4178405 (S.D.N.Y. Nov. 26, 2007).

At this point, Plaintiff fails to show good cause for further extending discovery for purposes of the above depositions because the subpoenas have not even been served by the deadline of May 7, 2024. The Second Circuit has emphasized that "the primary consideration" in determining whether good cause has been shown "is whether the moving party can demonstrate diligence." *Kassner v. 2nd Avenue Delicatessen Inc,* 496 F.3d 229, 244 (2d Cir.2007); *see also Morales v. City of New York*, No. 18CV1573 (JGK) (DF), 2020 WL 2571029, at *2 (S.D.N.Y. May 20, 2020). That Plaintiff herself, at the last minute, decided to obtain subpoenas for multiple witnesses to conduct discovery that was not conducted over the course of this case does not demonstrate diligence. Moreover, the Court expressed skepticism that the discovery could be conducted within the time-frame set and was clear that if it could not be completed by May 7, then it would simply not be obtained. The Court must consider the burdens of additional discovery and prejudice to other parties. In considering all of the discovery that has been conducted, which has included depositions of the individual defendants, a 30(b)(6) deposition of the Campaign, and some non-party depositions as well as extensive document discovery, Plaintiff has already obtained sufficient information to prosecute her case. Extending discovery further to allow service of non-party subpoenas that may be subject to objections and further motion practice threatens to drag out discovery even

longer than it already has been dragged out, and at the expense of non-parties.[1] For all these reasons, Plaintiff is not permitted to serve these subpoenas or to pursue these non-party depositions, as the time to do so has expired.

For the above reasons, Plaintiff's motion to extend discovery to conduct these four depositions is DENIED.

# INVESTIGATIVE DUE DILIGENCE AFFIDAVIT

United States District Court for the Southern District of New York

**Arlene Delgado**

    Plaintiff(s),

VS.

**Donald J. Trump for President, et al**

    Defendant(s).

Case Number: 1:19-cv-11764-AT-KHP

Attorney: NONE

Arlene Delgado
1065 SW 8th St PMB 609
Miami FL 33130

*315712*

Legal documents received by Same Day Process Service, Inc. was requested to provide an affidavit of due diligence for subject(s), **Stephen K. Bannon on 04/29/2024 at 10:39 PM at 210 A St., NE, Washington, DC 20002**

The undersigned, swear and affirm that on **April 30, 2024** at **7:22 PM**, I did the following:

**NON-SERVED:** After careful inquiry and diligent attempts, I was unable to serve **Stephen K. Bannon** the Subpoena to Testify at a Deposition in a Civil Action; Attachment A for the reason(s) indicated in the comments below:

| Date/Time | Address | Remarks |
|---|---|---|
| 04/30/2024-7:22 PM | 210 A St., NE Washington, DC 20002 | I received no response from within the residence. I observed no movement or activity within the residence. I did see lights on within the basement level of the home. I left my card at the door. Of note, I have served at this addressed in the past and I noticed that the security cameras that were previously on the home have been removed. I then spoke with the neighbor at 213 A St NE, Jessica Maloney. She informed me that the subject moved out in Fall of 2023. She did not know a forwarding address. - Attempted by Stuart Macpherson |

Stuart Macpherson
Process Server

Internal Job ID:315712

Same Day Process Service, Inc.
1413 K St., NW, 7th Floor
Washington DC 20005
(202)-398-4200
info@samedayprocess.com

