May 16, 2024

Hon. Magistrate Parker
United State District Court, S.D.N.Y.
500 Pearl Street, Courtroom 17D
New York, NY 10007

**RE**: **Supplement to Plaintiff's May 15th "*motion for reconsideration regarding May 14th Order declaring limitations on four depositions AND for Court to enter order clarifying Plaintiff was not, in fact, permitted four third-party depositions*"**
VIA: electronic submission through *Pro-Se* Intake Unit

Your Honor,

I am the Plaintiff in the aforementioned matter, referred to herein in the first person or as "Plaintiff."

In my Motion yesterday, I neglected to include the excerpt of my February 27, 2024 Motion requesting depositions, as well as attach the excerpt from Defendant-Priebus's February 8, 2024 deposition. I include such herein.

The following is why I stated Donald McGahn was relevant, in my February 27, 2024 Request to the Court (ECF, p. 4):

> C. DONALD ("DON") MCGAHN: Mr. Priebus stated during his deposition that, following my 'tweets' in 2016, he reached out to Don McGahn, forwarded all emails and documents concerning such to Don McGahn, and "got Don McGahn involved." (Per online reports, it appears Mr. McGahn was Campaign counsel at the time.) ***Given that Mr. Priebus has produced no documents in this matter, despite extensive requests, Mr. McGahn should be subpoenaed for deposition***, as to those documents forwarded to him by Defendant Priebus and what steps were taken, outside of attorney-client privileged conversations, of course. [A document, simply by virtue of being forwarded to an attorney, does not become privileged. The underlying document is still relevant, discoverable, and should be produced. But it seems Defendants have hidden under, 'We forwarded incriminating documents to an attorney, therefore we do not have to produce any.' Notice, moreover, Defendants have produced no privilege log.]
> Additionally, Mr. McGahn was involved in White House employees' security clearance, making him relevant also in terms of "Part 2" of this letter. Plaintiff holds Mr. McGahn in high esteem and understands him to be a man of great ethics. His wife, coincidentally, was a professed 'big fan' of the Plaintiff, approaching Plaintiff at the RNC Convention in 2016 to express her admiration for Plaintiff's work and advocacy. Plaintiff does not seek to inconvenience Mr. McGahn but the facts are that he is a clearly relevant party for purposes of discovery.
> ***What materials Defendant Priebus had, which were forwarded to McGahn, is key, now more than ever, given that yesterday (February 26th), Defendants' counsel suddenly located an important document, at the specific urging of the Plaintiff (including a date), that had previously not been produced. It appears***

1

> ***there are documents, enormously relevant to this matter, that have yet to be produced and have been withheld***.

ECF 202, p. 3 (emphasis in original)

The following is what the Court's March 1, 2024 Order entered, and, in the Court's May 15, 2024, the Court assured that Mr. McGahn's interpretation of the March 1, 2024 Order was the correct one and that, indeed, any deposition of him is limited to "security clearance":

- ***Donald McGahn***, *who was identified as an individual involved in the security clearance process for White House personnel during the relevant period, and is likely to have information relevant to Defendants' defense that Plaintiff would not have qualified for a position at the White House due to security clearance issues.*

ECF 204, p. 2

<u>Reince Priebus is a Defendant in this case. Reince Priebus has produced no documentation, claiming he did not retain any/has none. A recent Motion to Compel also resulted in nothing being produced. Reince Priebus stated at this deposition (p. 50) that he turned over "everything" to Donald McGahn.</u> (Deposition excerpt screenshot in Attachment A) It is plain to see that Mr. McGahn can and should be deposed about what was turned over to him.

Yet this Court's May 15th Order stated that the language in its March 1, 2024 Order is correctly interpreted by Mr. McGahn and that Plaintiff cannot ask him about material forwarded to him by the Defendant– only about "security clearances."

Upon seeing the May 15, 2024 Order, Mr. McGahn's counsel, understandably so, rushed to inform the D.C. district judge that this Court has now clarified that Plaintiff was never to be permitted to ask Mr. McGahn about the materials a Defendant in this case has sent to him.

It is Plaintiff's position that, respectfully, this is an error of the Court's making, causing enormous harm to the Plaintiff: Plaintiff should never have been made to come before the Court for permission to depose individuals, given that she not come to close to reaching the general limit of 10. Second, even once Plaintiff was forced to do so, the Court should have simply stated the names of the four individuals selected, and not included unnecessary language which gave the deponents 'wiggle room' to claim their depositions were limited. This is due to Plaintiff's treatment as a pro-se litigant.

Mr. Priebus is a defendant in this case. He has, under oath, stated "everything" was sent to Mr. McGahn. Plaintiff brought this to the Court's attention (on February 27th), in stating that was the main reason she needed to depose Mr. McGahn. Yet, on May 15, 2024, Plaintiff is told she cannot depose him on what was forwarded to him.

Plaintiff respectfully requests the Court reconsider.

Respectfully submitted,

2

<u>s/Arlene Delgado</u><br>
Plaintiff, pro-se

ATTACHMENT A
(excerpt from Defendant-Priebus's February 8, 2024 deposition)

> **A.** I -- once I -- once I turned ==everything== over to the attorneys, it was -- I think it was later determined that that would be what would happen.