**SCHULMAN BHATTACHARYA**   6116 Executive Boulevard, Suite 425, North Bethesda, Maryland 20852 240.356.8551

**JEFFREY S. GAVENMAN**
direct dial 240.356.8553   email jgavenman@schulmanbh.com

May 20, 2024

**VIA ECF**

The Honorable Katharine H. Parker
United States District Court
500 Pearl Street, Room 750
New York, NY 10007

Re:   *Delgado v. Donald J. Trump for President, Inc., et. al.* **No. 19-cv-11764 (AT)(KHP)**

Dear Judge Parker:

We write respectfully on behalf of Defendants Donald J. Trump for President, Inc., Sean Spicer, and Reince Priebus (together "Defendants") in the above-captioned case to address the issues raised in Plaintiff Arelene Delgado's ("Plaintiff" or "Delgado") May 15, 2024[1] letters (the "Letters"). *See* ECF Nos. 316, 317, 318. The Letters seek reconsideration of the portions of the Court's May 14, 2024 Order (the "May Order") addressing Plaintiff's motion to extend discovery to take various third-party depositions. For the reasons set forth below, as well as those already stated by the Court in the May Order, Defendants respectfully request that the Court deny Plaintiff the relief she seeks in the Letters.

As a threshold matter, "[a] motion for reconsideration is an extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources." *Atas v. New York Times Co.*, No. 22 Civ. 853 (JPO), 2023 WL 8355376, at *1 (S.D.N.Y. Dec. 1, 2023) (cleaned up). Importantly, despite styling her motion as one for reconsideration, Ms. Delgado does not set forth the standard to prevail on a motion for reconsideration. However, that standard is central in demonstrating why Plaintiff is not entitled to the relief requested in the Letters. Specifically, in order to succeed on a motion to reconsideration, Ms. Delgado "must demonstrate either (i) an intervening change in controlling law; (ii) the availability of new evidence; or (iii) the need to correct clear error or prevent manifest injustice." *Id*. (cleaned up). Plaintiff has failed to demonstrate that any of these factors warrant granting her the "extraordinary remedy" that she now seeks.

**I.   Plaintiff Is Not Entitled to An Extension of Discovery to Take Nonparty Depositions**

In seeking to extend discovery to serve non-party deposition subpoenas, Plaintiff argues that: (1) the Court did not take into account the fact that the Court required she obtain Court consent prior to serving any third-party subpoenas; and (2) the purported "negligence" committed by the Southern District of New York's Clerk of Court. *See* ECF No. 316 at p. 1. Plaintiff's argument

---

[1]   Although the Letters are dated May 15, 2024, they were entered on the ECF docket, and notice was sent to the parties, on May 16, 2024.

grossly distorts the facts in this case and does not identify any facts or law that the Court failed to consider. Notably, this is not the first time that Ms. Delgado has sought to extend discovery for the specific purpose of allowing her to take the third-party depositions at issue. Rather, she filed a previous motion requesting an extension of time, basing her request, as here, on both the Court's requirement that she obtain permission prior to issuing non-party deposition subpoenas and the Clerk's Office's purported "negligence" in issuing the subpoenas in a timely manner. *See* ECF No. 218. While the Court granted Ms. Delgado's previous request and extended discovery until May 7, 2024, it "was clear that if [the discovery] could not be completed by May 7, 2024, then it would simply not be obtained." ECF No. 312 at p. 8. Furthermore—in apparent recognition of Plaintiff's claim that she was previously unable to obtain the subpoenas because of the negligence of the Clerk's Office—the Court's April 3, 2024 order extending discovery (the April 3 Order") specifically required that Ms. Delgado "shall advise the Court by Wednesday, April 10, 2024 if she has not received the signed subpoenas from the Clerk's office." ECF No. 231 at p. 5 (emphasis in original).

**Plaintiff never informed the Court that she had not received the signed subpoenas by April 10, 2024**. Instead, by her own admission, Plaintiff did not even submit the subpoenas to the pro se intake office until "mid-month."[2] ECF No. 317 at p. 2. Plaintiff does not provide any reason that she did not submit the subpoenas to the pro se intake office immediately after the Court's April 3 Order, nor does she explain why she allowed the April 10, 2024 deadline to pass without providing the Court with any indication that she was having issues obtaining the subpoenas. Instead, she alludes to the fact that she had retained a private investigator to find the addresses of the deponents. Of course, even if true (and, again, Plaintiff does not provide any dates surrounding this process), such would not justify missing the Court's April 10, 2024 deadline. Additionally, Plaintiff had previously drafted the subpoenas and sent them to the pro se intake office in March, when she originally sought to extend the discovery deadline in this case. There is no reason that she could not have sent those same subpoenas, with new dates, to the pro se intake office immediately after receiving the Court's April 3 Order.

Thus, any purported "delay" in Plaintiff issuing the third-party subpoenas was not occasioned by either this Court or by the Clerk's Office. Instead, it was caused solely by Plaintiff's own dilatory behavior. This is compounded by the fact that Plaintiff's delay is not a recent phenomenon. Rather, as the Order made clear, Plaintiff, both herself and when she was represented by counsel, had years to obtain the discovery that she now seeks. That she (and her previous attorneys) failed to act in a timely manner does not constitute the "good cause" necessary to change the discovery deadlines in this case. Nor does it justify her request (never previously made) that she should be able to use (unidentified) portions of depositions taken in other cases to excuse her own failure to timely seek discovery in this case. It is black letter law that a motion for reconsideration is not an

---

[2]    Tellingly, Plaintiff does not provide the exact date upon which she submitted the subpoenas to the pro se intake office. However, Plaintiff states that it took the pro se intake office "a full week" to sign and upload the subpoenas, which she received on April 29, 2024. Thus, it appears that Ms. Delgado, despite being told by the Court in no uncertain terms that she had a firm deadline of May 7, 2024 to take the depositions, did not submit the subpoenas until on or about April 22, 2024, three full weeks after the Court's April 3 Order.

opportunity to make new arguments that were not previously made. *Phillips v. City of New York*, 775 F.3d 538, 544 (2d Cir. 2015) ("Those arguments were raised for the first time in plaintiffs' motion for reconsideration and therefore were not properly presented to the district court").

**II.     Plaintiff should Not Be Permitted to Expand the Scope of the Court's March 1, 2024 Order**

Plaintiff's request to seek reconsideration to broaden the areas of inquiry into the depositions she is permitted pursuant to the Court's March 1, 2024 Order should be denied. As Plaintiff herself acknowledges, she made this argument previously – on February 27, 2024. ECF No. 318 at p. 2. The Court subsequently issued an order ruling on her argument on March 1, 2024. Here, Plaintiff is not contending that the May Order misinterpreted the March 1, 2024 Order in ruling that the non-party depositions Ms. Delgado seeks be limited to specifically delineated topics. Rather, she is arguing that the March 1, 2024 Order itself was improper in imposing *any* limitations in the first instance and that she should be permitted to take her depositions free of any such limitations. Any such argument amounts to a claim that the Court reconsider its March 1, 2024 Order. However, the time limit for making such an argument has long since passed. *See* Local Rule 6.3 ("a notice of motion for reconsideration or reargument of a court order determining a motion shall be served within fourteen (14) days after the entry of the Court's determination of the original motion"). Once again, Plaintiff failed to comply with the deadlines applicable to her case. She must now accept the consequences of her actions. Plaintiff cannot use the Order to revive an untimely motion for reconsideration.

In light of the foregoing, Defendants respectfully request that Plaintiff's motions for reconsideration (*see* ECF Nos. 316, 317 and 318) be denied in their entirety.

We thank the Court for its time and attention in this matter.

          Respectfully,

          /s/ Jeffrey S. Gavenman
          Jeffrey S. Gavenman