May 15, 2024

Hon. Magistrate Parker
United State District Court, S.D.N.Y.
500 Pearl Street, Courtroom 17D
New York, NY 10007

<u>RE</u>: *motion for reconsideration regarding May 14th Order declaring limitations on four depositions AND for Court to enter order clarifying Plaintiff was not, in fact, permitted four third-party depositions*
<u>VIA</u>: electronic submission through *Pro-Se* Intake Unit

Your Honor,

I am the Plaintiff in the aforementioned matter, referred to herein in the first person or as "Plaintiff."

Plaintiff asks for this Court to reconsider an **extremely prejudicial** order it entered on May 14, 2024 (EFC 312), in what appears to be part of a flurry of orders entered on May 13, 2024 and May 14, 2024 in which the Court undoes and reverses *itself*, all in a manner against the Plaintiff's discovery rights. (Plaintiff fears that the Court is retaliating against the Plaintiff for a Declaration the Plaintiff filed regarding Marc Kasowitz.) Plaintiff also asks that the Court enter an order noting that, as a result of the 'clarification' found in the May 14, 2024 Order, the Court never, in fact, permitted the Plaintiff to 'depose' the four third-party individuals but rather only permitted the Plaintiff what would be five-minute "depositions" of each individual.

In January 2024, this Court stated that the Plaintiff would need to seek public permission from this Court, in order to take third-party depositions. This degrading requirement, clearly prejudicial and helpful to Defendants, was also placed on Plaintiff's prior attorney (William "Bill" Odle), in large part leading to his withdrawal (no attorney can practice in a case under such humiliating and prejudicial circumstances). Litigants are, as a matter of right, permitted 10 depositions and can subpoena a party for deposition, without court permission, when the litigant feels that individual possesses information relevant to the claims in this case. Instead, Plaintiff would need to grovel before the Court and, worse yet, reveal case strategy publicly. The Court defended its position by stating the Plaintiff need only provide 'some' of the arsons why the individual is relevant.

On February 27, 2024, the due date, the Plaintiff, with no other choice, engaged in the highly prejudicial exercise of submitting a public filing, detailing whom she sought to depose and why the individual was relevant, because such was required of her by this Court – otherwise, she would not be permitted any. (ECF 202)

Out of all the depositions requested, the Court only permitted four. The Court's (March 1, 2024, ECF 204) order read:

> ***Plaintiff is permitted to subpoena and depose the following individuals:***
> - ***Lucia Castellano***, *who was identified as the head of Human Resources for the Campaign, and is thus likely to have information relevant to employment decisions by the Campaign.*
> - ***Michael Glassner***, *who was identified as counsel for the Campaign during a mediation between the Campaign and Plaintiff to which the breach of contract claim pertains, and is likely to have information relevant to the breach of contract claim.*

1

- *Jared Kushner*, who was identified as having a role in the decision not to hire Plaintiff for a position at the White House, and thus is likely to have information relevant to the discrimination claim.
- *Donald McGahn*, who was identified as an individual involved in the security clearance process for White House personnel during the relevant period, and is likely to have information relevant to Defendants' defense that Plaintiff would not have qualified for a position at the White House due to security clearance issues.

Given that the Order did *not* state (and, in the case of ambiguity, plain language trumps) that the depositions were limited to the particular topic noted, and given that such would defy common sense and would mean the Court was limiting Plaintiff's discovery in this case in an extremely harmful and narrow regard, the Plaintiff saw no need to contest such nor required clarification.

However, in a Motion to Quash filed March 22, 2024 by one of the four deponents, Mr. McGahn, the prospective deponent took the position that his deposition was limited to the Court's description/wording, signaling to the other deponents to take the same position. One can hardly blame Mr. McGahn for taking the position – it is not an error of McGahn but of this Court's. After all, there was no reason for this Court to (a) require 'permission' from the Court prior to depositions; and (b) even when granting only four depositions, opt to enter unnecessary wording, rather than simply state: "These are the four individuals."

The D.C. judge hearing the subpoena-motion-to-quash sought clarification of this Court as to whether the Court in fact meant to limit Mr. McGahn's deposition to the issue of security clearance or whether the Plaintiff was also permitted to ask Mr. McGahn about other topics, such as the information forwarded to Mr. McGahn by Defendant Priebus. This, in part, led to the May 14th Order, in which this Court, in part, addressed this and stated that Mr. McGahn's interpretation is correct – Plaintiff can *only* ask him about security clearances (i.e., not about the materials Defendant-Priebus forwarded to him!) and that, **similarly, the other depositions are *also* limited to the wording of the March 1, 2024 Order.**

Compare this to the wording from Plaintiff's February 27th filing, in which Plaintiff is clear that the *main* reason for deposing McGahn was that, during Defendant Priebus's deposition, Defendant-Priebus stated he had sent "**everything**" on the issue of Plaintiff's pregnancy to McGahn.[i] Priebus stated that he "**turned over everything" to McGahn**. (p. 50 of Priebus's deposition)

***It is worth pausing to digest the gravity of the prejudicial harm on the Plaintiff. Here we have a defendant stating that he "turned over everything" to the Campaign attorney. Defendant-Priebus, despite multiple requests and motions to compel, claims he no longer has any of the materials. Plaintiff then naturally moves to subpoena the attorney for the underlying documents or email strings that were provided to him (not including anything privileged, as she makes clear) by the Defendant about Plaintiff. Yet the Court clarifies, on May 14, 2024, that the only topic about which the Plaintiff could subpoena the individual is about… security clearances.***

Let us similarly review the prejudicial harm on the Plaintiff in regard to the other three subpoenas, given the May 14, 2024 "clarification." Going by the May 14th Order's 'clarification' that the depositions of the four are limited to the wording in the Order, this means that:

a) **The *sole* topic about which the Plaintiff could depose the 2016-Campaign HR director is about… "employment decisions" the Campaign made**. (In other words, the Plaintiff could not even ask about Plaintiff's performance on the Campaign! Plaintiff could

not even ask the HR director about complaints made to HR, even though the Court, in another order, has found such is relevant!) Indeed, the same HR director was deposed for over *three hours* in another employment-discrimination case against the Trump Campaign, by a junior-level staffer, proceeding under a different judge. In that case, there were no 'restrictions'. The disparate treatment the Plaintiff is receiving is evident; and

b) The *sole* topic about which the Plaintiff could depose the 2016-Campaign COO, Michael Glassner, is about the breach of the Campaign's 2017 settlement-agreement with the Plaintiff. But that is not the only reason Glassner is relevant: Mr. Glassner possesses highly relevant documents pertaining to another claim in the case – the ***retaliation*** in which the Campaign engaged, in 2017, suing Plaintiff for $1.2 million when she 'threatened' to sue the Campaign. Yet, according to the May 14, 2024, Plaintiff would not be permitted to ask about that. (Worth noting, as above, Mr. Glassner was deposed for hours in the other employment-discrimination case against the Campaign, showing the difference in discovery allowed comes down to the judge, not the merits or relevance or facts.)

Plaintiff requests reconsideration and/or a clarification order stating that the Court's claim, in the April 3, 2024 Order, that it has indeed permitted Plaintiff to take 10 depositions (the standard in the Rules) is not, in fact, accurate. Plaintiff's rights to discovery have been violated and her ability to put on her case severely harmed.

Respectfully submitted,

s/Arlene Delgado
Plaintiff, pro-se

---

[i] Plaintiff's February 27, 2024 filing, stating the depositions she requests and why, includes the following:

C. DONALD ("DON") MCGAHN: Mr. Priebus stated during his deposition that, following my 'tweets' in 2016, he reached out to Don McGahn, forwarded all emails and documents concerning such to Don McGahn, and "got Don McGahn involved." (Per online reports, it appears Mr. McGahn was Campaign counsel at the time.) **Given that Mr. Priebus has produced no documents in this matter, despite extensive requests, Mr. McGahn should be subpoenaed for deposition**, as to those documents forwarded to him by Defendant Priebus and what steps were taken, outside of attorney-client privileged conversations, of course. [A document, simply by virtue of being forwarded to an attorney, does not become privileged. The underlying document is still relevant, discoverable, and should be produced. But it seems Defendants have hidden under, 'We forwarded incriminating documents to an attorney, therefore we do not have to produce any.' Notice, moreover, Defendants have produced no privilege log.]

Additionally, Mr. McGahn was involved in White House employees' security clearance, making him relevant also in terms of "Part 2" of this letter. Plaintiff holds Mr. McGahn in high esteem and understands him to be a man of great ethics. His wife, coincidentally, was a professed 'big fan' of the Plaintiff, approaching Plaintiff at the RNC Convention in 2016 to express her admiration for Plaintiff's work and advocacy. Plaintiff does not seek to inconvenience Mr. McGahn but the facts are that he is a clearly relevant party for purposes of discovery.

**What materials Defendant Priebus had, which were forwarded to McGahn, is key, now more than ever, given that yesterday (February 26th), Defendants' counsel suddenly located an important document, at the specific urging of the Plaintiff (including a date), that had previously not been produced. It appears there are documents, enormously relevant to this matter, that have yet to be produced and have been withheld**.