UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X

ARLENE DELGADO,

                                            Plaintiff,

                    -against-

DONALD J. TRUMP FOR PRESIDENT, INC.,
TRUMP FOR AMERICA, INC., SEAN SPICER,
individually, REINCE PRIEBUS, individually,
STEPHEN BANNON, individually,

                                            Defendants.
-----------------------------------------------------------------X

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED:___5/22/2024___

19-CV-11764 (AT) (KHP)

ORDER REGARDING DISCOVERY
MOTION

**KATHARINE H. PARKER, UNITED STATES MAGISTRATE JUDGE:**

On May 15, 2024 and May 16, 2024, Plaintiff filed several letters regarding discovery, two that appear to be duplicates (Dkt. Nos. 316-318).  In the letters, Plaintiff asks the Court to: (1) reconsider its denial of her request to extend the discovery deadline for purposes of deposing Jared Kushner, Lucia Castellano, Michael Glassner, and Stephen Bannon; (2) to expand the scope of Donald McGahn's deposition to allow questioning on documents that were sent by Defendant Reince Priebus to attorneys; (3) permit her to "utilize all emails and materials authored by Steve Bannon" in this case and also use in this case transcripts from depositions of Bannon taken in other cases; and (4) permit her to utilize in this case deposition transcripts from depositions of Castellano and Glassner taken in other cases.  Defendants object to the letter requests.

**DISCUSSION**

The Court construes requests 1 and 2 above to be requests for reconsideration of this Court's prior order declining to extend discovery deadlines to allow for the depositions of

Kushner, Castellano, Glassner and Bannon and limiting the scope of McGahn's deposition testimony.

Local Rule 6.3 governs reconsideration, which is "intended to 'ensure the finality of decisions and to prevent the practice of a losing party examining a decision and then plugging the gaps of a lost motion with additional matters.' " *SEC v. Ashbury Capital Partners, L.P.*, No. 00 Civ. 7898, 2001 WL 604044, at *1 (S.D.N.Y. May 31, 2001) (quoting *Carolco Pictures, Inc. v. Sirota,* 700 F. Supp. 169, 170 (S.D.N.Y. 1988)). Reconsideration is "an extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources." *In re Health Mgmt. Sys., Inc. Sec. Litig.*, 113 F. Supp. 2d 613, 614 (S.D.N.Y. 2000)(internal citation omitted). Accordingly, the Second Circuit has held that the standard for granting a motion to reconsider "is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked -- matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." S*hrader v. CSX Transp., Inc*., 70 F.3d 255, 257 (2d Cir. 1995). "The major grounds justifying reconsideration are 'an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice.'" *Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd*., 956 F.2d 1245, 1255 (2d Cir. 1992) (quoting 18 Charles Alan Wright, Arthur R. Miller & Edward H. Cooper, Federal Practice & Procedure § 4478 at 790 (2d ed.)). "[A] motion to reconsider should not be granted where the moving party seeks solely to relitigate an issue already decided." *Shrader*, 70 F.3d at 257.

Plaintiff fails to point to controlling decisions or information that the Court overlooked in rendering its prior discovery order.  As the Court previously explained, it has extended

discovery numerous times with excessive solicitude to the Plaintiff and communicated that no further extensions would be afforded.  Discovery in this case must come to a close.

Accordingly, Plaintiff's request to extend discovery deadlines and expand the scope of McGahn's deposition is DENIED.

Plaintiff's request to utilize unspecified emails, documents and deposition transcripts of Bannon, Castellano and Glassner is DENIED as premature and without prejudice.  Plaintiff's use of emails, documents and transcripts will be subject to the Federal Rules of Evidence at trial and any disputes about her use of such documents and transcripts can be raised later in this litigation at the appropriate time.

**SO ORDERED.**

DATED:      New York, New York
            May 22, 2024

_____
KATHARINE H. PARKER
United States Magistrate Judge