

| | | |
|---|---|---|
| Steven W. Gold | Andrew R. Gottesman | **Senior Counsel** |
| Steven G. Mintz* | Matthew S. Seminara | Jack A. Horn |
| Jeffrey D. Pollack* | Julia B. Milne | Noreen E. Cosgrove |
| Elliot G. Sagor | James W. Kennedy | Timothy J. Quill, Jr. |
| Ira Lee Sorkin | Ryan W. Lawler* | |
| Lon Jacobs | Andrew A. Smith | **Of Counsel** |
| Steven A. Samide | Amit Sondhi | Honorable Vito J. Titone (*dec.*) |
| Scott A. Klein | Michael Mooney | *NY State Court of Appeals 1985–1998* |
| Terence W. McCormick*** | Adam K. Brody | Harvey J. Horowitz (*dec.*) |
| Robert B. Lachenauer | Andrew E. Steckler | Honorable Howard Miller |
| Roger L. Stavis | Alex J. Otchy* | *NY Appellate Div. 1999–2010* [ret.] |
| Howard M. Topaz | Philip Tafet | Alan Katz |
| Philip E. Altman | Allison Pridmore | Eric M. Kutner |
| Charles A. Ross** | Carli M. Aberle | Andrew P. Napolitano° |
| Richard M. Breslow | Zachary J. Turquand | Brian T. Sampson |
| Barry M. Kazan* | Kellyann T. Ryan | Erica Nazarian |
| Craig D. Spector* | Jason Leach**** | Tara Shamroth |
| Kevin M. Brown | Sitie "Esther" Tang | Jared Van Vleet |
| Alexander H. Gardner | Benjamin S. Cotler | |
| Heath Loring | *Also admitted in New Jersey | °Admitted to practice only before all courts in New Jersey and all Federal Courts in New York City |
| Peter Guirguis | **Also admitted in Florida | |
| | ***Also admitted in California | |
| | ****Also admitted in Texas | |

May 22, 2024

<u>Via ECF</u>
Hon. Katharine H. Parker
Daniel Patrick Moynihan
United States Courthouse
500 Pearl St.
New York, NY 10007-1312

      Re: Delgado v. Donald J. Trump For President, Inc. et al.
        <u>No. 1:19-cv-11764-AT-KHP</u>

Dear Judge Parker:

  This Firm represents Fox News Network, LLC ("<u>Fox News</u>") and Fox Corporation ("<u>FOX Corp</u>," and together with Fox News, "<u>Fox</u>"). We write in response to Plaintiff's motion for "reconsideration of quashing of Fox News subpoena" set forth in her letter filed on May 13, 2024 (ECF 313 & 322), which she filed in response to Your Honor's Order, also dated and entered on May 13, 2024 (ECF 309).

  At the outset, Fox observes that Delgado has finally clarified that her subpoena was directed to "Fox News and Fox News only." (ECF 313 & 322 at 3.) There was no basis for her to address the subpoena to "FOX Corp," which is a parent company only



May 22, 2024
Page 2

and does not itself conduct the business of the Fox News Network or the Fox Business Network and would not be in possession of any responsive documents.

With respect to Ms. Delgado's request for reconsideration, that request should be denied. As this Court has previously noted, "[a] motion for reconsideration should be granted only when the defendant identifies an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." City of Almaty, Kazakhstan v. Ablyazov, No. 1:15-cv-05345 (KHP) (AJN), 2017 WL 11699077, at *1 (S.D.N.Y. Aug. 25, 2017) (quoting Kolel Beth Yechiel Mechil of Tartikov, Inc. v. YLL Irrevocable Trust, 729 F.3d 99, 104 (2d Cir. 2013)). "[T]he standard of review applicable to such a motion is 'strict' and reconsideration will generally be denied 'unless the moving party can point to controlling decisions or data that the court overlooked – matters, in other words, that might reasonably be expected to alter the conclusion reached by the court.'" Pearlstein v. BlackBerry Ltd., No. 13-cv-07060 (CM) (KHP), 2019 WL 5287931, at *1 (S.D.N.Y. Sept. 20, 2019) (Parker, M.J.) (quoting Shrader v. CSX Transp., Inc., 70 F.3d 255, 257 (2d Cir. 1995)).

Delgado fails to make that showing here. Delgado does not identify any "intervening change of controlling law"; there is none. Nor is there "new evidence" that was not available to Delgado before. To the contrary, in her principal letter motion to compel, Delgado referred to and quoted from the very same November 2016 email that she now cites in and attaches as Exhibit A to her letter motion for reconsideration. Compare Delgado's letter motion to compel, ECF Doc. No. 240 at 4, ("Plaintiff was utilized as an on-air contributor many times [and a FOX executive explicitly, in one written email, told Plaintiff she would "have her own show soon" (November 2016 email)]," with her letter motion for reconsideration which principally relies upon and attaches that very same email.

Nor does Delgado identify any "clear error" in or "manifest injustice" worked by the Court's May 13 Order. Delgado's principal argument in her motion for reconsideration is that the Court somehow overlooked her argument that Defendants tortiously interfered with her purported "job offer" from Fox News. But there are two problems with that argument. *First*, this is an entirely new argument. Plaintiff did not refer to that "job offer" in her Amended Complaint. Nor did her April 10 motion to compel against Fox assert that she had such an offer. To the contrary, her original motion sought to justify her subpoena to Fox by emphasizing that it sought "documentation about *potential hiring or not*, potential retaliation by the Defendants and their allies, and more…" (emphasis added) (ECF 240 at 4.) She simply did not argue that she had a job



offer. Hence, the Court did not overlook that argument. *Second*, even now on her motion for reconsideration, Delgado does not identify any "job offer" at all. She states instead that she "all-but-had an offer," again referring to the Bowman email that she previously described to the Court. (ECF 313 at 2.) The Court can tell for itself that the Bowman email did not evidence a contract or even a reasonable expectation of a contract; it was a friendly "someday you're going to make it" message. Thus, no clear error or manifest injustice resulted from the Court's May 13 Order; nothing in Delgado's new spin on the facts would change the result; and the record amply shows that the Court did not overlook anything.

Finally, Fox respectfully refers the Court to the responses and objections that were served in response to Plaintiff's subpoena, which furnish ample alternative grounds upon which to quash the subpoena, and that were attached to Fox's response to Delgado's motion to compel. (See ECF 291, 291-1, 291-2, & 291-3). And, as the Court noted in its Order, not only is it entirely speculative whether Fox has any information relevant to the case, but "a request for ESI of multiple custodians over a one-and-a-half-year period utilizing the broad search terms proposed by Plaintiff" would inevitably impose an unwarranted burden of collecting, hosting, and reviewing ESI. Accordingly, reconsideration would not change the result in this matter, and the Court should adhere to its ruling.

Respectfully submitted,

Steven G. Mintz

Cc:  Arlene Delgado (via ECF)
     Counsel for Defendants (via ECF)