May 21, 2024

Hon. Magistrate Parker
United State District Court, S.D.N.Y.
500 Pearl Street, Courtroom 17D
New York, NY 10007
**RE**: *request for telephonic hearing on recent, overlapping motions* **and** *permission for electronic filing and for hearing regarding motions*
VIA: electronic submission through *Pro-Se* Intake Unit

Your Honor,

I am the *pro-se* Plaintiff in the above-mentioned matter, referred to in first person or as "Plaintiff."

Plaintiff's inability to e-file (as a pro-se litigant who does not reside in the area and cannot take the required in-person course, Plaintiff is unable to receive the standard permission for e-filing) has created a flurry of: (a) improperly dated motions; (b) **motion/s that are never uploaded**; (c) order/s entered after a motion is submitted but before a motion is docketed/read by the Court; and more, all of which can only be described as a chaotic process. Plaintiff called the Pro-Se Intake Unit on Friday; yesterday and again this morning (Monday, May 21st) only to learn that the problem has no remedy in sight, given that the Pro Se Intake Unit is vastly understaffed and that, even those who occasionally help, are committing errors in the docket.

As a result, it is unclear what motions are even still outstanding and what is addressed; when motions were filed; the docket has nothing resembling any order; and there are overlapping motions, responses, and orders.

    I.    *Plaintiff requests a brief telephonic hearing to address the various, overlapping motions in a clear manner.*

    II.    *Plaintiff writes to request permission to file electronically*, notwithstanding the requirement in the standard permission form, which requires that the filer certify taking the course on such. (Said course is only offered in person – not online – at the courthouse. Plaintiff called the Pro Se Intake Unit, many weeks ago, and was informed that, indeed, the course is not offered online and that, as such, litigants who are not in the area must file via the Pro-Se Intake Unit for the entirety of the case.) Plaintiff had, until recently, languished through the Pro-Se Intake Unit process for filing, although the two day lag-time between submission and an item being docketed was of concern. Lately, however, the number of errors make it untenable to continue filing via the Intake Unit. (This is, of course, not the fault of the Pro-Se Intake Unit, who do their best but are incredibly understaffed.)

Plaintiff attaches the required form, with all but the course-certification. Below are a few examples of some of the recent issues with filing:

    a)  Although the filings' 'filed' date is to reflect *the date on which the filing was submitted to the Pro-Se Intake Unit* -- and not when the pro-se intake unit uploaded it into the docket -- <u>on at least six occasions</u> the filing has reflected the date it was uploaded and not the date it

was submitted, and sometimes a random date altogether. (e.g., Defendants' prior counsel noted in a footnote of a filing that a Plaintiff-document was dated April 15th but the filed date showed as April 17th, seemingly implying the Plaintiff was submitting documents with a date earlier than that on which she submitted to the Intake Unit, which is entirely untrue and has never occurred.)

b) On Wednesday, May 15, 2024, Plaintiff submitted <u>two</u> letter-motions. Yet *one motion was uploaded twice* (as ECF #316 and #317) **and the other motion completely omitted**. Plaintiff noticed the omission and promptly called the Pro-Se Intake Unit on Monday morning, May 20th and, while they apologized and assured that the overlooked document will be uploaded and e-served, it is concerning that a filing was never uploaded. Plaintiff is concerned it may happen again.

c) The omitted May 15th letter-motion, which was going to be remedied (replacing #317 on the docket), was instead uploaded today (May 21st) as a brand new filing, ECF #323, versus where it was supposed to go – ECF #317. It, moreover, has the wrong e-stamp date.

d) Also on May 21st, someone in the Pro-Se Intake Unit decided to upload as ECF #322: (a) a filing Plaintiff submitted on May 13th (a week ago); (b) **a filing which had already been uploaded to the docket** (*See* ECF #313); and (c) even has the wrong date (the filing was submitted May 13th, yet the e-stamp reads May 17, 2024, and it is uploaded -- for a second time --  on May 21st).

e) An example of the lag-time causing issues is the Rule 37 Motion that the Plaintiff filed (ECF 314), which the Court deemed premature (ECF 319). But it was only 'premature' because the Court, after the Plaintiff submitted her Motion to the Intake Unit (the morning of May 14th) but *before* it was seen by the Court/uploaded to the docket, issued an Order revising its own definitions and obligations on the Defendants.

And, overall, the 'lag time' between submitting a document and its being uploaded is typically ***two working days***. In a regular paced period in litigation, this is not of concern. In this case, however, there is a flurry of time-sensitive activity, making it ***extremely prejudicial for one side to file matters that are seen immediately by the Court, whereas the other side's filings are not seen by the Court or any party until two working days later***. Plaintiff attempted to mitigate the damage this causes by, during a recent week of fast-paced activity, providing some of her filings to chambers (in addition to filing the document with the Pro-Se Unit) so that chambers would have a copy of the filing in real-time (while dutifully copying Defendants' counsel, to avoid any appearance of attempted *ex-parte* communication). Plaintiff was publicly humiliated for doing so, however, with the Court's May 14th Order reading: "*The Court reminds Plaintiff that she may not email letters to Chambers*." This makes the Plaintiff appear to the public as the stereotypical "pro-se litigant," who is emailing the Court regarding substantive matters or asking questions. Regrettably, the Court did not clarify what it mean by the Plaintiff emailing letters – e.g., Plaintiff only provided *a courtesy copy* to chambers of a few time-sensitive filings (given the flurry of activity caused by Defendants' counsel's abrupt withdrawal-attempt in the middle of an outstanding discovery obligation) and, moreover, Plaintiff explained in such submissions that she was doing so *solely* due the time-sensitive matter of the filing and the lag-time of the Pro-Se Intake Unit's processing.[1]

---

[1] For instance, a May 1, 2024 email (and all had the same language – totaling five), read:
*Greetings to the Chambers/Clerk of Hon. Katharine Parker:*
*I am the Plaintiff in 19-cv-11764 (Delgado v. Trump Campaign, et al.) I attach here an urgent LETTER TO THE COURT, regarding the order entered this morning setting a 3 pm hearing for this afternoon.*

Plaintiff respectfully requests a brief telephonic hearing to address the various, overlapping motions (as the current order of what has been filed is confusing and out of order, items may be missing, and it is unclear what has been responded to or what has been addressed) <u>and</u> requests permission to file electronically.

Respectfully and humbly submitted,<br>
<u>s/ Arlene Delgado</u><br>
Plaintiff, <i>pro-se</i>

---

*Given the time-sensitive nature, I am providing my filing directly to chambers, as it takes about two days for any filing of mine via the Pro-Se Intake Unit to be processed and reach the recipients. (I am also submitting this simultaneously to the Pro-Se Intake Unit, for usual processing/ filing into the docket.)*
*Defendants' counsel is copied here.*
*Respectfully submitted,*
*Arlene Delgado*
*Plaintiff, pro-se*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

_____

_____

Write the full name of each plaintiff or petitioner.

-against-

_____

_____

Write the full name of each defendant or respondent.

No. _____CV_____

**MOTION FOR PERMISSION FOR ELECTRONIC CASE FILING**

I respectfully ask the Court for permission to participate in electronic case filing ("e-filing") in this case. I affirm under penalty of perjury that:

1. I have reviewed the Court's Electronic Case Filing Rules & Instructions, available at http://nysd.uscourts.gov/ecf_filing.php, and agree to abide by them.

2. I completed the Court's CM/ECF introduction course[1] on _____.
**I called Pro-Se unit and was informed that, indeed, course is only available in person, in New York.**

3. I have submitted a Non-Attorney E-File Registration for the PACER system at https://www.pacer.gov/reg_nonatty.html.

4. I understand that once I register for e-filing, I will receive notices and documents only by e-mail in this case and not by regular mail.

5. I understand that if I am granted permission to participate in e-filing, I must file my documents electronically and I may not submit documents to the Pro Se Intake Unit for scanning and docketing.

6. I know how to convert a document to PDF-A format.

7. I have regular access to the technical requirements necessary to e-file successfully:

    ☐  a computer with internet access and a word processor

        type of computer I will be using: _____

---

[1] You may register for the course on the Court's website: http://nysd.uscourts.gov/ecf_training.php.

SDNY Rev: 10/4/18

      type of word processor I will be using: _____

☐ an e-mail account (on a daily basis) to receive notifications from the Court and notices from the e-filing system

☐ a scanner to convert documents that are only in paper format into electronic files

      scanning equipment I will be using: _____

☐ a PDF reader and a PDF writer to convert word-processing documents into PDF format, the only electronic format in which documents can be e-filed

      version of PDF reader and writer that I will be using:

_____

☐ a printer or copier to create required paper copies such as chambers copies.

8. I understand that I must regularly review the docket sheet of the case so that I do not miss a filing.

9. I understand that if my use of the ECF system is unsatisfactory, my e-filing privileges may be revoked, and I will be required to file documents in paper.

_____      _____
Dated      Signature

_____
Name

_____  _____  _____  _____
Address      City      State      Zip Code

_____      _____
Telephone Number      E-mail Address

2