UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X

ARLENE DELGADO,

                                              Plaintiff,

                        -against-

DONALD J. TRUMP FOR PRESIDENT, INC.,
TRUMP FOR AMERICA, INC., SEAN SPICER,
individually, REINCE PRIEBUS, individually,
STEPHEN BANNON, individually,

                                              Defendants.
-------------------------------------------------------------------X

19-CV-11764 (AT) (KHP)

**ORDER REGARDING MOTION FOR
RECONSIDERATION**

**KATHARINE H. PARKER, UNITED STATES MAGISTRATE JUDGE:**

On May 13, 2022, Plaintiff filed a letter asking the Court to reconsider its Order denying

Plaintiff's motion to compel responses to her subpoena on Fox Corp./Fox News Network, LLC

(the "Motion to Compel"). (ECF Nos. 313, 322.)  On May 22, 2024, counsel for Fox News

Network, LLC and Fox Corporation (collectively, "Fox") filed its response, objecting to the

Plaintiff's request for reconsideration. (ECF No. 325.)

**DISCUSSION**

Local Rule 6.3 governs reconsideration, which is "an extraordinary remedy to be

employed sparingly in the interests of finality and conservation of scarce judicial resources." *In

re Health Mgmt. Sys., Inc. Sec. Litig.*, 113 F. Supp. 2d 613, 614 (S.D.N.Y. 2000)(internal citation

omitted). The Rule aims to "prevent the practice of a losing party examining a decision and then

plugging the gaps of a lost motion with additional matters.'" *SEC v. Ashbury Capital Partners,

L.P.*, No. 00 Civ. 7898, 2001 WL 604044, at *1 (S.D.N.Y. May 31, 2001) (quoting *Carolco Pictures,

Inc. v. Sirota,* 700 F. Supp. 169, 170 (S.D.N.Y. 1988)). Courts must "narrowly construe and strictly

apply Local Rule 6.3, so as to avoid duplicative rulings on previously considered issues, and to prevent the rule from being used as a substitute for appealing a final judgment*." Schoolcraft v. City of New York*, 298 F.R.D. 134, 137 (S.D.N.Y. 2014). Accordingly, the Second Circuit has held that the standard for granting a motion to reconsider "is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked -- matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." S*hrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995). Reconsideration is justified where the moving party demonstrates "an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *Henderson v. Metro. Bank & Tr. Co.*, 502 F. Supp. 2d 372, 376 (S.D.N.Y. 2007).  A motion for reconsideration should be denied "where the moving party seeks solely to relitigate an issue already decided." *Shrader*, 70 F.3d at 257.

Plaintiff has not pointed to controlling decisions or information that the Court overlooked in rendering its prior Order denying the Motion to Compel.  As the Court previously explained, the information Plaintiff seeks in the Fox subpoena is overbroad and not proportional to the needs of the case. Plaintiff asserts that she has presented new information justifying reconsideration, namely, that during the deposition of Kellyanne Conway, Ms. Conway suggested Plaintiff could have obtained a job in media. Such information does not constitute "new evidence," and fails to demonstrate that the information sought in the Fox subpoena was relevant or proportional to the needs of the case, rather than unduly burdensome on a non-party. Accordingly, Plaintiff's motion for reconsideration concerning the Motion to Compel is DENIED.

**SO ORDERED.**

DATED:      New York, New York
                May 24, 2024

KATHARINE H. PARKER
United States Magistrate Judge