**SCHULMANBHATTACHARYA**    6116 Executive Boulevard, Suite 425, North Bethesda, Maryland 20852  240.356.8553

JEFFREY S. GAVENMAN
**direct dial** 240.356.8553   **email** jgavenman@schulmanbh.com

May 24, 2024

**VIA ECF**

The Honorable Katharine H. Parker
United States District Court
500 Pearl Street, Room 750
New York, NY 10007

*Re:    Delgado v. Donald J. Trump for President, Inc., et. al.* **No. 19-cv-11764 (AT)(KHP)**

Dear Judge Parker:

We write respectfully on behalf of non-party witness Bradley Parscale to respond to Plaintiff Arelene Delgado's ("Plaintiff" or "Ms. Delgado") May 17, 2024 motion to compel (ECF No. 321) ("Plaintiff's May 17 Motion").[1]

On May 14, 2024, this Court issued an Order (ECF No. 312) (the "Order"), which set a May 17, 2024 deadline for Plaintiff to "file a formal motion to compel…as to the questions for which she believes there were improper direction [for Parscale] not to answer." Order, at p. 1. Simply stated, Plaintiff did not abide by that deadline. While Plaintiff's May 17 Motion is styled as a motion to compel, she did not, in fact, file the requisite, formal motion to compel in any way. Rather, Plaintiff's May 17 Motion is merely a request for the Court to extend the May 17, 2024 deadline. Plaintiff's request for an extension should be denied in its entirety.

As a threshold matter, Your Honor's Individual Practices in Civil Cases I(c) is dispositive here: "Absent good cause, any request for extension or adjournment shall be made **at least 48 hours or 2 business days, whichever is greater**, before the deadline…" (emphasis in original). Rather than comply with the clear mandates in Your Honor's Individual Practices, Plaintiff waited until the date on which her motion to compel was due to request an extension of time. Further, she made no effort to provide good cause for her failure to timely seek an extension. As such, her request should be denied out of hand.

Plaintiff's only purported justification for an extension is her contention that she is waiting for the transcript from the second day of Mr. Parscale's deposition before she can move to compel responses to certain questions. Even taking Plaintiff at her word that it takes 10 business days after

---

[1] Ms. Delgado combined several distinct "motions to compel" into ECF No. 321. This letter addresses only the motion to compel directed at Bradley Parscale, which is styled as "MOTION TO COMPEL UNANSWERED QUESTIONS STEMMING FROM DEPOSITION OF BRADLEY PARSCALE."

SCHULMAN**BHATTACHARYA**

Page | 2

she placed the order for the transcript to receive it,[2] such assertion does not provide any justification for failing to make a timely request for an extension.  Undoubtedly, Ms. Delgado knew well before the May 17, 2024 deadline that she would not have a copy of the transcript by that date, and could have informed the Court of her need for an extension in accordance with Your Honor's Individual Rules.  Instead, Ms. Delgado continued her practice of ignoring deadlines in this case and asking for after-the-fact extensions to allow her to draw out discovery.

Furthermore, Plaintiff's professed excuse provides no justification whatsoever for her failure to file a motion to compel concerning any responses she believed were improper during the first day of Mr. Parscale's deposition.  As the Court is aware, Ms. Delgado received the transcript of the April 12, 2024 Parscale deposition on May 6, 2024, a full eleven days before the May 17 deadline.  *See* ECF No. 286.  Yet, she offers no explanation, and no justification, for failing to file a motion to compel as to questions posed during the April 12, 2024 deposition.  Given this failure, Ms. Delgado clearly should not be permitted to file an untimely motion to compel any responses to questions posed during the April 12, 2024 deposition.  And, given Ms. Delgado's failure to meet the Court's May 17 deadline and her untimely, unjustified request for an extension, Ms. Delgado also should not be allowed to file a belated motion to compel any responses to questions posed during the second deposition of Mr. Parscale, taken on May 7, 2024.

As this Court recently made clear, "discovery in this case must come to a close."  ECF No. 324 at p. 3.  Respectfully, this should be particularly true where Plaintiff is seeking the third deposition of a nonparty witness, which is precisely what Ms. Delgado is doing with respect to Mr. Parscale.

We thank the Court for its time and attention in this matter.

    Respectfully,

    /s/ Jeffrey S. Gavenman
    Jeffrey S. Gavenman

---

[2] Of course, Plaintiff would have received the transcript before the May 17 deadline had she simply paid for an expedited transcript.  Notably, the expedited transcript would have been at minimal additional cost, considering the deposition itself was short in duration.