UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

Arlene J. Delgado,
    Plaintiff,

vs.

Donald J. Trump for President, et al.
    Defendants

Case No.: 19-cv-11764 (AT) (KHP)

**PLAINTIFF'S OBJECTION TO MAGISTRATE JUDGE'S ORDER and MOTION FOR REVIEW**
Date: May 28, 2024

## PLAINTIFF'S OBJECTION TO MAGISTRATE JUDGE'S ORDER and MOTION FOR REVIEW

NOW COMES the above-named, ARLENE J. DELGADO, Plaintiff herein, and, pursuant to Federal Rule of Civil Procedure 72(a), given new information contained in Magistrate Judge Parker's May 14, 2024 Order (ECF 312), states as follows:

Federal Rule of Civil Procedure 72(a) provides:

> When a pretrial matter not dispositive of a party's claim or defense is referred to a magistrate judge to hear and decide, the magistrate judge must promptly conduct the required proceedings and, when appropriate, issue a written order stating the decision. A party may serve and file objections to the order within 14 days after being served with a copy. A party may not assign as error a defect in the order not timely objected to. The district judge in the case must consider timely objections and **modify or set aside any part of the order that is clearly erroneous or is contrary to law**.

-F.R.C.P. 72(a) (emphasis added)

In January 2024, Magistrate Parker ruled that, should Plaintiff wish to take third party depositions, she must first come before the Court, publicly explain (in a public filing) why each deposition is necessary/relevant, and Magistrate Parker would then decide (even though the only depositions taken by Plaintiff thus far were of a single defendant). Plaintiff dutifully did so, requesting 16 depositions. In its March 1, 2024 Order (ECF 204) (hereinafter, "March 1st Order"), Magistrate Judge Parker denied the Plaintiff the ability to take most of the requested third-party

1

depositions, save for four that Magistrate Judge Parker herself personally selected, including even denying Plaintiff the ability to depose her supervisor who had also impregnated her.

When Plaintiff filed a Rule72(a) objection about this, this Court denied such (ECF 244), on April 12, 2024 (hereinafter, "April 12th Order"). **This Court's April 12th Order, affirming Magistrate Judge Parker's March 1st Order, found there was no real error, given that the Court had permitted the taking of four depositions**, writing:

> Plaintiff next contends that Judge Parker erred in denying her leave to take the other twelve non-party depositions. Pl. Objs. at 4. The Court again disagrees. Judge Parker permitted Plaintiff to take four non-party depositions (1) relevant to her breach-of-contract and discrimination claims and (2) concerning Defendants' employment decisions and their defense that Plaintiff was unqualified for a White House position. March 1 Order at 2.

In other words, the Court's position in the April 12th Order was, 'You were allowed four third-party depositions. That's enough.' **However, it was recently revealed that not even *that* is true, as revealed by Judge Parker's recent, May 14, 2024 Order** (ECF 312) (hereinafter, "May 14th Order").

It is *now* known that the Plaintiff, contrary to what the April 12th Order believed, did *not*, in fact, receive leave to take four depositions.

Prompted by the novel, "Hail Mary" argument of one of the to-be-deposed-third parties (Don McGahn), Magistrate Judge Parker revealed, in her recent May 14, 2024 Order, that Mr. McGahn is correct and that the "depositions" granted were not, in fact, standard depositions (at which various relevant topics could be discussed) but rather extremely limited, to an alarming degree.

First, below is an image of the March 1st Order, seemingly 'granting' four depositions (cherry-picked and selected by Magistrate Judge Parker, and not by Plaintiff, the person who is putting on the case):

> otherwise denied the request. **Specifically, as discussed at the Case Management Conference, Plaintiff is permitted to subpoena and depose the following individuals:**
>
> - **Lucia Castellano**, who was identified as the head of Human Resources for the Campaign, and is thus likely to have information relevant to employment decisions by the Campaign.
>
> - **Michael Glassner**, who was identified as counsel for the Campaign during a mediation between the Campaign and Plaintiff to which the breach of contract claim pertains, and is likely to have information relevant to the breach of contract claim.
>
> - **Jared Kushner**, who was identified as having a role in the decision not to hire Plaintiff for a position at the White House, and thus is likely to have information relevant to the discrimination claim.
>
> - **Donald McGahn**, who was identified as an individual involved in the security clearance process for White House personnel during the relevant period, and is likely to have information relevant to Defendants' defense that Plaintiff would not have qualified for a position at the White House due to security clearance issues.
>
> In the event Defendants state a renewed intention to call Kellyanne Conway as a trial witness, Plaintiff may seek leave to depose Ms. Conway in advance of trial. **Plaintiff's request for additional third-party discovery is otherwise DENIED.**

This Court (Hon. Analise Torres), same as Plaintiff, clearly took the March 1st Order's wording (the brief sentence accompanying each selected individual) to merely be *descriptive* as to why the person was relevant. But, *au contraire*: As Judge Parker has clarified in her recent May 14th Order, **the four depositions were, astonishingly, limited to specifically what she listed,** and Plaintiff could *only* ask, during any such deposition, about what Magistrate Judge Parker specifically listed. Magistrate Parker holds: "Depositions are limited to what was included in the Court's prior [March 1st] order."

3

In other words, e.g., the deposition of Lucia Castellano, the Human Resources director for the Campaign? **Her deposition could only consist of questions concerning "employment decisions made by the Campaign**."

- Questions about Plaintiff's work performance on the Campaign? Cannot ask that!
- Questions about Plaintiff's complaints regarding sexual harassment or pregnancy discrimination? Cannot ask that!
- Questions about whether other women complained of sexual harassment or pregnancy discrimination? Cannot ask that! (and so on, and so on…)

To highlight the, respectfully, absurdity of this, Magistrate Judge Parker herself ruled, on April 24, 2024, the complaints made by other staffers -- relating to sexual harassment, pregnancy discrimination, and/or gender discrimination -- were relevant and should be produced to Plaintiff. Yet, she also effectively holds, three weeks later, that, when deposing the Human Resources Director (the person most knowledgeable about complaints), Plaintiff would not be permitted to ask about that! Plaintiff could only about "employment decisions" – whatever that even means. At this point, Magistrate Judge Parker's own orders are contradictory.

Another example: Her wording about Donald ("Don") McGahn referred to his knowledge about security clearances, as he worked on such in the White House – the *only* matter about which Plaintiff, she now says, could ask Mr. McGahn. This, despite the fact that Plaintiff Reince Priebus, who seemingly destroyed all evidence and withheld none, admitted under oath in February 2024 that he sent/forwarded "everything" to Don McGahn. **Yet, while deposing the person to whom a Defendant says he sent "everything" of relevance… Plaintiff is, according to the newly clarified May 14th Order, not permitted to ask about that and can only ask him about "security clearances" in the White House.**

4

Plaintiff comes before Hon. Analisa Torres with full respect of this Court and of the law. Plaintiff does not wish to disparage – and will not – any member of the New York judiciary. But Plaintiff cannot also be expected to withhold a frank argument, particularly in a Rule 72(a) motion, and call a spade a spade – Magistrate Judge Parker's orders in this case are wreaking havoc and have -- routinely consistently, and without fail-- sided *against* the Plaintiff, tying her hands and rendering her unable to prove her case, at every turn. (This is not surprising, given Magistrate Judge Parker's previous career as an employment-defense attorney.)

The Plaintiff must be permitted to put on her case. That is the Plaintiff's right. The May 14th Order, now finding that depositions are limited to the (highly specific and random) wording in the March 1st Order is, as shown above, clearly erroneous.

(Incidentally, Plaintiff must also note notes that the April 12th Order stated that Plaintiff had received "at least four discovery extensions" in this case. Plaintiff has not. Plaintiff received three, and all were tied solely to extending the time due to Magistrate Judge Parker permitting counsel to exit the case despite counsel having done nothing or missing deadlines. Another deadline extension, permitting Plaintiff extra time to depose the four individuals, was due to the S.D.N.Y. clerk's error in mailing the subpoenas to the Plaintiff-- which did not arrive until 22 days later -- versus uploading the issued subpoenas to the docket, for Plaintiff to download and coordinate service, as she had requested. Plaintiff has not received a single, "I just need more time" extension. And, moreover, in *other* cases, Magistrate Judge Parker has given as many extensions, if not more (*See e.g.,* Spectrum Dynamics case).

Plaintiff respectfully and humbly requests that Hon. Analise Torres overrule the holding in the May 14th Order and permit a typical, conventional deposition of the four named individuals,

without the draconian, extremely narrow limits but rather only within the ordinary limitations of Rule 26 – relevant information proportional to the case.

Respectfully and humbly submitted,

*s/ Arlene Delgado*
Arlene Delgado
Plaintiff, *pro-se*