UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| Arlene J. Delgado,<br>    Plaintiff, | Case No.: 19-cv-11764 (AT) (KHP) |
| vs. | |
| Donald J. Trump for President, et al.<br>    Defendants | **PLAINTIFF'S OBJECTION TO MAGISTRATE JUDGE'S ORDER and MOTION FOR REVIEW**<br>Date: May 28, 2024 |

**PLAINTIFF'S OBJECTION TO MAGISTRATE JUDGE'S ORDER and MOTION FOR REVIEW**

NOW COMES the above-named, ARLENE J. DELGADO, Plaintiff herein, and, pursuant to Federal Rule of Civil Procedure 72(a), respectfully objects to, and moves for review of, Magistrate Judge Kathleen Parker's March 13, 2024 Order (ECF 309), as follows:

Honorable Magistrate Judge Kathleen Parker (hereinafter, "Judge Parker") is assigned to preside over discovery matters in this case. In the course of such duties, Judge Parker issued an Order on March 13, 2024 ("**March 13th Order**", ECF 309), **quashing Plaintiff's subpoena on Fox News** which Plaintiff, with respect, believes is both clearly erroneous and contrary to law. It even violates Plaintiff's due process right to discovery, by denying Plaintiff the right to pursue a key aspect of her case, and one, moreover, about claims that are noted in her Complaint. Federal Rule of Civil Procedure 72(a) provides:

> When a pretrial matter not dispositive of a party's claim or defense is referred to a magistrate judge to hear and decide, the magistrate judge must promptly conduct the required proceedings and, when appropriate, issue a written order stating the decision. A party may serve and file objections to the order within 14 days after being served with a copy. A party may not assign as error a defect in the order not timely objected to. The district judge in the case must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law.

F.R.C.P. 72(a)

1

(This Objection is timely filed, as the deadline fell on May 27, 2024, which was a court holiday – Memorial Day.)

BRIEF PROCEDURAL HISTORY

Part of what Plaintiff claims in her Amended Complaint is that, in addition to denying her a White House job, the Plaintiffs caused her to lose jobs in media and tortiously interfered with such. The Amended Complaint reads, "Defendants also tortiously interfered with Ms. Delgado's prospective business opportunities with third parties, including in the Federal Government, the White House, **and other media positions**." (ECF 94, March 28, 2022, p. 15, emphasis added) One particular network, Fox News, was extremely interested in hiring Plaintiff, constantly having her on the network, and indicating she had a job waiting for her with the network, and then went completely 'cold' once the Defendants shunned and denied Plaintiff her White House job. This is, moreover, is **not at all speculative**: Plaintiff has a written email from a Fox News programming/talent Vice President, Mr. Thomas Bowman, who specifically sought her out and met with her in person during one of her many appearances, promising that Plaintiff she "will have your own show soon" (November 2016). See Attachment A.

Plaintiff initially sought to explore this via the most direct, efficient method: a deposition of Mr. Bowman. But Plaintiff was required to first plead permission from the Court prior to being *permitted* to depose any third party (*See* January 31, 2024 Order, ECF 187). Plaintiff dutifully did so – listing Mr. Bowman (EFC 202, p. 4) and writing:

> D. THOMAS BOWMAN: Mr. Bowman was, in 2016, a chief programming director at Fox News who, per a November 2016 email, emailed Plaintiff, "You'll have your own show soon!" Subsequent to the Defendants actions, Fox 'went cold' on the Plaintiff. For purposes of the issue of damages and for purposes of potential Campaign actors' interference, Plaintiff needs to depose Mr. Bowman. (This Court itself, in January 2023, questioned the claim that I would have had a

2

role in television, absent the Defendants' sabotage of my career and image. This goes to the heart of that.)

However, Judge Parker <u>denied</u> Plaintiff's request (March 1st Order, p. 1, ECF 204), thus **denying Plaintiff the ability to depose Mr. Bowman** and to authenticate his email that way.

Plaintiff then had no alternative but to subpoena Fox News for documents. Plaintiff issued and served a subpoena on Fox News on April 4, 2024. (ECF 328) The subpoena was served on Fox News. Fox News then sent Objections on April 9, 2024. Plaintiff filed a Motion to Compel on April 10, 2024 (ECF 240).

During a hearing on various matters, on April 24, 2024, Judge Parker set the next **hearing to take place on May 9, 2024, at which counsel for Fox News would be required to appear and the Court would hear from both sides on this issue**. Judge Parker instructed Plaintiff to notify Fox News's counsel, Steven Mintz, that the matter would be heard on May 9th, which the Plaintiff dutifully did. Fox News confirmed attendance and also filed a Response to Plaintiff's Motion to Compel, on May 7, 2024 (ECF 291).

The morning of Thursday, May 9, 2024, Plaintiff asked for a brief postponement of the May 9th hearing, due to the sudden death of her beloved rescue dog, Max, the evening prior. Counsel for Fox News, and Defendants' counsel, both confirmed dates available for the resetting. The Court reset the hearing for Wednesday, May 15, 2024.

However, **on Monday morning, May 13, 2024, the Court abruptly entered an Order (ECF 309), reversing course and suddenly announcing it would not hold a hearing, after all, on the matter**. It instead quashed the subpoena outright. It also did not at least first order the Plaintiff and Fox News to meet and confer about concerns with the subpoena. It instead quashed it in *full* (not even modifying it). The Plaintiff had prepared for, and relied on, the Court's representation that argument would be heard on such. Instead, it was yanked away, abruptly.

3

An astonished Plaintiff (who had spent time preparing for the oral argument on the Fox News issue), on Monday afternoon May 13, 2024, filed a Motion for Reconsideration (ECF 313). On May 15, 2024, the Court entered an order directing that Fox News respond by May 22, 2024 (ECF 315). On May 22, 2024, Fox News filed its response (ECF 325). On May 24, 2024, the Court also denied the Plaintiff's motion for reconsideration (ECF 327).

GENERAL ARGUMENT

In sum, **the Court is outright blocking Plaintiff from even a *single* subpoena-for-documents, or even a *single* deposition, or *any* avenue into proving a specifically alleged angle in her case and Complaint: that Defendants not only caused her to lose out on a White House job but even jobs in media. Judge Parker has tied the Plaintiff's hands from proving this key element of her case and key element of damages**. This is particularly prejudicial, given that the Court has also blocked Plaintiff's ability to prove damages in *other* ways – e.g., by preventing the deposition of her comparable counterpart, Boris Epshteyn, *and*, on January 12, 2023, informing her then-counsel that all expert reports were due in less than a month, making the utilizing of an expert in this case impossible. It also even made it impossible to utilize the email from Mr. Bowman to show such to a jury: the Court said **"You cannot depose Mr. Bowman"** and now, when Plaintiff diligently seeks to obtain the email from Fox (its custodian) and authenticate it *that* way, the Court blocks *that*, too.

THE ORDER MISAPPLIES AND MISSTATES THE LAW ON WHAT IS OVERBROAD

The Order reads:

> In this case, the subpoena seeks "any and all documents and communications referencing, concerning, regarding, or mentioning A.J. Delgado." **Any request that seeks "any and all documents and communications" concerning a person is grossly overbroad and does not comport with Rule 26(b) or Rule 45**. *See Henry v. Morgan's Hotel Grp., Inc.*, No. 15-CV-1789 (ER)(JLC), 2016

4

> WL 303114, at *2 (S.D.N.Y. Jan. 25, 2016) (finding a subpoena requesting "all documents and communications" relating to an individual overbroad) (collecting cases).

May 13th Order, p. 5 (emphasis added)

Let us begin with the cited case, Henry v. Morgan's Hotel Grp., Inc., 15-CV-1789 (ER) (JLC) (S.D.N.Y. Jan. 25, 2016) for the proposition that "any and all" requests are "grossly overbroad." The word "grossly" is nowhere to be found in Henry opinion. The Henry case did, admittedly, find that a discovery request was overbroad but it was a subpoena by the defendants on all of plaintiff's prior employers, asking for any and all documents about the plaintiff (as one can imagine, that would include hundreds of thousands of pages, even on things as irrelevant as every group-meeting email on which the employee was included, versus limiting it to, at least, personnel files and the like).

If we then, out of generosity to Judge Parker, look at other cases Henry cited, those, too, do not support Judge Parker's proposition. A case Henry cites is Gropper v. David Ellis Real Estate, L.P., 13 Civ. 2068 (ALC) (JCF) (S.D.N.Y. Feb. 10, 2014). But, therein, the discovery request deemed overbroad was, rightly so, one requesting "any and all" documents regarding all employees who ever worked at the property – and for the past nine years! The finding was that "any and all" related to a particular "subject" were grossly overbroad – and not to a particular individual, as in the case herein. And, moreover, in Gropper, rather than quash the subpoena, **the court ordered the parties to meet and confer about modifying the subpoena, versus quashing it outright. Judge Parker refused to do that**. The other case Henry cites is Rice v Reliastar Civ. No. 11-44-BAJ-CN (M.D. La. Nov. 10, 2011), a case out of… *Louisiana*. In that lawsuit, about police misconduct and the shooting of a local resident, two of the subpoena requests requested "any and all" information regarding the sheriff, who had been employed by

5

the department for years. Thus, the subpoena sought "any and all" information regarding an employee, working with the entity for many years, which is clearly outrageous and incredibly overbroad. And, even then, the Court merely modified the subpoena, versus outright quashing it. Lastly, the only other case <u>Henry</u> cites is <u>Badr v. Liberty Mutual Group, Inc</u>., No. 06-CV-1208, 2007 WL 2904210. That was a class action against some of the world's largest banks and, therein, the Plaintiffs requested "all documents provided to any governmental regulator, "all documents received from any governmental regulator," and "all correspondence with any governmental regulator." Of course, this was overbroad. *None* of these cases are akin to what Plaintiff requested of Fox News, which would only entail emails concerning her bookings and appearances, and emails pertaining to hiring her or not, for a specific period lasting only slightly longer than one year.

<u>THE ORDER IS REPLETE WITH FACTUAL ERRORS AND FUNDAMENTAL MISUNDERSTANDING OF THE CASE</u>

The Order, on its face, reveals erroneous understandings about this case. On p. 3, it states that the Plaintiff made appearances on Fox News and MSNBC "*prior* to being engaged by the Campaign." (italics emphasis added) No, it was also *throughout* the Campaign and election. The Order also states: "And while Plaintiff alleges that she appeared on Fox during Trump's 2016 campaign, **she does not allege that she applied to work at Fox** in any particular position, **or was extended an offer by Fox**, at any time after she stopped working for the Campaign, or that Defendants spoke to specific individuals at Fox to interfere with a specific job opportunity." (bold emphasis added) The former reveals a misunderstanding of the political media landscape – these jobs are not advertised nor "applied for" -- the 'application' itself is the repeated appearances. **As for the latter, it is simply false that the Plaintiff "does not allege that... she was extended an offer by Fox."** Quite the contrary, and as this Court is (or should be) aware,

Plaintiff has repeatedly stated, including in her request-for-leave of depositions, that she was: e.g., A Fox VP, in charge of hiring talent for the commentator and host positions, emailed Plaintiff on November 8, 2016, stating she would have her "own show soon!" (*See* Attachment A.) The documented fact is Plaintiff all-but-had an offer (Bowman email), from Fox, which disappeared due to Defendants' actions – **a fact that this Court is now <u>blocking</u> Plaintiff from presenting to a jury.** The Order also, oddly, seems to omit any reference to the fact that **Plaintiff did try to obtain this information via a less burdensome way** -- a deposition of Mr. Bowman. **Yet, the Court unfairly denied that request. Plaintiff then, naturally, was left with the only option of a subpoena on Fox News. Yet the Court is now blocking *that*, as well.** Moreover, as aforementioned, these allegations are indeed in Plaintiff's Complaint, and are part of the retaliation and tortious interference claims: *See e.g.*, "Defendants also tortiously interfered with Ms. Delgado's prospective business opportunities with third parties, including in the Federal Government, the White House, ***and other media positions***." (Plaintiff's Amended Complaint, ECF 94, March 28, 2022, p. 15, emphasis added)

Why is the Court blocking Plaintiff from proving this, by claiming this is "irrelevant" to the case?

<u>THE ORDER SHOWS JUDGE PARKER ENGAGES IN BIASED APPLICATION OF DISCOVERY</u>

There is a double standard at play: the Court has taken the position that the Plaintiff's efforts to find work, and lost job opportunities, *is* relevant for damages (including damages mitigation)… when it is the *Defendants* seeking that information. To wit, on January 31, 2024 (ECF 187), this Court ordered Plaintiff to turn over evidence of job-seeking or career-searches to date, "because such information is relevant to mitigation and proportional to the needs of the case." If that was

7

relevant, how then is not relevant when Plaintiff wishes to demonstrate what occurred with a particular media job opportunity? If one is relevant, so, too, is the other. But there appears to be one standard in this case for the Defendants' desired discovery, and another for Plaintiff—or at least that is what the quashing of the Fox News subpoena makes clear.

The Order also, oddly, seems to omit any reference to a key document-category requested: **Mr. Bowman's emails *about* Plaintiff.** The Order does not address how it can deem the subpoena as seeking "irrelevant" information, when the Court is aware that a high-ranking vice-president of programming had, roughly a month prior to Defendants' discriminatory actions, essentially said Plaintiff had a job with Fox News... and then disappeared following Defendants' actions. **How is that not relevant and 'proportional to the needs of the case'?** The subpoena *is* clearly relevant to matters raised in the Complaint and allegations/claims therein.

It is also readily apparent that this was not a phishing expedition or one to find "gossip", as Fox News alleged in its ridiculously over-reaching and insulting Objection. The Plaintiff did not subpoena *other* news organizations at which she appeared during the election (CNN, CBS, MSNBC, etc.) She subpoenaed Fox News and Fox News only – for obvious reasons (e.g., Bowman email), as she was repeatedly 'applying' for a position there *and* was told, in writing, that she would soon have her "own show." Plaintiff's discovery was targeted and focused on the one media company where there was clear documentation of a job on the table – and then a job that was snatched away.

Perhaps the clearly erroneous nature of the Order is revealed in this language:

8

> *As to proportionality, it is entirely speculative whether Fox has any information at all relevant to this case.* Thus, the information sought is not proportional to the needs of the case given the claims at issue, the information already received through discovery, and the costs and burdens of conducting such a broad search, particularly when it might result in no relevant information.

**Again, how can a court possibly state that it is "entirely speculative" that Fox has "any information at all relevant" to this case, when (a)** an issue in the case is media jobs that Plaintiff missed out on; and **(b)** in November 2016, there is an email from a talent-hiring chief telling her she will have her own show soon, with the network going from constantly-inviting-Plaintiff-on to then going 'silent' / entirely ignoring Plaintiff … right after the Defendants denied her the White House job and snubbed her (December 2016)?

<u>JUDGE PARKER ERRED IN FINDING THERE WAS "UNDUE BURDEN"</u>

FRCP 45 is clear as to when a court may, or must, quash a subpoena:

> *Quashing or Modifying a Subpoena.*
>
> *(A) When Required. On timely motion, the court for the district where compliance is required must **quash or modify** a subpoena that:*
>
> *(i) fails to allow a reasonable time to comply;*
>
> *(ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);*
>
> *(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or*
>
> *(iv) subjects a person to undue burden.*
>
> *(B) When Permitted. To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, **quash or modify** the subpoena if it requires:*
>
> *(i) disclosing a trade secret or other confidential research, development, or commercial information; or*
>
> *(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.*

Notice the Rule states the court should quash "or modify." Judge Parker could have modified the subpoena – but simply chose not to.

As for whether the subpoena met the standard for quashing or modification, most of the categories in Rule 45 do not apply here – trade secrets, expert opinions, privileged information, outside of the geographic limits, etc. Judge Parker is aware of this and thus based the 'quashing' on "undue burden" on Fox News. The Order reads:

> ***Fox has objected to the subpoena as burdensome, and this Court agrees that it is unduly burdensome to a non-party***. *Contrary to what Plaintiff has argued, a request for ESI of multiple custodians over a one-and-a-half-year period utilizing the broad search terms proposed by Plaintiff does not take mere minutes to respond to. Parties responding to subpoenas must collect relevant ESI in a forensically sound manner, while incurring costs to host the ESI, process the ESI into forms suitable for application of search terms, review and analyze the ESI, apply search terms to the ESI, conduct a legal review of the ESI for privilege, and prepare any applicable privilege log, among other things. Although ESI software has improved over the years it has existed, costs associated with ESI production continue to increase due to growth in the volume of data, more prevalent use of new and complex forms of data (e.g., Slack, video conferencing, social media messaging) and the explosion of sources of data (e.g., multiple devices and platforms used by each custodian). And, attorney review time is expensive as well. Although Fox does not estimate the costs of responding, the Court is aware from its own knowledge of the ESI process that the burden imposed on Fox by Plaintiff's request is high given the speculative and marginal value of the information Plaintiff may discover.*

March 13th Order (emphasis added)

Judge Parker's Order also reads: "When evaluating undue burden, the court considers the relevance of the information sought, the party's need for the information, the breadth of the request, and the burden imposed. Lelchook v. Lebanese Canadian Bank, 670 F. Supp.3d 51, 55 (S.D.N.Y. 2023)."

**There is no undue burden here: The subpoena is about a single individual; who did not work at Fox News (thus there would not be an enormous amount of emails referencing**

**her); whom Fox News never wrote about (thus there would not be emails overlapping with journalism/reporting research/writing emails); and spans a short time period (approximately one year). Moreover, Plaintiff has not requested databases; software; or files in specific format (e.g., native format) – the kind of request that usually presents a burdensome production. No fair judge would have found there is "undue burden" here.**

Interestingly, Judge Parker did not cite the most oft-cited case for this -- JPMorgan Chase Bank v. Winnick, No. 03 Civ. 8535 (GEL) (S.D.N.Y. Jan. 23, 2006) – because it, and the majority of cases, also include another factor: "the time period covered by the request." JPMorgan holds:

> "Whether a subpoena imposes . . . an `undue burden' depends upon `such factors as relevance, the need of the party for the documents, the breadth of the document request, the time period covered by it, the particularity with which the documents are described and the burden imposed.'" Concord Boat Corp. v. Brunswick Corp., 169 F.R.D. 44, 49 (S.D.N.Y. 1996), quoting United States v. IBM Corp., 83 F.R.D. 97, 104 (S.D.N.Y. 1979).

Perhaps it is because time period in the Plaintiff's subpoena on Fox News, about one year, tilts in favor of permitting the subpoena and rebuts the "undue burden" position.

JUDGE PARKER's EXTREME MEASURE – QUASHING THE SUBPOENA ALTOGETHER, VERSUS MODIFYING IT – SHOWS THIS IS NOT ONLY LEGALLY BASELESS BUT ROOTED IN PERSONAL ANIMUS AGAINST PLAINTIFF AND ANTI-PLAINTIFF PROTECTION OF CORPORATIONS

Even when finding an undue burden, courts are more likely to modify a subpoena than to quash it altogether, not just in the Southern District of New York but throughout the country's federal courts. *See e.g.*, W. Convenience Stores, Inc. v. Suncor Energy (U.S.A.) Inc., 2014 WL 1257762, at *10 (D. Colo. Mar. 27, 2014); Williams v. City of Dallas, 178 F.R.D. 103, 110 (N.D. Tex. 1998) That is certainly the case when the rationale for quashing or modifying is "undue

burden." The natural route is: "modify it to make it less burdensome to search for and produce" or "meet and confer to see if you can modify it amongst yourselves." Yet Judge Parker did *not* at least (a) order the parties to confer regarding a more detailed or narrowed scope; or (b) modify the subpoena herself. **Instead, she outright quashed it altogether (and without even a hearing)… because the point is not just to protect the corporation from any inconvenience (there is no burden) – it is seemingly to prevent Plaintiff from prevailing in her case.**

<u>JUDGE PARKER IGNORES THE CONTROLLING CASELAW STATING THE DISCOVERY IN EMPLOYMENT CASES IS TO BE BROAD and THE SUBPOENA CLEARLY MET THE RELEVANCE REQUIREMENT</u>

      **Discovery in employment cases is generally broad** "[b]ecause employers rarely leave a paper trail—or 'smoking gun'—attesting to a discriminatory intent, [therefore] disparate treatment plaintiffs often must build their cases from pieces of circumstantial evidence." <u>Hollander v. Am. Cyanamid Co.</u>, 895 F.2d 80, 85 (2d Cir. 1990) Yet Judge Parker's continual posture in this case is that the Plaintiff must climb through degrading hoops to invoke even a scintilla of discovery rights and, even then, discovery avenues are routinely closed off. The Plaintiff, e.g., served only three document-request subpoenas. All entailed almost no effort on behalf of the responding non-party and, even if some effort, certainly **good cause existed** to support the subpoena

      Even if a court finds that a subpoena seeks inaccessible data (and this did not), a non-party may be required to comply with the subpoena if the issuing party demonstrates good cause (FRCP 45(e)(1)(D)). For example, in <u>Tener v. Cremer</u>, 89 A.D.3d 75, 931 N.Y.S.2d 552, 2011 N.Y. Slip Op. 6543 (N.Y. App. Div. 2011), the Court approved a subpoena to non-party NYU, seeking the identity of all persons who accessed the internet through an internet portal controlled by NYU! Though NYU lacked the capability or tools to retrieve that inaccessible ESI, the

12

plaintiff argued that NYU could use a variety of forensic software solutions to recover the sought ESI. The Court approved the subpoena.

Discovery provisions are to be applied as broadly and liberally as possible. No longer can the time-honored cry of "fishing expedition" serve to preclude a party from inquiring into the facts. The scope of discovery must be broad in order to provide both sides with all the information necessary for proper and full litigation of all the relevant issues, as well as to eliminate surprise and to facilitate settlement. Hickman v. Taylor, 329 U.S. 495, 507-508, 67 S.Ct. 385, 391-92, 91 L.Ed. 451(1947).

As for relevance, Rule 26 of the Federal Rules of Civil Procedure provides for the discovery of "any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case[.]" Fed. R. Civ. P. 26(b). **"'Relevance' under Rule 26 'has been construed broadly to encompass any matter that bears on, or that reasonably could lead to other matter that could bear on any issue that is or may be in the case**.'" Weinstein v. Krumpter, CV 14-7210 (ADS) (AKT) (E.D.N.Y. Jul. 6, 2016)

FOX NEWS' OBJECTIONS NEVER SHOWED HOW, EXACTLY, THE SUBPOENA ENTAILED AN UNDUE BURDEN

When defending against a motion to compel, **a non-party must support its objections with detail**. If it objects that the ESI is inaccessible, for example, it must show how/why the information is not reasonably accessible. To object to a subpoena as unduly burdensome under FRCP 45, a non-party must demonstrate its grounds for those objections with specific detail. Examples of burdensome, expensive, or otherwise problematic requests include requests for:

- Production in 'native' format;
- Production in 'image' format with accompanying 'load files;
- Production of an entire database

13

- Production in multiple formats.

**But Fox News failed to do so**. In fact, Fox News buried the "undue burden" argument as its fifth objection, with only a quick paragraph, writing:

> *Fox Corp further objects to the request for documents listed in Attachment A to the Subpoena (the "Request") on the ground that the Request imposes an undue burden or expense on Fox Corp in responding to the Subpoena, in contravention of Federal Rule of Civil Procedure 45(d)(1), including without limitation to the extent that it requires Fox Corp to search for and produce electronically stored information, including email and texts messages, from sources that are not reasonably accessible because of undue burden or cost as set forth in Federal Rule of Civil Procedure 45(e)(1)(D) and otherwise.*

Fox News Objections, p. 3

**Thus, were Judge Parker following the law, this alone merited denying the 'quashing' of the subpoena, as Fox News had *not* provided any detail as to why emails about a specific person, with a unique Hispanic surname, about whom there would not be a large amount of emails… would be so burdensome. Judge Parker surely knows Fox News did not meet its burden here – but nonetheless quashed the valid subpoena.**

CONCLUSION

Quashing of the subpoena was, in sum, clearly contrary to law and erroneous. Respectfully, Plaintiff believes this was in error and an error of such a degree that has a material effect on her case, absent this Honorable Court reviewing and modifying Judge Parker's March 13, 2024 Order. For all of the reasons above, Plaintiff respectfully request that Hon. Analise Torres deny Fox News' motion to quash or remand it for hearing and modification.

Respectfully and humbly submitted,

*s/ Arlene Delgado*
Arlene Delgado
Plaintiff, *pro-se*