```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 5/29/2024
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X

ARLENE DELGADO,

                                Plaintiff,

-against-

DONALD J. TRUMP FOR PRESIDENT, INC.,
TRUMP FOR AMERICA, INC., SEAN SPICER,
individually, REINCE PRIEBUS, individually,
STEPHEN BANNON, individually,

                                Defendants.
-----------------------------------------------------------------X

19-CV-11764 (AT) (KHP)

<u>ORDER REGARDING MOTION FOR RECONSIDERATION</u>

**KATHARINE H. PARKER, UNITED STATES MAGISTRATE JUDGE:**

On May 17, 2024, Plaintiff filed a letter motion styled as one for reconsideration/clarification of the scope of certain depositions and asking permission to take up to 10 depositions. (ECF No. 323.) She asserts that her discovery rights have been violated on the grounds that she was not permitted to take 10 depositions.

## DISCUSSION

Local Rule 6.3 governs reconsideration, which is "an extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources." *In re Health Mgmt. Sys., Inc. Sec. Litig.*, 113 F. Supp. 2d 613, 614 (S.D.N.Y. 2000)(internal citation omitted). The Rule aims to "prevent the practice of a losing party examining a decision and then plugging the gaps of a lost motion with additional matters.'" *SEC v. Ashbury Capital Partners, L.P.*, No. 00 Civ. 7898, 2001 WL 604044, at *1 (S.D.N.Y. May 31, 2001) (quoting *Carolco Pictures, Inc. v. Sirota,* 700 F. Supp. 169, 170 (S.D.N.Y. 1988)). Courts must "narrowly construe and strictly apply Local Rule 6.3, so as to avoid duplicative rulings on previously considered issues, and to

prevent the rule from being used as a substitute for appealing a final judgment*." Schoolcraft v. City of New York*, 298 F.R.D. 134, 137 (S.D.N.Y. 2014). Accordingly, the Second Circuit has held that the standard for granting a motion to reconsider "is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked -- matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." S*hrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995). Reconsideration is justified where the moving party demonstrates "an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *Henderson v. Metro. Bank & Tr. Co.*, 502 F. Supp. 2d 372, 376 (S.D.N.Y. 2007).  A motion for reconsideration should be denied "where the moving party seeks solely to relitigate an issue already decided." *Shrader*, 70 F.3d at 257.

Plaintiff has not pointed to controlling decisions or information that the Court overlooked in any of its prior discovery orders concerning depositions.  What Plaintiff in actuality is complaining about is the Court holding her to deadlines.  When discovery started in this case, no restrictions were placed on the number of depositions.  But, Plaintiff and her former counsel did not conduct third-party depositions within the time limits previously set by the Court.  In connection with granting multiple extensions of deadlines over Defendants' objections, the Court exercised its discretion to extend deadlines for specific purposes. Accordingly, Plaintiff's motion for reconsideration/clarification is DENIED.

**SO ORDERED.**

DATED:   New York, New York
         May 29, 2024

_____
KATHARINE H. PARKER
United States Magistrate Judge