**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

Arlene J. Delgado,
    Plaintiff,

Case No.: 19-cv-11764 (AT) (KHP)

      vs.

Donald J. Trump for President, et al.
    Defendants

_____

**PLAINTIFF'S OBJECTION TO**
**MAGISTRATE JUDGE'S ORDER and**
**MOTION FOR REVIEW**
Date: May 28, 2024

**NOTICE FOR DOCKET OF INCORRECT COURT ORDER AND OF**
**CONTINUED BIAS AGAINST THE HISPANIC, PRO-SE PLAINTIFF**

NOW COMES the above-named, ARLENE J. DELGADO, Plaintiff herein, and, for purposes of this docket and preservation of her rights, notes that an order entered on May 30, 2024 (ECF 334), is incorrect and continued documentation of the Court's pervasive bias against Plaintiff:

This Court, repeatedly and without fail, denies nearly every request of the Plaintiff's. The only favorable ruling  was, yesterday, it denied Mr. Parscale's/Defendant's counsel's (outrageous) claim that the Plaintiff should have filed her request-for-extension on the motion to compel (regarding Parscale's deposition questions) two days prior to the deadline (per the magistrate's rules)… even though the Court issued the Order only three days prior to the deadline, meaning the Plaintiff had a single day to draft and file an extension-request.

On essentially every other matter, without fail, this Court rules against the Plaintiff. It is no surprise that one attorney opted to withdraw from this case, finding it impossible because "This magistrate hates you."

The May 30th Order claims that the Plaintiff filed a Motion on May 17, 2024 (ECF 323), 'seeking to take 10 depositions' and complaining that she was not allowed to take 10 depositions. That was *not* the subject of Plaintiff's May 17th Motion.

Plaintiff's May 17th Motion was about the fact that, although the Court made the Plaintiff go through the degrading and prejudicial exercise of seeking permission from the Court for any third-party depositions, and although the Court selected four depositions Plaintiff would be permitted to take, this Court caused unnecessary confusion (and rendered the depositions pointless and non-existent) by entailing an entirely unnecessary description of each deposition. This, in turn, led the would-be deponent/s to claim that the language meant their deposition was limited to that particular topic, rendering the deposition to… *not be a deposition at all and, instead, a Q&A lasting a total of five minutes*. For instance, under the Court's (March 1, 2024) Order, the only topic about which the Plaintiff could ask the 2016-HR-Director, Lucia Castellano, about was… "employment decisions".

This contradicts all logic and common sense, not to mention the law. It means that, in a deposition with the HR Director (Castellano), the Plaintiff could *not* ask about: her own work performance; or her own personnel record; or even about complaints made of gender or pregnancy discrimination or sexual harassment (even though, ironically, the same Court has held that such *is* relevant!) The confusing language also meant that, when deposing Don McGahn, to whom a Defendant (Reince Priebus) stated under oath that he forwarded "everything", the Plaintiff could not inquire about a single document sent because that is not found in the language (instead, Plaintiff can only ask McGahn about 'security clearances'!).

The Court *clearly* engaged in an error. The Court could have simply corrected its error and clarified that the depositions were not, in fact, limited to such ridiculously narrow topics. This is particularly necessary, given that this Court has boasted, and covered itself, by claiming in a 'There's nothing to see here!' wave of the pen, that it permitted the Plaintiff to take "10 depositions." Yet it did not. It permitted Plaintiff to take four that were, 'You can only ask this question, and it will be a five-minute "deposition".' Respectfully, the Court therefore gives itself credit where none is deserved. Rather than correct its error, it enters a scorching order, on May 30th, **completely revising what the May 17th motion argued, in order to justify leaving its error in place.**

**The fact that the court, when faced with clear error, *still* will not acknowledge such and fix it is only continued proof of the severe bias against the pro-se, Hispanic plaintiff.**

Worth noting, to justify its denial of the May 17th Motion, the Court goes so far as to claim that "Plaintiff has not pointed to controlling decisions or information that the Court overlooked in any of its prior discovery orders concerning depositions." But that is not only standard for a motion for reconsideration. **A motion for reconsideration is *also* to be granted when there a "need to correct clear error."  Here, there was clear error (<u>surely, the Court did not actually intend to enter an order holding that, in a deposition of an HR director, the only question a litigant can ask is about "employment decisions" the HR director made</u>?) yet the Court, focused on its personal animus against Plaintiff and/or refusal to admit an error, refuses to fix it and instead faults Plaintiff to even raising the existence of the error.**

One clarity that has at least emerged from the Court's May 30th Order -- it is now at least admitted that the **Court indeed held that Plaintiff can depose the HR director but cannot ask her about *any* of the things one would ask an HR director**. And what of the Defendant who destroyed all evidence, claims he has none, and forwarded "everything" to Mr. McGahn? 'You can depose McGahn but not about all those materials he has.' This is illogical and makes no reasonable sense – it can only be grounded in bias.

A renewed motion to disqualify will follow. The Plaintiff cannot continue to be subjected to due process violations and constant, repeated denials (contrary to law), due to the Court's apparent personal animus against women of color and *pro-se* plaintiffs.  The Plaintiff is a mother fighting for her rights and her son's future—this level of bias and cruelty should not continue in any court, certainly not in our nation's honorable system.

Also worth noting for purposes of the public record, one other matter merits correction: the Court continues to claim that the Plaintiff and her prior counsel could have taken these third party depositions when there was no 'need to seek permission', and that, as such, the Plaintiff should be grateful she even received these extensions. This is false. The Plaintiff's original attorneys (Derek Smith Law Group), with whom she worked closely and seamlessly for over three years (demonstrating Plaintiff is an easy client), moved to withdraw in January 2023 (incidentally, largely due to the extreme bias against Plaintiff shown by the Court, during a January 2023 settlement conference, as the communications between Plaintiff and her counsel attest). At that time, there could not have been any third-party depositions as (a) Defendants' document production had only been *recently* produced, in November 2022; the holidays had followed; and

then the January 11, 2023 conference was taking place. Defendants themselves had not even taken Plaintiff's deposition nor had the conditions for depositions even *commenced*. Thus, no "extension" was provided to *Plaintiff*, as this Court falsely continues to claim, given that Defendants themselves needed one, because they had not even taken Plaintiff's deposition (and would not do so until June 2023). Plaintiff's replacement counsel, Mr. Phillips, entered the case in mid-May 2023. He took Defendant Spicer's deposition in June 2023, and, the same month, Defendants took Plaintiff's deposition. Mr. Phillips set Defendant Priebus's deposition for early August 2023, and various third parties' depositions were in the process of being scheduled (including several deponents actually served), to occur by the mid-September discovery deadline. But this Court saw fit to grant Mr. Phillips' early August 2023 withdrawal motion (an attorney with numerous bar complaints and a long line of unhappy clients), which this Court told Plaintiff on the record that this Court would have done "even if Plaintiff objected." (This Court always sides with attorneys, and this is not surprising given the Court's husband's role as Executive Director of the NY Bar and their wealthy background. It is unlikely this Court knows a single person, 'in real life', who cannot afford a high-priced attorney.) At the hearing, the Plaintiff inquired whether, given that the Court was choosing to permit Mr. Phillips to exit the case in the midst of third-party and party depositions, whether additional time would be granted and the Court said it would. A third counsel, Mr. Odle, entered the case, opting to withdraw, in large part, when this Court held that he would have to seek permission for any third-party depositions, even though none had been taken and even though the Court itself created the lack of third-party depositions, by allowing Mr. Phillips to withdraw in the *midst* of such. Thus, **the 'window' this Court provided for third party depositions was essentially from late May – early August 2023, only**.

This Court should, respectfully, stop representing otherwise. It never gave Plaintiff a chance at third-party depositions. One need look no further than this Court denying Plaintiff the right to depose Jason Miller, her supervisor and individual who impregnated her! And – **even the four it granted, it now admits they were not "depositions" at all but rather a 'five minute Q&A on a specific topic, cherry-picked by the Court.' That is not a deposition**. Plaintiff was not permitted what would, by any stretch of the imagination, be referred to as a "deposition." Plaintiff was denied the right to put forth her case, because this Court shields Defendants and helps the attorneys, at every turn. Imagine a case where a Defendant claims he withheld/retained no documents, despite a document-preservation letter sent to hi at the time; his employer claims all were destroyed; but, there is at least, one person to whom he claims he forwarded "everything." The Plaintiff asks to depose that person and the Court, cruelly, says, "You can depose him, but about this other, specific topic only." This is not just a due process violation – it is cruel.

Judge Torres, the judge presiding over this case, issued an order recently wherein she noted that Plaintiff was able to take 10 depositions, understandably so. It is tragic that Judge Torres was misled by the magistrate court's orders, as it is not, in fact, true that the magistrate permitted the Plaintiff to take "10" depositions – four (nearly half) of those were not depositions at all (with such a narrow, cherry-picked 'topic' that they were rendered almost meaningless to take).This Court has, repeatedly and seemingly by design, made it impossible for Plaintiff to put on her case. This must be clear for, and preserved in, the record.

<i>s/ Arlene Delgado</i>

Arlene Delgado
Plaintiff, <i>pro-se</i>