```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
  ARLENE DELGADO,

                                          Plaintiff,
                 -against-

  DONALD J. TRUMP FOR PRESIDENT, INC.,
  TRUMP FOR AMERICA, INC., SEAN SPICER,
  individually, REINCE PRIEBUS, individually,
  STEPHEN BANNON, individually,

                                          Defendants.
-----------------------------------------------------------------X
```

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 6/7/2024
```

19-CV-11764 (AT) (KHP)

**ORDER REGARDING MOTION FOR RECONSIDERATION**

**KATHARINE H. PARKER, UNITED STATES MAGISTRATE JUDGE:**

On May 29, 2024, Plaintiff filed a letter requesting that the Court modify its Order issued on May 14, 2024 which ordered that Defendant Donald J. Trump for President, Inc. (the "Campaign") conduct a search of certain individuals' emails and text messages for written complaints of discrimination utilizing certain search terms. The individuals the Court identified and search terms the Court ordered were based on Plaintiff's prior submissions identifying individuals with knowledge. Now, Plaintiff asserts Defendants "admitted" that the Campaign did not have an HR director during the 2020 campaign cycle, and she asks that additional search terms be used and that the search not be limited to complaints by employees but also by independent contractors. (ECF No. 335.)

On June 4, 2024, Defendants filed their response, objecting to Plaintiff's request as untimely and because Plaintiff has not met the standard for reconsideration of the Court's prior order resolving the parties' dispute about the production of complaints. (ECF No. 343.) Defendants further represent that they did not limit their search to employees but included

individuals who received 1099s and produced an additional 400 pages of documents after conducting the Court-ordered search.

## DISCUSSION

The Court construes Plaintiff's request as a motion for reconsideration. Local Rule 6.3 governs reconsideration, which is "an extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources." *In re Health Mgmt. Sys., Inc. Sec. Litig.*, 113 F. Supp. 2d 613, 614 (S.D.N.Y. 2000)(internal citation omitted). The Rule aims to prevent a losing party from "plugging the gaps of a lost motion with additional matters.'" *SEC v. Ashbury Capital Partners, L.P.*, No. 00 Civ. 7898, 2001 WL 604044, at *1 (S.D.N.Y. May 31, 2001) (quoting *Carolco Pictures, Inc. v. Sirota,* 700 F. Supp. 169, 170 (S.D.N.Y. 1988)). Courts must "narrowly construe and strictly apply Local Rule 6.3, so as to avoid duplicative rulings on previously considered issues, and to prevent the rule from being used as a substitute for appealing a final judgment*." Schoolcraft v. City of New York*, 298 F.R.D. 134, 137 (S.D.N.Y. 2014). Accordingly, the Second Circuit has held that the standard for granting a motion to reconsider "is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked -- matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." S*hrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995). Reconsideration is justified where the moving party demonstrates "an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *Henderson v. Metro. Bank & Tr. Co.*, 502 F. Supp. 2d 372, 376 (S.D.N.Y. 2007).  A motion for reconsideration should be denied

"where the moving party seeks solely to relitigate an issue already decided." *Shrader*, 70 F.3d at 257.

Plaintiff has not pointed to controlling decisions or new evidence that the Court overlooked in rendering its May 14, 2024 Order. The only purportedly new information Plaintiff raises is Defendants' statement that no individual possessed the title of "HR Director" during the 2020 campaign cycle. Such information does not constitute "new evidence" and is inapposite because the May 14, 2024 Order did not limit Defendants to a search of the Campaign's "HR Director." Rather, the Order directed Defendants to conduct a search of the individuals Plaintiff identified as those who might have received complaints of gender discrimination, sexual harassment, or pregnancy discrimination, including via email or text message. Therefore, Defendants informing Plaintiff that no one held the title of "HR Director" during the 2020 campaign cycle has no bearing on the May 14, 2024 Order. Furthermore, the Court notes that it carefully considered the search terms and, indeed, they resulted in production of additional documents.  At this point, Plaintiff has sufficient information regarding other complaints to prosecute her case and additional searches and additional discovery is not proportional to the needs of the case.  Accordingly, Plaintiff's motion for reconsideration of the May 14, 2024 Order is DENIED.

**SO ORDERED.**

DATED:    New York, New York
          June 7, 2024

_____
KATHARINE H. PARKER
United States Magistrate Judge