**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---

ARLENE J. DELGADO,

               Plaintiff,

   -*against*-

DONALD J. TRUMP FOR PRESIDENT, INC.,
TRUMP FOR AMERICA, INC.,
SEAN SPICER, individually,
REINCE PRIEBUS, individually,
STEPHEN BANNON, individually,

               Defendants.

Case 1:19-cv-11764-AT-KHP

---

**MEMORANDUM OF LAW OF NON-PARTIES**
**FOX NEWS NETWORK, LLC AND FOX CORPORATION IN RESPONSE TO**
**PLAINTIFF'S OBJECTIONS TO THE COURT'S ORDER**
**DENYING PLAINTIFF'S MOTION TO COMPEL**

MINTZ & GOLD LLP

Steven G. Mintz
600 Third Avenue, 25th Floor
New York, NY 10016
212-696-4848
mintz@mintzandgold.com

*Attorneys for Non-Parties*
*Fox News Network, LLC and*
*FOX Corporation*

## TABLE OF CONTENTS

TABLE OF AUTHORITIES ............................................................................................................ ii

FACTUAL BACKGROUND .......................................................................................................... 1

ARGUMENT .................................................................................................................................. 4

    I.    Legal Standard ................................................................................................................... 4

    II.   Magistrate Judge Parker Correctly Denied Plaintiff's Motion to Compel, and the Order Is Neither Clearly Erroneous Nor Contrary to Law .................................................................. 5

    III.  Plaintiff's Objections Are Meritless ..................................................................................... 7

CONCLUSION ............................................................................................................................. 12

# **TABLE OF AUTHORITIES**

Cases

*Advanced Analytics, Inc. v. Citigroup Glob. Markets, Inc.*,
  301 F.R.D. 47 (S.D.N.Y. 2014) ................................................................................................ 4

*Badr v. Liberty Mut. Grp., Inc.*,
  Civ. No. 3:06CV1208 (AHN), 2007 WL 2904210 (D. Conn. Sept. 28, 2007) ..................... 8, 9

*Chen v. Chen Qualified Settlement Fund*,
  552 F.3d 218 (2d Cir. 2009) .................................................................................................. 10

*Citizens Union of City of New York v. Att'y Gen. of New York*,
  269 F. Supp. 3d 124 (S.D.N.Y. 2017) ................................................................................... 12

*DeCastro v. Kavadia*,
  309 F.R.D. 167 (S.D.N.Y. 2015) ......................................................................................... 4, 9

*Figueroa v. Nielsen*,
  423 F. Supp. 3d 21 (S.D.N.Y. 2019) ..................................................................................... 10

*Gropper v. David Ellis Real Est., L.P.*,
  No. 13 Civ. 2068 (ALC)(JCF), 2014 WL 518234 (S.D.N.Y. Feb. 10, 2014) .......................... 8

*Henry v. Morgan's Hotel Grp., Inc.*,
  No. 15-CV-1789 (ER)(JLC), 2016 WL 303114 (S.D.N.Y. Jan. 25, 2016) .................... 5, 7, 8, 9

*In re Keurig Green Mountain Single-Serve Coffee Antitrust Litig.*,
  336 F.R.D. 400 (S.D.N.Y. 2020) ......................................................................................... 4, 5

*In re Subpoena Issued to Dennis Friedman*,
  350 F.3d 65 (2d Cir. 2003) ..................................................................................................... 5

*In re Terrorist Attacks on Sept. 11, 2001*,
  523 F. Supp. 3d 478 (S.D.N.Y. 2021) ..................................................................................... 5

*Jones v. Hirschfeld*,
  219 F.R.D. 71 (S.D.N.Y. 2003) .............................................................................................. 5

*JPMorgan Chase Bank v. Winnick*,
  No. 03 CIV. 8535 (GEL), 2006 WL 278192 (S.D.N.Y. Feb. 6, 2006) ............................. 11, 12

*Liteky v. United States*,
  510 U.S. 540 (1994) .............................................................................................................. 10

*Rice v. Reliastar Life Ins. Co.*,
  No. CIV.A. 11-44-BAJ-CN, 2011 WL 5513181 (M.D. La. Nov. 10, 2011) .............................. 8

*Ritchie Risk-Linked Strategies Trading (Ireland), Ltd. v. Coventry First LLC*,
  282 F.R.D. 76 (S.D.N.Y. 2012) ................................................................................................ 4

*Sampedro v. Silver Point Cap., L.P.*,
  958 F.3d 140 (2d Cir. 2020) ..................................................................................................... 4

*Sec. & Exch. Comm'n v. Genovese*,
  553 F. Supp. 3d 24 (S.D.N.Y. 2021) ........................................................................................ 4

*Thai Lao Lignite (Thailand) Co. v. Gov't of Lao People's Democratic Republic*,
  924 F. Supp. 2d 508 (S.D.N.Y. 2013) ...................................................................................... 4

*Thomas E. Hoar, Inc. v. Sara Lee Corp.*,
  900 F.2d 522 (2d Cir. 1990) ..................................................................................................... 4

*United States v. Manghis*,
  No. CRIM.A. 08cr10090-NG, 2010 WL 349583 (D. Mass. Jan. 22, 2010) .............................. 8

Statutes

28 U.S.C. § 636(b)(1)(A) ................................................................................................................ 4

Rules

Fed.R.Civ.P. 26(b) .................................................................................................................... 5, 12

Fed.R.Civ.P. 45 ........................................................................................................................... 1, 5

Fed.R.Civ.P. 45(d) .......................................................................................................................... 5

Fed.R.Civ.P. 72(a) ..................................................................................................................... 3, 4

Non-parties Fox News Network, LLC ("Fox News") and FOX Corporation ("FOX Corp.," and together with Fox News, "Fox"), through their attorneys, Mintz & Gold LLP, respectfully submit this memorandum of law in response to the objections of Plaintiff Arlene J. Delgado ("Plaintiff") to the Opinion and Order of Magistrate Judge Parker, dated May 13, 2024 ("Order"), denying Plaintiff's motion to compel and quashing a subpoena served on Fox by Plaintiff. The Order was neither clearly erroneous nor contrary to law. And, contrary to Plaintiff's assertions, the Order is not a result of Magistrate Judge Parker's "personal animus" toward Plaintiff or "anti-plaintiff protections of corporations." For the reasons set forth below, Fox respectfully requests that this Court overrule Plaintiff's objections to Magistrate Judge Parker's Order.

## FACTUAL BACKGROUND

On or about April 8, 2024, one week before the close of fact discovery and almost two years after Plaintiff filed her proposed case management plan (ECF Doc. No. 101), Plaintiff served Fox[1] with a subpoena ("Subpoena") seeking the production of documents pursuant to Fed.R.Civ.P. 45. Specifically, the Subpoena commands the production of "[a]ny and all documentation and communications (including but not limited to emails and text messages) referencing, concerning, regarding, or mentioning [Plaintiff]" for the period from December 22, 2016 through May 2018.

Plaintiff's service of the Subpoena in April 2024 followed multiple extensions of the

---

[1] Plaintiff's subpoena was addressed to "FOX Corp/Fox News Network, LLC" and was served on Fox News's agent, CT Corporation. Because Plaintiff's subpoena was ambiguous as to which Fox entity she sought discovery from, out of an abundance of caution this Firm served separate objections and responses on behalf of both FOX Corp and Fox News. The Order refers to both entities collectively, so for consistency this memorandum uses the term "Fox" to refer collectively to Fox News and FOX Corp.

1

discovery schedule, in particular to allow Plaintiff to pursue nonparty discovery. Magistrate Judge Parker's initial Scheduling Order contemplated that fact discovery would be completed by January 31, 2023 (ECF Doc. No. 103). On January 12, 2023, Magistrate Judge Parker extended the parties' deadline to serve third-party subpoenas to February 7, 2023 (ECF Doc. No. 117). On May 17, 2023, Magistrate Judge Parker ordered Plaintiff to advise the Court "of all third-party subpoenas that have been sent and/or are anticipated to be sent" by June 16, 2023, and again extended the parties' deadline to complete third-party discovery to September 15, 2023 (ECF Doc. No. 145). In a November 2, 2023 Order, Magistrate Judge Parker once again ordered Plaintiff to "outline which third parties Plaintiff intends to depose and why those depositions would be relevant to any claims or defenses and proportional to the needs of the case in light of the testimony elicited from the parties," no later than November 13, 2023 (ECF Doc. No. 164). On January 31, 2024, Magistrate Judge Parker ordered that Plaintiff "seek leave of Court for additional third-party discovery and demonstrate any such proposed discovery is relevant and proportional to the needs of the case" and *again* extended the close of discovery to April 15, 2024 (ECF Doc. No. 187). On March 1, 2024, Magistrate Judge Parker denied Plaintiff's request to extend the close of fact discovery beyond April 15, noting that Her Honor had previously "granted numerous discovery extensions at Plaintiff's request" (ECF Doc. No. 204).

Fox News and FOX Corp. each served responses and objections to the Subpoena on April 9, 2024. Each entity objected to the Subpoena on various grounds, including that Plaintiff's service of the Subpoena on April 8 that was returnable on April 10 did not allow adequate time for compliance; that Plaintiff had failed to obtain leave of court, as ordered by Magistrate Judge Parker; that the Subpoena "impose[d] an undue burden or expense;" and that it sought "information unrelated to the claims asserted in the above-captioned action" (ECF Doc. Nos.

291-2 and 291-3).  By letter motion, Plaintiff moved to compel Fox to respond to the Subpoena (ECF Doc. No. 240).  In support of her motion, Plaintiff argued, *inter alia*, that a single email from a former Fox News employee, Thomas Bowman, supported the discovery she sought.  Specifically, Plaintiff claimed that this email, which read, "Nice to see you back with us today on our 5 pm show! You will have your own show soon …," related to Plaintiff's "potential hiring" by Fox (ECF Doc. No. 240).  Fox never offered Plaintiff a position at any Fox-related entity.  Pursuant to the Court's Order, dated April 24, 2024 (ECF Doc. No. 265), Fox filed its letter in opposition to Plaintiff's motion to compel on May 7, 2024 (ECF Doc. No. 291).

On May 13, 2024, Magistrate Judge Parker denied Plaintiff's motion to compel and quashed the Subpoena (ECF Doc No. 309).  In the Order, and consistent with the well-established law governing non-party subpoenas, Magistrate Judge Parker explained that "Plaintiff has failed to show the information requested in the subpoena is relevant and proportional to the needs of the case and the Court also finds that it is unduly burdensome on a non-party" (Order at 7).  Plaintiff then asked Magistrate Judge Parker to reconsider her Order, arguing that the Court had overlooked the purported fact that the email from Thomas Bowman, in which he wrote to Plaintiff, "You will have your own show soon …" constituted a job offer from Fox (ECF Doc. No. 322).  Fox opposed (ECF Doc. No. 325).  Magistrate Judge Parker denied Plaintiff's reconsideration motion, properly concluding that Plaintiff failed to identify "controlling decisions or information that the Court overlooked" (ECF Doc. No. 327).

Plaintiff filed and served objections to Magistrate Judge Parker's Order, pursuant to Fed.R.Civ.P. 72(a) ("Objections"), on May 28, 2024 (ECF Doc. No. 332).

**ARGUMENT**

I. **Legal Standard**

Fed.R.Civ.P. 72(a) provides for review of a magistrate judge's order on non-dispositive matters by the district judge. *See* Fed.R.Civ.P. 72(a) ("The district judge in the case must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law.").

"The standard of review under Rule 72(a) is 'highly deferential.'" *Sec. & Exch. Comm'n v. Genovese*, 553 F. Supp. 3d 24, 38 (S.D.N.Y. 2021) (*quoting Thai Lao Lignite (Thailand) Co. v. Gov't of Lao People's Democratic Republic*, 924 F. Supp. 2d 508, 511 (S.D.N.Y. 2013). "District courts may reverse a magistrate judge's order on a non-dispositive pre-trial matter only if the order is 'clearly erroneous or contrary to law.'" *DeCastro v. Kavadia*, 309 F.R.D. 167, 169 (S.D.N.Y. 2015) (*quoting* 28 U.S.C. § 636(b)(1)(A)); *accord Ritchie Risk-Linked Strategies Trading (Ireland), Ltd. v. Coventry First LLC*, 282 F.R.D. 76, 78 (S.D.N.Y. 2012) ("Under this highly deferential standard of review, magistrates are afforded broad discretion in resolving [nondispositive] disputes and reversal is appropriate only if their discretion is abused." (alteration in original)). "A decision is clearly erroneous where the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. An order is contrary to law when it fails to apply or misapplies relevant statutes, case law or rules of procedure." *Advanced Analytics, Inc. v. Citigroup Glob. Markets, Inc.*, 301 F.R.D. 47, 50 (S.D.N.Y. 2014) (internal quotation marks and citations omitted).

"Matters concerning discovery generally are considered 'nondispositive' of the litigation." *Thomas E. Hoar, Inc. v. Sara Lee Corp.*, 900 F.2d 522, 525 (2d Cir. 1990); *accord Sampedro v. Silver Point Cap., L.P.*, 958 F.3d 140, 142 n.1 (2d Cir. 2020); *In re Keurig Green*

4

*Mountain Single-Serve Coffee Antitrust Litig.*, 336 F.R.D. 400, 403 (S.D.N.Y. 2020).

## II. Magistrate Judge Parker Correctly Denied Plaintiff's Motion to Compel, and the Order Is Neither Clearly Erroneous Nor Contrary to Law

Here, Magistrate Judge Parker correctly denied Plaintiff's motion to compel and quashed the Subpoena. The Order is neither clearly erroneous nor contrary to law.

Magistrate Judge Parker properly identified the standards governing a subpoena to a nonparty. "A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena," and the district court "***must*** quash or modify a subpoena that … subjects a person to undue burden." Fed.R.Civ.P. 45(d) (emphasis added). "Determinations of issues of 'undue burden' are committed to the discretion of the trial court." *Jones v. Hirschfeld*, 219 F.R.D. 71, 74 (S.D.N.Y. 2003) (*citing In re Subpoena Issued to Dennis Friedman*, 350 F.3d 65, 69 (2d Cir. 2003)); *accord In re Terrorist Attacks on Sept. 11, 2001*, 523 F. Supp. 3d 478, 489 (S.D.N.Y. 2021) ("The trial court has broad discretion to determine whether a subpoena imposes an undue burden.").

The Order makes clear that Magistrate Judge Parker correctly applied these standards, and therefore, this Court should overrule Plaintiff's Objections to the Order.

First, Magistrate Judge Parker held that the Subpoena's request for "any and all documents and communications" "is grossly overbroad and does not comport with Rule 26(b) or Rule 45" (Order at 5 (*citing Henry v. Morgan's Hotel Grp., Inc.*, No. 15-CV-1789 (ER)(JLC), 2016 WL 303114, at *2 (S.D.N.Y. Jan. 25, 2016)). As Magistrate Judge Parker noted, it is well settled that such overbroad requests violate Fed.R.Civ.P. 26(b) and Fed.R.Civ.P. 45 (Order at 5). Thus, where the Subpoena demands the production of "[a]ny and all documentation and communications (including but not limited to emails and text messages) referencing, concerning,

5

regarding, or mentioning [Plaintiff]" for the period from December 22, 2016 through May 2018, Magistrate Judge Parker correctly held that the Subpoena was overbroad.

Second, Magistrate Judge Parker found that the Subpoena "is not tailored to claims in this case" and "requests irrelevant information" (Order at 5). Specifically, the Court noted that Plaintiff does *not* allege that Fox "had any involvement in the hiring, management or firing of Plaintiff" from former President Trump's campaign or "had any involvement in decision-making regarding whether Plaintiff would be extended a job at the White House" (Order at 5). Nor does Plaintiff allege that "she applied to work at Fox in any particular position, or was extended an offer by Fox, … or that Defendants spoke to specific individuals at Fox to interfere with a specific job opportunity" (Order at 5-6). Thus, Magistrate Judge Parker recognized that the friendly email from a Fox employee to Plaintiff, in which he wrote, "You will have your own show soon …," did *not* constitute a job offer from Fox or a job opportunity at Fox. Given this lack of any substantial connection between Plaintiff's allegations and Fox, Magistrate Judge Parker inevitably held that "it is entirely speculative whether Fox has any information at all relevant to this case" (Order at 6).

Third, Magistrate Judge Parker agreed with Fox that the Subpoena is unduly burdensome. The Order thoughtfully explains the undue burden imposed on non-parties to search "for ESI of multiple custodians over a one-and-a-half-year period utilizing the broad search terms proposed by Plaintiff" (Order at 6). Weighed against Plaintiff's mere speculation that Fox possessed any responsive documents and the minimal relevance of such documents, if any exist, the Court concluded that responding to the Subpoena imposed an undue burden on Fox. Thus, Magistrate Judge Parker correctly denied Plaintiff's motion to compel and quashed the subpoena.

Finally, Magistrate Judge Parker properly exercised her discretion in overseeing

6

discovery in this case.  Out of solicitude for Plaintiff, proceeding *pro se*, Her Honor repeatedly extended discovery at Plaintiff's request and allowed Plaintiff to take multiple non-party depositions.  And despite Fox's objection that Plaintiff had failed to seek leave to issue a document subpoena to Fox, as Magistrate Judge Parker had ordered, Her Honor did not deny Plaintiff's motion to compel and quash the Subpoena on this procedural basis.  Rather, Magistrate Judge Parker only denied the motion after conducting a careful analysis of whether the information sought was relevant and proportional to the needs of the case and the burden imposed by the Subpoena and decided the issue on the merits.  In short, Magistrate Judge Parker provided ample opportunities for Plaintiff to obtain the information relevant to her claims, and the denial of Plaintiff's motion to compel and quashing of the Subpoena was not an abuse of discretion.

      Accordingly, this Court should overrule Plaintiff's Objections to Magistrate Judge Parker's Order.

**III.**    **<u>Plaintiff's Objections Are Meritless</u>**

      Plaintiff's objections to Magistrate Judge Parker's Order are entirely without merit.

      First, Plaintiff erroneously claims that Magistrate Judge Parker "misapplie[d] and misstate[d] the law" with respect to the Subpoena's overbreadth (Objections at 4).  As an initial matter, Plaintiff complains that the word "grossly," used by the Order to describe the overbreadth of the Subpoena, does not appear in the court's decision in *Henry v. Morgan's Hotel Grp., Inc.*, No. 15-CV-1789 (ER)(JLC), 2016 WL 303114 (S.D.N.Y. Jan. 25, 2016) (Objections at 5).  However, the *Henry* court held that "[b]lanket requests of this kind are plainly overbroad and impermissible," 2016 WL 303114, at *2 (S.D.N.Y. Jan. 25, 2016), and Plaintiff concedes that the *Henry* decision quashed a subpoena that used similarly broad language to the Subpoena at issue

7

here. *Id.* ("[a]ll documents and communications, whether paper, electronic or other media, referring or relating to [the plaintiff] including but not limited to personnel files, disciplinary files, and any other employment documents or records" from the plaintiff's former employers). Plaintiff attempts to distinguish *Henry* with sheer speculation about the volume of documents responsive to that subpoena (*see* Objections at 5 ("as one can imagine, that would include hundreds of thousands of pages, even on things as irrelevant as every group-meeting email on which the employee was included")).

Plaintiff's attempts to distinguish the cases cited in *Henry* are similarly unavailing, where her Subpoena suffers from the same defect, namely an overbroad request for "[a]ny and all documentation and communications (including but not limited to emails and text messages) referencing, concerning, regarding, or mentioning [Plaintiff]." In *Gropper v. David Ellis Real Est., L.P.*, No. 13 Civ. 2068 (ALC)(JCF), 2014 WL 518234, at *5 (S.D.N.Y. Feb. 10, 2014), the court "decline[d] to rewrite the plaintiff's discovery demands," which the court found "objectionable on their face" because "the request for 'any and all' documents concerning [a particular] subject is inherently overbroad." Similarly, in *Rice v. Reliastar Life Ins. Co.*, No. CIV.A. 11-44-BAJ-CN, 2011 WL 5513181, at *2 (M.D. La. Nov. 10, 2011), the court quashed the "'any and all' requests" in the subpoena, based on the settled precedent "that a request for 'any and all documents' relating to a particular subject is overbroad and amounts to little more than a fishing expedition." *Id*. (*citing United States v. Manghis*, No. CRIM.A. 08cr10090-NG, 2010 WL 349583, at *2 (D. Mass. Jan. 22, 2010)). Finally, in *Badr v. Liberty Mut. Grp., Inc.*, Civ. No. 3:06CV1208 (AHN), 2007 WL 2904210, at *3 (D. Conn. Sept. 28, 2007), the court held that the subpoena, which requested "'any and all records relating to' the plaintiff," was "overly broad." And unlike in this case, where Magistrate Judge Parker found that Plaintiff had

8

established that the information sought by the Subpoena had little or no relevance to her claims, the court in *Badr* modified the subpoena because the information sought bore directly on the veracity of the plaintiff's allegations.  *Id*.  Thus, Magistrate Judge Parker's reliance on *Henry* and the cases collected in the *Henry* decision is sound, and Plaintiff's attempt to distinguish those cases falls flat.

   Second, Plaintiff argues that "[t]he Order is replete with factual errors and fundamental misunderstanding[s] of the case" (Objections at 6).  However, none of these purported errors or misunderstandings go to the issue before this Court: whether Magistrate Judge Parker's decision to deny Plaintiff's motion to compel was "clearly erroneous or contrary to law." *DeCastro v. Kavadia*, 309 F.R.D. at 169.  Whether Plaintiff appeared on Fox television programming "*throughout* the Campaign and election" or "*prior* to being engaged by the Campaign" (Objections at 6 (emphasis in original)) has no bearing on whether Fox possesses information relevant to this case.  Nor does the fact that, according to Plaintiff, job opportunities in political media "are not advertised nor 'applied for'" (Objections at 6).  Magistrate Judge Parker considered these facts and allegations by Plaintiff and correctly found that the information Plaintiff sought from Fox "is not proportional to the needs of the case given the claims at issue, the information already received through discovery, and the costs and burdens of conducting such a broad search, particularly when it might result in no relevant information" (Order at 6). Ultimately, the only fact that Plaintiff raised in support of her motion to compel with any cognizable nexus to Fox—a fact conspicuously absent from her Amended Complaint—is the contorted allegation that an encouraging email from a Fox employee constituted a job offer. However, as Fox explained in its opposition to Plaintiff's motion for reconsideration (*see* ECF Doc. No. 325, at 3), that email can only reasonably be read as a friendly "someday you're going

9

to make it" message, and nothing more. Plaintiff's factual arguments were presented to Magistrate Judge Parker on both the motion to compel and request for reconsideration, and Magistrate Judge Parker did not clearly err in concluding that this single email did ***not*** constitute a job offer and did not warrant requiring Fox to search for and produce documents in response to the subpoena. Magistrate Judge Parker properly concluded that the discovery sought is not proportional to the needs of the case in light of all of the discovery the Court already allowed Plaintiff to pursue on the extended schedule the Court had already afforded her, and that the burden that would be imposed on Fox in responding to the Subpoena substantially outweighed any minimal relevance of the discovery sought.

Third, Plaintiff claims that the Order demonstrates Magistrate Judge Parker's bias against Plaintiff and in favor of Defendants (Objections at 7-9; *see also* Objections at 11-12 (characterizing the Order as "rooted in personal animus against Plaintiff")). Unsurprisingly, Plaintiff offers no actual evidence of such bias. Instead, Plaintiff appears to have concluded that Magistrate Judge Parker's adverse ruling is itself evidence of bias. This argument runs counter to well-settled precedent: "Generally, claims of judicial bias must be based on extrajudicial matters, and adverse rulings, without more, will rarely suffice to provide a reasonable basis for questioning a judge's impartiality." *Chen v. Chen Qualified Settlement Fund*, 552 F.3d 218, 227 (2d Cir. 2009) (*citing Liteky v. United States*, 510 U.S. 540, 555 (1994)); *accord Figueroa v. Nielsen*, 423 F. Supp. 3d 21, 41 (S.D.N.Y. 2019). Thus, this Court should completely disregard Plaintiff's entirely unsupported claim that the Order is a product of Magistrate Judge Parker's alleged bias against Plaintiff.

Fourth, Plaintiff claims that Magistrate Judge Parker "erred in finding there was 'undue burden'" (Objections at 9-11) and that Fox "did not meet its burden" in this regard (Objections at

13-14). Plaintiff's arguments on this issue consist of a hodgepodge of self-contradictory assertions and on-the-fly revisions to the Subpoena. In seeking to minimize and explain away the burden on Fox, Plaintiff instead only underscores that Magistrate Judge Parker correctly rejected Plaintiff's claim of relevance of or necessity for discovery from nonparty Fox. For example, Plaintiff asserts (correctly) that she "did not work at Fox News" and that "Fox News never wrote about" her (Objections at 10-11). Plaintiff also attempts to downplay the burden to Fox from the subpoena by arguing that she did not "request[] databases; software; or files in specific format (e.g., native format)" (Objections at 11). But that contention only retreads the same arguments rejected by Magistrate Judge Parker, who properly recognized and explained the burdens attendant to searching, reviewing, and producing electronically stored information such as the emails and other documents Plaintiff seeks. (Order at 6-7.) Plaintiff's objections continue to ignore both the fundamental overbreadth of the Subpoena and the burden a response would impose on Fox, even had Plaintiff issued a subpoena narrowed in the manner Plaintiff suggests in her Objections (*see* Order at 5, 6-7).

Plaintiff's reliance on *JPMorgan Chase Bank v. Winnick*, No. 03 CIV. 8535 (GEL), 2006 WL 278192, at *2 (S.D.N.Y. Feb. 6, 2006) for the proposition that the Subpoena does not impose an undue burden on Fox is misplaced. Plaintiff argues that Magistrate Judge Parker failed to consider the temporal component of the Subpoena's demand. However, the demand in *Winnick* spanned a shorter period, one year, than the year-and-a-half contemplated by the Subpoena in this case. *Id*. Furthermore, like Magistrate Judge Parker's Order, the court in *Winnick* went to great lengths to explain the burden imposed by compliance with the subpoena at issue on a non-party. *Id*. And like the instant case, because the court concluded that "the potential relevance of the discovery sought" was "indirect," "the burden of complying with the

11

demand at issue is 'undue.'" *Id*. at *3. Thus, the court's decision in *Winnick* actually supports Magistrate Judge Parker's conclusion that the Subpoena here imposed an undue burden and should be quashed.

With respect to Plaintiff's argument that Fox failed to establish the undue burden of responding to the Subpoena, Plaintiff ignores the well-settled stepwise framework for evaluating the validity of discovery requests pursuant to Fed.R.Civ.P. 26(b): only when the party seeking discovery "prov[es] that the information and documents sought are relevant and proportional to the needs of the case" does the burden shift to the withholding party to "prov[e] the discovery is in fact … unduly burdensome and/or expensive." *See Citizens Union of City of New York v. Att'y Gen. of New York*, 269 F. Supp. 3d 124, 139 (S.D.N.Y. 2017). Here, as Magistrate Judge Parker correctly held, Plaintiff "failed to show the information requested in the [S]ubpoena is relevant and proportional to the needs of the case." Accordingly, notwithstanding Magistrate Judge Parker's consideration of the burden imposed on Fox by the Subpoena, Fox had no obligation to establish such burden in the absence of a sufficient showing by Plaintiff.

## CONCLUSION

For all the foregoing reasons, Fox respectfully submits that this Court should overrule the Objections to Magistrate Judge Parker's Order denying Plaintiff's motion to compel and quashing the Subpoena.

Respectfully submitted,

MINTZ & GOLD LLP

By: */s/ Steven G. Mintz*

*Attorneys for Non-Parties*
*Fox News Network, LLC and*
*FOX Corporation*

12