UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

ARLENE J. DELGADO,
Plaintiff,

-vs-                                                                                    No. 19-cv-11764 (AT) (KHP)

DONALD J. TRUMP FOR PRESIDENT, INC.,
TRUMP FOR AMERICA, INC., SEAN SPICER,
individually, REINCE PRIEBUS, individually,
and STEPHEN BANNON, individually,

Defendants.

## NOTICE REGARDING RULE 37

Plaintiff, ARLENE DELGADO, hereby files this Notice, Regarding Rule 37, as follows:

On May 14, 2024, Plaintiff filed a Motion for Rule 37 sanctions (ECF 314), given that Defendants had withheld information on at least two sexual harassment and/or discrimination complaints. Subsequent to Plaintiff's submission of her Motion to the Pro-Se Intake Unit, but prior to the Unit processing and uploading the filing to the docket and the Court/opposing party, the Court entered an Order **in which it drastically narrowed down the complaints that Defendants would need to produce** (May 14, 2024 Order, ECF 312).

Whereas, under the April 24, 2024 Order, the Defendants had to produce all complaints, from the 2016 and 2020 Campaign cycles, of gender discrimination, pregnancy discrimination, and/or sexual harassment, the unprompted, new order stated Defendants need only produce written complaints and, moreover, only complaints containing the following keywords: "pregnant," "pregnancy," "expecting w/in 3 words of child or baby," "hostile work environment," "harassment or harassed," "discriminated or discriminating."

By reducing the complaints-that-must-be-produced (a) only those of which there is an explicit written trail in the email-accounts server (ironically, the most serious instances are not addressed via *work* email accounts and would therefore not be found within the work-email-accounts server); and (b) even narrower, only those containing the explicit keywords the court provided, the Defendants were given a window to escape producing almost anything of substance. The Court's Order also provided that the Plaintiff could file a Rule 37 Motion, regarding the upcoming production (produced May 31, 2024), by Friday, June 7 (which the Court agreed to extend to Wednesday, June 12th).

But the Court's unprompted narrowing of what must be produced (a narrowing so severe that not even Defendants argued for, e.g., a keyword use) renders a Rule 37 motion impossible, as, even though the Plaintiff is aware of complaints withheld, the Plaintiff cannot confirm that the complaints are found 'in writing' in the storage server, and contain the Court's explicit

keywords**. In sum, it is impossible for the Defendants to run afoul** of the revised requirement (May 14th Order), because the Order was so narrow as to what must be produced.

Additionally, the Plaintiff has no confidence that any Rule 37 motion on this topic would be actually considered, given the Order's wording that the Court "trusts such motion practice will not be necessary." This appears to Plaintiff as an encouragement that the Court would prefer such a motion not be filed, before such motion has even been filed.

For all of the foregoing reasons, the Plaintiff was rendered unable to file a Rule 37 Motion, although the circumstances certainly, ordinarily, merit such and fairness merits such. The Plaintiff files this for purposes of the record.

Dated: June 12, 2024

Respectfully submitted,

*s/Arlene Delgado*
Arlene Delgado
Plaintiff, *pro-se*
