UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

ARLENE J. DELGADO,
Plaintiff,

-vs-                                                                         No. 19-cv-11764 (AT) (KHP)

DONALD J. TRUMP FOR PRESIDENT, INC.,
TRUMP FOR AMERICA, INC., SEAN SPICER,
individually, REINCE PRIEBUS, individually,
and STEPHEN BANNON, individually,

Defendants.

## MOTION TO COMPEL UNDER RULE 37

Plaintiff, ARLENE DELGADO, hereby files this Motion to Compel, under Rule 37, and moves for sanctions, as follows:

On June 12, 2024, late in the evening (and having deliberately waited three hours to respond), the Defendants' counsel sent the attached response-email to the Plaintiff, who had hoped (as per her earlier letter to the Court) to avoid a Rule 37 Motion.

**The email confirms Plaintiff's claim that, just as the Plaintiff wrote in her earlier Rule 37 Notice, the Defendants were supplied an improper 'escape hatch,' by this Court, allowing them to avoid producing what would ordinarily be produced and what was due to be produced under the Court's April 24, 2024 Order, on May 7th, but was not.**

Notice in the email, the Defendants' counsel essentially boasts that, while he cannot explicitly deny what the Plaintiff asks in the email, Defendants did *technically* comply with the Court's May 14th order.

Defendants must be ordered to produce all complaints, in their server or not, and not limited to only those that 'result if one searches via the several keywords' listed in the May 14, 2024 Order (keywords were never requested by either side and should have never been suggested by the Court, *sua sponte*).

Plaintiff also moves for potential sanctions because the May 7th production (Mr. Blumetti's last act before leaving) was, in fact, not subject to the escape-hatch/'narrowing' found in the May 14th Order. The matter remains that the Defendants, regarding of what results from the 'keyword search' in the May 14th Order, should have produced the complaints regarding Mr. R.G. (not produced in either the May 7th or the May 31st production); the complaints by Hannah Castillo; and others. **Plaintiff's Rule 37 Motion submitted to the Pro Se Intake Unit the morning of May 14th remains in the docket as a live motion and should be ruled on, separate and in**

addition to this one, by the obligations that were in place on Defendants at the time of the improper and incomplete May 7th production.

Plaintiff reminds this Court that, two days after this Court's April 24th Order requiring Defendants to produce complaints from the 2020 Cycle, this caused such an uproar on the Defendants' side that, less than 48 hours later, the Defendants' longtime attorney, Mr. Blumetti, moved to withdraw from the case, citing an irreparable breakdown with the client. Mr. Blumetti's withdrawal was not approved in time for Mr. Blumetti to avoid being the attorney on the case at the time of the required May 7th production but it is clear that Mr. Blumetti was pressured not to produce what was required, instead only producing a 'document dump' of public filings, on May 7th. The Plaintiff then filed the Rule 37 Motion on the morning of May 14th but **the Court, for reasons that continue to be inexplicable, and in an extreme assistance to the Defendants, decided to suddenly enter an order claiming only complaints that result from a specific keyword search would need to be produced. This Court, a former employment defense partner, knows such a specific keyword search, and also limiting the production to what is found in the Campaign's work-accounts server, would enable the Defendants to produce nothing.**

The Defendants must be ordered to submit a declaration stating all individuals with whom it entered into any settlements pertaining to, in part or fully related to, complaining of sexual harassment, or gender discrimination, or pregnancy discrimination. Even if this Court, per its May 14th Order does not feel Plaintiff has a "right to know how" complaints were "resolved," Plaintiff is not asking to know the amount of those settlements -- however, Plaintiff is entitled to know of the existence of these complaints and, given the 'escape hatch' provided by the extremely narrow May 14th Order, clearly the declaration is at this point the only way to provide Plaintiff this relevant information to which she is clearly entitled – and to which she was entitled, under the Court's prior April 24, 2024 Order (until, of course, this Court inexplicably decided to enter its May 14, 2024 Order, and *sua sponte* assist the Defendants, by essentially undoing – without any hearing or motion – and narrowing its own prior, April 24th Order).

Plaintiff should also be permitted to briefly depose Hannah Castillo.

Dated: June 12, 2024

Respectfully submitted,

*s/Arlene Delgado*
Arlene Delgado
Plaintiff, *pro-se*

**RE: Motion to Compel**

Jeffrey Gavenman <jgavenman@schulmanbh.com>
Wed 6/12/2024 9:48 PM
To: A Delgado <ajdelgado@outlook.com>

Hi Ms. Delgado,

Your phrasing is too casual and the words are too ill-defined to make a representation like that, but I certainly can confirm that the Campaign fully complied with the Court's May 14, 2024 Order (ECF No. 312).

Best,
Jeff

**From:** A Delgado <ajdelgado@outlook.com>
**Sent:** Wednesday, June 12, 2024 6:36 PM
**To:** Jeffrey Gavenman <jgavenman@schulmanbh.com>
**Subject:** Re: Motion to Compel

Here's a simple solution – (conferring is necessary anyway): Are you able to, short of a declaration but merely as a Bar member and officer of the Court, represent that was produced contains every written complaining/grievance, etc., of which the Campaign is aware, and that the Campaign did not face any discrimination/harassment/hostile work environment complaint/claim/potential claim from Hannah Castillo?

If you can confirm that, perhaps I was misinformed and there is no need for the motion.

**From:** Jeffrey Gavenman <jgavenman@schulmanbh.com>
**Sent:** Wednesday, June 12, 2024 6:19 PM
**To:** A Delgado <ajdelgado@outlook.com>
**Subject:** RE: Motion to Compel

Okay, great; much appreciated. Have a good evening.

Best,
Jeff

### RE: Motion to Compel

Jeffrey Gavenman <jgavenman@schulmanbh.com>
Wed 6/12/2024 6:20 PM
To: A Delgado <ajdelgado@outlook.com>

Okay, great; much appreciated. Have a good evening.

Best,
Jeff

---

**From:** A Delgado <ajdelgado@outlook.com>
**Sent:** Wednesday, June 12, 2024 3:14 PM
**To:** Jeffrey Gavenman <jgavenman@schulmanbh.com>
**Subject:** Re: Motion to Compel

Hi Jeff,

No, I don't think I am. Even if I were to do so, I would agree that your response time would be bumped by the number of days you originally had to respond (I honestly think it was just an oversight, that the extension-granting-order did not also similarly extend your response-by date), and I would agree that you would have the additional time, so no worries.

---

**From:** Jeffrey Gavenman <jgavenman@schulmanbh.com>
**Sent:** Wednesday, June 12, 2024 11:10 AM
**To:** A Delgado <ajdelgado@outlook.com>
**Subject:** RE: Motion to Compel

Hi Ms. Delgado,


On a related note, are you planning on filing a Rule 37 Motion against the campaign today? If you are, then we will submit a letter to the Court today, requesting an extension of the deadline to respond. Notably, our deadline to respond to that motion did not move when the Court granted your extension (ECF No. 347), so it currently stands as June 14. Given the Pro Se office's delays in docketing your motions, your motion may not even be docketed by June 14, so we plan on requesting a new deadline of June 21. Can we indicate to the Court that you consent to that request?

Best,

Jeff