**SCHULMAN BHATTACHARYA**   6116 Executive Boulevard, Suite 425, North Bethesda, Maryland 20852   240.356.8551

**JEFFREY S. GAVENMAN**
direct dial 240.356.8553   email jgavenman@schulmanbh.com

June 17, 2024

**VIA ECF**

The Honorable Katharine H. Parker
United States District Court
500 Pearl Street, Room 750
New York, NY 10007

> Re:   *Delgado v. Donald J. Trump for President, Inc., et. al.* No. 19-cv-11764 (AT)(KHP)

Dear Judge Parker:

We write respectfully on behalf of Defendants Donald J. Trump for President, Inc. (the "Campaign"), Sean Spicer, and Reince Priebus (together "Defendants") in the above-captioned case in response to the June 12, 2024[1] motion styled a Motion to Compel Under Rule 37 filed by Plaintiff Arlene Delgado ("Plaintiff's Motion"). See ECF No. 355. Plaintiff's Motion, although ostensibly one to compel and for sanctions, is really yet another attempt to obtain reconsideration of the Court's May 14, 2024 discovery order (the "Order") and should be denied just as her previous motion for reconsideration of the ESI searches set forth in the Order was denied. See ECF No. 346.

Even if Plaintiff's renewed motion for reconsideration was timely – which it is not – Plaintiff has not pointed to any new facts or changes in law warranting modifications to the Order. To the contrary, Plaintiff *admits* that Defendants have fully complied with the Order, and that she does not even purport that Defendants are withholding written complaints. See ECF No. 353 ("Plaintiff cannot confirm that the complaints are found 'in writing' in the storage server, and contain the Court's explicit keywords"). Instead, Plaintiff incredibly seizes on an e-mail confirming the unremarkable fact that Defendants complied with the Order to once again falsely claim that Defendants must be withholding documents. Plaintiff's self-serving and unsupported assertion that the Order denied her the opportunity to take what amounts to the virtually unlimited discovery she seeks does not constitute a basis for additional discovery.

The crux of Plaintiff's Motion is her oft-repeated claim that Defendants are using the Order to withhold documents concerning complaints of gender discrimination made during the 2016 and 2020 campaign cycles. In support of her spurious charge, Plaintiff cites to an e-mail exchange she had with the undersigned on June 12, 2024 in which she asked Defendants to confirm that the Campaign "produced … every written complaining[*sic*]/grievance, etc. of which the Campaign is aware." ECF No. 355 at p. 3. As even a cursory examination of Plaintiff's e-mail makes clear, Plaintiff's request was wholly inappropriate. Plaintiff's June 12, 2024 e-mail is not a proper

---

[1] Although the motion is dated June 12, 2024, it was not docketed, and Defendants did not receive it, until June 17, 2024.

discovery device, notwithstanding her attempts to cast it as such in Plaintiff's Motion. Moreover, even if Plaintiff had posed such a question in a proper, timely discovery device, the question would have raised a whole host of objections. The language in Plaintiff's question is so vague and ambiguous, it is essentially without any limitation whatsoever. Notably, Plaintiff's e-mail request was not limited to complaints of discrimination, let alone gender discrimination, and, as worded, asked the Campaign to confirm that it had produced every single written complaint, grievance and undefined "etc.," regardless of topic or the identity of the individual making the complaint. Indeed, as worded, the question is not even limited to complaints *about* the Campaign; rather, it asks about "every written complaining[*sic*]/grievance, etc. of which the Campaign *is aware*," which would include complaints made by the Campaign against others, and complaints by third parties about third parties, of which the Campaign simply had some knowledge.

Obviously, Plaintiff is not entitled to the information requested, and doubly so given the timing and format of her question. Nevertheless, in a good faith effort to resolve any potential discovery disputes, the Campaign offered her the information to which she was entitled – a confirmation that it had complied with the Order and produced the relevant and responsive documents to Plaintiff.

Rather than accept this fact – a fact that Plaintiff has already herself admitted to the Court – Plaintiff has once again come to the Court seeking substantially the same relief as requested in her May 29, 2024, motion for reconsideration: a declaration identifying all settlements of purported gender discrimination, pregnancy discrimination, and sexual harassment cases. ECF No. 335 at p. 4. This time, Plaintiff tacks on a request to "depose Hannah Castillo," despite offering no argument in support of that request. But, the Court has already ruled on the appropriateness of such relief. As this Court held when denying Plaintiff's motion for reconsideration, "at this point, Plaintiff has sufficient information regarding other complaints to prosecute her case and additional searches and additional discovery is not proportional to the needs of the case." ECF No. 346 at p. 2. The fact that Defendants have confirmed their compliance with the Order clearly does not warrant a different result.

Plaintiff's Motion also seeks unspecified "potential sanctions" against Defendants.[2] However, Plaintiff has not identified any improper conduct by Defendants warranting sanctions. As Plaintiff has conceded, Defendants have complied with the Order, and Plaintiff has no basis to believe otherwise. To the extent that Plaintiff is claiming that sanctions are warranted because Defendants did not comply with the Court's April 24, 2024 discovery order requiring the production of complaints of gender discrimination during the 2016 and 2020 campaign cycles, this argument fails for two reasons. First, Plaintiff has not pointed to any evidence, other than her own speculation, that demonstrates that Defendants have withheld any complaints of gender discrimination. Second, Plaintiff misstates the procedural posture of the case. The Order did not create a new, separate set of discovery obligations, as Plaintiff appears to contend. Rather, it sought to "clarify" Defendants' discovery obligations as they pertain to complaints of gender

---

[2] Plaintiff incorrectly states that her original motion for sanctions, filed on May 14, 2024, is still "a live motion and should be ruled on." ECF No. 355 at p. 1, n.1. However, as the Court is undoubtedly aware, Plaintiff's original motion was sanctions was denied on May 17, 2024 in light of the Order. See ECF No. 219.

**SCHULMANBHATTACHARYA**

Page | 3

discrimination.  Specifically, the Order made clear that "the Campaign need only produce written internal complaints and complaints filed human rights agencies and courts."  ECF No. 312 at p. 4.  The Order further explained that Plaintiff's request for "unwritten complaints" was "unreasonable and inconsistent with the type of discovery that is ordered by courts in this Circuit."  Id.  The Order then identified specific custodians whose ESI the Campaign was required to search using search terms selected by the Court.  Id. at p. 5.  The Campaign strictly followed the requirements of the Order and has produced the relevant and responsive documents to Plaintiff.

Plaintiff's objection appears to center on her speculative claim that there are complaints of gender discrimination that were not encompassed by the custodians and search terms set forth in the Order.  But this does not represent sanctionable conduct by Defendants.  Rather, it is an objection to the Order, an objection that Plaintiff already made and the Court properly rejected.  Plaintiff cannot seek to file what amounts to a second motion for reconsideration in the guise of a motion to compel and motion for sanctions.  Furthermore, Plaintiff, in both her e-mail and in Plaintiff's Motion, continues her pattern of seeking additional discovery after the deadline for discovery has passed.  This Court was correct in holding that "*discovery in this case must come to a close*."  ECF No. 324 at p. 3 (emphasis added).  The Court should continue to reject Plaintiff's repeated efforts to enlarge the scope of discovery at this late hour, when the parties should be marshalling their evidence for summary judgment.

We thank the Court for its time and attention in this matter.

                                        Respectfully,

                                        /s/ Jeffrey S. Gavenman
                                        Jeffrey S. Gavenman