<u>UNITED STATES DISTRICT COURT</u>
<u>FOR THE SOUTHERN DISTRICT OF NEW YORK</u>

ARLENE J. DELGADO,
Plaintiff,

-vs-                                                   No. 19-cv-11764 (AT) (KHP)

DONALD J. TRUMP FOR PRESIDENT, INC.,
TRUMP FOR AMERICA, INC., SEAN SPICER,
individually, REINCE PRIEBUS, individually,
and STEPHEN BANNON, individually,

Defendants.

<u>MOTION TO COMPEL DEFENDANT-CAMPAIGN, UNDER RULE 36</u>

Plaintiff, ARLENE DELGADO, hereby files this Motion to Compel, under Rule 36, and

moves to compel the Defendants to provide appropriate answers/admissions to the Requests for

Admissions that Plaintiff served on Defendants on May 7, 2024 (ECF 296). On June 7 2024,

Defendants filed Responses and Objections to Plaintiff's Requests for Admission.  (*See*

**Attachment B**) Pursuant to this Court's May 14, 2024 Order (ECF 312), any motions to compel

regarding such are due by June 14, 2024 and limited to 10 pages, double-spaced (Plaintiff

responds as thoroughly as possible within those limitations).


Rule 36 states:


(4) *Answer.* If a matter is not admitted, the answer must specifically deny it or state
in detail why the answering party cannot truthfully admit or deny it. A denial must
fairly respond to the substance of the matter; and when good faith requires that a
party qualify an answer or deny only a part of a matter, the answer must specify the
part admitted and qualify or deny the rest. The answering party may assert lack of
knowledge or information as a reason for failing to admit or deny only if the party
states that it has made reasonable inquiry and that the information it knows or can
readily obtain is insufficient to enable it to admit or deny….

(6) *Motion Regarding the Sufficiency of an Answer or Objection.* The requesting
party may move to determine the sufficiency of an answer or objection. Unless the

court finds an objection justified, it must order that an answer be served. On finding that an answer does not comply with this rule, the court may order either that the matter is admitted or that an amended answer be served….

REQUEST FOR ADMISSION 1 (TO DEFENDANT-CAMPAIGN): Admit that Campaign team members in 2015-2016 were not informed of the  of an HR director available to them.

The Defendant refused to admit this straightforward matter. Defendant claims the terms are 'vague' and 'ambiguous', when, in fact, the wording is clear. It also makes a strawman argument, wildly speculating that the Request asks it to admit that what information was communicated to every single employee. This level of self-serving hyperbole is baseless.

But most of all, this shows the level of bad faith given that **this exact issue was already ruled on by the Court**! On April 17, 2024, Plaintiff filed a Motion to Compel Appropriate 30(b)(6) Answers and General Motion to Compel (ECF 248). She wrote:

> **IV. Witness refused to provide a clear answer as to whether staff was ever informed that there was an HR Director for the Campaign.** The witness was also repeatedly evasive and refused to clearly answer as to whether staff was ever informed that there was an HR director available to them. (This is relevant, given that Defendants have claimed Plaintiff had avenues available to her to complain of the discrimination, versus her going public on social media to air her discrimination complaints.) Plaintiff attempted to resolve this after the deposition, as well, and Defendants' counsel's position was that the witness clearly answered that the Campaign staffers were never informed. The Plaintiff begs to differ that such is clear from the transcript. (See Attachment A-5). A clear answer should be provided, especially given that Defendants' counsel seems to believe this was already admitted in the deposition.

An excerpt of the relevant portion from the 30b6 deposition is attached herein, as

**Attachment A**. The Defendant's response on this, in its April 22, 2024 Response (ECF 256), was to claim that the matter was "not a noticed topic" for the 30(b)(6) deposition. But it was: it clearly fell under not just one but two of the noticed-topics: # 2: "DTP's policies and procedures for receiving, investigating and resolving complaints of sexual harassment and of any kind of

discrimination, including identification of person[s] responsible for oversight of all such matters at all relevant times hereto" and # 6: "The organizational structure of DTP's administration and chain of reporting for complaints or allegations of sexual discrimination as it existed each year from 2016 to the present." This matter was addressed during the April 24th hearing. The Court agreed with Plaintiff and ordered: "**Plaintiff is advised that she may serve requests to admit on Defendants concerning whether Campaign employees were informed of the existence of an HR director**." (April 24th Order, ECF 265, p. 2)

So... Plaintiff served the Request for Admission. Moreover, although her Request is worded just as the Court's Order read (indeed, it even changes 'employees' to 'team members', so as to include the many independent contractors, and avoid confusion on whether it is limited to W-2 workers), the Defendant still (frivolously) objects on grounds of vagueness and ambiguity. This is bad faith. This is sanctionable. If the Court is not going to compel the Defendant Campaign to answer this Request clearly, then it should allow the Plaintiff to obtain the answer from the 30(b)(6) witness, as originally requested by Plaintiff. After all, the 30(b)(6) witness refused (being evasive and coy) to answer a question that it was obligated to answer. The Plaintiff came before the Court to compel the 30b6 witness to provide the answer. The Court essentially stated, "No need for all that – I'm authorizing you to ask it via a Request for Admission." The Plaintiff did. [ It should also be noted that the Request also, bizarrely, seems to say that, because the Plaintiff was provided the name of the 2016 HR director, that settles the issue. This makes no sense.]

Worse yet, notwithstanding the objections, it denies the Request! Yet this is the opposite of what the 30b6 witness essentially conceded, and Mr. Blumetti conceded at a hearing, in which

it was heavily indicated that no such notification took place. The quickie "denial" here (denying the Request – i.e., claiming that the employees were informed) **highlights why the Court should have compelled the 30b6 witness to answer, as the Plaintiff requested, versus relegating the Plaintiff to obtain the admission via a Request. Why? The follow-up question would be, "OK, when and how were the staff notified?" Instead, the Campaign seems to shout, "It's not true that we never informed the Campaign of an HR director (i.e., we did inform them)" but there is no opportunity to flesh that out.**

<u>REQUEST FOR ADMISSION 2 (TO DEFENDANT-CAMPAIGN): *Admit the name of the Human Resources director/s from 2015-2020 (this includes any individual handling Human Resources duties, regardless of title).*</u>

The Response to this Request also shows the Defendant is only interested in bad faith obstructionism. The May 14th Order *already* held this information was relevant, and it required the Defendants to provide this information! It required such within seven days, which the Campaign already provided on May 27th.[1] Why, then, is the providing of the same information, in a more streamlined Response to a Request for Admission, met with frivolous objections, claiming this is not an appropriate request under the Rule, and vague?

<u>REQUEST FOR ADMISSION 3 (TO ALL DEFENDANTS): *Admit the date on which the decision was made not to hire Plaintiff was December 27, 2024 and, if not, the correct date.*</u>

Again, the Response here shows the level of obstructionism. **The Court itself specifically ordered that the Plaintiff was to seek this information via a Request for Admission, stating:**

---

[1] The Defendant-Campaign's counsel wrote: "Ms. Delgado, Good evening.  Pursuant to ECF No. 312, we provide the following information: While Megan Powers handled certain HR matters during the 2020 campaign cycle, she did not hold the title of "HR Director"; rather, her title was "Director of Operations."  Stephanie Alexander, whose title was Chief of Staff, was the de facto HR Director, as she had primary responsibility for HR matters with the Campaign during the 2020 cycle. Out of an abundance of caution, I also confirm that Lucia Castellano was the HR Director for the Campaign during the 2016 campaign cycle. Best, Jeff"

**"Plaintiff is permitted to serve on Defendants a request to admit concerning the date the decision not to hire Plaintiff was made**" (See April 24th Order, p. 3) Yet, in its Response, the Defendants claim this is outside the scope of the Rule and an improper Request! Apparently, the Defendants know the Rule better than this Court, or so they claim. They also, just as bizarrely, stress in bold that "discovery must come to the close" – all while knowing the Court itself ordered a Request on this topic. Similarly, they claim the Request is impermissibly compound – it is clearly not. They then, however, deny the Request. But, per the Court order, if that is not the date, it should provide the date. They refuse to do so. They should be compelled to do so. It is unheard of that, in an employment discrimination case, the Defendants should be allowed to claim that the Plaintiff was removed from a White House list – but can get away with never providing the date on which that occurred.

_REQUEST FOR ADMISSION 4 (TO DEFENDANT-CAMPAIGN): Admit who is the individual/s who makes/make any decisions regarding this case, on behalf of Defendant-Campaign._

Again, the Campaign makes a boilerplate objection about the Rule (incorrectly) and then claims the Court already ruled on this. It did not: The Court ruled on the identity of all the client/s not being necessary – not on who the actual _decision-maker_ is.

_REQUEST FOR ADMISSION 5 (TO DEFENDANT-CAMPAIGN): Admit who signed, on behalf of Donald. J. Trump for President, Inc., the stipulation filed with the Court on Friday, May 3, 2024._

This Request is moot because a subsequent stipulation filed contained the signatory's name.

_REQUEST FOR ADMISSION 6 (TO ALL DEFENDANTS): Admit that you cannot produce a document, email, or communication reflecting who made the decision to not provide Plaintiff with a White House job._

The Defendants claim, outrageously, that the term "cannot produce" is vague and ambiguous, as is "reasons behind the decision." This is bad faith obstructionism. Similarly, their claim that this

is asking for a party to admit the 'authenticity of documents' is absurd – in fact, the Request is the exact opposite: it is a request for admission that no document was produced. This is a simple and straightforward admission request, and precisely what Requests for Admission are meant to streamline for judicial efficiency and trial efficiency. Defendants have never produced a single document reflecting who made the decision, all while self-servingly claiming it was solely Mr. Spicer (as Mr. Blumetti claimed at the February 28th hearing). They cannot have it both ways.

REQUEST FOR ADMISSION 7 (TO ALL DEFENDANTS): Admit that you cannot produce a document, email, or communication reflecting the reasons behind the decision to not provide Plaintiff with a White House job.

The Defendants claim, outrageously, that the term "cannot produce" is vague and ambiguous, as is "reasons behind the decision." This is bad faith obstructionism. Similarly, its claim that this is asking for a party to admit the 'authenticity of documents' is equally absurd – in fact, the Request is the exact opposite: a request for admission that no such document was produced. This is very simple – the Request asks whether the Defendants (any of them) produced any document reflecting 'This is why the Plaintiff is not receiving a White House job' or, easier still, 'This is why the Plaintiff is being removed from the White House list.' They never did so.

REQUEST FOR ADMISSION 8 (TO ALL DEFENDANTS): Admit that the Plaintiff may have suffered significant stress during her pregnancy as a result of your actions.

The Response here is a strawman argument's response. The Request does not expect the Defendants to possess "sufficient information" about whether such damage was caused – rather, whether it admits it is possible that "significant stress" (mental or physical) could have been caused on the pregnant Plaintiff by Defendants' actions.

REQUEST FOR ADMISSION 9 (TO ALL DEFENDANTS):Admit that part of the $4.1 million in payments, in the two month period between November 12, 2020 and January 13, 2021, from

*Defendant-Campaign to Kasowitz Benson Torres LLP, were related, or consisted of, settlement payments for staffers, contractors, or vendors of Defendant- Campaign during the 2020 campaign cycle, regarding gender-related (gender discrimination, sexual harassment, and/or pregnancy discrimination) complaints.*

First, the objections are all meritless: impermissibly compound (it is not); irrelevant (it is not, see below); and cannot be sought under Rule 36.  This Request for Admission was served on May 7th, *prior* to the May 14th Order that the Defendants cite herein. Nevertheless, the Request is not moot by the May 14th Order: The May 14th Order stated the Plaintiff is not entitled to know how the cases were resolved (i.e., monetary amounts paid out for each). While Plaintiff strongly disagrees with such, such is distinct from what **this Request seeks – simply a straightforward admission that there were indeed complaints that resulted in settlements**. **This is relevant on multiple grounds, including, e.g.,  demonstrating that Defendants were untruthful in their Responses to Requests for Production and in other discovery responses in this case (e.g., May 7th and/or May 31st productions) but, more importantly, directly relevant to the main issue in this case – gender-based discrimination and hostile work-environment.**

Moreover, the Court has likely realized by now that its earlier understanding on this, on which it based its denial of that motion to compel – that the Plaintiff had "years" to seek this information regarding the Kasowitz payments and failed to do so -- was misinformed: The Court likely (understandably) was not aware, at that time it made that May 14th ruling, that the Defendant Campaign *changed names in early 2021*. The fact that it had renamed itself as the Make America Great Again PAC was only disclosed to the Plaintiff during the 30b6 deposition *on March 31, 2024*. Thus, only beginning in April 2024, did the Plaintiff have that knowledge to, thereupon, research what payments had been made to/from this entity with a wholly different name. The payments to Kasowitz's firm were from *that* entity – thus, *prior to April 2024*, the payments appeared, while interesting, irrelevant to *this* action and having nothing to do with the Donald J.

Trump for President Campaign. The Plaintiff inquired, on a call with Defendants' then-counsel, in April 2024 but Defendants' then-counsel was evasive. Plaintiff then promptly moved for Court relief regarding these Kasowitz payments, on May 7th. This meets the standard of reasonable diligence and moving in a relatively swift manner.

Moreover, there is no reasonable dispute that whether-the-Campaign-engaged-in-settlements-with-women-regarding-gender-discrimination-claims is distinctly relevant to a gender-discrimination case by a female employee, against the Campaign! One can hardly think of a more relevant topic. Whether there were other settlements (albeit perhaps not the amount of, or terms of, the settlement) with similarly situated individuals, is routinely ordered to be produced, in employment discrimination cases in this circuit (See e.g., *Chen-Oster v. Goldman, Sachs & Co.*, 293 F.R.D. 557 (S.D.N.Y. 2013)). **Those documents should have been produced long ago, in November 2022, as part of Defendants' Response to Plaintiff's First Request for Production (September 7, 2022), which, in #13 and #15, requested**:

> 13. All documents constituting, reflecting, or concerning any communication by or between any current or former owner, officer, executive, principal, manager, employee, contractor, or agent of any Defendant since August 1, 2016 concerning sex-, gender-, pregnancy-, or disability-based discrimination or harassment, or concerning retaliation of any kind.

> 15. Any report, complaint, or grievance (whether formal or informal) that was filed against, received, heard, or transmitted to, or maintained by any Defendant or any agent of any Defendant, and which concerned or alleged any form of discrimination or harassment on the basis of sex, gender, pregnancy status, family status, or disability, or which concerned or alleged any form of retaliation.

In their Responses (November 18, 2022), Defendants lied and answered "none." This is now, very clearly, knowingly false at the time. This Court should not coddle or condone fraud on the Court.

Moreover, Defendants have waived the relevance argument, given that Defendants themselves questioned whether Plaintiff had ever sued, or been sued, by anyone, or whether she had been not sued but "accused of discrimination or retaliation." The same, conversely, must apply for *Plaintiff* being able to ask whether anyone sued or even "accused" the *Campaign* of discrimination or retaliation. (Image of p. 347 of Defendants' deposition of Plaintiff)

```
5        Q.   That was my next question, have
6   you ever filed any civil lawsuits against
7   anyone?
8        A.   No.  You could check dockets.


13       Q.   Have any individuals ever accused
14  you of discrimination or retaliation?
15       A.   No.
```

**But perhaps most telling of all, and why the Court should now correct course and order this Request adhered to, as well as reverse the portion of its May 14th Order regarding the Kasowitz payments, is that, on June 13, 2024, Plaintiff received written information from a Trump Campaign advisor in which the former Trump Campaign, high-level advisor wrote "yes, the Campaign settled multiple suits." One settlement, the advisor said, related to actions by "Boris" (Boris Epshteyn).** The advisor stated "Michael Glassner" should be "subpoena[ed]" and has the knowledge. Ironically, that is one of the depositions that this Court recently refused the Plaintiff, simply because the Plaintiff was unable to get the subpoena *served* due to the negligence/delay by the S.D.N.Y. Clerk, as well as the fiasco caused by Mr. Blumetti's move to withdraw on Friday, April 26th, at the same time as the address for Mr. Glassner was being                    obtained                    via                    an                    investigator. Plaintiff will move to re-open discovery on this one limited issue, given that there is clear good

cause. Not only have Defendants been caught lying but the Campaign did, in fact, face similar allegations from similarly situated individuals. There is no justification for the Court Plaintiff this <u>critical</u> information, particularly as it is information that should have been supplied months ago. (It is now clear why Mr. Blumetti withdrew and the reason was just as Plaintiff suspected and informed this Court – the "irreparable breakdown" was caused by the 'client' demanding that Mr. Blumetti not produce any information regarding the complaints/settlements).

<u>*REQUEST FOR ADMISSION 10 (TO DEFENDANT-CAMPAIGN): Admit that you faced concerns raised by, and possible formal complaints from, Hannah Castillo, regarding gender-related discrimination.*</u>

This is a simple 'yes or no' request. It is not a compound request. It about *one* person and one type of complaint (gender discrimination). This could not be clearer. Nor are the terms vague, as claimed.

For all of the reasons above, the Plaintiff respectfully requests that appropriate answers be ordered.

Dated: June 14, 2024

Respectfully submitted,

<u>*s/Arlene Delgado*</u>
Arlene Delgado
Plaintiff, *pro-se*

10

ATTACHMENT A

(excerpts from the 30b6 deposition, regarding whether the staffers were informed of the
existence of an HR director)


30b6 Deposition, p. 73-77

Q. Mr. Binnall, I'm taking you back to Number 2, which is the
campaign's quote "policies and procedures for
receiving/investigating a resulting complaint." Focusing
particularly on the receiving, were the staff members of the
2016 campaign informed -- **did you see any point where they were
informed there is an HR director, her name is Lucia Castellano?**

A. Ma'am, I'm not aware of any procedure require that. And I'm
not
aware of that of the procedures at all. And that's that would
being part what I researched, and I did not find that procedure.
Q. Okay. Before I have to object to that as nonresponsive, let
me
try again. I'm not asking if you're aware of whether the
procedures require that. I'm saying as far as your knowledge
regarding policies for receiving complaints, were the staff
members informed where complaints could be received or through
whom?
A. I am not aware of any policy regarding how employees were to
make complaints and to whom they were making them.

Q. Again, not asking you about if there was a policy regarding
informing them. Were they informed? It's **part of the policy**,
there isn't a separate policy on that, it would be **part of** the
policy for receiving complaints.

A. Ma'am, I looked at what the policies and procedures were,
that's what the topic asked me to look at, and that's what I
looked at. I'm not aware of any such policies and/or procedures.
Q. Right. So for the policies and procedures of the campaign,
was
there anything in there therein stating, informing the staff
there
is an HR director?

A. Ma'am, as I've testified to you already, **I'm not aware of any
such policies and procedures. And I did look for such. I was
unable to find it.**

11

Q. Maybe you misheard my question. I'm not asking if there was a policy and procedure. Did you see an e-mail notification or any type of notification informing the staff that there is an HR director and her contact information?
A. Ma'am, that was not part of the designated topic. I did not look for it.

Q. It's part of policies and procedure in Number 2.
A. Ma'am, for policies and procedures I looked for policies and procedures. I did not look for every communication with an HR director, for instance, or every director, every communication from all employees regarding HR directors. I looked for policies and procedures. That's what the topic asked for, that's what I did.

Q. **Mr. Binnall, are you saying an HR policy and HR procedure does not entail notifying staff that the HR department exists; is that your testimony today?**

A. **It could be a policy or procedure. I'm just saying that I was unable to find that as a policy or procedure. And --**
Q. **I'm not asking if you found it as a policy or procedure. I'm asking if you found such a notification, which would be part of the policy or procedure.**
A. Ma'am, that is not what -- part of what I looked for in this case. And I do not believe it was part of the designated topics.
Q. I'm not asking if that's part of what you looked for or if you
believe it's part of the designated topics. I'm asking did you see
any such notification regarding there being an HR director and her
contact information?
A. Object to what I said, that's not something that I looked for based on the designated topics, the answer to your question is no.
Q. Okay. I'll object to that as nonresponsive.
You stated earlier that --
MS. DELGADO: Sorry Mr. Blumetti, did you say -- I thought I heard
something. Was there an --
MR. BLUMMETTI: You objected as nonresponsive. I said, I believe that the record speaks for itself, including Mr. Binnall's answers.

…..**p. 79-82**

p. 77- When you speak of, quote "the chain of reporting" in Number 5, we speak of a chain, **were the staff members ever informed as to Lucia Castellano's existence of being HR director?**

A. Oh. Again, that's not a question that I -- that I researched specifically, but it was not something that was specifically designated. **So the campaign does not have -- is not able to answer that question.** And I have no personal knowledge.

Q. Okay. I'm objecting because it's not really responsive, Mr. Binnall, what you researched. You're here because you have taken a position of the campaign that you can speak to these issues. So when you say, well, I didn't look into them, I'm going to object to that as nonresponsive. Let me ask again: The chain of reporting, what -- when we speak of a chain, when were -- was the staff in what format notified that there is an HR director in that chain?

MR. BLUMMETTI: Objection. Asked and answered.

THE WITNESS: Ma'am, I believe as I have already testified to, **there is not a policy and procedure that would require that.** And nor do I have any information as to any whether such a policy or procedure about notifying staff of that chain -- chain of reporting happened. There -- like I said, as far as what I've testified to, there was no such policy or procedure about giving the staff a chain of reporting.

BY MS. DELGADO: Q. Okay. So your answer is no?

A. My answer is that there was no policy or procedure that required the -- the disclosure of a chain of reporting. And because there wasn't such a policy or procedure, I did not look into whether there was disclosure of a chain of reporting to specific employees because it was not a designated topic.

**Q. You're not going to answer whether employees were informed as to Lucia Castellano?**

A. The reason that you don't like my answer is because -- and I'm trying to be as absolutely straight and clear as I possibly

13

can be. I can only answer questions that were designated,
information that was designated. I looked as -- to see whether
there were policies and/or procedures.

Whether other actions were taken outside of the policies and
procedures in this case that did not exist, is not something
that was designated. And so it's not something that I looked
into. For instance, was there a communication sent out regarding
what the chain of reporting is for an HR issue. I've told you
what the policies and procedures were and I've told you what the
administration was and who was in charge of HR complaints.

Q. Mr. Binnall, there's no reference to policies and procedures
in Question -- in Topic 5 which is what I'm asking you about.


A. So for Question Number 5 -- Question Number 5 does not
include whether campaign staff were given that information. It
was -- Question Number 5 says: The organizational structure of
DTP's administration and chain of reporting for complaints or
allegations of sexual discrimination as it existed each year,
2016 to the present. That's the information that I researched
and looked at and that's what I've answered my question as to.

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK**

ARLENE J. DELGADO,

                       Plaintiff,

v.

DONALD J. TRUMP FOR PRESIDENT, INC.,
*et al.*,

                    Defendants.

## DONALD J. TRUMP FOR PRESIDENT, INC.'S RESPONSES AND OBJECTIONS TO PLAINTIFF'S REQUESTS FOR ADMISSION

Pursuant to Rule 36 of the Federal Rules of Civil Procedure, Defendant Donald J. Trump for President, Inc., (the "Campaign") hereby responds and objects to Plaintiff's Requests for Admission ("Requests", or individually, "Request") served by Plaintiff Arlene Delgado ("Plaintiff" or "Delgado").

## PRELIMINARY STATEMENT

The following responses are made solely for the purposes of this action. Each response is subject to all objections as to relevance, materiality, and admissibility, and to all objections on any ground that would require exclusion of any response if it were introduced in court.

No incidental or implied admissions are intended by these responses. The fact that the Campaign has objected or responded to any Request shall not be deemed an admission that the Campaign accepts or admits the existence of any facts set forth or assumed by such Request or that such objection or response constitutes admissible evidence. The fact that the Campaign has

responded to part or all of any Request is not intended to and shall not be construed to be a waiver by the Campaign of any objection to any Request.

The responses and objections are made on the basis of information and writings currently available to and located by the Campaign upon reasonable investigation. The Campaign expressly reserves the right to modify, revise, supplement, or amend their responses as they deem appropriate.

## **RESPONSES TO REQUESTS FOR ADMISSION**

**Request for Admission No. 1**: Admit that Campaign team members in 2015-2016 were not informed of the existence of an HR director available to them.

**Response to Request for Admission No. 1**: The Campaign objects to this Request on the ground that it is vague and ambiguous as the terms "team members," "not informed" and "available" are not defined and do not provide sufficient direction as to the information sought.  The Campaign further objects to the extent that it is asking the Campaign about what information was communicated to every single employee of the Campaign as it would be impossible for the Campaign to make such a statement.  To the extent Plaintiff seeks to narrow the scope of disputed facts for trial regarding the existence of an HR director employed by the Campaign during the 2016 election cycle, the Campaign has already provided such information to Plaintiff pursuant to the Court's May 14, 2024, Discovery Order (ECF No. 312), wherein the Campaign informed Plaintiff that "Lucia Castellano was HR director during the 2016 campaign cycle." Subject to and without waiving the foregoing objections, this Request is denied.

**Request for Admission No. 2**: Admit the name of the Human Resources director/s from 2015-2020 (this includes any individual handling Human Resources duties, regardless

of title.

**Response to Request for Admission No. 2**: The Campaign objects to this Request on the ground that it does not allow for an admission or denial of a discrete factual statement as required under Fed. R. Civ. P. 36. The purpose of Fed. R. Civ. P. 36 is not a discovery device; rather, its purpose is to, *inter alia*, narrow the scope of disputed issues for trial and to facilitate the presentation of the case to the trier of fact. Plaintiff's request of the Campaign to admit name(s) of any Human Resources director/s is therefore seeking information that is beyond the scope of Fed. R. Civ. P. 36 by seeking information that should have been sought using discovery devices under Fed. R. Civ. P. 26.

The Campaign further objects to the Request as impermissibly compound, unduly burdensome and overbroad with respect to that part of the request seeking the name(s) of "any individual handling Human Resources duties, regardless of title." The Campaign further objects to the Request as vague and ambiguous as to the terms "any individual" and "Human Resources duties," which are not defined and do not provide the Campaign with sufficient information about the information that Plaintiff seeks.

**Request for Admission No. 3**: Admit the date on which the decision was made not to hire Plaintiff was December 27, 2024 and, if not, the correct date.

**Response to Request for Admission No. 3**: The Campaign objects to this Request to the extent that it seeks to request a specific date from the Campaign, as it does not allow for an admission or denial of a discrete factual statement as required under Fed. R. Civ. P. 36. The purpose of Fed. R. Civ. P. 36 is not a discovery device; rather, its purpose is to, *inter alia*, narrow the scope of disputed issues for trial and to facilitate the presentation of the case to the trier of fact. Seeking the date on which the decision to not hire Plaintiff is beyond the scope of Fed. R. Civ. P. 36 and requests information that should have been sought using discovery

devices under Fed. R. Civ. P. 26.  However, as the Court has made clear, "***discovery in this case must come to a close***." ECF No. 324 at 3. Further, the Campaign objects to this Request as it is impermissibly compound. Subject to and without waiving the foregoing objections, this Request is denied.

**Request for Admission No. 4**: Admit who is the individual/s who makes/make any decisions regarding this case, on behalf of Defendant-Campaign.

**Response to Request for Admission No. 4**: The Campaign objects to this Request in that, to the extent that it seeks to request the identity of a specific individual from the Campaign, it does not allow for an admission or denial of a discrete factual statement as required under Fed. R. Civ. P. 36.  The purpose of Fed. R. Civ. P. 36 is not a discovery device; rather, its purpose is to, *inter alia*, narrow the scope of disputed issues for trial and to facilitate the presentation of the case to the trier of fact. Seeking the identity of a specific individual from the Campaign is beyond the scope of Fed. R. Civ. P. 36 and requests information that should have been sought using discovery devices under Fed. R. Civ. P. 26.  However, as the Court has made clear, "***discovery in this case must come to a close***." ECF No. 324 at 3.  The Campaign further objects to this Request as being irrelevant to the claims and defenses in this case, as the Court already denied Plaintiff's "Motion to Compel Client's Identity" in its May 14, 2024, Discovery Order (see ECF No. 312 at 2-3), wherein the Court explicitly stated that (1) "Plaintiff is aware of the identity of a Campaign representative, Justin Clark"; "Plaintiff already deposed a 30(b)(6) witness and others affiliated with the Campaign"; and (3) "Defendants' counsel is not required to inform Plaintiff of the identity of each individual who speaks with counsel on behalf of the Defendant Campaign."

**Request for Admission No.  5**: Admit who signed, on behalf of Donald J. Trump for President, Inc., the stipulation filed with the Court on Friday, May 3, 2024.

4

**Response to Request for Admission No. 5**: The Campaign objects to this Request in that, to the extent that it seeks to request the identity of a specific individual from the Campaign, it does not allow for an admission or denial of a discrete factual statement as required under Fed. R. Civ. P. 36.  The purpose of Fed. R. Civ. P. 36 is not a discovery device; rather, its purpose is to, *inter alia*, narrow the scope of disputed issues for trial and to facilitate the presentation of the case to the trier of fact. Seeking the identity of a specific individual from the Campaign is beyond the scope of Fed. R. Civ. P. 36 and requests information that should have been sought using discovery devices under Fed. R. Civ. P. 26.  However, as the Court has made clear, "***discovery in this case must come to a close***." ECF No. 324 at 3.  The Campaign further objects to this Request as being irrelevant to the claims and defenses in this case.

**Request for Admission No. 6**: Admit that you cannot produce a document, email, or communication reflecting who made the decision to not provide Plaintiff with a White House job.

**Response to Request for Admission No. 6**: The Campaign objects to this Request on the ground that it is vague and ambiguous as the terms "cannot produce" and "made the decision" are not defined and therefore do not provide the Campaign with sufficient information about the information that is being sought. Further, the Campaign objects to this Request on the grounds that it is beyond the scope of Fed. R. Civ. P. 36, as requests asking for a party to admit the authenticity of documents are proper, but "[r]equests which seek admissions to interpretations of documents are improper." *Bausch & Lomb Inc. v. Alcon Laboratories, Inc.,* 173 F.R.D. 367, 377 (W.D.N.Y. 1995).  Plaintiff's request that the Campaign interpret the contents of the documents in this case to demonstrate whether or not they show "who made the decision to not provide Plaintiff with a White House job" is therefore inappropriate.

**Request for Admission No. 7**: Admit that you cannot produce a document, email, or communication reflecting the reasons behind the decision to not provide Plaintiff with a White House job.

**Response to Request for Admission No. 7**: The Campaign objects to this Request on the ground that it is vague and ambiguous as the terms "cannot produce" and "reasons behind the decision" are not defined and therefore do not provide the Campaign with sufficient information about the information that is being sought. Further, the Campaign objects to this Request on the grounds that it is beyond the scope of Fed. R. Civ. P. 36, as requests asking for a party to admit the authenticity of documents are proper, but "[r]equests which seek admissions to interpretations of documents are improper." *Bausch & Lomb Inc. v. Alcon Laboratories, Inc.,* 173 F.R.D. 367, 377 (W.D. N.Y. 1995). Plaintiff's request that the Campaign interpret the contents of the documents in this case to demonstrate whether or not they show "the reasons behind the decision to not provide Plaintiff with a White House job" is therefore inappropriate.

**Request for Admission No. 8**: Admit that the Plaintiff may have suffered significant stress during her pregnancy as a result of your actions.

**Response to Request for Admission No. 8**: The Campaign objects to this Request on the ground that it is vague and ambiguous as to the terms "significant stress" and "actions" are not defined and therefore do not provide the Campaign with sufficient information about the information being sought. Further, this Request requires that the Campaign speculate as to Plaintiff's subjective mental state and is therefore not a proper fact to be admitted or denied pursuant to Fed. R. Civ. P. 36. The Campaign does not possess personal knowledge of Plaintiff's mental state because Plaintiff is the only one who knows for certain the mental state with which she is or was acting.

**Request for Admission No. 9**: Admit that part of the $4.1 million in payments, in the two month period between November 12, 2020 and January 13, 2021, from Defendant-Campaign to Kasowitz Benson Torres LLP, were related, or consisted of, settlement payments for staffers, contractors, or vendors of Defendant-Campaign during the 2020 campaign cycle, regarding gender-related (gender discrimination, sexual harassment, and/or pregnancy discrimination) complaints.

**Response to Request for Admission No. 9**: The Campaign objects to this Request on the grounds that it is impermissibly compound, irrelevant, and improperly seeks to elicit new information that is within the purview of discovery under Fed. R. Civ. P. 26, rather than facts to be admitted under Fed. R. Civ. P. 36. Relatedly, the Campaign notes this Court already denied Plaintiff's motion to compel information regarding payments to Kasowitz Benson Torres LLP in its May 14, 2024, Discovery Order (ECF No. 312), wherein the Court explicitly stated:

> "Plaintiff is not entitled to discovery of how other cases may or may not have been resolved. Such information is not relevant or necessary for the prosecution of this case and, given the information that has been produced or will be produced pursuant to this Order, the additional information sought from the Kasowitz firm is not proportional to the needs of this case. Plaintiff has had ample time to seek discovery from the Kasowitz firm and did not do so in the many years this case has been pending. Thus, the Court will not extend discovery for the purpose of seeking this discovery or entertain any further motions regarding this topic."

ECF No. 312 at 5-6.

**Request for Admission No. 10**: Admit that you faced concerns raised by, and possible formal complaints from, Hannah Castillo, regarding gender-related discrimination.

**Response to Request for Admission No. 10**: The Campaign objects to this Request on the ground that it is vague and ambiguous as to the terms "faced concerns," "possible

formal complaints" and "gender-related discrimination" are not defined and therefore provide the Campaign with insufficient information about the information being sought. The Campaign further objects because this request is a compound request and contains more than one purported fact to be admitted and/or denied. Subject to and without waiving the foregoing objections, and only to the extent that this Request requires a response, this Request is denied.

Dated: June 7, 2024

**SCHULMAN BHATTACHARYA, LLC**

By:     /s/ Jeffrey Gavenman
        Jeffrey S. Gavenman
        6116 Executive Boulevard, Suite 425
        North Bethesda, Maryland 20852
        and

        240 West 40th Street
        New York, NY 10018
        Tel.: (240) 356-8553
        Facsimile: (240) 356-8558
        Email: jgavenman@schulmanbh.com

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

---

ARLENE J. DELGADO,

                    Plaintiff,

v.

DONALD J. TRUMP FOR PRESIDENT, INC.,
*et al.*,

                    Defendants.

---

Case No. 19-cv-11764 (AT)

**REINCE PRIEBUS' RESPONSES**
**AND OBJECTIONS TO PLAINTIFF'S REQUESTS FOR ADMISSION**

Pursuant to Rule 36 of the Federal Rules of Civil Procedure, Defendant Reince Priebus ("Priebus") hereby responds and objects to Plaintiff's Requests for Admission ("Requests", or individually, "Request") served by Plaintiff Arlene Delgado ("Plaintiff" or "Delgado").

**PRELIMINARY STATEMENT**

The following responses are made solely for the purposes of this action. Each response is subject to all objections as to relevance, materiality, and admissibility, and to all objections on any ground that would require exclusion of any response if it were introduced in court.

No incidental or implied admissions are intended by these responses. The fact that Priebus has objected or responded to any Request shall not be deemed an admission that Priebus accepts or admits the existence of any facts set forth or assumed by such Request or that such objection or response constitutes admissible evidence. The fact that Priebus has responded to part or all of any Request is not intended to and shall not be construed to be a waiver by Priebus of any objection to

any Request.

The responses and objections are made on the basis of information and writings currently available to and located by Priebus upon reasonable investigation. Priebus expressly reserves the right to modify, revise, supplement, or amend their responses as they deem appropriate.

## **RESPONSES TO REQUESTS FOR ADMISSION**

**Request for Admission No. 3**: Admit the date on which the decision was made not to hire Plaintiff was December 27, 2024 and, if not, the correct date.

**Response to Request for Admission No. 3**: Priebus objects to this Request to the extent that it seeks to request a specific date from Priebus, as it does not allow for an admission or denial of a discrete factual statement as required under Fed. R. Civ. P. 36.  The purpose of Fed. R. Civ. P. 36 is not a discovery device; rather, its purpose is to, *inter alia*, narrow the scope of disputed issues for trial and to facilitate the presentation of the case to the trier of fact. Seeking the date on which the decision to not hire Plaintiff is beyond the scope of Fed. R. Civ. P. 36 and requests information that should have been sought using discovery devices under Fed. R. Civ. P. 26.  However, as the Court has made clear, "***discovery in this case must come to a close***." ECF No. 324 at 3. Further, Priebus objects to this Request as it is impermissibly compound. Subject to and without waiving the foregoing objections, this Request is denied.

**Request for Admission No. 6**: Admit that you cannot produce a document, email, or communication reflecting who made the decision to not provide Plaintiff with a White House job.

**Response to Request for Admission No. 6**: Priebus objects to this Request on the ground that it is vague and ambiguous as the terms "cannot produce" and "made the decision" are not defined and therefore do not provide Priebus with sufficient information about the

information that is being sought. Further, Priebus objects to this Request on the grounds that it is beyond the scope of Fed. R. Civ. P. 36, as requests asking for a party to admit the authenticity of documents are proper, but "[r]equests which seek admissions to interpretations of documents are improper." *Bausch & Lomb Inc. v. Alcon Laboratories, Inc.,* 173 F.R.D. 367, 377 (W.D.N.Y. 1995). Plaintiff's request that Priebus interpret the contents of the documents in this case to demonstrate whether or not they show "who made the decision to not provide Plaintiff with a White House job" is therefore inappropriate.

**Request for Admission No. 7**: Admit that you cannot produce a document, email, or communication reflecting the reasons behind the decision to not provide Plaintiff with a White House job.

**Response to Request for Admission No. 7**: Priebus objects to this Request on the ground that it is vague and ambiguous as the terms "cannot produce" and "reasons behind the decision" are not defined and therefore do not provide Priebus with sufficient information about the information that is being sought. Further, Priebus objects to this Request on the grounds that it is beyond the scope of Fed. R. Civ. P. 36, as requests asking for a party to admit the authenticity of documents are proper, but "[r]equests which seek admissions to interpretations of documents are improper." *Bausch & Lomb Inc. v. Alcon Laboratories, Inc.,* 173 F.R.D. 367, 377 (W.D. N.Y. 1995). Plaintiff's request that Priebus interpret the contents of the documents in this case to demonstrate whether or not they show "the reasons behind the decision to not provide Plaintiff with a White House job" is therefore inappropriate.

**Request for Admission No. 8**: Admit that the Plaintiff may have suffered significant stress during her pregnancy as a result of your actions.

**Response to Request for Admission No. 8**: Priebus objects to this Request on the ground that it is vague and ambiguous as the terms "significant stress" and "actions" are not

defined and therefore do not provide Priebus with sufficient information about the information being sought. Further, this Request requires that Priebus speculate as to Plaintiff's subjective mental state and is therefore not a proper fact to be admitted or denied pursuant to Fed. R. Civ. P. 36. Priebus does not possess personal knowledge of Plaintiff's mental state because Plaintiff is the only one who knows for certain the mental state with which she is or was acting.

**Request for Admission No. 9**: Admit that part of the $4.1 million in payments, in the two month period between November 12, 2020 and January 13, 2021, from Defendant-Campaign to Kasowitz Benson Torres LLP, were related, or consisted of, settlement payments for staffers, contractors, or vendors of Defendant-Campaign during the 2020 campaign cycle, regarding gender-related (gender discrimination, sexual harassment, and/or pregnancy discrimination) complaints.

**Response to Request for Admission No. 9**: Priebus objects to this Request on the grounds that it is impermissibly compound, irrelevant, and improperly seeks to elicit new information that is within the purview of discovery under Fed. R. Civ. P. 26, rather than facts to be admitted under Fed. R. Civ. P. 36. Relatedly, Priebus notes this Court already denied Plaintiff's motion to compel information regarding payments to Kasowitz Benson Torres LLP in its May 14, 2024, Discovery Order (ECF No. 312), wherein the Court explicitly stated:

> "Plaintiff is not entitled to discovery of how other cases may or may not have been resolved. Such information is not relevant or necessary for the prosecution of this case and, given the information that has been produced or will be produced pursuant to this Order, the additional information sought from the Kasowitz firm is not proportional to the needs of this case. Plaintiff has had ample time to seek discovery from the Kasowitz firm and did not do so in the many years this case has been pending. Thus, the Court will not extend discovery for the purpose of seeking this discovery or entertain any further motions regarding this topic."

ECF No. 312 at 5-6.

Respectfully submitted,

Dated: June 7, 2024

**SCHULMAN BHATTACHARYA, LLC**

By:    /s/ Jeffrey Gavenman        
Jeffrey S. Gavenman
6116 Executive Boulevard, Suite 425
North Bethesda, Maryland 20852
and
240 West 40th Street
New York, NY 10018
Tel: (240) 356-8553
Facsimile: (240) 356-8558
Email: jgavenman@schulmanbh.com

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK**

---

ARLENE J. DELGADO,

                Plaintiff,

v.

DONALD J. TRUMP FOR PRESIDENT, INC.,
*et al*.,

                Defendants.

---

Case No. 19-cv-11764 (AT)

 

**SEAN SPICER'S RESPONSES
AND OBJECTIONS TO PLAINTIFF'S REQUESTS FOR ADMISSION**

Pursuant to Rule 36 of the Federal Rules of Civil Procedure, Defendant Sean Spicer ("Spicer") hereby responds and objects to Plaintiff's Requests for Admission ("Requests", or individually, "Request") served by Plaintiff Arlene Delgado ("Plaintiff" or "Delgado").

**PRELIMINARY STATEMENT**

The following responses are made solely for the purposes of this action. Each response is subject to all objections as to relevance, materiality, and admissibility, and to all objections on any ground that would require exclusion of any response if it were introduced in court.

No incidental or implied admissions are intended by these responses. The fact that Spicer has objected or responded to any Request shall not be deemed an admission that Spicer accepts or admits the existence of any facts set forth or assumed by such Request or that such objection or response constitutes admissible evidence. The fact that Spicer has responded to part or all of any Request is not intended to and shall not be construed to be a waiver by Spicer of any objection to

1

any Request.

The responses and objections are made on the basis of information and writings currently available to and located by Spicer upon reasonable investigation. Spicer expressly reserves the right to modify, revise, supplement, or amend their responses as they deem appropriate.

## RESPONSES TO REQUESTS FOR ADMISSION

**Request for Admission No. 3**: Admit the date on which the decision was made not to hire Plaintiff was December 27, 2024 and, if not, the correct date.

**Response to Request for Admission No. 3**: Spicer objects to this Request to the extent that it seeks to request a specific date from Spicer, as it does not allow for an admission or denial of a discrete factual statement as required under Fed. R. Civ. P. 36.  The purpose of Fed. R. Civ. P. 36 is not a discovery device; rather, its purpose is to, *inter alia*, narrow the scope of disputed issues for trial and to facilitate the presentation of the case to the trier of fact. Seeking the date on which the decision to not hire Plaintiff is beyond the scope of Fed. R. Civ. P. 36 and requests information that should have been sought using discovery devices under Fed. R. Civ. P. 26.  However, as the Court has made clear, "***discovery in this case must come to a close***." ECF No. 324 at 3. Further, Spicer objects to this Request as it is impermissibly compound. Subject to and without waiving the foregoing objections, this Request is denied.

**Request for Admission No. 6**: Admit that you cannot produce a document, email, or communication reflecting who made the decision to not provide Plaintiff with a White House job.

**Response to Request for Admission No. 6**: Spicer objects to this Request on the ground that it is vague and ambiguous as the terms "cannot produce" and "made the decision" are not defined and therefore do not provide Spicer with sufficient information about the

information that is being sought. Further, Spicer objects to this Request on the grounds that it is beyond the scope of Fed. R. Civ. P. 36, as requests asking for a party to admit the authenticity of documents are proper, but "[r]equests which seek admissions to interpretations of documents are improper." *Bausch & Lomb Inc. v. Alcon Laboratories, Inc.,* 173 F.R.D. 367, 377 (W.D.N.Y. 1995). Plaintiff's request that Spicer interpret the contents of the documents in this case to demonstrate whether or not they show "who made the decision to not provide Plaintiff with a White House job" is therefore inappropriate.

**Request for Admission No. 7**: Admit that you cannot produce a document, email, or communication reflecting the reasons behind the decision to not provide Plaintiff with a White House job.

**Response to Request for Admission No. 7**: Spicer objects to this Request on the ground that it is vague and ambiguous as the terms "cannot produce" and "reasons behind the decision" are not defined and therefore do not provide Spicer with sufficient information about the information that is being sought. Further, Spicer objects to this Request on the grounds that it is beyond the scope of Fed. R. Civ. P. 36, as requests asking for a party to admit the authenticity of documents are proper, but "[r]equests which seek admissions to interpretations of documents are improper." *Bausch & Lomb Inc. v. Alcon Laboratories, Inc.,* 173 F.R.D. 367, 377 (W.D. N.Y. 1995). Plaintiff's request that Spicer interpret the contents of the documents in this case to demonstrate whether or not they show "the reasons behind the decision to not provide Plaintiff with a White House job" is therefore inappropriate.

**Request for Admission No. 8**: Admit that the Plaintiff may have suffered significant stress during her pregnancy as a result of your actions.

**Response to Request for Admission No. 8**: Spicer objects to this Request on the ground that it is vague and ambiguous as the terms "significant stress" and "actions" are not

3

defined and therefore do not provide Spicer with sufficient information about the information being sought. Further, this Request requires that Spicer speculate as to Plaintiff's subjective mental state and is therefore not a proper fact to be admitted or denied pursuant to Fed. R. Civ. P. 36. Spicer does not possess personal knowledge of Plaintiff's mental state because Plaintiff is the only one who knows for certain the mental state with which she is or was acting.

**Request for Admission No. 9**: Admit that part of the $4.1 million in payments, in the two month period between November 12, 2020 and January 13, 2021, from Defendant-Campaign to Kasowitz Benson Torres LLP, were related, or consisted of, settlement payments for staffers, contractors, or vendors of Defendant-Campaign during the 2020 campaign cycle, regarding gender-related (gender discrimination, sexual harassment, and/or pregnancy discrimination) complaints.

**Response to Request for Admission No. 9**: Spicer objects to this Request on the grounds that it is impermissibly compound, irrelevant, and improperly seeks to elicit new information that is within the purview of discovery under Fed. R. Civ. P. 26, rather than facts to be admitted under Fed. R. Civ. P. 36. Relatedly, Spicer notes this Court already denied Plaintiff's motion to compel information regarding payments to Kasowitz Benson Torres LLP in its May 14, 2024, Discovery Order (ECF No. 312), wherein the Court explicitly stated:

> "Plaintiff is not entitled to discovery of how other cases may or may not have been resolved. Such information is not relevant or necessary for the prosecution of this case and, given the information that has been produced or will be produced pursuant to this Order, the additional information sought from the Kasowitz firm is not proportional to the needs of this case. Plaintiff has had ample time to seek discovery from the Kasowitz firm and did not do so in the many years this case has been pending. Thus, the Court will not extend discovery for the purpose of seeking this discovery or entertain any further motions regarding this topic."

ECF No. 312 at 5-6.

        Respectfully submitted,

Dated: June 7, 2024

        **SCHULMAN BHATTACHARYA, LLC**

By:   /s/ Jeffrey Gavenman
      Jeffrey S. Gavenman
      6116 Executive Boulevard, Suite 425
      North Bethesda, Maryland 20852
      and
      240 West 40th Street
      New York, NY 10018
      Tel: (240) 356-8553
      Facsimile: (240) 356-8558
      Email: jgavenman@schulmanbh.com