**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| ARLENE J. DELGADO,<br><br>    Plaintiff,<br><br>v.<br><br>DONALD J. TRUMP FOR PRESIDENT, INC.,<br>*et al.*,<br><br>    Defendants. | Case No. 19-cv-11764 (AT) (KHP) |

**DEFENDANTS' MEMORANDUM OF LAW IN
OPPOSITION TO PLAINTIFF'S MOTION TO COMPEL**

Defendants Donald J. Trump for President, Inc. (the "Campaign"), Sean Spicer, and Reince Priebus (collectively, "Defendants") respectfully submit this memorandum of law in opposition to Plaintiff Arlene Delgado's ("Plaintiff" or "Delgado") Motion to Compel Responses to Plaintiff's Request for Admissions (the "RFAs") dated June 14, 2024 ("Plaintiff's Motion"). See ECF No. 357.

**ARGUMENT**

I.    **Legal Standard**

Rule 36 of the Federal Rules of Civil Procedure, which governs Requests for Admissions, states that "a party may serve on any other party a written request to admit . . . the truth of any matters within the scope of Rule 26(b)(1) relating to: (A) facts, the application of law to fact or opinions about either; and (B) the genuineness of any described document." Fed. R. Civ. P. 36(a)(1). However, to effectuate proper Requests for Admissions, courts have explained that:

> the requesting party bears the burden of setting forth its requests
> simply, directly, not vaguely or ambiguously, and in such a manner
> that they can be answered with a simple admit or deny without an

1

> explanation, and in certain instances, permit a qualification or explanation for purposes of clarification. That is, Requests for Admissions should be drafted in such a way that a response can be rendered upon a mere examination of the request. To facilitate clear and succinct responses, the facts stated within the request must be singularly, specifically, and carefully detailed.

Henry v. Champlain Enterprises, Inc., 212 F.R.D. 73, 77 (N.D.N.Y. 2003) (internal citations omitted). Importantly, as it applies to the instant case, Requests for Admission are not a discovery device designed to provide the propounding party with information of which it is not aware. See A.P. v. CHA Health Sys., Inc., No. 19-CV-3826(WFK)(CLP), 2020 WL 13890245, at *3 (E.D.N.Y. Aug. 14, 2020) (explaining that "[u]nlike interrogatories, document requests, and depositions, which are designed to discover information that is not known to the requesting party, requests for admissions are not discovery devices and cannot serve as a substitute for those discovery methods"). Rather, Requests for Admission are designed to confirm facts already in the possession of the requesting party, if possible. See Pasternak v. Dow Kim, No. 10 CIV. 5045 LTS JLC, 2011 WL 4552389, at *5 (S.D.N.Y. Sept. 28, 2011) (("Unlike interrogatories, document requests, or depositions, RFAs are not a discovery device at all, 'since [they] presuppose[ ] that the party proceeding under [Rule 36] knows the facts or has the document and merely wishes its opponent to concede their genuineness.'") (quoting 8B Wright, Miller, & Marcus, Federal Practice and Procedure. § 2253 at 324)).

In the instant case, Plaintiff is attempting to use her RFAs for just this improper purpose – to obtain discovery from Defendants that she could have, and should have, obtained by other means, including interrogatories and through deposition questions. Alternatively, Plaintiff's RFAs are littered with vague and ambiguous terminology, such that it is impossible for Defendants to form an appropriate response. Finally, in several instances, Plaintiff is attempting to use her RFAs

to relitigate issues that have been decided by this Court.  Accordingly, each of Defendants'

responses to Plaintiff's RFAs were appropriately made and Plaintiff's Motion should be denied in

its entirety.

## II.      Plaintiff is Not Entitled to Further Answers in Response to Her RFAs

### A.  RFA No. 1 (to the Campaign)

Plaintiff's first RFA asks the Campaign to "admit that Campaign team members in 2015-

2016 were not informed of the existence of an HR director available to them."  ECF No. 357 at p.

16.   In response, the Campaign interposed objections clarifying the scope of its answer.

Specifically, the terms "team member," "informed" and "available" are not defined in any way

such that "the facts stated within [Plaintiff's RFA are] singularly, specifically, and carefully

detailed," as required by the law.  Henry at 77.  By way of example only, the term "team member"

has no set meaning and Defendants had no way of understanding who Plaintiff intended to

encompass with that term.[1]   See Carver v. Bank of New York Mellon, No. 15-cv-

10180(JPO)(JLC), 2018 WL 4579831, at *3 (S.D.N.Y. Sept. 25, 2018) (denying motion to compel

responses to the plaintiff's Requests for Admission where "the RFAs use terminology that is either

vague, ambiguous, or at a minimum, subject to dispute given that the terms are not specifically

defined. They are not phrased so that they can be admitted or denied without explanation, a *sine*

*qua non* for a proper RFA").

Subject to these objections, Defendants denied the RFA, as is its right and as is

unquestionably appropriate under Fed. R. Civ. P. 36.  The fact that Plaintiff disagrees with

---

[1]      As Plaintiff concedes, the Court had previously allowed her to serve an RFA about whether
the Campaign's "***employees*** were informed of ***the existence*** of an HR Director."  ECF No. 265 at
p. 2 (emphasis added).  Plaintiff, in changing the scope of the RFA without defining essential terms,
exceeded the scope of the Court's discovery order and also issued an improper Request for
Admission.

Defendants' denial is not, contrary to what Plaintiff argues, grounds to compel a different response. See Bernstein v. Principal Life Ins. Co., No. 09-cv-4925 (CM)(HBP), 2010 WL 4922093, at *4 (S.D.N.Y. Dec. 2, 2010) (denying motion to compel responses to RFA where the responding party "denied each of the requests" and explaining that "although defendant may disagree with these responses, that disagreement does not render the responses inadequate").

## B.  RFA No. 2 (to the Campaign)

Contrary to what Plaintiff now claims, Plaintiff's second RFA does not merely request the name of the Campaign's Human Resources Director, or the individual performing the duties associated with that position (which, as Plaintiff concedes, the Campaign has already provided), but it also requests the names of "any individual handling Human Resources duties, regardless of title" from 2015 to 2020.  ECF No. 357 at pp. 16-17.  Plaintiff's RFA does not seek a simple admission or denial of a discrete fact as required for proper Requests for Admission, but, instead, is being improperly used as a discovery device to obtain information that Plaintiff should have sought through other, more appropriate discovery tools, such as interrogatories or deposition testimony.  Moreover, as the Campaign's objections make clear, Plaintiff's RFA is hopelessly vague and ambiguous insofar as the terms "any individual" and "Human Resources duties" are undefined.  By way of example, "Human Resources duties" could include any number of tasks, including tasks big and small related to recruiting, payroll, benefits, training, compensation, and more.  Thus, even aside from the fact that the RFA is facially improper, there is no way for the Campaign to answer this RFA and Plaintiff's motion to compel should be denied accordingly.

## C.  RFA No. 3 to all Defendants

Plaintiff's third RFA asked Defendants to confirm that the date of her termination was December 27, 2024.  ECF No. 357 at pp. 17-18, 24, 29.   Defendants denied this portion of the

RFA.  Thus, there is nothing for Plaintiff to seek to compel.  Bernstein at *4.  However, Plaintiff's

third RFA continues to ask Defendants to provide her with the date on which the decision to

terminate her employment occurred.  Again, this portion of the third RFA does not seek the

admission or denial of a discrete fact, but improperly seeks the disclosure of new information,

which is not consistent with the purpose of a proper RFA.  Pasternak at *5 (explaining that RFAs

"presuppose that the party proceeding under [Rule 36] knows the facts or has the document and

merely wishes its opponent to concede their genuineness") (cleaned up).  Plaintiff cannot use her

RFAs as a discovery device, and Plaintiff's Motion for a response to this portion of the RFA should

be denied.

### D.  RFA No. 4 to the Campaign

Plaintiff's fourth RFA asks the Campaign to identify the "individual/s who makes/make

any decisions regarding this case, on behalf of the Defendant-Campaign."  ECF No. 357 at p. 18.

Once again, Plaintiff is improperly using an RFA to seek information that she does not know, rather

than to confirm facts that she does.  Even more problematically, Plaintiff has sought this

information from the Campaign previously and the Court has already ruled that she is not entitled

to it.  Specifically, Plaintiff previously requested information about the "identity" of the Campaign,

and the individual from the Campaign with whom Defendants' counsel was speaking and taking

its instructions concerning this litigation.  The Court's May 14, 2024 discovery order (the "Order")

rejected Plaintiff's motion to compel this information, explaining that Plaintiff was aware of the

Campaign's "identity as the Trump Campaign," was "aware of the identity of a Campaign

representative, Justin Clark," and "already deposed a 30(b)(6) witness and others affiliated with

the Campaign."  ECF No. 312 at pp. 2-3.  Plaintiff cannot use her (improperly drafted) RFAs to

conduct an end-run around the Court's previous decisions and her motion to compel a response to

this RFA should be denied.

### E.  RFAs Nos. 6 and 7 to all Defendants

Plaintiff's sixth and seventh RFAs ask Defendants to interpret every document in their

possession to determine if they identify who made the decision not to provide Plaintiff with a job

in the White House or the reasons behind the decision not to provide her with a White House job.

ECF No. 357 at pp. 19-20, 24-25, 29-30.  However, asking a party to interpret the meaning of a

document, to say nothing of every document in existence, is not an appropriate use of RFAs, which

are properly employed to admit the *authenticity* of documents, not their content.  See, e.g., BAT

LLC v. TD Bank, N.A., No. 15-cv-5839(RRM)(CLP), 2018 WL 3626428, at *6 (E.D.N.Y. July

30, 2018) (granting protective order where the Requests for Admission "sought admissions as to

the content and interpretation—rather than genuineness—of documents"); Bausch & Lomb Inc. v.

Alcon Laboratories, Inc., 173 F.R.D. 367, 377 (W.D.N.Y. 1995) ("[r]equests which seek

admissions to interpretations of documents are improper").

Here, Plaintiff's sixth and seventh RFAs are not targeted at any single document, but

encompass every possible document that Defendants could possess.  The issues with the improper

RFAs are compounded by the fact that Plaintiff has failed to define several terms incorporated in

her RFAs, such as "cannot produce," "reasons behind the decision," and "made the decision," such

that it is impossible to determine exactly what Plaintiff is asking for them to confirm.  Obviously,

Defendants cannot admit to an interpretation of every document in existence that it will be

beholden to for the rest of the litigation when Plaintiff has crafted such a vague and ambiguous

RFA in the first instance.  This is precisely why courts have emphasized that proper Requests for

Admission "must be direct, simple and limited to singular relevant facts so that it can be admitted

or denied without explanation." <u>Dubin v. E.F. Hutton Grp. Inc.</u>, 125 F.R.D. 372, 375 (S.D.N.Y. 1989) (internal citations and quotations omitted).  Where, as here, Requests for Admission "contain vague and ambiguous wording that does not allow defendants fairly to admit or to deny them," courts will deny motions to compel responses.  <u>Id.</u>  The Court should similarly deny Plaintiff's motion to compel responses to her sixth and seventh RFAs.

### F.  RFA No. 8 to All Defendants

Plaintiff's eighth RFA asks Defendants to admit that she "may have suffered significant stress during her pregnancy as a result of your actions."  ECF No. 357 at p. 20, 25-26, 20-31.  This RFA does not even seek information about a "fact" at all, but about Plaintiff's own state of mind at a particular point in time.  Even on that point, however, Plaintiff's RFA misses the mark as she makes no effort to define what she means by the term "significant stress" that she "may have suffered" or what "actions" she is claiming caused that stress.  There is simply no way for Defendants to make an affirmative representation of Plaintiff's own mental state at any period in time, especially one that is as vaguely worded and incomprehensible as Plaintiff's eighth RFA. Finally, to the extent that Plaintiff is asking Defendants to confirm her entitlement to compensatory damages, this RFA seeks the admission of a legal conclusion which is plainly impermissible. <u>Rodriguez v. NNR Glob. Logistics USA Inc.</u>, No. CV141766JFBAKT, 2017 WL 11510163, at *4-5 (E.D.N.Y. Mar. 31, 2017) (finding Requests for Admissions that sought admissions concerning "legal conclusions" were improper).

### G.  RFA No. 9 to All Defendants

Plaintiff's motion to compel a response to her ninth RFA seeks to relitigate an issue in this case that has been decided multiple times by the Court, namely whether Plaintiff is entitled to information regarding payments purportedly made by the Campaign to the law firm of Kasowitz,

Benson and Torres LLP ("Kasowitz").  ECF No. 357 at pp. 21, 26, 31.  Although she acknowledges

that the Court has already held that Plaintiff is not entitled to this information in the Order, see

ECF No. 312 at pp. 5-6, Plaintiff is attempting to use the instant motion to file an improper and

untimely motion for reconsideration of the Order.  However, in addition to being untimely,

Plaintiff's arguments about why the Court should reconsider its Order on the Kasowitz payments

fail on their own terms.

First, Plaintiff claims that the Court was incorrect in finding that "Plaintiff has had ample

time to seek discovery from the Kasowitz firm and did not do so in the many years this case has

been pending."  ECF No. 312 at p. 6.  Plaintiff instead claims that she only learned about the

supposed payments to Kasowitz in March 2024.  ECF No. 357 at p. 7.  But Plaintiff's claim is

contradicted by Plaintiff's own statements in this case, including in a declaration made under the

penalty of perjury, whereby she has repeatedly stated that she purportedly knew that Kasowitz was

paying victims of gender discrimination on behalf of the Campaign as early as 2017.  See ECF No.

303, No. 333 at p. 6.  Plaintiff should not be permitted to take additional discovery merely because

she chose to change her version of the events after the Court (properly) rejected her initial

arguments.

Second, Plaintiff's Motion claims that Defendants should be compelled to respond to this

RFA because she is entitled to complaints of gender discrimination.  However, this Court has

explained that Plaintiff's request for "unwritten complaints" of gender discrimination "is

unreasonable and inconsistent with the type of discovery that is ordered by courts in this Circuit

and that was contemplated by this Court."  ECF No. 312 at p. 4.  As to written complaints, the

Court created an ESI protocol by identifying custodians and search terms consistent with Plaintiff's

own statements about the individuals likely to have received information concerning complaints

of gender discrimination.  ECF No. 346 at p. 3.  Defendants then fully complied with the Order

and produced additional documents about written complaints of discrimination.  Plaintiff cannot

seek to extend discovery merely because she is unhappy that her speculation that the Campaign

was subject to a litany of gender discrimination complaints has proven to be unfounded.

Third, Plaintiff claims that she received "written information" from an unidentified "Trump

Campaign advisor" which claimed that "the Campaign settled multiple suits."  ECF No. 357 at p.

9.  Clearly, Plaintiff's vague statements about this information from an unidentified individual is

insufficient to allow her to take additional discovery as she now seeks.  As a threshold matter,

Plaintiff does not contend that any of the "multiple suits" this advisor purportedly claimed the

Campaign settled involved claims of sexual harassment, pregnancy discrimination, and gender

discrimination or that these supposed settlements were not related to one of the complaints that

Defendants already produced in this case.  Even if it were true that the Campaign settled other

claims of discrimination (which the Campaign is by no means conceding), Plaintiff would not be

entitled to that information, as this Court has previously held.  ECF No. 265 at p. 2 ("Defendants

are not required to provide information concerning complaints of other types of discrimination").

Furthermore, Plaintiff has provided no information about this supposed Campaign "advisor,"

including who this supposed person is and how they would know about settlements that the

Campaign purportedly entered into.  Plaintiff's vague and unsupported claims that Defendants

have not produced relevant information, based on the supposed word of an anonymous source,

does not warrant granting Plaintiff's Motion for a response to her ninth RFA, to say nothing of

reopening discovery.

**H.  RFA No. 10 to the Campaign**

Finally, Plaintiff issued an RFA asking the Campaign to confirm that it "faced concerns raised by, and possible formal complaints from, Hannah Castillo, regarding gender-related discrimination."  ECF No. 357 at pp. 21-22, 27, 32.  Notwithstanding the ambiguities caused by the RFA's use of the terms "faced concerns" and "possible formal complaints," Defendants denied Plaintiff's request.  Id.  Thus, Plaintiff's Motion as to this RFA is moot.  See Republic of Turkey v. Christie's, Inc., 326 F.R.D. 394, 400 (S.D.N.Y. 2018) (explaining that "before stating its objections to each of the RFAs at issue, the Republic denies each of the RFAs. *As such, no amended responses are needed*.") (emphasis added).

## CONCLUSION

For the foregoing reasons, Defendants respectfully requests that the Court deny Plaintiff's Motion in its entirety.


Dated: June 21, 2024
　　　New York, New York


**SCHULMAN BHATTACHARYA, LLC**
By:　/s/ Jeffrey Gavenman
　　　Jeffrey S. Gavenman
　　　6116 Executive Boulevard, Suite 425
　　　North Bethesda, Maryland 20852
　　　and
　　　240 West 40th Street
　　　New York, NY 10018
　　　Tel.: (240) 356-8553
　　　Facsimile: (240) 356-8558
　　　Email: jgavenman@schulmanbh.com
