UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
 ARLENE DELGADO,

                                Plaintiff,

                -against-

DONALD J. TRUMP FOR PRESIDENT, INC.,
TRUMP FOR AMERICA, INC., SEAN SPICER,
individually, REINCE PRIEBUS, individually,
STEPHEN BANNON, individually,

                         Defendants.
------------------------------------------------------------------X

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: _6/26/2024_

**19-CV-11764 (AT) (KHP)**

**OPINION AND ORDER ON
MOTION TO COMPEL
PRODUCTION OF DOCUMENTS
WITHHELD AS PRIVILEGED**

**KATHARINE H. PARKER, UNITED STATES MAGISTRATE JUDGE:**

       Plaintiff Arlene Delgado moves to compel non-party Eric Trump to produce certain

documents withheld as privileged from a production made pursuant to a subpoena duces

tecum.  (ECF No. 321.) The privilege and/or protections asserted are the attorney-client privilege

and work product doctrine.  To the extent communications were shared among representatives

of Donald J. Trump For President, Inc. (the "Campaign") and the Trump Organization and their

lawyers or consultants, Eric Trump argues that the communications are protected by the so-

called common interest privilege.  (ECF No. 338.) Plaintiff argues that any privilege or work

product protection was waived by including consultants or others outside the attorney-client

relationship on emails. Plaintiff also criticizes the privilege log provided as not compliant with

Local Rules or the Federal Rules of Civil Procedure.

**DOCUMENTS WITHELD AS PRIVILEGED**

After Plaintiff filed her motion, Eric Trump revised his privilege log to conform to Local Rules and Rule 26 and produced some of the documents previously withheld as privileged.[1] Now the log reflects approximately 100 documents that have been withheld pursuant to the attorney-client privilege and/or work product protection.  There are approximately 26 documents for which both protections are asserted, with the remainder invoking only attorney-client privilege.  To the extent documents were shared with representatives of the Campaign and their lawyers (approximately 90 of the withheld documents), Eric Trump invokes the common interest privilege as a basis for saying there has been no waiver of privilege or work product protection.  Finally, most of the documents have been withheld in their entirety, but approximately 28 have been produced with only the allegedly privileged portion redacted.

The documents can be grouped as relating to the following topics: (1) emails from 2017-2018 concerning an American Arbitration Association ("AAA") arbitration that involved a claim that Delgado breached a confidentiality agreement and counterclaims by Delgado similar to the ones alleged in this action and whether such counterclaims would be dropped from the arbitration and lodged in federal court or potentially settled (Log Nos. 1-8, 54-62, 67-71, 79-83); (2) emails from 2019 concerning Delgado's threat to file and filing of this instant lawsuit in this District and correspondence (and draft correspondence) to Delgado's counsel concerning same, as well as communications regarding how the suit impacted the pending but dormant

---

[1] The Court is in receipt of letters from Plaintiff and Eric Trump's counsel regarding Eric Trump's privilege log and the withholding of documents. (ECF Nos. 362, 363.) The Court has considered those filings and does not believe further briefing is needed to resolve the motion to compel, as the Court has reviewed all the documents in camera and is well familiar with the applicable law.

arbitration claims against Delgado (Log Nos. 9-21, 34-40, 84-89); (3) emails from 2020 regarding the instant litigation including a proposed amendment to add Eric Trump as a party (Log Nos. 22-30 32-33); (4) email from 2020 regarding Jason Miller and the instant litigation (Log No. 31); (5) emails from 2020 regarding the arbitration ruling dismissing the Campaign's claims against Delgado related to alleged breach of the confidentiality agreement (Log Nos. 41-42); (6) emails from 2023 regarding the subpoenaing of Eric Trump in this action (Log Nos. 43, 100-101); (7) emails from 2017 regarding settlement negotiations with Delgado (Log Nos. 46-48, 63-66); (8) emails from 2017 regarding Delgado filing a claim with the New York City Commission on Human Rights (Log Nos. 49-50); (9) emails concerning whether the Campaign or transition team would defend and indemnify Delgado in connection with a matter unrelated to the claims in the arbitration or the instant litigation (Log Nos. 51-53); (10) emails and a document concerning legal invoices from and work done by the Kasowitz Benson Torres law firm to the Campaign, only some of which pertain to Delgado, but which reflect legal work (Log Nos. 72-78); (11) an email from 2020 regarding Delgado's text message about Miller (Log Nos. 90-91); (12) emails from 2020 regarding the appointment of an arbitrator/arbitration fees and strategy in arbitration and litigation (Log Nos. 91-99); and (13) emails regarding a new action filed by Delgado (Log Nos. 44-45).

In many of the 12 categories, there are duplicates or near duplicates of emails, and different emails reflect extensions of a conversation thread on the same topic. In some instances, email threads concerning certain topics were attached to new threads on new topics. Thus, there is substantial overlap between and among the emails and the twelve categories above are the Court's best attempt to segregate them into discrete topics.

There are several categories of people on the various communications:  (1) Eric Trump and lawyers representing the Trump Organization or Eric Trump personally; (2) Michael Glassner, Executive Director of the Campaign, and lawyers representing the Campaign; and (3) Lara Trump in her capacity as an outside consultant to the Campaign (employed at Giles-Parscale Inc., a digital media company).  The law firm LaRocca Hornik Rosen Greenberg & Blaha represented both the Trump Organization and the Campaign.  Some of the email threads start with an email that is not privileged because it was a communication with Delgado or her counsel and/or the AAA.  There are several others copied on certain emails, none of whom were serving as attorneys at the time of the relevant communication, including Donald Trump Jr., Lara Trump, Susie Wiles, and Alina Habba – rather, most were serving as consultants to the campaign.

## LEGAL STANDARD[2]

The party asserting privilege bears the burden of showing that it applies. *See, e.g.*, *United States v. Mejia*, 655 F.3d 126, 132 (2d Cir. 2011) (citing *von Bulow ex rel. Auersperg v. von Bulow*, 811 F.2d 136, 144 (2d Cir. 1987)) (privilege waived where inmate conveyed privileged information to his sister over a phone line he knew was being recorded); *Priest v. Hennessy*, 51 N.Y.2d 62, 68-69, 409 N.E.2d 983, 986 (N.Y. 1980) (attorney-client privilege did not apply where existence of attorney-client relationship was not shown); *Hoopes v. Carota*, 142 A.D.2d 906, 910

---

[2] New York law regarding the attorney-client privilege and the common interest doctrine substantially follows federal law, so the Court cites both. *See Gulf Islands Leasing, Inc., v. Bombardier Capital, Inc.*, 215 F.R.D. 466, 471 (S.D.N.Y. 2003) (collecting cases).

531 N.Y.S.2d 407, 410 (App. Div. 1988) ("defendant failed to advance a basis upon which the attorney-client privilege should appropriately be extended to the information sought").

In addition to bearing the burden of establishing privilege, the party asserting privilege bears the burden of showing that privilege was not waived. *Ambac Assur. Corp. v. Countrywide Home Loans, Inc.*, 57 N.E.3d 30, 34-35 (N.Y. 2016); *Pearlstein v. BlackBerry Ltd.*, No. 13-CV-07060(CM)(KHP), 2019 WL 1259382, at *6 (S.D.N.Y. Mar. 19, 2019).

### A. Attorney- Client Privilege

In diversity cases such as this, where state law governs the claims, the Court looks to state law for determining applicability of attorney-client privilege. *See, e.g., AIU Ins. Co. v. TIG Ins. Co.*, No. 07 Civ. 7052(SHS)(HBP), 2008 WL 4067437, at *5 (S.D.N.Y. Aug. 28, 2008) (citations omitted) (applying New York law), *modified on reconsideration,* No. 07 Civ. 7052(SHS)(HBP), 2009 WL 1953039 (S.D.N.Y. July 8, 2009); *see also* Fed. R. Evid. 501.

"The elements of the attorney-client privilege under New York law are the existence of an attorney-client relationship, a communication made within the context of that relationship for the purpose of obtaining legal advice, and the intended and actual confidentiality of that communication." *Bowne of New York City, Inc. v. AmBase Corp.*, 161 F.R.D. 258, 264 (S.D.N.Y. 1995) (citing *People v. Osorio,* 75 N.Y.2d 80, 82–84, 549 N.E.2d 1183, 1185 (N.Y. 1989)). Although the privilege was designed to promote full and frank communications between a client and counsel, and thereby "promote broader public interests in the observance of law and administration of justice," it is narrowly construed because the application of the privilege renders protected relevant information undiscoverable. *Upjohn Co. v. United States*, 449 U.S. 383, 389 (1981); *see also Hoopes*, 142 A.D.2d at 908, 531 N.Y.S.2d at 409 (explaining that the

attorney-client privilege "constitutes an obstacle to the truth-finding process" and, thus, its "invocation should be cautiously observed to ensure that its application is consistent with its purpose") (internal quotation marks, alterations, and citations omitted).

There are various types of waivers.  In this case, the only one mentioned in the motion papers is waiver by disclosure to a person outside of the attorney-client relationship.  Under New York law, "[d]isclosure of a privileged document generally operates as a waiver of the privilege unless it is shown that the client intended to maintain the confidentiality of the document, [and] that reasonable steps were taken to prevent disclosure...." *New York Times Newspaper Div. of New York Times Co. v. Lehrer McGovern Bovis, Inc.*, 752 N.Y.S.2d 642, 645-46 (App. Div. 2002) (citations omitted); *see also Osorio*, 75 N.Y.2d at 84. However, if the third party outside of the attorney-client relationship is an agent of the attorney or client, then the disclosure may not result in a waiver. *See Netherby Ltd. v. G.V. Trademark Investments, Ltd.*, 689 N.Y.S.2d 488, 489 (App. Div. 1999) (citing *Le Long v. Siebrecht*, 187 N.Y.S. 150, 151-52 (App. Div. 1921)).

New York courts have developed a two-prong test to determine whether disclosure by a party to a purported agent of the party results in waiver of the attorney-client privilege. Although no formal agency agreement is required, the party asserting privilege must demonstrate that when it disclosed the privileged communication to the purported agent: (1) it had a " 'reasonable expectation of confidentiality under the circumstances,' " and (2) the disclosure "was necessary for the client to obtain informed legal advice." *Ross v. UKI Ltd.*, No. 02-cv-9297 (WHP) (JCF), 2004 WL 67221, at *3 (S.D.N.Y. Jan. 15, 2004) (quoting *Osorio,* 75 N.Y.2d at 84; *Nat'l Educ. Training Grp., Inc. v. Skillsoft Corp.*, No. M8–85, 1999 WL 378337, at *4

(S.D.N.Y. June 10, 1999)). To meet the second prong of the test, the party asserting privilege must demonstrate "that the involvement of the third party [was] nearly indispensable or serve[d] some specialized purpose in facilitating the attorney-client communications." *Id.* (internal quotation marks and citation omitted). Likewise, a company's attorney may hire an outside consultant if needed to assist the attorney in rendering legal advice. Communications between the attorney and the consultant in this circumstance also will be protected by the attorney-client privilege and/or work product doctrine (discussed below). *See, e.g., Ambac Assur. Corp.*, 57 N.E.3d at 35 ("We have held, for example, that statements made to the agents or employees of the attorney or client, or through a hired interpreter, retain their confidential (and therefore, privileged) character, where the presence of such third parties is deemed necessary to enable the attorney-client communication[.]").

### B. Work Product Doctrine

Rule 26(b)(3) of the Federal Rules of Civil Procedure also provides protection to certain documents and communications prepared in anticipation of litigation. The rule provides that "[o]rdinarily, a party may not discover documents and tangible things that are prepared in anticipation of litigation or for trial by or for another party or its representative (including the other party's attorney, consultant, surety, indemnitor, insurer, or agent)." Fed. R. Civ. P. 26(b)(3)(A); *see also Hickman v. Taylor*, 329 U.S. 495 (1947) (establishing and articulating application of the work product doctrine); *Welland v. Trainer,* No. 00-cv-0738 (JSM), 2001 WL 1154666, at *2 (S.D.N.Y. Oct. 1, 2001) (if a document "is created because of the prospect of litigation, analyzing the likely outcome of that litigation" it is eligible for work product protection) (quoting *United States v. Adlman,* 134 F.3d 1194, 1202 (2d Cir. 1998)).  "[C]ourts

find that the work-product privilege is waived only if disclosure to the third party substantially increases the opportunity for potential adversaries to obtain the information." *Pilkington N. Am., Inc. v. Mitsui Sumitomo Ins. Co. of Am.*, 341 F.R.D. 10, 14 (S.D.N.Y. 2022) (citing *Cellco P'ship d/b/a Verizon Wireless v. Nextel Commc'n, Inc.*, 2004 WL 1542259, at *1 (S.D.N.Y. July 9, 2004)).

The key factor in determining applicability of the work product doctrine is whether the documents or things were prepared "with an eye toward" or "in anticipation of" or "because of the prospect of litigation." *Adlman*, 134 F.3d at 1196-97 (quoting *Hickman*, 329 U.S. at 510-511), 1202 (citing Charles Alan Wright, Arthur R. Miller, & Richard L. Marcus, 8 Fed. Prac. & Proc. Civ. § 2024 (3d ed. 1994)). "[T]he doctrine is not satisfied merely by a showing that the material was prepared at the behest of a lawyer or was provided to a lawyer. Rather the materials must result from the conduct of investigative or analytical tasks to aid counsel in preparing for litigation." *Wultz v. Bank of China Ltd.,* 304 F.R.D. 384, 393-94 (S.D.N.Y. 2015) (internal quotation marks and citation omitted). Thus, a court must determine if the materials would have been prepared in essentially similar form irrespective of the litigation. *See Allied Irish Banks v. Bank of Am., N.A.*, 240 F.R.D. 96, 106 (S.D.N.Y. 2007) (quoting *Adlman*, 134 F.3d at 1202). But, unlike the rule for invoking attorney-client privilege, the predominant purpose of the work product need not be to assist with litigation to be protected; rather, the work product need only have been prepared or obtained because of the prospect of litigation. *See Adlman*, 134 F.3d at 1201-02; *Wultz*, 304 F.R.D. at 393-94. At the same time, the mere prospect of litigation does not confer work product status on documents that are otherwise created for normal business purposes. *Gucci Am., Inc. v. Guess, Inc.*, 271 F.R.D. 58, 74 (S.D.N.Y. 2010).

Work product comes in two forms. Opinion work product consists of the mental impressions, conclusions, opinions, and legal theories of an attorney or other representative of a party, and is given heightened protection. *Id.* at 73. Fact work product consists of factual material, including the results of a factual investigation. *Id.; Adlman, 134 F.3d at 1197.* This latter type of work product is subject to disclosure "upon a showing of substantial need and inability to obtain the equivalent without undue hardship." *Upjohn,* 449 U.S. at 400; *see also Hickman*, 329 U.S. at 511-12; *Adlman*, 134 F.3d at 1199.

Courts in the Second Circuit have held that "[a] substantial need exists 'where the information sought is "essential" to the party's defense, is "crucial" to the determination of whether the defendant could be held liable for the acts alleged, or carries great probative value on contested issues.' " *Gucci Am.*, 271 F.R.D. at 74-75 (quoting *Nat'l Cong. for Puerto Rican Rights v. City of New York*, 194 F.R.D. 105, 110 (S.D.N.Y. 2000)). The documents must "have a unique value apart from those already in the movant's possession[.]" *FTC v. Boehringer Ingelheim Pharm., Inc.*, 778 F.3d 142, 155-56 (D.C. Cir. 2015). Disclosure is warranted only when the moving party makes a strong showing of the relevance and importance of the fact work product and that "it is likely to be significantly more difficult, time-consuming or expensive to obtain the information from another source[.]" *In re Aggrenox Antitrust Litig.*, No. 14-md-2516 (SRU), 2017 WL 5885664, at *15 (D. Conn. Nov. 29, 2017) (internal citations omitted).

### C.     Common Interest Doctrine

The common interest doctrine and/or so-called joint defense privilege recognizes that separate parties may share a common legal interest and protects communications shared between them in furtherance of their common interest. *See, e.g., Sokol v. Wyeth, Inc.*, No. 07

CIV. 8442, 2008 WL 3166662, at *5 (S.D.N.Y. Aug. 4, 2008). This doctrine has been described as an exception to the rule that voluntary disclosure of privileged material waives privilege. *Id.* It also has been described as an extension of the attorney-client privilege. *U.S. v. Schwimmer*, 892 F.2d 237, 243-44 (2d Cir. 1989); *Globalrock Networks, Inc. v. MCI Commc'ns Servs.*, Inc., No. 109CV1284, 2012 WL 13028650, at *2 (N.D.N.Y. May 7, 2012) (citation omitted); *Gulf Islands Leasing Inc. v. Bombardier Capital, Inc.*, 215 F.R.D. 466, 471 (S.D.N.Y. 2003). The common interest doctrine also applies to the work product doctrine.  *Pilkington*, 341 F.R.D. at *16.

For the common interest doctrine and/or joint defense privilege to apply, there must be an oral or written agreement that embodies "a cooperative and common enterprise towards an identical *legal* [as opposed to a commercial] strategy." *Globalrock,* 2012 WL 13028650 at *2 (emphasis added) (citing *Shamis v. Ambassador Factors Corp.*, 34 F. Supp. 2d 879, 893 (S.D.N.Y. 1999)). It is paramount that each party to the agreement understand that the communications between and amongst them are provided in confidence. *United States v. Weissman,* 195 F.3d 96, 99 (2d Cir. 1999); *Bank Brussels Lambert v. Credit Lyonnais Suisse S.A.*, 160 F.R.D. 437, 447 (S.D.N.Y. 1995) (explaining that commonality of interest is more than concurrent interest). Further, "[o]nly those communications made in the course of an ongoing common enterprise and intended to further the enterprise are protected." *Weissman*, 195 F.3d at 99; *see generally Lugosch v. Congel*, 219 F.R.D. 220, 235-39 (N.D.N.Y. 2003).

Thus, the party invoking the common interest doctrine must show not only that it shares a common legal interest with the other party to the communication, but also that the communication was aimed at furthering that interest. *Lazare Kaplan Int'l, Inc. v. KBC Bank N.V.*, No. 11-CV-9490 (ALC), 2016 WL 4154274, at *3 (S.D.N.Y. July 22, 2016); *In re Rivastigmine*

*Patent Litig.*, No. 05 MD 1661 (HB)(JCF), 2005 WL 2319005, at *2 (S.D.N.Y. Sept. 22, 2005)

(collecting cases).

## DISCUSSION

The Court has carefully reviewed all of the documents on the log *in camera* and finds

that there are a few that have been improperly withheld as privileged and a few that can be

produced in redacted form because only the top portion of the email threads are privileged.

The Court's rulings on each document on the log are attached at Appendix A.

With regard to the common interest doctrine, Eric Trump has explained that in-house

counsel for the Trump Organization, Alan Garten, provided him legal advice in both a personal

and professional capacity.  Eric Trump also explains that he and the Campaign shared a common

legal interest, namely, enforcement of a confidentiality agreement that protected Eric Trump,

the Trump Organization and the Campaign in an arbitration proceeding brought against Delgado

and defense of claims or threatened claims by Delgado against the Campaign and Eric Trump

which were first brought in the arbitration as counterclaims and then discontinued in arbitration

and asserted in this action, but without Eric Trump as a named party.  The Court agrees that the

common interest doctrine can protect certain communications here because Eric Trump and the

Trump Organization had a common legal interest with the Campaign in the enforcement of the

confidentiality agreement and in prosecuting claims against and defending claims by Delgado –

all brought or threatened to be brought in the same action.  Having reviewed all the

communications in question, many are privileged and do in fact concern the conveyance of legal

advice or requests for legal advice regarding the arbitration, the litigation or threatened

litigation or settlement of the disputes.  Further, in most where the Campaign and Eric Trump

11

and the Trump Organization were included, the communications are in furtherance of the common legal interest.

In contrast, there are three communications that were shared with Lara Trump, who was employed by Giles-Parscale Inc., a vendor or consultant to the Campaign.  No arguments are made as to why Lara Trump was included in any communications, and the only protection asserted with respect to communications shared with her is the attorney-client privilege. Having reviewed the communications to which Lara Trump was included, the Court can discern no reason why the communication was necessary for either the Campaign or Eric Trump to obtain legal advice.  Lara Trump, as an employee of an outside consultant to the Campaign, does not have a common legal interest with Eric Trump or the Campaign with respect to the communications at issue.  Thus, the attorney-client privilege has been waived by including Lara Trump in communications.  Accordingly, documents 1, 2 and 56 must be produced, as the privilege was waived.

Similarly, there are communications from Alan Garten to Susie Wiles (susanswiles@msn.com) and Alina Habba (alina.habba@saveamerica45.com) that are not communications seeking or conveying legal advice and therefore are not privileged.  These must be produced.  There are also communications regarding Delgado posting on the internet that are not privileged because the communications do not seek or convey legal advice and are not work product either.  These must be produced.

Finally, there are a handful of documents that should be produced in redacted form with only the top email(s) redacted because the bottom portions of the emails are communications with the AAA and/or Delgado and her lawyers and are not privileged.

I include at Appendix A the Court's rulings as to each of the documents on the log.

**CONCLUSION**

For the reasons set forth above, the motion to compel is granted in part and denied in part.  By **Wednesday, July 3, 2024** Eric Trump shall produce those documents identified on Appendix A in whole or in redacted form.

**The Clerk of Court is directed to terminate the motion at ECF No. 363.**

**SO ORDERED.**

New York, New York
June 26, 2024

_____
Katharine H. Parker
U.S. Magistrate Judge

# APPENDIX A

| Log # | Document ID | Email To | Email From | Email Cc | Date Sent | Privilege Ruling | Basis |
|---|---|---|---|---|---|---|---|
| 1 | TRU1_15371_00000061 | Michael Glassner <mglassner@donaldtrump.com> | Lara Trump <lara@gilesparscale.com> | Eric Trump <etrump@trumporg.com>; Alan Garten <agarten@trumporg.com> | 8/22/2017 | No | Presence of 3d party on email. |
| 2 | TRU1_15371_00000062 | lara@gilesparscale.com | Michael Glassner <mglassner@donaldtrump.com> | Eric Trump <etrump@trumporg.com>; Alan Garten <agarten@trumporg.com> | 8/22/2017 | No | Presence of 3d party on email. |
| 3 | TRU1_15371_00000071 | Eric Trump <etrump@trumporg.com> | Lawrence Rosen <lrosen@lhrgb.com> | | 9/23/2017 | Yes - ACP | Correspondence between client and attorney. |
| 4 | TRU1_15371_00000072 | Eric Trump <etrump@trumporg.com>; Lawrence Rosen <lrosen@lhrgb.com>; Alan Garten <agarten@trumporg.com> | Michael Glassner <mglassner@donaldtrump.com> | | 10/6/2017 | Yes in part. | Produce first email dated 9/29 from Alana Kaufman to Zaino, Rosen, McPartland; CC'ing Saylor, Celli & Abady. |
| 5 | TRU1_15371_00000077 | Lawrence Rosen <lrosen@lhrgb.com>; Alan Garten <agarten@trumporg.com>; Michael S. Glassner <mglassner@donaldtrump.com> | Eric Trump <etrump@trumporg.com> | | 11/2/2017 | Yes - ACP | Correspondence between client and attorney; communications in furtherance of common interest. |
| 6 | TRU1_15371_00000079 | Eric Trump <etrump@trumporg.com> | Lawrence Rosen <lrosen@lhrgb.com> | | 11/6/2017 | Yes - ACP | Correspondence between client and attorney. |
| 7 | TRU1_15371_00000082 | Eric Trump <etrump@trumporg.com> | Lawrence Rosen <lrosen@lhrgb.com> | | 1/23/2018 | Yes - ACP | Correspondence between client and attorney. |
| 8 | TRU1_15371_00000083 | Lawrence Rosen <lrosen@lhrgb.com> | Eric Trump <etrump@trumporg.com> | | 1/23/2018 | Yes - ACP | Correspondence between client and attorney. |
| 9 | TRU1_15371_00000223 | etrump@trumporg.com; agarten@trumporg.com | Lawrence Rosen <lrosen@lhrgb.com> | | 11/12/2019 | Yes - ACP | Correspondence between client and attorney; communications in furtherance of common interest. |
| 10 | TRU1_15371_00000224 | Attachment to: TRU1_15371_00000223 | | | | Yes - ACP; WP | Correspondence between client and attorney; work product prepared in anticipation for litigation. |
| 11 | TRU1_15371_00000225 | etrump@trumporg.com | Lawrence Rosen <lrosen@lhrgb.com> | | 11/12/2019 | Yes - ACP | Correspondence between client and attorney. |
| 12 | TRU1_15371_00000226 | Attachment to: TRU1_15371_00000225 | | | | Yes - ACP; WP | Correspondence between client and attorney; work product prepared in anticipation for litigation. |
| 13 | TRU1_15371_00000227 | Attachment to: TRU1_15371_00000225 | | | | Yes - ACP; WP | Correspondence between client and attorney; work product prepared in anticipation for litigation. |
| 14 | TRU1_15371_00000231 | Lawrence Rosen <lrosen@lhrgb.com>; Eric Trump <etrump@trumporg.com> | Alan Garten <agarten@trumporg.com> | | 11/12/2019 | Yes - ACP | Correspondence between client and attorney; communications in furtherance of common interest. |

| 15 | TRU1_15371_00000238 | etrump@trumporg.com; Alan Garten <agarten@trumporg.com>; Michael Glassner <mglassner@donaldtrump.com> | Lawrence Rosen <lrosen@lhrgb.com> | Patrick Mcpartland <pmcpartland@lhrgb.com> | 12/6/2019 | Yes - ACP; WP | Correspondence between client and attorney; communications in furtherance of common interest; work product prepared in anticipation for litigation. |
| 16 | TRU1_15371_00000240 | Lawrence Rosen <lrosen@lhrgb.com>; Eric Trump <etrump@trumporg.com>; Alan Garten <agarten@trumporg.com> | Michael Glassner <mglassner@donaldtrump.com> | Patrick Mcpartland <pmcpartland@lhrgb.com> | 12/6/2019 | Yes - ACP; WP | Correspondence between client and attorney; communications in furtherance of common interest; work product prepared in anticipation for litigation. |
| 17 | TRU1_15371_00000241 | Michael Glassner <mglassner@donaldtrump.com>; Lawrence Rosen <lrosen@lhrgb.com>; Alan Garten <agarten@trumporg.com> | Eric Trump <etrump@trumporg.com> | Patrick Mcpartland <pmcpartland@lhrgb.com> | 12/6/2019 | Yes - ACP | Correspondence between client and attorney; communications in furtherance of common interest. |
| 18 | TRU1_15371_00000242 | Eric Trump <etrump@trumporg.com>; Michael Glassner <mglassner@donaldtrump.com>; Alan Garten <agarten@trumporg.com> | Lawrence Rosen <lrosen@lhrgb.com> | Patrick Mcpartland <pmcpartland@lhrgb.com> | 12/6/2019 | Yes - ACP | Correspondence between client and attorney; communications in furtherance of common interest. |
| 19 | TRU1_15371_00000287 | etrump@trumporg.com | Lawrence Rosen <lrosen@lhrgb.com> | agarten@trumporg.com | 12/23/2019 | Yes in part. | Top email dated 12/23 from Rosen to Trump can be redacted as privileged; remainder produced because it is correspondence with Delgado attorneys. |
| 20 | TRU1_15371_00000289 | Lawrence Rosen <lrosen@lhrgb.com>; Eric Trump <etrump@trumporg.com>; Alan Garten <agarten@trumporg.com> | Michael Glassner <mglassner@donaldtrump.com> | | 12/24/2019 | Yes in part. | Top two emails privileged, remainder produced because it is correspondence with Delgado attorneys. |
| 21 | TRU1_15371_00000290 | Michael Glassner <mglassner@donaldtrump.com>; Lawrence Rosen <lrosen@lhrgb.com>; Alan Garten | Eric Trump <etrump@trumporg.com> | | 12/24/2019 | Yes in part. | Top three emails privileged, remainder produced because it is correspondence with Delgado attorneys. |
| 22 | TRU1_15371_00000339 | agarten@trumporg.com; etrump@trumporg.com; Michael Glassner <mglassner@donaldtrump.com> | Lawrence Rosen <lrosen@lhrgb.com> | Patrick Mcpartland <pmcpartland@lhrgb.com> | 5/13/2020 | Yes - ACP | Correspondence between client and attorney; communications in furtherance of common interest. |
| 23 | TRU1_15371_00000342 | Lawrence Rosen <lrosen@lhrgb.com>; Alan Garten <agarten@trumporg.com>; Michael Glassner <mglassner@donaldtrump.com> | Eric Trump <etrump@trumporg.com> | Patrick Mcpartland <pmcpartland@lhrgb.com> | 5/13/2020 | Yes - ACP | Correspondence between client and attorney; communications in furtherance of common interest. |
| 24 | TRU1_15371_00000343 | Lawrence Rosen <lrosen@lhrgb.com>; Eric Trump <etrump@trumporg.com>; Michael Glassner <mglassner@donaldtrump.com> | Alan Garten <agarten@trumporg.com> | Patrick Mcpartland <pmcpartland@lhrgb.com> | 5/13/2020 | Yes - ACP | Correspondence between client and attorney; communications in furtherance of common interest. |
| 25 | TRU1_15371_00000344 | Lawrence Rosen <lrosen@lhrgb.com>; Alan Garten <agarten@trumporg.com>; Michael Glassner <mglassner@donaldtrump.com> | Eric Trump <etrump@trumporg.com> | Patrick Mcpartland <pmcpartland@lhrgb.com>; Donald Trump Jr. <djtjr@trumporg.com> | 5/13/2020 | Yes - ACP | Correspondence between client and attorney; communications in furtherance of common interest. |
| 26 | TRU1_15371_00000345 | Alan Garten <agarten@trumporg.com>; Lawrence Rosen <lrosen@lhrgb.com>; Eric Trump <etrump@trumporg.com> | Michael Glassner <mglassner@donaldtrump.com> | Patrick Mcpartland <pmcpartland@lhrgb.com> | 5/13/2020 | Yes - ACP | Correspondence between client and attorney; communications in furtherance of common interest. |
| 27 | TRU1_15371_00000346 | Michael Glassner <mglassner@donaldtrump.com>; Alan Garten <agarten@trumporg.com>; Eric Trump <etrump@trumporg.com> | Lawrence Rosen <lrosen@lhrgb.com> | Patrick Mcpartland <pmcpartland@lhrgb.com> | 5/13/2020 | Yes - ACP | Correspondence between client and attorney; communications in furtherance of common interest. |

| 28 | TRU1_15371_00000347 | Eric Trump <etrump@trumporg.com>; Alan Garten <agarten@trumporg.com>; Michael Glassner <mglassner@donaldtrump.com> | Lawrence Rosen <lrosen@lhrgb.com> | Patrick Mcpartland <pmcpartland@lhrgb.com>; Donald Trump Jr. <djtjr@trumporg.com> | 5/13/2020 | Yes - ACP | Correspondence between client and attorney; communications in furtherance of common interest. |
| 29 | TRU1_15371_00000348 | agarten@trumporg.com; mglassner@donaldtrump.com; etrump@trumporg.com; Donald Trump Jr. <djtjr@trumporg.com> | Lawrence Rosen <lrosen@lhrgb.com> | Patrick Mcpartland <pmcpartland@lhrgb.com> | 5/13/2020 | Yes - ACP | Correspondence between client and attorney; communications in furtherance of common interest. |
| 30 | TRU1_15371_00000349 | Lawrence Rosen <lrosen@lhrgb.com>; mglassner@donaldtrump.com; Eric Trump <etrump@trumporg.com>; Donald Trump Jr. <djtjr@trumporg.com> | Alan Garten <agarten@trumporg.com> | Patrick Mcpartland <pmcpartland@lhrgb.com> | 5/13/2020 | Yes - ACP | Correspondence between client and attorney; communications in furtherance of common interest. |
| 31 | TRU1_15371_00000362 | etrump@trumporg.com | Lawrence Rosen <lrosen@lhrgb.com> | agarten@trumporg.com; mglassner@donaldtrump.com | 6/5/2020 | Yes - ACP | Correspondence between client and attorney; communications in furtherance of common interest. |
| 32 | TRU1_15371_00000363 | Donald Trump Jr. <djtjr@trumporg.com>; etrump@trumporg.com; mglassner@donaldtrump.com; agarten@trumporg.com | Lawrence Rosen <lrosen@lhrgb.com> | Patrick Mcpartland <pmcpartland@lhrgb.com> | 6/5/2020 | Yes - ACP | Correspondence between client and attorney; communications in furtherance of common interest. |
| 33 | TRU1_15371_00000364 | Lawrence Rosen <lrosen@lhrgb.com>; Donald Trump Jr. <djtjr@trumporg.com>; mglassner@donaldtrump.com; Alan Garten <agarten@trumporg.com> | Eric Trump <etrump@trumporg.com> | Patrick Mcpartland <pmcpartland@lhrgb.com> | 6/5/2020 | Yes - ACP | Correspondence between client and attorney; communications in furtherance of common interest. |
| 34 | TRU1_15371_00002261 | "Ginsberg, Benjamin L." <bginsberg@jonesday.com> | Alan Garten <agarten@trumporg.com> | Lawrence Rosen <lrosen@lhrgb.com>; Eric Trump <etrump@trumporg.com>; Matthew Maron <mmaron@trumporg.com> | 8/27/2019 | Yes - ACP/WP | Correspondence between client and attorney; communications in furtherance of common interest; work product prepared in anticipation for litigation. |
| 35 | TRU1_15371_00002262 | Lawrence Rosen <lrosen@lhrgb.com>; "Ginsberg, Benjamin L." <bginsberg@jonesday.com>; Alan Garten <agarten@trumporg.com> | Michael Glassner <mglassner@donaldtrump.com> | Eric Trump <etrump@trumporg.com>; Matthew Maron <mmaron@trumporg.com>; Stewart Crosland <scrosland@jonesday.com> | 8/27/2019 | Yes - ACP/WP | Correspondence between client and attorney; communications in furtherance of common interest; work product prepared in anticipation for litigation. |
| 36 | TRU1_15371_00002263 | Michael Glassner <mglassner@donaldtrump.com>; Lawrence Rosen <lrosen@lhrgb.com>; "Ginsberg, Benjamin L." <bginsberg@jonesday.com>; Alan Garten <agarten@trumporg.com> | "Crosland, Stewart" <scrosland@jonesday.com> | Eric Trump <etrump@trumporg.com>; Matthew Maron <mmaron@trumporg.com>; "Crosland, Stewart" <scrosland@jonesday.com> | 8/27/2019 | Yes - ACP/WP | Correspondence between client and attorney; communications in furtherance of common interest; work product prepared in anticipation for litigation. |
| 37 | TRU1_15371_00002264 | Stewart Crosland <scrosland@jonesday.com>; Lawrence Rosen <lrosen@lhrgb.com>; "Ginsberg, Benjamin L." <bginsberg@jonesday.com>; Alan Garten <agarten@trumporg.com> | Michael Glassner <mglassner@donaldtrump.com> | Eric Trump <etrump@trumporg.com>; Matthew Maron <mmaron@trumporg.com>; Stewart Crosland <scrosland@jonesday.com> | 8/28/2019 | Yes - ACP | Correspondence between client and attorney; communications in furtherance of common interest. |
| 38 | TRU1_15371_00002265 | Michael Glassner <mglassner@donaldtrump.com>; Lawrence Rosen <lrosen@lhrgb.com>; "Ginsberg, Benjamin L." <bginsberg@jonesday.com>; Alan Garten <agarten@trumporg.com> | "Crosland, Stewart" <scrosland@jonesday.com> | Eric Trump <etrump@trumporg.com>; Matthew Maron <mmaron@trumporg.com>; "Crosland, Stewart" <scrosland@jonesday.com> | 8/28/2019 | Yes - ACP | Correspondence between client and attorney; communications in furtherance of common interest. |
| 39 | TRU1_15371_00002268 | Stewart Crosland <scrosland@jonesday.com>; Lawrence Rosen <lrosen@lhrgb.com>; "Ginsberg, Benjamin L." <bginsberg@jonesday.com>; Alan Garten <agarten@trumporg.com> | Michael Glassner <mglassner@donaldtrump.com> | Eric Trump <etrump@trumporg.com>; Matthew Maron <mmaron@trumporg.com>; Stewart Crosland <scrosland@jonesday.com> | 9/4/2019 | Yes - ACP | Correspondence between client and attorney; communications in furtherance of common interest. |

| 40 | TRU1_15371_00002269 | Michael Glassner <mglassner@donaldtrump.com>; Lawrence Rosen <lrosen@lhrgb.com>; "Ginsberg, Benjamin L." <bginsberg@jonesday.com>; Alan Garten <agarten@trumporg.com> | "Crosland, Stewart" <scrosland@jonesday.com> | Eric Trump <etrump@trumporg.com>; Matthew Maron <mmaron@trumporg.com>; "Crosland, Stewart" <scrosland@jonesday.com> | 9/4/2019 | Yes - ACP | Correspondence between client and attorney; communications in furtherance of common interest. |
| 41 | TRU1_15371_00002306 | Eric Trump <etrump@trumporg.com> | Alex Cannon <acannon@donaldtrump.com> | | 10/10/2020 | Yes - ACP | Correspondence between client and attorney; communications in furtherance of common interest. |
| 42 | TRU1_15371_00002307 | Alex Cannon <acannon@donaldtrump.com> | Eric Trump <eric.trump@trumporg.com> | | 10/10/2020 | Yes - ACP | Correspondence between client and attorney; communications in furtherance of common interest. |
| 43 | TRU1_15371_00002867 | Eric Trump <eric.trump@trumporg.com> | Alan Garten <alan.garten@trumporg.com> | | 9/13/2023 | Yes - ACP | Correspondence between client and attorney; communications in furtherance of common interest. |
| 44 | TRU1_15371_00002989 | Susie Wiles <susanswiles@msn.com>; Alina Habba <alina.habba@saveamerica45.com>; Eric Trump <eric.trump@trumporg.com> | Alan Garten <alan.garten@trumporg.com> | | 1/2/2024 | No | Not requesting or providing legal advice. |
| 45 | TRU1_15371_00002991 | Alan Garten <alan.garten@trumporg.com>; Susie Wiles <susanswiles@msn.com>; Eric Trump <eric.trump@trumporg.com> | Alina Habba <alina.habba@saveamerica45.com> | | 1/2/2024 | No | Not requesting or providing legal advice. |
| 46 | TRU1_15371_00003548 | Eric Trump <etrump@trumporg.com> | Alan Garten <agarten@trumporg.com> | | 6/22/2017 | Yes - ACP | Correspondence between client and attorney; communications in furtherance of common interest. |
| 47 | TRU1_15371_00003558 | "Eric Trump (etrump@trumporg.com)" <etrump@trumporg.com> | Lawrence Rosen <lrosen@lhrgb.com> | | 7/6/2017 | Yes - ACP | Correspondence between client and attorney. |
| 48 | TRU1_15371_00003559 | Lawrence Rosen <lrosen@lhrgb.com> | Eric Trump <etrump@trumporg.com> | | 7/6/2017 | Yes - ACP | Correspondence between client and attorney. |
| 49 | TRU1_15371_00003579 | Michael Glassner <mglassner@donaldtrump.com> | Lawrence Rosen <lrosen@lhrgb.com> | Alan Garten <agarten@trumporg.com>; "Eric Trump (etrump@trumporg.com)" <etrump@trumporg.com> | 8/1/2017 | Yes - ACP | Correspondence between client and attorney; communications in furtherance of common interest. |
| 50 | TRU1_15371_00003580 | Lawrence Rosen <lrosen@lhrgb.com> | Michael Glassner <mglassner@donaldtrump.com> | Alan Garten <agarten@trumporg.com>; "Eric Trump (etrump@trumporg.com)" <etrump@trumporg.com> | 8/1/2017 | Yes - ACP | Correspondence between client and attorney; communications in furtherance of common interest. |
| 51 | TRU1_15371_00003581 | Michael Glassner <mglassner@donaldtrump.com>; Eric Trump <etrump@trumporg.com> | Alan Garten <agarten@trumporg.com> | | 8/3/2017 | Yes - ACP | Correspondence between client and attorney; communications in furtherance of common interest. |
| 52 | TRU1_15371_00003582 | Alan Garten <agarten@trumporg.com>; Eric Trump <etrump@trumporg.com> | Michael Glassner <mglassner@donaldtrump.com> | | 8/3/2017 | Yes - ACP | Correspondence between client and attorney; communications in furtherance of common interest. |
| 53 | TRU1_15371_00003583 | Alan Garten <agarten@trumporg.com>; Eric Trump <etrump@trumporg.com> | Michael Glassner <mglassner@donaldtrump.com> | | 8/3/2017 | Yes - ACP | Correspondence between client and attorney; communications in furtherance of common interest. |

| 54 | TRU1_15371_00003592 | Michael Glassner <mglassner@donaldtrump.com> | Lawrence Rosen <lrosen@lhrgb.com> | "Eric Trump (etrump@trumporg.com)" <etrump@trumporg.com>; Alan Garten <agarten@trumporg.com> | 8/11/2017 | Yes - ACP | Correspondence between client and attorney; communications in furtherance of common interest. |
| 55 | TRU1_15371_00003593 | Attachment to TRU1_15371_00003592 | | | | Yes - WP | Work product prepared in anticipation of litigation. |
| 56 | TRU1_15371_00003597 | Eric Trump <etrump@trumporg.com>; Alan Garten <agarten@trumporg.com>; lara@gilesparscale.com | Michael Glassner <mglassner@donaldtrump.com> | | 8/22/2017 | No | Presence of 3d party on email. |
| 57 | TRU1_15371_00003639 | Lawrence Rosen <lrosen@lhrgb.com> | Eric Trump <etrump@trumporg.com> | Alan Garten <agarten@trumporg.com> | 10/4/2017 | Yes - ACP | Correspondence between client and attorney; communications in furtherance of common interest. |
| 58 | TRU1_15371_00003640 | Alan Garten <agarten@trumporg.com>; Lawrence Rosen <lrosen@lhrgb.com> | Eric Trump <etrump@trumporg.com> | | 10/4/2017 | Yes - ACP | Correspondence between client and attorney; communications in furtherance of common interest. |
| 59 | TRU1_15371_00003641 | Eric Trump <etrump@trumporg.com>; Alan Garten <agarten@trumporg.com> | Lawrence Rosen <lrosen@lhrgb.com> | | 10/4/2017 | Yes - ACP | Correspondence between client and attorney; communications in furtherance of common interest. |
| 60 | TRU1_15371_00003642 | Lawrence Rosen <lrosen@lhrgb.com>; Alan Garten <agarten@trumporg.com> | Eric Trump <etrump@trumporg.com> | | 10/4/2017 | Yes - ACP | Correspondence between client and attorney; communications in furtherance of common interest. |
| 61 | TRU1_15371_00003661 | Eric Trump <etrump@trumporg.com>; Alan Garten <agarten@trumporg.com>; Michael S. Glassner <mglassner@donaldtrump.com> | Lawrence Rosen <lrosen@lhrgb.com> | | 11/2/2017 | Yes in part. | Top email dated 11/2 from Rosen to Trump, Garten, Glassner redacted as privileged; bottom email is correspondence with AAA & Delgado counsel. |
| 62 | TRU1_15371_00003663 | Lawrence Rosen <lrosen@lhrgb.com>; Eric Trump <etrump@trumporg.com>; Michael S. Glassner <mglassner@donaldtrump.com> | Alan Garten <agarten@trumporg.com> | | 11/2/2017 | Yes in part. | Top two emails redacted as privileged; bottom email is correspondence with AAA & Delgado counsel. |
| 63 | TRU1_15371_00003681 | Lawrence Rosen <lrosen@lhrgb.com>; "Eric Trump (etrump@trumporg.com)" <etrump@trumporg.com> | Michael Glassner <mglassner@donaldtrump.com> | | 11/28/2017 | Yes - ACP | Correspondence between client and attorney; communications in furtherance of common interest. |
| 64 | TRU1_15371_00003682 | Michael Glassner <mglassner@donaldtrump.com>; Lawrence Rosen <lrosen@lhrgb.com> | Eric Trump <etrump@trumporg.com> | | 11/28/2017 | Yes - ACP | Correspondence between client and attorney; communications in furtherance of common interest. |
| 65 | TRU1_15371_00003683 | Eric Trump <etrump@trumporg.com>; Michael Glassner <mglassner@donaldtrump.com> | Lawrence Rosen <lrosen@lhrgb.com> | | 11/28/2017 | Yes - ACP | Correspondence between client and attorney; communications in furtherance of common interest. |
| 66 | TRU1_15371_00003684 | Eric Trump <etrump@trumporg.com>; Michael Glassner <mglassner@donaldtrump.com> | Lawrence Rosen <lrosen@lhrgb.com> | | 11/29/2017 | Yes - ACP | Correspondence between client and attorney; communications in furtherance of common interest. |

| 67 | TRU1_15371_00003715 | "Eric Trump (etrump@trumporg.com)" <etrump@trumporg.com>; Michael Glassner <mglassner@donaldtrump.com> | Lawrence Rosen <lrosen@lhrgb.com> | Alan Garten <agarten@trumporg.com> | 1/8/2018 | Yes - ACP; WP | Correspondence between client and attorney; communications in furtherance of common interest; work product prepared in anticipation of litigation. |
| 68 | TRU1_15371_00003716 | Lawrence Rosen <lrosen@lhrgb.com>; Michael Glassner <mglassner@donaldtrump.com> | Eric Trump <etrump@trumporg.com> | Alan Garten <agarten@trumporg.com> | 1/8/2018 | Yes - ACP; WP | Correspondence between client and attorney; communications in furtherance of common interest; work product prepared in anticipation of litigation. |
| 69 | TRU1_15371_00003738 | Eric Trump <etrump@trumporg.com> | Lawrence Rosen <lrosen@lhrgb.com> | | 1/25/2018 | Yes - ACP; WP | Correspondence between client and attorney; work product prepared in anticipation of litigation. |
| 70 | TRU1_15371_00003753 | "Eric Trump (etrump@trumporg.com)" <etrump@trumporg.com> | Lawrence Rosen <lrosen@lhrgb.com> | | 3/1/2018 | Yes in part. | Top email dated 3/1 from Rosen to Trump redacted as privileged; bottom email is correspondence with AAA & Delgado counsel. |
| 71 | TRU1_15371_00003756 | "Eric Trump (etrump@trumporg.com)" <etrump@trumporg.com> | Lawrence Rosen <lrosen@lhrgb.com> | | 3/5/2018 | Yes in part. | Top two emails redacted as privileged; bottom email is correspondence with AAA & Delgado counsel. |
| 72 | TRU1_15371_00003873 | "Michael Glassner (mglassner@donaldtrump.com)" <mglassner@donaldtrump.com>; Eric Trump <etrump@trumporg.com> | Alan Garten <agarten@trumporg.com> | | 8/16/2018 | Yes - ACP | Correspondence between client and attorney; communications in furtherance of common interest. |
| 73 | TRU1_15371_00003875 | Attachement to TRU1_15371_00003873 | | | | Yes - ACP | Correspondence between client and attorney. |
| 74 | TRU1_15371_00003879 | Alan Garten <agarten@trumporg.com>; "Michael Glassner (mglassner@donaldtrump.com)" <mglassner@donaldtrump.com> | Eric Trump <etrump@trumporg.com> | | 8/16/2018 | Yes - ACP | Correspondence between client and attorney; communications in furtherance of common interest. |
| 75 | TRU1_15371_00003880 | Eric Trump <etrump@trumporg.com>; "Michael Glassner (mglassner@donaldtrump.com)" <mglassner@donaldtrump.com> | Alan Garten <agarten@trumporg.com> | | 8/16/2018 | Yes - ACP | Correspondence between client and attorney; communications in furtherance of common interest. |
| 76 | TRU1_15371_00003882 | Alan Garten <agarten@trumporg.com>; Eric Trump <etrump@trumporg.com> | Michael Glassner <mglassner@donaldtrump.com> | | 8/16/2018 | Yes - ACP | Correspondence between client and attorney; communications in furtherance of common interest. |
| 77 | TRU1_15371_00003883 | Eric Trump <etrump@trumporg.com>; Alan Garten <agarten@trumporg.com> | Michael Glassner <mglassner@donaldtrump.com> | | 8/16/2018 | Yes - ACP | Correspondence between client and attorney; communications in furtherance of common interest. |
| 78 | TRU1_15371_00003906 | Eric Trump <etrump@trumporg.com>; Alan Garten <agarten@trumporg.com> | Michael Glassner <mglassner@donaldtrump.com> | | 9/9/2018 | Yes - ACP | Correspondence between client and attorney; communications in furtherance of common interest. |
| 79 | TRU1_15371_00003907 | "Eric Trump (etrump@trumporg.com)" <etrump@trumporg.com> | Lawrence Rosen <lrosen@lhrgb.com> | | 9/13/2018 | Yes in part. | Top email dated 9/13 from Rosen to Trump redacted; bottom emails include Delgado and AAA. |

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| 80 | TRU1_15371_00003908 | Lawrence Rosen <lrosen@lhrgb.com> | Eric Trump <etrump@trumporg.com> | | 9/13/2018 | Yes in part. | Top two emails redacted as privileged; bottom email is correspondence with AAA & Delgado counsel. |
| 81 | TRU1_15371_00003909 | Eric Trump <etrump@trumporg.com> | Lawrence Rosen <lrosen@lhrgb.com> | | 9/13/2018 | Yes in part. | Top three emails redacted as privileged; bottom emails are correspondence with AAA & Delgado counsel. |
| 82 | TRU1_15371_00003928 | Lawrence Rosen <lrosen@lhrgb.com> | Eric Trump <etrump@trumporg.com> | | 11/7/2018 | No. | Not requesting or providing legal advice. |
| 83 | TRU1_15371_00003929 | Eric Trump <etrump@trumporg.com> | Lawrence Rosen <lrosen@lhrgb.com> | | 11/7/2018 | No. | Rosen's response; not providing legal advice. |
| 84 | TRU1_15371_00004021 | Lawrence Rosen <lrosen@lhrgb.com>; Matthew Maron <mmaron@trumporg.com> | Alan Garten <agarten@trumporg.com> | Eric Trump <etrump@trumporg.com> | 8/27/2019 | Yes - ACP/WP | Correspondence between client and attorney; communications in furtherance of common interest; work product prepared in anticipation of litigation. |
| 85 | TRU1_15371_00004023 | Alan Garten <agarten@trumporg.com> | "Ginsberg, Benjamin L." <bginsberg@jonesday.com> | Lawrence Rosen <lrosen@lhrgb.com>; Eric Trump <etrump@trumporg.com>; Matthew Maron <mmaron@trumporg.com>; "Michael Glassner (mglassner@donaldtrump.com)" <mglassner@donaldtrump.com>; "Crosland, Stewart" <scrosland@jonesday.c | 8/27/2019 | Yes - ACP/WP | Correspondence between client and attorney; communications in furtherance of common interest; work product prepared in anticipation of litigation. |
| 86 | TRU1_15371_00004024 | Attachment to TRU1_15371_00004023 | | | | Yes - ACP/WP | Correspondence between client and attorney; communications in furtherance of common interest; work product prepared in anticipation of litigation. |
| 87 | TRU1_15371_00004034 | "Crosland, Stewart" <scrosland@jonesday.com>; Michael Glassner <mglassner@donaldtrump.com>; "Ginsberg, Benjamin L." <bginsberg@jonesday.com>; Alan Garten <agarten@trumporg.com> | Lawrence Rosen <lrosen@lhrgb.com> | Eric Trump <etrump@trumporg.com>; Matthew Maron <mmaron@trumporg.com> | 9/4/2019 | Yes - ACP/WP | Correspondence between client and attorney; communications in furtherance of common interest; work product prepared in anticipation of litigation. |
| 88 | TRU1_15371_00004037 | Michael Glassner <mglassner@donaldtrump.com>; Alan Garten <agarten@trumporg.com>; Lawrence Rosen <lrosen@lhrgb.com>; "Crosland, Stewart" <scrosland@jonesday.co | "Ginsberg, Benjamin L." <bginsberg@jonesday.com> | Eric Trump <etrump@trumporg.com>; Matthew Maron <mmaron@trumporg.com> | 9/4/2019 | Yes - ACP | Correspondence between client and attorney; communications in furtherance of common interest. |
| 89 | TRU1_15371_00004038 | "Ginsberg, Benjamin L." <bginsberg@jonesday.com>; Michael Glassner <mglassner@donaldtrump.com>; Alan Garten <agarten@trumporg.com>; Lawrence Rosen <lrosen@lhrgb.com>; "Crosland, Stewart" <scrosland@jonesday.com> | Eric Trump <etrump@trumporg.com> | Matthew Maron <mmaron@trumporg.com> | 9/4/2019 | Yes - ACP | Correspondence between client and attorney; communications in furtherance of common interest. |
| 90 | TRU1_15371_00004082 | Eric Trump <etrump@trumporg.com> | Lawrence Rosen <lrosen@lhrgb.com> | | 2/4/2020 | No | Email produced to Delgado; not privileged. |
| 91 | TRU1_15371_00004083 | Lawrence Rosen <lrosen@lhrgb.com> | Eric Trump <etrump@trumporg.com> | | 2/4/2020 | Yes in part. | Top email dated 2/4 from Trump to Rosen is privileged; bottom two emails not privileged (see Log 92 partial redactions). |

| 92 | TRU1_15371_00004084 | Eric Trump <etrump@trumporg.com> | Lawrence Rosen <lrosen@lhrgb.com> | | 2/4/2020 | Yes - ACP | Correspondence between client and attorney. |
|---|---|---|---|---|---|---|---|
| 93 | TRU1_15371_00004085 | Michael Glassner <mglassner@donaldtrump.com>; etrump@trumporg.com; agarten@trumporg.com | Lawrence Rosen <lrosen@lhrgb.com> | Patrick Mcpartland <pmcpartland@lhrgb.com> | 2/4/2020 | Yes - ACP/WP | Correspondence between client and attorney; communications in furtherance of common interest; work product prepared in anticipation of litigation. |
| 94 | TRU1_15371_00004086 | Lawrence Rosen <lrosen@lhrgb.com>; Michael Glassner <mglassner@donaldtrump.com>; Eric Trump <etrump@trumporg.com> | Alan Garten <agarten@trumporg.com> | Patrick Mcpartland <pmcpartland@lhrgb.com> | 2/4/2020 | Yes - ACP/WP | Correspondence between client and attorney; communications in furtherance of common interest; work product prepared in anticipation of litigation. |
| 95 | TRU1_15371_00004114 | Michael Glassner <mglassner@donaldtrump.com> | Lawrence Rosen <lrosen@lhrgb.com> | etrump@trumporg.com; agarten@trumporg.com | 3/16/2020 | Yes - ACP/WP | Correspondence between client and attorney; communications in furtherance of common interest; work product prepared in anticipation of litigation. |
| 96 | TRU1_15371_00004115 | Lawrence Rosen <lrosen@lhrgb.com>; Michael Glassner <mglassner@donaldtrump.com> | Alan Garten <agarten@trumporg.com> | Eric Trump <etrump@trumporg.com> | 3/16/2020 | Yes - ACP/WP | Correspondence between client and attorney; communications in furtherance of common interest; work product prepared in anticipation of litigation. |
| 97 | TRU1_15371_00004116 | Alan Garten <agarten@trumporg.com>; Michael Glassner <mglassner@donaldtrump.com> | Lawrence Rosen <lrosen@lhrgb.com> | Eric Trump <etrump@trumporg.com> | 3/17/2020 | Yes - ACP | Correspondence between client and attorney; communications in furtherance of common interest. |
| 98 | TRU1_15371_00004124 | Michael Glassner <mglassner@donaldtrump.com> | Lawrence Rosen <lrosen@lhrgb.com> | etrump@trumporg.com; agarten@trumporg.com; Patrick Mcpartland <pmcpartland@lhrgb.com> | 3/23/2020 | Yes - ACP | Correspondence between client and attorney; communications in furtherance of common interest. |
| 99 | TRU1_15371_00004125 | Lawrence Rosen <lrosen@lhrgb.com>; Michael Glassner <mglassner@donaldtrump.com> | Eric Trump <etrump@trumporg.com> | Alan Garten <agarten@trumporg.com>; Patrick Mcpartland <pmcpartland@lhrgb.com> | 3/23/2020 | Yes - ACP | Correspondence between client and attorney; communications in furtherance of common interest. |
| 100 | TRU1_15371_00004479 | Alan Garten <alan.garten@trumporg.com> | Eric Trump <eric.trump@trumporg.com> | | 8/23/2023 | Yes - ACP | Correspondence between client and attorney; communications in furtherance of common interest. |
| 101 | TRU1_15371_00004480 | Eric Trump <eric.trump@trumporg.com> | Alan Garten <alan.garten@trumporg.com> | | 8/23/2023 | Yes - ACP | Correspondence between client and attorney; communications in furtherance of common interest. |