UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

ARLENE J. DELGADO,
Plaintiff,

-vs-                                                                        No. 19-cv-11764 (AT) (KHP)

DONALD J. TRUMP FOR PRESIDENT, INC.,
TRUMP FOR AMERICA, INC., SEAN SPICER,
individually, REINCE PRIEBUS, individually,
and STEPHEN BANNON, individually,

Defendants.

**SUPPLEMENT TO PLAINTIFF'S JUNE 16, 2024 "MOTION FOR ADDITIONAL LIMITED DISCOVERY GIVEN CRITICAL NEW INFORMATION: THE DEPOSITION OF MICHAEL GLASSNER"**
and
**SUPPLEMENT TO PLAINTIFF'S JUNE 12, 2014 "MOTION TO COMPEL UNDER RULE 37"**
and
**SUPPLEMENT TO PLAINTIFF'S JUNE 14, 2024 "MOTION COMPEL DEFENDANT-CAMPAIGN UNDER RULE 36"**
and
**SUPPLEMENT TO PLAINTIFF'S JUNE 14, 2024 "MOTION FOR RULE 37 SANCTIONS"**

Plaintiff, Arlene J. Delgado, hereby files this *SUPPLEMENT TO PLAINTIFF'S JUNE 16, 2024 "MOTION FOR ADDITIONAL LIMITED DISCOVERY GIVEN CRITICAL NEW INFORMATION: THE DEPOSITION OF MICHAEL GLASSNER"* (#365) and *SUPPLEMENT TO PLAINTIFF'S JUNE 12, 2014 "MOTION TO COMPEL UNDER RULE 37"* (#355) and *SUPPLEMENT TO PLAINTIFF'S JUNE 14, 2024 "MOTION COMPEL DEFENDANT-CAMPAIGN UNDER RULE 36"* (#357) and *SUPPLEMENT TO PLAINTIFF'S MAY 14, 2024 "MOTION FOR RULE 37 SANCTIONS"* (#314), as follows:

In her (pending) June 16, 2024 *MOTION FOR ADDITIONAL LIMITED DISCOVERY GIVEN CRITICAL NEW INFORMATION: THE DEPOSITION OF MICHAEL GLASSNER"*

1

(#365) (which was not docketed until June 25, 2024, due to extreme delay in the Pro Se Intake Unit's processing of submitted filings), Plaintiff wrote:

> NEW INFORMATION, PREVIOUSLY UNKNOWN, NOW MAKES THE DEPOSITION NECESSARY AND GOOD CAUSE EXISTS TO PERMIT SAID DISCOVERY
>
> On June 13, 2024, a senior member of the 2020 Campaign disclosed to Plaintiff that, in late 2020/early 2021, Michael Glassner (then the C.O.O. of the Campaign) informed this senior advisor that ***the Campaign had "settled several" gender-related complaints, some of which involved a particular male member of the Campaign***.[1] This is, at a minimum, highly relevant as to whether Plaintiff also experienced improper gender-related discrimination and is relevant to the claim of hostile work environment. (This Court has already held that complaints of gender-related matters are relevant to this case, as per existing precedent in this circuit.)
>
> ***There is clearly no way the Plaintiff could have, or would have, known this information sooner. And, there is no doubt that the information is relevant and is information that this Court already held is relevant*** (See April 24th Order, ECF 265).
>
> [It stands to reason that individuals from the Campaign did not speak up sooner, trusting instead that this information would be provided to the Plaintiff (the Court's April 24th Order, requiring the Campaign to produce all complaints of gender discrimination, pregnancy discrimination, and/or sexual harassment, from both the 2016 and 2020 cycle, was widely publicized, including even in the *New York Times*). But, when it became clear that the Campaign did not, in fact, disclose this information (relying instead on the May 14th Order's *sua sponte* modification of the April 24th Order), some, to their credit, were motivated to speak up.]
>
> Plaintiff promptly contacted opposing counsel [on Monday, June 17, 2024], Mr. Gavenman, to confer and give the Defendant-Campaign a chance to amend their prior productions and misrepresentations. Instead, unfortunately, Mr. Gavenman responded with attacks, speculating that Plaintiff was inventing such. (This was particularly disappointing, as Plaintiff has been patient, polite, and responsive in all her email communications with Mr. Gavenman, since he entered the case.) Plaintiff will not be intimidated. Moreover, Plaintiff is ready, willing, and able to provide the written correspondence from the advisor. In fact, Plaintiff *insists* on

---

[1] The Plaintiff herein refrains from stating the exact type of complaint herein, or the name of the male advisor who was the subject of some of the complaints, purely because the Plaintiff is, to her credit, willing to provide this information in camera or under seal.

2

such, given Mr. Gavenman's questioning her ethics, integrity, and honesty, by denying that the information was indeed provided to Plaintiff.

-Plaintiff's June 16, 2024 Motion

**It was clear now that, given that there were "multiple" settlements regarding gender-related complaints, <u>there were thus clearly multiple *complaints* regarding gender-related matters</u>, something the Campaign has denied.**

**Worse yet, as noted therein, even when confronted about such (Plaintiff reached out in good faith on Monday, June 17th), with Plaintiff providing Defendant-Campaign a chance to amend and correct their omission, Defendant-Campaign still did not do so.**

Additionally, on June 12th, the day prior to learning this new information, Plaintiff had also filed (which now is revealed as quite prescient) a (pending) MOTION TO COMPEL UNDER RULE 37, noting that the Defendants' counsel's response-email to her that evening made it clear that the Defendants were essentially gloating as to the astronomically-helpful, literal wording of the Court's May 14, 2024 Order, which (oddly, and in unprecedented fashion) now required them to produce to only those complaints that resulted from a search of certain individuals' stored Campaign emails.

Yet that information should have, at least, been produced in the Defendant-Campaign's May 7th production, and it was not.

Plaintiff also noted this new information in her (pending) June 14, 2024, *MOTION COMPEL DEFENDANT-CAMPAIGN UNDER RULE 36*" (#357). And, of course, this also is relevant to her (still pending) MOTION FOR RULE 37 SANCTIONS, filed May 14, 2024, given that this information was required to be produced in the May 7, 2024 production.

3

Plaintiff, as such, is left with no choice but to **supplement the aforementioned motions with aforementioned written correspondence with the 2020 Trump senior advisor**, who Plaintiff confirms was certainly in a position to be informed of such (i.e., this is *not* a junior-level or mid-level staffer claiming to have knowledge of gender-related complaints).

Plaintiff, to her credit, in this filing has redacted the name of the advisor and the name of the Campaign employee mentioned, as well as the specific type/s of gender-related complaint. Plaintiff does so in an abundance of good faith and somber approach. Plaintiff merely seeks the information needed to prove her case to a jury, and the information to which she is entitled – and it is regrettable that the Defendant-Campaign has now been officially caught, it appears, seemingly withholding information it was ordered to produce (and which *also* should have been produced long ago, as it was *also* responsive to autumn 2022 Requests for Production *and* was responsive in her March 2024 30b6 deposition). (Plaintiff reviewed this Court's procedure for filing under seal but this filing did not seem to meet the standard. Plaintiff did the next best thing which is to redact certain portions. Plaintiff can provide the unredacted version in camera.)

Plaintiff submits the written correspondence, in the Sworn Declaration found in **Attachment A**. Appropriate production, limited deposition/s (including that of Michael Glassner), and appropriate Rule 11 and Rule 37 sanctions are again requested.

DATED: June 27, 2024

*s/Arlene Delgado*
Arlene Delgado
Plaintiff, pro-se

4

## ATTACHMENT A
## SWORN DECLARATION

      I, Arlene J. Delgado, hereby affirm that the following is a true and correct copy of written correspondence with a well-known, documented, and respected Senior Advisor to the Trump 2020 Campaign. Plaintiff has exchanged correspondence, via the same medium, with the same individual, and can attest this text exchange is authentic and is between the two, as reflected. The correspondence took place on June 12- 13, 2024.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct, this the 27th day of June, 2024.

*s/Arlene Delgado*
Arlene Delgado
