```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED:  6/28/2024
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
ARLENE DELGADO,

                                        Plaintiff,

           -against-

DONALD J. TRUMP FOR PRESIDENT, INC.,
TRUMP FOR AMERICA, INC., SEAN SPICER,
individually, REINCE PRIEBUS, individually,
STEPHEN BANNON, individually,

                                        Defendants.
-----------------------------------------------------------------X

**19-CV-11764 (AT) (KHP)**

**OPINION AND ORDER ON
DISCOVERY MOTIONS**

**KATHARINE H. PARKER, UNITED STATES MAGISTRATE JUDGE:**

    Plaintiff Arlene Delgado has filed three motions.  The first is a motion filed against the

Campaign styled as a motion to compel additional information about complaints of gender

discrimination, sexual harassment or pregnancy discrimination and also requests sanctions. (ECF

Nos. 353, 355.) The second is a motion to compel non-party Brad Parscale to answer certain

questions he refused to answer during his deposition. (ECF No. 354.) The third is a motion to

compel the Defendants to answer certain Requests to Admit. (ECF No. 357.) The Court

addresses each motion in turn.

## MOTION TO COMPEL PRODUCTION OF COMPLAINTS

    This Court previously ordered Defendants to produce all written complaints of gender

discrimination, sexual harassment or pregnancy discrimination against the Campaign during the

2016 and 2020 campaign cycles.  (ECF Nos. 265, 312.)  The Court's prior Orders encompassed

1

any written complaints filed with an agency or court or internal complaints.  At Plaintiff's

request, the Court required the Campaign to look for such complaints not just from Lucia

Castellano, a person identified as being in a Human Resources role, but also from Stephanie

Alexander, Megan Powers, Brad Parscale and Michael Glassner – identified by Plaintiff as

persons who also likely would have received such complaints.  Because Plaintiff expressed

concerns about the search methodology, the Court instructed the Campaign to use certain

terms when searching for complaints to ensure a complete search.  The Court's Order did not

excuse the Campaign from conducting a reasonable search for complaints independent of

utilizing the search terms ordered by the Court.  Rather, the Court's Order was intended to

ensure that a search included certain custodians and search terms.  Also, the Court's Order

regarding internal complaints was not restricted to "formal" complaints, but rather was

intended to be construed in good faith to include a complaint made in writing in a text message

or email or in an attorney's letter to the Campaign asserting a complaint and possible legal

action. The Campaign later represented that it had complied with the Court's Order and

produced the information required.

Plaintiff now states that she is aware of complaints regarding "R.G." and complaints by

Hannah Castillo and unspecified "others" that were not produced.  However, she appears to

concede she does not know whether such complaints are in writing.  Additionally, Plaintiff

suggests the Campaign did not comply with its reasonable search duty because, in an email

exchange with Defendants' attorney, Defendants refused to provide a declaration or

representation that what "was produced contains every written complaining/grievance, etc., of

which the Campaign is aware, and that the Campaign did not face any

discrimination/harassment/hostile work environment complaint/claim/potential claim from Hannah Castillo."  (Rather, Defendants' counsel confirmed only that the Campaign fully complied with the Court's Order at ECF 312.)  Plaintiff also suggests that the Campaign merely applied the search terms set out by the Court and did not look for other written complaints independently.

Based on the above, she moves that the Campaign be ordered to submit a declaration stating "all individuals with whom it entered into any settlements pertaining to, in part or fully related to, complaining of sexual harassment, gender discrimination or pregnancy discrimination."  She also asks permission to depose Hannah Castillo.  She also requests unspecified sanctions under Federal Rule of Civil Procedure 37 ("Rule 37").

Defendants object to Plaintiff's motion contending that it is in reality a motion for reconsideration of the Court's Order at ECF 312 and to reopen discovery to depose Hannah Castillo.  They further argue that there is no basis for sanctions when they have complied with the Court's orders and produced written complaints of gender and pregnancy discrimination and sexual harassment after a reasonable search.

Rule 37  "governs the district court's procedures for enforcing discovery orders and imposing sanctions for misconduct." *World Wide Polymers, Inc. v. Shinkong Synthetic Fibers Corp.*, 694 F.3d 155, 158 (2d Cir. 2012).  The rule's sanction provisions serve several purposes including to "ensure that a party will not benefit from its own failure to comply;" to deter and "obtain compliance with the particular order issued;" and to "serve a general deterrent effect on the case at hand and on other litigation, provided that the party against whom they are

imposed was in some sense at fault." *Update Art, Inc. v. Modiin Publ'g, Ltd*., 843 F.2d 67, 71 (2d Cir. 1988) (citing *Nati'l Hocky League v. Metro. Hockey Club*, Inc., 427 U.S. 639 (1976)).

Rule 37(a) permits a party to move for an order compelling disclosure or discovery and must be accompanied by a certification that the movant has in good faith attempted to confer with the other party in an effort to obtain the discovery without resort to a motion.  Fed. R. Civ. P. 37(a)(1).  The Rule can be invoked for failure to answer deposition questions, answer interrogatories, produce documents, provide initial disclosures and also for evasive or incomplete disclosures or production.  Fed. R. Civ. P. 37(a)(3-4).

If a Rule 37(a) motion is denied, the Court may issue any protective order authorized under Rule 26(c) and must, after giving an opportunity to be heard, require the movant to pay the party who opposed the motion its reasonable expenses incurred in opposing the motion, including attorney's fees, unless the motion was substantially justified or other circumstances make an award of expenses unjust.  Fed. R. Civ. P. 37(a)(5)(B).  If a Rule 37(a) motion is granted, the court similarly must order the party whose conduct necessitated the motion to pay the movant's reasonable expenses incurred in bringing the motion, including attorney's fees, unless the movant filed the motion without first conferring in good faith to resolve the matter, the opposing party's nondisclosure, response or objection was substantially justified, or other circumstances make an award of expenses unjust.  Fed. R. Civ. P. 37(a)(5)(A).

Rule 37(b) provides for sanctions for failure to comply with a court order and sets forth a list of sanctions that may be imposed up to and including dismissal of the action.  Fed. R. Civ. P. 37(b).  If the court issues sanctions under Rule 37(b), it must order the payment of the movant's

reasonable expenses unless the disobedient party's failure was substantially justified or other circumstances make such an award unjust.  Fed. R. Civ. P. 37(b)(2)(C).

Plaintiff does not state which provision of Rule 37 she is attempting to invoke. Nevertheless, the motion is DENIED under both Rule 37(a & b).  To start, Defendants have represented to the Court that they have complied with the Court's Order at ECF 312, and indeed, Plaintiff concedes she received a production of written complaints and does not know whether there are other written complaints.  In other words, there is no factual basis for her assertion that other *written* complaints exist or that a reasonable search was not conducted. Nevertheless, she asserts that she is aware of other specific complaints that were not produced by Defendants, such as a complaint by Castillo or a complaint concerning "R.G."

The relief Plaintiff seeks is not in the nature of a motion to compel because she does not know for certain whether Defendants are withholding written complaints improperly. Instead, she is seeking to reopen discovery to obtain additional information.  She first requests a declaration from the Campaign stating "all individuals with whom it entered into any settlements pertaining to, in part or fully related to, complaining of sexual harassment, gender discrimination or pregnancy discrimination."  This request is DENIED.  The Court previously found that Plaintiff is not entitled to additional discovery on *settlements* of complaints.  (See ECF No. 346.)  There is no basis for reconsideration of the Court's prior discovery ruling regarding settlements.  *In re Health Mgmt. Sys., Inc. Sec. Litig.*, 113 F. Supp. 2d 613, 614 (S.D.N.Y. 2000)(reconsideration is extraordinary remedy).

Her request that she be permitted to depose Hannah Castillo is likewise DENIED, as discovery is closed and Plaintiff does not show good cause for reopening discovery to depose

Castillo.[1]  See *Eng–Hatcher v. Sprint Nextel Corp.,* No. 07 Civ. 7350 (BSJ)(KNF), 2008 WL 4104015,

at *1 (S.D.N.Y. Aug. 28, 2008) (good cause required to reopen discovery).

Nonetheless, the Court is concerned that the Campaign may not have conducted a

reasonable search, as the Campaign does not say either way whether Castillo made a written

complaint or whether there were written complaints concerning "R.G."  Accordingly, **by July 3,**

**2024**, Defendants shall confirm in writing to Plaintiff that they are not withholding written

complaints of the type described herein, properly requested in discovery and ordered by this

Court to be produced.  If in fact there are additional written complaints that were withheld,

they must immediately be produced by no later than **July 3, 2024**.

In sum, Plaintiff's motion to compel and for sanctions is denied, and in light of Plaintiff's

pro se status and unfamiliarity with litigation, as well as the colorable basis for her questioning

of the production made, the Court finds that an award of fees and expenses is not warranted

here.

### MOTION TO COMPEL PARSCALE TO ANSWER DEPOSITION QUESTIONS

Federal Rule of Civil Procedure 30(c)(2) provides in relevant part that "[a] person may

instruct a deponent not to answer only when necessary to preserve a privilege, to enforce a

limitation ordered by the court, or to present a motion under Rule 30(d)(3)."  Fed. R. Civ. P.

30(c)(2).  Rule 30(d)(3) in turn permits a deponent or a party "to move to terminate or limit [a

deposition] on the ground that it is being conducted in bad faith or in a manner that

unreasonably annoys, embarrasses, or oppresses the deponent or party."  Fed. R. Civ. P.

30(d)(3)(A). Under Local Civil Rule 37.3, if a dispute arises during a deposition and "involves an

---

[1] The Court's Order today does not preclude Plaintiff from speaking with Castillo, asking Castillo to voluntarily
provide an affidavit or subpoenaing Castillo for trial.

instruction to the witness not to answer a question, the instruction not to answer may stand and the deposition shall continue until a ruling is obtained."

This Court anticipated that disputes might arise during a second day of Parscale's deposition and, consistent with the Local Rule, instructed the parties that if Parscale had an objection to a question and declined to answer based on that objection, the parties should mark the question for a ruling but continue the deposition. The Court also set a schedule for Plaintiff to move to compel an answer to the questions that Parscale refused to answer even though Parscale could also be deemed the moving party under Rule 30(d)(3). The parties have followed the Court's instructions and there are five questions posed by Plaintiff during the second day of Parscale's deposition that she seeks an answer to. They are as follows:

1. [in regards to Mr. Parscale stating he had spoken to various attorneys regarding her, in the past], Plaintiff: "Was that about my lawsuit, or potential lawsuit, against the Campaign?"
2. [When Mr. Parscale explained that the Campaign paid its Senior Advisor, Mr. Miller, via a third party, due to Mr. Miller wanting to hide his income because "he was going through things"…] Plaintiff: "What things?"
3. "Are you neutral in this case, Brad?" and "Brad, is there any personal animus towards me regarding any issue that would prevent you from giving honest answers here today?"
4. "Brad, are you hoping the campaign wins this case?"
5. "Are your interests in this case aligned with the Campaign's?"

Parscale objected to questions 1 and 5 on grounds of privilege. He objected to questions 2 and 4 on relevance grounds, and he objected to question 3 on the ground that plaintiff had already asked questions about his bias in day one of his deposition and Plaintiff was precluded by Court order from revisiting topics covered in day one on the second day of his deposition.

A party may refuse to answer a deposition question based on privilege. See Fed. R. Civ. P. 30(c); Fed. R. Civ. P. 26(b)(1 & 3); Local Civil Rule 26.2. As a general matter, a person's

communications with his lawyer seeking or conveying legal advice is protected by the attorney-client privilege. *Bowne of New York City, Inc. v. AmBase Corp.*, 161 F.R.D. 258, 264 (S.D.N.Y. 1995) (citing *People v. Osorio,* 75 N.Y.2d 80, 82–84, 549 N.E.2d 1183, 1185 (N.Y. 1989)).  Such a communication also might be protected by the work product doctrine.  Fed. R. Civ. P. 26(b)(3); *Hickman v. Taylor*, 329 U.S. 495 (1947) (establishing and articulating application of the work product doctrine); *Welland v. Trainer,* No. 00-cv-0738 (JSM), 2001 WL 1154666, at *2 (S.D.N.Y. Oct. 1, 2001).

Plaintiff contends that question 1 above sought only to know whether Parscale spoke to attorneys about her lawsuit or threatened lawsuit against the Campaign, not the content of communications.  Parscale argues that he did in fact answer Plaintiff's question, admitted he did speak to his personal and the Campaign's attorneys about Plaintiff and identified Alex Cannon and an attorney he spoke to.  During the deposition Parscale explained that Cannon was the Campaign attorney and then his personal attorney.  For this reason, he argues that Plaintiff's argument is disingenuous and that in actuality Plaintiff sought the content of the communication since the general subject matter is plain from the question and answer.  With respect to question 5, Plaintiff contends she was merely asking Parscale's personal belief, not as Parscale contends, his conclusion about his legal interests after consultation with counsel.

Having reviewed the arguments of the parties and the portions of the deposition transcripts provided, the Court finds that Parscale need not answer either question.  As to question 1, Parscale already testified that he spoke with the Campaign's attorney and his personal attorney about Plaintiff and her lawsuit.  Parscale had a legitimate basis to talk with his lawyer and the Campaign's lawyer to the extent he was identified as a non-party witness in

this case.  Similarly, communications with the Campaign's lawyer can be protected work product. No further inquiry is appropriate because it would require the parties to get into specifics of communications that are likely privileged or protected by work product doctrine. Additionally, further inquiry of this nature is not proportional to the needs of this case.  Parscale is a non-party who is not alleged to have been a decisionmaker regarding Plaintiff working at the White House or to have engaged in retaliatory behavior.  Whether an answer to question 5 is required is a closer question.  The question does not necessarily implicate privilege or work product because it is quite vague.  To the extent Plaintiff was merely probing potential bias, the question is arguably appropriate.  At the same time, the deposition transcript reveals that Plaintiff questioned Parscale about his alleged bias and received answers to questions going to credibility and bias.  On balance, the Court finds that while a direction not to answer on grounds of privilege was not appropriate, Parscale need not be re-deposed to answer this question because it is not proportional to the needs of the case.  Plaintiff has sufficient facts to argue bias at trial.

Parscale refused to answer questions 2 and 4 on relevance grounds.  Generally, this is not a proper basis to object to a deposition question.  However, Rule 26(b)(1) does not permit inquiry into irrelevant areas and the rules contemplate that a party can object when questions become annoying or are posed in bad faith or outside of limitations set by the court.  Questions that are irrelevant, in this Court's view, can in some circumstances be viewed to be posed in bad faith because they seek information that is not permitted under the Rules.  This is not to say that parties should routinely object and refuse to answer deposition questions on grounds of relevance – they should not.  Such objections and refusals to answer should be used

sparingly and in extraordinary circumstances when a significant number of questions clearly

pertain to irrelevant topics and where the party being deposed has grounds to seek a protective

order.

Here, question 2 is a follow up question to get clarity on "things" Jason Miller was

"going through" such that he wanted to be paid through an entity other than the Campaign.

The question is not relevant to the core issues in this case because it does not go to any

element of Plaintiff's claims of pregnancy discrimination or other causes of action.  Even if

remotely relevant under Rule 26's broad definition of relevance, it is not proportional to the

needs of the case.  The same analysis applies to question 4.

Finally, question 3 was aimed at exploring credibility and bias.  Plaintiff asked questions

on this subject in the first day of Parscale's deposition, and this Court limited her questions on

the second day of Parscale's deposition to subjects not covered on day one.  Therefore, the

objection was proper because it was lodged based on a Court-imposed limitation.

In sum, Plaintiff's motion to compel Parscale to answer the additional questions is

DENIED for the reasons discussed above.

## MOTION TO COMPEL ANSWERS TO REQUESTS TO ADMIT

Federal Rule of Civil Procedure 36 ("Rule 36") governs Requests for Admission ("RFAs").

In general, a party may serve on another party an RFA, which asks the party to admit "the truth

of any matters . . . relating to: (A) facts, the application of law to fact, or opinions about either;

and (B) the genuineness of any described documents."  Fed. R. Civ. P. 36(a)(1).  Importantly, RFAs

are cabined by Rule 26(b)(1)—meaning they must concern matters that are relevant and

proportional to the needs of the case.  See Fed. R. Civ. P. 26(b)(1).  Rule 36 provides thirty days for the receiving party to admit or deny.  Fed. R. Civ. P. 36(a)(3).  It also permits the receiving party to object.  *Id.*  "If a matter is not admitted, the answer must specifically deny it or state in detail why the answering party cannot truthfully admit or deny it."  Fed. R. Civ. P. 36(a)(4).  Objections also must be clearly explained and cannot be premised on the assertion that "the request presents a genuine issue for trial."  Fed. R. Civ. P. 36(a)(5).  Critical to their purpose, an RFA "must be direct, simple and limited to singular relevant facts" or a singular opinion or application of law to a fact so that "it can be admitted or denied without explanation."  *Dubin v. E.F. Hutton Grp. Inc.*, 125 F.R.D. 372, 375 (S.D.N.Y. 1989).

"The requesting party may move to determine the sufficiency of an answer or objection."  Fed. R. Civ. P. 36(a)(6).  If the Court finds that an objection is not justified, it "must order that an answer be served."  *Id.*  If the Court finds that an answer does not comply with the strictures of Rule 36, it may "order either that the matter is admitted or that an amended answer be served."  *Id.*  The Court also "may defer its final decision" on the matter "until a pretrial conference or a specified time before trial."  *Id.*

Admissions made under Rule 36 can only be used in the litigation in which they are made and cannot be used against the admitting party in another action.  Fed. R. Civ. P. 36(a)(1) & (b).  And, the Court may permit an admission to be withdrawn or amended under certain circumstances.  Fed. R. Civ. P. 36(b).  Unless withdrawn or modified, an admission means the matter admitted to is conclusively established for purposes of trial. *Id.*

The following RFAs are at issue:

1. Admit that Campaign team members in 2015-2016 were not informed of the [existence] of an HR director available to them.
2. Admit the name of the Human Resources director(s) from 2015-2020 (this includes any individual handling Human Resources duties, regardless of title).
3. Admit the date on which the decision was made not to hire Plaintiff was December 27, 2024[2] and, if not, the correct date.
4. Admit who is the individual(s) who makes/make any decisions regarding this case, on behalf of Defendant-Campaign.
5. Admit that you cannot produce a document, email, or communication reflecting who made the decision to not provide Plaintiff with a White House job.
6. Admit that you cannot produce a document, email, or communication reflecting the reasons behind the decision to not provide Plaintiff with a White House job.
7. Admit that the Plaintiff may have suffered significant stress during her pregnancy as a result of your actions.
8. Admit that part of the $4.1 million in payments, in the two month period between November 12, 2020 and January 13, 2021 from Defendant-Campaign to Kasowitz Benson Torres LLP were related, or consisted of, settlement payments for staffers, contractors, or vendors of Defendant-Campaign during the 2020 campaign cycle, regarding gender-related (gender discrimination, sexual harassment, and/or pregnancy discrimination) complaints.
9. Admit that you faced concerns raised by, and possible formal complaints from, Hannah Castillo, regarding gender-related discrimination.

The Defendants' answers to the above RFAs can be summarized as follows:

1. Objection on grounds of vagueness and impossible to answer what was communicated to every single employee, but also stating that Lucia Castellano was HR director during the 2016 campaign cycle, and otherwise denying.
2. Objection because the RFA was not properly phrased and was more in the nature of an interrogatory and vague and overbroad.
3. Objection because the RFA was not properly phrased and was more in the nature of an interrogatory, and otherwise denying that Plaintiff's employment was terminated on December 27, 2024.
4. Objection because the RFA was not properly phrased and was more in the nature of an interrogatory and also outside the scope of Rule 26(b)(1) because it seeks irrelevant information.

---

[2] It appears that the RFA may have inadvertently used the year 2024 when it is the Court's understanding that the decision not to hire Plaintiff was made sometime in late 2016 just after the presidential election and before Mr. Trump was sworn into office.

5. Objection on grounds of vagueness and impermissibly seeks "admissions to interpretations of documents."
6. Objection on grounds of vagueness and seeks "admissions to interpretations of documents."
7. Objection on grounds of vagueness and because it asks the Campaign to speculate on Plaintiff's subjective mental state.
8. Objection on grounds that it is more in the nature of a discovery request and not an RFA and seeks irrelevant information that the Court already ruled on.
9. Objection on grounds of vagueness and because it is more in the nature of a discovery request than an RFA and otherwise denying.

The purpose of an RFA is to narrow issues for trial and confirm facts such that they do not need to be established at trial. They are not discovery devices. *Pasternak v. Dow Kim*, 2011 WL 4552389, at *5 (S.D.N.Y. Sept. 28, 2011). Thus, courts generally deny motions to compel responses to RFAs that are lodged to obtain discovery rather than confirm facts, application of facts to law or opinions. *See Republic of Turkey v. Christie's, Inc.*, 326 F.R.D. 394, 399 (S.D.N.Y. 2018) (quoting 7 Moore's Fed. Practice § 36.02(1) (3d ed. 2013)); *Dubin v. E.F. Hutton Grp.*, 125 F.R.D. 372, 375-76 (S.D.N.Y. 1989). Similarly, because admissions establish facts, they need to be phrased in clear terms. Otherwise a motion to compel a response will be denied. *Carver v. Bank of New York Mellon*, 2018 WL 4579831, at *3-4 (S.D.N.Y. Sept. 25, 2018). Relatedly, courts deny RFAs asking a party to interpret the meaning of a document rather than its authenticity. *BAT LLC v. TD Bank, N.A.,* 2018 WL 3626428, at *6 (E.D.N.Y. July 30, 2018). Finally, an RFA cannot seek admission of a legal conclusion. *Rodriguez v. NNR Glob. Logistics USA Inc.*, 2017 WL 11510163, at *4-5 (E.D.N.Y. Mar. 31, 2017).

Plaintiff's RFAs use vague terms and none of the RFAs are properly constructed. For example, the first RFA, "Admit that Campaign team members in 2015-2016 were not informed of the [existence] of an HR director available to them," should have been phrased to say

something along the lines of, "Admit that the Campaign did not inform employees or consultants in writing of the name of its HR director either via a mass distribution or posted policy."  Similarly, the third RFA, "Admit the date on which the decision was made not to hire Plaintiff to work in the White House was December 27, 2024 and, if not, the correct date," should have been phrased to say something along the lines of, "Admit that the decision not to hire Plaintiff for a job in the White House was made on December 27, 2016."  Similarly, RFA 9, "Admit that you faced concerns raised by, and possible formal complaints from, Hannah Castillo, regarding gender-related discrimination," should have been phrased to say something along the lines of, "Admit that Hannah Castillo informed the Campaign that she felt she had been subject to gender-related discrimination while employed by the Campaign."  A number of the RFAs are more in the nature of discovery requests, including RFAs 4 and 8.

This District has published a guide for pro se litigants for drafting RFAs and gives the following helpful guidance:

**What can I request admission to?**
• Facts – for example, that Officers Brown and James were present at the incident
• The law that applies to a fact – for example, that Officers Brown and James are state actors
• The authenticity of documents – for example, that a document is the police report filed by Officers Brown and James relating to the incident

**Are there matters that are not appropriate for requests for admission?**
• Yes. You should not ask other parties to admit to matters that you know are disputed. For example, you should not ask the defendant to admit "that Officer Brown beat me up."

*Discovery Guide for Pro Se Litigants*, United States District Court Southern District of New York,

https://nysd.uscourts.gov/sites/default/files/2018-06/discoveryguide.pdf (last visited June 28,

2024).  It appears Plaintiff did not review this guide or attempt to fashion RFAs consistent with this guidance.

In light of the above, the Defendants' objections to the RFAs are appropriate.[3]

Defendants' objection that Plaintiff sought interpretation of documents through RFAs 5 and 6 is not warranted because the Court does not construe those RFAs as seeking interpretation of documents.  Rather, the Court interprets the RFAs to be seeking an admission that there are no documents (at least none that could be located) identifying the person who made the decision not to hire Plaintiff for a position at the White House or explaining the reason(s) for not hiring her for a position at the White House.  Nonetheless, these RFAs are confusingly phrased and need not be answered as phrased.   Further, Plaintiff does not need to obtain this information via an RFA.  Rather, if she asked for documents reflecting the reasons she was not hired for a job in the White House and the identity of the person who made the decision and none were produced, Defendants should have:  1) produced such documents; 2) stated that they were not able to locate responsive documents after a reasonable search; or 3) stated they were withholding responsive documents pursuant to a specified objection.  This Court does not know whether Plaintiff requested such documents.  In solicitude to Plaintiff, however, if she did request such documents, and if no documents were produced in response to such request, she may ask Defense counsel to confirm in writing that no such documents were located after a reasonable search.  Alternatively, Defendants may provide the bates numbers of

---

[3] The Court notes that the Defendants denied that the decision not to hire Plaintiff to work in the White House was made on December 27, 2024 and admitted that Ms. Castellano was an HR Representative for the Campaign.  Thus, Plaintiff has answers to these topics.

responsive documents produced or, if located but withheld on privilege grounds, point to documents on a privilege log that have been withheld.  Plaintiff may make this inquiry within the next 7 days, and Defendants must answer the inquiry within 7 days thereafter.

Finally, RFA 7, "Admit that the Plaintiff may have suffered significant stress during her pregnancy as a result of your actions," is not phrased to seek an admission of fact, of law applied to fact or opinion.  The RFA comes closest to seeking an admission of opinion regarding Plaintiff's mental state.  But, lay witnesses opinion testimony is "limited to those opinions or inferences which are (a) rationally based on the perception of the witness, (b) helpful to a clear understanding of the witness'[s] testimony or the determination of a fact in issue, and (c) not based on scientific, technical, or other specialized knowledge within the scope of Rule 702 [of the Federal Rules of Evidence]." *See United States v. Garcia*, 413 F.3d 201, 211 (2d Cir. 2005) (quoting Fed. R. Evid. 701).  The RFA does not, however, seek an opinion that meets this criteria.  Further, it seeks an admission on a topic that is disputed – Plaintiff's alleged emotional distress.  Therefore, it is not a proper subject for an RFA.

Accordingly, Plaintiff's motion to compel proper responses to the RFAs is DENIED.

## CONCLUSION

For the reasons set forth below, Plaintiff's motion to compel and for sanctions at ECF Nos. 353 and 355 is DENIED; Plaintiff's motion to compel non-party Brad Parscale to answer certain questions he refused to answer during his deposition at ECF No. 354 is DENIED; and Plaintiff's motion to compel the Defendants to answer certain Requests to Admit at ECF No. 357 is DENIED.  Nonetheless, Plaintiff may make the inquiry concerning the production of two

categories of documents pertaining to the decision not to hire her for a job in the White House as set forth above.  Plaintiff may make this inquiry within the next 7 days, and Defendants must answer the inquiry within 7 days thereafter. Additionally**, by July 3, 2024**, Defendants shall confirm in writing to Plaintiff that they are not withholding written complaints of the type described above, properly requested in discovery and ordered by this Court to be produced.  If in fact there are additional written complaints that were withheld, they must immediately be produced by no later than **July 3, 2024**.

**The Clerk of Court is directed to terminate the motions at ECF Nos. 355 and 357.**

**SO ORDERED.**

New York, New York
June 28, 2024

_____
Katharine H. Parker
U.S. Magistrate Judge