## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

ARLENE J. DELGADO,

               Plaintiff,

v.

DONALD J. TRUMP FOR PRESIDENT, INC.,
*et al.*,

               Defendants.

Case No. 19-cv-11764 (AT) (KHP)

## DEFENDANTS' MEMORANDUM OF LAW IN
## OPPOSITION TO PLAINTIFF'S MOTION TO REOPEN DISCOVERY

Defendants Donald J. Trump for President, Inc. (the "Campaign"), Sean Spicer, and Reince Priebus (collectively, "Defendants") respectfully submit this memorandum of law in opposition to Plaintiff Arlene Delgado's ("Plaintiff" or "Delgado") Motion to Extend Discovery for the ostensible purpose of taking the deposition of Michael Glassner, the Campaign's former Executive Director ("Plaintiff's Motion").  See ECF Nos. 361, 365, 367.

## ARGUMENT

### I.    Legal Standard

As this Court has previously explained, "[a] party seeking to re-open discovery bears the burden of showing good cause, for which the primary consideration is whether there has already been adequate opportunity for discovery."  City of Almaty, Kazakhstan v. Ablyazov, No. 15-cv-05345(AJN)(KHP), 2019 WL 11662228, at *2 (S.D.N.Y. Oct. 24, 2019) (Parker, J).  The party seeking to reopen discovery must also "show why the court's deadlines could not reasonably have been made despite its diligence." Castillio v. ELG Parking Inc., No. 21-cv-2550 (AT)(KHP), 2023 WL 9491724, at *1 (S.D.N.Y. Apr. 4, 2023) (Parker, J).

Consistent with the "wide latitude" courts have to determine the scope of discovery:

> District courts may limit discovery if, among other reasons, they determine certain discovery sought is unreasonably cumulative or duplicative, if the party seeking discovery already had ample opportunity to obtain the information sought, if the discovery is disproportional to the case, or if the burden or expense of the discovery outweighs its likely benefit.

Williams v. NYC Bd. of Elections, No. 23-cv-5460 (AS)(KHP), 2024 WL 3084993, at *1

(S.D.N.Y. June 20, 2024) (Parker, J).

In the instant case, the record is clear that Plaintiff has not exercised any diligence in seeking to take Mr. Glassner's deposition.  To the contrary, as this Court has explained, Plaintiff has been extraordinarily dilatory in seeking to take third party depositions in this case, including that of Mr. Glassner.  Plaintiff has certainly failed to demonstrate the requisite "good cause" required to excuse her repeated failure to comply with the Court's discovery deadlines such that discovery should be reopened for a deposition that Plaintiff could have taken at any point since the inception of this case.

## II.   **Plaintiff is Not Entitled to Reopen Discovery In this Case.**

### A. **Plaintiff Has Had Ample Opportunity to Obtain Discovery About Other Complaints of Gender-Based Discrimination, Including by Deposing Mr. Glassner.**

As explained above, the single most important factor courts consider in determining whether good cause exists to reopen discovery "is whether there has already been adequate opportunity for discovery." Ablyazov at *2.  In the instant case, there is no question that Plaintiff has had more than sufficient time and opportunities to obtain evidence concerning other complaints of gender discrimination, sexual harassment, or pregnancy discrimination (referred to collectively

herein as "<u>Gender-based Discrimination</u>") against the Campaign during the 2016 and 2020 election cycles, which alone warrants denying Plaintiff's Motion in its entirety.

This Court has previously made numerous efforts to allow Plaintiff sufficient time and opportunity to take discovery on other complaints of Gender-based Discrimination against the Campaign during the relevant time period.  Defendants have conducted multiple ESI searches in this case, including using the search terms and custodians requested by Plaintiff herself, and those previously ordered by the Court (which were based on Plaintiff's own statements regarding the individuals who might have received complaints of Gender-based Discrimination (<u>See</u> ECF No. 346 at p. 3)).  Pursuant to these searches, Defendants have located and produced hundreds of pages of relevant documents.  As a result, "at this point, Plaintiff has sufficient information regarding other complaints to prosecute her case and additional searches and additional discovery is not proportional to the needs of the case."  ECF No. 346 at p. 2.  As will be demonstrated below, Plaintiff's speculation that other complaints exist, backed by nothing more than vague and facially incredible claims by an unidentified individual who purportedly worked for the Campaign, does not change the basic fact that Plaintiff has had sufficient opportunity to obtain the discovery about other complaints of Gender-based Discrimination necessary to prosecute her claims.

Similarly, Plaintiff has also had ample opportunity to depose Mr. Glassner.  Plaintiff's Motion attempts to excuse her failure to depose Mr. Glassner by falsely stating that Plaintiff had previously identified Mr. Glassner as a potential deponent "at the time [] set by the Court for third-party depositions."  ECF No. 361 at p. 2.  This is simply not true.  As relevant here, after previously granting Plaintiff multiple discovery extensions – during which time Plaintiff was free to subpoena Mr. Glassner as a witness without any restrictions as to the subject matter of the deposition – the Court had set a discovery cutoff date of November 14, 2023, and further explained, "no further

extension requests will be entertained." ECF No. 157. Despite this warning, shortly before the November 14, 2023, discovery deadline, Plaintiff's counsel requested yet another discovery extension, seeking more than three additional months to complete discovery. ECF No. 162. The Court denied this request, but agreed to extend discovery until December 29, 2023, for the purpose of allowing Plaintiff to depose Mr. Priebus and a FRCP 30(b)(6) representative of the Campaign. ECF No. 164. Moreover, despite previously making clear that it would not entertain any additional discovery extensions, the Court nevertheless gave Plaintiff yet another opportunity to depose Mr. Glassner (her second), or any other third party witness she believed to be relevant, merely requiring her to submit a letter by November 14, 2023 identifying any third party depositions she sought, and explaining why these individuals would be relevant to the claims in the case. Id. Incredibly, by Plaintiff's own admission, her attorney "refused to submit said letter," for no other reason than his unilateral (and incorrect) belief that the requirement that Plaintiff identify her potential third-party deponents beforehand was supposedly "improper." ECF No. 361 at p. 10.

After having made the tactical decision to not comply with the Court's discovery order, Plaintiff nevertheless sought to reopen discovery. In granting Plaintiff's motion, on January 31, 2024, the Court stated that Plaintiff was required to seek leave of the Court to obtain any third-party discovery and must demonstrate that any such proposed discovery could be completed by the new April 15, 2024, discovery cutoff. ECF No. 187. It was only on February 27, 2024, nearly one month later, that Plaintiff first identified Mr. Glassner as a potential deponent in this case. ECF No. 202. The Court granted Plaintiff's request to depose Mr. Glassner on March 1, 2024. ECF No. 204. Plaintiff thus was given *a third* opportunity to take Mr. Glassner's deposition. She once again failed to do so.

Instead, on March 25, 2024, Plaintiff submitted yet another request to extend the discovery deadline, this time blaming the Clerk of the Court for purportedly failing to issue the subpoenas in a timely manner.  ECF No. 218.  As a result, on April 3, 2024, the Court again extended the discovery deadline, this time until May 7, 2024, giving Plaintiff yet *another* opportunity to depose Mr. Glassner, her fourth.  ECF No. 231.

Incredibly, Plaintiff once again failed to exercise even the bare minimum of diligence required to take Mr. Glassner's deposition in a timely manner.  Plaintiff's Motion once again seeks to blame the Clerk of the Court's office for purportedly failing to timely issue the third-party deposition subpoenas she sought, including the one for Mr. Glassner.  However, in doing so, Plaintiff's Motion elides several critical facts that underscore her own dilatory conduct.

In likely recognition of Plaintiff's previous complaints about the Clerk of the Court not executing her deposition subpoenas in a timely fashion, the Court's April 3, 2024 order extending discovery specifically stated that "Plaintiff shall promptly re-file her subpoena requests with revised dates and shall advise the Court by <u>Wednesday April 10, 2024</u> if she has not received the signed subpoenas from the Clerk's office."  ECF No. 231 at p. 5 (emphasis in original).  Despite writing to the Court on other issues on or about April 10, 2024, <u>see</u> ECF No. 236, 237, 240, Plaintiff did not inform the Court that she was unable to receive the signed subpoenas from the Clerk by April 10, 2024.  Indeed, as is apparent from Plaintiff's Motion, she did not even *submit* the subpoenas to the Clerk's office until April 22, 2024.  ECF No. 260.  In other words, despite knowing from her own experience that the Clerk's Office took up to several weeks to execute subpoena requests, Plaintiff inexplicably waited ***three weeks*** from the Court's April 3, 2024 order extending her time to take depositions to even file the subpoena requests with the Clerk's Office. In the process, she simply ignored the Court's April 10, 2024, deadline to inform the Court that

she had not received executed subpoenas (and to seek judicial assistance to expedite the process).

Thus, Plaintiff's Motion's attempt to blame her failure to obtain Mr. Glassner's subpoena on the

Clerk's Office is squarely contradicted by the record in this case.  Instead, Plaintiff's own dilatory

behavior is the sole reason she was not able to previously depose Mr. Glassner.  That same dilatory

behavior forecloses her request to reopen discovery at this stage.

**B. Plaintiff Never Previously Sought Discovery about the Decision Maker Concerning the Campaign's Decision to File an Arbitration Against Her for Breaching her NDA.**

Plaintiff also seeks to justify her request for additional discovery by pointing to a filing in

a separate case, which she says indicates that Mr. Glassner made the decision to file an arbitration

against her for breaching her NDA with the Campaign.  But this is nothing more than a red herring,

added to mislead the Court.

Notably, Plaintiff never states that Defendants concealed the identity of the individual who

made the decision to file the arbitration against her.  To the contrary, Plaintiff has not sought this

information from Defendants at any point during discovery in this case.  Plaintiff's Interrogatories

did not ask Defendants to identify the individual(s) who played a role in deciding to bring a claim

against her for breaching her NDA with the Campaign.  See Gavenman Decl., Ex. A.  Similarly,

Plaintiff's Notice of Deposition for the Campaign's 30(b)(6) witness did not even list the

arbitration against her as a topic to be discussed, to say nothing of the individual who made the

decision to bring claims against her.  See Gavenman Decl., Ex. B.  Relatedly, she never asked the

Campaign's 30(b)(6) representative during his deposition about the identity of the individual who

made the decision to bring a claim against her for breaching her NDA.

Plaintiff has had ample opportunities to seek discovery about the individual who made the

decision to bring a claim against her, to the extent that she believed it was relevant.  She made the

tactical reason not to do so at any point during the discovery process.  She should not be permitted to reopen discovery on an issue she made no previous effort to litigate, despite being able to do so.

### C. The Other Factors Considered by Courts Also Warrant Denial of Plaintiff's Request to Reopen Discovery.

Even if Plaintiff had not had ample opportunity to seek discovery about other complaints of Gender-based Discrimination, to learn the identity of the individual who made the decision to initiate the arbitration against her, and to depose Mr. Glassner – which, to be clear, she has – she still cannot demonstrate that good cause exists to reopen discovery.  In determining whether good cause exists to reopen discovery, aside from the primary factor of Plaintiff's opportunity to seek discovery during the discovery period, courts in this circuit also consider the following secondary factors:

> (1) whether trial is imminent, (2) whether the request is opposed, (3) whether the non-moving party would be prejudiced, (4) whether the moving party was diligent in obtaining discovery within the guidelines established by the court, (5) the foreseeability of the need for additional discovery in light of the time allowed for discovery by the district court, and (6) the likelihood that the discovery will lead to relevant evidence.

Bakalar v. Vavra, 851 F. Supp. 2d 489, 493 (S.D.N.Y. 2011).  Here, none of these factors support granting Plaintiff's motion.

First, although a trial date has not been set, the Court has set a summary judgment briefing schedule and Defendants are marshalling their evidence, based on the existing evidentiary record, to support their motion for summary judgment.  This factor weighs in favor of denying Plaintiff's Motion.  See, e.g., City of Almaty, Kazakhstan v. Ablyazov, No. 15-cv-05345(AJN)(KHP), 2019 WL 11662228, at *2 (S.D.N.Y. Oct. 24, 2019) (Parker, J) (denying a motion to reopen discovery

and explaining that "Discovery has ended, and although trial in the Underlying Action has not been scheduled, the parties will begin briefing summary judgment motions in the near future").

Second, Defendants firmly oppose Plaintiff's Motion.  Third, Defendants would clearly be prejudiced were Plaintiff's Motion granted.  Having to prepare for Mr. Glassner's deposition would take time away from Defendants' preparation of their summary judgment papers. Additionally, Defendants would also be required to incur substantial legal fees from preparing for, and potentially defending, Mr. Glassner's deposition.  See, e.g., Gao v. Savour Sichuan Inc., No. 19-cv-2515(JPC)(KHP), 2021 WL 4892864, at *2 (S.D.N.Y. Oct. 20, 2021) (Parker, J) ("as the non-moving party, the Court finds that Defendants would be prejudiced should discovery be reopened given the additional legal fees related to preparing for and holding depositions and reviewing documents to be produced").

Fourth, as explained above, Plaintiff was clearly not diligent in seeking Mr. Glassner's deposition.  As this Court has previously explained, "Plaintiff, previously represented by counsel, has had more than adequate time to conduct third-party depositions.  *That they did not conduct all of the discovery Plaintiff wants does not justify extending discovery*."  ECF No. 312 at p. 8 (emphasis added).  Had Plaintiff, through her prior counsel, sought to take Mr. Glassner's deposition at any point between August 16, 2022 (when the Scheduling Order was initially entered in this case, ECF No. 103) and November 14, 2023, she would have been free to depose Mr. Glassner about any subject related to this case.  She did not do so.[1]  Subsequently, Plaintiff was

---

[1]    Although Plaintiff seeks to blame her prior counsel for failing to complete discovery, including third party discovery, in a timely fashion, as this Court has explained, "'Absent extraordinary circumstances, a client assumes the risk of his attorney's actions and is bound even by the consequences of his attorney's negligence' even if that results in a party not obtaining certain discovery."  ECF No. 312 at p. 8 (quoting Lastra v. Weil, Gotshal & Manges LLP, No. 03-cv-8756(RJH)(RLE), 2005 WL 551996 at *4 (S.D.N.Y. Mar. 8, 2005)).

given at least three additional opportunities to depose Mr. Glassner.  Again, she failed to do so, based in large part on Plaintiff and her counsel's unilateral belief that this Court's efforts to manage the discovery process were somehow "improper."

Plaintiff's most recent failure to secure Mr. Glassner's deposition is particularly instructive. Plaintiff claimed that she was unable to comply with the Court's previous deadline to take third party depositions, including Mr. Glassner's, because of the purported negligence on the part of the Clerk's Office, which she contended took over three weeks to return the executed deposition subpoenas.  The Court, "in an abundance of solicitude to the Plaintiff" granted her yet another extension to take these third party depositions, until May 7, 2024.  See ECF No. 312.  In yet another example of the "solicitude" the Court showed towards Plaintiff, the Court specifically instructed her to submit a letter by April 10, 2024, in the event that she was not able to receive the signed subpoenas back from the Clerk's Office by that date.  Not only did Plaintiff fail to write to the Court by April 10, 2024, she did not even request the subpoenas until April 22, 2024, three weeks after she was first permitted to do so.  Plaintiff offers no excuse for her dilatory behavior.[2]  Instead, she unfairly maligns the Clerk's Office for delaying a week before sending her the executed subpoenas.  Given that Plaintiff knew it could take several weeks for the Clerk's Office to return executed subpoenas, her failure to act in a diligent manner is the sole reason that she has not already deposed Mr. Glassner to date.

---

[2]      Given that Plaintiff had previously drafted third party deposition subpoenas for the same witnesses and submitted them to the pro se office in March 2024, it would have been simple and straightforward for her to send those same subpoenas, with new dates, to the pro se intake office immediately after receiving the Court's April 3 Order.  Had she done so, she would have either received the executed subpoenas by April 10, 2024, or could have written to the Court by that date informing Your Honor that she had not received the subpoenas.  Then, the Court could have taken steps to ensure that they were filed on the docket immediately, giving Plaintiff ample time to serve the subpoenas, and take the third party depositions, prior to the close of discovery.

Plaintiff's lack of diligence is further underscored by the very text messages she uses to support her argument that the Campaign is withholding documents concerning other complaints of Gender-based Discrimination (the "Text Messages"). Plaintiff's Motion attempts to frame the Text Messages as an example of a former supposed employee of the Campaign voluntarily reaching out to Plaintiff after becoming "motivated to speak up" in light of developments in this case. ECF No. 261 at p. 5. However, the Text Messages themselves depict a far different story. It was Plaintiff who proactively reached out to the individual in the Text Messages last month, *after* discovery had already closed. Plaintiff has offered no explanation as to why she did not ask this individual about their knowledge about supposed Gender-based Discrimination complaints at any point in the last two years during which discovery was pending.[3] It was incumbent upon Plaintiff to reach out to this person earlier to determine what information they knew that would be relevant to this case. Instead, she waited until June 12, 2024 to do so, well after every discovery cutoff in this case, and in the process denying Defendants any opportunity to test the veracity of these claims during discovery. Once again, Defendants should not be punished by having to submit to the time and cost associated with additional discovery due to Plaintiff's lack of diligence.

Fifth, reopening discovery at this stage would undoubtedly require additional discovery in this case. At a minimum, Defendants would need to depose the unidentified individual who is claiming that Mr. Glassner told them about other complaints of discrimination, given this person's representations to Plaintiff. Moreover, given Plaintiff's pattern of conduct in this case, constantly seeking additional discovery based on the thinnest of reasons, allowing her to depose Mr. Glassner

---

[3] If Plaintiff knew that she had access to a supposedly high-ranking official with the Campaign who was aware of potentially relevant information, that individual should have been identified in Plaintiff's Initial Disclosures. Again, because Plaintiff unilaterally concealed the name of the individual in the Text Messages, it is impossible to determine whether Plaintiff has complied with her own discovery obligations in this case.

would undoubtedly lead to additional motion practice (and motions for reconsideration, and Rule 72 motions to Judge Torres) about various fishing expeditions in which she intends to engage for additional discovery.

Sixth, there is no reason to believe that the deposition of Mr. Glassner would lead to additional relevant evidence.  Defendants have already compiled Mr. Glassner's available ESI, conducted searches of his ESI pursuant to the terms set forth in the Court's May 14, 2024, discovery order, and produced the responsive documents.  ECF No. 312.  Plaintiff relies on the Text Messages to support her argument that the Campaign is withholding documents concerning other complaints of Gender-based Discrimination.  Plaintiff's argument is incorrect, distorts the record in this case, and is based on speculation that is not even supported by the Text Messages.

As a threshold matter, Plaintiff has unilaterally (and improperly[4]) redacted several key pieces of information from the Text Messages and has also edited the Text Messages by, *inter alia*, seemingly cutting and pasting only parts of the conversations contained therein and excluding others.  ECF No. 367.  Based on Plaintiff's redactions, it is simply impossible to tell the identity of the individual with whom Plaintiff is communicating; what his or her title/position was with the Campaign to assess whether his or her claims that Mr. Glassner told this person about purported settlements is in any way credible; who was the subject of these supposed complaints; or the subject matter of the complaints.  Without this information, it is impossible for the Court or

---

[4]     As Plaintiff herself admits, the information that she has redacted "did not seem to meet the standard" for this Court's Individual Rules of Practice for filing material under seal.  ECF No. 367 at p. 4.  Plaintiff should not be allowed to conduct an end-run around this Court's rules by making unilateral decisions about what information she can and cannot withhold from Defendants, and the public.

Defendants to properly assess the validity of this information.[5]  It cannot be that Plaintiff can establish good cause to reopen discovery merely by providing an unverifiable statement from an unidentified individual – amounting to double hearsay – claiming to know that the Campaign settled Gender-based Discrimination lawsuits.

Separately, the Text Messages themselves do not indicate that Mr. Glassner has any additional information to which Plaintiff is entitled.  There is no evidence that any of the complaints referenced in the Text Messages were ever submitted to anyone in the Campaign in writing.  To the extent that the individual in the Text Messages is contending that the Campaign received unwritten complaints of Gender-based Discrimination, this Court has already held that any request for "unwritten complaints" of Gender-based Discrimination "is unreasonable and inconsistent with the type of discovery that is ordered by courts in this Circuit and that was contemplated by this Court."  ECF No. 312 at p. 4.

In terms of written complaints, Defendants have now conducted two separate ESI searches in this case, the first based on custodians and search terms that Plaintiff herself proposed and the second based on custodians and search terms that the Court required.  As a result of these searches, Defendants have already produced hundreds of pages of documents in discovery.  There is simply nothing in the Text Messages to support the fact the supposed "multiple" suits that the Text Messages reference were not already included in Defendants' previous production, nor can

---

[5]      On June 28, 2024, Defendants requested that Plaintiff produce the unredacted version of the Text Messages to allow them to properly respond to Plaintiff's Motion, and have offered to allow her to designate them "Confidential" pursuant to the parties' Protective Order in this case. To date, Plaintiff has not responded to this request.  To the extent that the Court allows Plaintiff to submit unredacted portions of the Text Messages, Defendants respectfully request that she be required to produce the full, unedited conversation of the Text Messages.  Moreover, Defendants also respectfully request the opportunity to supplement their opposition to Plaintiff's Motion to address the information that Plaintiff is actively concealing.

Plaintiff claim otherwise.  There is therefore no basis to reopen discovery to allow Plaintiff to depose Mr. Glassner.

## **CONCLUSION**

For the foregoing reasons, Defendants respectfully requests that the Court deny Plaintiff's Motion in its entirety.

Dated: July 3, 2024

**SCHULMAN BHATTACHARYA, LLC**

By:  /s/ Jeffrey S. Gavenman

Jeffrey S. Gavenman
6116 Executive Boulevard, Suite 425
North Bethesda, Maryland 20852
and
240 West 40th Street
New York, NY 10018
Tel.: (240) 356-8553
Facsimile: (240) 356-8558
Email: jgavenman@schulmanbh.com