**SCHULMANBHATTACHARYA**   6116 Executive Boulevard, Suite 425, North Bethesda, Maryland 20852  240.356.8551

JEFFREY S. GAVENMAN

**direct dial** 240.356.8553   **email** jgavenman@schulmanbh.com

July 5, 2024

**VIA ECF**

The Honorable Katharine H. Parker
United States District Court
500 Pearl Street, Room 750
New York, NY 10007

*Re:   Delgado v. Donald J. Trump for President, Inc., et. al.* **No. 19-cv-11764 (AT)(KHP)**

Dear Judge Parker:

We write respectfully on behalf of Defendants Donald J. Trump for President, Inc. (the "Campaign"), Sean Spicer, and Reince Priebus (together "Defendants") in the above-captioned case to briefly address Ms. Delgado's July 4, 2024 filing (the "July 4 Filing") providing partially unredacted versions of the text messages upon which she relies to support her motion to reopen discovery (the "Plaintiff's Motion"). ECF No. 376.

First, contrary to what Plaintiff claims in the July 4 Filing, Plaintiff did not respond to my June 28, 2024 e-mail requesting full, complete, and unredacted versions of the text messages that she claims support Plaintiff's Motion. After reviewing her July 4 Filing stating otherwise, I demanded that she send me a copy of her purported June 30 response; of course, since Plaintiff never sent such a response, she could not, and did not, send me her June 30 response; rather, she responded by claiming that there must have been an error with her email system that somehow prevented her response from being sent.

Second, notwithstanding the claims made in her July 4 Filing, it is clear that Plaintiff inexplicably continues to withhold relevant information from the Text Messages. Specifically, Plaintiff has only provided an unredacted version of some, but not all, of the Text Messages that she originally used to support her motion to reopen discovery. Compare ECF No. 367 at p. 6 with ECF No. 376 at p. 3. In ECF No. 367, Plaintiff made five redactions to the Text Messages on p. 6; in the July 4 Filing, only three of the redactions have been lifted; Plaintiff chose to entirely remove the second set of texts with Ms. Ellis—which contain the two additional redactions—rather than reveal that unredacted text. Furthermore, Plaintiff has also refused to produce the full set of relevant text messages with Ms. Ellis, which would show the context of Ms. Ellis's statements to Plaintiff. As explained in Defendants' opposition to Plaintiff's Motion, Plaintiff cannot unilaterally decide to withhold and/or redact portions of the Text Messages in contravention of the Court's rules that apply to all other litigants. It is similarly improper for Plaintiff to disclose this purported evidence in stages, at her leisure, forcing Defendants to expend the time and resources to respond to each successive filing.

SCHULMANBHATTACHARYA

Page | 2

Third, nothing about the portion of the unredacted Text Messages that Plaintiff filed support Plaintiff's motion to reopen discovery. As explained in Defendants' opposition to Plaintiff's Motion, Plaintiff has had ample time and opportunity to take fulsome discovery in this case, including the deposition of Mr. Glassner. Further, Plaintiff had every opportunity to reach out to Ms. Ellis at any point during the nearly two years in which the parties were engaged in discovery; yet she failed to do so until after discovery closed. Her failure is especially notable since it was Plaintiff who proactively contacted Ms. Ellis on June 12, 2024. Given Plaintiff's apparent belief that Ms. Ellis would have information that was relevant to the case, it is inexcusable that she did not simply reach out to Ms. Ellis during discovery, rather than after it closed. Again, this failure falls squarely on the shoulders of Plaintiff.

Moreover, the Text Message have essentially no value in the consideration of Plaintiff's motion. Ms. Ellis does not even purport to have any firsthand knowledge of any settlements or claims of gender-related discrimination. In fact, in the portion of the Text Messages that Plaintiff produced in redacted form in ECF No. 367—but failed to produce in unredacted form in ECF No. 376—Ms. Ellis makes clear that "all [she] knows" is something she was purportedly told by Glassner. ECF No. 367 at p. 6. Worse still, because Plaintiff continues to refuse to produce an unredacted, full copy of her texts with Ms. Ellis, there is no way of knowing what Ms. Ellis even purports to have been told by Mr. Glassner.

Furthermore, Defendants have thoroughly met their obligation to conduct a reasonable search, and have found ***no evidence*** of any gender discrimination, sexual harassment, or pregnancy discrimination claims against (or settlements related to) the Campaign involving anyone named "Boris." And, the actual complaints of gender discrimination, sexual harassment, or pregnancy discrimination that were located, have already been produced to Plaintiff in the course of discovery. Plaintiff is simply using Ms. Ellis' specious claims, which, again, amount to double hearsay, to reopen discovery and force Defendants to expend time and to incur the substantial legal costs additional discovery would entail.

As this Court noted in ECF No. 371 in reference to Ms. Castillo, refusing to permit this discovery does not preclude Plaintiff from speaking to Mr. Glassner, asking Mr. Glassner to voluntarily provide an affidavit, or subpoenaing Mr. Glassner for trial. But, as this Court has explained, "discovery in this case must come to a close." ECF No. 324 at p. 3. This is particularly true when Plaintiff is seeking third party discovery on the basis of supposed evidence that does not support her arguments and that she has unilaterally decided to conceal from the Court and Defendants.

We thank the Court for its time and attention in this matter.

Respectfully,

/s/ Jeffrey S. Gavenman
Jeffrey S. Gavenman