```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 7/10/2024
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
ARLENE DELGADO,

                                   Plaintiff,

         -against-

DONALD J. TRUMP FOR PRESIDENT, INC.,
TRUMP FOR AMERICA, INC., SEAN SPICER,
individually, REINCE PRIEBUS, individually,
STEPHEN BANNON, individually,

                                  Defendants.
-----------------------------------------------------------------X

19-CV-11764 (AT) (KHP)

**ORDER**

**KATHARINE H. PARKER, UNITED STATES MAGISTRATE JUDGE:**

      Plaintiff Arlene Delgado has moved to reopen discovery for purposes of deposing Michael Glassner concerning discrimination complaints filed against Donald J. Trump For President, Inc. (the "Campaign") and the decision to initiate an arbitration proceeding against her. (ECF Nos. 361, 365, 367 and 380.) Plaintiff asserts that she was unable to timely subpoena and depose Glassner because the Clerk of Court's office delayed issuing Glassner's subpoena. Plaintiff also states that Jenna Ellis, a former lawyer for the Campaign, disclosed to Plaintiff that the Campaign had settled several claims of gender-based discrimination against an individual identified as "Boris" and advised Plaintiff to subpoena Glassner. Finally, Plaintiff references transcripts from a deposition in an unrelated case in which Glassner testified that he made the decision to sue Plaintiff for violating a nondisclosure agreement (the "NDA") with the Campaign. Defendants oppose Plaintiff's motion on the grounds that Plaintiff failed to exercise diligence during discovery when she could have deposed Glassner and that reopening discovery now would be prejudicial because the parties have commenced summary judgment briefing. (ECF Nos. 374, 378.) Defendants also state that Plaintiff already received discovery from Glassner

regarding complaints because they searched Glassner's ESI pursuant to the Court's May 14, 2024 Order and produced responsive documents.

"A district court has wide latitude to determine the scope of discovery." *In re Agent Orange Prod. Liability Litig.*, 517 F.3d 76, 103 (2d Cir. 2008). District courts may limit discovery if, among other reasons, they determine certain discovery sought is unreasonably cumulative or duplicative, if the party seeking discovery already had ample opportunity to obtain the information sought, if the discovery is disproportional to the case, or if the burden or expense of the discovery outweighs its likely benefit. Fed. R. Civ. P. 26(b)(1-2). Importantly, under Rule 16(b), district courts are required to enter scheduling orders "that limit the parties' time to complete discovery." *McKay v. Triborough Bridge & Tunnel Auth.*, No. 05 Civ. 8936(RJS), 2007 WL 3275918, at *1 (S.D.N.Y. Nov. 5, 2007). Reopening discovery after the discovery period has closed requires a showing of good cause. *Eng–Hatcher v. Sprint Nextel Corp.*, No. 07 Civ. 7350 (BSJ)(KNF), 2008 WL 4104015, at *1 (S.D.N.Y. Aug. 28, 2008).

Here, Plaintiff has not shown good cause to reopen discovery for purposes of deposing Glassner. The Court's April 3, 2024 Order extending discovery instructed Plaintiff to alert the Court by April 10, 2024 if she had not received the signed subpoenas from the Clerk's office. (ECF No. 231.) Despite this explicit instruction, Plaintiff waited until April 22, 2024 to file the Glassner subpoena request. (ECF No. 260.) Such conduct does not demonstrate diligence. Further, Plaintiff has already been granted extensions of discovery for purposes of exploring complaints of discrimination and harassment and has received the results of a search of Glassner's ESI. This Court has previously denied Plaintiff's request to obtain information about settlements of suits. (ECF No. 371.) The information Ellis provided about settlements does not

justify revisiting this Court's prior orders or suggest that the search of Glassner's ESI was incomplete.  The other information Glassner has knowledge about could have been sought earlier in discovery and that Plaintiff now knows Glassner made the decision to initiate the arbitration against her does not justify reopening discovery, particularly when she took a Rule 30(b)(6) deposition during which she could have explored information about commencement of the arbitration. Finally, the deadline for the parties to file motions for summary judgment is fast approaching.  Reopening discovery would risk further delaying motion practice and prejudice the Defendants.  For all these reasons, Plaintiff's motion is DENIED.  This Order is without prejudice to Plaintiff subpoenaing trial witnesses of her choice, including Glassner or others with information that reveals admissions of a party.

**The Clerk of Court is respectfully directed to terminate the motions at ECF Nos. 361, 365, and 367.**

SO ORDERED.

New York, New York
July 10, 2024

_____
Katharine H. Parker
U.S. Magistrate Judge