

Michael T. Madaio, Esq.
Partner
mmadaio@habbalaw.com
Admitted to practice in NJ, NY & PA

July 11, 2024

**Via ECF**
The Honorable Katharine H. Parker
United States District Court
Southern District of New York
500 Pearl Street, Room 750
New York, New York 10007

  Re: *Delgado v. Donald J. Trump for President, Inc., et al.,* No. 19-cv-11764 (AT)(KHP)
    <u>Opposition to Motion for Reconsideration</u>

Dear Judge Parker:

  As you are aware, my office represents non-party, Eric Trump ("Mr. Trump"), in connection with the above-referenced action. Please accept this letter brief in opposition to the motion for reconsideration (ECF 379) filed by the plaintiff, Arlene Delgado ("Plaintiff").

  Motions for reconsideration are "generally not favored and [are] properly granted only upon a showing of exceptional circumstances." *Pichardo v. Ashcroft,* 374 F.3d 46, 55 (2d Cir. 2004). Indeed, as this Court has recognized, a motion for reconsideration is "an extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources." *Delgado v. Donald J. Trump for President, Inc.*, No. 19-cv-11764, 2024 WL 2882095, at *1 (S.D.N.Y. June 7, 2024) (quoting *In re Health Mgmt. Sys.. Sec. Litig.,* 113 F. Supp. 2d 613, 614 (S.D.N.Y. 2000)). "[R]econsideration will generally be denied 'unless the moving party can point to controlling decisions or data that the court overlooked – matters, in other words, that might reasonably be expected to alter the conclusion reached by the court.'" *Pearlstein v. BlackBerry*, No. 13-cv-07060, 2019 WL 5287931, at *1 (S.D.N.Y. Sept. 20, 2019) (quoting *Shrader*, 70 F.3d at 257 (2d Cir. 1995)). The determination of whether to grant or deny a motion for reconsideration lies squarely within the Court's discretion. *See Baker v. Dorfman,* 239 F.3d 415, 427 (2d Cir. 2000).

  Here, Plaintiff contends that reconsideration is warranted because the Court made a "critical error regarding the underlying facts" when it held that the common interest doctrine applies to certain communications between Mr. Trump, the Trump Organization, and/or the Campaign. ECF 379 at 1.[1] According to Plaintiff, the Court mistakenly applied the privilege to communications predating August 2019 based on the mistaken belief that there were "threatened

---

[1] Plaintiff also argues that "the Court violated her due process by not permitting her to respond to . . . [Mr.] Trump's June 4th letter" or to "file an updated Motion to Compel based on the new privilege log." ECF 379 at 2. This new argument is improperly raised for the first time in her motion for reconsideration. *See, e.g., Phillips v. City of New York*, 775 F.3d 538, 544 (2d Cir. 2015) (noting that "arguments raised for the first time in plaintiff's motion for reconsideration" were "not properly presented to the district court."). Further, Plaintiff's position misses the mark since she did in fact respond to Mr. Trump June 4 letter, *see* ECF 368, and addressed the revised privilege log in that response, *see id.* at 1-3. In any event, the motion was fully briefed, and the Court considered all motion papers and supplemental filings, *see* ECF 366 at 2, n.1, so there is no conceivable violation of due process.

claims, in the counterclaims [Plaintiff] put forth in the [2017 arbitration], against the Campaign and Eric Trump." *Id*. Plaintiff's position is wholly without merit.

As a threshold matter, the argument advanced by Plaintiff is not the proper subject of a motion for reconsideration. While Plaintiff attempts to frame her motion as one premised on a "clear error" of the Court, ECF 379 at 2, she does nothing more than express her discontent with the Court's ruling and rehash the same arguments she put forth in her initial motion. *Compare* ECF 368 at 2-3 ("Eric Trump was not [] facing litigation or threatened litigation by Plaintiff (at least not anytime in 2017, 2018, or most of 2019." (emphasis removed)); *to* ECF 379 at 1 ("Plaintiff never threatened any claim against Eric Trump in either the litigation she 'threatened' to file in 2017 in court – nor in the counterclaims she asserted in the AAA matter." (emphasis removed)). It is well established that these types of duplicative arguments are not subject to reconsideration. *See, e.g.*, *Shrader,* 70 F.3d at 257 (noting that a motion for reconsideration should be denied "where the moving party seeks solely to relitigate an issue already decided."); *Davidson v. Scully,* 172 F. Supp. 2d 458, 461 (S.D.N.Y. 2001) ("[A] motion for reconsideration may not be used . . . as a vehicle for relitigating issues already decided by the Court.").

Assuming *arguendo* that this Court is inclined to consider Plaintiff's application, it should reject her position as meritless. In her motion, Plaintiff blatantly mischaracterizes the Court's reason for finding that certain pre-August 2019 communications are protected by common interest privilege. Mr. Trump argued, and the Court agreed, that "he and the Campaign shared a common legal interest, namely, enforcement of a confidentiality agreement that protected [him], the Trump Organization and the Campaign in an arbitration proceeding brought against [Plaintiff]." ECF 366 at 11. Plaintiff wholly ignores this aspect of the Court's decision, which made clear that the common interest privilege arose from the parties' joint *enforcement* of the confidentiality agreement in the arbitration, not their joint *defense* of any counterclaims levied by Plaintiff.

Plaintiff's position is further undermined by the fact that she has no knowledge of the contents of the communication that the Court determined to be privileged. The Court, on the other hand, "carefully reviewed" the communications at issue and correctly observed that many of the pre-August 2019 communications "concern the conveyance of legal advice or requests for legal advice regarding the arbitration . . . or the settlement of the dispute[]." ECF 366 at 11. Plaintiff simply has no basis to dispute that finding.

## Conclusion

Based on the foregoing, it is respectfully requested that Plaintiff's motion for reconsideration be denied in its entirety.

Respectfully submitted,

Michael T. Madaio, Esq.
For HABBA MADAIO & ASSOCIATES LLP

cc: All Counsel of Record (via ECF)