**SCHULMANBHATTACHARYA**    6116 Executive Boulevard, Suite 425, North Bethesda, Maryland 20852   240.356.8550

**JEFFREY S. GAVENMAN**
**direct dial** 240.356.8553   **email** jgavenman@schulmanbh.com

July 18, 2024

**VIA ECF**

The Honorable Katharine H. Parker
United States District Court
500 Pearl Street, Room 750
New York, NY 10007

**Re:    *Delgado v. Donald J. Trump for President, Inc., et. al.* No. 19-cv-11764 (AT)(KHP)**

Dear Judge Parker:

We write respectfully on behalf of Defendants Donald J. Trump for President, Inc. (the "Campaign"), Sean Spicer, and Reince Priebus (together "Defendants") in the above-captioned case in response to Plaintiff's July 15, 2024 letter ostensibly styled as a motion to compel discovery ("Plaintiff's Motion"). ECF No. 384. For the reasons set forth below, Plaintiff's Motion should be denied for several reasons.

First, Plaintiff's Motion is plainly untimely. Discovery in this case closed on May 7, 2024. Plaintiff did not even request these documents from Defendants until May 30, 2024, well after the close of discovery. Plaintiff cannot continually act as if the Court's discovery deadlines are merely loose guidelines that she is free to ignore at her leisure. Indeed, Plaintiff has not even attempted to show good cause as to why discovery should be reopened for the purposes of her ostensible motion to compel additional discovery. As the Court has recently held in denying a previous motion by Plaintiff to reopen discovery, "the deadline for the parties to file motions for summary judgment is fast approaching. Reopening discovery would risk further delaying motion practice and prejudice the Defendants." ECF No. 381 at p. 3. Once again, Defendants are forced to spend time and resources to oppose a motion that should properly be spent on preparing their summary judgment papers.

Second, Plaintiff once again has failed to provide even basic facts about the information she is claiming that Defendants are ostensibly withholding improperly and why such information is relevant to this case. Instead, she provides a cursory statement that the documents she seeks are relevant to her "hostile work environment claim and to the Campaign's ineffective Human Resources Department." ECF No. 384. However, without identifying the specific documents she seeks it is impossible to adjudicate the merits of Plaintiff's arguments and both Defendants and the Court are left to speculate as to the veracity of her claims. This is now the second time that Plaintiff has unilaterally decided to omit key information in a motion to compel. *See* ECF No. 374 at pp. 11-12. Plaintiff should not be permitted to impede Defendants' ability to oppose her motions by withholding information central to her arguments. If Plaintiff believed information should not be filed publicly, it is her responsibility to follow the Court's sealing rules, of which she has already

SchulmanBH.com

admitted being aware. *See* ECF No. 367 at p. 4. The Court has instituted those rules for a reason and Plaintiff is not free to disregard them simply because she chooses to do so.

Third, Defendants suspect that Plaintiff is seeking emails that were produced by Jessica Denson, in the case she filed in New York state court against the Campaign styled *Denson v. Donald J. Trump for President, Inc.*, 101616-2017 (NY Sup. Ct. 2017) (the "Denson Case"). If this is indeed the case – and, again Defendants must speculate because of Plaintiff's refusal to identify the subject matter of her own motion – then it explains why Plaintiff chose not to identify these documents and why she did not provide additional information as to their relevance. Put simply, these e-mails are wholly irrelevant to the instant case and are not responsive to any of Plaintiff's document requests. These e-mails were sent by Ms. Denson's ***mother*** (who was not affiliated with the Campaign in any way) to the personal e-mail address of someone who worked for the Campaign. Ms. Denson was not copied on the e-mails, and there is no evidence that she was even aware of them. More importantly, there is no evidence that Plaintiff was ever aware of the e-mails while she worked with the Campaign.[1]

Thus, Plaintiff's claims that these e-mails are relevant to her hostile work environment claim are patently false. In order to establish a hostile work environment claim, the plaintiff must demonstrate some basis to impute the discriminatory conduct to the employer. *Dabney v. Christmas Tree Shops*, 958 F. Supp. 2d 439, 460 (S.D.N.Y. 2013). Where, as here, the plaintiff seeks to hold her employer liable for comments made by someone who is not an employee, a plaintiff must demonstrate that the "1) the employer exercises a high degree of control over the behavior of the non-employee, and (2) the employer's own negligence permits or facilitates that non-employee's discrimination." *Ball v. Marriott Int'l. Inc.*, 627 F. Supp. 3d 296, 318 (S.D.N.Y. 2022). Plaintiff cannot make either showing in the instant case. Defendants had no control over the e-mails sent by Ms. Denson's mother or her personal opinions about Plaintiff. Nor could they discipline Ms. Denson's mother or take any action to prevent Ms. Denson's mother from sending an e-mail to the personal e-mail address of someone who worked for the Campaign.

Moreover, given that there is no indication that Ms. Denson herself was aware of her mother's comments, the Campaign could not have taken any disciplinary action against her either. Similarly, no one in the Campaign's Human Resources department was ever made aware of the comments made by Ms. Denson's mother, nor was there any reason that they should have been made aware of the personal opinions of a third party. In sum, there is no credible argument that Plaintiff could make that the opinion of a coworker's mother—a coworker that Ms. Delgado herself testified she "had very limited interaction with" (*see* Ex. A)—conceivably impacted Ms. Delgado's work environment. This is especially true where, as here, Plaintiff was not even aware of these e-mails until more than seven years after she ceased working at the Campaign. Plaintiff's Motion should therefore be denied in its entirety.

---

[1] Notably, *arguendo*, even if Plaintiff belatedly suggests that she was aware of such emails while she worked at the Campaign (and, again, there is no evidence to suggest that is the case), it would not assist her in Plaintiff's Motion, as such would only reinforce that Plaintiff's Motion should be denied because it is untimely.

**SCHULMAN**BHATTACHARYA

Page | 3

We thank the Court for its time and attention in this matter.

           Respectfully,

           /s/ Jeffrey S. Gavenman
           Jeffrey S. Gavenman