July 19, 2024

Hon. Magistrate Parker
United State District Court, S.D.N.Y.
500 Pearl Street, Courtroom 17D
New York, NY 10007

<u>RE</u>: *improper letter from Defendants on July 18, 2024 / documents must be produced*

Your Honor,

I am the *pro-se* Plaintiff in the above-mentioned matter, hereinafter referred to in first person or as "Plaintiff." I write regarding Defendants' July 18th letter.

Defendants' letter is riddled with misrepresentations and improper argument to the Court.

First, Defendants make an outrageous misrepresentation to this Court. ***They claim they are forced to guess, "speculate", and "suspect" the documents that Plaintiff seeks.*** In Plaintiff's email to Defendants' counsel, the email that Defendants themselves reference in the letter (Plaintiff's "May 30th" email), Plaintiff <u>explicitly</u> described, in detail, the two documents she sought: "two emails", including the sender, the recipient, the dates, and the subject of the emails. This is what Plaintiff wrote in her May 30th email to Mr. Gavenman (Defendants' counsel):

> *....there are at least two emails from the Denson case that should have been produced in my case, as relevant, in Response to, e.g., Category 1 of Plaintiff's Request for Production, as is denotes hostile work environment. There are apparently two emails from the other of a staffer, Jessica Denson, to Steve Bannon, one from November 2016 and the other from late December 2016/early January 2017... referring to me as a "slut." Please produce those....*

Mr. Gavenman responding stating he would look into and respond, but then never did. Plaintiff followed up on that specific email, to no avail. On July 5th, once Plaintiff *again* followed up, Mr. Gavenman responded:

> *Are you referring to an email produced by Denson in the Denson case? Why would an email sent by someone's mother, which you, apparently, have never seen, be relevant to your case? And, to which of your RPDs would such a document be responsive?*

Plaintiff responded by explaining why and how the two (she corrected Mr. Gavenman) emails were relevant *and* even provided the exact Requests for Production whose category they fell under. In fact, these emails are relevant enough that the reason Plaintiff knows of their existence is that Defendant-Campaign itself questioned Ms. Denson about the emails in Ms. Denson's deposition!

Mr. Gavenman then went silent. Plaintiff had no choice but to file a letter-motion.

Despite all this, Mr. Gavenman has the audacity to write in his letter yesterday, 'Gee, we don't know what documents she is referring to!', when it was all explicitly clear and, per his own emails responding to Plaintiff previously, he knows exactly what the documents are. Defendants lack the ethics, and have abundant audacity, to write the following in their July 18th letter: "**without identifying the specific documents she seeks it is impossible to adjudicate the merits of Plaintiff's arguments** and both Defendants and the Court are **left to speculate** as to the veracity of her claims". (emphasis added)

They even claim Plaintiff has omitted key information from her motion when, as is clear from the face of the motion, Plaintiff explicitly wrote that she did not include more detail in the actual motion, *as a gesture of good faith*, to preserve the confidentiality of the discovery process, should *Defendants* wish to label their production 'confidential.' They even go so far as to write that Plaintiff "should not be permitted to impede Defendants' ability to oppose her motions by withholding information central to her arguments." Should one laugh, or cry, at this level of conduct? Bizarrely, they then even write that Plaintiff could have filed the motion under *seal*. This is similarly frivolous – this Court's own sealing rules show the process takes weeks to adjudicate and, most importantly, requires that the documents *meet the caselaw standard for sealing*. The Plaintiff has reviewed said caselaw: These documents (same as most documents) do not meet that standard.

They then continue to feign ignorance yet then ***reveal that, all along, they knew exactly the documents of which Plaintiff speaks, and proceed to pre-emptively address whether said documents are relevant. But did not Defendants just spent multiple paragraphs claiming they had no idea what documents Plaintiff was referring to?***

Second, as for the "discovery has closed" argument, this is absurd. First, discovery did not "close on May 7th" given that a litany of documents and information was still pouring in throughout June and July, per the Court's *own* deadlines (e.g., answers to Requests for Admission from Defendants were not due, per the Court's own deadline, until June 7th and motions about such were to take place afterward; a key deposition was occurring *on* May 7th, which led to subsequent motion-practice concerning said deposition; the Court directed Plaintiff to file a Request to admit by July 5th; and more). "Discovery is closed" yet Plaintiff was still awaiting incoming documents, as *July* began! And, Don McGahn's deposition, as another example, has not taken place (due to a dispute caused by the limit this Court placed on the deposition) and, only a few days ago, did the D.C. judge enter her order, with said deposition now, per this Court's prior order on such, due to take place within "30 days" (by mid-*August*).

But, even if discovery had firmly closed in a case, and all of the Court's deadlines adhered to that "May 7th" date (they did *not*), it would not matter: ***<u>If, even after discovery has closed, a party is caught having withheld responsive documents (in fact, these revelations are usually after discovery!), it is wholly irrelevant that discovery has closed</u>***. [Plaintiff did not and could not have possibly moved for these documents sooner, given that she only learned of their existence via motions filed in Ms. Denson's case in *May*.] The audacity of the Defendants to even make this argument is something to behold. In other words, this particular argument is, 'Ok, Your Honor – *maybe* she caught us. *Maybe* we were supposed to turn in these documents to her in discovery but we didn't and now discovery is closed … so, too bad! The motion is not "timely"!'

No court in the world permits this. Not only should they the documents be produced by sanctions should be considered, *sua sponte*, by the Court. Defendants' argument is essentially akin to a person caught using steroids. Should the titles earned not be revoked? Of course they are. What of Rosie Ruiz, the famous NYC marathon runner? Eight days after she won, it was revealed that she had cheated in the race. According to Defendants, "Too bad! The race is over! You needed to somehow find out about the cheating DURING the race! Too late now!"

Third, Defendants claim that because the abusive emails about the Plaintiff were sent by a Campaign staffer's "***mother***" (emphasis theirs), they are not relevant. This is absurd, as such is obviously still related to Plaintiff's employment and the abusive environment surrounding Plaintiff, to which Defendant-Campaign turned a blind eye. Discovery is "**broad**," per ample federal case law and it is up to the Plaintiff to receive and review these emails and determine their exact utility and applicability. The letter then even claims Ms. Denson had no knowledge of the emails. Now Defendants are also wading into *highly* improper territory, **making factual arguments and representations that are not unsupported**. Where is the documentation supporting this claim? They cannot simply make factual, "take our word for it" representations, which Plaintiff had no had opportunity to explore.[1] **Most importantly – and revealing a disturbing ethical failure -- Defendants are talking out of both sides of their mouths, depending on which court/judge they are addressing**: In *this* case, they claim that the fact that it was Ms. Denson's "mother" who sent the emails renders them irrelevant (as if employees using proxies to harass others is a novel concept). But that is the very same argument that Ms. Denson has attempted in her case against the Defendant-Campaign (e.g., 'the voicemail threatening Mr. Sandoval was sent by my mother, not me!', an argument which the Campaign has rebuffed in that case, convincingly). How is the Campaign permitted to make different arguments and change their position about the very same issue, on any given day, depending on what is convenient on that particular day and which judge/court/case they are addressing? Defendants also claim that no one else was copied, etc., -- again, Defendants are getting far into the weeds, and going far beyond, what is appropriate in a mere letter response, given that they have not produced the emails for any of that to be verified. ***No, they do not get to make representations about the email and argue based on the emails, when they have not produced the emails.***

It is disappointing that so much time has been spent on what should have been a simple, 'You forgot to produce these two emails, can you please produce them?' and a 'Here you go', same as Plaintiff and Defendants prior counsel, Mr. Blumetti, were able to cooperatively do together. The emails must be produced or Defendants should be precluded from making any argument or presenting any defense on the hostile work environment claim.

---

[1] This is a frivolous argument to begin with, as the emails were *obviously* at the encouragement and full knowledge of Ms. Denson: Ms. Denson was the only one who could (a) provide her mother with Mr. Bannon's personal email, to whom the emails were sent (Ms. Denson and other campaign employees had Mr. Bannon's personal email, as Mr. Bannon never used his "Trump Campaign" account) and (b) provide her mother with fellow staffer Mr. Sandoval's cell phone number, a staffer which Ms. Denson's mother reportedly sent a threatening voicemail, according to the Campaign and Mr. Sandoval.

3

Respectfully submitted,
*s/Arlene Delgado*
Arlene Delgado
Plaintiff, pro-se