July 22, 2024

Hon. Magistrate Parker
United State District Court, S.D.N.Y.
500 Pearl Street, Courtroom 17D
New York, NY 10007
**RE**: *motion for necessary summary judgment extension*

Your Honor,
I am the *pro-se* Plaintiff in the above-mentioned matter. Plaintiff writes to respectfully request an extension on the Summary Judgment Motions deadline, per FRCP Rule 6(b)(1)(A) and Your Honor's Rule I(C). The deadline is currently July 31st.

Plaintiff has not requested a prior extension on summary judgment deadlines. ***This is Plaintiff's first request. Defendants previously requested, and received, a 21-day extension, due to Defendants' counsel having a trip out of the country*** when the motions would be due. Plaintiff cooperatively agreed to the extension-request. *See* **Attachment A**. (That extension was granted but the Court would have had to itself reset the deadline, due to ongoing discovery.)

As for whether opposing counsel objects or agrees: Unfortunately, opposing counsel has taken multiple positions, at first consenting to the extension and then revoking it, as follows:
- On July 11th, Plaintiff reached out to Defendants' counsel, regarding her need for an extension and explaining the grounds. Defendants' counsel responded: "Regarding your request for a 30-day extension on summary judgment motion deadlines, based upon your below representation of the reasons that you need such an extension, **you may inform the Court that Defendants do not object to your request**." (emphasis added)
- Unrelatedly, two days later, Plaintiff sent a separate email, asking Defendants' counsel why the Campaign had not listed Eric Trump in its Rule 26 disclosures (given the recent July 3rd production, it was clear Trump should have been listed). Defendants' counsel responded to the email by *ignoring* the question about the Rule 26 violation and instead seemingly punishing Plaintiff for such, by now ***revoking*** his prior consent to the extension.[1]
- And, on July 15th, Defendants' counsel, seemingly realizing how improper the *revocation* would appear, tried to claim that he had not revoked anything because his original 'you can tell the court we do not object' was not 'consenting' to the request.[2] (Yes, it is.)
- Thus, while Plaintiff would like to inform the Court whether Defendants consent, she is unable to do so because Defendants' counsel refuses to give a clear answer. ***It is unfortunate that, while Plaintiff agreed to the extension <u>Defendants</u> sought (due to Defendants' then-counsel's overseas travel), this time, when it is <u>Plaintiff's</u> turn, they withhold consent.***

<u>PLAINTIFF DOES NOT HAVE TIME AND HAS CURRENT HEALTH ISSUES</u>

---

[1] *"...**I no longer agree not to object to your motion for an extension. I will evaluate your motion and your stated basis when you file, and object if I see fit.**" (emphasis added)*
[2] *"I withdraw my commitment not to object to your request [**notably, I did not "agree" to your extension request, I merely said you can inform the Court that I do not object**]. As I said, **I may object or I may not, but I reserve the right to do so once I see your motion**."*

1

Plaintiff is a single mother of a child with special needs, who does not have *any* childcare help; the child is currently of school for the summer and is not in summer camp (his father, who works for the Defendants, refuses to pay for such). This creates an extreme disadvantage wherein the *Defendants'* (handsomely paid) counsel had/have ample time to dive into summary judgment motions while Plaintiff does not. Additionally, Plaintiff is experiencing **serious, concerning issues with her vision**, which prevent her from spending much time reading or writing, on the computer screen before she has to give up for the day, as well as resulting debilitating migraines.[3] Even this motion is being typed with the assistance of a relative.

PLAINTIFF REMAINS LOCKED OUT OF PACER
The Plaintiff is unable to pay an $1100 balance on PACER and has been locked out of PACER since June 24th. Immediately, Plaintiff sought an indigency exemption-from-PACER-fees from the Court, which would restore her access. The Court did not grant it, instead entering an Order on July 1st stating it wanted Plaintiff to explain why she needed PACER access. Plaintiff promptly filed an additional explanation on July 2nd. It is now July 22nd. **The Court has not yet ruled on the motion, *a month after it was filed*, despite knowing Plaintiff has been locked out**. It is indisputable that a litigant needs access to PACER, and to her own case docket (especially one this old), while preparing summary judgment motions. The Plaintiff did everything she could to restore access but the Court has not ruled on such, all while running out the clock on summary judgment. This is an unfair advantage to one side, caused by financial resources. **This alone merits extension of the summary judgment deadline.**

RETALIATION ISSUE
The issue of retaliation is a key issue on which the Plaintiff is entitled to, and has a right, to file a key summary judgment motion. The fact that Plaintiff was retaliated against is, essentially, undisputable. But this Court itself set a deadline of *July 3rd* for Eric Trump's latest production, meaning Plaintiff would have less than 30 days (unheard of in federal court or any court) to work on the summary judgment motion on the retaliation claim. Moreover, there is currently a Motion for Reconsideration pending, on which the Court has not yet ruled, regarding additional emails (improperly withheld, due to an error in the Court's June 26th Order) that should be produced and are also relevant to the retaliation claim. Additionally, Plaintiff asks that the Rule 72a motion that she is filing alongside this motion, regarding the Court's Order denying Plaintiff the ability to depose Michael Glassner (even though Glassner testified under oath in another case, as Plaintiff learned recently, that he was a decisionmaker in the Campaign's retaliation against Plaintiff) **be considered and ruled upon prior to the Court forcing the Plaintiff to forge ahead and file a summary judgment motion on the retaliation issue without the benefit of such**.

PLAINTIFF WILL ADD SEVERAL DEENDANTS, DUE TO DISCOVERY REVELATIONS
Discovery is *discovery*. In the course of discovery in this case, it became clear that at least three defendants must be added to this case. Plaintiff intends to file for leave this week, from Hon. Analisa Torres, to add defendants to this matter. ***Summary judgment should be paused, both for Plaintiff's rights and judicial efficiency, until that has bene ruled upon.*** Plaintiff hoped to resolve this without the need for motion practice and, as required, first inquired with Defendants'

---

[3] This Court might wonder, as Defendants' counsel sneered to Plaintiff via email, how it is the Plaintiff filed her lengthy "Motion to Disqualify" last week if she is unable to write for long periods of time or read. That Motion was put together over the course of weeks, and not in a couple of days.

2

counsel, on July 11th, if there was any objection to adding two specific defendants. Defendants' counsel stated he does not consent. As such, a motion is necessary.

THE COURT DID NOT ENSURE THAT ALL DISCOVERY CONCLUDED, AT LEAST 30 DAYS PRIOR TO THE SUMMARY JUDGMENT DEADLINES

Summary judgment motions are customarily due no-sooner-than-30-days after all discovery is done, for obvious reasons. Most courts set the deadlines to be further out than a mere 30 days after discovery." Even if going by the bare minimum (30 days), it means that, for a July 31st summary judgment deadline, the court could not have set any production deadline *after* June 30th. But that is not the case herein, per the Court's *own* discovery orders. Discovery did not "close on May 7th" given that a litany of documents and information was still pouring in throughout June and July, per the Court's *own* orders. Consider, e.g.:

- The Court gave third-party Eric Trump until **July 3rd**, to produce additional documents;
- Because of an error in the Court's June 26th Order regarding Eric Trump, Plaintiff was forced to file a **reconsideration motion on July 8th. That has yet to be adjudicated;**
- Per Court Order (ECF 371), Defendants were not required to provide (and did not) a key Declaration until **July 3rd;**
- Court directed Plaintiff to file a Request to Admit by **July 5th**; Per Court Order (ECF #377), Defendants were not required to provide (and did not) a key Declaration until **July 12th;**
- The Court did not rule on Plaintiff's motion to depose Glassner until **July 10th**, in part using the "summary judgment" approaching deadline as a reason;
- Don McGahn's deposition has not taken place, due to a motion to quash (caused by the limit this Court placed on such in its March 1st Order), which needed to be adjudicated by D.C. court. Only a few days ago did the D.C. court enter its order, with said deposition now, per this Court's prior order, due to take place within 30 days (**by mid-*August***). Why should the Plaintiff have to file summary judgment motions without the benefit of all depositions, at least those depositions already granted, being conducted beforehand?
- Defendants refused to produce documents owed (e.g., *See* pending Motion to Compel).

THE 'DISCOVERY TRICKLING IN INTO EVEN EARLY JULY' GIVES AN UNFAIR ADVANTAGE TO DEFENDANTS, IF SJ DEADLINE REMAINS AS JULY 31st

Plaintiff was still awaiting rulings on motions to compel; document production; responses to Requests for Admissions; rulings on privilege logs; and more, while Defendants had already started running the race. ***This Court's orders created a situation where Plaintiff had her hands tied while Defendants were already drafting theirs***. In June, Defendants even boasted they were already "in process of preparing their summary judgment papers" (#352, June 13, 2024) *They* were awaiting critical discovery, even through July, as was Plaintiff.

DEFENDANTS ARE NOT PREJUDICED

The only reason Defendants would oppose this, even when Plaintiff agreed to *their* request for one, is because they want to continue the unfair disadvantage, to benefit from such.

Plaintiff respectfully requests a minimum 30-day extension, namely: a deadline *30 days following the date of Mr. McGahn's deposition*, or *30 days following the date of resolution of the Rule 72(a) motion on Michael Glassner's deposition* (as this directly impacts the summary judgment motion on retaliation), whichever is later.

3

Respectfully submitted,<br>
<u>*s/Arlene Delgado*</u><br>
Arlene Delgado<br>
Plaintiff, pro-se

# ATTACHMENT A

**From:** A Delgado <ajdelgado@outlook.com>
**Sent:** Monday, April 15, 2024 10:50 AM
**To:** Katy Areas <kareas@lhrgb.com>
**Cc:** Jared Blumetti <jblumetti@lhrgb.com>; Patrick McPartland <PMcPartland@lhrgb.com>
**Subject:** Re: Delgado v. Donald J. Trump For President, Inc. - Consent Request

Sure, I have no objection to that. Safe travels. Also, when you have a moment, please confirm that Mr. Blumetti received the documents I sent (VA W2; resignation; declarations). Thank you

**From:** Katy Areas <kareas@lhrgb.com>
**Sent:** Monday, April 15, 2024 10:42 AM
**To:** ajdelgado@outlook.com <ajdelgado@outlook.com>; adelgado@post.harvard.edu <adelgado@post.harvard.edu>
**Cc:** Jared Blumetti <jblumetti@lhrgb.com>; Patrick McPartland <PMcPartland@lhrgb.com>
**Subject:** Delgado v. Donald J. Trump For President, Inc. - Consent Request

Hi Ms. Delgado,

We will be filing a letter motion today requesting that the parties' summary judgment deadline be extended by 22 days, i.e., from May 15th to June 6th.

The reasons for our request are (i) the Court's prior 22-day extension of the fact discovery to complete non-party depositions, i.e., from April 15th to May 7th, and (ii) an overseas traveling commitment of Mr. Blumetti's when the reply briefs would be due under the current schedule.

Please let us know if you consent to this request.

Thank you,
Katy Areas