UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X

ARLENE DELGADO,

                                        Plaintiff,

            -against-

DONALD J. TRUMP FOR PRESIDENT, INC.,
TRUMP FOR AMERICA, INC., SEAN SPICER,
individually, REINCE PRIEBUS, individually,
STEPHEN BANNON, individually,

                                        Defendants.
-------------------------------------------------------------------X

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED:  7/22/2024

**19-CV-11764 (AT) (KHP)**

**ORDER REGARDING MOTION FOR
RECONSIDERATION**

**KATHARINE H. PARKER, UNITED STATES MAGISTRATE JUDGE:**

On July 6, Plaintiff filed a motion for reconsideration of the Court's June 26, 2024 Order at ECF No. 366 (the "Order") concerning Plaintiff's motion to compel non-party Eric Trump to produce certain documents withheld as privileged.  (ECF No. 379.)  Plaintiff argues the Court made a clear error in the Order by concluding that the common interest doctrine applied to certain communications in part because they concerned the defense of claims or threatened claims by Plaintiff against Donald J. Trump For President, Inc. (the "Campaign") and Eric Trump. Plaintiff asserts this was error because Plaintiff never threatened a claim against Eric Trump in 2017 or 2018.  Plaintiff also argues the Court violated her due process rights by not permitting her to file a new motion to compel in response to Eric Trump's revised privilege log.  In a letter dated July 11, 2024, Eric Trump opposed Plaintiff's motion for reconsideration arguing that Plaintiff had not met the standard for reconsideration and asserting that Plaintiff mischaracterized the Court's reasoning in its Order.  (ECF No. 382.)  Plaintiff responded to Eric Trump's opposition letter on July 12, 2024, again asserting that Eric Trump had no common

interest with the Campaign in 2017 or 2018, and requesting a conference on her motion for reconsideration. (ECF No. 383.)

**Discussion**

Reconsideration is "an extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources." *In re Health Mgmt. Sys., Inc. Sec. Litig.*, 113 F. Supp. 2d 613, 614 (S.D.N.Y. 2000)(internal citation omitted).  Local Civil Rule 6.3, which governs reconsideration, aims to "prevent the practice of a losing party examining a decision and then plugging the gaps of a lost motion with additional matters.'" *SEC v. Ashbury Capital Partners, L.P.*, No. 00 Civ. 7898, 2001 WL 604044, at *1 (S.D.N.Y. May 31, 2001) (quoting *Carolco Pictures, Inc. v. Sirota,* 700 F. Supp. 169, 170 (S.D.N.Y. 1988)). Courts must "narrowly construe and strictly apply Local Rule 6.3, so as to avoid duplicative rulings on previously considered issues, and to prevent the rule from being used as a substitute for appealing a final judgment*." Schoolcraft v. City of New York*, 298 F.R.D. 134, 137 (S.D.N.Y. 2014).  The Second Circuit has held that the standard for granting a motion to reconsider "is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked -- matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." S*hrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995).  Reconsideration is appropriate where the moving party demonstrates "an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *Henderson v. Metro. Bank & Tr. Co.*, 502 F. Supp. 2d 372, 376 (S.D.N.Y. 2007).  A motion for reconsideration should be denied "where the moving party seeks solely to relitigate an issue already decided." *Shrader*, 70 F.3d at 257.

As a preliminary matter, a conference is not necessary to resolve Plaintiff's motion for reconsideration because the parties' filings sufficiently detail each party's position on the dispute.  As to Plaintiff's substantive argument, she has not pointed to controlling decisions or new evidence that the Court overlooked in rendering its Order.  Plaintiff instead argues that the Court committed clear error by referring to claims or threatened claims against the Campaign and Eric Trump as part of its reasoning for the application of the common interest doctrine. First, Plaintiff already raised this argument in a letter the Court considered in its Order.  (*See* ECF No. 363.)  In fact, the Order explicitly stated it had considered this letter, despite Plaintiff's assertion that the Court did not take such letter into account.  Second, Plaintiff's motion for reconsideration appears to disregard the other aspect of the Court's reasoning in the Order, which was that the enforcement of a confidentiality agreement that protected Eric Trump, the Trump Organization and the Campaign in 2017 and 2018 created a common legal interest. Therefore, Plaintiff's assertion that she never brought claims against Eric Trump in 2017 or 2018, or threatened to do so, does not render the common interest doctrine inapplicable.  In 2017 and 2018, Eric Trump and the Trump Organization had a common legal interest with the Campaign in enforcing the confidentiality agreement against Plaintiff because they were third party beneficiaries to that agreement and had an explicit right to enforce its terms.[1]  *See e.g. San Diego Gas & Elec. Co. v. Morgan Stanley Senior Funding, Inc.*, 136 A.D.3d 547, 548 (N.Y. App. Div. 2016) (holding that a third party who had rights under a contract against plaintiff shared common legal interest with defendant); *Deutsche Bank Sec. Inc. v. Kingate Glob. Fund*

---

[1] In her recently filed motion for recusal, Plaintiff points out that the Order did not cite a particular case in its explanation of the common interest doctrine standard that the undersigned had cited in a previous case. This is also not a reason for reconsideration.

*Ltd.*, No. 19 CIV. 10823 (ER), 2022 WL 3644822, at *13 (S.D.N.Y. Aug. 24, 2022) ("There is common legal interest where the entity . . . has some rights or liabilities at issue in the litigation, even if it is not itself a litigant."). Finally, the Court notes that it reviewed each individual communication withheld as privileged by Eric Trump and therefore was able to assess whether a common legal interest was implicated in each instance.

As to Plaintiff's assertion that her due process rights were violated, Plaintiff did in fact respond to Eric Trump's revised privilege log at ECF No. 363, enclosing a letter raising several arguments as to why the revised privilege log remained deficient. As mentioned above, the Court considered that submission in its Order, and therefore Plaintiff was permitted to respond to the revised privilege log.

Accordingly, Plaintiff's motion for reconsideration of the June 26, 2024 Order is DENIED.

**The Clerk of Court is respectfully directed to terminate the motion at ECF No. 379.**

**SO ORDERED.**

DATED:     New York, New York
           July 22, 2024

_____
KATHARINE H. PARKER
United States Magistrate Judge