USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 7/22/2024

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
ARLENE DELGADO,

                                                  Plaintiff,

-against-

DONALD J. TRUMP FOR PRESIDENT, INC.,
TRUMP FOR AMERICA, INC., SEAN SPICER,
individually, REINCE PRIEBUS, individually,
STEPHEN BANNON, individually,

                                                 Defendants.
-------------------------------------------------------------------X

**19-CV-11764 (AT) (KHP)**

**OPINION AND ORDER
ON SECOND MOTION TO RECUSE**

**KATHARINE H. PARKER, UNITED STATES MAGISTRATE JUDGE:**

Plaintiff Arlene Delgado brings this action against Defendants Donald J. Trump For President, Inc. (the "Campaign"), Sean Spicer, Reince Priebus, and Stephen Bannon. Plaintiff, who worked for the Campaign from in or about August to December 2016, contends that after informing the Campaign of her pregnancy, she was discriminated and retaliated against due to pregnancy. She also alleges common law claim claims for, inter alia, breach of contract and tortious interference with her anticipated employment at the White House.

On July 15, 2024, Plaintiff filed a second motion for the undersigned to recuse pursuant to 28 U.S.C. § 455(a). It appears Plaintiff filed the second motion for recusal twice, as it is listed twice on the docket. (ECF Nos. 385, 389.) On July 17, 2024, Plaintiff also filed a supplement to the motion. (ECF No. 386.) For the reasons stated below, the motion for recusal is DENIED.

**LEGAL STANDARD**

A judge should recuse herself when the judge harbors a "personal bias or prejudice"

concerning a party or "in any proceeding in which [her] impartiality might reasonably be questioned." 28 U.S.C. § 455(a-b).  A recusal decision rests within the sound discretion of the judge whose recusal is sought.  *See United States v. Lovaglia,* 954 F.2d 811, 815 (2d Cir. 1992) (citation omitted).  There is a strong presumption that a judge is impartial, and the movant bears the "substantial" burden of overcoming that presumption.  *Metro. Opera Ass'n, Inc. v. Loc. 100, Hotel Emps. & Rest. Emps. Int'l Union*, 332 F. Supp. 2d 667, 670 (S.D.N.Y. 2004) (citation omitted).

Significantly, "[t]he alleged bias and prejudice to be disqualifying must stem from an *extrajudicial source* and result in an opinion on the merits on some basis other than what the judge learned from [her] participation in the case." *United States v. Grinnell Corp.,* 384 U.S. 563, 583 (1966) (emphasis added); *see also Apple v. Jewish Hospital and Medical Ctr.*, 829 F.2d 326, 333 (2d Cir.1987) (noting that the analysis "looks to extrajudicial conduct as the basis for making such a determination, not conduct which arises in a judicial context").  The opinions of judges formed "on the basis of facts introduced or events occurring in the course of the current proceedings, or of prior proceedings, do not constitute a basis for a bias or partiality motion unless they display a deep-seated favoritism or antagonism that would make fair judgment impossible." *Liteky v. United States*, 510 U.S. 540, 555 (1994).  Recusal is only warranted if "an objective, disinterested observer fully informed of the underlying facts, [would] entertain significant doubt that justice would be done absent recusal." *United States v. Carlton*, 534 F.3d 97, 100 (2d Cir. 2008) (citation omitted).

A judge has "an affirmative duty" not to unnecessarily disqualify herself, *Nat'l Auto Brokers Corp. v. Gen. Motors Corp.*, 572 F.2d 953, 958 (2d Cir. 1978), and indeed, "the public

interest mandates that judges not be intimidated out of an abundance of caution into granting disqualification motions," *Da Silva Moore v. Publicis Groupe*, 868 F. Supp. 2d 137, 148-51 (S.D.N.Y. 2012), objections overruled sub nom. *Moore v. Publicis Groupe SA & MSL Grp.*, 2012 WL 12528637 (S.D.N.Y. Nov. 8, 2012).

**DISCUSSION**

The only alleged extrajudicial sources cited by Plaintiff are related to the law firm Kasowitz Benson Torres LLP ("Kasowitz"). Plaintiff first asserts that Kasowitz is a "supporter and funder of various [New York] Bar endeavors," where she claims the undersigned's spouse works, and adds, "[Kasowitz] partners sit[] on committees with Magistrate Judge Parker's husband." In support of these claims, Plaintiff cites to the 2018 Annual Report of the New York Bar Foundation, which lists Kasowitz as a donor. Plaintiff's allegations are not fully accurate. But even if they were, they would not require recusal. Plaintiff does not point to any authority stating that a judge must recuse herself if her spouse's employer (a non-profit entity) receives a donation in kind or in services from a law firm who is not a party to the case before the judge. 28 U.S.C. § 455(b)(5) provides that a judge shall recuse herself from a proceeding in which her spouse: (1) is a party to the proceeding, or an officer, director, or trustee of a party; (2) is acting as a lawyer in the proceeding; (3) is known by the judge to have an interest that could be substantially affected by the outcome of the proceeding; (4) is to the judge's knowledge likely to be a material witness in the proceeding. In addition, 28 U.S.C. § 455(b)(4) states that a judge shall recuse herself if she knows her spouse "has a financial interest in the subject matter in controversy or in a party to the proceeding, or any other interest that could be substantially affected by the outcome of the proceeding[.]" None of the circumstances described in either

28 U.S.C. § 455(b)(4) or (b)(5) are present here.  The undersigned's spouse is not an officer, director, trustee, or attorney of any party to this case, nor is he himself a party to the case.  The undersigned's spouse has no interest, financial or otherwise, in the subject matter of the present case or any party to the case, nor is he likely to be a material witness in the proceedings.  Plaintiff also does not articulate any other interest the undersigned's spouse has in the outcome of this case.  The Judicial Conference of the United States' Committee on Codes of Conduct directs judges to recuse themselves in the situations described in 28 U.S.C. § 455(b), but also advises judges to consider recusal when (1) a client of the judge's spouse or the spouse's business appears before the judge, or (2) a service provider of the spouse or the spouse's business appears before the judge.  Judicial Conference of the United States Committee on Codes of Conduct, Advisory Opinion No. 107: *Disqualification Based on Spouse's Business Relationships* (June 2009).  Again, neither situation is present here.  Kasowitz has not appeared before the undersigned in the present case, nor is Kasowitz a client or a service provider of the undersigned's spouse or his business.

Plaintiff also asserts, without citation to evidence, that Kasowitz is a "steadfast supporter and funder" of the Michael J. Fox Foundation ("MJFF"), a charitable organization to which the undersigned's spouse serves as "co-chair[.]" Even assuming Kasowitz had donated to MJFF, Plaintiff cites to no authority directing recusal in such a situation.  The Code of Conduct for United States Judges provides in Canon 4 that a judge may "participate in and serve as an officer, director, trustee, or nonlegal advisor of a nonprofit civic, charitable, educational, religious, or social organization" unless "it is likely that the organization will either

be engaged in proceedings that would ordinarily come before the judge or be regularly engaged in adversary proceedings in any court," such as a legal services organization. U.S. Guide to Jud. Pol'y, Vol. 2A, Ch. 2, "Code of Conduct for United States Judges" Canon 4(B) (U.S. JUD. CONF. 2019), https://www.uscourts.gov/judges-judgeships/code-conduct-united-states-judges.  First, MJFF is not the kind of organization that is regularly engaged in adversary proceedings in any court.  Second, Plaintiff asserts that the undersigned's spouse is co-chair of MJFF, which is not accurate, but also not a reason for recusal.  *See Residents & Fams. United to Save Our Adult Homes v. Zucker*, No. 16CV1683NGGRER, 2017 WL 5641043, at *9 (E.D.N.Y. Nov. 22, 2017*)* (holding that the fact that the judge's spouse was previously a board member for a nonprofit organization did not create an appearance of bias where the nonprofit was not a party to the case, had expressed no position on the issues raised in the case and did not stand to gain financially or otherwise from the outcome of the proceedings). Thus, even if the undersigned were a board member of MJFF herself, such membership would not be reason for recusal unless MJFF were itself before me, which it is not.  In addition, MJFF has no interest in this litigation or its subject matter and Plaintiff does not raise any facts suggesting otherwise. Accordingly, neither of Plaintiff's allegations regarding extrajudicial sources have merit and the court affirmatively disclaims the existence of any bias or prejudice.

     Plaintiff also takes issue with the Court's prior rulings as to: (1) the application of the common interest privilege on documents withheld by Eric Trump, (2) third-party depositions and their scope,[1] (3) Defendants' substitution of counsel, (4) production of complaints of

---

[1] This includes the Court's ruling regarding the scope of Donald McGahn's deposition, which Plaintiff raised in a supplement to the motion for recusal at ECF No. 386.

gender discrimination, sexual harassment or pregnancy discrimination against the Campaign, (5) the subpoena of Fox News Network, LLC and Fox Corporation, (6) Plaintiff's request to reopen discovery for purposes of deposing Michael Glassner, (7) Plaintiff's request to compel information regarding payments received from Kasowitz, (8) Plaintiff's motion to compel Brad Parscale to answer deposition questions, and (9) Plaintiff's request for a PACER exemption.[2] None of these rulings can be the basis for this Court to recuse, as they are simply discovery rulings issued in compliance with applicable Rules of Civil Procedure.  Plaintiff also protests that the undersigned has not sua sponte adjusted the deadline for summary judgment motion practice, despite the fact that neither party has requested an extension.  Again, this is not a basis for recusal.

## CONCLUSION

For the reasons set forth above, Plaintiff's motion for recusal is DENIED.  **The Clerk of the Court is respectfully directed to terminate the motions at ECF Nos. 385, 389.**

SO ORDERED.

Dated: New York, New York
July 22, 2024

_Katharine H. Parker_
_____
KATHARINE H. PARKER
United States Magistrate Judge

---

[2] The Court notes that Plaintiff makes several erroneous assertions, such as that the undersigned rules against Plaintiff's "every request[.]" This, and several of Plaintiff's other claims, are inaccurate.