**SCHULMANBHATTACHARYA**   6116 Executive Boulevard, Suite 425, North Bethesda, Maryland 20852  240.356.8550

**JEFFREY S. GAVENMAN**
direct dial 240.356.8553   email jgavenman@schulmanbh.com

July 22, 2024

**VIA ECF**

The Honorable Katharine H. Parker
United States District Court
500 Pearl Street, Room 750
New York, NY 10007

Re:   *Delgado v. Donald J. Trump for President, Inc., et. al.* No. 19-cv-11764 (AT)(KHP)

Dear Judge Parker:

We write respectfully on behalf of Defendants Donald J. Trump for President, Inc. (the "Campaign"), Sean Spicer, and Reince Priebus (together "Defendants") in the above-captioned case in response to Plaintiff's July 22, 2024 letter seeking an extension of the deadline for the parties' to file their Summary Judgment papers in this case ("Plaintiff's Extension Letter"). ECF No. 391. For the reasons set forth below, Defendants consent to Plaintiff's request.[1]

As a threshold matter, Plaintiff was recently allowed to proceed with the deposition of third-party witness Donald McGahn by the United States District Court for the District of Columbia. *See McGahn v. Delgado*, 24-mc-38 (JMC) (D.D.C.) at ECF No. 17 (the "McGahn Decision"). The McGahn Decision requires that his deposition must be completed by August 15, 2024. *Id.* Given

---

[1] Plaintiff claims that Defendants revoked their prior consent to Plaintiff's request for an extension of time as some sort of retaliatory response to Plaintiff's litigation tactics in this case. This is simply not true. When Plaintiff initially sought Defendants' consent for an extension to the summary judgment deadline the undersigned informed her that Defendants did not object to Plaintiff's request (and not, as Plaintiff claims, that Defendants agreed to Plaintiff's request), based upon Plaintiff's statements that her medical condition and her childcare obligations made it impossible for her to devote sufficient time to briefing summary judgment. However, Plaintiff then proceeded to file two motions and a brief over the next two business days, *see* ECF No. 383, 384, & 385, indicating that her medical and childcare issues did not prevent Plaintiff from drafting motion papers; rather, Plaintiff appeared to be simply choosing to spend time on drafting papers other than her summary judgment motion. As such, it was no longer clear that Plaintiff's medical and childcare issues constituted good cause to move the summary judgment deadlines. Thus, Defendants stated that they need to review the full reasons Plaintiff presented to the Court to justify her extension request prior to taking a position on the request. Having reviewed Plaintiff's Extension Letter and the recent McGahn Decision, and for the reasons stated herein, Defendants now consent to Plaintiff's request. Contrary to the unnecessary *ad hominem* personal attacks levied by Ms. Delgado against the undersigned in Plaintiff's Extension Letter, Defendants never questioned the veracity of Plaintiff's statements concerning her medical conditions or her childcare obligations. We expect that Plaintiff is being truthful in her representations about the same.

SCHULMANBHATTACHARYA

Page | 2

that Mr. McGahn has relevant information concerning Defendants' argument that Ms. Delgado would not have been qualified to work at the White House because she would not have been able to obtain the security clearance necessary to obtain such a job, Defendants believe that it would be premature to conduct summary judgment briefing prior to Mr. McGahn's deposition.

More importantly, there remain several outstanding motions that require adjudication in this case, each of which could entail additional discovery and change the parties' arguments on summary judgment. Plaintiff currently has three motions pursuant to Fed. R. Civ. P. Rule 72 pending before Judge Torres seeking to overturn several of this Court's prior discovery rulings. *See* ECF No. 331, 332 and 333. Plaintiff's Extension Letter also makes clear that she intends to file additional motions in the coming days. To be clear, Defendants do not believe that any of these motions are meritorious, or, in many cases, timely, and respectfully submit that they should all be denied. However, as long as these motions remain outstanding, there remains the possibility that the parties will be required to conduct additional discovery (particularly in the (unlikely) event that Plaintiff is permitted to amend her Complaint at this late juncture, as she claims she intends to do). Should any of these motions be granted – and, again, Defendants do not believe they should be – Defendants will have briefed their summary judgment motion only to be forced to seek leave to brief it a second time, or, at a minimum, to amend it, to conform with the additional discovery. Either course would prejudice Defendants and force them to expend substantial resources on briefing at least portions of their summary judgment motion a second time.

It should be noted that Defendants firmly believe that discovery in this case is closed and that the parties should be preparing their summary judgment papers at this time. Additionally, Defendants' consent to Plaintiff's Extension Letter should in no way be read as Defendants consenting to, or admitting that, any additional discovery is appropriate or necessary in this case. Indeed, Defendants are concerned that any extension of time for summary judgment will be weaponized by Plaintiff to reopen discovery and waste the parties' and the Court's time with frivolous motions in the future. However, due to Plaintiff's insistence on filing a litany of (largely untimely) motions in this case, it would not be judicially economical, or efficient, for the parties to brief summary judgment while there remain several outstanding motions that need to be resolved.

We thank the Court for its time and attention in this matter.

Respectfully,

/s/ Jeffrey S. Gavenman
Jeffrey S. Gavenman