USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 7/23/2024

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
ARLENE DELGADO,

                                      Plaintiff,

        -against-

DONALD J. TRUMP FOR PRESIDENT, INC.,
TRUMP FOR AMERICA, INC., SEAN SPICER,
individually, REINCE PRIEBUS, individually,
STEPHEN BANNON, individually,

                                      Defendants.
-----------------------------------------------------------------X

**19-CV-11764 (AT) (KHP)**

ORDER ON DISCOVERY MOTION

**KATHARINE H. PARKER, UNITED STATES MAGISTRATE JUDGE:**

       On July 15, 2024, Plaintiff Arlene Delgado filed a letter asserting that Defendants have not produced two responsive emails that specifically mention Plaintiff, despite her repeated requests that Defendants do so. It appears Plaintiff filed the letter twice as it is listed twice on the docket. (ECF Nos. 384, 388.) Defendants replied to Plaintiff's letter on July 18, 2024, asserting that the documents Plaintiff seeks are irrelevant and not responsive to discovery requests as they were sent by the mother of a former employee of Donald J. Trump For President, Inc. (the "Campaign"). (ECF No. 387.) Defendants also argue that there is no evidence Plaintiff was aware of the emails while she worked for the Campaign. On July 19, 2024, Plaintiff filed a letter responding to Defendants' reply, arguing that the emails are in fact responsive, mention her explicitly, and that she has provided Defendants with the specific document requests to which such emails are responsive. (ECF No. 390.)

### DISCUSSION

       Pursuant to Federal Rule of Civil Procedure 26(e), a party "who has responded to an interrogatory, request for production, or request for admission--must supplement or correct its

disclosure or response" if the party learns "the disclosure or response is incomplete or incorrect," unless the "additional or corrective information has [] otherwise been made known to the other parties during the discovery process or in writing." Stated differently, a party's obligation to supplement its disclosures or responses to requests for production is "a continuing one [] if following an initial response a party learns that the response is incomplete or incorrect." *Au New Haven, LLC v. YKK Corp.*, No. 1:15-CV-3411-GHW, 2023 WL 2612204, at *7 (S.D.N.Y. Mar. 23, 2023). The duty to supplement continues even after the discovery period has closed. *Star Direct Telecom, Inc. v. Glob. Crossing Bandwidth, Inc.*, 272 F.R.D. 350, 358 (W.D.N.Y. 2011); *Lujan v. Cabana Mgmt., Inc.*, 284 F.R.D. 50, 68 (E.D.N.Y. 2012).

Here, Plaintiff asserts that Defendants are in possession of two responsive emails that explicitly concern and mention her. Defendants have not contested that they are in possession of the two emails. If these emails are in fact responsive to Plaintiff's discovery requests, Defendants are under an obligation to produce them, regardless of the fact that the discovery deadline has passed. If Defendants believe the emails are not responsive, they may produce the documents to the Court *in camera*, along with the particular document requests to which Plaintiff has asserted such emails respond, and the Court will make a ruling.

To the extent Plaintiff suggests that Defendants' search was unreasonable because they did not produce the two emails, the fact that Defendants may not have produced every potentially responsive document is not on its own evidence that their search was unreasonable. *See Agerbrink v. Model Serv. LLC*, No. 14CIV7841JPOJCF, 2017 WL 933095, at *5 (S.D.N.Y. Mar. 8, 2017) ("[T]he fact that a party has located a single relevant document that the adversary failed to produce hardly demonstrates that the search was flawed. The standard for evaluating

discovery is reasonableness, not perfection."); *Johnson v. L'Oreal USA*, No. 18-CV-09786 (LGS), 2020 WL 5530022, at *3 (S.D.N.Y. Sept. 15, 2020) ("Plaintiff is not entitled to every single document that could possibly have existed.  Discovery must be reasonable, not perfect."). Thus, there is no basis at this time for finding that Defendants' failure to locate and produce these two emails previously was unreasonable or done in bad faith.

## CONCLUSION

If Defendants wish to dispute the responsiveness of the two emails, Defendants must send the emails to the Court for *in camera* review by **Thursday, July 25, 2024**, along with the relevant document requests.  Otherwise, Defendants must produce the emails to Plaintiff by **Thursday, July 25, 2024** and submit a letter to the Court stating they have done so.

**The Clerk of Court is respectfully directed to terminate the motion at ECF No. 384.**

SO ORDERED.

Dated: New York, New York
July 23, 2024

*Katharine H. Parker*

KATHARINE H. PARKER
United States Magistrate Judge