UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| Arlene J. Delgado,<br>    Plaintiff, | Case No.: 19-cv-11764 (AT) (KHP) |
| vs. | |
| Donald J. Trump for President, et al.<br>    Defendants | **PLAINTIFF'S OBJECTION TO MAGISTRATE JUDGE'S ORDER and MOTION FOR REVIEW**<br>Date: July 24, 2024 |

## PLAINTIFF'S URGENT OBJECTION TO MAGISTRATE JUDGE'S ORDER and MOTION FOR REVIEW

NOW COMES the above-named Plaintiff, ARLENE J. DELGADO, hereinafter "Plaintiff Delgado," and, pursuant to Federal Rule of Civil Procedure 72(a), respectfully objects to, and moves for review of, Magistrate Judge Parker's July 10, 2024 (ECF #312), and states as follows:

[As a *pro-se* litigant who possesses, per Magistrate Judge Parker's recent description, a "limited" understanding of litigation, Plaintiff apologizes in advance for any errors in this Objection and humbly asks for the Court's patience and forgiveness for any ignorance herein.]

Federal Rule of Civil Procedure 72(a) provides:

> When a pretrial matter not dispositive of a party's claim or defense is referred to a magistrate judge to hear and decide, the magistrate judge must promptly conduct the required proceedings and, when appropriate, issue a written order stating the decision. A party may serve and file objections to the order within 14 days after being served with a copy. A party may not assign as error a defect in the order not timely objected to. The district judge in the case must consider timely objections and **modify or set aside any part of the order that is clearly erroneous or is contrary to law**.

-F.R.C.P. 72(a) (emphasis added)

Plaintiff Delgado thus respectfully seeks review of the Order, as the Order is clearly erroneous and contrary to law.

A brief recap is best. In a January 30, 2024 Case Management Conference, the Court informed that, regarding third-party depositions, the (freshly *pro-se)* Plaintiff Delgado would need file a letter to the Court, asking which third-party depositions she seeks, and why. The Court added that it would address the request at the upcoming February 28th Case Management Conference.

Plaintiff Delgado dutifully did so, requesting 16 depositions. In its March 1, 2024 Order (ECF 204) (hereinafter, "March 1st Order"), Magistrate Judge Parker denied Plaintiff Delgado the ability to take most of the requested third-party depositions, save for four that Magistrate Judge Parker herself personally selected. Below is an image of the March 1st Order, seemingly granting four depositions:

> otherwise denied the request. **Specifically, as discussed at the Case Management Conference, Plaintiff is permitted to subpoena and depose the following individuals:**
>
> - **Lucia Castellano**, who was identified as the head of Human Resources for the Campaign, and is thus likely to have information relevant to employment decisions by the Campaign.
>
> - **Michael Glassner**, who was identified as counsel for the Campaign during a mediation between the Campaign and Plaintiff to which the breach of contract claim pertains, and is likely to have information relevant to the breach of contract claim.
>
> - **Jared Kushner**, who was identified as having a role in the decision not to hire Plaintiff for a position at the White House, and thus is likely to have information relevant to the discrimination claim.
>
> - **Donald McGahn**, who was identified as an individual involved in the security clearance process for White House personnel during the relevant period, and is likely to have information relevant to Defendants' defense that Plaintiff would not have qualified for a position at the White House due to security clearance issues.

To be sure, Magistrate Judge Parker clarified in subsequent (May 14th) Order (ECF #312), when asked by Plaintiff Delgado to clarify such, that **the four depositions were indeed <u>limited to the topic she listed</u>**. Thus, Plaintiff Delgado could *only* ask, during any such deposition, about

what Magistrate Judge Parker specifically listed. Magistrate Judge Parker held: "Depositions are limited to what was included in the Court's prior [March 1st] order."

This Court should note – as this will be important later – that **the deposition of Michael Glassner (Campaign COO) ("Mr. Glassner) could only, per Magistrate Judge Parker's ruling, include questions about the 'breach of contract' claim (Plaintiff Delgado's claim that Defendants improperly reneged on the $1.2million settlement agreement in 2017).** *See* **above image. This would essentially be a five-minute deposition, if that.** [Plaintiff Delgado was ultimately unable to serve Mr. Glassner and did not take his deposition,[1] though it matters not for purposes of this motion, as the (limited) deposition she would have taken was essentially worthless, due to the limit imposed.]

In late May, summary judgment motions were filed in *another* employment-discrimination case that the Campaign faces, by an employee named Jessica Denson who, same as Plaintiff Delgado, worked for the 2016 Campaign. That case is pending in New York State Court. The plaintiff therein, Ms. Denson, is moving for summary judgment on the issue of retaliation. Regarding her retaliation claim, the Campaign sued Ms. Denson for $1.5 million when Ms. Denson filed suit against the Campaign (claiming such was an NDA violation) – this was essentially the same as the Campaign had done against Plaintiff Delgado, when Plaintiff Delgado indicated her intent to file suit. As part of her summary judgment motion, Ms. Denson attached the deposition-

---

[1] The subpoenas were issued by the Plaintiff Delgado but never arrived until March 30th. The Court then agreed the Plaintiff Delgado should re-issue them with new dates, which Plaintiff Delgado did, but the Clerk delayed over a week in signing and issuing the subpoenas (as a pro-se litigant, the Plaintiff Delgado is unable to issue the subpoenas herself). Between the delay caused by that and the inability to locate Mr. Glassner's current residence (these are high-profile individuals who work in politics and, as such, this case is unique in that the deponents are not easy to locate), Plaintiff Delgado was unable to depose Mr. Glassner in time. Plaintiff Delgado moved for more time but the request was denied (See May 14th Order).

transcript of a three-hour deposition, spanning multiple topics, that her attorneys had taken last year of Mr. Glassner.

In that deposition transcript, Mr. Glassner discusses the Campaign's retaliation, essentially admits to such, and notes he was a key decisionmaker in such. He also **admits the Campaign also retaliated against Plaintiff "AJ Delgado."**

Coincidentally, on June 12th, Jenna Ellis, Esq., a former legal advisor to the Trump Campaign, informed Plaintiff Delgado that (contrary to the Defendant-Campaign's assertions that there had been no sexual harassment, gender discrimination, or pregnancy discrimination complaints, which Defendants had been ordered to produce in late April 2024, from the 2020-Campaign effort), the Campaign had, in fact, settled "several" such suits in 2020. Ms. Ellis stated it was Mr. Glassner who informed her of such.

Not surprisingly, Plaintiff Delgado swiftly brought this to Magistrate Judge Parker's attention, filing a motion to re-open discovery (which had only recently closed on some avenues but was ongoing in multiple respects, including e.g., Eric Trump's privilege assertions and various Requests for Admission) **for the limited purpose of briefly deposing Mr. Glassner on these two matters**: i.e., **(1)** whether the Campaign indeed settled sexual harassment complaints[2]; and **(2)** the retaliation against Plaintiff Delgado. (*See* "Motion for Additional Limited Discovery Given Critical New Information: The Deposition of Michael Glassner" ECF #365, June 19, 2024) Defendants then filed Defendants' Memorandum of Law In Opposition of Plaintiff's Motion to Reopen Discovery (ECF #374) and Plaintiff Delgado filed a Reply (ECF #380) (***See* Attachment**)

---

[2] This need not entail inquiring as to the terms of the settlements or financial amounts. Instead, merely the confirmation that settlements existed would mean that *underlying complaints existed* and those underlying complaints are discoverable, per the Court's own prior ruling, which had ordered the Campaign to produce such (yet it had produced none).

Plaintiff Delgado was confident that the request would be granted, given that, per applicable caselaw, for this request to be denied the Court would need to find that the party had "ample opportunity" to engage in the discovery during discovery, yet had chosen not to do so. Here, that standard is clearly met as the Plaintiff never had the opportunity, *because she was banned from asking Mr. Glassner, if she deposed him, from any topic other than the Campaign reneging on the settlement* (the breach of contract claim). "A party seeking to reopen discovery bears the burden of establishing good cause and discovery should not be extended **when there was ample opportunity to pursue the evidence during discovery**." <u>Volpe v. Ryder</u>, No. 19-CV-2236, 2022 WL 16553231, at *2 (E.D.N.Y. Oct. 31, 2022) **In this case, it was indisputable that the Plaintiff Delgado had \*not\* had the opportunity to engage in this discovery during discovery: While she had dutifully (coincidentally) sought the deposition of Mr. Glassner, the Court had bound and tied her hands, ordering that she could only depose Mr. Glassner on the breach of contract claim. Thus, it is abundantly clear that Plaintiff Delgado never had the opportunity to engage in this discovery.** Plaintiff Delgado's motion even went through the caselaw's 'factors to consider', and laid out for the Court why the request was also merited when applying the factors:

> In determining whether to reopen discovery, **the controlling caselaw considers: (1) whether trial is imminent, (2) whether the request is opposed, (3) whether the non-moving party would be prejudiced, (4) whether the moving party was diligent in obtaining discovery within the guidelines established by the court, (5) the foreseeability of the need for additional discovery in light of the time allowed for discovery by the district court, and (6) the likelihood that the discovery will lead to relevant evidence**. *See e.g.,* <u>Fed. Ins. Co. v. Mertz</u>, 12-cv-1597-NSR-JCM (S.D.N.Y. Sep. 29, 2015) Applying these factors herein, it is clear the request is merited:
>
> (1) Trial has not even been set, much less imminent (This factor weighs in favor of granting the request.);
> (2) The request is surely opposed but that is because Defendants (naturally) do not

> want Plaintiff to prove her case and they know Glassner is relevant to such…..
> Moreover, as noted below, in the Jacobs case, and others, courts have granted re-opening of discovery, including for multiple depositions, even *months after* Defendants have filed their summary judgment motions! (This factor is thus, at worst, neutral.);
> (3) The non-movant party (Defendants) would not be prejudiced by a simple deposition being taken in the next month (it is worth noting, the Defendants caused a nearly two-year delay in this case, by pursuing a frivolous claim that the NDA, which it later had to abandon altogether, prevented the Mother from filing suit). "**The deposition of predictable fact witnesses is not so prejudicial [to the non-movant party] [so as] to bar the reopening of discovery**." Jacobs v. NYC Dep't of Educ., 11-CV-5058, at 8 (MKB) (RML) (E.D.N.Y. Nov. 24, 2015), citing Scott v. City of New York Dep't of Corr., No. 04-CV-9638, 2007 WL 4178405, at *8 (S.D.N.Y. Nov. 26, 2007) (**permitting after the close of discovery seven previously noticed depositions, and explaining it is a small burden to allow these depositions to take place).** (This factor weighs in favor of granting the request.)
> (4) Plaintiff clearly has been diligent: e.g., Despite being a *pro-se* litigant, she has moved the case forward; conducted depositions professionally and "efficiently" (as this Court itself has stated), each only lasting about three hours. (This factor weighs in favor of granting the request.);
> (5) It was foreseeable to the Court that there would be additional need for discovery, ….
> (6) It is not only likely, but apparent, that the additional discovery will lead to admissible evidence, *given what Mr. Glassner already admitted in a separate deposition, under oath*, regarding retaliation against Plaintiff, and given his knowledge of gender-related complaints. (This factor weighs in favor of granting the request.)

-Plaintiff's Motion (emphasis added)

Plaintiff Delgado also noted that she could not have known any of this (e.g., Glassner's involvement in the retaliation), given that **the Campaign failed to disclose, in either their Interrogatory -Responses or in their Rule 26 disclosures, Mr. Glassner's knowledge on the claim of alleged retaliation, as required**. Defendants' disclosures are, under Rule 26, required to list not just the name of each individual likely to have information regarding their own claims or defenses (and name and address, if known) but also the "**subjects of that information**." Instead, (a) even though retaliation had been formally added as a claim in the case earlier that year; and (b) even though Defendants knew that Glassner was intimately involved in that, this is what the

extremely vague description read: "Information regarding plaintiff's work for the Campaign and Trump for America, Inc. and other facts and circumstances alleged in plaintiff's first amended complaint." That is contrary to Rule 26. **Defendants' Rule 26 Disclosures *should have* read: "Michael Glassner [address and number, if known]: retaliation allegation defense; NDA; and breach of contract claim defense"** (or words to that effect). They refused to do so. This violates Rule 26's requirement of listing a clear subject matter – it cannot be a general "things you alleged in the complaint." Plaintiff Delgado's Interrogatories, for their part, also contained several interrogatories pertaining to retaliation – yet not a single answer by Defendants named Glassner.

Despite all this, Magistrate Judge Parker DENIED the Motion. The Order ignores and refuses to acknowledge/address the fact that Magistrate Judge Parker had herself limited Mr. Glassner's deposition (precluding Plaintiff Delgado from asking anything other than questions about the 2017 'breach of contract' claim). Nowhere does the Order explain how, in light of that, the Court can nevertheless have the position that Plaintiff could have obtained this information! Nowhere does the Court explain the inherent contradiction of: "The Court ordered that she could only ask Glassner about the breach of contract claim, but the Court also finds that she had ample opportunity to obtain this information." Magistrate Judge Parker also does not address the Defendants' disclosure violations.

So how *does* Magistrate Judge Parker's Order justify claiming that Plaintiff Delgado had prior opportunity to engage in this discovery? She does so by adopting an argument that opposing counsel threw into a line of their opposition brief – the 'Plaintiff could have simply asked about the retaliation against her, during the 30b6 deposition she took of the Campaign.' Thus, according to the Court's order, litigants do not need to take depositions of key individuals because they can

7

and should simply ask those questions during a 30b6 deposition and have the 30b6 witness answer. Yet no, that is not at all an appropriate substitute. Moreover, no answers would result: the 30b6 witness, even if well-prepared on the topic, would not be able to answer the same way a decision maker himself would, or be able to answer detailed questions. None of this would substitute or account for taking Mr. Glassner's deposition. The Order is thus contrary to the law, which requires that the movant had ample opportunity to obtain this information during discovery.

Second, in addition to such, the Order is also contrary to law in that it also fails to apply the aforementioned multi-factor test, and never goes through each factor. Instead, the Order states "summary judgment is fast approaching" (as a reason to deny the Motion) but that is not even the correct standard – the standard is whether *trial* is imminent (and trial has not even been set).

Third, the Order is also contrary to law in that it ignores existing precedent finding that the mere deposition of a fact-witness is not prejudicial enough (to the non-movant party) so as to deny the movant party the discovery. (As noted above: "The deposition of predictable fact witnesses is not so prejudicial [to the non-movant party] [so as] to bar the reopening of discovery." Jacobs v. NYC Dep't of Educ., 11-CV-5058, at 8 (MKB) (RML) (E.D.N.Y. Nov. 24, 2015), citing Scott v. City of New York Dep't of Corr., No. 04-CV-9638, 2007 WL 4178405, at *8 (S.D.N.Y. Nov. 26, 2007) (permitting after the close of discovery *seven* previously noticed depositions, and explaining it is a small burden to allow these depositions to take place).]

In sum, respectfully, Magistrate Judge Parker's order should have permitted a limited opening to allow Plaintiff Delgado to take Mr. Glassner's deposition. The Order was contrary to law and clearly erroneous, and it should be set aside.

Respectfully and humbly submitted,

*s/ Arlene Delgado*
Arlene Delgado

Plaintiff, *pro-se*