**SCHULMAN BHATTACHARYA**  6116 Executive Boulevard, Suite 425, North Bethesda, Maryland 20852  240.356.8550

**JEFFREY S. GAVENMAN**
direct dial 240.356.8553   email jgavenman@schulmanbh.com

July 25, 2024

**VIA ECF**

The Honorable Katharine H. Parker
United States District Court
500 Pearl Street, Room 750
New York, NY 10007

*Re:   Delgado v. Donald J. Trump for President, Inc., et. al.* **No. 19-cv-11764 (AT)(KHP)**

Dear Judge Parker:

We write respectfully on behalf of Defendants Donald J. Trump for President, Inc. (the "Campaign"), Sean Spicer, and Reince Priebus (together "Defendants") in the above-captioned case in response to the Court's July 23, 2024 Discovery Order (the "Order") concerning the potential production of two e-mails from the mother of one of the Campaign's former employees (the "E-mails"). ECF No. 395. Pursuant to the instructions in the Order, Defendants do dispute the relevance of the e-mails and submit them herewith by e-mail under a separate cover.

To the Court's point about identifying the specific document request propounded by Plaintiff (the "RFPs") to which the E-mails are responsive, Defendants' counsel asked Plaintiff the same question. *See* Ex. A. Plaintiff refused to identify a specific RFP by number. Instead, she stated that "my RFP requested any and all documents relevant to any of the claims in my Complaint." *Id*. However, Plaintiff issued no such RFP.[1] *See* Ex. B.

The closest RFPs actually issued by Plaintiff are RFPs No. 1 and 2, which seek:

1.   Any document reflecting, discussing, or pertaining to the allegations in the Complaint.

2.   Any statement or communication of any kind reflecting, discussing, or pertaining to the allegations in the Complaint.

However, Plaintiff's Complaint does not contain any allegations about the E-mails or about Jessica Denson, to say nothing about Ms. Denson's mother. Furthermore, as explained in Defendants'

---

[1] Of course, had Plaintiff issued such an RFP, the Campaign undoubtedly would have objected that it was vague and overbroad (as it did for Plaintiff's RFP's No. 1 and 2), as such a broad request violates Fed. R. Civ. P. 34, which obligates a requesting party "to tailor a document request so that it requests only relevant information but also so that it is proportional to the needs of the case." *Optionality Consulting Pte. Ltd. v. Edge Tech. Grp. LLC*, 18-cv-5393 (ALC)(KHP), 2022 WL 1977746, at *3 (S.D.N.Y. June 3, 2022).

SCHULMAN**BHATTACHARYA**

Page | 2

opposition to Plaintiff's motion to compel the E-mails, the E-mails are plainly not relevant, nor do they pertain to any of the allegations in the Complaint. *See* ECF No. 387 at p. 2. The E-mails were sent by a third party (Ms. Denson's mother) to the personal e-mail address of Steve Bannon.[2] Defendants had no control over the e-mails sent by Ms. Denson's mother or her personal opinions about Plaintiff. Nor could they discipline Ms. Denson's mother or take any action to prevent Ms. Denson's mother from sending an e-mail to the personal e-mail address of someone who worked for the Campaign. Although Ms. Denson herself complained about Plaintiff's behavior, there is absolutely no evidence that Defendants ever considered the opinions of Ms. Denson's mother in any way in connection with Plaintiff's employment, and it is undisputed that Plaintiff was never aware of the E-mails during her employment. As a result, the E-mails are simply not relevant to the allegations, the claims, or the defenses in the instant case.

We thank the Court for its time and attention in this matter.

Respectfully,

/s/ Jeffrey S. Gavenman
Jeffrey S. Gavenman

---

[2] It is precisely for this reason that Plaintiff's argument that the fact that Defendants did not produce the E-mails previously indicates a deficiency in their search process for relevant discovery is simply incorrect. The E-mails were sent to Mr. Bannon's personal e-mail account, to which Defendants never had access. Mr. Bannon never sent them to anyone in the Campaign, including Human Resources. The sole reason that Defendants ever came into possession of the E-mails is that they were produced by Ms. Denson *during discovery in her case*. Putting aside the fact that the E-mails are not relevant and not responsive to any of Plaintiff's RFP's, they could not have been found during the course of the agreed upon ESI search (*see* Ex. B, pp. 8-10 & ECF No. 107), as Mr. Bannon's personal e-mail account was not part of the agreed upon ESI protocol (nor could it have been, as Defendants do not have access to same).