UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------X

ARLENE J. DELGADO,

                Plaintiff,

    -against-

DONALD J. TRUMP FOR PRESIDENT, INC.,
TRUMP FOR AMERICA, INC., SEAN SPICER,
individually, REINCE PRIEBUS, individually,
and STEPHEN BANNON, individually,

                Defendants.
----------------------------------------------------------------X

No. 19-cv-11764 (AT)

**PLAINTIFF'S FIRST SET OF REQUESTS FOR THE PRODUCTION OF DOCUMENTS TO DEFENDANTS**

TO:    Jared Blumetti, Esq. (JBlumetti@lhrgb.com)
         Patrick McPartland, Esq. (PMcPartland@lhrgb.com)

REQUEST IS HEREBY MADE upon you, pursuant to the applicable Federal Rules of Civil Procedure, to produce the documents described below upon the undersigned Plaintiff's counsel, within thirty days of service upon you.

## DEFINITIONS

A.    "Document" or "Documents" are used herein in their broadest sense, and mean all tangible items, all electronically stored information ("ESI" as further defined below), and all writings, drawings, graphs, charts, photographs, sounds recordings, images and other data or data compilations stored in any medium from which information can be obtained either directly or, if necessary, after conversion by the responding party into reasonably usable form. This definition includes originals, copies, or any non-identical copy or draft version, and includes native file formats without alteration or deletion of any associated information, e.g., metadata, regardless of origin or location, which is within the scope of Federal Rule of Civil Procedure 26.

B.    "Person" or "persons" as used herein means and includes, without limiting the generality of its meaning, any natural or individual person, corporation, firm, partnership, association,

committee, commission, or other organization or entity.

C.     "Communication" shall mean all modes of conveying meaning or information including, without limitation, ESI, telephone, facsimile, writings, or speaking.

D.     "Concerning," "relate to," "refer to," and "pertaining to" are intended to encompass any and all documents relating to, referring to, alluding to, responding to, relating to, connected with, commenting on, in respect of, about, regarding, discussing, summarizing, showing, describing, reflecting, analyzing, constituting, or in any way relevant to the underlying facts of the specified subject of the particular request within the meaning of Federal Rule of Civil Procedure 26.

E.     "ESI" shall mean all electronically stored information and files, including but not limited to computer files, electronic mail ("e-mail"), instant messages, information on social media or other websites (e.g., Facebook, Instagram, Twitter, blogs), information stored on any machine or device, and any other discoverable internet data. ESI includes native file formats without alteration or deletion of any associated information, like metadata.

F.     "Plaintiff" shall mean Arlene J. Delgado.

H.     "Defendants" or "you" or "your" shall refer collectively to any and all of the above-captioned Defendants, as well as any of their parents, subsidiaries, heirs, employees, or agents.

## INSTRUCTIONS

A.     Each Request is to be answered separately and specifically and documents responsive to each request for production shall be identified and produced by reference to the request number to which such documents are responsive. No answer is to be left blank. If the answer to a Request or subparagraph of a Request is "none" or "unknown," such statement must be written in the answer. If the answer to the entire question is not known, so state and answer the part known. If a date is not known, state the closest approximate date.

B.      In responding to these Requests, produce all documents that are available to you, including documents in the possession of your attorneys, investigators or experts, and not merely documents in your own personal possession.  If you or any of your agents, including your attorney, are aware of the existence of any document within the scope of these Requests that is not within the custody, possession or control of you or your agents, please identify any such document in a written response to the request and provide information about who has possession, custody or control over the document.

C.      When a Request calls for documents or facts that relate to a claim or contention, produce documents that are inconsistent with as well as those that support such claim or contention.

D.      If you object to any part of any Request, you must answer all parts of that Request to which you do not object, and state the specific bases for your objection to any part to which you do object, describe generally the document or information that is withheld and set forth the facts upon which you rely as the basis for each such objection.

E.      In the event that you claim that a Request is overly broad or unduly burdensome, you should respond to that portion of the document Request that is unobjectionable and specifically identify the manner in which the Request is allegedly overly broad or burdensome.

F.      If you claim that an answer, in whole or in part, to any Request or part thereof is privileged or otherwise protected from discovery, you must identify such information by subject matter and state with particularity the nature and basis of its claim of privilege or other reason that the information is protected from discovery.

G.      These Requests are deemed continuing in nature and call for prompt supplemental production whenever you receive or discover additional information covered by a Request. You are hereby notified of and referred to the Federal Rules of Civil Procedure regarding your

ongoing duty to promptly supplement your responses should you obtain information upon the basis of which you know a prior response was incorrect or incomplete when made, or that a response, thought correct and complete when made, is no longer true and complete.

H.      In accordance with Rule 34 of the Federal Rules of Civil Procedure, you must produce documents, except ESI, as they are kept in the usual course of business or must organize and label them to correspond to the categories in the request. Produce ESI in its native file format without alteration or deletion of any associated information, e.g., metadata.

I.      Each Request shall be accorded a separate answer, the text of each Request shall be copied and pasted immediately preceding the response to that respective Request.

J.      Any word written in the singular herein shall be construed as plural or vice versa when necessary to facilitate the response to any request.

## **REQUESTS FOR PRODUCTION OF DOCUMENTS**

1.      Any document reflecting, discussing, or pertaining to the allegations in the Complaint.

2.      Any statement or communication of any kind reflecting, discussing, or pertaining to the allegations in the Complaint.

3.      Any document responsive or pertinent to, or identified in any response to, Plaintiff's First Set of Interrogatories to Defendant Donald J. Trump For President, Inc.; Plaintiff's First Set of Interrogatories to Defendant Reince Priebus; or Plaintiff's First Set of Interrogatories to Defendant Sean Spicer.

4.      Any document examined, referenced, or used in answering Plaintiff's First Set of Interrogatories to Defendant Donald J. Trump For President, Inc.; Plaintiff's First Set of Interrogatories to Defendant Reince Priebus; or Plaintiff's First Set of Interrogatories to Defendant Sean Spicer.

5.      Any written and/or recorded statement by any witness or potential witness in this lawsuit.

6.      Any document constituting, describing, discussing, or pertaining to any discrimination, harassment, or retaliation *policy* in effect during Plaintiff's employment by Defendants.

7.  All documents constituting, referenced in, appended to, or used in formulating any formal or informal evaluation of Plaintiff's performance.

8.  Plaintiff's entire personnel, employee, and/or HR file, or any documents concerning Plaintiff maintained by any Defendant's Personnel, Employee Relations, or Human Resources Department.

9.  Sean Spicer's entire personnel, employee, and/or HR file maintained by any Defendant's Personnel, Employee Relations, or Human Resources Department. PLEASE NOTE that documents pertaining to Mr. Spicer's health and medical records, pay and benefits, taxation, or family matters need NOT be produced.

10. Reince Priebus' entire personnel, employee, and/or HR file maintained by any Defendant's Personnel, Employee Relations, or Human Resources Department.  PLEASE NOTE that documents pertaining to Mr. Priebus' health and medical records, pay and benefits, taxation, or family matters need NOT be produced.

11. Stephen Bannon's entire personnel, employee, and/or HR file maintained by any Defendant's Personnel, Employee Relations, or Human Resources Department.  PLEASE NOTE that documents pertaining to Mr. Bannon's health and medical records, pay and benefits, taxation, or family matters need NOT be produced.

12. Any document examined, referenced, or used by Defendants in answering the First Amended Complaint as revised on March 28, 2022 (Docket No. 94), or that is pertinent to the defenses or affirmative defenses stated in your Answer to the First Amended Complaint as revised on March 28, 2022 (Docket No. 94).

13. All documents constituting, reflecting, or concerning any communication by or between *any* current or former owner, officer, executive, principal, manager, employee, contractor, or agent of any Defendant since August 1, 2016 concerning sex-, gender-, pregnancy-, or disability-based discrimination or harassment, or concerning retaliation of any kind.

14. Any and all documents reflecting, pertaining to, or constituting any requests (whether formal or informal) from Plaintiff for a position (whether a hiring, transfer, promotion, reassignment, whether paid or unpaid, full-time or part-time, as a formal employee or a contractor) in the Campaign, or the White House, or any Presidential Administration.

15. Any report, complaint, or grievance (whether formal or informal) that was filed against, received, heard, or transmitted to, or maintained by any Defendant or any agent of any Defendant, *and* which concerned or alleged any form of discrimination or harassment on the basis of sex, gender, pregnancy status, family status, or disability, *or* which concerned or alleged any form of retaliation.

16.     Any and all written and/or recorded statements of any witness or potential witness in this lawsuit.

17.     Any document containing, reflecting, or describing *any* application by *any person* for a communications-related position with or on behalf of the Campaign or the White House or any Presidential Administration since August 1, 2016, *or* containing, reflecting, or describing your review of any such application.

18.     Any e-mail to, from, or between Plaintiff and any of the following individuals since August 1, 2016:

   i.     Reince Priebus
   ii.    Sean Spicer
   iii.   Stephen Bannon
   iv.    Donald Trump, Jr.
   v.     Eric Trump
   vi.    Jason Miller
   vii.   Bradley Parscale
   viii.  Corey Lewandowski
   ix.    Jared Kushner
   x.     Ivanka Trump
   xi.    Cassidy Dumbauld
   xii.   Brian Walsh
   xiii.  Jessica Ditto
   xiv.   Hope Hicks
   xv.    John McGann
   xvi.   Sarah Huckabee Sanders
   xvii.  Giancarlo Sopo
   xviii. Stephanie Grisham
   xix.   Kellyanne Conway

19.     Any report, complaint, or grievance (whether formal or informal, written or oral) that concerned or alleged any form of discrimination or harassment on the basis of sex, gender, pregnancy status, family status, or disability, *or* which concerned or alleged any form of retaliation, *and* which was filed against, received, heard, or transmitted to, or maintained by any of the following individuals since August 1, 2016:

      i.      Reince Priebus

      ii.     Sean Spicer

      iii.    Stephen Bannon

      iv.    Donald Trump, Jr.

      v.     Eric Trump

      vi.    Jason Miller

      vii.   Bradley Parscale

      viii.  Corey Lewandowski

      ix.    Jared Kushner

      x.     Ivanka Trump

      xi.    Cassidy Dumbauld

      xii.   Brian Walsh

      xiii.  Jessica Ditto

      xiv.  Hope Hicks

      xv.   John McGann

      xvi.  Sarah Huckabee Sanders

      xvii.  Giancarlo Sopo

      xviii. Stephanie Grisham

      xix.  Kellyanne Conway

20.    Any documents used or provided in any training or instruction concerning discrimination, retaliation, and/or harassment that any Defendant provided since August 1, 2016.

21.    Any documents with which your employees, agents, or contractors have been instructed or expected to report or complain about discrimination, retaliation, or a hostile work environment since August 1, 2016: *and* identify by first and last name, mailing address, e-mail address, and telephone number: any person who received or reviewed, or who was supposed to receive or review, such reports or complaints.

22.    Any document reflecting or pertaining to any formal or informal *investigation* conducted by any of your employees, contractors, or agents concerning Plaintiff; *and* identify by first and last name, mailing address, e-mail address, and telephone number: any person who did or was supposed to conduct, participate in, oversee, or review any such investigation.

23.    Any document constituting, reflecting, or pertaining to any formal or informal *discipline* (whether a reprimand, warning, performance improvement plan, or other) that any Defendant issued to Plaintiff for any reason.

24.     Any document reflecting or pertaining to any formal or informal *investigation* conducted *by any* of your employees, contractors, or agents and concerning *any* Campaign staffer, employee, contractor, agent, or volunteer pertaining to any form of discrimination or harassment on the basis of sex, gender, pregnancy status, family status, or disability, *or* any form of retaliation; *and* identify by first and last name, mailing address, e-mail address, and telephone number: any person who did or was supposed to conduct, participate in, oversee, or review any such investigation.

25.     Any document constituting or reflecting any formal or informal *discipline* (whether a reprimand, warning, performance improvement plan, or other) that any Defendant issued to any Campaign staffer, employee, contractor, agent, or volunteer for any form of discrimination or harassment on the basis of sex, gender, pregnancy status, family status, or disability, *or* any form of retaliation.

26.     Any document reflecting or pertaining to any formal or informal communication between any Campaign staffer, employee, contractor, agent, or volunteer and any political action committee created by or on behalf of any Defendant or Donald J. Trump – including but not limited to the "Save America PAC."

27.     Any document reflecting, pertaining to, or constituting any posting to any form of social media (whether original content or a response to or forwarding of some other person's content) that concerns Plaintiff; the contents of the First Amended Complaint as revised on March 28, 2022 (Docket No. 94); the subjects of this lawsuit; the appointment of any person to any communications role on any presidential campaign, presidential transition, or presidential administration; or Jason Miller's appointment to any position on any presidential campaign, presidential transition, or presidential administration.

28.     Any document responsive to the ESI search parameters that Plaintiff's counsel transmitted to Defendants' counsel on August 2, 2022.  To wit:

Electronic documents maintained on (and searched for and retrieved from) any form of mainframe, desktop, Local Area Network (LAN), hard-drive, portable device (such as a thumb-drive or disc), or cloud-based storage system, and including any form of writing (such as e-mail, instant message, or text message), graph, chart, photograph, audio recording, video recording, calendar, note, image, data compilation, spreadsheet, PowerPoint or similar slide presentation, or social media posting.  This includes originals, copies, or any non-identical copy or draft version, and includes native file formats without alteration or deletion of any associated information, e.g., metadata, regardless of origin or location, which is within the scope of Federal Rule of Civil Procedure 26.

<u>Custodians</u>:

1. Arlene J. Delgado
2. Donald J. Trump

3. Sean Spicer
4. Reince Priebus
5. Stephen Bannon
6. Donald Trump, Jr.
7. Eric Trump
8. Jason Miller
9. Bradley Parscale
10. Corey Lewandowski
11. Jared Kushner
12. Ivanka Trump
13. Cassidy Dumbauld
14. Brian Walsh
15. Jessica Ditto
16. Omarosa Manigault
17. Hope Hicks
18. John McGann
19. Sarah Huckabee Sanders
20. Giancarlo Sopo
21. Stephanie Grisham
22. Kellyanne Conway

<u>Date range</u>:  August 1, 2016 through and including the present.

<u>Search terms</u>:

1. Any document containing *any* of the following terms:

    a. preg! [*an exclamation point denotes any word with the preceding root*]
    b. baby
    c. birth OR born OR deliver!
    d. O.B.G.Y.N. or OBGYN or gynecol! or obstet!
    e. expecting
    f. prenatal OR "pre-natal"
    g. abort!
    h. "due date"
    i. paternity
    j. knock! w/3 up [*two terms separated by "w/" and a number means the first term within that many words of the second term*]
    k. discriminat!
    l. reliat!
    m. terminat!
    n. gender
    o. sex!

2. Any document to, copying, from, or containing "AJ" or "A.J." or Arlene or "Delgado" **<u>as well as</u>** any of the following terms:

      a. position
      b. job
      c. employ!
      d. permanent
      e. spokes!
      f. "White House" OR WH OR "W.H."
      g. Transition!
      h. TFA
      i. "West Wing"
      j. Jason OR Miller
      k. settl!
      l. "1.2 million" OR "1.2 mil" OR "$1,200,000"
      m. mediat!
      n. Betty OR Ellerin
      o. arb OR arbitrat!
      p. Kasowitz
      q. "America First"
      r. PAC
      s. Brian
      t. Tweet! Or Twitter

3. Any document to, copying, from, or containing "JM" or "J.M." or "Jason" or "Miller" **as well as** any of the following terms:

      a. settl!
      b. "1.2 million" OR "1.2 mil" OR "$1,200,000"
      c. mediat!
      d. arb OR arbitrat!
      e. Kasowitz
      f. (position OR role OR job OR WH OR "White House") w/50 (Delgado OR AJ OR "A.J." OR Arlene)

Dated: September 7, 2022
       New York, New York

                                                DEREK SMITH LAW GROUP, PLLC

                                                */s/ Daniel S. Kirschbaum*
                                                Daniel S. Kirschbaum, Esq.
                                                One Penn Plaza, 4905
                                                New York, NY 10119
                                                dsk@dereksmithlaw.com
                                                (212) 587-0760

                                                *Attorneys for Plaintiff*