```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 7/29/2024
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
ARLENE DELGADO,

                                        Plaintiff,

               -against-

DONALD J. TRUMP FOR PRESIDENT, INC.,
TRUMP FOR AMERICA, INC., SEAN SPICER,
individually, REINCE PRIEBUS, individually,
STEPHEN BANNON, individually,

                                        Defendants.
-------------------------------------------------------------------X

**19-CV-11764 (AT) (KHP)**

**ORDER ON DISCOVERY MOTION**

**KATHARINE H. PARKER, UNITED STATES MAGISTRATE JUDGE:**

On July 15, 2024, Plaintiff Arlene Delgado filed a letter seeking the production of two emails that Plaintiff asserts are relevant to her case. (ECF No. 384.) Specifically, Plaintiff states that Defendants are in possession of the emails, which specifically mention Plaintiff, relate to her claim for hostile work environment, and are responsive.

On July 18, 2024, Defendants filed a letter in opposition to Plaintiff's request, asserting, among other things, that the emails are irrelevant and not responsive to Plaintiff's document requests because they were sent by the mother of Jessica Benson, a former employee of Donald J. Trump for President, Inc. (the "Campaign"). (ECF No. 387.) The Court issued an Order on July 23, 2024, directing Defendants to either produce the emails to Plaintiff, or, if they maintained the emails were not responsive, produce the emails to the Court *in camera*.[1]

---

[1] Plaintiff cites *Rozell v. Ross-Holst*, No. 05 CIV. 2936(JGK)JCF, 2006 WL 163143 (S.D.N.Y. Jan. 20, 2006) for the proposition that *in camera* inspection is typically used for disputes concerning privilege, rather than relevance. While it is true that *in camera* review is often used to review documents for privilege purposes, courts may and have reviewed documents *in camera* for relevance purposes, particularly when there is a dispute and the party seeking production has provided a basis to conclude the withheld documents are in fact relevant. *See e.g.*, *Mitre Sports Int'l Ltd. v. Home Box Off., Inc.*, No. 08CIV9117GBDHBP, 2010 WL 11594910, at *4 (S.D.N.Y. Nov. 22, 2010)

On July 25, 2024, Defendants sent the two emails to the Court for *in camera* review, and filed a letter reiterating their belief that the emails are irrelevant to the claims or defenses in this case and not responsive to Plaintiff's document requests. (ECF No. 399.) On July 26, 2024, Plaintiff filed a reply to Defendants July 25, 2024 letter, in which she raised several arguments about why the two emails are relevant, including that Defendants mentioned the subject matter of the two emails during depositions when they referenced Jessica Denson filing a complaint against Plaintiff and Plaintiff allegedly making derogatory remarks about Ms. Denson. (ECF No. 400.) Plaintiff also argues that the emails demonstrate the Campaign took no action after Stephen Bannon received emails in which Ms. Denson's mother used derogatory language to describe Plaintiff, which she asserts is relevant to her claim of hostile work environment.

## DISCUSSION

"A district court has wide latitude to determine the scope of discovery*." In re Agent Orange Prod. Liability Litig.*, 517 F.3d 76, 103 (2d Cir. 2008); see also *S.E.C. v. Rajaratnam*, 622 F.3d 159, 181 (2d Cir. 2010) (discussing discretion of district court to manage discovery). Under the Federal Rules of Civil Procedure, discovery is permitted "regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1). Discoverability is determined by the broad standard of relevance, but it is not a license for unrestricted discovery. *See Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978); *Gucci Am., Inc. v. Guess?*, Inc., 790 F. Supp. 2d 136, 139–40 (S.D.N.Y. 2011).

---

(granting request for *in camera* review to evaluate potential relevance where party seeking production demonstrated a reasonable basis to believe withholding party did not accurately perform review).

The Court has reviewed the two emails as well as Plaintiff's First Set of Requests for the Production of Documents ("Requests"). Plaintiff's Requests include the following:

Request 13: "All documents constituting, reflecting, or concerning any communication by or between any current or former owner, officer, executive, principal, manager, employee, contractor, or agent of any Defendant since August 1, 2016 concerning sex-, gender-, pregnancy-, or disability-based discrimination or harassment, or concerning retaliation of any kind."

Request 15: "Any report, complaint, or grievance (whether formal or informal) that was filed against, received, heard, or transmitted to, or maintained by any Defendant or any agent of any Defendant, and which concerned or alleged any form of discrimination or harassment on the basis of sex, gender, pregnancy status, family status, or disability, or which concerned or alleged any form of retaliation."

Under the broad scope of relevance pursuant to Federal Rule of Civil Procedure 26, the two emails are responsive to Requests 13 and 15 because they were sent to an agent of the Campaign and at least in part concerned alleged gender-based discrimination or harassment. The emails also mention Plaintiff. Accordingly, Defendants must produce the emails to Plaintiff within five days of this Order.

**SO ORDERED.**

Dated: New York, New York
       July 29, 2024

_____
KATHARINE H. PARKER
United States Magistrate Judge