```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
ARLENE DELGADO,

                          Plaintiff,

         -against-

DONALD J. TRUMP FOR PRESIDENT, INC.,
SEAN SPICER, individually, REINCE PRIEBUS,
individually, STEPHEN BANNON, individually,

                          Defendants.
```

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: _08/01/2024_

19 Civ. 11764 (AT) (KHP)

**ORDER**

ANALISA TORRES, District Judge:

Plaintiff *pro se*, Arlene Delgado, brings this action against Defendants, Donald J. Trump for President, Inc. (the "Campaign Defendant"), Sean Spicer, Reince Priebus, and Stephen Bannon, alleging, *inter alia*, breach of contract, tortious interference with economic advantage, pregnancy discrimination, sex and gender discrimination, hostile work environment, and retaliation. First Am. Compl., ECF No. 94. The Court referred the case to the Honorable Katherine H. Parker for general pretrial management. ECF No. 99.

Plaintiff objects to four non-dispositive discovery orders entered by Judge Parker. *See* ECF Nos. 331–33, 337, 397. For the reasons stated below, Plaintiff's objections are OVERRULED.

## BACKGROUND

By order dated May 13, 2024 (the "May 13 Order"), Judge Parker quashed a subpoena that Plaintiff served on non-party Fox Corp./Fox News Network, LLC ("Fox"). May 13 Order, ECF No. 309.

By omnibus order dated May 14, 2024 (the "May 14 Order"), Judge Parker addressed thirteen discovery motions made by Plaintiff, five of which are at issue in Plaintiff's objections. May 14 Order, ECF No. 312. First, Judge Parker denied Plaintiff's request to enlarge the topics

of the depositions of Donald McGahn and Lucia Castellano. *Id.* at 7–8. Second, Judge Parker denied Plaintiff's motion to compel the "identity" of the Campaign Defendant—in other words, the "persons" with whom the Campaign Defendant's counsel "is speaking and taking direction" regarding decisions in the case. *Id.* at 2–3. Third, regarding Plaintiff's motion to compel other complaints of gender or pregnancy discrimination or sexual harassment filed by employees of the Campaign Defendant, Judge Parker denied the motion as to "unwritten complaints," but granted the motion as to any "written complaints." *Id.* at 4–5. Judge Parker specifically directed the Campaign Defendant to search for any "email or text message" sent to five individuals identified by Plaintiff as likely to have such information. *Id.* at 5. Fourth, Judge Parker denied Plaintiff's motion to compel information about payments by the Campaign Defendant "to Kasowitz [Burgos] firm." *Id.* at 5; ECF No. 298 at 2. Fifth, Judge Parker denied Plaintiff's motion to extend the time for non-party depositions. May 14 Order at 8–10.

By order dated May 29, 2024 (the "May 29 Order"), Judge Parker denied Plaintiff's motion to reconsider the May 14 Order. May 29 Order, ECF No. 334.

By order dated July 10, 2024 (the "July 10 Order"), Judge Parker denied Plaintiff's request to reopen discovery to depose Michael Glassner. July 10 Order, ECF No. 381.

Discovery in this matter closed on May 7, 2024. May 14 Order at 1. Document production has continued after the close of discovery. *See, e.g.*, ECF No. 366 at 13; ECF No. 371 at 6; ECF No. 401 at 3. Defendants' motion for summary judgment is due on September 20, 2024, and Plaintiff's cross-motion for summary judgment is due on October 18, 2024. ECF No. 396.

**DISCUSSION**

I.   Legal Standard

Federal Rule of Civil Procedure 72(a) provides that the district judge to whom a case is assigned shall consider a party's objection to a magistrate judge's order on a non-dispositive matter and shall "modify or set aside any part of the order that is clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a). An order is clearly erroneous if the reviewing court is "left with the definite and firm conviction that a mistake has been committed." *Easley v. Cromartie*, 532 U.S. 234, 242 (2001) (citation omitted). An order is contrary to law when it fails to apply or misapplies relevant statutes, caselaw, or rules of procedure. *Travel Sentry, Inc. v. Tropp*, 669 F. Supp. 2d 279, 283 (E.D.N.Y. 2009). Rule 72(a) imposes a "highly deferential standard of review." *Lyondell-Citgo Refining, LP v. Petroleos de Venezuela, S.A.*, No. 02 Civ. 795, 2005 WL 551092, at *1 (S.D.N.Y. Mar. 9, 2005). "[A] magistrate judge is afforded broad discretion in resolving discovery disputes and reversal is appropriate only if their discretion is abused. . . . Thus, a party seeking to overturn or modify a discovery order bears a heavy burden." *Id.* (quotation marks and citation omitted).

II.   Analysis

   A.  May 13 Order

Plaintiff first argues that Judge Parker erred by quashing Plaintiff's subpoena to Fox. ECF No. 332. Plaintiff issued a document subpoena seeking "any and all documentation and communications (including but not limited to emails and text messages) referencing, concerning, regarding, or mentioning A.J. Delgado," between December 22, 2016 and May 2018. May 13 Order at 1. Judge Parker ruled that the subpoena was overbroad because it requested "any and all" information from Fox. "Blanket requests of this kind are plainly overbroad and

3

impermissible." *Henry v. Morgan's Hotel Grp., Inc.*, No. 15 Civ. 1789, 2016 WL 303114, at *2 (S.D.N.Y. Jan. 25, 2016). Moreover, Judge Parker held that the subpoena requested irrelevant information because "Fox is not alleged to have had any involvement in the hiring, management or firing of Plaintiff from the Campaign," or "regarding whether Plaintiff would be extended a job at the White House." May 13 Order at 5.

It is true that Plaintiff alleges in the complaint that Defendants tortiously interfered with "other media positions"—in other words, employment opportunities outside of the White House and Campaign. First Am. Compl. ¶ 83. And, Plaintiff points to an email from a chief programming officer at Fox News that says, "You'll have your own show soon!" ECF No. 332 at 2. But, this broadly encouraging email does not indicate a "business relationship"—much less a job offer—as required for a tortious interference claim. *Flaherty v. Dixon*, No. 22 Civ. 2642, 2023 WL 2051861, at *7 (S.D.N.Y. Feb. 16, 2023). In light of the minimal relevance of the information sought, Judge Parker did not clearly err in quashing the subpoena.[1]

B. May 14 and May 29 Orders

Plaintiff argues that Judge Parker incorrectly limited the topics of the McGahn and Castellano depositions. ECF Nos. 331, 337. Judge Parker granted Plaintiff leave to take depositions of McGahn and Castellano because their testimony is relevant to specified topics. ECF No. 204 at 2. Discovery is limited to "relevant" matters. Fed. R. Civ. P. 26(b)(1). The

---

[1] Plaintiff also moves for leave to file a reply brief on the issue. ECF No. 358. Neither Federal Rule of Civil Procedure 72 nor the Court's Individual Practices in Civil Cases contemplate a reply in support of objections to a magistrate judge's discovery order, and the Court does not believe that additional briefing would assist in its decision. *See Chen-Oster v. Goldman, Sachs & Co.*, No. 10 Civ. 6950, 2019 WL 6221110, at *4 (S.D.N.Y. Oct. 7, 2019) (denying leave to file a reply brief and noting "the district court's inherent discretion to hear further evidence."). Accordingly, Plaintiff's motion is DENIED.

4

May 14 and May 29 Orders do not clearly err in limiting the scope of the McGahn and Castellano depositions to the extent that their testimony is relevant.[2]

Plaintiff next contends that she is entitled to the "identity" of the Campaign Defendant. ECF No. 333 at 2. Plaintiff knows the identity of the Campaign Defendant: it is Donald J. Trump for President, Inc. May 14 Order at 3. Plaintiff argues that counsel must interact with and take instruction from "*some* human being," whose identity she seeks. ECF No. 333 at 2. But, as Judge Parker correctly stated, there may be multiple people directing counsel on behalf of the Campaign Defendant. May 14 Order at 3. Plaintiff knows "the identity of a Campaign representative, Justin Clark," and "deposed a 30(b)(6) witness and others affiliated with the Campaign." *Id.* Judge Parker did not clearly err in denying Plaintiff's request to know all of the persons with whom counsel interacts.

Plaintiff then disputes Judge Parker's decision to compel only "written internal complaints" similar to Plaintiff's, rather than "unwritten complaints." ECF No. 333 at 4–6. Plaintiff argues that the term "written internal complaint" is undefined because the Campaign Defendant did not have a human-resources director. *Id.* at 4. But, Plaintiff misreads the May 14 Order, which was not limited to formal human-resources complaints. Judge Parker ordered the Campaign Defendant to search for "email[s] and text message[s]," including from people that Plaintiff suggested may have relevant information. May 14 Order at 4–5. This is not clear error.

Next, Plaintiff objects to Judge Parker's order denying "information regarding payments received from the Kasowitz firm." *Id.* at 5. Plaintiff contends that this information may reflect "complaints and settlements against the Campaign." ECF No. 333 at 6. But, as Plaintiff

---

[2] Although Plaintiff claims that she is entitled to a "standard" deposition, the Court does not interpret the March 1, May 14, or May 29 Orders as limiting the background questions that Plaintiff may ask; rather, the orders properly define the scope of relevance and prevent Plaintiff from using the depositions as a "fishing expedition." *Sivadel v. City of New York*, No. 04 Civ. 2113, 2004 WL 1752606, at *3 (S.D.N.Y. Aug. 4, 2004).

5

concedes, information about other complaints or settlements is "already required under Court order." *Id.* The additional information about the payments by the Kasowitz firm is not relevant to Plaintiff's claims, and Judge Parker did not err in denying that information.

Plaintiff also contends that Judge Parker should have extended time to complete four non-party depositions because she was diligent in seeking the non-party subpoenas and would have served them in a timely fashion if not for administrative delays. ECF No. 333 at 9–12; May 14 Order at 8–10. On March 1, 2024, Judge Parker granted leave to take four non-party depositions by the discovery deadline of April 15, 2024. March 1 Order, ECF No. 204. On April 3, 2024, Judge Parker extended the time for discovery solely to complete the non-party depositions and made the extension contingent on Plaintiff's ability to complete the depositions by the discovery deadline of May 7, 2024. ECF No. 231 at 5. And, because Plaintiff had previously cited problems with timely receiving subpoenas, Judge Parker directed Plaintiff to inform the Court if she had not received subpoenas by April 10, 2024. *Id.* Plaintiff waited until April 19, 2024 to request one of the subpoenas, and until April 22, 2024, to request the other three. ECF Nos. 258–61; *see* ECF No. 333 at 10 (admitting that the subpoenas were issued on April 29, around a week after Plaintiff sought them). District courts are required to enter scheduling orders "that limit the parties' time to complete discovery." *McKay v. Triborough Bridge & Tunnel Auth.*, No. 05 Civ. 8936, 2007 WL 3275918, at *1 (S.D.N.Y. Nov. 5, 2007). After Judge Parker once more extended the time for Plaintiff to complete depositions, it was not clear error to hold Plaintiff to her deadline. *See George v. Ford Motor Co.*, No. 03 Civ. 7643, 2007 WL 2398806, at *12 (S.D.N.Y. Aug. 17, 2007) (requiring "good cause" to modify a discovery scheduling order).

6

C. July 10 Order

Plaintiff argues that that Judge Parker should have reopened discovery to permit her to depose Michael Glassner. ECF No. 397. On March 1, 2024, Judge Parker granted Plaintiff leave to depose Glassner about "a mediation between the Campaign and Plaintiff." ECF No. 204 at 2. But, as discussed above, Plaintiff did not seek Glassner's deposition with diligence. *See also* May 14 Order at 8–10. Plaintiff contends that her prior conduct is irrelevant because she seeks to depose Glassner about two unrelated topics: (1) other discrimination complaints against the Campaign Defendant, and (2) the decision by the Campaign Defendant to initiate an arbitration proceeding against her for violating a nondisclosure agreement. ECF No. 397 at 4. Plaintiff has received substantial discovery regarding the first topic, including a search of Glassner's electronically stored information, and does not explain why a deposition of Glassner is necessary. *See* July 10 Order at 1–2; Fed. R. Civ. P. 26(b)(1) (permitting a district court to limit discovery that is unreasonably cumulative or duplicative). As to the second topic, Judge Parker did not err in ruling that Glassner did not have unique knowledge about this topic and that Plaintiff had the opportunity to seek information about the arbitration from other witnesses. *See* Fed. R. Civ. P. 26(b)(2)(C)(ii) (requiring the Court to limit discovery when "the party seeking discovery has had ample opportunity to obtain the information by discovery in the action"); *accord Callaway Golf Co. v. Corporate Trade Inc.*, 2011 WL 1642377, at *5 (S.D.N.Y. Apr. 25, 2011). As Judge Parker noted, Plaintiff can still call Glassner as a witness at trial. July 10 Order at 3.

7

## CONCLUSION

Accordingly, Plaintiff's objections are OVERRULED, and her requests to modify the May 13, May 14, May 29, and July 10 Orders is DENIED. The Clerk of Court is directed to terminate the motions at ECF Nos. 358 and 397.

SO ORDERED.

Dated: August 1, 2024
New York, New York

ANALISA TORRES
United States District Judge