

Michael T. Madaio, Esq.
Partner
mmadaio@habbalaw.com
Admitted to practice in NJ, NY & PA

**Via ECF**                                                                                         August 15, 2024

The Honorable Katharine H. Parker
United States District Court, Southern District of New York

> Re: *Delgado v. Donald J. Trump for President, Inc., et al.,* No. 19-cv-11764 (AT)(KHP)
> <u>Opposition to Request for Pre-Motion Conference</u>

Dear Judge Parker:

My office represents non-party, Eric Trump ("Mr. Trump"), in connection with this action. Please accept this letter brief in opposition to the pre-motion letter (ECF 403) filed by the plaintiff, Arlene Delgado ("Plaintiff"), which seeks permission to file a motion to amend the complaint to add Mr. Trump as a defendant. For the reasons set forth *infra*, Plaintiff's request must be denied.

"[I]t is within the sound discretion of the district court to grant or deny leave to amend." *McCarthy v. Dun & Bradstreet Corp.*, 482 F.3d 184, 200 (2d Cir. 2007). "[L]eave to amend a pleading may only be given when factors such as undue delay or undue prejudice to the opposing party are absent." *SCS Commcns, Inc. v. Herrick Co.*, 360 F.3d 329, 345 (2d Cir. 2004). Here, each one of these factors weighs decisively in Mr. Trump's favor. Plaintiff's proposed amendment is beyond futile; it is plainly frivolous. Moreover, Plaintiff's application, which was filed *after* the close of discovery, is unduly delayed, brought in bad faith, and would severely prejudice Mr. Trump. Therefore, for the reasons set forth below, Plaintiff's application must be denied.

**I.      <u>Plaintiff's Request Should be Denied on the Grounds of Futility</u>**

"Motions to amend should generally be denied in instances of futility." *Burch v. Pioneer C.R.*, 551 F.3d 122, 126 (2d Cir. 2008). An amendment is futile if it would not withstand a Rule 12(b)(6) motion to dismiss. *See Dougherty v. Town of Hempstead*, 282 F.3d 83, 88 (2d Cir. 2002).

Plaintiff, in her pre-motion letter, indicates that she intends to assert a single "claim of retaliation" against Mr. Trump, one which is "already a formal cause of action" in her Complaint. ECF 403 at 2. While she does not clarify the specific claim, presumably she intends to enjoin Mr. Trump as a defendant for Count Five (Executive Law § 296(7) ["NYSHRL"]) or Count Seven (N.Y.C. Admin. Code § 8-107(7) ["NYCHRL"]) (collectively, the "HRL Statutes"), as those are the only retaliation claims she has asserted to date. *See* ECF 94 at 18-20. However, a claim brought under either of these statutes would fail for multiple reasons, including, without limitation:

- <u>The proposed claim is untimely</u>. Both NYSHRL and NYCHRL are governed by a three-year statute of limitations. *See* CPLR § 214. Since Plaintiff's allegations against Mr. Trump relate to conduct which occurred between 2017 and 2019, any corresponding claim is long expired. Further, the "relation back" doctrine does not apply here since there is no "mistake of identity," Fed. R. Civ. P. 15(c), which can explain Plaintiff's failure to include Mr. Trump as a defendant in her initial Complaint, ECF 1, or her First Amended Complaint, ECF 94. To the contrary, Plaintiff has acknowledged that she expressly considered "nam[ing] Mr. Trump" as a defendant as early as August 2019, *see* ECF 379 at 1, and ultimately decided against doing so.

- <u>There is no cognizable cause of action against Mr. Trump</u>. Plaintiff cannot assert a valid cause of action against Mr. Trump under either of the HRL Statutes. The NYCHRL only applies to retaliatory acts committed by an "employer or an employee or agent thereof." N.Y.C. Admin. Code 8-107(1)(a). By Plaintiff's own admission, Mr. Trump has never been an employee or agent of the Campaign. *See* ECF 368 at 2 ("Eric Trump was never an employee or member of the Campaign."). Therefore, Plaintiff lacks a cognizable NYCHRL claim against Mr. Trump. Likewise, a NYSHRL claim would similarly fail since it cannot be plausibly alleged that Mr. Trump was the "but-for cause" of any "adverse employment action" against Plaintiff since Mr. Trump never had the authority to make any employment-related decisions affecting her. *Duplan v. City of NY*, 888 F.3d 612, 625 (2d Cir. 2018).

- <u>The HRL Statutes do not apply extraterritorially</u>. Plaintiff is precluded from asserting a claim against Mr. Trump under the HRL Statutes because she is a non-resident and her allegations against Mr. Trump relate solely to conduct arising outside the State of New York. *See* NYC Admin. Code § 2-201; Exec. Law 298-A; *see also Wolf v. Imus*, 170 A.D.3d 563, 564 (1st Dep't 2019) ("Whether New York courts have subject matter jurisdiction over a nonresident plaintiff's claims under the [HRL Statutes] turns primarily on her physical location at the time of the alleged discriminatory acts."). In addition, since Plaintiff is a Florida resident and her employment with the Campaign was based in Washington D.C., she is unable to establish that any alleged retaliatory conduct impacted her in New York. *See, e.g., Hoffman v. Parade*, 15 N.Y.3d 285, 291-92 (2010) (dismissing HRL claims where the plaintiff "was neither a resident of, nor employed in, the City or State of New York" and did not "state a claim that the alleged discriminatory conduct had any impact in either of those locations."); *Wolf*, 170 A.D.3d at 564 ("Supreme Court properly dismissed…[the HRL claims], because the impact on plaintiff from the termination of his employment occurred in Florida, where he lived and worked.").

- <u>Lack of subject matter jurisdiction</u>. This Court only retains jurisdiction over this matter on the basis of diversity jurisdiction.[1] *See generally* 28 U.S.C. § 1332. Adding Mr. Trump, a Florida resident, as a defendant would destroy complete diversity of the parties since Plaintiff is also a Florida resident, *see* ECF 94 at 2. As a result, the matter would need to be dismissed or, at a minimum, remanded to state court. *See* 28 U.S.C. § 1447(c) (requiring remand to state court if "at any time before final judgment it appears that the district court lacks subject matter jurisdiction."); *Smith v. Nkomarume*, 2018 WL 4660362, at * 3 (S.D.N.Y. Sept. 5, 2018) ("If complete diversity is destroyed by joinder of a new party, and if the federal court otherwise lacks subject matter jurisdiction over the case, the case must be remanded.") (citation omitted).

II. **<u>Plaintiff's Request Should Also be Denied on the Basis of Undue Delay, Bad Faith Motive, and Prejudice</u>**

Plaintiff's application also fails because her application is fraught with undue delay, bad faith litigation tactics, and prejudice to Mr. Trump. As such, denial is warranted.

*First*, it is beyond dispute that Plaintiff has unduly delayed in attempting to add Mr. Trump as a Defendant. Courts in this Circuit have consistently held that where a party seeks to amend

---

[1] In her First Amended Complaint, Plaintiff alleges that this case "involves a Federal Question under Title VII," but this is plainly untrue since no Title VII claim has been asserted. ECF 94 at 2.

after an inordinate delay, "[t]he burden is on the party who wishes to amend to provide a satisfactory explanation for the delay." *Cresswell v. Sullivan & Cromwell*, 922 F2d 60, 72 (2d Cir 1990). "The focus of the good cause inquiry is on the diligence of the party seeking to amend, and the court may deny leave to amend where the party seeking it knew or should have known the facts sought to be added to the complaint." *Cummins. v. N.Y. Life Ins.*, 2012 WL 3870308, at *3 (S.D.N.Y. Sept. 6, 2012).

Here, the timing of Plaintiff's application, on its own, is enough to warrant its denial. This action was commenced on December 23, 2019—nearly five years ago—and discovery has already been completed. Courts in this Circuit consistently deny motions to amend which are filed at such a late stage in litigation. *See, e.g., Ansam Assocs. v. Cola Petroleum,* 760 F.2d 442, 446 (2d Cir. 1985) (affirming denial of motion to amend as "especially prejudicial given the fact that discovery had been completed[.]"); *Krumme v. WestPoint Stevens,* 143 F.3d 71, 88 (2d Cir. 1998) (denying motion to amend where "case was near resolution and discovery had been completed."). Further, Plaintiff has not offered any explanation for her delay. Nor can she. Plaintiff has conceded that she contemplated including Mr. Trump as a defendant as early as August 2019, going so far as sending him a draft complaint with him as a named defendant. *See* ECF 379 at 1. Yet, she deliberately chose not to include him in her initial Complaint filed in December 2019, *see* ECF 1, or her First Amended Complaint filed in March 2022, *see* ECF 94. Plaintiff's multi-year delay has rendered her application untimely and improper. *See*, *e.g., United States v. Pokerstars*, No. 11-CV-2564 (KMW), 2016 WL 4411421, at *6 (S.D.N.Y. Aug. 19, 2016) ("[D]enial of leave to amend is proper when a party attempts to assert new facts or theories that it could have raised sooner.").

*Second*, Plaintiff's application is brought in bad faith and for dilatory purposes. Again, Plaintiff had multiple opportunities to include Mr. Trump as a defendant in this action, but she has repeatedly declined to do so. Instead, Plaintiff waited nearly *five years* and intentionally delayed her application until discovery had been closed, *see* ECF 403 at 1 (noting that Plaintiff's application is made "now that discovery [is] completed"). Given Plaintiff's overt gamesmanship and dilatory tactics, her request to amend must be denied.

*Third,* Mr. Trump would be severely prejudiced if Plaintiff were permitted to add Mr. Trump as a defendant at this stage of litigation. This case has been active for nearly five years and discovery has concluded. Due to Plaintiff's inordinate delay in making this application, Mr. Trump has been impaired in his ability to meaningfully engage in the discovery process and obtain evidence in support of his defense. As such, permitting Plaintiff to add him as a party defendant at this time would cause him significant prejudice. *See, e.g., Lin v. Joedy,* 214 F. Supp. 3d 207, 217 (W.D.N.Y. 2016) (denying leave to amend to add new defendant, noting that the amendment "would prejudice [the new defendant] by forcing him to defend a suit well after discovery has closed, and almost seven years after the underlying events occurred."); *Ruotolo v. City of N.Y.*, 514 F.3d 184, 192 (2d Cir. 2008) (affirming denial of leave to amend and noting that "[u]ndue prejudice arises when an amendment comes on the eve of trial and would result in new problems of proof.").

Based on the foregoing, it is respectfully requested that Plaintiff's request be denied.

Respectfully submitted,

Michael T. Madaio, Esq.