```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 8/20/2024
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
ARLENE DELGADO,

                                      Plaintiff,

          -against-

DONALD J. TRUMP FOR PRESIDENT, INC.,
TRUMP FOR AMERICA, INC., SEAN SPICER,
individually, REINCE PRIEBUS, individually,
STEPHEN BANNON, individually,

                                    Defendants.
-------------------------------------------------------------------X

**19-CV-11764 (AT) (KHP)**

**REPORT AND
RECOMMENDATION ON MOTION
FOR LEAVE TO AMEND**

**KATHARINE H. PARKER, UNITED STATES MAGISTRATE JUDGE:**

On August 12, 2024, Plaintiff Arlene Delgado filed a letter seeking leave to file a second amended complaint ("SAC"). (ECF No. 403.) Specifically, Plaintiff seeks to add three defendants to the complaint: Michal Glasser, Jason Miller, and Eric Trump. On August 15, 2024 Defendants Donald J. Trump for President, Inc. (the "Campaign"), Sean Spicer, and Reince Priebus (together "Defendants") filed a letter opposing Plaintiff's request for leave to amend. (ECF No. 406.) Counsel for nonparties Eric Trump and Jason Miller also filed letters opposing amendment of Plaintiff's complaint. (ECF Nos. 405, 407.) For the reasons set forth below, I respectfully recommend that Plaintiff's motion for leave to file a SAC be denied.

**LEGAL STANDARD**

Federal Rule of Civil Procedure ("Rule") 15 governs a plaintiff's ability to amend the complaint. Fed. R. Civ. P. 15. Pursuant to Rule 15(a)(1), a plaintiff may amend her complaint as a matter of course within 21 days after the defendant serves an answer or motion to dismiss, whichever is earlier. Fed. R. Civ. P. 15(a)(1). Thereafter, a plaintiff may only amend the complaint with the opposing party's consent or with the court's leave, but the Court "should

freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2).  Under this permissive standard, denial of a motion for leave to amend is only proper if there is a showing of "undue delay, bad faith, dilatory motive, [or] futility." *Sacerdote v. New York Univ.*, 9 F.4th 95, 115 (2d Cir. 2021).  This permissive standard becomes inapplicable after the district court issues a scheduling order specifying a date after which amendment will no longer be permitted.  *See id.* After the deadline set by the court, a plaintiff may only amend the complaint upon a showing of good cause.  *Id.*; *Parker v. Columbia Pictures*, 204 F.3d 326, 340 (2d Cir. 2000).

The Scheduling Order in this case dated August 16, 2022 stated, "[t]he parties shall have until Thursday, September 15, 2022 to request leave to amend the pleadings or to join parties." (ECF No. 103.)  Because the deadline for amending pleadings and joining parties has passed, the good cause standard applies here.  *Sacerdote*, 9 F.4th 95 at 115; *Dawkins v. Brandy Libr. Lounge*, LLC, No. 23-CV-00207 (HG), 2023 WL 8455896, at *3 (E.D.N.Y. Dec. 6, 2023).

The good cause standard is derived from Rule 16(b)(4) which requires good cause for any modification of a scheduling order, and the primary consideration when assessing good cause is whether the plaintiff can demonstrate diligence.  *Dawkins*, 2023 WL 8455896, at *3 (citing *Kassner v. 2nd Ave. Delicatessen Inc.*, 496 F.3d 229, 244 (2d Cir. 2007)).  In addition to diligence, courts may also consider whether amendment would significantly prejudice the nonmoving party.  *Levy v. Young Adult Inst., Inc.*, No. 13-cv-2861 (JPO) (SN), 2014 WL 6611454, at *3 (S.D.N.Y. Nov. 21, 2014).

**DISCUSSION**

The Court first notes that Plaintiff filed the original complaint on December 23, 2019. (ECF No. 1). Plaintiff later amended her complaint on March 28, 2022, adding, among other things, a retaliation claim (the "First Amended Complaint"). (ECF No. 94.)

Now, nearly two years after the deadline to amend or join parties, Plaintiff seeks to add Michael Glassner, Jason Miller, and Eric Trump as defendants. Plaintiff claims that the proposed amendment is based on information she learned during discovery that she could not have previously known. Defendants, Eric Trump, and Jason Miller all argue that Plaintiff has not been diligent and knew of the information that is the basis for Plaintiff's proposed amendment months, if not years ago. Defendants also argue that amendment would be extremely prejudicial because it would require reopening discovery and disrupt summary judgment motion practice.[1]

Plaintiff's explanation for her delay in seeking leave to amend is unpersuasive and fails to demonstrate good cause. With regard to Eric Trump, Plaintiff does not provide any specificity as to the content of new documents or why Trump's alleged involvement would not have been clear earlier. Plaintiff's assertion that she only just learned Mr. Trump was a "key player in the retaliation" against her strains credulity given that she identified Trump as someone with knowledge of her claims at the outset of this litigation and knew of his involvement in the arbitration that preceded this case. Indeed, in an earlier discovery motion concerning documents produced by Mr. Trump, Plaintiff suggested she considered including Mr. Trump as a defendant a few months before the case was originally filed in December 2019,

---

[1] Defendants' motion for summary judgment is due September 20, 2024.

that is, almost five years ago. (ECF No. 379.) Further, Plaintiff herself notes that she took Mr. Trump's deposition in March 2024, two months before the end of discovery. Therefore, Plaintiff could have sought leave to amend before the end of discovery.

With regard to Jason Miller, Plaintiff concedes that she learned of Miller's alleged involvement in discriminatory conduct in 2023, but intentionally waited to seek leave to amend. As for Glassner, Plaintiff states that in June of 2024 she obtained copies of a deposition transcript of Mr. Glassner from another employment discrimination case against the Campaign in which Mr. Glassner stated he was a decisionmaker in the arbitration action filed against Plaintiff. Plaintiff claims that before reviewing these deposition transcripts, she had no reason to know of Glassner's involvement. But in Plaintiff's interrogatories, she asked Defendants to identify current or former employees of the Campaign who are likely to have knowledge related to the First Amended Complaint. On November 18, 2022, Defendants responded to Plaintiff's interrogatories, identifying Michael Glassner and Jason Miller as individuals who are likely to possess knowledge related to Plaintiff's First Amended Complaint.[2] Therefore, Plaintiff had almost 18 months between November 2022 and May 2024, when discovery closed, to request and obtain information related to Glassner and Miller's role in the alleged retaliation and discrimination. Indeed, Plaintiff did obtain such information with regard to Miller in 2023, but waited to seek leave to amend until now.

---

[2] Plaintiff asserts that Defendants never identified Glassner as an individual who possessed information on the issue of retaliation, but Plaintiff's interrogatories did not ask about individuals with knowledge of retaliation but rather more broadly asked for a list of individuals with knowledge of Plaintiff's claims, to which Defendants responded by listing Glassner and Miller, among others.

A party fails to show good cause "when the proposed amendment rests on information that the party knew, or should have known, in advance of the deadline." *Levy*, 2014 WL 6611454, at *3 (internal citations omitted). Here, Plaintiff had significant time to obtain discovery and had reason to know of all three proposed defendants' involvement in alleged retaliation or discrimination before the close of discovery, if not earlier, and therefore Plaintiff has failed to demonstrate good cause. *Lin v. Joedy*, 214 F. Supp. 3d 207, at *219 (W.D.N.Y. 2016) (holding plaintiff failed to show good cause for purposes of a motion for leave to amend because the proposed additional defendant was identified by defendants as a person with relevant information years prior, but plaintiff failed to act with diligence and seek leave to amend within a reasonable time); *Sokol Holdings, Inc. v. BMD Munai, Inc.*, No. 05 CIV. 3749 KMW/DF, 2009 WL 2524611, at *8 (S.D.N.Y. Aug. 14, 2009) ("Examples of a party's failure to act with sufficient diligence include basing a proposed amendment on information that the party knew, or should have known, in advance of the deadline."), *aff'd sub nom. Sokol Holdings, Inc. v. BMB Munai, Inc.*, No. 05 CV 3749 KMW DCF, 2009 WL 3467756 (S.D.N.Y. Oct. 28, 2009).

Plaintiff claims that amendment and joinder of these new defendants would not prejudice Defendants because only minimal additional discovery would be required, namely, depositions of Eric Trump, Michael Glassner, and Jason Miller. But even if the additional discovery was limited to three depositions, which is unlikely, it would still prejudice Defendants given that discovery has ended and summary judgment briefing deadlines are fast approaching. Reopening discovery for purposes of amendment would likely delay summary judgment motion practice by months, if not more, in a case that is already almost five years old. Courts in the Second Circuit "routinely hold that motions to amend are untimely when filed after the close of

discovery." *Weaver v. Warrington*, No. 14CV7097ENVST, 2018 WL 5253110, at *1 (E.D.N.Y. Oct. 22, 2018) (collecting cases); *Liu v. Chan*, No. 18-CV-5044(KAM)(SJB), 2022 WL 2903311, at *7-8 (E.D.N.Y. July 22, 2022) (denying motion for leave to amend in a near-four-year-old case in which plaintiff sought leave after the close of discovery and years after the deadlines to amend have passed).

## CONCLUSION

Because Plaintiff has failed to show good cause for amendment and because amendment would prejudice Defendants, I respectfully recommend that Plaintiff's motion for leave to file a SAC be DENIED.

**SO ORDERED.**

Dated: New York, New York
August 20, 2024

_____
KATHARINE H. PARKER
United States Magistrate Judge

**NOTICE**

Plaintiff shall have seventeen days and Defendants shall have fourteen days from service of this Report and Recommendation to file written objections pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure. *See also* Fed. R. Civ. P. 6(a), (d) (adding three additional days only when service is made under Fed. R. Civ. P. 5(b)(2)(C)(mail), (D) (leaving with the clerk), or (F) (other means consented to by the parties)). A party may respond to another party's objections after being served with a copy. Fed. R. Civ. P.72(b)(2).

Plaintiff shall have seventeen days to serve and file any response. Defendant shall have fourteen days to serve and file any response. Any objections and any responses to such objections shall be filed with the Clerk of the Court, with courtesy copies delivered to the chambers of the Honorable Analisa Torres at the United States Courthouse, 500 Pearl St., New York, New York 10007, and served on the other parties. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(d), 72(b). Any requests for an extension of time for filing objections must be addressed to Judge Torres. The failure to file timely objections shall result in a waiver of those objections for purposes of appeal. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(d), 72(b); *Thomas v. Arn*, 474 U.S. 140 (1985).