August 22, 2024

Hon. Magistrate Parker
United State District Court, S.D.N.Y.
500 Pearl Street, Courtroom 17D
New York, NY 10007
<u>RE</u>: *request for hearing on, or order to respond to, Plaintiff's August 21st Motion for Reconsideration*
<u>VIA</u>: ECF

Your Honor,

I am the *pro-se* Plaintiff in the above-mentioned matter, referred to herein as the "Plaintiff" or in first person. I write to request an urgent hearing regarding the Motion for Reconsideration that I filed yesterday, **or that Your Honor order Eric Trump to file a response by tomorrow.**

As is apparent on the face of the Motion, the Order entered on Tuesday, August 20th contains a clear and devastating error. Eric Trump's unethical and misleading August 15, 2024 letter completely misrepresented the facts, falsely claiming that Plaintiff had considered naming Eric Trump as a retaliation-claim defendant years ago.

The entire basis for their "she has known of this for years" was a filing of Plaintiff's: ECF 379, footnote 1. **Most dishonestly, however, they did not actually include the quote.** Tragically, the Court simply believed Mr. Trump and Mr. Madaio, without confirming whether Plaintiff had, in fact, ever made such a representation (Plaintiff never had). What Plaintiff's ECF 379, footnote 1 actually read is:

> *Plaintiff does concede that Mr. Trump may take that position for emails dated August 2019 or later. Why? In August 2019, Plaintiff did mention to an attorney that she might name Mr. Trump in a separate cause of action. But this had nothing to do with her 2017 claims, her counterclaims in the AAA, or any action that existed in 2017, even remotely. In fact, the issue concerned harm and actions that began in 2018 and had nothing to do with the 2017 threatened litigation or the 2017 AAA / counterclaims.*

*Astonishingly*, that is the quote that they utilized, in the August 15, 2024 filing, for the false claim that Plaintiff had sought to name Eric Trump as a retaliation-claim defendant in 2019! Yet it says the opposite!

This is a textbook example of conduct meriting sanctions and how unethical behavior leads courts to commit error. Plaintiff will be pursuing Rule 11 sanctions, of course, as well as other sanctions and remedies, and sending a safe harbor letter to Eric Trump and his attorney today.

Plaintiff attempted to cooperatively resolve this without motion practice and contacted Mr. Madaio on Tuesday evening (August 20th), alerting him to the error. On Tuesday night, Mr. Madaio responded by, most unethically, stating he would not amend the filing because the statements he made in the letter (that Plaintiff considered naming Eric Trump as a defendant, back in 2019) is *technically* true! **Never mind that it was about a separate set of facts and a tortious**

1

**interference claim, and not about the 2017-retaliation-claim** (which she only learned of this summer).

The Court's position should not be 'Well, Plaintiff can simply file a Rule 72a Objection if I got it wrong.' Such is unjust. Respectfully, the Court has an obligation to correct itself and Plaintiff should not have to engage in the filing of a Rule 72a Objection, when it is clear the Court is in error and the Court is on notice of said error. Moreover, the earliest Judge Torres would rule on said Rule 72 Objection would be months from now, at which point she would be inclined to rule against it simply because summary judgment filings are already in motion. This Court knows this. As such, to not correct its own clear error, and instead leave it up to a Rule 72a Objection, appears to be done to ensure Plaintiff's correction fails, regardless of merit, due the timeline alone.

Plaintiff also believes hearing is merited, given the troubling fact that ***this is not the first time this Court has committed error to protect Eric Trump***: as noted in the Motion for Reconsideration, this Court incorrectly stated (in an order justifying a common interest privilege between Eric Trump and the Campaign) that Plaintiff had filed claims against Eric Trump. It was wrong and the Court essentially admitted such in its subsequent order, albeit quickly glossing over the error. The Court never explained how or why it had the impression that the Plaintiff had asserted claims against Eric Trump. **Just a few weeks later, this Court is once *again* assuming facts that have not been shown, to rule in favor of Eric Trump**.

Eric Trump led this Court to error. His attorney has refused to correct the error -- instead they are gloating that they essentially **got away with fooling the Court.**

**Approximately 48 hours ago, I asked Mr. Madaio to <u>please provide me a single document, email, or quote from any filing of mine, in which I reference adding Eric Trump as a retaliation-claim defendant, or reference that I am aware of Eric Trump's involvement in such.</u>** Mr. Madaio went silent and has refused to respond. He cannot provide it because it does not exist.

It is highly unjust that (a) Mr. Madaio and Mr. Trump was permitted to mislead this Court and fool this Court; (b) the Court believed their misleading representation and took it at face value, even basing its finding on such; and (c) the Plaintiff is now in the position of having to take time and effort, and experience unnecessary frustration and anguish, to correct an error that should have never occurred.

Plaintiff thus respectfully requests a brief hearing on my Motion for Reconsideration or, at least, **that the Court order Eric Trump/Mr. Madaio to file a Response by tomorrow.**

*Surely*, they can explain why they misled the Court into thinking that Plaintiff considered naming Mr. Trump as a retaliation-claim defendant in 2019.

*Surely*, they can explain why they deceived this Court in the August 15, 2024 filing, describing Plaintiff's ECF #379 filing in a shockingly misleading way, and completely omitting that the very same document contains Plaintiff stating that the claim she considered against Mr. Trump was *not* about the 2017-events.

*Surely*, they can explain why they have refused to correct the misrepresentation, for days, even after it was brought to their attention *and* even after the excerpt of the August 2019 draft-Complaint, naming Eric Trump as a tortious-interference defendant (stemming from 2018 events), was supplied to them.

*Surely*, this Court is concerned that a member of the NY Bar misled a federal judge on a material issue, and is eager to swiftly correct its error, versus placing the burden on the Plaintiff to correct the try to court's error months from now. **I remind this Court that Mr. Madaio's partner (who represented Mr. Trump in his deposition in this case) was sanctioned last year, by a federal judge (Hon. Donald Middlebrooks) for nearly $1 million, as punishment for making claims to that federal court that had no basis.**

The same is happening again.

This Court is, of course, free to recommend denial of Plaintiff's motion (to add Eric Trump as a defendant) on other (merited) grounds, if such grounds exist – but it cannot be on the ground the Court gave, which was that Plaintiff had known of this for years.

*s/Arlene Delgado*
Arlene Delgado
