

Adam Katz | Partner
Direct 646.292.8787 | akatz@goldbergsegalla.com

September 3, 2024

**Via ECF**
Hon. Analisa Torres, U.S.D.J.
United States District Court, Southern District of New York
500 Pearl St.
New York, NY 10007-1312

> Re: *Delgado v. Donald J. Trump for President, Inc., et al.,* No. 19-cv-11764 (AT)(KHP)
> Response to Judge Parker's Report and Recommendation and Plaintiff Delgado's Objections to the Report & Recommendation

Dear Judge Torres:

This firm represents non-party, Jason Miller ("Mr. Miller"), in the above-referenced action for the narrow purpose of opposing Plaintiff Delgado's attempt to add Mr. Miller as a party to this action. As the Court is aware, Judge Parker issued a Report & Recommendation in this matter, dated August 20, 2024 (ECF Dkt. 411), in which she recommended that the Court deny Plaintiff Delgado's request to file a Second Amended Complaint (the "R&R"). We write briefly in response to the Court's order, dated August 22, 2024, ordering defendants to file any objections to the R &R by September 3, 2024. ECF Dkt. 416.[1] We also write in response to the multiple letters that Plaintiff Delgado ("Plaintiff" or "Ms. Delgado") filed since Judge Parker issued the R&R.

Mr. Miller has no objections to Judge Parker's R&R. With respect to Mr. Miller, Judge Parker found that Plaintiff Delgado knew that Mr. Miller might possess information related to this action in November 2022, received said information in 2023, yet waited until July 2024—two months after discovery closed in May 2024 to seek to amend the complaint. R&R (ECF Dkt. 411) at p. 4. Plaintiff did not show any good cause for this delay. *Id.* at p. 5. Additionally, Judge Parker found that contrary to Plaintiff's assertions, it would be "unlikely" that the additional discovery would be limited to three depositions and "[r]eopening discovery for purposes of amendment would likely delay summary judgment motion practice by months, if not more, in a case that is already almost five years old." *Id*.

After Judge Parker issued the R&R, Plaintiff filed four letters in response (collectively, the "Letters"). *See* ECF Dkt Nos. 410, 412, 413, 415   With respect to Mr. Miller, none of these letters substantively address Judge Parker's findings regarding the delay in filing this amendment, the lack of good cause other than a summary conclusion that she could not file an amendment prior to July 2024, the need for discovery beyond three depositions, and the prejudice caused by delaying adjudication of this matter. Rather, the Letters discuss trite substantive arguments raised in Mr. Miller's letter to Judge Parker that entirely ignore Mr. Miller's arguments as to why the proposed amendment is prejudicial, untimely, futile, and intended only to harass Mr. Miller. *See* ECF Dkt. No. 407.

---

[1] While Mr. Miller is not a defendant in this action, we ask that the Court consider this response.

**Please send mail to our scanning center at: PO Box 880, Buffalo NY 14201**

711 3rd Avenue, Suite 1900, New York, NY 10017-4013 | 646-292-8700 | 646-292-8701 | **www.goldbergsegalla.com**
CALIFORNIA | CONNECTICUT | FLORIDA | ILLINOIS | NEW JERSEY | NEW YORK | NORTH CAROLINA | MARYLAND | MISSOURI | PENNSYLVANIA

Hon. Analisa Torres, U.S.D.J.
September 3, 2024
Page 2

In Plaintiff's August 20, 2024 Letter to the Court responding to the R&R (ECF Dkt. No 410 at p.2), Plaintiff places considerable reliance on whether Mr. Miller actually withdrew from decision-making power over White House staffing issues for the administration. Plaintiff ignores the gist of Mr. Miller's argument with respect to the withdrawal, i.e., "Plaintiff knew what job at the White House she was or was not offered as early as 2017 and she was certainly aware of Mr. Miller's role in the campaign structure when she commenced this lawsuit." ECF Dkt. _407 (Miller Letter) at p. 2. The letter goes on to state that "…Plaintiff has provided no evidence that Miller had any role in deciding staffing, as it is well-reported that he withdrew from his Communications Director role in December 2016." *Id.* Plaintiff responds in her August 20, 2024 Letter that "documentation produced in discovery reveals Mr. Miller was still in contact, and directing, various matters, post his 'withdrawal'" (ECF Dkt. 410 at p. 2), but fails to cite any document or actually provide any evidence to show that Mr. Miller was in fact directing staffing decisions or was otherwise responsible for these decisions. Plaintiff's argument is even less viable, considering that discovery has been ongoing in this case for five years. Based on the foregoing, this argument is unavailing to upsetting the findings in the R&R.

Plaintiff also makes light of Mr. Miller's argument that this proposed amendment was timed to when a motion to dismiss in another case pending in New York State Court (the "New York Action") was fully submitted, claiming that Miller's argument that "she is upset over some apparent recent filing" is "nonsensical." ECF Dkt. No. 410 at p. 2. Plaintiff's assertions once again miss Mr. Miller's point—that Plaintiff is only seeking to add Mr. Miller to the instant action as a means to continue to harass him and mire him in litigation. Just as in this action, Plaintiff filed the New York Action against Defendant six years after the underlying events purportedly transpired, and coincidentally she only filed a request to amend in this action after she became fully aware of the legal issues concerning statute of limitations, jurisdiction and her failure to state a claim in the New York Action. Plaintiff claims "she has documentation showing she intended to name Mr. Miller prior to any [such motion]." *Id.* This documentation—to the extent it exists, as it was not appended in any Letters— is irrelevant, because Plaintiff never provided the Court or the parties (and non-parties) with any notice of her intent to add Mr. Miller to this action, despite ample opportunity to do so. To the contrary, instead of adding Miller to this action, Plaintiff decided to commence the New York Action— a separate action alleging the same claims as those she purports to add in this action. (And the New York Action was only commenced shortly after Plaintiff reached a custody arrangement with Miller as to the child they share together in a Florida action that the judge described as "unnecessary," "protracted," and something Plaintiff turned "into an all out war." ECF Dkt. No. 407, Ex. A.)

Plaintiff also summarily claims in her August 20, 2024 Letter to the Court (ECF Dkt. No 410 at p.3) that "[t]here was no way for Plaintiff to previously name Mr. Miller, even in 2023, because she intended to first depose him to obtain additional facts relevant to the motion for leave, as would be the judicially efficient manner of approaching this, and Your Honor denied said deposition" on March 1, 2024. *See also,* Plaintiff's August 20, 2024 Letter to the Court (ECF Dkt. No. 412) at p. 2 ("…it did not make sense to add any party until discovery had concluded, as information either augmenting, or denying, he need to add a defendant (or not) was likely to emerge."). As an initial matter, the Court set forth a scheduling order, giving Plaintiff until September 2022 to add a new party to this action. Plaintiff, who is *pro se* but is also a Harvard-educated attorney, cannot create her own rules—allowing discovery to end before adding a party—without even telling the Court that she

Hon. Analisa Torres, U.S.D.J.
September 3, 2024
Page 3

intends to add a party.[2] *Minotti v. Lensink*, 895 F.2d 100, 103 (2d Cir. 1990) ("all litigants, including pro ses, have an obligation to comply with court orders"); *Rodriguez v. Patchen*, 13-CV-1086A(F), 2018 U.S. Dist. LEXIS 34769, *16 (W.D.N.Y. 2018), (stating that *pro se* parties are required to comply with the Federal Rules of Civil Procedure), *Report & Recommendation,* adopted by *Rodriguez v. Patchen*, 2018 U.S. Dist. LEXIS 77576 (W.D.N.Y., May 8, 2018). Plaintiff made this unilateral decision to not to seek leave to add Mr. Miller at an earlier date, purportedly because she wanted to depose him before she made said amendment.[3] Such a poor tactical decision does not create good cause to flout the Court's order and amend the deadlines on this five-year old case (and what would be the third litigation between Miller and Plaintiff).

Moreover, the argument that Plaintiff was waiting to take Miller's deposition before she added him as a party to this action, is belied by Plaintiff's prior correspondence to the Court. In February 2024, Plaintiff sent a letter to the Court seeking to depose Miller. *See* ECF Dkt. No. 202. In the February 2024 letter, Plaintiff never indicated that she was contemplating adding Miller as a party to this action. To the contrary, in the letter she said she was awaiting a response from Defendants' counsel as to whether a stipulation could be reached amongst the parties that would obviate the need to take Miller's deposition. *See* Dkt. No. 202 at p. 7. This further bolsters the argument that Plaintiff is only seeking to add Miller to harass him.

Even taking this convoluted and conclusory statement on its face, this does not explain why Plaintiff waited until August 2024 to seek to amend the Complaint. Plaintiff knew of Mr. Miller's involvement in the Trump Campaign when she filed the action. Mr. Miller was named as a person with knowledge of this action in November 2022. She admits she received information about her claims in 2023 and the order as to whether she could take Miller's deposition, which she was purportedly waiting for in order to amend the complaint, was issued on March 1, 2024. Even if one was to discount that Plaintiff could have named Mr. Miller as a party initially or after she received notice that he had information in 2022 or that she received that information in 2023, at a minimum, if the Court accepts the argument that she was waiting for an order on Mr. Miller's deposition (which it should not), Plaintiff could have brought the amendment in March 2024—over two months before discovery closed and over five months after she actually sought an amendment.

Moreover, the Letters fail to address or rebut the other aspects of Mr. Miller's futility argument (and other arguments). As Mr. Miller presented in his letter to Judge Parker, in addition to being untimely and highly prejudicial to Mr. Miller and the existing Defendants in this action, Plaintiff's proposed amendments are time-barred, duplicative of any claim against Mr. Miller in the pending New York Action, and beyond the scope and jurisdiction of the NYCHRL and NYSHRL. *See* ECF Dkt No. 407 (Miller Letter) at p. 4.

Based on the foregoing, we ask the Court to adopt the R&R and deny Plaintiff Delgado's request for a pre-motion conference and request to file a SAC.

*** 

---

[2] It is worth noting that for a significant period of time, Plaintiff had an attorney representing her in this action.

[3] Plaintiff had several opportunities to depose third-party witnesses, including Mr. Miller. *See* ECF Dkt. No. 374

Hon. Analisa Torres, U.S.D.J.
September 3, 2024
Page 4

      We thank the Court for its attention to this letter response.

                Respectfully submitted,

                /s/ Adam S. Katz

                Adam S. Katz, Esq.