September 4, 2024

Hon. Analisa Torres
United State District Court, S.D.N.Y.
500 Pearl Street, Courtroom 17D
New York, NY 10007
**RE**: *request for clarification regarding Rule 72a Objection as to Eric Trump, in light of Eric Trump's September 3rd filing, and Notice of serious due process violation notice*
CASE: 19-cv-11764

Your Honor,

I am the *pro-se* Plaintiff in the above-mentioned matter, hereinafter referred to in first person or as "Plaintiff."

I write to note, for this docket's record and appellate record, that a **serious due process violation** has occurred, and to request that, in light of that, I be permitted to file a fulsome, appropriate Rule 72a Objection regarding the denial of Mr. Trump's addition to the case (or at least that my upcoming Reply be permitted to make any and all arguments).

I was, respectfully, deprived of my right to a proper Rule 72a Objection to an R&R, by Your Honor's August 22, 2024 Order.

To summarize what occurred:

On August 12, 2024, I filed a request to file a Motion for Leave to Amend to add three defendants: Eric Trump; Michael Glassner; and Jason Miller. Your Honor asked Magistrate Parker to rule on same, which was received by me with dread because Magistrate Parker's personal animus against me guaranteed that she would instantly decide to deny all three requests and then find some flimsy justification. As to Eric Trump, I explained that I had deposed Eric Trump in this matter, duces tecum. His initial production was mostly all hidden under attorney-client privilege (March 2024). Subsequent motions to compel led to two more court-ordered productions, in June and July 2024. Through those productions, I was shocked to learn that Mr. Trump was a key architect in the retaliation against me in 2017. I had absolutely no knowledge of this, ever, until June and July 2024.

On August 15, 2024, the Defendant Campaign field a Response; third-party Eric Trump filed his Response (via his counsel, Michael Madaio of the Habba & Madaio firm); and third-party Jason Miller filed his Response (via his counsel, Adam Katz).

Mr. Trump's Response claimed that I knew of all this, since August 2019, and had chosen not add Mr. Trump until now – i.e., 'She waited years!' It read:

> **Plaintiff has conceded that she contemplated including Mr. Trump as a defendant as early as August 2019, going so far as sending him a draft complaint with him as a named defendant**. *See* ECF 379 at 1. **Yet, she deliberately chose not to include him in her initial Complaint filed in**

1

> **December 2019**, *see* ECF 1, or her First Amended Complaint filed in March 2022, *see* ECF 94. Plaintiff's multi-year delay has rendered her application untimely and improper. *See*, *e.g., United States v. Pokerstars*, No. 11-CV-2564 (KMW), 2016 WL 4411421, at *6 (S.D.N.Y. Aug. 19, 2016) **("[D]enial of leave to amend is proper when a party attempts to assert new facts or theories that it could have raised sooner**.").

This was entirely, demonstrably false. As Eric Trump and his counsel are aware, discussion of naming Eric Trump, back in August 2019, **was about an altogether different matter – his *tortious interference* regarding a political-action-committee job, in spring of 2018, -- *not* the retaliation claim pled in this case** (which is about the frivolous lawsuit/arbitration proceeding that the Campaign filed against me in 2017 when I attempted to complain of the discrimination). [Ironically, it should be noted that that particularly tortious interference claim was not pursued because the Defendant-Campaign's counsel railed that, should my attorneys and I dare to file it without *documentation* supporting such, and only on a hunch, the Trump orbit would switch to "scorched earth" tactics against me, and file for Rule 11 sanctions against my attorneys.]

Before I even had time to alert the Court to this error, Magistrate Parker entered a Report & Recommendation (August 20, 2024), recommending that all three amendment-requests be denied, just as she always does on any relief I seek.

Her denial regarding Eric Trump in particular, on the basis of undue delay, was nothing short of shockingly erroneous, having inexplicably taken at face value Eric Trump's letter's extreme misrepresentation. She held as follows:

> *Plaintiff has not been diligent and knew of the information that is the basis for Plaintiff's proposed amendment months, if not years ago….*

This is entirely false. There is no citation for this because it is false. I did not even know of this "months" ago, either, having only learned of this in July 2024.

> *Plaintiff's assertion that she only just learned Mr. Trump was a "key player in the retaliation" against* **her strains credulity given that she identified Trump as someone with knowledge of her claims at the outset of this litigation and knew of his involvement in the arbitration that preceded this case**.

This, too, is entirely false. I never knew (indeed, she was shocked by the revelation) of Eric Trump's involvement in the arbitration, and there was never any knowledge of it, **as my former counsel's Declaration (filed September 3, 2024, ECF 421) makes clear**. **(Despite being my former counsel, Mr. Kirschbaum was so surprised by what is happening here, that he stopped during his family vacation over the holiday, to provide a Declaration.)** Eric Trump was not found in the documents produced by the Campaign about the retaliatory arbitration; he was not listed in Defendants' Rule 26; he was not listed in Defendant's Interrogatory Answers; and he was not even referenced in the arbitration filings, much less as a claimant. What I learned in June and July 2024 was a shock.

> *Indeed, in an earlier discovery motion concerning documents produced by Mr. Trump, Plaintiff suggested she considered including Mr. Trump as a defendant a*

2

> *few months before the case was originally filed in December 2019, that is, almost five years ago. (ECF No. 379.)*

This is entirely false, again – and this is taken straight from Eric Trump's extreme misrepresentation. Nowhere did Plaintiff ever say she was considering naming Eric Trump as a defendant on the retaliation claim pled in this case. On the contrary, the very letter of mine (ECF 379) that Magistrate Parker cites (which she clearly did not bother to read) clearly says that the 2019-consideration-of-naming-Eric-Trump was on an entirely different issue (whether Trump had tortiously interfered, much later, with a political action committee job). That footnote can be found here.[1]

> *Further, Plaintiff herself notes that she took Mr. Trump's deposition in March 2024, two months before the end of discovery. Therefore, Plaintiff could have sought leave to amend before the end of discovery.*

This, too, is incredible inaccuracy, knowingly so. Mr. Trump produced practically nothing in response to the duces-tecum request at his deposition in mid-March 2024, instead providing a defective privilege log and many blank pages which all read "Withheld under attorney-client privilege." After various motions to compel, his court-ordered production in June and in July 2024 revealed his involvement. Magistrate Parker knows all this. She herself ordered the documents produced! She even reviewed the documents herself, in camera. So how does Magistrate Parker now claim that I could have known of this, and filed to Amend, in *March*?

I immediately contacted Eric Trump's counsel, asking him to fix his clear error that had resulted in a clearly erroneous order. I had hoped Mr. Madaio, out of ethics, would agree to at least clarify his misleading August 15th letter. Instead, he haughtily retorted that he would fix nothing, because it was *technically, literally* (!) true that Plaintiff had considered naming Eric Trump as a "defendant" (hey, on *some* issue!), which is what he had technically written. Never mind that he had written it in such a way (omitting the footnote itself that he was allegedly describing) to make it sound as though the consideration-of-naming Trump as a defendant *was as a defendant on the pled Retaliation claim.* 'The fact that we used clever wording to mislead the Court into thinking that it was regarding the pled claim in this case, and that you had known of Eric Trump's involvement in that since 2019, is the perfect, intended result. We're certainly not going to walk it back now! We got what we wanted! Too bad, Ms. Delgado!' That was, essentially, the response.

The Order did, at least, as per procedure, provide that I would have 17 days to file a 72a Objection (by September 6th).

---

[1] The footnote read:
*Plaintiff does concede that Mr. Trump may take that position for emails dated August 2019 or later. Why? In August 2019, Plaintiff did mention to an attorney that she might name Mr. Trump* **in a separate cause of action. But this had nothing to do with her 2017 claims, her counterclaims in the AAA, or any action that existed in 2017, even remotely. In fact, the issue concerned harm and actions that began in 2018 and had nothing to do with the 2017 threatened litigation or the 2017 AAA / counterclaims.** *Nonetheless, this is why Plaintiff generously concedes, for efficiency's sake, there may be a common interest privilege between Mr. Trump and the Campaign from August 2019 onwards. (emphasis added)*

For the benefit of Your Honor, and to streamline the upcoming 72a Objection, I immediately filed a short Motion for Consideration – **solely on that specific error** (my Motion did not address the other defective points in Eric Trump's letter, much less Magistrate Parker's findings about Glassner and Miller, as I would address those in a 72a Objection. Though Magistrate Parker rules against me on everything, this error was so *obvious* that I assumed she would swiftly 'clean up' her error, which would then streamline things for the Rule 72a Objection I would then file with Your Honor, and spare your Honor having a far more cluttered Rule 72a Objection.

The following day, however, on August 22, 2024, Your Honor entered a surprising order, stating Your Honor would treat my simple, three-page letter (which was on a *particular* error), as my (entire) 72a Objection.

But my brief letter was only about that one specific error and obviously was not intended to serve as my entire 72a Objection regarding the Eric Trump denial, much less about the denial of Glassner and Miller) . There were other arguments, naturally, that I wished to make.

Still, it appeared to me (ever hopeful that there is not rampant bias against me, or against pro-se litigants) that Your Honor was doing so because Magistrate Parker's error was so egregiously *obvious*, that there was no need for me to file a 72a Objection. It appeared to me, and others who reviewed your Order, that Your Honor had 'swooped in' in an act of righteous correction, having noticed the error yourself and seeing no need for protracted Rule 72a regarding Eric Trump.

That said, however, given Eric Trump's letter (filed September 3, 2024, ECF 419), it seems my understanding was unnecessarily optimistic. As I suspected, Eric Trump's Response to my alleged "72a Objection" cynically claims that I failed to address various points of theirs, **even though they are well aware I was denied the right to file a proper 72a Objection**. Screenshot below of ECF 419:

> **II.    Plaintiff Fails to Address the Numerous Other Reasons Why Her Motion Was Denied**
>
> In her Report and Recommendation, Judge Parker found that Plaintiff's motion for leave to amend the complaint failed for several different reasons, each of which is sufficient grounds for denial. Despite filing four separate motions on the subject, Plaintiff has largely failed to address these substantive findings.

It is entirely unclear what "four" motions the letter refers to, but that is not relevant to this letter. The point is that they claim, "Her Objection did not address any our other points!" – despite their knowing that I was denied the chance to do so, when the Court took what was a very specific Motion for Reconsideration, on a very specific error, and converted it, on my behalf, into my Rule 72a Objection.

I continue to feel that Your Honor had the best and wisest of intentions in doing so and that Your Honor simply realized that the error was so obvious in Magistrate Parker's R&R, that there was no need for a true 72a Objection. It has, however, been improperly weaponized for the other side's benefit.

As such, I am now forced to seek permission that, in my Reply that is (per Your Honor's August 22nd Order), due by September 6th, I am able to make the arguments that I would have made in my Rule 72a (which I was deprived of the opportunity to file) and that those arguments be treated as though they were raised in a 72a Objection (and not merely in a Reply). Otherwise, I ask that I be permitted my right to file a proper Rule 72a Objection, to which Eric Trump must respond in due course.

SANCTIONS: Additionally, please note that, per Eric Trump's filing yesterday, **he and his counsel now finally admit that their August-15th-letter misrepresented matters**. **They now (with an R&R in their favor safely in hand) finally admit that my considering naming naming Eric Trump as a Defendant back in 2019 was not about the retaliation claim pled in this case but rather about another issue altogether.** i.e., They finally admitted it, albeit quickly glossing over it and with no remorse whatsoever – "Oh, it's true it was about a different matter– gosh, we never *explicitly* said it was about the claims in this case." But the damage is done. They knew what they were doing. They worded their August 15th letter to make it sound as though I had considered naming Eric Trump on the pled Retaliation claim in this case - they would not have mentioned it otherwise, as considering-naming-him-in-2019-on-ANOTHER-claim has no relevance to the 'undue delay' argument**.** This is truly unconscionable.

This must be sanctioned by the Court, per its own sanctioning powers, separate from any Rule 11 sanction I seek. The amount of frustration, grief, unnecessary time, and *court* time, caused by this, is outrageous and the latest in line with a law firm that was sanctioned, in part, nearly $1 million by a federal judge, precisely for conduct such as this – making baseless arguments. **Again, my former counsel, Dan Kirschbaum, Esq., even had to stop and family vacation overseas to draft, sign, and supply me with an affidavit asserting that no, contrary to what they indicated, we could not have made these claims sooner and, no, we did not know of Eric Trump's involvement in the pled claims– all because Eric Trump tried to be 'too cute by half' and mislead this Court, claiming I had engaged in 'undue delay' and knew of this since August 2019.**

I respectfully ask this Court to rein in said firm's conduct and to allow me to meaningfully and fully address the errors in Magistrate Parker's R&R as it pertains to Eric Trump. I had a right to a proper 72a Objection. I was denied that right.

This entire situation was caused by error she was led to by Eric Trump and his counsel's all-too-clever, misleading wording. This is a serious matter and I ask the Court to treat it as such.

I also continue to ask for oral argument on the addition of these three defendants. I believe that, given the mess caused by Eric Trump's filing, oral argument is particularly warranted.

Respectfully and humbly submitted,<br>
<u>s/ Arlene Delgado</u><br>
Plaintiff, *pro-se*