

Adam Katz | Partner
Direct 646.292.8787 | akatz@goldbergsegalla.com

September 4, 2024

**Via ECF**
Hon. Analisa Torres, U.S.D.J.
United States District Court
Southern District of New York
500 Pearl St.
New York, NY 10007-1312

    Re:    *Delgado v. Donald J. Trump for President, Inc., et al.,* No. 19-cv-11764 (AT)(KHP)
            Response to Plaintiff Delgado's September 3, 2024 Objection Letter

Dear Judge Torres:

    This firm represents non-party, Jason Miller ("Mr. Miller"), in the above-referenced action for the narrow purpose of opposing Plaintiff Delgado's attempt to add Mr. Miller as a party to this action.

    As the Court is aware, Judge Parker issued a Report & Recommendation in this matter, dated August 20, 2024 (ECF Dkt. 411), in which she recommended that the Court deny Plaintiff Delgado's request to file a Second Amended Complaint (the "R&R"). Last night, Plaintiff filed a 17-page document entitled, "Plaintiff's Objections to Magistrate Judge's Order and Motion for Review (as to Jason Miller)" (hereafter, "Plaintiff's 9.3.2024 Objection Letter.") *See* Dkt. No. 423. This was Plaintiff's <u>eighth</u> filing in response to the R&R, which was issued less than two weeks ago. *See* ECF Dkt Nos. 410, 412, 413, 415, 420-421, 422, 423, and 424. It is at least the fourth filing responding to the R&R's findings as they relate to Mr. Miller. *See* ECF Dkt. Nos. 410, 412, 422, and 423. We write briefly in response to these further objections to the R&R.

    As an initial matter, we ask that the Court strike Plaintiff's September 3, 2024 Objection Letter, ECF Dkt No. 423, as the filing of these objections run afoul of the Court's individual rules and the Court's order, dated August 22, 2024, ordering defendants to file any objections to the R&R by September 3, 2024 (the "August 22, 2024 Order"). *See* ECF Dkt. 416. While Mr. Miller did file a response as a non-party who Plaintiff seeks to add as a Defendant in this action, the August 22, 2024 Order did not give Plaintiff leave to file a response to the R&R by September 3, 2024. Rather, per the August 22, 2024 Order, Plaintiff was to respond to Defendant's objections to the R&R, with Plaintiff filing additional objections by September 6, 2024. Presumably, Ms. Delgado will now file a further response to this letter. This is just the latest example of Ms. Delgado creating her own rules to suit her needs.

    To the extent the Court is considering Plaintiff's September 3, 2024 Objection Letter, the letter, despite its length, adds nothing substantively new and provides no additional reasons why the Court should not uphold the R&R, as to Miller, and the other defendants that Plaintiff seeks to add. Instead, Plaintiff rehashes her old arguments contained in her initial request to add Mr. Miller as a party and book ends these arguments with contrived attacks on Judge Parker's impartiality, because,

711 3rd Avenue, Suite 1900, New York, NY 10017-2878 | 646-292-8700 | 646-292-8701 | **www.goldbergsegalla.com**

CALIFORNIA | CONNECTICUT | FLORIDA | ILLINOIS | NEW JERSEY | NEW YORK | NORTH CAROLINA | MARYLAND | MISSOURI | PENNSYLVANIA

Hon. Analisa Torres, U.S.D.J.
September 4, 2024
Page 2

while she admits several discovery rulings were in her favor, several discovery rulings were decided against her. *See* ECF Dkt. No. 423, at p. 1-2, and p. 16-17, EN 1.

Mr. Miller relies on his August 15, 2024 letter (ECF Dkt. No. 407) and his September 3, 2024 letter (ECF Dkt. No. 418), and asks the Court to consider these documents as if fully set forth herein. These letters set forth and demonstrate the futility of Plaintiff's proposed amendment; the prejudice that adding Mr. Miller and the other defendants will cause to Mr. Miller and the existing Defendants; the unexplained undue delay in filing this proposed amendment; and the fact that Plaintiff has sought this proposed amendment as a means to harass Mr. Miller. Without rehashing the arguments raised in Mr. Miller's August 15, 2024 letter and September 3, 2024 letter, Mr. Miller provides this response to demonstrate why Plaintiff's 9.3.2024 Objection Letter does not provide an adequate basis to allow Plaintiff to seek leave to add Mr. Miller as a defendant in this action.

Plaintiff's 9.3.2024 Objection Letter does not address her undue delay in seeking to add Mr. Miller as a defendant in this action. Plaintiff does not explain why she ignored the deadlines set forth in the Court's 2022 scheduling order and why she failed to seek an extension of the deadline or even alert the Court to the possibility that she would be adding additional parties. While Plaintiff quibbles as to when she first learned of the opportunity to add Mr. Miller and she easily could have named him as a defendant when she first filed this action, in her initial letter to the Court seeking to add Mr. Miller and in Plaintiff's 9.3.2024 Objection Letter, she admits she had the purported information to add Mr. Miller in June 2023 after Sean Spicer's deposition. *See* ECF Dkt. No. 423 at p. 3. Plaintiff cannot explain why she waited until August 2024—over a year after the Spicer deposition—to seek leave to add Mr. Miller as a defendant. Plaintiff made a tactical decision to wait until the end of discovery to seek to add Mr. Miller, despite a Court order prohibiting her from doing so, and she should not be rewarded for creating her own rules and waiting almost five years and five months to seek leave to add Mr. Miller as a party.

With respect to prejudice, Plaintiff is aware that Mr. Miller's argument is more significant than allegations of mere delay, which in and of itself, should be sufficient to deny Plaintiff's request, as there is significant case law cited in the R&R and prior letters to the Court that such delay is sufficient to deny leave to add a party. *See* R&R (ECF Dkt. 411) at p. 5-6. In Plaintiff's 9.3.2024 Objection Letter, she does not and cannot address the considerable discovery that will be necessary in this five-year old action. Mr. Miller has not remotely participated in this action and would need to review and analyze the considerable discovery in this case. Mr. Miller would also be entitled to his own discovery. Mr. Miller would send his own written discovery demands. Depositions would need to be retaken. Anything less would significantly prejudice Mr. Miller. While Plaintiff initially claimed that the addition of Mr. Miller and two other defendants would only necessitate three additional depositions (ECF Dkt. No. 403 at p. 7), Plaintiff has abandoned that argument in Plaintiff's 9.3.2024 Objection Letter. Indeed, the seven letters that she filed in response to the R&R demonstrate the chaos that Plaintiff will cause if Mr. Miller is added as a defendant. In Plaintiff's 9.3.2024 Objection Letter, she does not address that the Court has already set a briefing schedule for summary judgment and how this significant additional discovery would delay the adjudication of this matter, which was a point raised by Judge Parker in the R&R. Based on the foregoing, the significant prejudice that this would cause Mr. Miller, and the other potential and existing defendants, favors upholding the R&R and denying Ms. Delgado's request for leave to add three defendants to the action commenced in 2019.

Hon. Analisa Torres, U.S.D.J.
September 4, 2024
Page 3

      Next, we believe the bad faith reasons to add Mr. Miller as a defendant in this action are self-evident. Plaintiff cannot dispute that she seeks to add Mr. Miller as a party to this action over seven years after the underlying events occurred and within weeks after a motion to dismiss was filed in a New York State Supreme Court action where Mr. Miller is named (the "New York Action"). The motion to dismiss exposes the procedural and legal weaknesses in Plaintiff's claims, which are seemingly close to identical to the claims she wishes to assert against Miller in this action. Plaintiff does not address this in Plaintiff's 9.3.2024 Objection Letter. Rather, her response with respect to bad faith is a blunderbuss response that ranges from analogizing this case to an interview with Vice President Kamala Harris to talking about her celibacy over the last eight years. ECF Dkt. No. 423 at p. 7-8. This response is bewildering but does not address the reasons and timing for adding Mr. Miller to the instant litigation, other than to continue to mire him in litigation.

      Additionally, for the first time in Plaintiff's 9.3.2024 Objection Letter, Ms. Delgado claims she would have preferred not to add Mr. Miller to this litigation, because of his reaction. ECF Dkt. No. 423 at p. 8 ("Plaintiff almost 'chickened out' of including Miller in the amendment, as she does not wish to incur his continued wrath.") As an initial matter, Plaintiff does not explain how Mr. Miller has acted with wrath or indignation towards her or why she feels compelled to hold Mr. Miller accountable. More importantly, this argument is wholly disingenuous. This is the same Plaintiff who has inanely accused Mr. Miller of human trafficking in the aforementioned New York Action. Moreover, Plaintiff is known for her scorched earth tactics. It is worth repeating that in the Florida custody action over the child she shares with Mr. Miller, the judge in that action described the litigation as "unnecessary," "protracted," and something Plaintiff turned "into an all out war." ECF Dkt. No. 407, Ex. A. This is exactly the course of conduct that Plaintiff has engaged in here, and she provides no explanation to the contrary.

      Finally, in Plaintiff's 9.3.2024 Objection Letter, she does not and cannot address the substantive arguments related to the futility of adding Mr. Miller as a defendant in this matter. Plaintiff's claims are barred by the three-year statute of limitation of the NYS and NYC Human Rights Laws. Plaintiff also cannot explain why her claims against Miller are not duplicative of the multiple claims she filed against Miller in a pending New York State Action and why the purported acts fall within the scope and jurisdiction of the respective human rights laws. *See* ECF Dkt. No. 418 (Miller's September 3, 2024 Letter) at p. 3, and ECF Dkt No. 407 (Miller's August 15, 2024 Letter) at p. 4.

      Based on the foregoing, we ask this Court to uphold the R&R and deny Ms. Delgado's request for oral argument or further relief regarding adding Mr. Miller as a party to this action. Additionally, based on Plaintiff's erratic course of conduct, we also ask the Court to issue an order prohibiting Plaintiff from submitting any further filings on this issue to add Mr. Miller as a party to this action.[1]

***

      We thank the Court for its attention to this letter response.

---

[1] As demonstrated *supra*, Ms. Delgado has written seven superfluous letters to the Court in response to the R&R. All of these letters, even those that do not name Mr. Miller directly, take time, effort, and monetary resources to review and analyze. Mr. Miller is an individual who has spent hundreds of thousands of dollars defending against Plaintiff's wild accusations and "protracted" "unnecessary" litigations. Given Plaintiff's erratic behavior and failure to adhere to Court rules, we join in Mr. Madaio's request on behalf of Eric Trump that the Court consider using its inherent power to sanction Plaintiff. *See* ECF Dkt. No. 419, FN 4.

Hon. Analisa Torres, U.S.D.J.
September 4, 2024
Page 4

                              Respectfully submitted,

                                  */s/ Adam S. Katz*

                              Adam S. Katz, Esq.