<u>UNITED STATES DISTRICT COURT</u>
<u>FOR THE SOUTHERN DISTRICT OF NEW YORK</u>

ARLENE J. DELGADO,
Plaintiff,

-vs-                                                    No. 19-cv-11764 (AT) (KHP)

DONALD J. TRUMP FOR PRESIDENT, INC.,
TRUMP FOR AMERICA, INC., SEAN SPICER,
individually, REINCE PRIEBUS, individually,
and STEPHEN BANNON, individually,

Defendants.

<u>MOTION TO RECUSE</u>

NOW COMES the above-named, ARLENE DELGADO, Plaintiff herein, and respectfully moves to recuse Honorable Analisa Torres ("**Judge Torres**"), from the above-entitled matter, under 28 U.S.C. Sec. 455(a), as follows:

28 U.S.C. Sec. 455(a) states: "Any justice, judge, or magistrate, of the United States **shall** disqualify himself/herself in any proceeding in which his/her impartiality **might reasonably be questioned**." (emphasis added)  *See also* Code of Judicial Conduct, Canon 3C(1) ("A judge shall disqualify himself or herself in a proceeding in which the judge's impartiality might reasonably be questioned.") The U.S. Supreme Court held, decades ago:  "The neutrality requirement helps to guarantee that life, liberty, or property will not be taken on the basis of an erroneous or distorted conception of the facts or the law." *Marshall v. Jerrico, Inc.* (446 US 238, 242, 100 S. Ct. 1610, 64 L. Ed. 2d 182 (1980))

The affidavit in a Section 455 motion to recuse need only be **'sufficient' to provide 'fair support' for the charge of partiality**. See *Apple v. Jewish Hosp. and Medical Center*, 829 F.2d

326, 333  (2d Cir. 1987) (quoting *Wolfson v. Palmieri*, 396 F.2d at 124) (emphasis added). See also *Hoatson v. N.Y. Archdiocese*, No. 05 Civ. 10467(PAC), 2006 WL 3500633, at *2 (S.D.N.Y. Dec. 1, 2006)

Plaintiff respectfully requests that Judge Torres recuse, in light of the conduct noted in the attached Affidavit, which would lead any reasonable individual to reasonably question Judge Torres's impartiality in this case.

Respectfully submitted,

*s/ Arlene Delgado*

Arlene Delgado

Plaintiff, *pro-se*

I verify, under penalty of perjury, that the following is true and correct.

Executed on September 9, 2024

<em><u>s/Arlene Delgado</u></em>

## <u>AFFIDAVIT OF ARLENE J. DELGADO</u>

I, Arlene J. Delgado, am the Plaintiff in this case, hereinafter referred to as the Plaintiff or in first person. It has become apparent to me that (a) Magistrate Parker's intense personal animus against me has affected Judge Torres's approach in this case; *and* (b) Judge Torres appears to have a predisposition/bias against *pro-se* litigants. **I do not intend any of what I write herein to be construed as disrespecting the Court. I. have great respect for Judge Torres. I am, however, obligated to speak plainly in an affidavit.**

I was, initially, hopeful that I would receive dignified treatment under Judge Torres, even though I am *pro-se*. Given she is a Latina from the Bronx (my father and my entire paternal family hail from the South Bronx, with my father a proud graduate of Morris High School), I optimistically hoped that, given Judge Torres's diverse and working-class background, I – an indigent, single, Hispanic woman -- would not receive the 'thumb her nose up' treatment that I have received from Magistrate Parker – a judge who is, demographically, is radically different from me. I felt this was a judge who will be fair – some days she might rule against me, some days she might not, but she would be fair and give my requests somber consideration. Regrettably, albeit respectfully, that has not been my experience the past several months. It appears that, because I am *pro-se*, this Court has a dismissive approach towards my requested relief.

This affidavit is not limited to drawing upon matters from within this case. Judge Torres's own <u>Individual Rules</u> reveal she treats *pro-se* litigants not just differently, but inferior to, those represented by New York's well-heeled attorney class, and *pro-se* litigants are not afforded the same rights. It is a reality that all know but few dare not say aloud, given that our entire legal system is premised on the *folly* that 'one need not pay hundreds of thousands of dollars to an attorney to present a case.' All know this is nonsense but to admit it would buckle the entire American legal system: Not only is impossible for a *pro-se* litigant to navigate extremely complex procedure (deliberately made so by attorneys through the years, to create a need for their own high-priced business) but a *pro-se* litigant is, in general, treated as less-than. While the occasional order will boast that, as the law requires, 'solicitude' was extended -- e.g., an improperly titled motion treated as though it were properly titled – the actual consideration of the relief sought is inferior. The *pro-se* litigant's motions are rarely given the serious consideration that a motion signed by, e.g.,, an attorney from Cravath is given.  This should not be the reality but it is. Judge Torres has an entirely different set of Rules, quite literally, for *pro-se* litigants.[1] She denies *pro-se* litigants the right to oral argument.[2]  Meanwhile, represented parties *are* permitted to request oral

---

[1] "Unless otherwise ordered by Judge Torres, these Individual Practices apply to all civil matters except for civil *pro se* cases (see Individual Practices in Civil *Pro Se* Cases, at https://www.nysd.uscourts.gov/hon-analisa-torres)." https://www.nysd.uscourts.gov/sites/default/files/practice_documents/AT%20Torres%20Individual%20Practices%20in%20Civil%20Cases%20-%203.7.2023.pdf

[2] https://www.nysd.uscourts.gov/sites/default/files/practice_documents/AT%20Individual%20Practices%20in%20Pro%20Se%20Cases%20%28FINAL%29%20-%2005.23.19_2.pdf p. 3

argument.[3] The humble *pro-se* litigant is not permitted to come before the judge and plead his matter – but the Trumps of the world, with a team of $1,500/hour attorneys, can.

Second, it appears this now even entails depriving *pro-se* litigants of their rights under the Federal Rules, at least in this case. On August 12, 2024, I asked for permission to file a formal motion to add three defendants (originally six, but I narrowed the motion down to those who clearly met the caselaw standards – no undue delay, etc.). One of the three I sought to add was Eric Trump, given his recently revealed (in a batch of documents Judge Parker ordered Eric to produce, in July 2024) involvement in the Retaliation claim. This was, by any metric, a request that should clearly be granted. There is no disputing that the documents revealing his involvement came to light recently; trial had not even been set and Mr. Trump could easily engage in any discovery needed; he has been aware of this lawsuit for quite some time and, indeed, his father's campaign is a defendant; etc. This is exactly why amendments exist.

Two days later, Judge Torres issued an order, referring my request to Magistrate Parker (ECF #404). (This was troubling, given that Judge Torres is surely aware of Magistrate Parker's relentless practice of ruling against me. When I saw that, I instantly knew, 'Magistrate Parker is going to deny all three before she has even read the request.')

On August 15, 2024, Eric Trump (via counsel), filed  a Response-letter, objecting to his addition as a defendant. Such is his right and expected. The letter, however, contained a highly

---

[3]

https://www.nysd.uscourts.gov/sites/default/files/practice_documents/AT%20Torres%20Individual%20Practices%20in%20Civil%20Cases%20-%203.7.2023.pdf   p. 6

misleading representation: it claimed that I had known of Eric Trump's involvement in the Retaliation claim, since August 2019. The proof for this? a footnote in a filing of mine from a few weeks ago. Yet Eric Trump's letter did not actually quote my prior footnote – *because my footnote said no such thing*. My footnote explicitly referenced my having considered filing a cause of action against Eric Trump *on an entirely different cause of action* (as is explicit in the draft Complaint circulated in August 2019).  Eric Trump knows this but tried to 'pull a fast one' with clever wording.

Before I could correct the error, Magistrate Parker, who is incapable of ruling in my favor, DENIED the request across the board. As to Eric Trump, she explicitly relied on his letter's misrepresentation (she did not bother to check my footnote that Eric Trump referenced and see if, indeed, it said what Eric Trump claimed) and essentially ruled: 'Undue delay – she has known about this for years and waited until now.'

An error of such reckless nature is rarely seen in federal courts. Magistrate Parker went so far as to even say that my claim – that I had just learned of Eric Trump's involvement in July 2024 – 'strained credulity.' In other words, 'Plaintiff is a liar.' (Most ironically, it would turn out not to be I who had misled Magistrate Parker – but rather Eric Trump.) Magistrate Parker did not even provide me time to correct any misrepresentation, so eager was she to rule against me and deny all three requests.

I asked Eric Trump's counsel to correct their error, who haughtily refused (and why would they? They had gotten away with it! Magistrate Parker had been tricked, successfully). I immediately filed a simple, three-page letter/motion for reconsideration *on that particular, specific error* regarding Eric Trump, hoping to 'clean that up' prior to the Rule 72a Objection to which I

am entitled, and would certainly, file, addressing the *entire* R&R. This way, with that error cleaned up first, the 72a Objection that would go up to Judge Torres would be streamlined, cleaner, and less cluttered. Per the Rules, if I wished to file on, I would have until September 6th to file my Rule 72a Objection, as to the denial of Eric Trump, Jason Miller, and/or Michael Glassner.

But two days later, on August 22, 2024, Judge Torres entered an Order announcing that she would treat my letter-motion for reconsideration (a simple, three-page letter motion that focused a particular, specific error in the R&R) as my "Rule 72a Objection" (!) and that any responses to this alleged Rule 72a Objection (but I had not yet filed my Rule 72a Objection!) were due September 3rd.

At first, I interpreted this optimistically, as did another attorney I spoke to: 'Judge Torres probably recognized the error that Magistrate Parker committed, and sees no reason to wait for a longer/formal Rule 72a Objection.' That optimistic interpretation notwithstanding, the letters submitted on September 3, 2024 (by Eric Trump and Jason Miller, via counsel) made it clear that such was *not* the interpretation of theirs. Indeed, Jason Miller submitted an almost comical "Response" on September 3rd, his doing so underscores the 'Who's on First?' confusing skit this case has become. His "Response" was allegedly responding to… *what* exactly? A 72a objection to the R&R's denial-of-adding Miller, *which I had not yet submitted*? Or was he responding to my three-page reconsideration-motion-letter that did not mention Miller and was only about a specific error regarding Eric Trump?

Remarkably, as for Eric Trump's September 3, 2024 letter, his attorneys (clearly worried about Rule 11 sanctions I would seek) begrudgingly walked-back their earlier, outrageous misrepresentation, now admitting that -- golly, gee -- they never intended to say that I had known

for years of Eric Trump's involvement on the *Retaliation* claim, nor that I had discussed adding him as a defendant on that claim: 'All we said was that she had considered naming him as "a defendant" -- on *some* claim/issue/cause!'

Too little, too late. Chaos caused by their bad faith act had already ensued.

There is no mistaking what occurred here: **I was deprived me of my due process right, under the F.R.C.P., to file a formal, fulsome Rule 72a Objection**. Instead, Judge Torres took the liberty, on my behalf, of converting a simple letter, on a specific topic, into my entire Rule 72a Objection. **Would Judge Torres have done so to a lawyer from Cravath? The answer, I believe, is 'Absolutely not.' It was done to a *pro-se* litigant, because we do no matter.**

Why is this significant enough to warrant a Motion to Recuse? After all, if Judge Torres clarifies that she will, indeed, consider any Rule 72a filed, and her Order was not intended to deprive me of such, what is the real harm? It is significant because it reveals that Judge Torres, much like Magistrate Parker, does not abide a *pro-se* litigant. The relief sought by a *pro-se* litigant is not given serious thought or consideration. Judge Torres's act was very clear. It was an act that presents as, 'Do we really need to bother with a 72a Objection from Plaintiff-Delgado? That is just going to slow down the train. Isn't the Defendants' Summary Judgment motion due later this month? I will treat this (tiny) letter as an entire 72a Objection, set an expedited schedule, deny it, and we keep this train moving.' That is, respectfully, what this appears to convey. It also strongly indicates that Judge Torres intends to grant the Defendants' summary judgment motion and 'be done with' my case.

The steamrolling seems to derive from Judge Torres's disregard for *pro-se* litigants in particular, also because the record shows that Judge Torres has had little interest in efficiency otherwise. Consider the pace of this case and how much Judge Torres allowed the *Defendants* to delay matters:

Four months into this case, Defendants filed a frivolous motion to compel arbitration, on April 7, 2020. That was fully briefed by August 8, 2020. Yet Judge Torres did not decide it until *nearly 10 months later*, March 26, 2021 (ECF #63.) Defendants even subsequently filed *another* motion to compel arbitration (!) and even sought a permanent injunction (endless frivolous practice and wasted court time, based on an egregious NDA that the Campaign itself, last year, had to swear never to try to enforce again). That was fully briefed by May 2021. (Docket 66-83.) In July and August 2021, after I finally prevailed in ending the Defendants' frivolous push for arbitration, both sides stipulated to confirm that decision. (Docket 88-89.) Yet no answer came from the Court on various motions until *March 2022.* In light of these examples, why would Judge Torres suddenly be in this rush, so much so that she takes a three-page letter on a specific topic and converts it into a Rule 72a Objection on every angle of the R&R? It appears the intent is to hurry into summary judgment motions, grant Defendants' summary judgment motion, and close this case.

JUDGE TORRES'S CONSTANT DENIALS OF EACH AND EVERY RULE 72a OBJECTION BY THE *PRO-SE* PLAINTIFF

It is my impression, from Judge Torres's rulings in the Rule 72a Objections, that, when a *pro-se* litigant is objecting, little thought is put into the ruling. The overruling of the *pro-se* plaintiff's objections seem rushed and are not in line with Judge Torres's experience and keen intellect. In this case, Judge Torres appears to routinely rubber-stamp the magistrate judge's errors, with a quick justification (often a questionable one) provided. Consider:

In March 2024, I filed a Rule 72a Objection regarding Judge Parker's denial of my request to take various third-party depositions, including that of Jason Miller and Donald Trump (ECF #214). My request of the former president's deposition (by ZOOM) was by no means a shot in the dark – he knew me very well; he had promised me a job multiple times; our relationship is not contested and well documented (in photos, videos, and more); and **I possess a December 2016 a written email in which a reporter relays that Mr. Trump had directed that I be removed from my White House list, once it emerged that I was pregnant.** Moreover, to date, I had only taken two depositions: that of Reince Priebus and Sean Spicer, both of whom are defendants. Thus, it is not as though I had already reached the F.RC.P '10-by-right' depositions and was seeking *additional* depositions. But, even after I was made to grovel, in the degrading exercise of filing an extensive document (publicly!), explaining whom I wished to depose and why, only four depositions were granted – *and neither was Jason Miller or Donald Trump*. Imagine the deprivation of due process when the supervisor, who impregnated the plaintiff, is not deposed in a pregnancy discrimination case!

**On April 12, 2024 (ECF #244), Judge Torres OVERRULED my 72a Objection.** Judge Torres held that Magistrate Parker only permitting four depositions, out of the long list, was appropriate, as were the ones she selected. Judge Torres wrote: "Judge Parker permitted Plaintiff to take four non-party depositions (1) relevant to her breach-of-contract and discrimination claims and (2) concerning Defendants' employment decisions and their defense that Plaintiff was unqualified for a White House position….As such, Judge Parker's determination that the other requested depositions were cumulative or duplicative was not clearly erroneous." **Judge Torres essentially wrote that deposing Jason Miller – the supervisor who impregnated the plaintiff – would have been "duplicative" of other depositions.** The Court's position in the April 12th

Order was, 'You were allowed four third-party depositions. The ones selected are fine! That's enough. Make do with that.' [However, it would shortly thereafter be revealed that not even *that* is true (i.e., Plaintiff was *not* actually granted leave for four depositions) as even those four depositions were limited to a single topic. See below.] Judge Torres's Order also repeated Magistrate Parker's statement that I had received "at least four discovery extensions" in this case. But I had *not*. I had received three "extensions", if one can even call them that: all were tied *solely* to extending the case for time to find counsel.[4] Thus, I had never received a single, "I just need more time" extension, which would perhaps justify the denial. And, moreover, in *other* cases, Magistrate Parker has given as *multiple* 'we need more time' extensions (*See e.g.,* Spectrum Dynamics case – at least four granted). In those cases, however, it is not a lowly *pro-se* plaintiff.

On May 28, 2024, I filed another Rule 72a Objection, this time regarding the *limitations* Magistrate Parker placed on the four third-party depositions she permitted. (ECF #331) Judge Parker had done something unfathomable – the four third-party depositions that she had permitted were, as Magistrate Parker had recently clarified, *limited to a specific, narrow topic selected by Judge Parker*. i.e., 'Plaintiff could depose Michael Glassner – but *only* about the 'breach of contract claim! Plaintiff could depose the HR Director – but *only* about "employment decisions" (what does that even mean?) of the Campaign.' [Judge Torres also stated that I was permitted to delve into all that was "relevant" to my case. This means that my performance/work product on the Campaign was not – it will certainly be interested when the Campaign tries to admit claims regarding same. The judge has already said such is not "relevant."]

---

[4] Another deadline extension, permitting me extra time to depose the four individuals, was due to the S.D.N.Y. *clerk's* error in mailing the subpoenas to me-- which did not arrive until 22 days later -- versus uploading the issued subpoenas to the docket, for me to download and coordinate service, as she had requested.

On August 1, 2024, **Judge Torres again OVERRULED my Objection.**

Also on May 28, 2024, I filed a Rule 72a Objection regarding Magistrate Parker's quashing of a subpoena on third-party Fox News. (ECF #332) This was a straightforward subpoena: as pled in my Complaint (ECF #94), Fox News had gone from telling me that I would have my own show soon, and almost daily invitations to appear… to complete silence, in late December 2016, at the same time the Campaign did. This was not only relevant to potential tortious interference but also, as the Complaint makes clear, **demonstration of damages** (as noted in the Complaint, the Campaign's actions caused others on the Right to also ostracize Plaintiff, irrespective of tortious interference). Moreover, I had somberly only sought information from the *one* media company that was clearly relevant and possessed relevant information: Fox News (i.e., it was not as though I had sent subpoenas to every network at which I made appearances). When I first served Fox News with the subpoena, Fox News frantically filed Objections, which I then responded to with a Motion to Compel. Judge Parker set the matter for hearing (with Fox News's counsel confirming attending). Yet, abruptly, out of nowhere, with the hearing two days away, Judge Parker reversed *herself*, now deciding she would not even grant a hearing on this issue. She entered an order stating, 'Never mind the hearing, after all. I can decide this on the basis of the filings and it would be *unduly burdensome*' (to poor, little Fox News!).' A quick, digital search for emails about me was, apparently, too 'unduly burdensome' for Fox News to be put through.

**On August 1, 2024, Judge Torres again OVERRULED my Objection.** Judge Torres based her affirmation of Parker's quashing of the subpoena on different – but equally confounding – grounds: Judge Torres felt there was no basis *to* subpoena Fox News, because such would require potential tortious interference by the Campaign, and there was never a clear job relationship

between the plaintiff and Fox News. This caused me to worry that Judge Torres has paid little attention to the case's Complaint (ECF #94): Irrespective of whether there was a potential or actual job offer, the subpoena was clearly relevant to establishing *damages*. Judge Torres should have overruled Magistrate Parker.

Also on May 28, 2024, I filed a Rule 72a Objection regarding various rulings of Magistrate Parker on various topics found within Magistrate Parker's May 14, 2024 Order (ECF #333). Those topics included: (a) Judge Parker's *sua-sponte* entry of an order, wherein she appeared to walk back her own April order, and appeared designed to give the Campaign 'wiggle-room' to *not* produce the "complaints, **which I feel was election interference** (see footnote[5]); (b) the purpose of public, enormous payments made to Kasowitz Benson Torres ($4.1 million in a two-month

---

[5] On April 24, 2024, Judge Parker ordered that the Campaign had to produce the complaints pertaining to the 2020-election cycle, and not just to the 2016-cycle, as they wanted. Within 48 hours, the Campaign's longtime attorney, JARED BLUMETTI, had moved to withdraw, citing an "irreparable breakdown" with the client. It is abundantly clear that the Campaign had told Mr. Blumetti to ignore the order and not produce the complaints. Mr. Blumetti therefore, in good conscience, could not remain on the case. Judge Parker set the motion-to-withdraw for discussion in a private, ex-parte conference and, even then, her resulting order showed the mystery remained, Mr. Blumetti being unable to explain to her what had occurred or what the reason was that he needed to withdraw (gee, one wonders what it was! This is not rocket-science). Sensing that it was the order-to-produce the complaints, a few days later, sua-sponte, Judge Parker appeared to walk back her order, 'clarifying' that the complaints need only be formal, written complaints and, moreover, even listing keyword terms (only a few) that would suffice in the 'search' for such. **This was, in my opinion, election interference. Judge Parker did not want any complaints to emerge, in the midst of an election, which could potentially embarrass the Campaign.**
This is not speculation. The judiciary has revealed itself more than willing to engage in such. One need look no further than Judge Aileen Cannon, in Florida, or even Judge Merchan who, despite postponing Donald Trump's July 2024 sentencing, postponed the September 18, 2024 sentencing until *after* the election. It does not even require that a judge be a "Trump supporter." Judge Merchan is not and, I suspect, Judge Parker is likely a moderate Democrat. But the absence of politically supporting Trump does not mean a judge will treat Trump cases fairly – indeed, they might still wish to 'avoid affecting the election,' which is fine, **but not if it means depriving a plaintiff of discovery to which she was entitled.**

period immediately after the end of the campaign), which indicated the Campaign had indeed concealed complaints made (which they were to have turned over in April 2024 but claimed none existed!); and (c) denying me the ability to take three (of the four) permitted third-party depositions, simply because I was unable to serve them within the tight timeframe.

**On August 1, 2024 (ECF #402), Judge Torres again OVERRULED each and every one of the three recommendations objected to therein.**

On July 24, 2024, I was again forced to file yet another Rule 72a Objection, regarding Magistrate Parker's refusal to permit a brief, limited re-opening of discovery to depose Michael Glassner (coincidentally, one of the four she had previously granted but *whose deposition she had limited to 'breach of contract claim questions only*!'). This was due to Glassner's (a) *recently revealed* admitted involvement in the Retaliation against me <u>and</u> (b) into the existence of complaints that had been made by women on the Campaign. (ECF #397) (I had recently learned: (a) that Glassner had admitted, under oath in another case, to retaliating against me in 2017 by filing the arbitration-claim against her (the Retaliation claim in the case) and (b) via information shared with me in June 2024, by Jenna Ellis, Esq., I learned that the Campaign had, in fact, concealed "several" complaints of sexual harassment. But the Campaign was ordered to produce such, in late April 2024; the Campaign attorney had abruptly moved to withdraw two days later; and the new attorneys had claimed there was 'nothing to produce.' These complaints (and resulting settlements) had been handled, according to Ellis, by Glassner.

**On August 1, 2024 (#ECF #402), Judge Torres again OVERRULED my Objection.**
Regarding the need to depose Glassner because of the recent revelation that Defendant-Campaign had, in fact, apparently hidden complaints that were ordered produced, Judge Torres dismissed

such, writing that I had received " substantial discovery" regarding such, "including a search [by the Campaign] of Glassner's electronically stored information, and does not explain why a deposition of Glassner is necessary." This is unfathomable as I had received literally zero – the Campaign had simply said 'nothing exists.' Judge Torres even cites a case about "unreasonably cumulative or duplicative" discovery. Even if Judge Torres was relying on the Campaign's representation (if the Campaign can even be believed) that it had searched Glassner's work-email archive and found no complaints, she is an extremely intelligent and experienced jurist: She *knows* that complaints of sexual harassment, pregnancy discrimination, etc., would not be found in the work-email (much less a Campaign work email) of a sophisticated player like Glassner. Glassner would have handled all this from a personal email and/or phone. It is disingenuous to rely on 'The Campaign searched his emails, that is enough!' to claim that I had received "substantial discovery". As to whether Judge Parker was right to deny me the ability to depose Glassner about the recently learned role in the Retaliation claim, Judge Torres also sided with Judge Parker, writing, "Judge Parker did not err in ruling that Glassner did not have unique knowledge about this topic and that Plaintiff had the opportunity to seek information about the arbitration from other witnesses." This is bewildering. Glassner *did* have unique knowledge – no other person from the Campaign was involved in the Retaliation. Moreover, to say that I "had the opportunity to see information about the arbitration *from other witnesses*" is simply false. The other "witnesses" Magistrate Parker cited was a *single* witness  -- worse yet, a 30b6 witness (who would, even if prepared on that topic, would have no way to answer about such, unless he was present and involved in the arbitration! The filed transcript of the 30b6 deposition, moreover, shows the witness – "Stop the Steal" / Election Denier Jesse Binall – was refusing to answer *anything*.

The Order continues, adding, for good measure*:* "As Judge Parker noted, Plaintiff can still call Glassner as a witness at trial." Judge Torres had no basis for this – she does not even know where Glassner lives, yet makes the confident assertion that Magistrate Parker was correct to say he can be subpoenaed for trial. Second, since when is "You can just call him at trial!" a reason why someone should not be deposed? Am I not entitled to depositions in *discovery*? Am I not entitled to testimony that I can use in summary judgment filings?

This ruling would have been very different were I not *pro-se*.

The latest? Judge Parker has again entered yet another baffling R&R on August 20th, as discussed above. This time, it is not even that Judge Torres will undoubtedly issue a rubber-stamp approval of Judge Parker's R&R against me. This time, I was even deprived of the chance to file my 72a Objection.

With utmost respect for Judge Torres, I nonetheless feel that this case should not remain under Judge Torres. I respectfully request her recusal, in the hopes of landing with a judge who will treat me, despite my indigent, *pro-se* status, with the same dignity, and give the same consideration to my requests, as a represented litigant.

<u>*s/ Arlene Delgado*</u>

Arlene Delgado