**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

ARLENE J. DELGADO,

                Plaintiff,

v.

DONALD J. TRUMP FOR PRESIDENT, INC.,
*et al.*,

                Defendants.

Case No. 19-cv-11764 (AT) (KHP)

**DEFENDANTS' MEMORANDUM OF LAW IN**
**OPPOSITION TO PLAINTIFF'S OBJECTIONS**

Defendants Donald J. Trump for President, Inc. (the "Campaign"), Sean Spicer, and Reince Priebus (together "Defendants") respectfully submit this memorandum of law in opposition to Plaintiff Arlene Delgado's ("Plaintiff" or "Delgado") objections to Magistrate Judge Kathleen Parker's August 20, 2024 order (the "Order") denying her motion for leave to file a second Amended Complaint ("SAC").  *See* ECF No. 411.

**PRELIMINARY STATEMENT**

As has unfortunately been a hallmark of her legal tactics in this case, Plaintiff's Objections to the Order (the "Objections") are riddled with misrepresentations of both the factual record and the case law.  Much of Plaintiff's Objections are devoted to relitigating issues that were decided by Judge Parker and this Court months ago, and are not appropriate for any further adjudication. When stripped of all of Plaintiff's unfounded recriminations and rantings at Judge Parker's and this Court's prior rulings, what is left is a straightforward motion for leave to file a proposed SAC to add three potential individual defendants—Eric Trump, Jason Miller, and Michael Glassner (the "Proposed Defendants")—years after the deadline to do so.

The factual record underpinning Plaintiff's Objections is a simple one. Plaintiff, as she has throughout this litigation, failed to abide by the deadlines applicable to all of the parties. In this instance, the August 16, 2022 scheduling order entered by Judge Parker (the "Scheduling Order") required that all amended pleadings be filed no later than September 15, 2022. As she has done repeatedly upon missing other deadlines, Plaintiff once again seeks to blame everyone else—including Defendants, the Proposed Defendants, Judge Parker, and even this Court—for the consequences of her actions and tactical decisions. However, as the uncontroverted evidence makes clear, and as Judge Parker (and this Court, previously) correctly found, Plaintiff has demonstrated an almost complete lack of diligence in pursuing discovery as to the Proposed Defendants, a fact that is fatal to Plaintiff's Objections. Moreover, allowing Plaintiff to file a SAC at the eleventh hour as she attempts to do here would substantially prejudice Defendants and potentially extend this litigation, which has already dragged on for nearly five years, for several additional months, if not years. Thus, notwithstanding Plaintiff's distortions of the evidence and the prior legal rulings in this case, the Order correctly found that Plaintiff did not demonstrate the necessary good cause to file a SAC after the close of discovery.

In light of the evidentiary record that undermines Plaintiff's Objections, it is abundantly clear why she insists upon focusing on prior decisions made by Judge Parker and this Court denying her additional discovery: Plaintiff is seeking to perform an end run around these prior rulings. Indeed, Plaintiff's request to file a SAC is more accurately understood as her attempt to have yet another bite at the apple in seeking additional discovery. However, Plaintiff cannot simply circumvent the Court's prior rulings, as she has repeatedly sought to circumvent the discovery deadlines in this case. For the reasons set forth below, Plaintiff's objections should be overruled in their entirety.

## ARGUMENT

## I.    LEGAL STANDARD

Rule 72 of the Federal Rules of Civil Procedure, which governs objections to a magistrate judge's non-dispositive rulings, states that this Court may only set aside Judge Parker's Order if it "is clearly erroneous or is contrary to the law."    Fed. R. Civ. P. 72(a).  A motion for leave to amend is an example of a non-dispositive motion where a magistrate judge's ruling should only be reversed for clear error.  *See Tardif v. City of New York*, No. 13-cv-4056(KMW)(FM), 2016 WL 2343861, at *2 (S.D.N.Y. May 3, 2016) ("the weight of opinion in this District appears to favor treating as nondispositive a magistrate judge's decision that denies a plaintiff's request to amend the complaint to add new claims") (collecting cases); *Sec. & Exch. Comm'n v. Rio Tinto PLC*, No. 17-cv-7994(AT)(DCF), 2021 WL 807020, at *1 (S.D.N.Y. Mar. 3, 2021) (Torres, J.) ("A motion to amend the complaint is treated as a non-dispositive motion and is reviewed under the 'clearly erroneous' standard").

A decision is only "clearly erroneous" if the Court "on the entire evidence is left with the definite and firm conviction that a mistake has been committed."  *Collymore v. City of New York*, No. 16-cv-8270 (LTS)(OTW), 2021 WL 2269538, at *1 (S.D.N.Y. June 3, 2021) (cleaned up).  As another court in this district has explained, "under the clearly erroneous standard of review, the magistrate judge's finding should not be rejected merely because the court would have decided the matter differently."  *Graves v. Deutsche Bank Sec. Inc.*, No. 07-cv-5471 (BSJ), 2010 WL 997178, at *7 (S.D.N.Y. Mar. 18, 2010), *aff'd*, 548 F. App'x 654 (2d Cir. 2013); *see also Edmonds v. Seavey*, No. 08-cv-5646 (HB), 2009 WL 2150971, at *2 (S.D.N.Y. July 20, 2009) ("A showing that reasonable minds may differ on the wisdom of granting the defendant's motion is not sufficient to overturn a magistrate judge's decision) (cleaned up).

Similarly, a magistrate judge's order is "contrary to the law" only "when it fails to apply or misapplies relevant statutes, caselaw, or rules of procedure." *Exist, Inc. v. Tokio Marine Am. Ins. Co.*, No. 22-cv-1679(AT)(BCM), 2024 WL 96346, at *1 (S.D.N.Y. Jan. 9, 2024) (Torres, J.) Notably, the "failure to identify controlling authority that prohibits the magistrate judge from reaching the challenged ruling is 'fatal' to a party's objection under this test." *Abbott Labs. v. H&H Wholesale Servs., Inc.*, No. 17-cv-3095 (CBA)(LB), 2018 WL 11446490, at *1 (E.D.N.Y. Dec. 11, 2018).

In the instant case, the sum of Plaintiff's arguments is that she disagrees with Judge Parker's decisions and feels (unjustifiably) that Judge Parker harbors some unexplained bias towards her. However, Plaintiff's personal attacks on a sitting member of the judiciary are plainly insufficient to satisfy her "heavy burden" of demonstrating that Judge Parker erred in not allowing her to insert three new defendants into this case, after the close of discovery and nearly ***two years*** after the deadline for doing so had elapsed. Judge Parker's Order was soundly supported by the law and should be adopted by this Court. *See, e.g.*, *Williams v. Rosenblatt Sec., Inc.*, 236 F. Supp. 3d 802, 803 (S.D.N.Y. 2017) (explaining that where a magistrate judge's decision was "a reasonable one," it "was certainly not clearly erroneous or contrary to the law").

## II.    JUDGE PARKER CORRECTLY HELD THAT PLAINTIFF HAD FAILED TO DEMONSTRATE SUFFICIENT GOOD CAUSE TO OBTAIN LEAVE TO FILE HER PROPOSED SAC.

As she did in seeking leave to amend from Judge Parker, Plaintiff's Objections repeatedly cite to the wrong legal standard for evaluating a motion to amend in light of the current procedural posture of this case. Specifically, and contrary to what Plaintiff's Objections claim, the deferential standard elucidated in Federal Rules of Civil Procedure 15(a) for filing an amended complaint does not apply where, as here, Plaintiff is seeking leave to amend *after* the deadline imposed in the

Scheduling Order.  The Scheduling Order in this case states that, "The parties shall have until Thursday, September 15, 2022 to request leave to amend the pleadings."  ECF No. 103 at p. 1 (emphasis in original).  As the Second Circuit has explained, where a plaintiff seeks leave to file an amended complaint after the deadline set forth in a court's scheduling order, the appropriate standard governing the adjudication of such a motion is the "good cause" standard found in Federal Rules of Civil Procedure 16(b)[1]:

> We now join these courts in holding that despite the lenient standard of Rule 15(a), a district court does not abuse its discretion in denying leave to amend the pleadings after the deadline set in the scheduling order where the moving party has failed to establish good cause. Moreover, *we agree with these courts that a finding of "good cause" depends on the diligence of the moving party*.

*Parker v. Columbia Pictures Indus.*, 204 F.3d 326, 340 (2d Cir. 2000) (emphasis added and collecting cases); *see also Charles v. City of New York*, No. 11-cv-2783(AT)(RLE), 2015 WL 756886, at *2 (S.D.N.Y. Feb. 20, 2015) (Torres, J.) ("[w]here a scheduling order has been entered [which sets a deadline for amending the pleadings], the lenient standard under Rule 15(a) ... must be balanced against the requirement under Rule 16(b) that the Court's scheduling order [may be modified only for good cause].")(quoting *Grochowski v. Phoenix Constr.*, 318 F.3d 80, 86 (2d Cir. 2003)).

---

[1]    Because the "good cause" standard set forth in FRCP 16(b) applies, Plaintiff's reliance on a litany of cases decided under FRCP 15(a)'s more lenient standard is misplaced.  As this Court has previously explained, a court considering a motion to amend after the deadline set forth in the scheduling order must first conduct the FRCP 16(b) good cause analysis and, only in the event that the plaintiff has shown such good cause, should the court conduct a Rule 15(a) analysis.  *See, e.g.*, *LoCurto v. AT&T Mobility Servs. LLC*, No. 13-cv-4303(AT)(KNF), 2017 WL 11826511, at *4 (S.D.N.Y. July 17, 2017) (Torres, J.) ("Under this framework, a court first considers whether the movant has shown good cause under Rule 16, and, only after finding that the good cause standard is met, proceeds to the analysis under Rule 15.") (cleaned up).  Because Plaintiff has failed to demonstrate good cause, she cannot rely on the more liberal standard elucidated in FRCP 15(a) to salvage her deficient arguments.

Plaintiff's claim that she has been diligent in seeking discovery concerning her retaliation claim, including by deposing Mr. Glassner, is riddled with misrepresentations of the record and frivolous arguments. As a threshold, but ultimately dispositive matter, this Court has already rejected all of the arguments that Plaintiff put forth as to why she failed to depose Mr. Glassner during the discovery period, correctly holding that "Plaintiff did not seek Glassner's deposition with diligence." ECF No. 402 at p. 7. This alone forecloses Plaintiff's arguments that she diligently sought to obtain information concerning Mr. Glassner.

However, even putting aside this Court's prior ruling conclusively finding that Plaintiff failed to exercise the diligence necessary to satisfy the good cause standard of FRCP 16(b), Plaintiff's claims that she could not have sought leave to amend earlier, particularly as it pertains to Mr. Glassner, are squarely contradicted by the record.

Defendants first identified Mr. Glassner as an individual with knowledge concerning this case on August 9, 2022, in its Initial Disclosures.[2] Subsequently, on November 22, 2022, Defendants again identified Mr. Glassner, this time in response to Plaintiff's Interrogatories, which sought the identity of any individual who "has or is likely to have knowledge pertaining to the

---

[2]    Plaintiff seeks to malign Defendants' Initial Disclosures for not including Eric Trump, claiming, without basis, that Defendants did not comply with their obligations under FRCP 26(a)(1). However, once again, Plaintiff's argument misstates the relevant law. This time, Plaintiff goes so far as to misquote FRCP 26 when she states that it requires Defendants to identify "each individual likely to have discoverable information—along with the subjects of that information." ECF No. 422 at p. 4, n.3. Rather, the full relevant portion of FRCP 26 goes on to state that a party need only identify an individual and the subject area of the information they possess that the disclosing party "may use to support its claims or defenses." Fed. R. Civ. P. 26(a)(1). In the instant case, Defendants did not believe that Eric Trump had relevant information concerning Plaintiff's retaliation claim (and, notably, Plaintiff has failed to identify any evidence demonstrating otherwise). *See supra* at p. 10. However, in any case, Defendants never intended to use Eric Trump to support their claims or defenses, and thus FRCP 26(a)(1) dictates that he need not be included in Defendants' Initial Disclosures. Moreover, to the extent that Plaintiff believed that Defendants' Initial Disclosures were in any way insufficient, she had over two years to request additional information, and she failed to do so.

allegations in the First Amended Complaint as revised on March 28, 2022." ECF No. 406-1 at pp. 3-4. Thereafter, Plaintiff did not seek *any* further discovery concerning her retaliation claim stemming from the Campaign's decision to litigate Plaintiff's breach of her NDA. In fact, during the entirety of discovery, Plaintiff never once issued an interrogatory about who was involved in the decision to litigate Plaintiff's breach of her NDA.[3] Similarly, Plaintiff did not ask any of the witnesses she deposed in this case about who played a role in the decision to litigate Plaintiff's breach of her NDA. Nor did she ask any witness a single question about Mr. Glassner. In fact, Plaintiff did not even identify this aspect of her retaliation claim as a topic she intended to explore in the 30(b)(6) deposition notice she issued in this case. It is this sequence of events to which Judge Parker referred when she found in the Order that "Plaintiff had almost 18 months between November 2022 and May 2024, when discovery closed, to request and obtain information related to Glassner . . . role in the alleged retaliation and discrimination.[4]" ECF No. 411 at p. 4. Plaintiff's complete lack of interest in seeking discovery as to her retaliation claim, or Mr. Glassner's role in

---

[3]    Plaintiff contends that it was somehow inconceivable that she (or the attorneys who represented her previously) would ask a separate interrogatory about her retaliation claim. ECF No. 422 at p. 13. Of course, such interrogatories are common in litigation, and, indeed, one of the very purposes of interrogatories is to identify individuals who have knowledge concerning the claims and defenses in a case. What Plaintiff is actually arguing is that her attorneys made a tactical decision to not seek separate discovery about the circumstances surrounding the litigation of her NDA and that the Court should relieve her of the consequences of her attorneys' conduct. However, having made that decision, Plaintiff cannot expect the Court to ignore the Scheduling Order in this case and to give her another chance to obtain discovery she could have sought more than a year ago.

[4]    Contrary to Plaintiff's efforts to misrepresent the Order, Judge Parker did not deny her motion for leave to file a SAC solely because of what she failed to ask during the 30(b)(6) deposition. Rather, as the quoted language makes clear, Judge Parker's decision was based on the fact that Plaintiff did not make *any* effort to take discovery related to her retaliation claim or Mr. Glassner's role in the same between the time when the Campaign identified Mr. Glassner as an individual with knowledge concerning the allegations in the Complaint in its interrogatory responses and the close of discovery in May 2024. The 30(b)(6) deposition was but merely one example of Plaintiff's failure to exercise any diligence in this regard.

this case, forecloses her argument that she acted diligently in seeking this information. Indeed, the record is clear that Plaintiff failed to exercise the diligence required to satisfy the good cause showing necessary to obtain leave to file her proposed SAC.

Plaintiff also devotes a substantial portion of her arguments to relitgating her failure to take Mr. Glassner's deposition during the discovery period. As discussed above, however, this Court has already found that "Plaintiff did not seek Glassner's deposition with diligence." ECF No. 402 at p. 7. Plaintiff should not be permitted to use her motion for leave to amend as an avenue to seek an untimely and futile end run around this Court's prior ruling. However, it is important to address one of Plaintiff's misrepresentations of the record to provide the proper context for Judge Parker's Order, because the misrepresentation pertains specifically to Plaintiff's motion for leave to file a SAC.

Specifically, Plaintiff repeatedly attacks Judge Parker for limiting Mr. Glassner's deposition to her breach of contract claim, and claims it is therefore Judge Parker's fault, and not any action taken (or, not taken) by Plaintiff, that prevented her from obtaining discovery concerning Mr. Glassner. In doing so, Plaintiff elides the circumstances of Judge Parker's decision. After previously granting Plaintiff several discovery extensions, Judge Parker set a firm discovery deadline of November 14, 2023. ECF No. 157. Thus, Plaintiff had a year after receiving Defendants' interrogatory responses to depose Mr. Glassner (or any other witness she believed to be relevant), without any restrictions. It was only when Plaintiff's then counsel made clear that Plaintiff would not comply with this discovery deadline that Judge Parker required Plaintiff's counsel to submit a letter identifying any third-party witness Plaintiff sought to depose and an explanation as to the relevance of the witness. ECF No. 162. However, as Plaintiff herself admitted, her attorney "refused to submit said letter," for no other reason than his unilateral (and

incorrect) belief that the requirement that Plaintiff identify her potential third-party deponents beforehand was supposedly "improper.[5]" ECF No. 361 at p. 10. Despite this fact, Judge Parker nevertheless granted Plaintiff's motion to reopen discovery, again only requiring Plaintiff to identify the witnesses she intended to depose and her basis for seeking those depositions. ECF No. 187.

On February 27, 2024, Plaintiff submitted her letter to Judge Parker, which identified Mr. Glassner as one of *over twenty* witnesses she sought to depose. In explaining her basis for seeking to depose Mr. Glassner, Plaintiff stated: "Glassner was part of the discussions of the 2017 settlement and is relevant to the breach-of-contract issue. Additionally, as CEO of the 2016 Campaign, he is relevant in terms of documents he possesses." ECF No. 202 at p. 3. At no point did Plaintiff claim that she wanted to depose Mr. Glassner because he had been identified in Defendants' Initial Disclosure, nor did she explain that Mr. Glassner was identified in the Campaign's interrogatory responses.[6] Once again, to the extent that Plaintiff takes issue with Mr. Glassner's deposition being limited to the breach of contract action, she has no one to blame but herself. Judge Parker simply granted Plaintiff permission to depose Mr. Glassner on the single topic she had identified. Plaintiff's failure to raise Defendants' Initial Disclosures and/or interrogatory responses as a basis to depose Mr. Glassner on additional topics is yet another

---

[5]     Thus, Plaintiff's contention that she sought Mr. Glassner's deposition "on time" is yet another misrepresentation of the record in this case. *See* ECF No. 422 at p. 3.

[6]     Given the fact that the parties' Initial Disclosures were never shared with the Court, it is confounding that Plaintiff cites to the fact that Judge Parker did not take into account Defendants' Initial Disclosures when granting Mr. Glassner's deposition. ECF No. 422 at p. 4. To the extent that Plaintiff believed that the Initial Disclosures provided a basis for Mr. Glassner's deposition, it was incumbent upon her to bring it to Judge Parker's attention.

example of failure to diligently seek discovery concerning Mr. Glassner and/or her retaliation claims in this case.[7]

Finally, Judge Parker was likewise correct in holding that Plaintiff failed to exercise the requisite diligence in seeking to bring claims against the other two defendants she seeks to add to this case. Defendants respectfully refer the Court to the legal arguments that Eric Trump and Mr. Miller have made in their respective oppositions to Plaintiff's Rule 72(a) objections and incorporate them by reference herein. Additionally, it bears repeating that, for all of Ms. Delgado's claims about purportedly only recently learning of new evidence indicating that Mr. Trump was involved in the decision to bring legal claims against her for violating her NDA with the Campaign, she has never once identified, or put before the Court, that purported new evidence. Likewise, she has never explained the meaning of this purported new evidence or why she was unable to obtain it earlier with the exercise of reasonable diligence. This, despite the fact that Plaintiff has filed several letters and applications regarding Mr. Trump at this point. Plaintiff is apparently hoping that it will be impossible to refute her claim that Mr. Trump participated in the decision by concealing from the Court her purported bases for seeking to name him as a defendant in this case.

Similarly, as to Mr. Miller, Ms. Delgado incorrectly claims she was diligent in seeking information concerning his role in the alleged discriminatory conduct. To support her claim, she points to the fact that she sought his deposition in February 2024, purportedly to obtain information

---

[7]    Subsequently, Plaintiff again failed to demonstrate the diligence the law requires when she utterly failed to take Mr. Glassner's deposition, despite Judge Parker extending her deadline to do so. *See* ECF No. 231. Although Plaintiff once again refuses to take responsibility for her delay—this time blaming the Office of the Clerk of Court for supposedly twice failing to provide her with signed subpoenas—the record demonstrates that Judge Parker made every effort to account for any delays occasioned by the Clerk's Office prior to providing Plaintiff with her final discovery extension in this case and Plaintiff instead *again* ignored deadlines set forth by Judge Parker. *See* ECF No. 374 at pp. 5-6.

from him prior to adding him as a defendant in this case.  However, despite admitting that she

learned about the facts underlying her proposed claims against Mr. Miller in July 2023, she *never*

mentioned this fact to Judge Parker.  Instead, she stated the following as to her basis for seeking

to depose Mr. Miller:

> As Plaintiff's direct supervisor/boss, who impregnated Plaintiff, the
> Plaintiff naturally seeks his deposition (Miller was involved in job
> placement and discussions) but caveats that she is ***awaiting
> response from Defendants' counsel, as to whether Mr. Miller's
> deposition can be avoided (one less deposition needed) by
> stipulating to certain matters***. . . She prefers to avoid taking Mr.
> Miller's deposition, if stipulations can avoid the need for same and,
> naturally, it would also save time and costs.

ECF No. 202 at pp. 7-8 (emphasis in original).

This statement simply cannot be squared with Plaintiff's current position that she only

delayed in adding Mr. Miller as a party to this case in July 2023 because she was "keen to depose

Miller, in part to determine whether it would be appropriate to name him as a defendant."  ECF

No. 423 at p. 3.  Not only did Plaintiff never inform Judge Parker that she sought to depose Mr.

Miller because she was considering adding him as a defendant in this case, but she also told Judge

Parker that her preference was not to depose Mr. Miller at all.

As the above facts clearly demonstrate, Judge Parker's Order finding that Plaintiff did not

exercise the required diligence to satisfy FRCP Rule 16(b)'s good cause standard is amply

supported by the record.  Thus, Plaintiff's objections should be overruled.

## III.    PLAINTIFF'S MOTION FOR LEAVE TO FILE A SAC SHOULD INDEPENDENTLY BE DENIED BECAUSE HER CLAIMS AGAINST THE <u>PROPOSED DEFENDANTS ARE TIME-BARRED.</u>

In addition to Judge Parker's finding that Plaintiff failed to satisfy the good cause standard

required to justify an amendment under FRCP 16(b), Plaintiff's motion for leave to amend to add

Mr. Glassner as an individual defendant should nevertheless be denied on independent grounds.

As this Court has previously explained, "where amendment would be futile, denial of leave to amend is proper." *Spillane v. New York City Dist. Council of Carpenters*, No. 21-cv-8016 (AT), 2023 WL 22611, at *8 (S.D.N.Y. Jan. 3, 2023) (Torres, J.), *aff'd*, No. 23-247, 2024 WL 221816 (2d Cir. Jan. 22, 2024). Here, Plaintiff's proposed amendments to add Mr. Glassner as an individual defendant to her retaliation claims under the NYSHRL and the NYCHRL are clearly untimely under the law.[8]

The statute of limitations for discrimination and retaliation claims under the NYSHRL and the NYCHRL are both three years. *See, e.g., Freud v. New York City Dep't of Educ.*, No. 21-cv-2281 (MKV), 2022 WL 889213, at *6 (S.D.N.Y. Mar. 25, 2022), *aff'd*, No. 22-879, 2023 WL 3103588 (2d Cir. Apr. 27, 2023) (explaining that "[NY]SHRL and [NY]CHRL claims are additionally subject to a three-year statute of limitations"); *McCalla v. City of New York*, No. 15-cv-8002(LAK)(AJP), 2017 WL 3601182, at *31 (S.D.N.Y. Aug. 14, 2017), *report and recommendation adopted*, No. 15-CV-8002 (LAK), 2017 WL 4277182 (S.D.N.Y. Sept. 22, 2017) ("The statute of limitations for employment discrimination and retaliation actions brought under NYSHRL and NYCHRL is three years"). As relevant here, Plaintiff's own Amended Complaint acknowledges that the Campaign filed a breach of contract action against her on or about July 31, 2017, over *seven years ago*. ECF No. 94 at ¶67. Thus, any claims stemming from the decision to file suit against Plaintiff for breaching her NDA are unequivocally time barred.

Plaintiff attempts to circumvent the statute of limitations by arguing that the so-called discovery rule operates to revive her otherwise untimely claims. However, it is notable that

---

[8]    The proposed amendments to add Eric Trump and Mr. Miller are equally untimely, for the reasons set forth in their respective oppositions to Plaintiff's Rule 72(a) objections. To avoid burdening the Court with repetitive argument, rather than restate those arguments here, Defendants simply incorporate them by reference herein.

Plaintiff does not cite a single case supporting her position that the statute of limitations does not begin to run until such time as Plaintiff (purportedly) learned of Mr. Glassner's involvement in the decision to institute legal proceedings stemming from Plaintiff's breach of her NDA. Put simply, the discovery rule does not operate in the manner suggested by Plaintiff.

As the Second Circuit has explained, the discovery rule only applies to toll the statute of limitations until such time as the plaintiff becomes aware of the *injury* that gives rise to a potential legal claim:

> [A] plaintiff need not know each and every relevant fact of his injury or even that the injury implicates a cognizable legal claim. Rather, ***a claim will accrue when the plaintiff knows, or should know, enough of the critical facts of injury and causation to protect himself by seeking legal advice***.

*Corcoran v. New York Power Auth.*, 202 F.3d 530, 544 (2d Cir. 1999) (emphasis added and internal citations omitted). Thus, as one court has explained, "[t]his reasoning has been applied to the context of employment discrimination, ***where a plaintiff's claim begins to run when he learns of the discriminatory conduct***, e.g. the unlawful termination, not when the plaintiff has reason to know of a possibly discriminatory motive for that conduct." *Clement v. United Homes, LLC*, 914 F. Supp. 2d 362, 372 (E.D.N.Y. 2012) (emphasis added). Based on this reasoning, courts in this Circuit have consistently found that the discovery rule only serves to toll the statute of limitations until such time as the plaintiff has learned of the adverse employment action that gives rise to a claim (as alleged by Plaintiff in this case, the decision to bring a legal claim against her for breaching her NDA), and not when the plaintiff learns of all of the facts relevant to a claim. *See, e.g.*, *Milani v. Int'l Bus. Machines Corp.*, 322 F. Supp. 2d 434, 453 (S.D.N.Y. 2004) ("[i]t is settled that an employment discrimination claim accrues on the date that an adverse employment determination is made and communicated to the plaintiff.") (quoting *Cordone v. Wilens & Baker,*

*P.C.*, 730 N.Y.S.2d 89, 90 (1ˢᵗ Dep't. 2001)); *Morris v. Broadridge Fin. Servs., Inc.*, No. 10-CV-1707(JS)(AKT), 2010 WL 5187669, at \*3 (E.D.N.Y. Dec. 14, 2010) ("Reading his response liberally, Plaintiff urges the Court to apply a discovery accrual rule whereby his limitations clock does not start running until he realizes both the injury and the discriminatory animus that caused it . . . The Court rejects this argument and concludes instead that Plaintiff's limitations period began running on the date he learned of each denied promotion").

Indeed, this line of reasoning is consistent with the equitable bases underpinning the discovery rule. The discovery rule only operates to save an otherwise untimely claim "until the plaintiff has or with reasonable diligence should have discovered the critical facts of both his injury and its cause." *Corcoran* at 544. Once a plaintiff is aware of the injury she has suffered, then the burden shifts to the plaintiff to conduct an inquiry to reveal the additional facts underlying her claims. However, a plaintiff cannot, as Ms. Delgado has in this case, merely sit back and wait for relevant information to be presented to her, without proactively seeking such information directly. *See Kronisch v. United States*, 150 F.3d 112, 121 (2d Cir. 1998) (refusing to apply the discovery rule to revive a plaintiff's untimely claims even where the plaintiff alleged that he was not fully aware of the facts underlying his claim, or whether a claim even existed, because "even if plaintiff's awareness of his injury and its cause . . . could only be characterized as a mere 'hunch' or 'suspicion,' plaintiff would still have been under a duty to diligently investigate his claim" and further citing to the fact that he had consulted with a lawyer prior to the expiration of the limitations period to demonstrate he had sufficient information to protect his rights).

In the instant case, Plaintiff was aware of the Campaign's decision to arbitrate her breach of her NDA as of July 31, 2017. She subsequently raised the Campaign's decision in her original complaint, filed on December 23, 2019. *See* ECF No. 1 at ¶48. It was incumbent upon Plaintiff

(and her lawyers, as it bears repeating that she was represented by counsel at the time), to take all appropriate and necessary steps to investigate the facts underlying her retaliation claim.  Instead, as demonstrated above, Plaintiff utterly and absolutely failed to take *any* action to learn any information about the circumstances attendant to the Campaign's decision to file legal claims against her.  This complete lack of anything approaching reasonable diligence is fatal to Plaintiff's reliance on the discovery rule.  *Fausto v. Reno*, 955 F. Supp. 286, 292 (S.D.N.Y. 1997) ("Once an adverse employment action is taken against a complainant, a plaintiff is on notice and has an obligation to investigate further in order to safeguard his rights") (internal quotations omitted).  Because Plaintiff's proposed retaliation claims are time-barred, Plaintiff's motion for leave to amend was properly denied by Judge Parker.  *See, e.g.*, *Chukwueze v. NYCERS*, No. 10-cv-8133 (JMF), 2013 WL 5878174, at *1 (S.D.N.Y. Nov. 1, 2013) (denying motion to amend as futile where claims were time barred under NYSHRL and NYCHRL).

## IV.    PLAINTIFF'S MOTION FOR LEAVE TO AMEND WAS PROPERLY DENIED BECAUSE ALLOWING PLAINTIFF TO FILE A SAC WOULD HAVE <u>SUBSTANTIALLY PREJUDICED DEFENDANTS.</u>

Finally, even if Plaintiff had demonstrated that she acted with the necessary diligence to add the Potential Defendants – which the record demonstrates that she conclusively did not –Judge Parker's Order denying Plaintiff's motion for leave to amend was nevertheless warranted because of the substantial prejudice that would inure to Defendants should Plaintiff be permitted to file a SAC.  As this Court has explained, "although diligence is the primary consideration in the good cause analysis, the Court in its discretion also may consider other factors, including whether the amendment will prejudice the defendant."  *LoCurto v. AT&T Mobility Servs. LLC*, No. 13-cv-4303(AT)(KNF), 2017 WL 11826511, at *4 (S.D.N.Y. July 17, 2017).  Here, there is no question

that Defendants would be substantially prejudiced in the event that Plaintiff's motion for leave to file the SAC is granted.

Should Plaintiff be permitted to file the SAC, she would be inserting three new defendants into a case in which discovery has been closed for months, and Defendants' motion for summary judgment is due later this week. Plaintiff herself concedes that she would require the depositions of at least each of the Proposed Defendants, thereby reopening discovery in the process.[9] Moreover, given Plaintiff's conduct in this case thus far (including a flurry of more than 75 letters, motions, briefs, and other filings since April 10, 2024, in which she has baselessly excoriated everyone and everything related to this case, including both judges, the clerk's office, opposing counsel, third-party counsel, and numerous other individuals (*see* ECF Nos. 236-428)), it is exceedingly likely that she will use any additional time for discovery to harass Defendants with a litany of irrelevant discovery requests and unnecessary motion practice. In addition, each of the Proposed Defendants would have the right to take their own discovery in this case, and Defendants would potentially be forced to take additional discovery based on any new factual allegations contained in the SAC. This process could drag this case out for several more months, if not years. As Judge Parker rightly held, such a drastic change in the procedural posture of this case would unquestionably prejudice Defendants, providing yet another, independent basis for upholding Judge Parker's Order. ECF No 411 at pp. 5-6. *See also Sec. & Exch. Comm'n v. Rio Tinto PLC*, No. 17-cv-7994(AT)(DCF), 2021 WL 807020, at *2 (S.D.N.Y. Mar. 3, 2021) (Torres, J.) (wherein

---

[9]      Indeed, given the arguments set forth above, and the paucity of information provided by Plaintiff as to why she seeks to bring claims against the Proposed Defendants, it is clear that Plaintiff's motion for leave to file a SAC is nothing more than a desperate attempt to relitigate her previous unsuccessful attempts to reopen discovery and obtain Mr. Glassner's deposition. Plaintiff should not be permitted to flout the deadlines in this case, and the prior rulings of this Court and of Judge Parker, under the guise of filing a Second Amended Complaint that has no basis in law or in fact.

this Court overruled a plaintiff's objections to a magistrate judge's order denying leave to file an amended complaint, where "fact discovery would have to be reopened" and the parties would have to engage in additional depositions).

## **CONCLUSION**

For the foregoing reasons, Plaintiff cannot establish that Judge Parker's Order was clearly erroneous or contrary to the law. As a result, Defendants respectfully requests that the Court overrule Plaintiff's Objections in their entirety.

Dated: September 17, 2024
    New York, New York

                                     **SCHULMAN BHATTACHARYA, LLC**

By:    /s/ Jeffrey S. Gavenman
        Jeffrey S. Gavenman
        6116 Executive Boulevard, Suite 425
        North Bethesda, Maryland 20852
        and
        240 West 40th Street
        New York, NY 10018
        Tel.: (240) 356-8553
        Facsimile: (240) 356-8558
        Email: jgavenman@schulmanbh.com

        *Counsel for Defendants Donald J. Trump for President, Inc., Sean Spicer, and Reince Priebus*