September 18, 2024

Hon. Analisa Torres
United State District Court, S.D.N.Y.
500 Pearl Street, Courtroom 17D
New York, NY 10007
**RE:** *Supplement to ECF 423, Plaintiff's "Renewed request for oral argument on 72a Objections"*
CASE: 19-cv-11764

Your Honor,

I am the *pro-se* Plaintiff in the above-mentioned matter, hereinafter referred to in first person or as "Plaintiff." This is a Supplement to ECF 423, filed earlier today.

Plaintiff hereby attaches ("Exhibit 2") a list of additional examples of documentation withheld by the Defendant-Campaign from its November 2022 production, even though this was information:

> (a) in the Defendant-Campaign's possession; and
>
> (b) responsive to multiple categories in Plaintiff's September 7 2022 Request for Production.

These emails should have been produced in November 2022, as required, or, even if withheld as privileged, described in a privilege log.

**The Defendant-Campaign appears to have withheld these documents, to protect the then-president's son, Eric Trump, by concealing his role in the retaliatory arbitration against Plaintiff, to prevent Plaintiff from being aware of same and moving to add him as a defendant.**

As a result of this seemingly willful and unethical withholding, the first Plaintiff came to learn of Eric Trump and Glassner's involvement was in the summer of 2024, per a privilege log produced by Eric Trump.

This Court is currently on track to reward the Defendant-Campaign for misleading Rule 26 disclosures and for deliberate withholding of *numerous* responsive documents it should have produced two years ago. Justice requires that this not be permitted.

Respectfully submitted,

*s/Arlene Delgado*
Arlene Delgado

EXHIBIT 2

The following is a list **emails referenced in Eric Trump's June 2024 privilege log**, which reveal emails that the Defendant-Campaign had in its possession (why? All of the emails to/from Glassner stem from Glassner's Trump-Campaign-work-email account. These emails:
(a) should have produced in the Defendant-Campaign's November 2022 production (they were responsive to the Plaintiff's Requests for Production); or
(b) if withholding on claim of privilege, should have at least described in a privilege log in November 2022, which would have also informed Plaintiff of the Glassner and Eric Trump's involvement.

The Campaign did <u>neither</u>. Instead, the Plaintiff first learned of this in summer 2024.

It is indisputable that the Defendant-Campaign's refusal to produce the responsive documents (or describe such in a privilege log) was **done deliberately, to protect Eric Trump and conceal Eric Trump's involvement in the retaliatory arbitration.**

The following are all emails[1] about the retaliatory arbitration (discussing it, planning it, etc.) which, although they remain unproduced under a claim of privilege, were nonetheless described in Eric Trump's June 2024 privilege log. This reveals the existence of emails that the campaign should have produced or at least referenced in a privilege log, in its November 2022 production. Again, such would have alerted the Plaintiff to Glassner and Eric Trump's involvement.

ET00011
Email from **Glassner** TO **Eric**, Larry Rosen, and Alan Garten
October 6, 2017

ET00188
Email from Larry Rosen TO **Glassner**, CC'ing Alan Garten, **Eric**
August 1, 2017

ET00189
Email from **Glassner** TO Larry Rosen, CC'ing Alan Garten, **Eric**
August 1, 2017

ET00190
Email from Alan Garten TO **Glassner** and **Eric**
August 3, 2017

ET00193
From Larry Rosen TO **Glassner**, CC'ing **Eric** and Alan Garten
August 11, 2017

---

[1] Larry Rosen is the Trump Campaign's outside counsel on the matter, who replaced Marc Kasowitz in July 2017; Eric Trump is the president's son who was at the time, and remains, an executive at the Trump Organization; Alan Garten is General Counsel at Trump Org; Michael Glassner was COO of the Trump Campaign.

ET00215
Email from Larry Rosen TO **Eric**, Alan Garten, and **Glassner**
November 2, 2017

ET 00217
Email from Alan Garten TO Larry Rosen, **Eric**, and **Glassner**
November 2, 2017

ET 00219
Email from **Eric** TO **Glassner** and Larry Rosen
November 28, 2017

ET 00220
Email from Larry Rosen TO **Eric** and **Glassner**
November 28, 2017

ET 00221
Email from Larry Rosen TO **Eric** and **Glassner**
November 29, 2017

ET 00223
Email from Larry Rosen TO **Eric** and **Glassner**, CC'ing Alan Garten
January 8, 2018

ET 00224
Email from **Eric** TO Larry Rosen and **Glassner**, CC'ing Alan Garten
January 8, 2018

In fact, Eric Trump was *so* involved that, even in 2018, he was consulting on the Marc Kasowitz's invoices to the Campaign, presumably for the work Kasowitz did regarding Delgado (even though Kasowitz was only on the matter from May – June 2017).
Strangely, though not surprisingly, Magistrate Parker allowed the Campaign to withhold these as 'attorney-client privileged,' (ECF #366) even though Eric Trump and Alan Garten were part of Trump Org, not the Campaign. Her order does not explain her reasoning for such.

ET 00247
Email from Alan Garten TO **Glassner** and **Eric**
August 16, 2018
Kasowitz invoices

ET 00249
Email from **Eric** TO Alan Garten and **Glassner**
August 16, 2018
RE: Kasowitz invoices

ET 00250
Email from Alan Garten TO **Eric** and **Glassner**
August 16, 2018
RE: Kasowitz invoices

ET 00251
Email from **Glassner** TO Alan Garten and **Eric**
August 16, 2018
RE: Kasowitz invoices

ET 00252
Email from **Glassner** TO **Eric** and Alan Garten
August 16, 2018
RE: Kasowitz invoices

ET 00253
Email from **Glassner** TO **Eric** and Alan Garten
September 9, 2018
RE: Kasowitz invoices