**SCHULMANBHATTACHARYA**  6116 Executive Boulevard, Suite 425, North Bethesda, Maryland 20852  240.356.8551

JEFFREY S. GAVENMAN

**direct dial** 240.356.8553   **email** jgavenman@schulmanbh.com

September 20, 2024

<u>VIA ECF</u>

The Honorable Katharine H. Parker
United States District Court
500 Pearl Street, Room 750
New York, NY 10007

Re:   *Delgado v. Donald J. Trump for President, Inc., et. al.* No. 19-cv-11764 (AT)(KHP)

Dear Judge Parker:

We write respectfully on behalf of Defendants Donald J. Trump for President, Inc. (the "<u>Campaign</u>"), Sean Spicer and Reince Priebus (together "<u>Defendants</u>") in accordance with Your Honor's Individual Practices in Civil Cases, Section III(d) as it pertains to Defendants' motion for summary judgment in the above-referenced case ("<u>Defendants' Motion</u>").

In considering whether documents should be filed under seal, the court must determine if the documents have a presumption of public access, consider the weight of that access, and then balance competing considerations. *Lugosh v. Pyramid Co. of Onondaga*, 435 F.3d 110 (2d Cir. 2006). The court should take into account whether the subject matter is "traditionally considered private." *United States v. Amodeo*, 71 F.3d 1044, 1051 (2d Cir. 1995). While there is a "presumption" of public access to judicial documents for the purposes of dispositive motions, ECF No. 147 at p. 2 (citing *Bernstein v. Bernstein Litowitz Berger & Grossmann LLP*, 814 F.3d 132, 139 (2d Cir. 2016)), that presumption "can be overcome if countervailing factors warrant confidentiality." <u>Lugosh</u> at 120.

Defendants are currently seeking to redact two categories of documents. First, Defendants have redacted the personal e-mail addresses, cell phone numbers and compensation information appearing in the exhibits supporting Defendants' Motion, many of which belong to third parties. *See* Ex. 1, 4, 9, 10, 11, 12, 15, 19, 21, 22, 23, 37, 41, 42, 44. *See United States v. Amodeo*, 71 F.3d 1044, 1050–51 (2d Cir. 1995) ("[t]he privacy interests of innocent third parties ... should weigh heavily in a court's balancing equation" in considering a motion to seal) (quoting *Gardner v. Newsday, Inc.* (*In re Newsday, Inc.*)*,* 895 F.2d 74, 79–80 (2d Cir. 1987)). Second, Defendants have also redacted the payment terms from a draft settlement agreement contemplated between Plaintiff and Defendants. Ex. 44, 45, 46.

**SCHULMAN**BHATTACHARYA

Page | 2

Based on the foregoing, Defendants respectfully request that their motion to seal be granted in its entirety.

Respectfully,

/s/ Jeffrey S. Gavenman
Jeffrey S. Gavenman