**SCHULMANBHATTACHARYA**   6116 Executive Boulevard, Suite 425, North Bethesda, Maryland 20852 240.356.8551

**JEFFREY S. GAVENMAN**
direct dial 240.356.8553   email jgavenman@schulmanbh.com

September 23, 2024

**VIA ECF**

The Honorable Analisa Torres
United States District Court
500 Pearl Street
New York, NY 10007

*Re:   Delgado v. Donald J. Trump for President, Inc., et. al.* **No. 19-cv-11764 (AT)(KHP)**

Dear Judge Torres:

We write respectfully on behalf of Defendants Donald J. Trump for President, Inc. (the "Campaign"), Sean Spicer, and Reince Priebus (together "Defendants") in the above-captioned case and write in response to Plaintiff Arlene Delgado's ("Plaintiff") letters ostensibly styled as motions for oral argument pertaining to her FRCP Rule 72(a) objections (*see* ECF Nos. 432 & 433 (together, the "Letters")) to Judge Parker's Order denying Plaintiff's motion for leave to file a second amended complaint (the "Order").

As a threshold matter, the Letters should be stricken in their entirety. Although Plaintiff submits the Letters as a motion for oral argument, Plaintiff has already requested oral argument as to her objections to the Order. *See* ECF No. 422 at p. 20 ("Plaintiff also respectfully requests Oral Argument on this Rule 72a Objection"). Thus, the Letters are more properly viewed for what they are – Plaintiff's attempt to submit reply papers related to her Rule 72(a) Objections. However, Plaintiff is not entitled to submit reply papers under the FRCP or the Local Rules. Throughout this case, Plaintiff has repeatedly acted as if a different set of rules apply to her than those that apply to all other litigants. This impermissible conduct should not be countenanced by the Court and Plaintiff's Letters should be rejected outright.

To the extent that the Court chooses to consider the Letters, Defendants must address certain points made by Plaintiff, which amount to nothing more than a continuation of her pattern of misrepresenting the factual and legal record in this case.

Plaintiff's reliance on a series of e-mails between Eric Trump and Michael Glassner is inappropriate on multiple fronts. First, these e-mails (and the arguments made by Plaintiff based on them) were not presented to Judge Parker in adjudicating Plaintiff's motion for leave to amend. ECF No. 403. Thus, they are not part of the record that may be considered in the context of Plaintiff's Rule 72(a) objection. *See*, *e.g.*, *NIKE, Inc. v. Wu*, 349 F. Supp. 3d 346, 353 (S.D.N.Y. 2018) (explaining that "courts in this circuit generally follow the rule that a district court reviewing an appeal of a non-dispositive motion from a magistrate judge may not look beyond the factual record presented to the magistrate judge"). That alone negates the relevance of Plaintiff's submission.

SchulmanBH.com

SCHULMANBHATTACHARYA

Page | 2

Second, even putting aside the impropriety of Plaintiff's argument at this stage of the proceedings, the Court should reject it for another reason – it is simply wrong. Although the undersigned did not represent Defendants for much of discovery in this case, we have reviewed prior counsel's files and were able to determine the sequence of events underlying the production of ESI in discovery. On September 23, 2022, Judge Paker entered an ESI Plan and Order (the "ESI Order") that was signed by counsel for both parties and was to "govern the preservation, collection and production of electronically stored information and documents in this case." ECF No. 107 at p. 1. In Section 4(a) of the ESI Order, pertaining to the scope of the ESI to be collected, the parties stated that "the Parties have agreed to search for potentially relevant ESI by way of using keywords and terms and connectors to search *through certain custodial accounts*." *Id.* at p. 3 (emphasis added). As to the "certain custodial accounts" referenced in the ESI Order, Plaintiff proposed a list of 22 custodians, as embodied in her First Set of Requests for the Production of Documents. *See* Ex. A at pp. 8-9. After some negotiations over the search parameters, Defendants agreed to Plaintiff's list of proposed custodians and conducted an ESI search *on all 22 custodians requested by Plaintiff*. Notably, however, *Mr. Glassner was not one of the 22 custodians whose ESI Plaintiff sought to have searched*. *Id.* Thus, contrary to Plaintiff's baseless recriminations, the reason that the e-mails Plaintiff received from Eric Trump were not part of Defendants' November 2022 production is not due to any wrongdoing by Defendants.[1] Rather, Plaintiff simply had not requested, and the agreed-upon ESI Order did not call for, Defendants to search Mr. Glassner's ESI, including his e-mails.[2]

This is yet another demonstration that Plaintiff simply failed to take – or even show a concerted interest in - discovery about Mr. Glassner's role in this case in a timely manner.[3] This is entirely consistent with this Court's finding, echoed by Judge Parker, that Plaintiff failed to exercise the necessary diligence in seeking discovery concerning Mr. Glassner. It appears that Plaintiff is once again asking that the Court relieve her of the consequences of her (and her prior attorneys') litigation strategy in this case. However, the time for litigating discovery issues in this case has long since passed. And Plaintiff is not entitled to an unlimited number of bites at the proverbial apple because she has only belatedly realized the failures of her litigation tactics in this case.

---

[1]   Defendants did ultimately search Mr. Glassner's e-mails in connection with Judge Parker's May 14, 2024 Order and produced relevant documents consistent therewith. *See* ECF No. 312 at p. 5.

[2]   To the extent that Plaintiff claims that the Campaign had a duty to produce these documents because Eric Trump was a custodian whose e-mail Defendants did agree to search, this argument also fails in light of the record. The ESI Order clearly states that the parties agreed that they "need not provide ESI in possession, custody or control of non-parties." ECF No. 107 at p. 5. The e-mails from Mr. Trump upon which Plaintiff relies are all from a "trumporg.com" server, which is distinct from the Campaign's email ("donaldtrump.com"). Indeed, Plaintiff sought, and received, documents directly from Eric Trump via subpoena. ECF No. 188.

[3]   To the extent that Plaintiff later changed her mind, she of course could have asked Defendants to add Mr. Glassner to the ESI protocol as a custodian. There is no record that she ever did so, even after Defendants identified Mr. Glassner in their Interrogatory Responses.

SCHULMAN**BHATTACHARYA**

Page | 3

Third, Plaintiff misrepresents the nature of the e-mails that she attached to her Letters. Specifically, Plaintiff incorrectly claims that these e-mails between the Campaign and Mr. Trump were "discussing" and "planning" the arbitration concerning Plaintiff's breach of her NDA. ECF No. 433 at p. 2. However, it is unclear what Plaintiff is referring to when she makes such a claim. All of the emails to which Plaintiff cites are from *after* the July 31, 2017, decision to file the arbitration. Thus, not even one of these e-mails is relevant to the Campaign's decision to file the arbitration in the first instance, which is the only aspect of the arbitration relevant to the instant case. So, the e-mails cited by Plaintiff provide no substantive support for Plaintiff's FRCP Rule 72(a) objections either. Once again, Plaintiff's argument boils down to rampant speculation, made in an untimely and improper fashion.

Finally, Plaintiff objects to Defendants' Initial Disclosures in this case. Contrary to what Plaintiff claims, Defendants correctly identified Mr. Glassner as an individual with knowledge concerning the allegations in Plaintiff's Amended Complaint.[4] To the extent that Plaintiff somehow believed that Defendants did not provide sufficient information in their Initial Disclosures, she had almost two years to request further clarification and/or additional information. She made the choice not to do so. Once again, Plaintiff's eleventh-hour plea that the Court relieve her of the consequences of her decisions is not a proper basis for overruling Judge Parker's Order.

We thank the Court for its time and attention in this matter.

Respectfully,

/s/ Jeffrey S. Gavenman
Jeffrey S. Gavenman

---

[4] It is confounding that Plaintiff has taken the position that her document requests (prepared by her prior attorneys), which sought documents concerning "allegations in the Complaint," ECF No. 432 at p. 2 n.2. were sufficiently specific enough to encompass her retaliation claims stemming from the Campaign's decision to arbitrate her breach of her NDA, while at the same time arguing that Defendants' Initial Disclosures identifying Mr. Glassner as an individual with knowledge concerning the allegations in the Complaint, were somehow impermissibly vague as to the identical issue. Once again, Plaintiff incorrectly seems to be taking the position that a different set of rules should apply to her in this case.