September 24, 2024

Hon. Analisa Torres, U.S. District Judge
U.S. District Court for the Southern District of New
York 500 Pearl Street, Room 750
New York, New York 10007
(via ECF)

Re:     ***Rule 56(d) motion and declaration***

Your Honor,

I am the pro-se Plaintiff in the above referenced matter, hereinafter referred to in the first person or as "Plaintiff."

Plaintiff respectfully writes with new grounds justifying an order permitting the deposition of Michael Glassner ("Mr. Glassner"), a deposition that, as Your Honor may recall, Plaintiff has repeatedly sought since February 2024.

Late Friday evening, September 20, 2024, Defendants submitted their voluminous summary judgment motion. In it, they included a **Declaration by Michael Glassner in support of their summary judgment motion**, executed on September 20, 2024.

Mr. Glassner's Declaration focuses on Plaintiff's retaliation claim. [This underscores the impropriety of the Defendants' Rule 26 disclosures in 2022, in which they listed Mr. Glassner's relevance as someone who had knowledge primarily about "Plaintiff's work" versus, as it should have read, knowledge on the retaliation claim.]

As a result of:
- Mr. Glassner injecting himself as a key 'witness' in Defendants' summary judgment motion, particularly on the retaliation claim, and supporting their position;
- Defendants never producing said Declaration during discovery, unlike plaintiff who was ordered to produce all affidavits/declarations that she intended to use in this case, by April 15th;
- the Declaration containing purported 'facts'; and
- given that Plaintiff was not *permitted* to engage in adequate discovery of Mr. Glassner during discovery, yet repeatedly sought such….

…the Federal Rules of Civil Procedure dictate that said discovery should now be permitted. Defendants have, frankly, '**opened the door'** to such by utilizing Mr. Glassner for such a critical Declaration.

Mr. Glassner's Declaration engages in factual assertions (e.g., that Plaintiff shared news of Mr. Miller's appointment prior to said appointment being public) that are false and must be explored. These facts are necessary for Plaintiff's opposition to their summary judgment motion.

Specifically, FRCP Rule 56(d) states:

1

> *(d) When Facts Are Unavailable to the Nonmovant. If a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may:*
>
> *(1) defer considering the motion or deny it;*
>
> *(2) allow time to obtain affidavits or declarations or to take discovery; or*
>
> *(3) issue any other appropriate order.*

Plaintiff does not request that this Court deny their motion outright and ask Defendants to re-file it without Mr. Glassner's declaration. Plaintiff simply and respectfully requests that:

- the Court pause the summary judgment deadlines (per Rule 56(d)(1)) for 30 days, during which Mr. Glassner's deposition may be scheduled and taken; and
- allow Plaintiff, at long last, the opportunity to take Mr. Glassner's deposition (per Rule 56(d)(2) and 56(d)(3)), prior to having to file her own response to Defendants' summary judgment motion and her own summary judgment motion without the benefit of exploring the 'facts' Mr. Glassner presented. (As Plaintiff has done with every other deposition, she can and will take the deposition via ZOOM, for the convenience of all, and conclude the deposition in under three hours.)

**Defendants astonishingly seek to have it both ways, using Mr. Glassner as a sudden, key witness in their summary judgment motion**. (Worth noting again: Defendants never listed Mr. Glassner in their Rule 26 disclosures as someone with knowledge pertaining to the retaliation claim, *and* they withheld documents that reflected Mr. Glassner's involvement in the retaliation.)

**This also begs the question, why was this Declaration not provided previously?** Plaintiff obtained various declarations from witnesses. Even while she was still in the processing of collecting such, and with discovery not yet close to concluding, Defendants' then-counsel argued that Plaintiff should produce these (ECF 216), and **Magistrate Parker stated that, if Plaintiff intended to use said Declarations in the case, she must produce them by April 15th (EFC 231)**. Indeed, Plaintiff had planned to produce them nonetheless, and she responsibly and diligently produced all declarations to Defendants' counsel on April 15th.

Why, then, did Defendants not produce this Declaration until now? **The answer is obvious -- because doing so would have supported Plaintiff's repeated requests to depose Mr. Glassner** (and *not* a deposition, as the Court had permitted, limited to the 'breach of contract' claim). Defendants' aim is inequitable and improper. The strategy has always been to have it both ways: to utilize Mr. Glassner but to prevent the Plaintiff from deposing him.

They seek to use Mr. Glassner as both a sword and shield.

While Defendants' counsel is fond of, including his most recent Sepember 23, 2024 letter, claiming that Plaintiff expects a different set of rules for herself in this case, the direct opposite is true: it is the Defendants who wish to operate under a different set of rules. **Per Defendants' March 2024 request, the *Plaintiff* was ordered to produce any affidavits/declarations she**

**intends to use, while the Defendants are able to use a Declaration from Mr. Glassner… yet did not have to produce it during discovery?**

If Plaintiff were to spurn a new, surprise declaration in her own summary judgment motion, she would understand if Defendants (rightly so) objected or, at least, as Plaintiff does herein, stated their need to now depose said witness before filing their own response. Such would be appropriate and just.

As if all that did not merit the adding of Mr. Glassner as a defendant, or at least his deposition, his Declaration presents facts that are untrue and are contested, and which Plaintiff must be allowed to probe in a deposition. (As one example, Mr. Glassner makes much ado of a 'fact' that Plaintiff allegedly disclosed Mr. Miller's appointment as White House Communications Director, prior to said appointment being public, to try to provide a non-retaliatory pretext for the retaliatory arbitration.)

In light of Rule 56(d), Plaintiff believes justice entitles her to probe the "facts" alleged in Mr. Glassner's Declaration, particularly as she intends to move for summary judgment on the issue of retaliation (same as a similarly situated plaintiff, Jessica Denson -- another 2016 Campaign staffer who is also suing the Campaign in NY state Court for retaliation, and in whose case Mr. Glassner filed an almost identical affidavit -- has done. Unlike in this case, however, Ms. Denson, who is represented by counsel, was permitted a lengthy deposition of Mr. Glassner). There are factual matters that must be probed in this regard, as a result of the surprising and new Declaration, *prior* to Plaintiff's own summary judgment motion and response to their summary judgment motion.

Plaintiff attaches her declaration herein.

Plaintiff respectfully thanks the Court for its time and attention.

                                            Respectfully and humbly submitted,

                                                        *s/Arlene Delgado*
                                                        Arlene Delgado

## **DECLARATION OF ARLENE J. DELGADO**

Arlene J. Delgado hereby swears as follows:

I am the Plaintiff in this litigation.

On September 20, 2024, Defendants' summary judgment attached a Declaration by Michael Glassner, which contains facts and assertions made for the first time, in said declaration, pertaining to the retaliation claim. These "facts" are incorrect and must be explored prior to any response to Defendants' summary judgment motion and certainly prior to my own summary judgment on the retaliation claim.

This Declaration was never provided to me during discovery.

There was never any mention of Defendants planning to provide any declaration by Mr. Glassner. In contrast, the Court, on April 3 2024, ordered me to produce any declarations/affidavits I intended to use in this case, by April 15th (which I diligently produced).

I was denied the opportunity to depose Mr. Glassner during discovery, even though I diligently sought to depose him, going so far as to file Rule 72a Objections when such was denied. As a brief summary:

- In January 2024, during a Case Management Conference, Magistrate Parker stated I would need to file a letter with the Court stating which third-party depositions I sought to take, and why each person was relevant. In response my expressed concern over listing case strategy in the public docket (a concern my prior counsel also expressed when given the same directive, in October 2023), Magistrate Parker explained I need only provide an example of the potential deponent's relevance and did not need to list every relevance.
- Mr. Glassner was on my February 2024 list. As an *example* of his relevance, I listed that Mr. Glassner was present at the 2017 mediation and thus could be relevant to the breach of contract claim (I obviously planned to also ask Mr. Glassner about various other claims and matters in the case but there was no directive to list all of that in the request).
- On March 1, 2024, Magistrate Parker entered her list, selecting only four depositions I would be permitted. Mr. Glassner was one – but his deposition was, astonishingly, limited to that one breach of contract claim. The other three were similarly listed to one specific topic.
- I sought clarification from Magistrate Parker as to whether these depositions were indeed limited in scope to the *single* topic listed, or if she merely was providing an example of the rationale as to why she had selected each deponent. She confirmed it was the former.
- I then filed a Rule 72a Objection on this to Hon. Analisa Torres. Judge Torres confirmed that these limits were proper because it is appropriate for Magistrate Parker to limit depositions to that which is "relevant." As such, the Court's position was that Mr. Glassner's relevance in this case was only on the 'breach of contract' claim. *The Defendants did not correct the Court's belief.*
- In June 2024, while discovery was still ongoing on various matters, I sought Mr. Glassner's deposition once *again*, given new information: (a) a filing in another case,

wherein another plaintiff is suing the Defendant Campaign, in which Mr. Glassner admitted to being involved in the retaliatory arbitration against me; and (b) information from a senior legal advisor that Mr. Glassner was aware of several harassment-complaints settled by the Campaign (whilst the Campaign claims no such complaints, although ordered to be produced in April 2024, existed).
- Judge Parker denied that, as well.
- I diligently filed another 72a Objection. That, too, was denied.
- In sum, the Court never permitted me to depose Mr. Glassner about anything other than 'breach of contract,' even though I sought to do so. Yet now the Defendants snuck in a Declaration by Mr. Glassner regarding the *retaliation* claim.

There are facts, necessary for my opposition to Defendants' summary judgment motion, given Mr. Glassner's Declaration, that require Mr. Glassner's deposition.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct, this 24th day of September 2024.

*s/Arlene Delgado*
Arlene Delgado
