**SCHULMAN BHATTACHARYA**  6116 Executive Boulevard, Suite 425, North Bethesda, Maryland 20852  240.356.8551

**JEFFREY S. GAVENMAN**
direct dial 240.356.8553   email jgavenman@schulmanbh.com

September 26, 2024

**VIA ECF**

The Honorable Analisa Torres
United States District Court
500 Pearl Street
New York, NY 10007

*Re:   Delgado v. Donald J. Trump for President, Inc., et. al.* No. 19-cv-11764 (AT)(KHP)

Dear Judge Torres:

We write respectfully on behalf of Defendants Donald J. Trump for President, Inc. (the "Campaign"), Sean Spicer, and Reince Priebus (together "Defendants") in the above-captioned case and in response to the Affirmation of Daniel S. Kirschbaum (the Kirschbaum Affirmation") submitted by Plaintiff.  ECF No. 445.

First, it must be noted that Plaintiff's submission of the Kirschbaum Affirmation is entirely inappropriate.  Once again, it is nothing more than Plaintiff submitting irrelevant, untimely, and impermissible reply argument to support her Rule 72(a) objections to Judge Parker's Order denying her motion for leave to amend (the "Objections").  As stated in Defendants' previous letter on this subject (ECF No. 443): Plaintiff is not entitled to submit such reply papers; material that was not presented to Judge Parker in adjudicating Plaintiff's motion is not part of the record that may be considered in the context of a Rule 72(a) objection;[1] the Court has already found that Plaintiff failed to exercise the necessary diligence in seeking discovery concerning Mr. Glassner; and not one of the E-mails are even relevant to the instant case.

That Plaintiff continues to style these reply submissions as a request for oral argument is quite problematic, particularly given that she already requested oral argument as part of her initial Objections.  *See* ECF No. 422 at p. 20.  Indeed, since filing her Objections, Plaintiff has made *four* substantive submissions supplementing her Objections under the guise of a request for oral argument.  *See* ECF Nos. 424, 432, 433 & 445.  This continues Plaintiff's history of unnecessarily, and vexatiously, multiplying these proceedings.  Plaintiff has now filed more than 80 letters, motions, briefs, and other substantive filings since April 10, 2024 alone.

Further, the substance of the Kirschbaum Affirmation is as problematic as Plaintiff's decision to submit it.  Whether inadvertently or to cover Mr. Kirschbaum's own failed litigation tactics in this

---

[1] To the extent Plaintiff believed that the e-mails she cites - between Eric Trump and Mr. Glassner (the "E-Mails") - and the circumstances surrounding their production were relevant to her motion for leave to amend, any such argument should have been made to Judge Parker in the first instance.

SchulmanBH.com

SCHULMANBHATTACHARYA

Page | 2

case, his affirmation is riddled with gross inaccuracies and misleading statements, forcing Defendants to file a response to correct the record.

The Kirschbaum Affirmation fundamentally misrepresents Defendants' position concerning the E-Mails. Defendants have never claimed that their document production responsibilities were limited to documents found in an electronic search of the files of the custodians identified in Plaintiff's First Request for the Production of Documents ("Plaintiff's First RPDs"). Indeed, Defendants have produced thousands of pages of documents that were not part of any ESI search. However, as Mr. Kirschbaum is undoubtedly aware, to ask a party to review the entire e-mail account of even a single custodian in an action is unduly burdensome and not proportional to the needs of the case. Thus, parties routinely enter into ESI protocols to balance the need for discoverable evidence. In the instant case, weeks after Mr. Kirschbaum issued Plaintiff's First RPDs, on September 23, 2022, the parties submitted, and Judge Parker entered, the ESI Plan and Order (the "ESI Order"), which states that it was intended to "govern the preservation, collection and production of electronically stored information and documents in this action." ECF No. 107 at p. 1.

Remarkably, the Kirschbaum Affirmation does not mention the ESI Order at all, and fails to make even the most bare attempt to reconcile the clear language of the ESI Order – **which Mr. Kirschbaum himself signed** – with the arguments it contains. The reason for this omission is clear – the ESI Order fundamentally puts to lie Plaintiff's argument that Defendants did not produce the E-Mails as a result of a failure to comply with their discovery obligations.

Contrary to the Kirschbaum Affirmation's implicit claim that the parties did not have an agreement as to the custodians to be searched in this case, the ESI Order specifically states that the parties agreed to use "keywords and terms and connectors to search through certain custodial accounts." *Id.* at p. 3. As to the identity of the custodians to be searched, Defendants specifically stated that they would search "the custodial accounts … *identified by Plaintiff*." *Id.* at p. 4 (emphasis added). Thus, at all relevant times, Defendants made clear that their ESI search in this case would be limited to the custodians that Plaintiff had identified in Plaintiff's First RPDs, a process Mr. Kirschbaum explicitly agreed to when he signed the ESI Order. *See* ECF No. 443-1 at p. 8 (identifying "the ESI search parameters that Plaintiff's counsel transmitted to Defendants' counsel on August 2, 2022"). This is not a case where Mr. Kirschbaum contends that Plaintiff sought a search of Mr. Glassner's ESI and Defendants refused for an improper reason. In fact, Mr. Kirschbaum never even claims that Plaintiff identified Mr. Glassner as a custodian from whom Plaintiff sought discovery.[2] Instead, Mr. Kirschbaum points to the generalized document requests for any documents "pertaining to the allegations in the Complaint" as requiring the production of relevant Mr. Glassner e-mails "in November 2022." ECF No. 445 at p. 3. However, there is a

---

[2] Much later, the Campaign was asked to search Mr. Glassner's e-mails for certain types of complaints of discrimination by third parties, which it did. *See* ECF No. 312. If Plaintiff wanted Mr. Glassner's ESI searched about the decision to arbitrate, it was incumbent on her to, at an absolute minimum, propose that Defendants do so at any point during the nearly two year discovery period in this case. Instead, Plaintiff demonstrated repeated disinterest in obtaining discovery concerning Mr. Glassner or her arbitration-related claim more generally.

SCHULMAN**BHATTACHARYA**

Page | 3

reason that courts have consistently found that "Blanket requests of this kind are plainly overbroad and impermissible." *Vaigasi v. Solow Mgmt. Corp.,* No. 11-cv-5088(RMB)(HBP), 2016 WL 616386, at *15 (S.D.N.Y. Feb. 16, 2016) (collecting cases).  Such requests do not identify the documents sought with the reasonable particularity that Rule 34 requires.  Furthermore, even Mr. Kirschbaum stops short of stating that the E-mails cited by Plaintiff should have been produced in response to Plaintiff's First RPDs.  And rightly so; the E-mails are simply not relevant to the instant case, and therefore were not even responsive to Plaintiff's (impermissibly) broad blanket requests. *See* ECF No. 443 at p. 3.

In any event, to the extent that Plaintiff had objections to the list of custodians that she proposed, or if she actually believed that the parties had not reached an agreement as to the custodians to be searched, she should have raised the issue with Judge Parker prior to submitting the ESI Order for Judge Parker's approval over two years ago.  Plaintiff's continued insistence on behaving as if the discovery deadline in this case is merely an arbitrary date that she is free to ignore at her leisure is in direct contravention of the Federal Rules and should not be countenanced by the Court.  Discovery in this matter is closed and Plaintiff cannot seek to undo her prior attorneys' strategic errors at this stage.

We thank the Court for its time and attention in this matter.

Respectfully,

/s/ Jeffrey S. Gavenman
Jeffrey S. Gavenman