IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ARLENE J. DELGADO,<br><br>    Plaintiff,<br><br>v.<br><br>DONALD J. TRUMP FOR PRESIDENT, INC., *et al.*,<br><br>    Defendants. | Case No. 19-cv-11764 (AT) (KHP) |

**MEMORANDUM OF LAW IN SUPPORT OF
DEFENDANTS' MOTION FOR RECONSIDERATION**

Defendants Donald J. Trump for President, Inc. (the "Campaign"), Sean Spicer, and Reince Priebus (together "Defendants") respectfully submit this memorandum of law in support of their motion for reconsideration of the Court's September 30, 2024, Order (ECF No. 452 (the "Order")). The Order granted Plaintiff's September 24, 2024 motion seeking to depose Michael Glassner (ECF No. 444 ("Plaintiff's Motion")), without allowing Defendants the opportunity to oppose Plaintiff's Motion. *See* ECF No. 452.

**ARGUMENT**

**I.  LEGAL STANDARD**

"The standards governing motions to alter or amend judgment pursuant to Rule 59(e) [of the Federal Rules of Civil Procedure] and motions for reconsideration or reargument pursuant to Local Rule 6.3 are the same." *Henderson v. Metropolitan Bank & Trust Co.*, 502 F. Supp. 2d 372, 375 (S.D.N.Y. 2007). Local Civil Rule 6.3 allows the Court to grant motions for reconsideration where the moving party can identify opportunities to "correct manifest errors of law or fact," or where the court "overlooked the controlling decisions or factual matters that were placed before

1

the court." *U.S. Titan, Inc. v. Guangzhou Zhen Hua Shipping Co.*, 182 F.R.D. 97, 100 (S.D.N.Y. 1998) (cleaned up).

II. **THE COURT'S DECISION TO GRANT PLAINTIFF'S MOTION WITHOUT ALLOWING DEFENDANTS AN OPPORTUNITY TO RESPOND WAS CLEARLY ERRONEOUS AND RESULTED IN A MANIFEST INJUSTICE**

As a threshold matter, it is important to note that Plaintiff's Motion was styled as a "motion to compel Michael Glassner to deposition per FRCP Rule 56(d)," and not, *inter alia*, as a pre-motion conference letter. ECF No. 444. Furthermore, Plaintiff's Motion was addressed to Judge Torres and specifically sought relief necessary for the resolution of Defendants' summary judgment motion, which is a dispositive pre-trial motion, and therefore facially not encompassed by Judge Torres's Amended Order of Reference to Magistrate Judge. *See* ECF No. 99 (referring this case to the Court for all "non-dispositive pre-trial motions"). As a result, the facts attendant to Plaintiff's Motion indicated that Judge Torres's rules should govern the procedural requirements for Plaintiff's Motion. Pursuant to Judge Torres's Individual Rules of Practice in *Pro Se* Cases Rule IV, Defendants had several weeks to respond to Plaintiff's Motion.[1] Having no indication that this Court would rule on Plaintiff's Motion, or that Your Honor's Individual Rules of Practice governed the timeline for Defendants to file their opposition[2], Defendants were preparing their

---

[1] Even if Plaintiff's Motion had been submitted as a pre-motion conference letter, which it was not (nor was it required to be, per Judge Torres's rules), Defendants had five business days to file their opposition letter, which would not have been due until today. *See* Judge Torres's Individual Rules of Practice in Civil Cases, Rule III(A)(ii).

[2] Indeed, even if Your Honor's Individual Rules of Practice were to apply, it still cannot be fairly said that Defendants failed to submit a timely opposition. Your Honor's Individual Rules of Practice only provide a specific deadline for a party to oppose a pre-motion conference letter, which Plaintiff's Motion is not. For letter motions such as Plaintiff's Motion, Your Honor's Individual Rules of Practice state that the applicable deadlines are to be found in "the S.D.N.Y. Local Rules." Pursuant to the Local Rules for the Southern District of New York, Defendants' response to Plaintiff's Motion would not have been due for 14 days after its filing. *See* Local Rule 6.1(b).

opposition to be submitted to Judge Torres under the applicable timeline. Unfortunately, the Court ruled on Plaintiff's Motion without providing Defendants prior notice that it intended to do so, or that Your Honor's deadline for opposing pre-motion conference letters would apply to any opposition that Defendants submitted.³ Such has fundamentally prejudiced Defendants in this case, resulting in a manifest injustice, warranting reconsideration.

### III.   THE ORDER MISAPPLIED THE LAW IN GRANTING PLAINTIFF'S REQUEST TO DEPOSE MICHAEL GLASSNER PURSUANT TO FRCP 56(D)

The manifest injustice resulting from the Court's decision to grant Plaintiff's Motion without providing Defendants an opportunity to respond is especially acute here. Defendants had ample bases to oppose Plaintiff's Motion; however, it did not have the opportunity to put those bases in front of the Court prior to the issuance of the Order. As a result, respectfully, the Court overlooked controlling law and misapplied the correct legal standard, warranting reconsideration. By way of example only, Plaintiff's claim that FRCP Rule 56(d) permitted her to obtain Mr. Glassner's deposition prior to opposing Defendants' motion for summary judgment misstated the scope of Rule 56(d). In order to obtain such discovery under Rule 56(d), Plaintiff was required to submit an affidavit showing: "(1) what facts are sought and how they are to be obtained; (2) how these facts are reasonably expected to raise a genuine issue of material fact; (3) what efforts the affiant has made to obtain them; and (4) why the affiant's efforts were unsuccessful." *Gene Codes Forensics, Inc. v. City of New York*, 812 F. Supp. 2d 295, 304 (S.D.N.Y. 2011) (internal quotations omitted). Additionally, "the trial court may properly deny further discovery if the nonmoving party has had a fully adequate opportunity for discovery." *Trebor Sportswear Co. v. The Ltd. Stores,*

---

³   It is important to note that when Plaintiff filed a motion to amend after the close of discovery, Judge Torres explicitly issued an order referring that motion to this Court, leaving no doubt about the applicable rules. ECF No. 444.

*Inc.*, 865 F.2d 506, 511 (2d Cir. 1989). Here, in ruling on the exact same relief that Plaintiff's Motion sought – namely, the deposition of Mr. Glassner to explore the reasons behind the decision to arbitrate Plaintiff's breach of her NDA – the Court previously found that Plaintiff's conduct in seeking Mr. Glassner's deposition "does not demonstrate diligence." ECF No. 381 at p. 2. The Court further explained that the fact that "Plaintiff now knows Glassner made the decision to initiate the arbitration against her does not justify reopening discovery, particularly when she took a Rule 30(b)(6) deposition during which she could have explored information about commencement of the arbitration." *Id.* at p. 3. As the Court has already held that Plaintiff had an opportunity to seek discovery concerning her retaliation claim (including but not limited to the portion of that claim related to filing the arbitration), and failed to exercise the diligence necessary to do so, that finding is now the law of the case. Such forecloses any argument that Rule 56(d) permits her an alternative avenue to seeking the same relief. *See, e.g., Burlington Coat Factory Warehouse Corp. v. Esprit De Corp.*, 769 F.2d 919, 925 (2d Cir. 1985) (denying additional discovery to oppose summary judgment where "whatever discovery went undone was the consequence of Burlington's own conduct"); *Carlton v. Interfaith Med. Ctr.*, 612 F. Supp. 118, 123 (E.D.N.Y. 1985) ("Although plaintiff complains of inadequate discovery, plaintiff had ample opportunity to complete discovery before the May 18, 1984 cut-off date. Inasmuch as plaintiff makes no showing of good cause for her failure to complete discovery within the allotted time, her claim of inadequate discovery will not be considered on this motion"); *Offshore Exp., Inc. v. Milbank, Tweed, Hadley & McCloy, LLP*, No. 03-cv-4260 (PAC), 2007 WL 760419, at *4, n.1 (S.D.N.Y. Mar. 13, 2007), *aff'd sub nom. Offshore Express, Inc. v. Milbank, Tweed, Hadley & McCloy, LLP*, 291 F. App'x 358 (2d Cir. 2008) ("Plaintiff's invocation of Fed.R.Civ.P. 56(f) is

meritless. This litigation commenced more than three and a half years ago, providing Plaintiff with ample opportunity to conduct the discovery necessary to respond to this motion").

Moreover, Plaintiff's claim that she required Mr. Glassner's deposition pursuant to FRCP Rule 56(d) failed for another reason: her declaration does not identify what "facts" she requires from Mr. Glassner.  While Plaintiff stated that Mr. Glassner's Declaration contains "'facts' [that] are incorrect and must be explored prior to any response to Defendants' summary judgment motion and certainly prior to my own summary judgment on the retaliation claim," ECF No. 444 at p. 4, her declaration did not identify the facts in question, their relevance, or why Mr. Glassner's deposition was necessary to establish these so-called facts.  To the extent that Plaintiff claims that her tweets were not sent out prior to the announcement of Jason Miller's appointment to the position of White House Communications Director on December 22, 2016, Mr. Glassner's Declaration already identified the basis for his belief that she revealed the Campaign's confidential information: the language used by Plaintiff in the relevant tweet itself.  *See* ECF No. 438 at ¶11. If Plaintiff were claiming that her tweets were sent out after the announcement of Mr. Miller's appointment to the Communications Director position, which she herself identified as "forthcoming" in her tweet, that information would solely be in the possession of Ms. Delgado. Assuming that this evidence was disclosed during the course of discovery, as it obviously should have been, Plaintiff is free to submit that evidence in connection with her opposition to summary judgment.  Simply stated, Plaintiff did not establish the need for Mr. Glassner's deposition to establish that fact, or any other.

Plaintiff's remaining arguments seeking the deposition of Mr. Glassner fare no better. Plaintiff claims that Defendants had a duty to produce Mr. Glassner's Declaration during discovery.

5

However, Mr. Glassner's Declaration was submitted on the same day that it was executed – September 20, 2024. Prior to that date, there was no declaration for Defendants to disclose.

Finally, Plaintiff contended that Defendants "opened the door" for her to seek discovery from Mr. Glassner by submitting his declaration in moving for summary judgment. However, Plaintiff once against misstated the record in this case. Contrary to what Plaintiff appeared to claim, Defendants never contested, or attempted to otherwise conceal, Mr. Glassner's relevance to their defenses in this case. Indeed, to use Plaintiff's phrase, Defendants "opened the door" to Mr. Glassner's relevance as far back as August 9, 2022 when Mr. Glassner was identified as an individual that was likely to have discoverable information that would be used to support Defendants' claims or defenses in their FRCP Rule 26 Initial Disclosures. *See* ECF No. 430 at pp. 6-7. Defendants subsequently reiterated that Mr. Glassner had relevant information in this case when he was identified in their responses to Plaintiff's interrogatories. *Id.* Nor did the Court deny Plaintiff's motion to depose Mr. Glassner because he was not likely to have discoverable information in this case. Rather, as explained above, this Court correctly held that Plaintiff did not exercise the diligence required to take his deposition. ECF No. 381 at pp. 2-3. The same reasoning bars Plaintiff's instant application for the same relief – the deposition of Mr. Glassner – for the same reason – that he had information concerning the Campaign's decision to arbitrate Plaintiff's breach of her NDA.

This in now the third time that Plaintiff has sought Mr. Glassner's deposition under various guises. First, she sought his deposition, as described above, because he purportedly had information related to her retaliation claim. Your Honor and Judge Torres rejected that request because of Plaintiff's lack of diligence, including her delay in "fil[ing] the Glassner subpoena request" and her failure to "explore[] information about commencement of the arbitration" when

6

"she took a Rule 30(b)(6) deposition..." ECF No. 381 at pp. 2-3; ECF No. 402. She then sought leave to amend her complaint to add Mr. Glassner as an individual defendant. This Court properly denied her motion, finding that she had ample opportunity "to request and obtain information related to Glassner's . . . role in the alleged retaliation." ECF No. 411 at p. 4. Plaintiff's dissatisfaction with her litigation strategy in this case should not give her license to file the same motion *ad infinitum* until she receives the result that she desires. Plaintiff's Motion to take Mr. Glassner's deposition should have been denied as a matter of law. *See Moccia v. Saul*, 820 F. App'x 69, 70 (2d Cir. 2020) (affirming denial of a request for additional discovery where the plaintiff's "Rule 56(d) request was filed months after the close of discovery and raised the same arguments as her earlier motions to compel, which two magistrate judges denied for reasons falling well within their discretion").

## CONCLUSION

For the foregoing reasons, Defendants respectfully requests that the Court grant Defendants' motion for reconsideration and deny Plaintiff's request to depose Michael Glassner.

Dated: October 1, 2024
     New York, New York

By:   **SCHULMAN BHATTACHARYA, LLC**
/s/ Jeffrey S. Gavenman
Jeffrey S. Gavenman
6116 Executive Boulevard, Suite 425
North Bethesda, Maryland 20852
and
240 West 40th Street
New York, NY 10018
Tel.: (240) 356-8550
Facsimile: (240) 356-8558
Email: jgavenman@schulmanbh.com