UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| Arlene J. Delgado,<br>    Plaintiff, | Case No.: 19-cv-11764 (AT) (KHP) |
| vs. | |
| Donald J. Trump for President, et al.<br>    Defendants | **PLAINTIFF'S RESPONSE TO DEFENDANTS' MOTION FOR RECONSIDERATION**<br>Date: October 3, 2024 |

**PLAINTIFF'S RESPONSE TO DEFENDANTS' MOTION FOR RECONSIDERATION**

On September 24, 2024, Plaintiff filed a motion and declaration under FRCP 56(d) (ECF #444), requesting the deposition of Michael Glassner, given that Defendants sprung a declaration by Mr. Glassner, dated September 20, 2024, into their September 20, 2024 summary judgment motion. Defendants did so even though Magistrate Judge Parker was clear during discovery that she expected declarations, which the parties intend to use, be turned over to the other side.

To put this in colloquial terms, Defendants, being 'too cute by half,' pretended they had no intent to use any affidavits/declarations… yet then inserted one by Mr. Glassner into their September 20th summary judgment motion. This is not even 'at the 11th hour' – it is *past* the clock. While it is true that sometimes a party might attach a witness-declaration to a summary judgment motion, either: that witness was deposed during discovery; the declaration is on some uncontested factual issue or contains uncontested facts; or the submitting party agrees that some exploration should now be permitted into said witness's statements. But Defendants want to have it both ways.

Defendants' pattern of resisting deposition of Mr. Glassner, whilst also utilizing him, is highly improper – all the more so when they have now gone so far as to even object to probing such Declaration. To wit, in August 2022, Defendants produced their Rule 26 disclosures and,

1

while they *technically* listed Mr. Glassner, Defendants stated that his relevance was as to Plaintiff's "**work**" (emphasis added) and then threw in a catch-all of 'and other matters.' They did so, even Rule 26 *requires* that the answering party list all specific subject areas on which the witness has knowledge, to the best of the answering party's ability. It should have read: "Retaliation claim" and all the other areas/claims on which Mr. Glassner had knowledge, to the best of Defendants' knowledge. Yet, highlighting the deliberate dishonesty of that 2022 "disclosure," sure enough, there is *nothing* about Plaintiff's "work" in Mr. Glassner's declaration. On the contrary, it is all about the retaliation claim. The plain fact is Defendants were deceptive or, at best, evasive, in their Rule 26 representations, concealing Mr. Glassner's relevance to the retaliation cause of action.

Moreover, even when Plaintiff, coincidentally, sought Mr. Glassner's deposition in 2024 (the time at which she was permitted to move for third-party depositions), and the Court limited said deposition to the 'breach of contract' claim, and Plaintiff thereupon objected to this limitation, *at no point did Defendants, as is incumbent upon their counsel under ethical obligations, concede that 'To be fair, Mr. Glassner does have relevance separate from the 'breach of contract' issue.'* **And now, even when they insert a declaration by him on the Retaliation claim containing certain 'facts', they -- astonishingly -- still take the position that he should not be subject to a deposition, even about his own Declaration.**

DEFENDANTS' FAILURE TO FILE A RESPONSE

Defendants filed no response, despite the looming summary judgment response deadline of October 18th. They now claim that they were under the belief that they had "several weeks" to respond. But, even allowing the most generous benefit of doubt to Defendants' argument (which assumes that their ignorance of this Court's procedures is excusable), their claim **strains credulity**, given that "weeks" to respond would indicate that they could respond *past* Plaintiff's deadline-to-

respond *to* their summary judgment motion. Rather than seek clarification as to when their response would be due, they chose to 'play dumb' and claim that they (sophisticated litigators) honestly felt they had "several weeks" to respond to a time-sensitive motion.

Defendants have now forged ahead and filed a response, styled as a Motion for Reconsideration and "Memorandum of Law" (ECF #454).

On the topic of whether they were not provided time to respond, they proceed to argue a meandering labyrinth about the Rules of Magistrate Judge Parker; the Rules of Judge Analisa Torres; the local Rules; and even the Plaintiff's own letter, which bogs down to claiming they believed they had "several weeks" to respond. Again, all of this strains credulity. Defendants should have, at minimum, sought clarification from the Court as to response time, given the time-sensitive nature of Plaintiff's motion. They chose not to do so.

And, rather than present their 'We thought we had more time to respond' argument and seek leave *to* file a response, Defendants simply grant themselves the unilateral relief they seek… and proceeded to file their response to Plaintiff's 56(d) request *anyway*.

As such, ***there is no "manifest injustice" here in terms of being 'permitted to respond' – whether that argument has any merit or not, it is moot as they have gone ahead and filed the Response as part of their styled "Motion for Reconsideration" arguments.***

<u>DEFENDANTS' DO NOT PROVIDE ANY CONTROLLING DECISIONS OR DATA THAT THE COURT OVERLOOKED, OR BASIS THAT WOULD SHOW THE COURT COMMITTED "CLEAR ERROR". THUS, THEY DO NOT MEET THE STANDARD FOR RECONSIDERATION. AND, EVEN THEIR RESPONSE TO PLAINTIFF'S REQUEST, HAD THEY FILED SUCH, STILLPROVIDES NO BASIS TO REFUSE THE 56(d) REQUEST</u>

Upon reading said 'response' to the 56(d) request, there is nothing therein that would meet the standard for undoing the Court's ruling ("clear error"), which ***appropriately found there is <u>new</u> justification warranting the deposition of Mr. Glassner***. Nor would Defendants have even

prevailed, had they filed a Response to Plaintiff's letter, as they do not provide any basis for denial of the 56(d) request. As this Court itself has written, in denying each and every one of *Plaintiff's* motions for reconsideration:

> Local Rule 6.3 governs reconsideration, which is "***an extraordinary remedy*** to be employed sparingly in the interests of finality and conservation of scarce judicial resources." *In re Health Mgmt. Sys., Inc. Sec. Litig.*, 113 F. Supp. 2d 613, 614 (S.D.N.Y. 2000)(internal citation omitted)….
>
> *Accordingly, the Second Circuit has held that the standard for granting a motion to reconsider "is strict, and reconsideration will generally be denied unless the moving party can **point to controlling decisions or data that the court overlooked -- matters, in other words, that might reasonably be expected to alter the conclusion reached by the court**." Shrader v. CSX Transp., Inc., 70 F.3d 255, 257 (2d Cir. 1995)* ECF #346 (emphasis added)

Defendants provide no controlling decisions or data that the court overlooked. Moreover, consider: Defendants do not dispute that they filed this surprise Declaration for the first time, tacking it onto a summary judgment motion, on September 20, 2024. Defendants do not dispute that they never produced said Declaration, or even tried to obtain it, during discovery (unlike Plaintiff, who diligently obtained and produced those she intended to use or might use). Defendants do not dispute that they failed to even indicate there *would be* a declaration from Mr. Glassner. Defendants to not dispute that this is a critical Declaration on a key claim. Defendants do not dispute that Mr. Glassner's multi-page Declaration makes certain statements of fact. And Defendants do not contest, because they cannot, that Plaintiff was denied the opportunity to depose Mr. Glassner on the subject matter of his Declaration. There is, in short, nothing in Defendants' Motion for Reconsideration that would have led to a different ruling by Magistrate Judge Parker, nor anything that would have led Magistrate Judge Parker to deny the 56(d) request.

Quite simply, Defendants are employing an improper tactic of **sword-and-shield** – they want to utilize (and already have!) Mr. Glassner as a critical *sword* ("Here is a declaration!"), in

4

an affirmative summary judgment motion to try to dismiss Plaintiff's retaliation claim… yet also want to *shield* any access to him or examination of his Declaration's statements. For obvious reasons of justice and fairness, no court permits this.

Defendants first argue the Plaintiff's affidavit did not meet the requirements:

> *Plaintiff's claim that FRCP Rule 56(d) permitted her to obtain Mr. Glassner's deposition prior to opposing Defendants' motion for summary judgment misstated the scope of Rule 56(d). In order to obtain such discovery under Rule 56(d), Plaintiff was required to submit an affidavit showing: "(1) what facts are sought and how they are to be obtained; (2) how these facts are reasonably expected to raise a genuine issue of material fact; (3) what efforts the affiant has made to obtain them; and (4) why the affiant's efforts were unsuccessful.*

This is incorrect. First, Magistrate Judge Parker is highly knowledgeable on the standards of Rule 56(d). Magistrate Judge Parker did not commit "clear error", nor err in granting the relief. Quite the contrary, the case that Defendants cite actually *supports* that Magistrate Judge Parker's ruling was *correct*, because Plaintiff's affidavit indeed met the requirements: Plaintiff stated she needed to depose regarding "facts" referenced in Glassner declaration; this topic, on its face, raises a genuine issue of material fact; Plaintiff went over the history of her attempts to depose Glassner; and Plaintiff explained the history of the Court denying her earlier attempts for a traditional deposition of Mr. Glassner (on a broad array of topics).

Moving on, Defendants' next 'Hail Mary' pass is to claim that the Court previously found that Plaintiff's earlier conduct in seeking Mr. Glassner's deposition did not demonstrate diligence. But that (a) is not remotely relevant in deciding whether *new* grounds justify the deposition, as Magistrate Judge Parker's ruling carefully noted; and (b) also misstates the Court's earlier findings. The Court's earlier finding about 'diligence' was referring to whether Plaintiff had moved quickly enough on obtaining the issuance and serving the Glassner 'breach of contract deposition' subpoena in the spring of 2024. That has no bearing on whether the *new* justification

5

(Defendants' September 2024 Glassner Declaration) supports a deposition now. They also argue that the Court once ruled that Plaintiff could have learned of Glassner's *involvement* in the retaliation, by asking such during the 30(b)(6) deposition she took in March. But, again, that, too, is red-herring and 'neither here nor there'. That was Magistrate Parker's ruling as to whether Plaintiff could have (potentially) learned sooner that Glassner *was a person involved* in the retaliation (assuming the 30b6 witness would have answered -- unlikely[1])- such is a far cry, and completely distinct, from Mr. Glassner now providing a multi-page affidavit with "facts" that must be probed. All of that is irrelevant to the issue at hand – the fact that ***there is "a new justification" for Glassner's deposition, as Magistrate Judge Parker's Order rightly noted.***

Lastly, Defendants purport to speak for Plaintiff and write, "Plaintiff did not establish the need for Mr. Glassner's deposition to establish that fact, or any other." That is not a determination for Defendants to make. Plaintiff filed a motion explaining she has a need (and a right) to probe Mr. Glassner on the alleged "facts" in his Declaration, as she noted in her affidavit.

The fact is, Defendants *chose* to use Mr. Glassner and *chose* to file a multi-page Declaration by Mr. Glassner. They could have opted not to do so but apparently were so confident in this Court's denial of Plaintiff's requests, that they felt they could 'get away with' such. The Plaintiff, as would any litigant, moved the Court with this new, necessary justification. The Court granted the relief, and rightly so.

Perhaps most outrageous is Defendants' argument that they had no need to produce this Declaration prior to discovery's closing. In doing so, Defendants flat out admit their expectation

---

[1] Notwithstanding the Court's order, such was highly unlikely, given that the Defendants' 30(b)(6) witness, when deposed in another case in New York State Court, and asked if he knew about the Retaliation claim (the plaintiff therein has a similar retaliation claim to the Plaintiff herein), or who was involved, answered, "**I don't know**."

6

and understanding that there is a different set of rules for the Plaintiff than there is for the Defendants, in this case. They write:

> *Plaintiff claims that Defendants had a duty to produce Mr. Glassner's Declaration during discovery. However, Mr. Glassner's Declaration was submitted on the same day that it was executed – September 20, 2024. Prior to that date, there was no declaration for Defendants to disclose.*

This is quite an argument. In other words: 'We (deliberately) delayed until September 20th in *obtaining* the affidavit from Glassner, and because we technically did not *ask* him to execute the affidavit until September, there was no need to obtain it, *or even disclose the intent to obtain it*, any earlier than September 20, 2024, when we abruptly attached it to a summary judgment motion.' **This is a textbook example of bad faith. There is no doubt that Defendants deliberately delayed in obtaining this Declaration**: Consider that, as Plaintiff recently learned, in March of this year, *Defendant-Campaign filed a very similar declaration by Mr. Glassner in another case* (proceeding in New York State Court), as part of Defendant-Campaign's summary-judgment papers in that case. (The plaintiff therein, Ms. Denson, was also sued by the Campaign for filing -- or indicating-she-would-file -- a lawsuit against the Defendant-Campaign, and thus retaliation by the Campaign is also a claim in that case. The Defendant-Campaign's filing of Mr. Glassner's declaration, as part of their summary judgment filings, in *that* case was not a problem, however, as Ms. Denson, unlike the Plaintiff in *this* case, was permitted to depose Mr. Glassner, with no limitations as to time or topic, during discovery. Otherwise, Ms. Denson would have surely moved for the ability to depose him once ambushed with a sudden declaration.] **Defendants have thus known all along they would file a declaration by Mr. Glassner in this case** – yet they strategically withheld on obtaining and filing such until the door had closed. **Defendants stayed silent about**

7

***their intent, all this time, to use Mr. Glassner's Declaration in this case once (they strategized) it would be too late for Plaintiff to probe.***

This level of gamesmanship should not be tolerated by a federal court. If parties could simply ambush with 'surprise!' declarations at the time of summary judgment, there would be no need for courts – as this court did – to order that such declarations be produced in an orderly and *just* manner: i.e., during discovery. Moreover, fortunately, for situations such as this – wherein a party does 'spring' facts or, particularly, a declaration in a summary judgment motion -*56(d) exists as the remedy to combat that harm*, if and when a party feels the declaration's claims require probing. [Rule 56(d) does not even fully ameliorate the harm – the Declaration should have been executed-and-produced (but was not, for obvious tactical reasons) *during* discovery and produced *during* discovery. Even a deposition now is not the same as if one had been granted during discovery. Still, it is at least something – yet they seek to have even *that* denied to Plaintiff.]

***The Court was correct in its ruling. It employed 56(d) appropriately***. Defendants, to the extent their meandering argument about the days-they-had-to-respond is, *arguendo*, to be considered, present an argument that is *moot* by their own hand, as they unilaterally granted themselves the relief to file their responsive arguments nevertheless. As is plain to see, their arguments do not show that Magistrate Judge Parker committed "clear error" nor that, even if they had filed a response, said response would have resulted in Magistrate Judge Parker making a different ruling. On the contrary, it would be error to have denied the 56(d) request.

Plaintiff respectfully requests that Magistrate Judge Parker's September 30, 2024 Order remain in place, and that Defendants' Motion for Reconsideration be denied.

Respectfully submitted,<br>
<u>s/Arlene Delgado</u><br>
Arlene Delgado