IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ARLENE J. DELGADO,<br><br>                  Plaintiff,<br><br>v.<br><br>DONALD J. TRUMP FOR PRESIDENT, INC., *et al.*,<br><br>                  Defendants. | Case No. 19-cv-11764 (AT) (KHP) |

**REPLY MEMORANDUM OF LAW IN SUPPORT OF
DEFENDANTS' MOTION FOR RECONSIDERATION**

Defendants Donald J. Trump for President, Inc. (the "Campaign"), Sean Spicer, and Reince Priebus (together "Defendants") respectfully submit this reply memorandum of law in further support of their motion for reconsideration of the Court's September 30, 2024, Order (ECF No. 452 (the "Order")). The Order granted Plaintiff's September 24, 2024 motion seeking to depose Michael Glassner (ECF No. 444 ("Plaintiff's Motion")), without allowing Defendants the opportunity to oppose Plaintiff's Motion. *See* ECF No. 452.

**ARGUMENT**

**I.   THE COURT SHOULD GRANT DEFENDANTS' MOTION FOR RECONSIDERATION**

As she has throughout this case, Plaintiff's opposition to Defendants' motion for reconsideration ("Plaintiff's Opposition") is replete with misrepresentations of the Defendants' conduct[1] and the Court's prior decisions, requiring Defendants to correct the record.

---

[1] As a threshold matter, Plaintiff claims that it "strains credulity" that Defendants could believe that their opposition to Plaintiff's Motion was potentially due weeks after it was filed (assuming that Judge Torres's Individual Rules of Practice applied). ECF No. 455 at p. 1. But this is not a date that Defendants picked out of the air for their own benefit. Rather, this was the date

1

First, Plaintiff misrepresents this Court's prior orders when she claims that the Court ordered that all declarations needed to be disclosed in discovery. This is simply not true. Instead, Plaintiff informed Defendants that she had already obtained an affidavit from a fact witness on February 28, 2024. ECF No. 216 at p. 2. In response to Defendants' motion to compel that affidavit, Plaintiff informed the Court that she had already agreed to disclose that affidavit and a number of other ones that she had subsequently obtained. ECF No. 229 at p. 1. The Court subsequently merely entered an order providing Plaintiff with a deadline to produce those affidavits, as she claimed she always intended to do. ECF No. 231. As such, and contrary to what Plaintiff now claims, there was no order requiring Defendants to produce Mr. Glassner's declaration (or any other declaration, for that matter) at an earlier stage in this litigation. Thus, even if the declaration had existed during discovery (it did not), or, indeed, if Defendants had made the decision to obtain such a declaration during discovery (they did not), there was no order requiring its production that Defendants purportedly violated, despite Plaintiff's baseless claims otherwise.

Second, Plaintiff similarly misrepresents the record when she stated that Defendants somehow claimed that they never intended to submit any declarations, including one from Mr. Glassner, in the instant case. To the contrary, Defendants have never concealed their intent to rely on Mr. Glassner in defending against Plaintiff's claims. In fact, this is specifically why Mr. Glassner was identified in Defendants' FRCP Rule 26(a) disclosures, the purpose of which is to

---

explicitly provided for in Judge Torres's Individual Rules of Practice in *Pro Se* cases. If Plaintiff sought to have her motion decided prior to the deadline for her summary judgment opposition papers, she could have requested that the motion return date be shortened (she did not) or she could have sought an extension of her summary judgment briefing deadline (which, notably she requested from Defendants, and Defendants had consented, prior to the Court's decision to grant Plaintiff's Motion).

2

identify the individuals that "that the disclosing party may use to support its claims or defenses." Fed. R. Civ. P. 26(a)(1)(A)(i). Accordingly, Plaintiff was aware as early as August 9, 2022, that Defendants intended to rely on Mr. Glassner in defending this case. Plaintiff simply failed to timely demonstrate any interest in following up and learning Mr. Glassner's relevant information. Indeed, the Court itself found that Plaintiff failed to demonstrate the diligence required to take Mr. Glassner's deposition, a holding that was echoed by Judge Torres. *See* ECF No. 381, 402.

Third, Plaintiff misstates yet another decision by this Court when she claims that "the Court's earlier finding about 'diligence' was referring to whether Plaintiff had moved quickly enough on obtaining the issuance and serving the Glassner 'breach of contract deposition' subpoena in the spring of 2024." ECF No. 455 at p. 5. Again, Plaintiff's claim cannot be reconciled with the record. First, the Court found that Plaintiff failed to exercise the necessary diligence to obtain Mr. Glassner's deposition during discovery and her lack of diligence barred her subsequent request to reopen discovery for that purpose. Second, the Court also found that Plaintiff had ample opportunity to obtain discovery on her retaliation claim and failed to do so, both in ruling on Plaintiff's requests to depose Mr. Glassner concerning his role in the decision to arbitrate Plaintiff's breach of her NDA, as well as in denying Plaintiff's motion to amend. *See* ECF No. 381 (explaining that Plaintiff had an opportunity during discovery to "explore information about commencement of the arbitration"); ECF No. 411 ("Plaintiff had significant time to obtain discovery and had reason to know of all three proposed defendants' involvement in alleged retaliation or discrimination before the close of discovery, if not earlier, and therefore Plaintiff has failed to demonstrate good cause").

Finally, Plaintiff is incorrect that Defendants have not identified controlling law that the Court overlooked in granting Plaintiff's Motion. Specifically, as Defendants' moving papers make

3

clear, Plaintiff's Motion did not satisfy the requirements necessary to obtain discovery pursuant to FRCP 56(d). See ECF No. 454 at pp. 4-5 (citing *Burlington Coat Factory Warehouse Corp. v. Esprit De Corp.*, 769 F.2d 919, 925 (2d Cir. 1985), for the proposition that a motion for discovery pursuant to FRCP 56(d) should be denied where "whatever discovery went undone was the consequence of [the plaintiff's] own conduct"). Here, Judge Torres has held that this Court "did not err in ruling that Glassner did not have unique knowledge about this topic and that Plaintiff had the opportunity to seek information about the arbitration from other witnesses." ECF No. 402 at p. 7. Respectfully, Judge Torres' finding that Plaintiff had adequate opportunity to seek discovery about Mr. Glassner's role in instituting the arbitration concerning Plaintiff's breach of the NDA and failed to do so is the law of the case. Thus, the Court's Order allowing Plaintiff to seek Mr. Glassner's deposition is contrary to the law, warranting reconsideration.

## CONCLUSION

For the foregoing reasons, and the reasons set forth in Defendants' opening brief, Defendants respectfully requests that the Court grant Defendants' motion for reconsideration and deny Plaintiff's request to depose Michael Glassner.

Dated: October 4, 2024
New York, New York

**SCHULMAN BHATTACHARYA, LLC**

By:  /s/ Jeffrey S. Gavenman
Jeffrey S. Gavenman
6116 Executive Boulevard, Suite 425
North Bethesda, Maryland 20852
and
240 West 40th Street
New York, NY 10018
Tel.: (240) 356-8553
Facsimile: (240) 356-8558
Email: jgavenman@schulmanbh.com

4