UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X

ARLENE DELGADO,

                                          Plaintiff,

                  -against-

DONALD J. TRUMP FOR PRESIDENT, INC.,
TRUMP FOR AMERICA, INC., SEAN SPICER,
individually, REINCE PRIEBUS, individually,
STEPHEN BANNON, individually,

                                   Defendants.
------------------------------------------------------------------X

**USDC SDNY**
**DOCUMENT**
**ELECTRONICALLY FILED**
DOC #: _____
DATE FILED: __10/8/2024__

**19-CV-11764 (AT) (KHP)**

**ORDER ON MOTION FOR**
**RECONSIDERATION**

**KATHARINE H. PARKER, UNITED STATES MAGISTRATE JUDGE:**

On October 1, 2024, Defendants filed a motion for reconsideration of the Court's

September 30, 2024 Order (the "Order") granting Plaintiff's request to depose Michael Glassner

pursuant to Federal Rule of Civil Procedure ("Rule") 56(d).  (ECF No. 453.)  Plaintiff filed an

opposition to the motion for reconsideration on October 3, 2024.  (ECF No. 455.)  Defendants

filed a reply in support of the motion for reconsideration on October 4, 2024, and the same day,

Plaintiff filed a letter styled as a motion to strike Defendants' reply.  (ECF Nos. 456-57.)

**DISCUSSION**

Local Civil Rule 6.3, which governs reconsideration, aims to "prevent the practice of a

losing party examining a decision and then plugging the gaps of a lost motion with additional

matters.'"  *SEC v. Ashbury Capital Partners, L.P.*, No. 00 Civ. 7898, 2001 WL 604044, at *1

(S.D.N.Y. May 31, 2001) (quoting *Carolco Pictures, Inc. v. Sirota,* 700 F. Supp. 169, 170 (S.D.N.Y.

1988)). Reconsideration is appropriate where the moving party demonstrates "an intervening

change of controlling law, the availability of new evidence, or the need to correct a clear error

or prevent manifest injustice." *Henderson v. Metro. Bank & Tr. Co.*, 502 F. Supp. 2d 372, 376 (S.D.N.Y. 2007).

The Court first acknowledges that Defendants were understandably confused about the time period to reply to Plaintiff's 56(d) motion, and the Court should have requested a response from Defendants before making a ruling.  Although Defendants have styled their motion as a motion for reconsideration, the Court evaluates Defendants' arguments as if they were initially brough in opposition to Plaintiff's 56(d) motion.  Having considered Defendants' position, however, the Court concludes that Plaintiff's 56(d) motion was properly granted.

As Defendants have highlighted, Plaintiff has requested to depose Glassner several times after the close of discovery and the Court has previously denied such requests because Plaintiff did not show good cause for failing to depose Glassner during the discovery period. However, Plaintiff's most recent request to depose Glassner was not a renewal of her prior requests but was a direct response to Defendants' filing of a declaration of Glassner in support of their summary judgment motion.

Pursuant to Federal Rule of Civil Procedure 56(d), "[i]f a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may: (1) defer considering the motion or deny it; (2) allow time to obtain affidavits or declarations or to take discovery; or (3) issue any other appropriate order." Fed. R. Civ. P. 56(d).  "A party resisting summary judgment on the ground that it needs additional discovery in order to defeat the motion must submit an affidavit pursuant to Federal Rule of Civil Procedure 56(d) (formerly Rule 56(f)), showing: (1) what facts are sought and how they are to be obtained, (2) how those facts are reasonably expected to create a genuine issue of

material fact, (3) what effort affiant has made to obtain them, and (4) why the affiant was unsuccessful in those efforts."  *Lunts v. Rochester City Sch. Dist.*, 515 F. App'x 11, at *13 (2d Cir. 2013) (internal citations and quotations omitted).  Importantly, "[d]istrict courts have discretion over discovery rulings, including under Rule 56."  *Wexler v. LVNV Funding, LLC*, No. 22 CIV. 1348 (PAE), 2022 WL 16961125, at *2 (S.D.N.Y. Nov. 16, 2022) (citing *Moccia v. Saul*, 820 F. App'x 69, 70 (2d Cir. 2020)).

Defendants argue that Plaintiff's affidavit in support of her 56(d) motion does not identify the "facts" she requires from Glassner.  But Plaintiff's affidavit explained that she seeks to depose Glassner concerning the assertions made in Glassner's declaration, specifically with regard to her claim of retaliation.  In Plaintiff's 56(d) motion, she lists as an example of one such assertion, Glassner's attestation that Plaintiff disclosed Jason Miller's appointment as White House Communications Director before that news was public.  In sum, Plaintiff asserts that she contests many of the statements made in Glassner's declaration and therefore requires the opportunity to depose him on the topics covered in his declaration, specifically as they relate to her retaliation claim, in order to both oppose Defendants' motion for summary judgment, and file a cross motion for summary judgment.  Plaintiff's affidavit also details her efforts to depose Glassner in the past and why she was unsuccessful in those efforts.

Defendants cite several cases for the proposition that a district court may properly deny a request for further discovery pursuant to Rule 56(d) if the party seeking such further discovery had ample opportunity to obtain the discovery it needed.  But none of the cases cited by Defendants involve situations in which a party is seeking further discovery specifically with regard to a declaration filed by the moving party in support of its motion for summary

judgment. *See Trebor Sportswear Co. v. The Ltd. Stores, Inc.*, 865 F.2d 506, at *511-12 (2d Cir. 1989) (holding that appellants provided no persuasive basis to conclude that further discovery would have been essential to their opposition); *Burlington Coat Factory Warehouse Corp. v. Esprit De Corp.*, 769 F.2d 919, 926 (2d Cir. 1985) (affirming the district court's denial of plaintiff's request for more discovery because plaintiff did not give any indication that discovery was inadequate until after defendants filed a motion for summary judgment); *Carlton v. Interfaith Med. Ctr.*, 612 F. Supp. 118, 123 n.6 (E.D.N.Y. 1985) ("Inasmuch as plaintiff makes no showing of good cause for her failure to complete discovery within the allotted time, her claim of inadequate discovery will not be considered on this motion"); *Offshore Exp., Inc. v. Milbank, Tweed, Hadley & McCloy, LLP*, No. 03 CIV. 4260 (PAC), 2007 WL 760419, at *4 n.3 (S.D.N.Y. Mar. 13, 2007) ("This litigation commenced more than three and a half years ago, providing Plaintiff with ample opportunity to conduct the discovery necessary to respond to this motion."), *aff'd sub nom. Offshore Express, Inc. v. Milbank, Tweed, Hadley & McCloy, LLP*, 291 F. App'x 358 (2d Cir. 2008); *Moccia v. Saul*, 820 F. App'x 69, 70 (2d Cir. 2020) (affirming district court's denial of plaintiff's Rule 56(d) request because it was "filed months after the close of discovery and raised the same arguments as her earlier motions to compel"). The present case is distinguishable from the cases cited by Defendants for several reasons. First, as noted above, Plaintiff attests that the facts that she seeks to dispute by deposing Glassner are directly relevant to her retaliation claim, and therefore would be essential to her opposition to the motion for summary judgment, as well as her cross- motion. *See e.g. Wexler v. LVNV Funding, LLC*, No. 22 CIV. 1348 (PAE), 2022 WL 16961125, at *3 (S.D.N.Y. Nov. 16, 2022) (granting request for further discovery pursuant to Rule 56(d) because the discovery was centrally

relevant to the motion and would give rise to a genuine issue of material fact).  Second, Plaintiff

is not simply reasserting prior discovery requests but is specifically responding to a declaration

filed by Defendants, that she could not have known about prior to Defendants filing it in

connection with their motion for summary judgment.  While the Court has concluded that

Plaintiff was not previously diligent in her efforts to depose Glassner, her request to depose

him pursuant to Rule 56(d) presents a new justification, namely, to obtain discovery to contest

statements contained in Glassner's declaration.

Defendants also argue that if Plaintiff contests Glassner's assertion that she tweeted

about Jason Miller's appointment before it was public, she is likely to be in possession of

evidence to contest that assertion and can submit such evidence in her opposition.  However,

the same could be said for Defendants.  If Defendants sought to protect Glassner from being

deposed, they could have submitted other evidence to prove that Plaintiff violated her

nondisclosure agreement, rather than filing Glassner's declaration.

For the foregoing reasons, Defendants' motion for reconsideration is DENIED.[1]

**The Clerk of Court is respectfully directed to terminate the motions at ECF Nos. 453**

**and 457.**

SO ORDERED.

Dated: New York, New York
      October 8, 2024

_____
KATHARINE H. PARKER
United States Magistrate Judge

---

[1] Plaintiff's letter styled as a motion to strike Defendants' reply in support of their motion for reconsideration is denied as moot.