November 1, 2024

Magistrate Judge Parker and/or Judge Analisa Torres
United State District Court, S.D.N.Y.
500 Pearl Street
New York, NY 10007
**RE:** *request for summary judgment extension (consented to by Defendants)*

Your Honor,
I am the *pro-se* Plaintiff in the above-mentioned matter, hereinafter referred to as the Plaintiff or in first person.

Plaintiff writes to respectfully request a **30-day extension** on her November 29, 2024 Response to Summary Judgment *and* Counter-Motions deadline, per FRCP Rule 6(b)(1)(A). (As it is, this is not quite a '30-day' extension since, given the holidays, it is very little to get much done from approximately December 20th through 30th – particularly as a single mother and given holiday commitments - but Plaintiff nonetheless does not seek more than such.)

**Plaintiff inquired with Defendants' counsel, Mr. Gavenman, as to whether there is any opposition to such. Mr. Gavenman stated he consents to the request, provided that he also receive an extension his own, to January 30th (currently December 13th), which would give Mr. Gavenman one month to respond and reply, versus two weeks as is currently scheduled. Plaintiff has no opposition to Mr. Gavenman's request.**

PLAINTIFF'S FAMILY LAW MATTER IS TAKING ENORMOUS TIME
As Plaintiff explained to Mr. Gavenman, Plaintiff's main reason for the required extension is that her family law matter, in Florida, has taken an enormous amount of time recently, and continues to do so – almost entirely due to the dilatory tactics of the Campaign's employee and top strategist, Jason Miller.

Consider the following pace:

- Sept 9th hearing (hearing requested by Mr. Miller)
- Sept 10th (three motions – hearing requested by Mr. Miller)
- -September 11th (three motions - hearing requested by Mr. Miller and all on motions filed by Mr. Miller)
- spreadsheet due September 23rd of all of the medical, therapeutic, and similar expenses incurred by Plaintiff from 2017-2023 (none of which Mr. Miller has paid for, or contributed towards, so years of arrears have piled up because Plaintiff was not permitted to seek reimbursement for such, on an ongoing basis)
- hearing October 1st (three motions of Mr. Miller's, to delay a hearing on reimbursement to the child. All motions were denied October 7th.)
- hearing October 15th (motion of Mr. Miller)
- hearing October 30th (on unpaid expenses, at which the magistrate decided even more time is needed and a date is now to be reset)
- Mr. Miller is also seeking an additional hearing, on November 6th

Each of these hearings has required tremendous preparing, including numerous Responses filed by Plaintiff, the Mother/Respondent in said cases.

As Plaintiff explained to Mr. Gavenman, at the October 30th hearing, Mr. Miller refused to pay for the child's tuition (the child attends a special education school for his special needs, which has a $1,000/month fee).

Plaintiff is now left scrambling and has had to resort to a time-consuming online fundraiser, including an appointment with a local loan lender, to try to raise the funds to enable the child to remain in the special needs program.

**As a result, recent weeks have been completely overtaken by the Defendant-Campaign's top strategist and agent/employee, who is overwhelming the Plaintiff in another case to, in part, prevent the Plaintiff from focusing on this case.**

ADDITIONALLY, THE DEFENDANTS SUMMARY JUDGMENT MOTION IS VOLUMINOUS
The Defendants' Summary Judgment motion is voluminous. In fact, it is more than a typical 25-page motion. Defendants requested and obtained leave for excess-pages, filing a *30-page* motion.

The Statement of Material Facts alone is *19 pages*, including various statements of opinion by the Campaign's own attorney, versus a witness or a documentation cited.

Mr. Gavenman's Declaration alone has *52 exhibits, totaling 1,339 pages.*

It is no wonder that the Defendants' admit to spending at least three months drafting it.

ADDITIONALLY, PLAINTIFF NEEDS TO FILE A MOTION TO COMPEL
As this Court is aware, Plaintiff sought to depose Michael Glassner because Defendants suddenly attached a Declaration by Mr. Glassner to their summary judgment deposition. But that deposition took time and filings to obtain – time the Plaintiff would have, otherwise, spent on preparing her Response and her own summary judgment motions. As this Court is aware, doing so required a time-consuming motion, a response, and reply – and even then the Defendant-Campaign moved for reconsideration, something to which the Plaintiff also had to respond.

Plaintiff did take the deposition on October 22nd but, even then, the deponent was evasive and counsel repeatedly instructed him not to answer, often claiming the question was outside the scope of the deposition. To give this Court an idea, Mr. Glassner described himself as a former employee of the Campaign at the top of his declaration. Plaintiff asked if Mr. Glassner currently worked for the Trump election effort (this is not only relevant because of the Declaration's own statement as to Mr. Glassner's employment with the Campaign but it also: goes to the witness's credibility overall, regardless of scope of the deposition, *and* it is a standard question to ask in any deposition (current employment), regardless of scope. Defendants' counsel instructed Mr. Glassner not to answer, claiming such was outside the scope. Plaintiff now has to take the time to

file a brief Motion to Compel[1] (regarding several key questions that went unanswered) when, otherwise, she would have been able to dive into her response and her own summary judgment motions.

DEFENDANTS ARE NOT PREJUDICED AND AGREE TO THE EXTENSION REQUEST
There is no reason why Defendants would be prejudiced by an additional 30 days of response time, given that there is no trial date and they would, themselves, receive an extension of their own.

Plaintiff respectfully requests the extension and thanks the Court for its consideration.

Respectfully submitted,

*s/Arlene Delgado*

Arlene Delgado
Plaintiff, pro-se

---

[1] Plaintiff requested and purchased the transcript.