IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ARLENE J. DELGADO,<br><br>    Plaintiff,<br><br>v.<br><br>DONALD J. TRUMP FOR PRESIDENT, INC., *et al*.,<br><br>    Defendants. | Case No. 19-cv-11764 (AT) (KHP) |

**MICHAEL GLASSNER'S MEMORANDUM OF LAW IN
OPPOSITION TO PLAINTIFF'S MOTION TO COMPEL
ADDITIONAL ANSWERS TO HIS DEPOSITION**

Third-party witness Michael Glassner ("Mr. Glassner") respectfully submits this memorandum of law in opposition to Plaintiff Arlene Delgado's ("Plaintiff" or "Delgado") motion to compel additional deposition answers from him ("Plaintiff's Motion"). *See* ECF No. 469.

**FACTUAL BACKGROUND**

Defendants Donald J. Trump for President, Inc. (the "Campaign"), Sean Spicer, and Reince Priebus (collectively, "Defendants") submitted their motion for summary judgement in this case on September 20, 2024 ("Defendants' Motion"). ECF No. 434. In support of their motion, Defendants submitted an affidavit from Mr. Glassner, also dated September 20, 2024 (the "Glassner Declaration"), which was cited exactly one time in Defendants' Motion. ECF No. 438. The sole proposition for which the Glassner Declaration was cited in Defendants' Motion was to explain why the Campaign made the decision to file an arbitration against Plaintiff on or about July 27, 2017 for breaching her NDA with the Campaign (the "Arbitration"). To wit: "the Campaign only decided to ***institute*** an arbitration against Plaintiff after she had already breached

1

the NDA by revealing confidential information about one of the Campaign's employees, Mr. Miller, and threatened to disclose confidential information about the Campaign publicly that the Campaign believed to be unnecessary to prosecuting her claims." ECF No. 436 at pp. 17-18 (emphasis added).

Subsequently, on September 24, 2024, Plaintiff filed a motion pursuant to FRCP 56(d) ("Plaintiff's 56(d) Motion") seeking to compel Mr. Glassner's deposition, ostensibly as result of Defendants' decision to use the Glassner Declaration to support a single argument that they made in Defendants' Motion. ECF No. 444. In granting Plaintiff's 56(d) Motion, the Court held that "Because Defendants have submitted a declaration of Glassner and Plaintiff has averred that she cannot present facts to oppose the statements made in Glassner's declaration, the Court will grant Plaintiff's request to depose Glassner" (the "Order"). ECF No. 452 at p. 1. The Court further explained that "the deposition must be limited to three hours and limited to the topics and allegations contained in Glassner's declaration." *Id.* at pp. 1-2.

Defendants subsequently moved for reconsideration of the Court's order granting Plaintiff's 56(d) Motion. ECF No. 454. Defendants argued, in part, that Plaintiff already had ample opportunity to seek discovery concerning her retaliation claim and had failed to do so, a fact confirmed both by this Court and Judge Torres. *Id.* at pp. 4, 6-7. The Court denied Defendants' motion for reconsideration, explaining that "Because Defendants have submitted a declaration of Glassner and ***Plaintiff has averred that she cannot present facts to oppose the statements made in Glassner's declaration***, the Court will grant Plaintiff's request to depose Glassner." ECF No. 458 at p. 2 (emphasis added).

2

**ARGUMENT**

I. **Plaintiff Is Not Entitled To Additional Testimony About Mr. Glassner's Current Employment**

Plaintiff first moves to compel Mr. Glassner to answer questions about his current employment. During Mr. Glassner's deposition, Plaintiff asked him whether he was "currently working . . . on the Trump 2024 election effort." Ex. A at p. 7. Plaintiff is not entitled to the information she seeks.

As a threshold matter, the Court's Order clearly limited Plaintiff's deposition of Mr. Glassner to "the topics and allegations contained in Glassner's declaration." ECF No. 452 at pp. 1-2. Nowhere in the Glassner Declaration does Mr. Glassner ever discuss, or even make reference to, his current employment at all, much less his role in President Trump's 2024 Campaign. Rather, it spoke solely about his work performed for the Campaign, an entity that ceased to function soon after the 2020 Presidential Election. Plaintiff's request to seek additional information about Mr. Glassner's current employment is nothing more than a transparent attempt to harass a third-party witness in contravention of the Court's Order.

Moreover, Plaintiff's Motion to compel an answer to whether Mr. Glassner had a role with President Trump's 2024 Campaign is particularly confounding given that Mr. Glassner's counsel stated that Mr. Glassner "can acknowledge that[] he's doing some work for the Trump campaign," and even offered to stipulate that Mr. Glassner did work for the 2024 Campaign, merely maintaining an objection to questions "beyond that" about his role with the 2024 Campaign. Ex. A at p. 13:13-14:25. Plaintiff inexplicably refused and instead proceeded to file her Motion.

Finally, as Plaintiff herself admitted, she already has documentary evidence that Mr. Glassner worked for President Trump's 2024 Campaign in the form of the letter filed by his counsel with the Court on October 9, 2024. *See id.* at pp. 12-13; ECF No. 460. Thus, Plaintiff's Motion

3

is in direct contravention of the Order, which only granted Plaintiff's 56(d) Motion based on her averment that she could not otherwise "present facts" relevant to the statements made in the Glassner Declaration. ECF No. 452 at p. 1. Accordingly, Plaintiff's Motion to compel testimony from Mr. Glassner about his employment with President Trump's 2024 Campaign should be denied.[1]

## II. Plaintiff Is Not Entitled to Additional Testimony About Paragraph 8 of the Glassner Declaration

Plaintiff also seeks to compel testimony about why the Campaign believed the tweets she sent about her relationship with Jason Miller on December 22, 2016 and December 24, 2016 (together, the "Tweets") were "scandalous" or "embarrassing." ECF No. 469 at p. 6. According to Plaintiff, Mr. Glassner referred to the Tweets as "scandalous" or "embarrassing" in Paragraph 8 of the Glassner Declaration and she is therefore entitled to an explanation as to the reason for this supposed statement. *Id.* However, Plaintiff's premise is simply wrong.

In reality, Paragraph 8 of the Glassner Declaration states that:

> Following the 2016 Presidential Election, the Campaign wanted it to be know that it had a "zero tolerance" approach to actual or threatened breaches of its confidentiality rights as embodied in the NDAs, because scandalous or embarrassing leaks of certain private and sensitive information would distract from, and damage, the Campaign's messaging, and reflect poorly on then President Trump, who was in his first term in office and eligible for re-election.

ECF No. 438 at p 2.

---

[1] Plaintiff also claims that she should be entitled to ask Mr. Glassner about his current employment to explore his purported biases in this case. However, Plaintiff is already aware, from counsel's representations and from previous exchanges with this Court that Mr. Glassner works for President Trump's 2024 Campaign. To the extent that she seeks additional information about Mr. Glassner's current employment, including, *inter alia,* his title or duties, it is irrelevant to discovery pursuant to FRCP 56(d), which only provides for discovery concerning "facts essential to justify [Plaintiff's] opposition" to Defendants' motion.

Thus, on its face, the language in the Glassner Declaration upon which Plaintiff purports to rely does not refer to any conduct taken by any specific employee at all, to say nothing of the Campaign's views of the Tweets themselves. Nor does it purport to explain the reasons underpinning the Campaign's decision to file the Arbitration. Indeed, contrary to what Plaintiff now claims, the Glassner Declaration never refers to Plaintiff's Tweets themselves as "scandalous" or "embarrassing." Accordingly, Plaintiff's Motion seeking to compel a response as to why Mr. Glassner characterized her Tweets in such a manner is improper.

What is especially perplexing about Plaintiff's Motion seeking to compel an explanation as to why the Campaign purportedly viewed the Tweets as "scandalous" or "embarrassing" is that Mr. Glassner attempted to explain to Plaintiff on multiple occasions that paragraph 8 of his Declaration was not referencing any conduct specific to Plaintiff at all, and that she was misreading the Glassner Declaration:

> **Q.** Okay. Mr. Glassner, paragraph 8 you refer to "scandalous or embarrassing leaks of certain private and sensitive information."
> **A. Right.**
> **Q.** What was scandalous --
> **A. I'm describing the NDA in that paragraph, why the NDAs were required.**
> **Q.** Okay. Did I --
> **A. That's what -- that's what that paragraph addresses.**

Ex. A at p. 51.

> **Q.** What was being said, Mr. Glassner, in paragraph 8? . . .
> **A. I answered this --**
> **Q.** Can you answer me?
> **A. -- I answered this previously. The purpose of paragraph 8 is to explain why NDAs are required.**

*Id.* at pp. 85-86.

Thus, there is no basis for Plaintiff's question to Mr. Glassner in the first instance and Plaintiff's Motion to compel a response should be denied.

5

### III. Plaintiff Is Not Entitled to Additional Testimony About Issues Unrelated to the Reasons for the Filing of the Arbitration

Plaintiff next seeks responses to several questions about the Arbitration, including the Campaign's purported decision after the Arbitration was filed to hold it in temporary abeyance; about the Campaign's damages calculation in the Arbitration; and, incredibly, the Campaign's damages calculation in another, completely unrelated case. *See* ECF No. 469 at pp. 6-10. However, these questions go well beyond the Glassner Declaration, which is limited to the Campaign's decision to file the Arbitration. As these questions plainly fall beyond the scope of the Order, Plaintiff's Motion to compel responses to them should be denied.

In moving to compel responses to these questions, Plaintiff appears to fundamentally misunderstand the ambit of FRCP 56(d), as well as the Court's Order. By focusing her questions on the Campaign's supposed decision to hold the Arbitration in abeyance, conversations concerning the prosecution of the Arbitration after it had been filed, and Defendants' damages calculation in the Arbitration,[2] Plaintiff seems to be claiming that any question having to do with any aspect of the Arbitration was a permitted under the Order. This is simply incorrect.

The plain language of FRCP 56(d) makes clear that it is only available "if a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to

---

[2] Although Plaintiff's Motion seeks to compel a response to her question about who Mr. Glassner consulted with about the Arbitration aside from the Campaign's former attorney, Lawrence Rosen, *see* ECF No. 469 at p. 9, this question falls outside the scope of FRCP 56(d). Plaintiff asked Mr. Glassner who he spoke with about the filing of the Arbitration and he identified Mr. Rosen. Ex. A at pp. 64, 96-97. He then testified he could not recall if anyone else was involved. *Id.* Then, turning to the question of who was involved in discussions about the Arbitration after it was filed, Ms. Delgado stated "***I think its clear from the documents.*** I don't even need his answer on that." Ex. A at 183 (emphasis added). Thus, by Ms. Delgado's own admission, she had the evidence that she deemed necessary on this point, and does not need Mr. Glassner's testimony to oppose summary judgment. *See* ECF No. 458 at p. 2 (granting Plaintiff's 56(d) Motion because "Plaintiff has averred that she cannot present facts to oppose the statements made in Glassner's declaration").

justify *its opposition*" to summary judgment. Fed. R. Civ. P. 56(d) (emphasis added). In this case, Defendants solely offered the Glassner Declaration to demonstrate that the Campaign had a non-retaliatory basis for filing the Arbitration in the first instance. *See* ECF No. 436 at p. 17 ("Even if Plaintiff could establish a prima facie claim of retaliation against the Campaign, the Campaign had a legitimate, non-retaliatory basis for its decision to institute claims against Plaintiff for breaching her NDA"). Defendants then proceeded to cite the Glassner Declaration – the only time they did so in Defendants' Motion – in order to set forth the basis for Defendants' decision to file the Arbitration – namely that "the Campaign only decided to institute an arbitration against Plaintiff after she had already breached the NDA by revealing confidential information Case about one of the Campaign's employees, Mr. Miller, and threatened to disclose confidential information about the Campaign publicly that the Campaign believed to be unnecessary to prosecuting her claims." *Id.* at pp. 17-18. Thus, the Glassner Declaration is only relevant to Defendants' Motion – and Plaintiff's application for discovery under FRCP Rule 56(d) is only permissible – to the extent that it speaks to the reasons that the Arbitration was filed. The remainder of the information that Plaintiff seeks, namely about facts and circumstances concerning the prosecution of the Arbitration after it was filed and the Campaign's legal strategies in conducting the Arbitration, is simply not relevant (to say nothing of the fact that it would also be privileged as these decisions were made in conjunction with counsel).

      Plaintiff's arguments to the contrary do not warrant a different result. Plaintiff first claims the Glassner Declaration does not mention the filing of the Arbitration or limit itself to the filing in 2017. ECF No. 469 at p. 7. However, such is not true. The Glassner Declaration identified the inciting incidents for the Arbitration as occurring in March 2017 and December 2016. ECF No. 438 at ¶¶10-11. The Glassner Declaration then explicitly states that "the Campaign ***initiated***

7

***the arbitration*** because it had a good faith belief that she had breached her NDA and it further believed it was important to enforce the Campaign's contractual rights to discourage any other confidentiality breaches, whether by Ms. Delgado or other former employees and/or consultants of the Campaign." *Id*. at ¶ 13 (emphasis added). At no point, however, does the Glassner Declaration touch on any other topic related to the Arbitration, including the legal strategy behind the prosecution of the Arbitration or the amount and/or bases for the damages claimed by the Campaign during the Arbitration. Accordingly, Plaintiff's questions about these topics are in direct contravention of FRCP 56(d) and the Order, which granted the deposition solely pursuant to FRCP 56(d) and explicitly limited the deposition accordingly. *See* ECF Nos. 452 & 458.

Plaintiff also argues that the Campaign's decision to hold the Arbitration in abeyance is relevant to the extent that it contradicts the statement in the Glassner Declaration that the Campaign did not challenge Plaintiff's ability to file a lawsuit litigating her discrimination and/or retaliation claims. But the decision to hold the Arbitration in abeyance is separate from the reason for filing the Arbitration in the first instance, and the former is not mentioned at all in the Glassner Declaration, nor is it relevant to Defendants' Motion. As the Glassner Declaration explained, the Arbitration was not filed to prevent Plaintiff from filing her claims at all. Rather, the Campaign filed the Arbitration because Plaintiff's proposed legal filing in March 2017 "threatened to reveal confidential information concerning the Campaign that was not necessary to pursue her legal claims, the purpose of which was to embarrass the Campaign and to obtain publicity at the Campaign's expense." *Id*. at ¶10. Plaintiff then proceeded to go through each of the factual allegations in her threatened March 2017 complaint and elicited testimony from Mr. Glassner as

8

to how the allegations violated the NDA in Mr. Glassner's non-legal opinion.[3]  Ex. A at pp. 113-128.  Thus, Plaintiff has all of the information to which she is entitled under FRCP 56(d).

Plaintiff also argues that she was entitled to testimony from Mr. Glassner about the Campaign's damages and why the Campaign purportedly sought the same figure in damages in the Arbitration and in another, separate, action filed against one of the Campaign's other employees, Jessica Denson.  ECF No. 469 at pp. 9-10.  However, how the Campaign determined its damages amount, and how the damages were determined in Ms. Denson's action are both privileged, and not relevant to the reasons *why* the Campaign filed the Arbitration against Ms. Delgado, the only topic covered by the Glassner Declaration.  Moreover, Ms. Delgado asked Mr. Glassner how the Campaign calculated its damages figure in the Arbitration and he stated that he did not recall.  Ex. A at pp. 77-78.

Finally, Plaintiff seeks to compel testimony from Mr. Glassner about why Mr. Miller was rehired by the Campaign in 2020.  This question is not even remotely related to the Glassner Declaration and therefore falls well outside the scope of the Order.  Plaintiff attempts to link Mr. Miller's hiring to the Glassner Declaration by citing Paragraph 8 of the Glassner Declaration.  However, as explained above, notwithstanding Plaintiff's misrepresentations, Paragraph 8 of the Glassner Declaration solely elucidated the reasons that the Campaign made its employees sign an NDA.  *See supra* at pp. 4-5.  It had nothing to do with personnel decisions made by the Campaign.  Moreover, there is no evidence that Mr. Miller violated his NDA during the relevant time period.

---

[3]   Additionally, as with the line of inquiry as to the other individuals with whom Mr. Glassner discussed the Arbitration after it was filed, *see supra* at n.2, Plaintiff has admitted to having sufficient documentary evidence about this topic.  Specifically, in the context of an objection to questions about the reasons the Arbitration was in abeyance, Plaintiff stated "***It's not as if I don't already have everything I need in documentation***.  Trust me." Ex. A at 108-110 (emphasis added).  Given that Plaintiff has conceded that she already has "everything I need" on this point, she cannot seek Mr. Glassner's deposition on this topic pursuant to FRCP 56(d).

9

It appears that, rather than seeking Mr. Glassner's deposition to obtain additional facts necessary to oppose Defendants' motion for summary judgment, Plaintiff is using the Order as a vehicle to obtain information that she believes is relevant to her own anticipated cross-motion for summary judgment or her motion to amend the complaint to add Mr. Glassner, Mr. Miller, and Eric Trump as defendants (ECF No. 403). This is plainly improper. FRCP 56(d) is explicitly limited to evidence necessary for an "opposition" to summary judgment. Fed. R. Civ. P. 56(d). Courts in this circuit have made clear that a party cannot use FRCP 56(d) to conduct a fishing expedition in search of affirmative evidence it seeks to use in proving its case. *See, e.g., All Am. Tel. Co., Inc. v. AT & T Corp.*, 328 F. Supp. 3d 342, 358 (S.D.N.Y. 2018) ("Rule 56(d) is meant to shield a party against the entry of summary judgment where it has not had an adequate opportunity to defend—a party cannot weaponize Rule 56(d) to fish for evidence in hopes of finding out whether it has a claim") (citing *Paddington Partners v. Bouchard*, 34 F.3d 1132, 1138 (2d Cir. 1994)).

## IV. Plaintiff is Not Entitled to Additional Testimony Concerning Her Complaint in the Instant Case

Plaintiff's Motion also seeks an order compelling Mr. Glassner to proceed paragraph-by-paragraph through her Amended Complaint in this case such that she could elicit testimony about which paragraphs violate the NDA. However, at no point did the Campaign allege that Plaintiff's Amended Complaint violated the NDA. More relevant here, the Glassner Declaration does not claim that the allegations in Plaintiff's Amended Complaint violated her NDA. Accordingly, there is simply no reason to force Mr. Glassner, a non-lawyer, to go through each allegation in the Amended Complaint and give his layman's opinion as to whether it violates the NDA. Mr. Glassner's testimony on this point would be both irrelevant and of no possible use to the parties.

Nor is it necessary to oppose Defendant's Motion, as would be required to be warranted under FRCP 56(d).

## V. Plaintiff Is Not Entitled to Additional Testimony Concerning Purported Complaints of Discrimination Made by Other Women

Finally, Plaintiff's Motion attempts to circumvent the Court's prior orders by seeking information concerning other purported complaints of discrimination made by women against the Campaign in 2020. ECF No. 469 at p. 11. Plaintiff has already sought to take Mr. Glassner's deposition concerning these other purported complaints, and that request was denied, both by this Court and by Judge Torres. In denying Plaintiff's previous requests to depose Mr. Glassner based on her belief that other (undisclosed) women have brought discrimination claims against the Campaign, this Court held that Plaintiff's failure to timely seek Mr. Glassner's deposition during the discovery period "does not demonstrate diligence." ECF No. 381 at p 2. This Court further explained that "this Court has previously denied Plaintiff's request to obtain information about settlements of suits. ECF No. 371. The information Ellis provided about settlements does not justify revising this Court's prior orders or suggest that the search of Glassner's ESI was incomplete." *Id.* at pp. 2-3.

Plaintiff now claims that Defendants' Motion somehow "opened the door" to her impermissible inquiry. This is plainly untrue, and Plaintiff does not cite anything supporting her outlandish claim. Instead, she cites a sentence in Defendants' Motion where Defendants state that they sued other employees that divulged confidential information in violation of their NDAs. ECF No. 436 at p. 17. Notably, however, this sentence does not cite to the Glassner Declaration, nor does the Glassner Declaration discuss, or even tangentially reference, any complaints of discrimination made by any female employees in 2020. As a result, Plaintiff's questions once

11

again clearly seek to contravene the limits imposed by the Order and should not be countenanced by the Court.

Moreover, the statement in Defendants' Motion to which Plaintiff cites has nothing to do with Plaintiff's questions about other supposed complaints against the Campaign in 2020. Not only has Plaintiff failed to demonstrate that any such complaints existed and were not already produced in discovery in this case, but there is no evidence that any of these supposed employees ever divulged confidential information or breached their NDA. Put simply, Plaintiff's questions have absolutely no bearing on Defendants' Motion and her attempts to use FRCP 56(d) to obtain information to which this Court and Judge Torres already held she was not entitled is impermissible under the law. *See Moccia v. Saul*, 820 F. App'x 69, 70 (2d Cir. 2020) (affirming denial of a request for additional discovery where the plaintiff's "Rule 56(d) request was filed months after the close of discovery and raised the same arguments as her earlier motions to compel, which two magistrate judges denied for reasons falling well within their discretion").

## CONCLUSION

For the foregoing reasons, Mr. Glassner respectfully requests that the Court deny Plaintiff's Motion in its entirety.

Dated: November 12, 2024
New York, New York

**SCHULMAN BHATTACHARYA, LLC**

By:   /s/ Jeffrey S. Gavenman
Jeffrey S. Gavenman
6116 Executive Boulevard, Suite 425
North Bethesda, Maryland 20852
and
240 West 40th Street
New York, NY 10018
Tel.: (240) 356-8553
Email: jgavenman@schulmanbh.com