```
 1              UNITED STATES DISTRICT COURT
               SOUTHERN DISTRICT OF NEW YORK
 2

 3                    CASE NO.:  19-cv-11764 (AT)(KHP)

 4    ARLENE DELGADO,

 5          Plaintiff,

 6    v.

 7    DONALD J. TRUMP FOR PRESIDENT, INC.,
      TRUMP FOR AMERICA, INC.,
 8    SEAN SPICER, individually,
      REINCE PRIEBUS, individually, STEPHEN
 9    BANNON,individually,

10          Defendants,

11    _____/

12

13    LOCATION:  Remote Audio-Video Communication

14    DATE:  October 22, 2024

15    TIME:  9:30 a.m. - 1:11 p.m.

16

17

18

19          DEPOSITION OF MICHAEL GLASSNER

20

21          Taken remotely before Elena Robaina,

22    Florida Professional Reporter, Notary Public in and

23    for the State of Florida at Large, pursuant to

24    Notice of Taking Deposition filed in the above

25    case.
```

ARLENE DELGADO v. DONALD J. TRUMP FOR PRESIDENT,
MICHAEL GLASSNER October 22, 2024                                    2

1   APPEARANCES:

2   ON BEHALF OF THE PLAINTIFF:
    ARLENE DELGADO, PRO SE
3   1065 SW 8th St
    PMB 609
4   Miami, FL 33130
    E-mail:  ADelgado@outlook.com

5

6   ON BEHALF OF THE DEFENDANTS:
    SCHULMAN BHATTACHARYA,LLC
7   6116 Executive Boulevard
    Suite 425
8   North Bethesda, Maryland 20852
    BY:  Jeffrey S. Gavenman, Esq.
9   E-mail: JGavenman@SchulmanBH.com
            Renan Varghese, Esq.
10          RVarghese@ SchulmanBH.com

11                     I N D E X

12

13            E X A M I N A T I O N S

14  MICHAEL GLASSNER
                    DIRECT   CROSS   REDIRECT RECROSS
15    BY MS. DELGADO      4
      BY MR. GAVENMAN:            189

16

17          EXHIBITS FOR IDENTIFICATION

18  PLAINTIFF'S                          PAGE

19  No. 1    Declaration of Michael      17
             Glassner
20  No. 2    Tweets                      29
    No. 3    Tweet still on Twitter      34
21  No. 4    Tweet by Journalist         40
    No. 5    Declaration of Michael S.   44
22           Glassner
    No. 6    Arbitration Claim           54
23  No. 7    Agreement                   70
    No. 8    E-mail 12/23/2019           70
24  No. 9    Several E-mails in December 72
             2019
25  No. 10   2018 E-mails                88
    No. 11   June 2018 E-mail            88

ARLENE DELGADO v. DONALD J. TRUMP FOR PRESIDENT,
MICHAEL GLASSNER - October 22, 2024                                    7

1    today?

2              **A.**    No.

3              **Q.**    Okay.  Fine.

4                   Are you currently working,

5    Mr. Glassner, on the Trump 2024 election effort?

6                   MR. GAVENMAN:  Objection.  Objection.

7                   That is outside the scope that was allowed

8                   for this deposition.  His current status of

9                   what he's doing has no bearing on the

10                  declaration that was filed.  This is not

11                  within the scope of what was allowed.

12                  So you can -- you already asked his

13                  occupation and what he's doing, but as to

14                  specifics, that's not within the scope of

15                  this deposition.

16                  MS. DELGADO:  Mr. Gavenman, I think

17                  that was you speaking because you're not

18                  spotlighted.  The topics of the

19                  deposition -- of the declaration that were

20                  allowed for this deposition, Mr. Glassner

21                  in Paragraph 1 identifies himself as a

22                  former employee of the Donald J. Trump for

23                  President Campaign and then gives a recap

24                  of his resumé through 2020.

25                  I completely disagree that asking him

1            MR. GAVENMAN:  You already asked me

2       that question, Ms. Delgado.  Please.

3            MS. DELGADO:  Yes.

4            MR. GAVENMAN:  It's not a -- it's not

5       a proper -- you're asking my basis for a

6       statement is not a proper deposition

7       question at anytime.  I'm not a --

8            MS. DELGADO:  It's an inflammatory

9       accusation.

10            MR. GAVENMAN:  -- I'm not being

11       deposed.  And I already answered the

12       question.  Please.  We have three hours.

13       Let's get the --

14            MS. DELGADO:  It's an inflammatory

15       accusation.

16            MR. GAVENMAN:  Let's get the questions

17       that matter.

18            MS. DELGADO:  It's an inflammatory

19       accusation.

20  BY MR. GAVENMAN:

21       Q.   Let's get into the declaration.

22  Mr. Glassner, I'd like you to turn to paragraph 11

23  of your declaration.

24            MS. DELGADO:  I'd also like to state

25       for the record and before we turn to

```
 1              paragraph 11, the fact that Mr. Glassner is

 2              working on the Trump campaign was already

 3              noted by Mr. Gavenman -- by Mr. Glassner --

 4              I mean, by Mr. Glassner's own counsel when

 5              he was trying to avoid the scheduling of

 6              this deposition.  So apparently it was

 7              relevant for scheduling but not -- because

 8              he asked about it at the actual deposition,

 9              further meriting sanctions.

10    BY MS. DELGADO:

11              Q.   Okay.  So Mr. Glassner, if you could

12    look at paragraph 11 --

13              MR. GAVENMAN:  You know he's doing

14              some work with the Trump campaign.  He

15              can -- he can acknowledge that, he's doing

16              some work for the Trump campaign, but we're

17              not getting into anything beyond that.

18              There you go, there's your answer.  Okay.

19              But we're not getting into that or anything

20              else.

21              MS. DELGADO:  I'm sorry.  I'm sorry.

22              MR. GAVENMAN:  But is that -- is that

23              all -- is that all you were trying to get?

24              That's fine.

25              MS. DELGADO:  I'm sorry.  I'm going to
```

ARLENE DELGADO v. DONALD J. TRUMP FOR PRESIDENT,
MICHAEL GLASSNER - October 22, 2024
14

1           seek sanctions on that as well.  Did you

2           just answer for your client?  It sounds

3           like you did.  You just gave an

4           answer representing your client.

5                MR. GAVENMAN:  No, I'm representing --

6           I'm representing for you that he's doing

7           some work for the Trump campaign and we

8           will stipulate to that --

9                MS. DELGADO:  Mr. Gavenman --

10               MR. GAVENMAN:  -- but we will not go

11          further.

12               MS. DELGADO:  Mr. Gavenman, I'm going

13          to caution --

14               MR. GAVENMAN:  Yes, Ms. Delgado.

15               MS. DELGADO:  -- you not to answer on

16          behalf of your client.  I will seek severe

17          rule of evidence sanctions on you again if

18          you do that.  Do not answer on behalf of

19          your client.  You are not in the deposition

20          seat.

21               MR. GAVENMAN:  I most certainly did

22          not, Ms. Delgado.  Please continue.

23               MS. DELGADO:  Yes, you did.  The

24          record will be clear.  I'll get the

25          transcript.

1          **A.**    Okay.

2          **Q.**    -- you refer to the "scandalous or

3     embarrassing leaks."  What was scandalous or

4     embarrassing?

5               MR. GAVENMAN:  Objection.

6               THE WITNESS:  I don't see -- you know,

7          again, I don't understand the question.

8     BY MS. DELGADO:

9          **Q.**    Okay.  Mr. Glassner, paragraph 8 you

10     refer to "scandalous or embarrassing leaks of

11     certain private and sensitive information."

12          **A.**    Right.

13          **Q.**    What was scandalous --

14          **A.**    I'm describing the NDA in that

15     paragraph, why the NDAs were required.

16          **Q.**    Okay.  Did I --

17          **A.**    That's what -- that's what that

18     paragraph addresses.

19          **Q.**    Okay.  I guess this is a -- a good

20     point to clarify then, your declaration appears to

21     give two grounds for the arbitration action against

22     me, which is the intended threat in the lawsuit in

23     paragraph 10 and the tweets in paragraph 11.

24          **A.**    Uh-huh.

25          **Q.**    Is that correct?

ARLENE DELGADO v. DONALD J. TRUMP FOR PRESIDENT,
MICHAEL GLASSNER - October 22, 2024
64

```
 1              Q.    And on that vein, I believe you stated
 2      earlier that, same as in Ms. Denson's case, you
 3      made the determination with Mr. Rosen to proceed
 4      with the arbitration action?
 5              A.    Yes.
 6              Q.    Okay.  And whom did you consult with,
 7      apart from Mr. Rosen, about that arbitration
 8      action?
 9              A.    No one that I recall.
10              Q.    Even as it was ongoing.  I don't mean
11      solely the determination to begin the initiation of
12      it.
13              MR. GAVENMAN:  Objection.  That's
14              beyond the scope of this deposition and
15              beyond the scope of this affidavit.
16              Anything after filing is beyond the scope.
17              You can certainly ask about the filing.
18              MS. DELGADO:  But his declaration is
19              not limited to the filing.
20              MR. GAVENMAN:  Well, his declaration
21              is limited to the filing as it pertains to
22              the arbitration.  There's obviously other
23              material in here, but none of it is beyond
24              the arbitration other than the mere
25              background fact that he was working in
```

1           at least within your extremely narrow

2           scope, does include the 2017 filing, you're

3           now saying that I can't ask about the

4           one-page 2017 filing form.

5                MR. GAVENMAN:  No, that's not what I'm

6           saying.

7                MS. DELGADO:  Yes you are because the

8           damages is listed in the claim form on

9           page 1.

10               MR. GAVENMAN:  Sure.  So you can ask

11          about the claim --

12               MS. DELGADO:  You're saying that too

13          is now not permitted.

14               MR. GAVENMAN:  Go ahead.  Go ahead,

15          ask your question.  I'll object as it -- as

16          it comes in.  Go ahead.

17     BY MS. DELGADO:

18          Q.   Mr. Glassner, let me ask again, if

19     you're able to see the amended demand from 2017, it

20     has a damages, sir, of 1.5 million.  Are you able

21     to see that?

22          A.   I see that.  Yes.

23          Q.   How was that calculated?

24          A.   I don't recall.

25          Q.   Okay.  Was it you; was it counsel?  Do

1    you recall?

2           **A.**    I don't recall.

3           **Q.**    Okay.  And for that filing, if you

4    look at the next page, the exhibit, which states

5    the ground of the filing, the claim was that the

6    tweets or tweet had caused damages, correct?

7           **A.**    That's what it says.

8           **Q.**    And how would discussion of Miller

9    being White House communications director cause

10   damages to the campaign?

11          MR. GAVENMAN:  Objection.

12          And caution you not to reveal any

13          privileged information.  To the extent you

14          can answer that without revealing

15          privileged information, you may do so.

16   BY MS. DELGADO:

17          **Q.**    I'm not asking you to tell me what

18   discussions you had with your attorney,

19   Mr. Glassner.  You agreed with this.  I'm asking

20   you, how was the campaign damaged?

21          **A.**    I just said I don't recall how the

22   damages were calculated.

23          **Q.**    I don't mean how they were calculated,

24   the number.  How was the campaign damaged?

25          MR. GAVENMAN:  So this is the

ARLENE DELGADO v. DONALD J. TRUMP FOR PRESIDENT,
MICHAEL GLASSNER - October 22, 2024

```
 1                    privileged information mixed in there, but
 2                    that's outside the scope of the deposition
 3                    what was -- what happened in a -- in the
 4                    damages clause of a separate arbitration.
 5       BY MS. DELGADO:
 6            Q.    Mr. Glassner, if there were scandalous
 7       and embarrassing leaks as you said in paragraph 8,
 8       how do you explain rehiring Jason Miller?
 9                    MR. GAVENMAN:  Excuse me.  Objection.
10                    Way outside the scope.
11                    MS. DELGADO:  No.
12                    MR. GAVENMAN:  And way outside the
13                    scope of this deposition.  It is.  There's
14                    a form and foundation problem to your
15                    question, but it's also outside the scope
16                    the way you framed the last part of the
17                    question.
18                    MS. DELGADO:  No.  He speaks of
19                    scandalous and embarrassing leaks on
20                    paragraph 8 of his declaration.
21                    MR. GAVENMAN:  He already explained
22                    that's -- okay.  He already explained
23                    that's not what's being said in
24                    paragraph 8.  It simply is not.
25       BY MS. DELGADO:
```

1        **Q.**   What was being said, Mr. Glassner, in

2    paragraph 8?  Because your attorney is speaking for

3    you here.  Also highly improper.

4        **A.**   I answered this --

5        **Q.**   Can you answer me?

6        **A.**   -- I answered this previously.  The

7    purpose of paragraph 8 is to explain why NDAs are

8    required.

9        **Q.**   And where is scandalous or

10    embarrassing, either of those words, found in the

11    NDA?

12        **A.**   I don't recall.

13        **Q.**   Okay.  I'll -- take your time.  Look

14    at the NDA.  I think it's --

15        MR. GAVENMAN:  Exhibit 7.

16        MS. DELGADO:  Sure.

17    BY MS. DELGADO:

18        **Q.**   Take your time, Mr. Glassner, and let

19    me know where you find the word "scandalous" or

20    "embarrassing," please.

21        (Pause.)

22        THE WITNESS:  Okay.

23    BY MS. DELGADO:

24        **Q.**   Okay.

25        **A.**   Is there a question?  What is the --

1    **A.**    Yes.  Uh-huh.

2    **Q.**    So were you aware that my attorney in

3    2017 offered to file the Complaint with the New

4    York Human Rights Commission under seal?

5    **A.**    I don't recall.

6    **Q.**    Okay.  But you say the campaign -- in

7    paragraph 10 you say the campaign had the belief

8    that I was unwilling to file under seal, correct?

9    **A.**    I don't recall.

10   **Q.**    Well, but Mr. Glassner, with all due

11   respect, if you don't recall, why would you make

12   the statement in this declaration that was written

13   only last month?

14   **A.**    That's my -- that was my recollection

15   of this matter.

16   **Q.**    It was your recollection about --

17   **A.**    I know.  But you're talking about two

18   separate things.  In my declaration I say that this

19   is my recollection -- this is what I believe.

20           But I don't recall otherwise.  I don't

21   recall any -- I just said I don't recall that

22   offer --

23   **Q.**    Okay.  When you say that -- Hmm-hmm?

24   Okay.

25           When you say the campaign also

1     believes then -- you know, to make Mr. Gavenman

2     happy, we're talking about 2017; who else was

3     involved in the discussion, because you keep saying

4     "the campaign"?

5           **A.**    I was the representative of the

6     campaign.

7           **Q.**    Who else was involved besides

8     Mr. Rosen?

9           **A.**    Mr. Rosen and myself.

10          **Q.**    Only you two?

11          **A.**    As far as I recall, yes.

12          **Q.**    What about Eric Trump?

13          **A.**    Not to my knowledge.

14          **Q.**    Okay.  I'm going to insert here a

15    composite exhibit.

16                (Thereupon, Plaintiff's Exhibit

17          No. 14 was marked for identification.)

18    BY MS. DELGADO:

19          **Q.**    It is a batch of e-mails,

20    Mr. Glassner, between you, Mr. Eric Trump,

21    Mr. Allen Garten, who's Trump Org general counsel,

22    and Larry Rosen.  And these have all been

23    previously produced by Mr. Trump.  And I'm also

24    going to insert another exhibit.

25                MS. DELGADO:  Please mark these

ARLENE DELGADO v. DONALD J. TRUMP FOR PRESIDENT,
MICHAEL GLASSNER - October 22, 2024
108

1          established that I object to you asking him

2          about these e-mails and what happens after

3          the filing of this arbitration.  As to his

4          motivation when it was filed --

5              MS. DELGADO:  So you're not permitting

6          me to ask him about the Trump --

7              MR. GAVENMAN:  What's that?

8              MS. DELGADO:  -- because the

9          motivation goes to why it went dormant.

10             MR. GAVENMAN:  And what happened --

11             MS. DELGADO:  Whether it was a good

12         faith --

13             MR. GAVENMAN:  -- after it was filed.

14         Okay?

15             MS. DELGADO:  Whether it was a good

16         faith filing or not, it directly

17         intertwines with why I say it suddenly went

18         dormant with it and then revived it in

19         December 2019.  That reveals whether the

20         motivation cited in this declaration is

21         accurate or not.

22             But you're instructing your client to

23         engage in obstruction and refuse to answer

24         that, and you're refusing as an officer of

25         the court to permit with a series of

1       relevant line of questions.

2             MR. GAVENMAN:  No, I'm certainly not.

3       You can ask about --

4             MS. DELGADO:  You are.

5             MR. GAVENMAN:  -- this as good faith

6       and you can challenge it --

7             MS. DELGADO:  But you --

8             MR. GAVENMAN:  -- But getting into

9       what happened in 2019 -- and by the way,

10      obviously, there's advice of counsel that

11      mixes into what happened and why it went

12      dormant, so he can't even answer that

13      question.  There's -- there is privileged

14      information about what happens afterwards.

15            So not only are we outside the scope,

16      but it's also undoubtedly privileged, so...

17            MS. DELGADO:  Mr. Gavenman, I realize

18      I'm a pro se litigant.  I realize I'm a

19      woman.  I realize I'm Hispanic.  But let me

20      explain to you that what he states in his

21      declaration, he doesn't get to hide behind

22      it was my attorney.  He's --

23            MR. GAVENMAN:  He's not hiding behind

24      his attorney.  He's talking about his

25      motivation --

ARLENE DELGADO v. DONALD J. TRUMP FOR PRESIDENT,
MICHAEL GLASSNER - October 22, 2024

110

1              MS. DELGADO:  Yes, he is.  He's said

2         on multiple times --

3              MR. GAVENMAN:  -- his understanding.

4              MS. DELGADO:  He's been caught

5         perjuring himself and he's done so multiple

6         times in this deposition claim hiding

7         behind his attorney.

8              He didn't have to do this declaration,

9         he chose to.  Doesn't say his attorney's

10        name on it.  It's not Larry Rosen's name on

11        here, it's Michael Glassner.  So he doesn't

12        get to answer and say hide behind, my

13        attorney told me told, but that's what the

14        attorney said.  He's saying this.  He's

15        saying I violated the NDA.

16             MR. GAVENMAN:  Absolutely.

17             MS. DELGADO:  He's saying the tweets

18        were improper.

19             MR. GAVENMAN:  Please, please ask a

20        question.

21             MS. DELGADO:  So let's move on.  Let's

22        move on.

23             MR. GAVENMAN:  Ask those questions.

24             MS. DELGADO:  It's not as if I don't

25        already have everything I need in

1    **Q.**    Right.

2    **A.**    You're talking about the actual

3    lawsuit.  Those are two separate things.

4    **Q.**    No --

5    **A.**    I didn't know what was in the lawsuit

6    at the time.

7    **Q.**    Okay.  No, sir.

8    This lawsuit was never filed.  This is

9    the one that was sent to you and Jones Day and the

10   attorneys.  I just want to make clear, I'm not

11   showing you the one that was filed in

12   December 2019.  This was a, quote-unquote,

13   threatened lawsuit from March 2017.

14   **A.**    Right.  And that's what I'm saying.

15   In my declaration I said that you intended to file

16   it.  This is the document.  I didn't -- I wasn't

17   aware of the document.

18   **Q.**    Okay.  Nonetheless --

19   **A.**    I hadn't seen the document.  They are

20   two different things.

21   **Q.**    So you never saw this before the

22   filing?

23   **A.**    Not that I recall.

24   **Q.**    Before the arbitration filing, let me

25   be clear?

1          **A.**    I don't -- I don't recall.

2          **Q.**    Okay.  Let's go through it

3     nevertheless.  Would paragraph 1 violate the NDA?

4               MR. GAVENMAN:  Objection.

5     BY MS. DELGADO:

6          **Q.**    In your opinion, not a legal opinion.

7          **A.**    I'm not a lawyer.

8          **Q.**    Okay.

9          **A.**    So I'm not going to give you a legal

10    opinion.

11         **Q.**    I didn't ask for a legal opinion.

12         **A.**    Right.  But I'm not going to give you

13    an opinion without counsel.  This is a legal --

14         **Q.**    So you already planted your?

15         **A.**    -- document.  I'm not a lawyer.

16         **Q.**    But you already gave an opinion, sir,

17    in your declaration.

18               So are you taking one position in your

19    declaration and another in this deposition?

20    Because the entire point of this deposition is to

21    talk about your declaration.

22         **A.**    Right.  But again, I said they are two

23    separate things.  In my declaration I said that on

24    March we believed that you intended to file a

25    lawsuit.  This is the lawsuit.  They are two

1    separate things.

2         **Q.**    But you say that I intended to file a

3    lawsuit with, quote, information concerning the

4    campaign that was not necessary to pursue her legal

5    claims.  What's that based on?

6         **A.**    That was I learned that you had

7    threatened to do it.  This is the document.  They

8    are two separate things.

9         **Q.**    What is the information concerning the

10   campaign that I threatened to divulge that was not

11   necessary to pursue my claim?

12        **A.**    I don't -- sorry, I don't understand

13   the question.

14        **Q.**    Mr. Glassner, you're saying in your

15   declaration that I threatened to file a lawsuit

16   with "information concerning the campaign that was

17   not necessary to pursue by legal claims."  What

18   information?  Are you claiming now that you never

19   saw a draft?

20        **A.**    I don't recall.  Well, I don't

21   understand your question.  In my declaration it

22   doesn't say that I saw it.  It says that I learned

23   it from counsel presumably.

24        **Q.**    So you greenlit a $1.5 million

25   arbitration when you had not seen a draft?

1     **A.**    I don't recall.

2     **Q.**    Let's go through this nonetheless and

3     you tell me whether you believe any of this would

4     violate the NDA or its confidential information.

5     **A.**    Again, I'm not a lawyer, and I

6     cannot --

7     **Q.**    Well, then how can you just give me --

8     **A.**    -- interpret this legal document.

9     **Q.**    Okay.  I'm not asking you to give

10    legal opinion, and I'll seek sanctions because you

11    went through this in Jessica Denson's deposition,

12    and you went through paragraph by paragraph, so I

13    think it's very clear there's a different position

14    being taken on this one.

15            We're going to go through -- you had

16    no problem giving your opinion then.  You're now

17    claiming that that would require a legal opinion,

18    sir?  You didn't say it in Denson's deposition.

19    You went through and opined paragraph by paragraph

20    what would be considered disparaging, confidential,

21    et cetera.

22            Why are you refusing to do it in this

23    deposition?

24    **A.**    You know, I can do it, but I'm not a

25    lawyer.

ARLENE DELGADO v. DONALD J. TRUMP FOR PRESIDENT,
MICHAEL GLASSNER - October 22, 2024
117

1          Q.    Sure.  I'm not going to hold you to it

2     in the sense of considering your official legal

3     opinion.  I want your opinion as the campaign

4     executive at the time.  And I realize you're not a

5     lawyer and it's not a legal opinion.  So let's go

6     through it.

7               MR. GAVENMAN:  Sorry, Ms. Delgado, you

8               wanted him sitting here today.  I think

9               that would clarify the matter, and you just

10              put "at the time" in your question.

11              MS. DELGADO:  Sorry.  Say that again.

12              MR. GAVENMAN:  Are you asking his

13              opinion at the time, or are you asking

14              sitting here today?

15              MS. DELGADO:  Well, I would --

16              MR. GAVENMAN:  And my impression of

17              the question was as we're sitting here

18              today.

19    BY MS. DELGADO:

20         Q.    Mr. Glassner, has your opinion changed

21    over time?

22         A.    I'm sorry?

23         Q.    Does your opinion on these matters

24    change over time?

25              A.    I don't recall.  This was several

1    years ago, right?

2              **Q.**    Right.

3              **A.**    So I don't remember.  So you're

4    asking -- I would defer to my counsel.

5                   Are you asking my opinion today?

6              **Q.**    Well, obviously, any opinion given is

7    an opinion in your mind at the time of the

8    deposition.  And I guess it's up to reasonable

9    minds to decide whether that would be reflected of

10   your dep -- of your opinion at the time.

11                  So you can qualify however you'd like,

12   if you'd would like to say that's my opinion today.

13             **A.**    Okay.

14             **Q.**    So we'll put that qualifier on all

15   just to keep it moving --

16             **A.**    Okay.

17             **Q.**    -- if it's your opinion today.  Would

18   this violate -- and, of course, I realize the NDA

19   is no longer in place.  So as if the NDA were still

20   in place, if it had not been kicked out by a court,

21   would this violate the NDA, paragraph 1?

22             **A.**    Well, I don't -- I don't know if

23   anything that's alleged here is true.  I wasn't

24   involved.  I don't know if you were stripped,

25   isolated, or denied a job.  I wasn't involved in

1    that.

2        **Q.**    Would making this statement violate

3    the NDA?

4        **A.**    Presumably, yes.  Yes.

5        **Q.**    Would it be that confidentiality

6    and/or the non-disparagement?

7        **A.**    Confidentiality.

8        **Q.**    Okay.  Let's move on to 2.

9        **A.**    Yeah, that violates confidentiality.

10       **Q.**    What part of that do you think would

11   violate confidentiality?

12       **A.**    It describes internal conversations in

13   the campaign.  Private conversations.

14       **Q.**    So a conversation between myself and

15   the person whose child I'm carrying would be

16   considered confidential information the campaign

17   owns?

18            MR. GAVENMAN:  Objection.

19            THE WITNESS:  You were both employees

20       of the campaign.

21   BY MS. DELGADO:

22       **Q.**    What about 3?

23       **A.**    Yeah, it -- it violates internal

24   campaign conversations that were confidential.

25       **Q.**    What about 4?

ARLENE DELGADO v. DONALD J. TRUMP FOR PRESIDENT,
MICHAEL GLASSNER - October 22, 2024

1          **A.**    Yeah, again, presumably it highlights

2    internal, you know, confidentiality campaign

3    decision-making.

4          **Q.**    What about 5?

5          **A.**    Yes, same.

6          **Q.**    6?

7          **A.**    I can't -- no, because it doesn't

8    involve the campaign.

9          **Q.**    What about 7?

10         **A.**    Same.  It doesn't involve the

11   campaign.

12         **Q.**    What about 8?

13         **A.**    Yeah, again, it doesn't involve the

14   campaign.

15         **Q.**    We'll skip through 9, if you agree

16   with me on that 9, because it seems that they

17   appear to just list the parties.

18         **A.**    Okay.

19         **Q.**    So -- okay.  Let's go to 16.

20         **A.**    Yeah, that's just biographical.

21         **Q.**    Okay.  17?

22         **A.**    Same.

23         **Q.**    18?

24         **A.**    Same.

25         **Q.**    19?

1    **A.**    Yes, that violates confidentiality.

2    **Q.**    How so?

3    **A.**    Internal communications.

4    **Q.**    Where is the internal communication?

5    **A.**    Presumably from Mr. Trump to you.

6    **Q.**    Where is this -- are you reading

7    paragraph 20?

8    **A.**    19.

9    **Q.**    Oh, you're on 19.  Okay.

10    **A.**    Yeah, again, those are internal

11    confidential conversations.

12    **Q.**    But was I working for the campaign in

13    that time period?

14    **A.**    I don't recall.

15    **Q.**    Okay.  If I were to tell you I was

16    working for the campaign officially starting in

17    August, why would conversations, messages from

18    Mr. Trump in the spring of 2015 be confidential?

19    **A.**    Oh, okay.  Yeah, I didn't recall the

20    dates.

21    **Q.**    Okay.  So then no, okay?

22    **A.**    Right.

23    **Q.**    Okay.  That paragraph is okay.

24          Okay.  What about 20?

25    **A.**    I don't know the context to these

ARLENE DELGADO v. DONALD J. TRUMP FOR PRESIDENT,
MICHAEL GLASSNER - October 22, 2024

122

```
 1     comments, are they public or not public?
 2             Q.    If they were internal, they would
 3     be -- it would be a violation to list them in a
 4     filing?
 5             A.    Yes.
 6             Q.    21?
 7             A.    Same.  That doesn't appear to involve
 8     the campaign.
 9             Q.    That one is okay?
10             A.    Yeah.
11             Q.    22?
12             A.    I mean, this is all just biographical,
13     so no.
14             Q.    Okay.  If you want, we can skip
15     through -- well, 22 is also biographical, but I
16     don't want to put words in your mouth, so feel free
17     to answer it.
18             A.    Yeah, it is.
19             Q.    Okay.  23?
20             A.    It looks like a public declaration.
21             Q.    So okay.
22             A.    Yes.
23             Q.    24?
24             A.    Yes.
25             Q.    Meaning okay?
```

ARLENE DELGADO v. DONALD J. TRUMP FOR PRESIDENT,
MICHAEL GLASSNER - October 22, 2024
123

1          A.    Yeah, it's fine.

2          Q.    Okay.  25?

3          A.    Yes, that's a violation of internal

4     communications.

5          Q.    26?

6          A.    Yeah, again, biographical.

7          Q.    27?

8          A.    Yes, that violates internal campaign

9     strategies.

10         Q.    28?

11         A.    That's biographical.

12         Q.    29?

13         A.    Yes, that violates internal strategy

14    communications.

15         Q.    30?

16         A.    Yes, that's internal communications.

17         Q.    31?

18         A.    Same, that's disclosure of internal

19    communications.

20         Q.    32?

21         A.    Yes, that involves internal

22    communications.

23         Q.    33?

24         A.    Again, this is -- I can't really

25    determine if it does or not because this is your

ARLENE DELGADO v. DONALD J. TRUMP FOR PRESIDENT,
MICHAEL GLASSNER - October 22, 2024

124

1    assertion.  I don't know if this is factual or not.

2         **Q.**    Understood.  That's fair.

3              Assuming it is, would it be a

4    violation?

5         **A.**    Yes.

6         **Q.**    34?

7         **A.**    Same.

8         **Q.**    Violation?

9         **A.**    It's your recollection, there's no --

10   you know, I don't know if this is factual or not.

11        **Q.**    I understand the qualifier.  I'm not

12   saying that by your saying they are confidential

13   that you are admitting this is true.  Understood?

14        **A.**    Okay.

15        **Q.**    I just -- presumably if it's true.

16        **A.**    If it were true, yes, it would violate

17   internal strategies.

18        **Q.**    35?

19        **A.**    Yes.

20        **Q.**    36?

21        **A.**    Yes.

22        **Q.**    37?

23        **A.**    Yes.

24        **Q.**    Communications, confidentiality?

25        **A.**    Yes.  Communications, yeah.  I guess

ARLENE DELGADO v. DONALD J. TRUMP FOR PRESIDENT,
MICHAEL GLASSNER - October 22, 2024
125

```
 1     when I say "yes," I'm saying yes, it violates the

 2     NDA.

 3             Q.    Okay.  Thanks for clarifying.

 4                   Okay.  38?

 5             A.    Yes.

 6             Q.    39?

 7             A.    Yes.

 8             Q.    40?

 9             A.    Yes.

10             Q.    41?

11             A.    Yes.

12             Q.    42?

13             A.    Yes.

14             Q.    43?

15             A.    Yes.

16             Q.    44?

17             A.    Yes.

18             Q.    45?

19             A.    Yes.

20             Q.    46?

21             A.    Yes.

22             Q.    47?

23             A.    Yes.

24             Q.    48?

25             A.    Yes.
```

1      **Q.**    49?

2      **A.**    Yes.

3      **Q.**    50?

4      **A.**    Yes.

5      **Q.**    51?

6      **A.**    Yes.

7      **Q.**    52?

8      **A.**    Yes.

9      **Q.**    53?

10     **A.**    That's, you know, just speculation.

11     That's biographical.

12     **Q.**    Okay.  54?

13     **A.**    Same.  Biographical.

14     **Q.**    That one would not violate?

15     **A.**    It's not -- it's not involving the

16     campaign.  This appears to be personal matters.

17     **Q.**    But you said earlier, though, that the

18     conversation between Miller and myself because we

19     were both campaign employees about the pregnancy

20     was considered confidential.

21     MR. GAVENMAN:  Objection.

22     BY MS. DELGADO:

23     **Q.**    Is it not?

24     **A.**    Yeah, this is the same.  It's, you

25     know, presumably conversations between colleagues.

ARLENE DELGADO v. DONALD J. TRUMP FOR PRESIDENT,
MICHAEL GLASSNER – October 22, 2024

127

1      **Q.**    So put this in the violates camp?

2      **A.**    Yeah.

3      **Q.**    Okay.  55?

4      **A.**    Same.  Wait.  Yes.

5      **Q.**    "Yes" meaning violates?

6      **A.**    Yes.

7      **Q.**    Okay.  56?

8      **A.**    Yes.

9      **Q.**    57?

10     **A.**    Yes.

11     **Q.**    58?

12     **A.**    No.

13     **Q.**    Okay.  59?

14     **A.**    Yes.

15     **Q.**    60?

16     **A.**    Yes.

17     **Q.**    Even though that's not relaying a

18     conversation or internal communication, why would

19     that violate?

20     **A.**    Number 60?

21     **Q.**    Yes, sir.

22     **A.**    Because those are -- presumably those

23     conversations and that decision was internal

24     strategic matter.

25     **Q.**    61?

ARLENE DELGADO v. DONALD J. TRUMP FOR PRESIDENT,
MICHAEL GLASSNER - October 22, 2024

128

```
 1              A.    I don't -- there's no -- I don't see
 2        the involvement in the campaign in that, so no.
 3              Q.    But 61 is pretty much what your
 4        declaration in paragraph 10 says was the cause of
 5        my --
 6              A.    I should -- I'll read it again.
 7              Yes.
 8              Q.    That violates the NDA?
 9              A.    Yeah.  Yes.
10              Q.    Okay.  62?
11              A.    Yes.
12              Q.    63?
13              A.    Yes.
14              Q.    So let me ask you about 63.
15        Mr. Spicer is not a campaign employee, so what's
16        your basis for 63 being confidential?
17              A.    I didn't recall that, so presumably
18        he's not cover -- that's not covered.  So yes, I --
19        it's not -- I don't recall Mr. Spicer's exact role.
20              Q.    64?
21              A.    Yeah, I guess it would be the same.
22        He's not -- if he's not a -- if he wasn't a
23        campaign official at the time.
24              Q.    65?
25              A.    Same.
```

1          I mean, now I have a deponent who's,

2          quite in contrast to another deposition,

3          that declared that he's not answering a

4          hypothetical.  That's a first.

5     BY MS. DELGADO:

6          Q.   Mr. Glassner, just on the last

7     question you answered about Cliff Sims, et cetera,

8     just to be extra clear, I know you stated you made

9     the decision in my case to move forward along with

10    Larry Rosen.  Did -- was it the same individual

11    making the decisions in those as well, was it you

12    and Mr. Rosen?

13         MR. GAVENMAN:  Objection.  That's

14         outside the scope.  Other than that

15         Mr. Glassner was involved, who else was

16         involved is outside the scope of this

17         deposition.

18         MS. DELGADO:  Oh, that was already

19         asked and discussed.  I think it's clear

20         from the documents.  I don't even need his

21         answer on that.  Eric Trump was clearly

22         involved.  I'm not asking him that.

23         I'm asking him who was giving the

24         green light for the others?  Was it also

25         Mr. Glassner?  He said in his deposition

```
1                CERTIFICATE OF SHORTHAND REPORTER

2      STATE OF FLORIDA    )
                           ) SS.
3      COUNTY OF MIAMI-DADE)

4

5              I, Elena Robaina, Florida Professional

6      Shorthand Reporter, do hereby certify that I was

7      authorized to and did stenographically report the

8      deposition of MICHAEL GLASSNER; and that the

9      foregoing transcript, pages 1 through 196, is a

10     true record of my stenographic notes.

11             I further certify that the said witness was

12     duly sworn according to law.

13             I further certify that I am not of counsel

14     to either of the parties to set cause or otherwise

15     interested in the action.

16             In witness whereof, I here unto set my hand

17     and affix my official seal this

18     November 7, 2024.

19

20

21     _____
       Elena Robaina
22     Florida Professional Reporter

23

24

25
```