**SCHULMANBHATTACHARYA**  6116 Executive Boulevard, Suite 425, North Bethesda, Maryland 20852 240.356.8551

**JEFFREY S. GAVENMAN**
**direct dial** 240.356.8553   **email** jgavenman@schulmanbh.com

November 15, 2024

**VIA ECF**

The Honorable Katharine H. Parker
United States District Court
500 Pearl Street, Room 750
New York, NY 10007

*Re:*   *Delgado v. Donald J. Trump for President, Inc., et. al.* **No. 19-cv-11764 (AT)(KHP)**

Dear Judge Parker:

We write respectfully on behalf of third-party witness Michael Glassner ("Mr. Glassner") and on behalf of Defendants Donald J. Trump for President, Inc. (the "Campaign"), Sean Spicer, and Reince Priebus (together "Defendants") to address two issues in the above-referenced case.

First, at Plaintiff's request, we write to clarify a point made in Mr. Glassner's opposition to Plaintiff's motion to compel additional deposition testimony from Mr. Glassner, filed on November 12, 2024 ("Mr. Glassner's Opposition"). *See* ECF No. 472. In Section IV of Mr. Glassner's Opposition, it states that Plaintiff sought to compel Mr. Glassner to walk through each paragraph of her Amended Complaint for his opinion as to whether that paragraph violated the NDA she entered into with the Campaign. *Id.* at pp. 10-11. While Plaintiff did initially mark the Amended Complaint for identification as Exhibit 17 in advance of such questions, she subsequently corrected herself and substituted her December 2019 Complaint for the Amended Complaint as Exhibit 17, before asking Mr. Glassner to go through each paragraph of that exhibit.[1] Thus, in Section IV, the word "Amended" should be replaced with "December 2019."

However, it should be noted that replacing the word "Amended" with "December 2019" in Section IV does not impact the arguments opposing Plaintiff's motion to compel additional testimony on this point in any way. Whether Plaintiff seeks to have Mr. Glassner address every paragraph in her December 2019 Complaint or the Amended Complaint is immaterial. Mr. Glassner's Declaration does not state—and the Campaign has never alleged—that either document violated Plaintiff's NDA. In fact, Mr. Glassner's deposition transcript confirms that Plaintiff understands that Paragraph 10 of the Glassner Declaration refers to Plaintiff's March 29, 2017, City of New York Commission on Human Rights complaint, not the December 2019 Complaint or the

---

[1] Attached as Exhibit 1 is a true and correct copy of excerpts from the transcript of Mr. Glassner's October 22, 2024 Deposition. Plaintiff's mistake and subsequent correction is found on 131:18-132:24 of Exhibit 1.

SCHULMAN**BHATTACHARYA**

Amended Complaint filed in this case.[2]  And, as discussed in Mr. Glassner's Opposition, Plaintiff already went "through each of the factual allegations in her threatened March 2017 complaint and elicited testimony from Mr. Glassner as to how the allegations violated the NDA in Mr. Glassner's non-legal opinion." *Id*. at pp. 8-9, citing Ex. A at pp. 113-128.  Accordingly, whether it is the Amended Complaint or the December 2019 Complaint, Plaintiff is seeking irrelevant information either way, and her motion to compel should be denied.

Separately, Defendants write to seek clarification about the deadline applicable to Plaintiff's recently filed motion to strike Mr. Glassner's declaration under FRCP 12 ("Plaintiff's Motion to Strike") that was submitted in connection with Defendants' motion for summary judgment ("Defendants' Motion") in this case.[3]  Plaintiff's Motion to Strike is addressed to evidence submitted as part of Defendants' Motion, which is before Judge Torres.  *See* ECF No. 99 (referring this case to Your Honor for all "non-dispositive pre-trial motions").  However, Your Honor decided Plaintiff's motion to compel Mr. Glassner's deposition pursuant to FRCP 56(d).  As such, it is not clear whether Defendants' opposition to Plaintiff's Motion to Strike is governed by Rule 4(a) of Judge Torres' Individual Rules of Practice in *Pro Se* cases, which permits four weeks to respond to a motion, or Rule 6.1(b) of the Local Rules of the Southern District of New York, which governs the time frame for responding to a motion to strike under Your Honor's Individual Rules of Practice and provides two weeks for Defendants to submit their opposition papers.  Accordingly, Defendants respectfully request clarification from the Court as to who will be adjudicating Plaintiff's Motion to Strike and, accordingly, the appropriate deadline for Defendants' opposition papers to the same.

We thank the Court for its time and attention in this matter.

Respectfully,

/s/ Jeffrey S. Gavenman
Jeffrey S. Gavenman

---

[2]  Ex. 1, 111:8-22.  Page 111 also contains the end of Plaintiff's statement that she has "everything I need in documentation.  Trust me," which is cited in footnote 3 of Mr. Glassner's Opposition.

[3]  As the Court may recall, there was previously confusion as to who would be adjudicating a previous motion filed by Plaintiff in this case, and, therefore, the date by which Defendants would have to submit their opposition papers to that motion.  *See* ECF No. 454 at pp. 2-3.  To avoid any such confusion in this instance, Defendants respectfully seek clarification from the Court.