```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 11/15/2024
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
ARLENE DELGADO,

                                            Plaintiff,

        -against-

DONALD J. TRUMP FOR PRESIDENT, INC.,
TRUMP FOR AMERICA, INC., SEAN SPICER,
individually, REINCE PRIEBUS, individually,
STEPHEN BANNON, individually,

                                            Defendants.
------------------------------------------------------------------X

19-CV-11764 (AT) (KHP)

ORDER ON MOTION TO COMPEL

**KATHARINE H. PARKER, UNITED STATES MAGISTRATE JUDGE:**

On September 20, 2024, Defendants filed a declaration of Michael Glassner in support of their motion for summary judgment. (ECF No. 438.) Plaintiff then moved pursuant to Federal Rule of Civil Procedure 56(d) to depose Glassner, arguing that without having the opportunity to depose him, she could not present facts to oppose the statements made in Glassner's declaration. (ECF No. 444.) The Court granted Plaintiff's request to depose Glassner, but specifically stated that the deposition was limited to the topics and allegations contained in Glassner's declaration. (ECF No. 452.) Glassner's deposition occurred on October 22, 2024. On November 6, 2024, Plaintiff filed a motion to compel deposition answers from Michael Glassner (the "Motion to Compel"), arguing that she was prevented from asking Glassner several questions due to objections raised by Defendants' counsel, Jeffrey S. Gavenman. (ECF No. 469.) Defendants opposed Plaintiff's Motion to Compel on November 12, 2024. (ECF No. 472.)

**DISCUSSION**

Rule 30(c)(2) of the Federal Rules of Civil Procedure provides that "[a] person may instruct a deponent not to answer only when necessary to preserve a privilege, to enforce a

limitation ordered by the court, or to present a motion under Rule 30(d)(3)." Fed. R. Civ. P. 30(c)(2). In all other circumstances, counsel must note objections to the examination on the record, "but the examination still proceeds; the testimony is taken subject to any objection." *Id.*

Here, the relevant limitation was the Court's explicit directive that Glassner's deposition had to be limited to the topics discussed in Glassner's declaration. Plaintiff's Motion to Compel largely argues that Gavenman objected to several topics that *were* discussed in or otherwise relevant to Glassner's declaration, while Defendants argue they were not. The Court addresses each topic below.

### Glassner's Current Employment

Plaintiff asserts that Glassner refused to answer whether he is currently working for the Trump campaign. But Mr. Gavenman explicitly stated during the deposition that Defendants would stipulate that Glassner is doing work for the Trump campaign. (*See* Glassner Deposition ("Glass. Dep.") 14:5-8.) Further, Plaintiff herself acknowledges that Glassner already conveyed via counsel in public and in a letter to the Court that he works for the Trump campaign and therefore Plaintiff has the answer to this question.

### Characterization of Plaintiff's Tweets

Plaintiff claims that Glassner refused to explain what he meant when he characterized Plaintiff's tweets as "embarrassing" and "scandalous" in his declaration. But the deposition transcript makes clear that Glassner responded to this question multiple times, explaining that that part of his declaration was describing why the Campaign was using nondisclosure agreements, rather than referring to any particular communications as embarrassing or scandalous. (*See e.g.* Glass. Dep. 51:9-18) (Q: Okay. Mr. Glassner, paragraph 8 you refer to

"scandalous or embarrassing leaks of certain private and sensitive information." A: Right. Q: What was scandalous— A: I'm describing the NDA in that paragraph, why the NDAs were required.)  Accordingly, Plaintiff received an answer to this question.

<u>2017 Time Limit</u>

Plaintiff asserts that Gavenman objected to and instructed Glassner not to answer questions regarding the following topics based on his contention that they related to events after the filing of the arbitration against Plaintiff and were therefore beyond the scope of Glassner's declaration:

- Questions regarding who Glassner consulted, apart from Larry Rosen, about the arbitration action against Plaintiff
- Questions about emails between Glassner, Eric Trump, and others concerning the arbitration against Plaintiff
- Questions regarding the holding of the arbitration against Plaintiff in abeyance, the reasoning behind such delay, and whether Glassner knew it was held in abeyance and later revived
- Questions about exhibits relating to the arbitration being held in abeyance

Plaintiff received answers to the first two categories of questions.  Glassner stated that as far as he could recall, only himself and Rosen were involved in discussions about initiating the arbitration action. (*See* Glass. Dep. 96:2-97:13.)  Further, Plaintiff showed Glassner Eric Trump's privilege log, which listed an email from Glassner to Rosen, copying Eric Trump and Alan Garten, with the subject line "AJ Delgado vs Trump for DJT President, Inc." that was sent the day before the Campaign amended the arbitration filing. Plaintiff then asked Glassner

whether the privilege log entry refreshed his recollection about whether other individuals besides himself and Rosen were involved in discussions regarding the arbitration, to which Glassner responded in the negative, stating he did not know what the body of the email was about, and he did not wish to speculate. (*See* Glass. Dep. 99:13-100:20.)

As for the questions regarding the arbitration being held in abeyance, that topic is outside of the permissible scope of Glassner's declaration, which focuses on the initiation of the arbitration proceeding against Plaintiff, and does not address or make reference to holding the arbitration in abeyance, or the reasons for doing so.

Damages

Plaintiff states that Mr. Gavenman objected to and instructed Glassner not to answer questions related to the Campaign's claim for damages in the arbitration and how the Campaign was damaged by Plaintiff's alleged NDA violations.

The Court first notes that Plaintiff asked Glassner how the damages amount was calculated, to which Glassner responded that he did not recall. (*See* Glass. Dep. 77:17-78:21) (Q: Mr. Glassner, let me ask again, if you're able to see the amended demand from 2017, it has a damages, sir, of 1.5 million. Are you able to see that? A: I see that. Yes. Q: How was that calculated? A: I don't recall.) In any case, Glassner's declaration does not discuss the arbitration demand's claimed damages amount, the basis for the damages amount, or how it was calculated. Accordingly, questions related to the amount of or the basis for the claimed damages are beyond the permissible scope of the declaration.

Plaintiff also believes she should be permitted to ask Glassner why they rehired Jason Miller, in light of the Campaign wanting to avoid scandalous leaks, but this is clearly outside the

scope of the declaration which makes no mention of Jason Miller's hiring other than to describe Plaintiff's own tweets about him.

### Violations of NDA

Plaintiff asserts that she was not permitted to ask Glassner about which portions of her December 2019 complaint in the present case violated the NDA. Glassner's declaration states that the Campaign decided to file the arbitration against Plaintiff because she intended to file a lawsuit in March 2017 that threatened to reveal confidential information. In March 2017, Plaintiff sent Glassner and others at the Campaign a copy of a complaint, presumably to demonstrate her intent to file a lawsuit, but the complaint was ultimately never filed (the "March 2017 Complaint"). During Glassner's deposition, Plaintiff went paragraph by paragraph through the March 2017 Complaint, asking Glassner if he thought each paragraph violated the NDA, and Glassner provided answers to these questions. (Glass. Dep. at 118-128.) Plaintiff asserts that despite already asking about the March 2017 Complaint, she should also be permitted to question Glassner about whether the complaint she filed in the present case in December 2019 violated her NDA. But Glassner's declaration does not discuss or make reference to Plaintiff's December 2019 complaint violating the NDA and, therefore, questioning Glassner about that complaint is outside the permissible scope of the deposition.

### Filing Other Arbitrations Demands

Paragraph 9 of the Glassner declaration states that "the Campaign brought legal action against individuals who divulged, or threatened to divulge, confidential, proprietary or strategic information about the inner workings of the Campaign, its strategic goals and/or its messaging priorities, among other things." (ECF No. 438 at 2.) During Glassner's deposition, Plaintiff cited

a statement Glassner had made in a deposition taken in a separate lawsuit in which he referenced other individuals against whom the Campaign initiated arbitrations. Plaintiff asked Glassner to identify who those other individuals were, to which Glassner replied, listing several names. (*See* Glass. Dep. 171:21-172:8.) Plaintiff argues that she should be permitted to ask Glassner whether the Campaign filed arbitration claims against the women who raised grievances for sexual harassment in 2020, arguing that Defendants "opened the door" to this information because they argue in their motion for summary judgment that Plaintiff was not treated differently in terms of the enforcement of her NDA because the Campaign brought claims against other former employees for similar breaches of NDAs. That Defendants raised this in their motion for summary judgment is irrelevant. The Court permitted Plaintiff to depose Glassner on the narrow topics raised in his declaration. The Court did not permit Plaintiff to ask Glassner about every argument raised in Defendants' motion for summary judgment.

## CONCLUSION

For the reasons set forth above, Plaintiff's Motion to Compel is DENIED. **The Clerk of the Court is respectfully directed to terminate the motion at ECF Nos. 469.**

SO ORDERED.

Dated: New York, New York
       November 15, 2024

_____
KATHARINE H. PARKER
United States Magistrate Judge