

Michael T. Madaio, Esq.
Partner
mmadaio@habbalaw.com
Admitted to practice in NJ, NY & PA

**Via ECF**　　　　　　　　　　　　　　　　　　　　　　　　　　November 22, 2024

The Honorable Katheine H. Parker
United States District Court
Southern District of New York
500 Pearl Street, Room 750
New York, New York 10007

　　　　Re:　Delgado v. Donald J. Trump for President, Inc., et al.,
　　　　　　　No. 19-cv-11764 (AT)(KHP)
　　　　　　　Response to Plaintiff's Pre-Motion Letter

Dear Judge Paker:

　　　　As you are aware, my office represents non-party, Eric Trump ("Mr. Trump"), in connection with this action. This letter is submitted in opposition to the pre-motion letter (ECF 481) filed by the plaintiff, Arlene Delgado ("Plaintiff"), which seeks permission to file a motion for sanctions against Mr. Trump and the undersigned. For the reasons set forth *infra*, Plaintiff's application is frivolous and must be denied.

　　　　As an initial matter, Plaintiff is unable to file a motion for sanctions pursuant to Fed. R. Civ. P. 11 because she failed to comply with the safe harbor provision of that statute. *See* Fed. R. Civ. P. 11(c)(2) (requiring that the motion for sanctions be served on the adversary twenty-one days before it can be filed with the court); *see also Star Mark Mgmt v. Koon Chun Hing*, 682 F.3d 170, 175 (2d Cir. 2012) (noting that "[t]he safe-harbor provision is a strict procedural requirement.") (citations omitted); *Pepetrual Securities, Inc. v. Tang*, 290 F.3d 132, 142 (2d Cir. 2002) ("The district court's awarding of sanctions against [the appellant] in contravention of the explicit procedural requirements of Rule 11 was [] an abuse of discretion."). On this basis alone, Plaintiff's request for leave to file a Rule 11 motion must be denied.

　　　　Plaintiff also seeks leave to move for sanctions under the Court's "inherent [] power." ECF 481 at 3. This application is equally without merit. While it is true that district courts have the "inherent power to sanction a party or an attorney who has 'acted in bad faith, vexatiously, wantonly, or for oppressive reasons.'" *Ransmeier v. Mariani,* 718 F.3d 64, 68 (2d Cir. 2013) (citation omitted), the Supreme Court has cautioned that said power should be exercised "with restraint and discretion," *Chambers v. Nasco, Inc.*, 501 U.S. 32, 44 (1991). "Imposition of sanctions under a court's inherent powers requires a specific finding that an attorney [or party] acted in bad faith" and is "appropriate only if there is clear evidence that the conduct at issue is (1) entirely without color and (2) motivated by improper purposes." *Wolters Kluwer Financial Servs., Inc. v. Scivantage*, 564 F.3d 110, 113-114 (2d Cir. 2009). In other words, sanctions are appropriate only where "serious misconduct clearly appears on the record." *Sakon v. Andreo*, 119 F.3d 109, 114-115 (2d Cir. 1997) (quoting *Milltex Indus.,* 55 F.3d at 41)).

Here, the only party who has engaged in "serious misconduct" is Plaintiff. *Sakon,* 119 D.3d at 114-115. Her letter motion is wholly devoid of substance or merit, is littered with false and inflammatory accusations, and was brought in bad faith for the sole purpose of harassing her adversary. It is the very definition of frivolous.

Plaintiff's application is largely premised on the claim that the undersigned made a "self-serving and false misrepresentation" to the Court, *see* ECF 481 at 1, in a letter opposition filed on August 15, 2024, *see* ECF 405. That is verifiably false. The undersigned has already addressed the numerous inaccuracies and inconsistencies with Plaintiff's position in an earlier filing, *see* ECF 419 at 1-3, attached as **Exhibit 1**, which is incorporated by reference herein. To briefly summarize the points contained therein:

- The passages Plaintiff takes issue with are merely citations to the record. They accurately referenced, and cited to, a statement made by Plaintiff in a prior filing, when she stated that she considered asserting a cause of action against Mr. Trump in or around August 2019.

- Plaintiff has repeatedly mischaracterized the statements contained in Mr. Trump's August 15, 2024 letter brief. Contrary to Plaintiff's assertion, the undersigned did not state that "Plaintiff had said she considered naming [Mr. Trump] as a defendant *on the retaliation claim*." ECF 481 at 2 (emphasis in original). The undersigned merely referenced Plaintiff's own admission that she had previously sought to assert *a* claim against Mr. Trump; the specific cause of action was never specified in the letter brief, nor was it relevant to the arguments being advanced therein. *See generally* ECF 405.

- The fact that Plaintiff had previously sought to assert a claim against Mr. Trump was relevant for at least two reasons. First, as explained in Mr. Trump's August 15, 2024 letter brief, it established that the relation back doctrine could not apply since there was no "mistake of identity" under Fed. R. Civ. P. 15(c)(1)(C)(ii). *See* ECF 405 at 1; *see also Tapia-Ortiz v. Doe*, 171 F.3d 150, 152 (2d Cir. 1999) ("[E]ven when a suit is brought by a *pro se* litigant, 'an amended complaint adding new defendants [cannot] relate back if the newly-added defendants were not named originally because the plaintiff did not know their identities.'"); *Zeng v. Chell*, 19-CV-3218 (JGK), 2022 WL 624873, at *10 (S.D.N.Y. Mar. 1, 2022) (finding relation back doctrine did not apply where "the plaintiff did not misname [the proposed new defendant] in the Complaint or First Amended Complaint, but rather failed to name him entirely. This constitutes at most lack of knowledge, not mistake of identity, and defeats relation back under Rule 15(c)(1)(C)."). Second, the fact that Plaintiff contemplated asserting a claim against Mr. Trump in August 2019 speaks to her undue delay in waiting nearly five years to move to add him as a party in August 2024. While Plaintiff attempts to draw an arbitrary distinction between the "retaliation" which allegedly occurred in 2017 in connection with the filing of the 2017 Arbitration, and the "tortious interference" which allegedly occurred in connection with the attempted settlement of the 2017 Arbitration, this argument is merely a red herring. Indeed, Plaintiff would have needed to argue that the two events are part of the same "conduct, transaction, or occurrence" if she hoped for the relation back doctrine to be applied at all. *See* Fed. R. Civ. P. 15(c)(1)(B). Plaintiff cannot have it both ways; either the two events are distinct and the relation back doctrine does not apply, or the two events are interconnected and she unreasonably delayed in waiting until 2024 to attempt to assert the retaliation claim in this action. Either way, her claim fails.

- Plaintiff's argument that she has been "prejudiced" is premised on the incorrect belief that the statute of limitations for her proposed "retaliation" claim against Mr. Trump is tolled by the discovery rule. The discovery rule, however, does not apply to Plaintiff's proposed retaliation claim against Mr. Trump. *See, e.g., Morris v. Broadride Fin. Servs.*, 10-CV-1707 JS AKT, 2010 WL 5187669, at *3 (E.D.N.Y. Dec. 14, 2010) (finding that the discovery rule does not apply to claims brought under the NYSHRL); *Milani v. Int'l Bus. Machines Corp., Inc.*, 322 F. Supp. 2d 434, 453 (S.D.N.Y. 2004) *aff'd* 137 F. App'x 430 (2d Cir. Jul. 1, 2005) (noting that there is no precedent supporting the proposition that the discovery rule applies to discrimination claims). Even if the discovery rule could hypothetically have applied, it would have made no difference since the rule only tolls the running of the limitations period until the "discovery of the *injury*, not the discovery of the other elements of a claim." *Rotella v. Wood*, 528 U.S. 549, 555 (2000) (emphasis added); *see also Litle v. Arab Bank, PLC*, CV-04-5449, 2007 WL 895504, at *2 (E.D.N.Y. Mar. 22, 2007). Since Plaintiff would have been aware of any injury caused by Mr. Trump's alleged retaliation as soon as it occurred, no tolling can be applied.

As a final point, Plaintiff's theory that she has been harmed by the Court's denial of her request to amend hinges on her contention that she "never knew . . . of [Mr.] Trump's involvement in the [2017] arbitration" until she received his document production in mid-2024. ECF 424 at 2.[1] Yet, this Court previously found the opposite to be true. Specifically, this Court noted that Plaintiff's position "strains credulity given that she identified [Mr.] Trump as someone with knowledge of her claims at the outset of this litigation and knew of his involvement in the arbitration that preceded this case." ECF 411 at 3. Consequently, Plaintiff's motion is not only frivolous for the above-stated reasons, but it also rests upon a factually inaccurate premise. ECF 411 at 3.

Based on the foregoing, Plaintiff's request for leave to file a motion for sanctions should be denied.

## CONCLUSION

Therefore, it is respectfully requested that Plaintiff's request for leave to file a motion for sanctions be denied in its entirety.

Respectfully submitted,

Michael T. Madaio, Esq.

---

[1] *See also, e.g.*, ECF 427 at 2 (Plaintiff stating that she ""never had any reason to believe, whatsoever, that Eric Trump was involved in the decision to [file the arbitration], or in the arbitration itself."); ECF 410 at 3 (Plaintiff stating that she "had absolutely no idea of Mr. Trump's involvement in" the 2017 Arbitration.); ECF 481 at 1 (Plaintiff stating that Mr. Trump's involvement in the alleged retaliation was "entirely unbeknownst" to Plaintiff before 2024).