November 27, 2024

Hon. Magistrate Parker
United State District Court, S.D.N.Y.
500 Pearl Street, Courtroom 17D
New York, NY 10007
<u>RE</u>: *Response to third-party Eric Trump's November 22, 2024 pre-motion letter for sanctions*
CASE: 19-cv-11764

Your Honor,

I am the *pro-se* Plaintiff in the above-mentioned matter, hereinafter referred to as "Plaintiff." On November 19, 2024, Plaintiff filed a Motion for Sanctions on third party Eric Trump (ECF #481). On Friday, November 22, 2024, Eric Trump ("**Mr. Trump**") filed a Response same. Rather than simply file the Response, Mr. Trump, separately, also filed a "Letter Requesting Pre-Motion Conference and Leave to File Motion for Sanctions" (ECF #487) seeking sanctions on *Plaintiff*.

This is a ***tired tactic***: Faced with a sanctions motion? Move for sanctions against the party who sought sanctions, in the hopes the Court will take a 'they cancel each other out position.' But that would not be appropriate here, given that Plaintiff's sanctions motion clearly has merit and is necessary (as Mr. Trump's self-serving tactics prejudiced her by directly resulting in denial of her ability to add him as a defendant), whereas Mr. Trump's sanctions motion is patently frivolous and done purely to obfuscate, retaliate, and in the hopes that both sanctions motions will 'cancel each other out.' In fact, it is Plaintiff who should now file a motion for sanctions for Eric Trump's filing of this clearly bad-faith tactical motion. As a result of these tactics, Plaintiff finds herself spending the Wednesday prior to Thanksgiving responding to this filing, as follows:

"***First***," Mr. Trump writes, Plaintiff's motion is "frivolous on its face." It is not. Plaintiff's motion speaks for itself. On the contrary, it is the *Defendants* who have been cautioned by Hon. Analisa Torres against making frivolous arguments, at least twice. For example, consider Order ECF #63, March 26, 2021, in which Judge Torres slammed the Defendants' "senseless motion to dismiss" and for nevertheless pressing forward on a non-existent issue "undeterred." Judge Torres noted:

> Defendants' counsel is reminded that attorneys presenting motions to the Court are prohibited from submitting frivolous arguments. Fed. R. Civ. P. 11(b)(2) ("By presenting to the court a . . . written motion, . . . an attorney . . . certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances[,] . . the . . . legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law[.]"). The Court cautions Defendants' attorneys to refrain from engaging in conduct that suggests sharp practice.

-Order ECF #63, March 26, 2021, Hon. Analisa Torres

"***Second***," Mr. Trump writes, Plaintiff has "repeatedly and in bad faith accus[sing] the Court of bias, malice, and general impropriety." This argument is particularly bold. It is, in a public filing, encouraging the Court to punish Plaintiff for an earlier Motion to Disqualify, a motion that Plaintiff had a right to file and in which she was obligated to specify her rationale, respectfully, as she did.

Mr. Trump is openly asking the Court to punish Plaintiff for such. Mr. Trump cites a case, *Ransmeier v. Mariani*, 718 F.3d 64, 70 (2d Cir. 2013), in which an attorney was sanctioned for repeated, egregious attacks on the Court. But the facts in that case are completely distinguishable, as Mr. Trump sure knows. In that case, the attorney had filed *repeated*, shocking attacks on the Court, of a personal and bigoted nature, essentially claiming that the judge "cannot be impartial because he is Jewish" and attacks on the judge's *children*. Even then, it was only after multiple such motions that the Court had enough and finally issued sanctions.

As an aside, Plaintiff must note the irony of Mr. Madaio and his partner, Ms. Habba (who represented Mr. Trump at his deposition in this matter, despite having entered no Notice of Appearance), coming before this Court and pointing a finger at Plaintiff on said grounds, given that this firm has repeatedly criticized the judiciary, worse yet even using TV appearances or press conferences to attack the judiciary before an audience of millions:
- Ms. Habba attacked Judge Juan Merchan;[1]
- Ms. Habba went on a "furious tirade" against "unhinged" Judge Arthur Engoron;[2]
- Ms. Habba attacked N.Y. Attorney General Leticia James's appearance ("a real beaut[y]"[3] and "not that bright"[4]);
- Mr. Madaio accused Judge Engoron of impropriety and sought his recusal;[5]
- Undeterred, a few months later, Ms. Habba and Mr. Madaio filed a 22-page motion to disqualify Judge Engoron[6] (also denied);
- At one point, fed up, U.S. District Judge Lewis Kaplan threatened to jail Ms. Habba;[7]
- Meanwhile, their client, Donald J. Trump, has filed so many motions to disqualify judges in the past two years, one can hardly keep track: e.g., *multiple* motions to disqualify Judge Juan Merchan and at least one to disqualify U.S. District Court Tanya Chutkan.

Plaintiff has never been sanctioned, by any judge. The only practitioner who has been is the ***Habba Madaio firm, for nearly $1 million, by a federal judge for, same as they do in their pre-motion letter and same as they made to the Court in August, making baseless arguments, to help their client escape accountability.*** To be sure, Plaintiff has no animus against Ms. Habba and Mr. Madaio,

---

[1] https://www.newsweek.com/alina-habba-donald-trump-hush-money-trial-1905632

[2] https://www.newsweek.com/alina-habba-judge-engoron-donald-trump-testimony-1841377

[3] https://www.newsweek.com/alina-habba-letitia-james-donald-trump-1854636

[4] https://thehill.com/regulation/court-battles/4297060-alina-habba-hits-letitia-james-new-york-fraud-trial/



**Inner City Press** ✔
@innercitypress · Follow

They're back.
Judge Kaplan: I understand there is an application.
Trump's lawyer Madaio: We move for recusal. Shawn Crowley is a former law clerk, you accepted her representation... There is an atmosphere of hostility.
Judge Kaplan: Denied.

[5] 1:51 PM · Jan 17, 2024

[6] https://www.justsecurity.org/wp-content/uploads/2024/07/Just-Security-N.Y.-Civil-Fraud-Trump-Clearinghouse-—Defendants-memorandum-of-law-support-motion-recusal-Justice-Engoron-in-the-alternative-an-evidentiary-hearing-before-another-judge-June-20-2024.pdf

[7] https://www.newsbreak.com/news/3672934041213-trump-attorney-alina-habba-attacks-judge-merchan-s-family-members-despite-gag-order

https://www.instagram.com/foxnews/reel/C4wWjMkixM4/

https://thehill.com/regulation/court-battles/4431893-judge-threatens-to-send-trump-attorney-alina-habba-to-jail-over-interruptions/

neither of whom (unlike other attorneys in the Trump Orbit years ago) were involved in the harm done to her and her child. On the contrary, Plaintiff recently opined page that Ms. Habba should be selected Press Secretary, as she is a persuasive advocate for President-elect Trump. Plaintiff has even corrected others when she has seen false accusations about Ms. Habba. But Plaintiff must defend herself against these shock-tactics, including this baseless letter for sanctions.

"***Third***," Mr. Trump writes, Plaintiff lied when she claimed she did not know that Mr. Trump was involved in the Retaliation pled– i.e., the $1.2M frivolous lawsuit with which Plaintiff was slammed in 2017. This Court, Mr. Trump writes, has "found the opposite to be true." Yes, Plaintiff is aware that the Court held such in August – but that is because this Court was led to error by Mr. Trump's self-serving and deliberate misrepresentation, *falsely telling the Court that Plaintiff had considered naming Mr. Trump as a defendant on this issue, back in 2019*. (This is demonstrably false.) Mr. Trump then quotes further from Your Honor's Order (denying Plaintiff the ability to add Mr. Trump), in which Your Honor wrote that Plaintiff's position *"strains credulity since she identified [Mr.] Trump as someone with knowledge of her claims at the outset of this litigation and knew of his involvement in the arbitration that preceded this case."* This is false, as Plaintiff has noted. Yes, Plaintiff identified Mr. Trump in her Rule 26 disclosures, *along with many others*, only **as someone who *might* have *information*** – and, even then, *it was about the Campaign's rejection of Plaintiff when she inquired to be re-hired, in summer 2019 – not about the arbitration in 2017*. Additionally, even if Plaintiff had stated Mr. Trump *definitely* had knowledge (she did not), *such is not remotely the same thing as being <u>involved</u> in something*. As for the latter portion of the Court's sentence (that Plaintiff "knew of his involvement in the arbitration"), this is, respectfully, clearly erroneous – Plaintiff did *not* know; has no way to know; and even ***her longtime counsel in this case filed a Declaration several weeks ago, corroborating that they, too, had no idea of Mr. Trump's involvement*** (***See*** **attached**). Thus, it remains a mystery to Plaintiff what the source is for the Court's position that Plaintiff knew of Mr. Trump's involvement. (Moreover, regarding Rule 26 disclosures: *Defendants never listed Eric Trump*, even though Defendants were required to list everyone who, even less than involvement, simply might have relevant information pertaining to the Retaliation claim! For years, they went out of their way to *conceal* Mr. Trump's involvement.)

As for **Section II** of the letter, it hardly merits Response. U.S. 1927 requires "bad faith." There is no bad faith by Plaintiff, found anywhere in the docket, nor does Mr. Trump provide any examples. On the contrary, Your Honor has previously praised Plaintiff's handling of discovery/depositions, noting it has been "efficient". Plaintiff surely does not purport to be an expert on litigation, and social media users have cruelly even mocked Plaintiff for Your Honor's noting Plaintiff's "limited understanding" of litigation procedure, but Plaintiff has conducted herself efficiently and respectfully to all. Plaintiff even patiently ***waited*** to file the sanctions motion, until there was no other option, further evidencing the complete lack of bad faith. Tellingly, it is only once a sanctions motion was filed against Mr. Trump that, suddenly, someone in this case decides to seek sanctions, clearly in retaliation.

Mr. Trump's request for leave to file a motion for sanctions should be denied. It is clearly meant only to offset, baselessly so, Plaintiff's motion for sanctions.

*s/Arlene Delgado*
Arlene Delgado
Plaintiff, pro-se

**ENDNOTES**



UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------x
ARLENE DELGADO,

                           Plaintiff,                        No. 19 Civ. 11764 (AT) (KHP)

        -*against*-

DONALD J. TRUMP FOR PRESIDENT, INC.,
TRUMP FOR AMERICA, INC., SEAN SPICER,
individually, REINCE PRIEBUS, individually,
and STEPHEN BANNON, individually,

                           Defendants.
---------------------------------------------------------------x

### <u>AFFIRMATION OF DANIEL S. KIRSCHBAUM, ESQ.</u>

      I, Daniel S. Kirschbaum, Esq., declare, under penalty of perjury, that the following is true and correct:

      1.     From about February 2020 until about May 2023, I was associated with the Derek Smith Law Group, PLLC, attorneys for Plaintiff Arlene Delgado in the above-captioned action. Throughout much of that period I was assigned to work on this action.

      2.     I submit this Declaration in support of Plaintiff's motion to amend her Complaint to name Eric Trump as a Defendant.

      3.     This Declaration is based upon my firsthand experience, as well as my review of the documentary record in this case.

      4.     Plaintiff informs me that counsel for Eric Trump has taken the position that Ms. Delgado considered naming Eric Trump as a defendant on her retaliation claim several years ago (*see* the Amended Complaint, Docket No. 94), but failed to do so.  Based on my own information and experience, that is incorrect.

5.      During my time working on this matter, I was never aware of any indication or documentation, nor had any reason to believe, that Eric Trump had any involvement in the presently-named Defendants' retaliatory acts against Plaintiff – when they sabotaged her efforts to obtain White House employment during the first Trump Administration in 2016 or 2017, and/or shortly thereafter when they filed and litigated a frivolous arbitration against her, both in response to her complaints of pregnancy discrimination and gender-based harassment.

6.      Moreover, Eric Trump was not listed in Defendants' Rule 26 disclosures or their November 2022 responses to Plaintiff's Interrogatory No. 2, which asked Defendants to identify any individuals "likely to have knowledge pertaining to the allegations in the First Amended Complaint."  (True and correct copies of Defendants' responses to Plaintiff's interrogatories are attached as Exhibit A.) The retaliation claim was clearly one of the claims in the already existing Amended Complaint.

7.      Until Ms. Delgado informed me this month that, as a result of documents produced by Eric Trump this year, it appears that Eric Trump was allegedly involved in the retaliation against her, the only knowledge I had regarding Eric Trump was his potential interference with Plaintiff's efforts to obtain employment involved events in 2018, when he may have interfered with Plaintiff's position at a pro-Donald Trump political action committee (PAC).

8.      For these reasons, Plaintiff had no reasonable basis to name Eric Trump as a Defendant when her Complaint was initially amended in March 2022.

DATED:      New York, New York
            August 31, 2024

Daniel S. Kirschbaum

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
ARLENE J. DELGADO,

                Plaintiff,                Civil Action No.:
                                                19-cv-11764 (AT) (KHP)
        -against-

DONALD J. TRUMP FOR PRESIDENT, INC., SEAN
SPICER, individually, REINCE PRIEBUS,
individually, and STEPHEN BANNON, individually,

                Defendants.[1]
-------------------------------------------------------------------X

## DEFENDANTS' RULE 26(a)(1)(A) INITIAL DISCLOSURES

Pursuant to Rule 26(a)(1)(A) of the Federal Rules of Civil Procedure, defendants Donald

J. Trump for President, Inc. (the "Campaign"), Sean Spicer, and Reince Priebus (collectively,

"Defendants") hereby provide the following initial disclosures:

**I.      Individuals Likely to Have Discoverable Information That
May Be Used to Support Defendants' Claims or Defenses**

        1.      Sean Spicer
                  c/o LaRocca Hornik Rosen & Greenberg LLP
                  40 Wall Street, 32nd Floor
                  New York, New York 10005

Information regarding plaintiff's work for the Campaign and Trump for America, Inc. and
other facts and circumstances alleged in plaintiff's first amended complaint.

        2.      Reince Priebus
                  c/o LaRocca Hornik Rosen & Greenberg LLP
                  40 Wall Street, 32nd Floor
                  New York, New York 10005

Information regarding plaintiff's work for the Campaign and Trump for America, Inc. and
other facts and circumstances alleged in plaintiff's first amended complaint.

---

[1] Plaintiff also named Trump for America, Inc. as a defendant when she commenced this action. However, in December 2021 plaintiff voluntarily dismissed all claims against this entity with prejudice. ECF Doc. No. 92.

3.    Kellyanne Conway
Last known address, if any, to be provided under separate cover.

Information regarding plaintiff's work for the Campaign and Trump for America, Inc. and other facts and circumstances alleged in plaintiff's first amended complaint.

4.    Lucia Castellano
Last known address, if any, to be provided under separate cover.

Information regarding plaintiff's work for the Campaign and Trump for America, Inc. and other facts and circumstances alleged in plaintiff's first amended complaint.

5.    Michael S. Glassner
34 Maple Avenue
Mendham, New Jersey 07945

Information regarding plaintiff's work for the Campaign and Trump for America, Inc. and other facts and circumstances alleged in plaintiff's first amended complaint.

## II.    Documents That May Be Used
## To Support Defendants' Claims or Defenses

Documents regarding plaintiff's work for the Campaign and Trump for America, Inc.; documents regarding plaintiff's social media posts in 2016; documents regarding the parties' failure to reach a settlement in 2017; documents regarding plaintiff's prior legal issues, which would have precluded any future employment with the Executive branch; documents regarding plaintiff's physical and mental condition; and documents regarding plaintiff's mitigation of damages.

## III.    Computation of Damages

Not applicable.

## IV.    Insurance

None.

Defendants reserve the right to amend or supplement these initial disclosures as necessary.

Dated:  New York, New York
        August 9, 2022

LAROCCA HORNIK ROSEN
& GREENBERG LLP

/s/ *Jared E. Blumetti*

By: _____

Patrick McPartland
Jared E. Blumetti

40 Wall Street, 32nd Floor
New York, New York 10005
T: (212) 530-4837, 4831
E: pmcpartland@lhrgb.com
   jblumetti@lhrgb.com

*Attorneys for defendants*
 *Donald J. Trump for President, Inc.,*
*Sean Spicer, and Reince Priebus*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
ARLENE J. DELGADO,

                                        Plaintiff,                    Civil Action No.:
                                                                      19-cv-11764 (AT) (KHP)
                       -against-


DONALD J. TRUMP FOR PRESIDENT, INC., SEAN
SPICER, individually, REINCE PRIEBUS,
individually, and STEPHEN BANNON, individually,

                                        Defendants.
-------------------------------------------------------------------X

## DONALD J. TRUMP FOR PRESIDENT, INC.'S
## RESPONSES TO PLAINTIFF'S FIRST SET OF INTERROGATORIES

Donald J. Trump for President, Inc. (the "Campaign"), by its attorneys, LaRocca Hornik

Rosen & Greenberg LLP, responds and objects to plaintiff's first set of interrogatories as follows:

## GENERAL OBJECTIONS

The Campaign incorporates the following general objections (the "General Objections") to

the interrogatories into each and every response set forth below to the specific interrogatories. The

Campaign does not waive any of these General Objections in response to any specific

interrogatory. Any specific objection made by the Campaign in no way limits or modifies these

General Objections.

1.      The Campaign objects to the interrogatories, including any definitions or

instructions, to the extent they seek to impose obligations on the Campaign that are beyond those

required or authorized by the Federal Rules of Civil Procedure, the Local Rules of the Southern

District of New York, or any applicable order of the Court.

2.      The Campaign reserves all objections as to the admissibility or use of any of its responses in any further proceedings in this action (including the trial of this action) or in any other proceedings or trials.

3.      The Campaign's responses are limited to the knowledge or information possessed by the Campaign and do not purport to reflect knowledge or information possessed by any other person, entity, or party.

4.      The Campaign's responses are not a waiver of its right to rely on other facts or documents in any further proceedings in this action, including the trial of this action.

5.      The Campaign objects to the interrogatories, including any definitions or instructions, to the extent they seek the production of information protected by the attorney-client privilege, work product doctrine, or any other privilege or immunity.

6.      The Campaign objects to the interrogatories, including any definitions or instructions, to the extent that they are vague or ambiguous.

7.      The Campaign objects to the interrogatories, including any definitions or instructions, to the extent that they are overly broad or unduly burdensome.

8.      The Campaign objects to the interrogatories, including any definitions or instructions, to the extent that they can be construed to seek information that is not relevant to any party's claim or defense and is not proportional to the needs of this action.

9.      The Campaign objects to the interrogatories to the extent they assume facts not in evidence or are otherwise defective in form.  Any response by the Campaign is not to be deemed an admission of any allegation contained in any interrogatory.

10.     The Campaign objects to the interrogatories to the extent that the information requested by plaintiff is equally available to, or in the possession, custody, or control of plaintiff,

or may be derived or ascertained from plaintiff's records or any records produced by any other party in this action.

11.     The Campaign objects to the interrogatories, including any definitions or instructions, to the extent that the interrogatories seek information covering an unduly long time-frame on the grounds that such time-frame is overly broad, unduly burdensome, and oppressive, and such interrogatories call for information that is not relevant to any party's claim or defense and is not proportional to the needs of this action.

12.     The Campaign reserves the right to amend or supplement this response at any appropriate time.

## INTERROGATORIES

1.     Identify (by first and last name, mailing address, e-mail address, and telephone number): any person who furnished any information used in preparing any response to any of these Interrogatories, and identify by custodian each document that was furnished.

## RESPONSE NO. 1:

In addition to the General Objections, the Campaign objects to this interrogatory, including, but not limited to, the term "used in preparing," on the grounds that it is confusing, vague, ambiguous, and overbroad.  The Campaign further objects to this interrogatory on the grounds that it is compound.  Subject to these objections, Bradley Crate c/o LaRocca Hornik Rosen & Greenberg LLP ("LHRG").  Responsive documents are currently in the possession of LHRG and will be produced under separate cover.

2.     Identify (by first and last name, mailing address, e-mail address, and telephone number): any current or former owner, officer, executive, principal, manager, employee,

contractor, or agent of the Campaign who has or is likely to have knowledge pertaining to the allegations in the First Amended Complaint as revised on March 28, 2022 (Docket No. 94).

**RESPONSE NO. 2:**

In addition to the General Objections, the Campaign objects to this interrogatory, including, but not limited to, the term "likely to have," on the grounds that it is vague, ambiguous, and overbroad. The Campaign further objects to this interrogatory to the extent it seeks information that is not relevant to the claims or defenses in this action. Subject to these objections, (1) Kellyanne Conway, last known address of 11 Litchfield Way, Alpine, New Jersey; (2) Lucia Castellano, last known address of 31 John Adams Court, Monroe, New Jersey; (3) Michael Glassner, last known address of 34 Maple Avenue, Mendham, New Jersey; (4) Steve Bannon; and (5) Jason Miller.

3.    Identify (by first and last name, mailing address, e-mail address, and telephone number): any current or former owner, officer, executive, principal, manager, employee, contractor, or agent of any Defendant who had any role in considering any of Plaintiff's requests (whether formal or informal) for any position (whether a hiring, transfer, promotion, reassignment, whether paid or unpaid, full-time or part-time, as a formal employee or a contractor) in the Campaign, or the White House, or any Presidential Administration.

**RESPONSE NO. 3:**

In addition to the General Objections, the Campaign objects to this interrogatory, including, but not limited to, the terms "any role," "considering," "requests," "any position," on the grounds that it is confusing, vague, ambiguous, overbroad, and seeks information that is not relevant to the claims or defenses in this action. The Campaign further objects to this interrogatory on the grounds

that it is compound.  The Campaign further objects to this interrogatory to the extent it seeks information in the possession, custody, or control of other parties and non-parties.

4.      Identify by custodian (including first and last name, mailing address, e-mail address, and telephone number), location, and general description: any and all documents reflecting, pertaining to, or constituting any requests (whether formal or informal) from Plaintiff for a position (whether a hiring, transfer, promotion, reassignment, whether paid or unpaid, full-time or part-time, as a formal employee or a contractor) in the Campaign, or the White House, or any Presidential Administration.

**RESPONSE NO. 4:**

In addition to the General Objections, the Campaign objects to this interrogatory, including, but not limited to, the terms "requests" and "a position," on the grounds that it is vague, ambiguous, and overbroad.  The Campaign further objects to this interrogatory on the grounds that it is compound.  The Campaign further objects to this interrogatory to the extent it seeks information that is not relevant to the claims or defenses in this action and to the extent it seeks information in the possession, custody, or control of other parties and non-parties.  Subject to these objections, responsive documents are currently in the possession of LHRG and will be produced under separate cover.

5.      Identify by custodian (including first and last name, mailing address, e-mail address, and telephone number), location, and general description: any and all written and/or recorded statements of any witness or potential witness in this lawsuit.

**RESPONSE NO. 5:**

In addition to the General Objections, the Campaign objects to this interrogatory on the grounds that it is vague and ambiguous.  The Campaign further objects to this interrogatory to the extent it seeks information or documents protected from disclosure by the attorney-client privilege, attorney work product doctrine, or any other privilege or immunity.  Subject to these objections, responsive documents are currently in the possession of LHRG and will be produced under separate cover.

6.    Identify by custodian (including first and last name, mailing address, e-mail address, and telephone number), location, and general description: every report, complaint, or grievance (whether formal or informal) that was filed against, received, heard, or transmitted to, or maintained by any Defendant or any agent of any Defendant, *and* which concerned or alleged any form of discrimination or harassment on the basis of sex, gender, pregnancy status, family status, or disability, *or* which concerned or alleged any form of retaliation.

**RESPONSE NO. 6:**

In addition to the General Objections, the Campaign objects to this interrogatory, including, but not limited to, the terms "every report, complaint, or grievance" and "received, heard, or transmitted to, or maintained by," on the grounds that it is confusing, vague, ambiguous, and overbroad.  The Campaign further objects to this interrogatory on the grounds that it is compound.  The Campaign further objects to this interrogatory to the extent it seeks information in the possession, custody, or control of other parties.  The Campaign further objects to this interrogatory on the grounds that it seeks information that is not relevant to the claims or defenses in this action because it is not limited to the same alleged harassers; the same form of alleged discrimination or

harassment; individuals who are similarly situated to plaintiff; or individuals who worked at the same time as or in the same geographical location as plaintiff.  Subject to these objections, no responsive information.

7.     Identify by custodian (including first and last name, mailing address, e-mail address, and telephone number), location, and general description: every report, complaint, or grievance (whether formal or informal, written or oral) that concerned or alleged any form of discrimination or harassment on the basis of sex, gender, pregnancy status, family status, or disability, *or* which concerned or alleged any form of retaliation, *and* which was filed against, received, heard, or transmitted to, or maintained by any of the following individuals since August 1, 2016:

i. Donald Trump, Jr.

ii. Eric Trump

iii. Jason Miller

iv. Bradley Parscale

v. Corey Lewandowski

vi. Jared Kushner

vii. Ivanka Trump

viii. Cassidy Dumbauld

ix. Brian Walsh

x. Jessica Ditto

xi. Hope Hicks

xii. John McGann

xiii. Sarah Huckabee Sanders

xiv. Giancarlo Sopo

xv. Stephanie Grisham

xvi. Kellyanne Conway

**RESPONSE NO. 7:**

In addition to the General Objections, the Campaign objects to this interrogatory, including, but not limited to, the term "any report, complaint, or grievance," on the grounds that it is confusing, vague, ambiguous, and overbroad. The Campaign further objects to this interrogatory on the grounds that it is compound. The Campaign further objects to this interrogatory to the extent it seeks information in the possession, custody, or control of other parties and non-parties. The Campaign further objects to this interrogatory on the grounds that it seeks information that is not relevant to the claims or defenses in this action because it is not limited to the same alleged harassers; the same form of alleged discrimination or harassment; individuals who are similarly situated to plaintiff; or individuals who worked at the same time as or in the same geographical location as plaintiff. Subject to these objections, no responsive information.

8.     Identify by custodian (including first and last name, mailing address, e-mail address, and telephone number), location, and general description: any document containing, reflecting, or describing *any* application by *any person* for a communications-related position with or on behalf of the Campaign or the White House or any Presidential Administration since August 1, 2016, *or* containing, reflecting, or describing your review of any such application.

**RESPONSE NO. 8:**

In addition to the General Objections, the Campaign objects to this interrogatory, including,

but not limited to, the terms "any application," "any person," "communications-related position," "with or on behalf of," and "containing reflecting, or describing your review," on the grounds that it is confusing, vague, ambiguous, and overbroad.  The Campaign further objects to this interrogatory on the grounds that it seeks information that is not relevant to the claims or defenses in this action.  The Campaign further objects to this interrogatory to the extent it seeks information in the possession, custody, or control of non-parties.


9.    Identify by first and last name, mailing address, e-mail address, and telephone number: the attendees or recipients of any training or instruction concerning discrimination, retaliation, and/or harassment you provided since August 1, 2016; *and* identify by custodian (including first and last name, mailing address, e-mail address, and telephone number), location, and general description: any documents used or provided in such training or instruction.

**RESPONSE NO. 9:**

In addition to the General Objections, the Campaign objects to this interrogatory, including, but not limited to, the term "any training or instruction," on the grounds that it is confusing, vague, ambiguous, and overbroad.  The Campaign further objects to this interrogatory on the grounds that it is compound.  The Campaign further objects to this interrogatory on the grounds that it seeks information that is not relevant to the claims or defenses in this action.  Subject to these objections, no responsive information.


10.    Identify by custodian (including first and last name, mailing address, e-mail address, and telephone number), location, and general description: any documents with which your employees, agents, or contractors have been instructed or expected to report or complain about

discrimination, retaliation, or a hostile work environment since August 1, 2016; *and* identify by first and last name, mailing address, e-mail address, and telephone number: any person who received or reviewed, or who was supposed to receive or review, such reports or complaints.

**RESPONSE NO. 10:**

In addition to the General Objections, the Campaign objects to this interrogatory, including, but not limited to, the terms "have been instructed," "expected to report or complain," and "was supposed to receive and review," on the grounds that it is confusing, vague, ambiguous, and overbroad.  The Campaign further objects to this interrogatory on the grounds that it is compound. The Campaign further objects to this interrogatory on the grounds that it seeks information that is not relevant to the claims or defenses in this action.  Subject to these objections, no documents; for persons, Lucia Castellano.


11.    Identify by custodian (including first and last name, mailing address, e-mail address, and telephone number), location, and general description: each document reflecting or pertaining to any formal or informal *investigation* conducted by any of your employees, contractors, or agents concerning Plaintiff; *and* identify by first and last name, mailing address, e-mail address, and telephone number: any person who did or was supposed to conduct, participate in, oversee, or review any such investigation.

**RESPONSE NO. 11:**

In addition to the General Objections, the Campaign objects to this interrogatory on the grounds that the interrogatory, including, but not limited to, the term "formal or informal investigation," is confusing, vague, ambiguous, and overbroad.  The Campaign further objects to

this interrogatory on the grounds that it is compound.  Subject to these objections, no responsive documents, or persons.

12.     Identify by custodian (including first and last name, mailing address, e-mail address, and telephone number), location, and general description: each document constituting or reflecting any formal or informal *discipline* (whether a reprimand, warning, performance improvement plan, or other) that any Defendant issued to Plaintiff for any reason; *and* identify by first and last name, mailing address, e-mail address, and telephone number: any person who did, or who was supposed to, compose, issue, approve, receive, review, or maintain any such document.

**RESPONSE NO. 12:**

In addition to the General Objections, the Campaign objects to this interrogatory, including, but not limited to, the term "formal or informal discipline," on the grounds that it is confusing, vague, ambiguous, and overbroad.  The Campaign further objects to this interrogatory on the grounds that it is compound.  The Campaign further objects to this interrogatory on the grounds that it seeks information that is not relevant to the claims or defenses in this action and to the extent it seeks information in the possession, custody, or control of other parties.   Subject to these objections, no responsive documents, or persons.

13.     Identify by custodian (including first and last name, mailing address, e-mail address, and telephone number), location, and general description: each document reflecting or pertaining to any formal or informal *investigation* conducted *by any* of your employees, contractors, or agents and concerning *any* Campaign staffer, employee, contractor, agent, or volunteer pertaining to any form of discrimination or harassment on the basis of sex, gender,

pregnancy status, family status, or disability, *or* any form of retaliation; *and* identify by first and last name, mailing address, e-mail address, and telephone number: any person who did or was supposed to conduct, participate in, oversee, or review any such investigation.

**RESPONSE NO. 13:**

      In addition to the General Objections, the Campaign objects to this interrogatory, including, but not limited to, the terms "formal or informal investigation" and "any Campaign staffer," on the grounds that it is confusing, vague, ambiguous, and overbroad.  The Campaign further objects to this interrogatory on the grounds that it is compound.  The Campaign further objects to this interrogatory on the grounds that it seeks information that is not relevant to the claims or defenses in this action because it is not limited to the same alleged harassers; the same form of alleged discrimination or harassment; individuals who are similarly situated to plaintiff; or individuals who worked at the same time as or in the same geographical location as plaintiff.  Subject to these objections, no documents; for persons, Lucia Castellano.


      14.    Identify by custodian (including first and last name, mailing address, e-mail address, and telephone number), location, and general description: each document constituting or reflecting any formal or informal *discipline* (whether a reprimand, warning, performance improvement plan, or other) that any Defendant issued to any Campaign staffer, employee, contractor, agent, or volunteer for any form of discrimination or harassment on the basis of sex, gender, pregnancy status, family status, or disability, *or* any form of retaliation; *and* identify by first and last name, mailing address, e-mail address, and telephone number: any person who did, or who was supposed to, compose, issue, approve, receive, review, or maintain any such document.

**RESPONSE NO. 14:**

In addition to the General Objections, the Campaign objects to this interrogatory, including, but not limited to, the terms "formal or informal discipline" and "any Campaign staffer," on the grounds that it is confusing, vague, ambiguous, and overbroad. The Campaign further objects to this interrogatory on the grounds that it is compound. The Campaign further objects to this interrogatory to the extent it seeks information in the possession, custody, or control of other parties. The Campaign further objects to this interrogatory on the grounds that it seeks information that is not relevant to the claims or defenses in this action because it is not limited to the same alleged harassers; the same form of alleged discrimination or harassment; individuals who are similarly situated to plaintiff; or individuals who worked at the same time as or in the same geographical location as plaintiff. Subject to these objections, no documents; for persons, Lucia Castellano.

15.    Identify by custodian (including first and last name, mailing address, e-mail address, and telephone number), location, and general description: each document reflecting or pertaining to any formal or informal communication between any Campaign staffer, employee, contractor, agent, or volunteer and any political action committee created by or on behalf of any Defendant or Donald J. Trump – including but not limited to the "Save America PAC"; and identify by first and last name, mailing address, e-mail address, and telephone number: any Campaign staffer, employee, or agent whom you know to have communicated with any political action committee created by or on behalf of any Defendant or Donald J. Trump – including but not limited to the "Save America PAC."

13

**RESPONSE NO. 15:**

In addition to the General Objections, the Campaign objects to this interrogatory on the grounds that it is confusing, vague, ambiguous, overbroad, and defective in form. The Campaign further objects to this interrogatory on the grounds that it is compound. The Campaign further objects to this interrogatory on the grounds that it seeks information that is not relevant to the claims or defenses in this action.


16.    Identify by author or by the person who posted it, any and all documents reflecting, pertaining to, or constituting any posting to any form of social media (whether original content or a response to or forwarding of some other person's content) that concerns Plaintiff; the contents of the First Amended Complaint as revised on March 28, 2022 (Docket No. 94); the subjects of this lawsuit; the appointment of any person to any communications role on any presidential campaign, presidential transition, or presidential administration; or Jason Miller's appointment to any position on any presidential campaign, presidential transition, or presidential administration.

**RESPONSE NO. 16:**

In addition to the General Objections, the Campaign objects to this interrogatory on the grounds that it is confusing, vague, ambiguous, overbroad, and defective in form. The Campaign further objects to this interrogatory on the grounds that it is compound. The Campaign further objects to this interrogatory on the grounds that it seeks information that is not relevant to the claims or defenses in this action.

Dated:  New York, New York
         November 18, 2022

As to objections,

LAROCCA HORNIK ROSEN
& GREENBERG LLP

/s/ *Jared E. Blumetti*

By: _____
    Patrick McPartland
    Jared E. Blumetti

    40 Wall Street, 32nd Floor
    New York, New York 10005
    T: (212) 530-4837, 4831
    E: pmcpartland@lhrgb.com
        jblumetti@lhrgb.com

    *Attorneys for defendants*
    *Donald J. Trump for President, Inc.,*
    *Sean Spicer, and Reince Priebus*

15