**SCHULMANBHATTACHARYA**   6116 Executive Boulevard, Suite 425, North Bethesda, Maryland 20852   240.356.8551

**JEFFREY S. GAVENMAN**
direct dial 240.356.8553   email jgavenman@schulmanbh.com

December 24, 2024

**VIA ECF**

The Honorable Katharine H. Parker
United States District Court
500 Pearl Street, Room 750
New York, NY 10007

Re:   *Delgado v. Donald J. Trump for President, Inc., et. al.* No. 19-cv-11764 (AT)(KHP)

Dear Judge Parker:

We write respectfully on behalf of Defendants Donald J. Trump for President, Inc. (the "Campaign"), Sean Spicer, and Reince Priebus (together "Defendants") in response to Plaintiff's letter filed yesterday seeking an extension for her deadline to file her opposition to Defendants' motion for summary judgment, as well as her apparent own cross-motions for summary judgment (together, the "Summary Judgment Papers"). *See* ECF No. 495 ("Plaintiff's Letter"). Given that Plaintiff has: (1) had ample time to work on her Summary Judgment Papers; and (2) twice obtained Defendants' consent for an extension of the summary judgment deadlines by stating that she was essentially unable to work on the case due to personal and/or child care issues, only to turn around and use the extra time to file numerous other motions, Defendants object to Plaintiff's request for an extension of the existing briefing deadlines in this case.

Plaintiff first contacted Defendants' undersigned counsel about modifying the summary judgment briefing schedule in this case on July 11, 2024. Ex. A. In that email, Plaintiff stated that she needed the extension, in part, because she was experiencing health issues "that prevent me from spending much consecutive [*sic*] on the computer, or reading / writing for any significant period," in addition to her ongoing childcare responsibilities during the summer. Ex. A. Based upon her representations of the reasons that she needed an extension, Defendants responded that they would not object to Plaintiff's extension request. *Id*. However, Plaintiff then proceeded to file two motions and a brief over the next two business days (ECF Nos. 383, 384, & 385), indicating that her medical and childcare issues did not, in fact, prevent Plaintiff from drafting motion papers; rather, Plaintiff appeared to just be choosing to spend time on drafting papers other than her summary judgment motion. Nonetheless, Defendants consented to Plaintiff's request (ECF No. 394), and the Court extended the summary judgment briefing schedule, pushing Plaintiff's deadline to move for summary judgment back by nearly three months, from July 31 to October 18, 2024. *See* ECF Nos. 312 & 396.

In accordance with that revised schedule, Defendants filed their motion for summary judgment on September 20, 2024. *See* ECF 396. Thereafter, in response to Plaintiff's motion for additional discovery pursuant to FRCP 56(d), the Court modified the summary judgment briefing schedule to allow Plaintiff more than an additional month to submit her Summary Judgment Papers, until

SCHULMANBHATTACHARYA

Page | 2

November 29, 2024.  *See* ECF No. 452.  On October 30, 2024, Plaintiff again sought Defendants' consent to a modification of the summary judgment briefing schedule.  Ex. B.  In that email, Plaintiff stated that her family law case[1] was taking up "an enormous amount of time" and that she "now need[s] to fully focus the next month on fundraising the cost of" her son's tuition.  *Id*.  Based upon those representations, Defendants likewise consented to this request.  In her motion to the Court for such extension, Plaintiff specifically requested the December 30, 2024 date she now seeks to extend.  ECF No. 468.  What's more, in making this request, Plaintiff noted that her request "is not quite a '30-day' extension since, given the holidays, it is very little [*sic*] to get much done from approximately December 20th through 30th – particularly as a single mother and given holiday commitments – but Plaintiff does not seek more than such."[2]  *Id*.  As a result, the Court granted Plaintiff's request and entered a new briefing schedule under which her Summary Judgment Papers are due on December 30, 2024.  However, once again, despite obtaining consent based upon her representations of an inability to work on this case, Plaintiff used this extra time to file other lengthy, substantive motions. ECF Nos. 469, 471 & 477.

As demonstrated above, Defendants have acquiesced to Plaintiff's previous requests for extensions of the various summary judgment briefing deadlines, in large part based on her representations that she was unable to sufficiently work on this case.  However, since the date that Defendants have filed their motion for summary judgment alone, Plaintiff has filed numerous letters and motions, many of them voluminous in length.  *See* ECF Nos. 444, 445, 447, 457, 459, 468, 469, 471, 477, 479, 483 and 491.  Accordingly, as Defendants explained to Plaintiff upon receiving her latest request for an extension for the deadline addressed in Plaintiff's Letter, notwithstanding Plaintiff's claims that she was unable to work on her Summary Judgment Papers, it appears that Plaintiff has instead chosen to spend the time on litigating other aspects of this case. *See* Ex. C. While that is certainly her right, Defendants cannot continue to consent to extension requests to allow Plaintiff to litigate tertiary issues that have taken up the time of Defendants, third parties, Judge Torres and this Court.  Plaintiff has had over three months to work on her Summary Judgment Papers.  Defendants respectfully submit that that is ample time and any further extension requests are unnecessary.  Further, Defendants will be prejudiced if Plaintiff gets extra time and, once again, uses it to file additional motions.

---

[1]   It is important to note that Plaintiff has repeatedly advanced the utterly false claim that Jason Miller is currently employed by the Campaign.  *See* ECF Nos. 468 & 495.  Even worse, she has used this false statement to suggest that the Campaign is colluding with Mr. Miller to "overwhelm[] the Plaintiff [to]…prevent the Plaintiff from focusing on this case" (ECF No. 468 at p. 2), and that the Campaign "literally funds Mr. Miller's constant lawfare against the Plaintiff in family court."  ECF No. 495 at p. 2.  As Plaintiff knows, the Campaign does not employ Mr. Miller, and certainly has no role in any case between Mr. Miller and Plaintiff.  The Court is well within its power to sanction Plaintiff for these repeated misstatements to the Court.

[2] As such, Plaintiff's previous extension request already factored in her inability "to get much done from approximately December 20th through 30th," which undermines her attempt to show good cause for the additional extension now, based upon difficulty working during that exact same period.

**SCHULMANBHATTACHARYA**

Page | 3

To the extent that the Court believes some additional time is necessary, Defendants ask that it gives no more than one additional week to Plaintiff, to minimize her ability to use this time to file extraneous motions. Of course, if the Court does extend Plaintiff's deadline, Defendants ask that the Court move Defendants' deadline to oppose Plaintiff's cross motion for summary judgment and to file a reply in support of their own motion for summary judgment commensurately.

Respectfully,

/s/ Jeffrey S. Gavenman
Jeffrey S. Gavenman