UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
ARLENE DELGADO,

                Plaintiff,

-against-

DONALD J. TRUMP FOR PRESIDENT, INC.,
SEAN SPICER, individually, REINCE PRIEBUS,
individually, STEPHEN BANNON, individually,

                Defendants.

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: _2/18/2025_

19 Civ. 11764 (AT) (KHP)

**<u>ORDER</u>**

ANALISA TORRES, District Judge:

    Plaintiff *pro se*, Arlene Delgado, seeks leave to amend her complaint to name additional defendants Michael Glassner, Eric Trump, and Jason Miller. Mot. at 2, ECF No. 403. On August 20, 2024, the Honorable Katharine H. Parker issued a report (the "R&R") recommending that Delgado's request be denied. *See generally* R&R, ECF No. 411. For the reasons stated below, the Court adopts Judge Parker's R&R in its entirety and denies Delgado leave to amend her complaint.

## BACKGROUND[1]

    In August 2016, Defendant Donald J. Trump for President, Inc. (the "Campaign") hired Delgado to serve as Senior Advisor and Hispanic Outreach Director. Am. Compl. ¶¶ 12, 21, ECF No. 94. Delgado excelled in her position, receiving promises from Donald Trump and her supervisor, Jason Miller, that she would receive a spot in the Trump Administration. *Id.* ¶¶ 35–36. That November, Delgado learned that she and Miller were expecting a child. *Id.* ¶¶ 36–37. The following month, Delgado and Miller informed Defendants Stephen Bannon and Reince

---

[1] The Court assumes familiarity with the underlying history of this action and sets forth only those facts that are relevant to this order.

Priebus of Delgado's pregnancy. *Id.* ¶¶ 39–40. Delgado also spoke with Defendant Sean Spicer, who allegedly discouraged her from pursuing a job in the Trump White House because, according to Spicer, the White House is "no place for a new mom." *Id.* ¶¶ 44–45. Soon after these interactions, Delgado claims, Defendants stripped her of her job responsibilities, ultimately preventing her from obtaining employment in the Trump Administration. *Id.* ¶¶ 47–56.

In March 2017, Delgado informed Defendants that she planned to file a complaint with the New York City Commission on Human Rights regarding the discrimination she allegedly faced. *Id.* ¶ 60. The parties subsequently engaged in mediation, which resulted in a settlement. *Id.* ¶¶ 61–64. However, in July 2017, Defendants filed an arbitration action against Delgado for allegedly breaching the confidentiality and non-disparagement clauses of the employment agreement she had with the Campaign. *Id.* ¶¶ 67–68. The following year, Defendants asked that the arbitration be held in abeyance. *Id.* ¶¶ 69–71.

Delgado filed this lawsuit in December 2019, alleging, *inter alia*, that Defendants discriminated and retaliated against her in violation of the New York State Human Rights Law, N.Y. Exec. Law § 296, and the New York City Human Rights Law, N.Y.C. Admin. Code § 8-107. *See generally* Compl., ECF No. 1. Defendants responded by re-initiating the stayed arbitration proceedings, allegedly in retaliation for Delgado filing this action. Am. Compl. ¶¶ 71–72. In October 2020, the arbitrator found in Delgado's favor. *Id.* ¶ 74.

In March 2022, Delgado amended her complaint in this matter to add several new claims. *See* Am. Compl.; ECF Nos. 63, 93. In August 2022, pursuant to an order of reference, ECF No. 99, Judge Parker entered a scheduling order providing that the parties had until September 15, 2022, to request leave to amend their pleadings or join additional parties, ECF No. 103 at 1.

For two years, Judge Parker managed the parties' contentious discovery process. Then, in August 2024, after the close of fact discovery, Delgado filed the instant motion to amend her complaint to add claims of retaliation and pregnancy discrimination against (1) Glassner, a Campaign executive, (2) Eric Trump, the son of President Trump, and (3) Miller. Mot. at 2. The Court referred that motion to Judge Parker, ECF No. 404, who recommended that leave to amend be denied, *see generally* R&R. Before the Court is Judge Parker's R&R, Delgado's objections, ECF Nos. 413, 422–24, 427, 432–33, Miller and Eric Trump's letters in opposition to amendment, ECF Nos. 418–19, 425–26, and Defendants' brief in opposition, ECF No. 430.[2]

## DISCUSSION

I.  The R&R

Federal Rule of Civil Procedure 15(a)(2) provides that courts "should freely give leave" to amend a complaint "when justice so requires."[3] Nevertheless, a district court "plainly has discretion . . . to deny leave to amend where the motion is made after an inordinate delay, no satisfactory explanation is offered for the delay, and the amendment would prejudice the defendant." *Cresswell v. Sullivan & Cromwell*, 922 F.2d 60, 72 (2d Cir. 1990). Furthermore, once a court enters a scheduling order setting a date after which no amendment will be permitted, a plaintiff may only amend her complaint upon a showing of "good cause." *Sacerdote v. NYU*, 9 F.4th 95, 115 (2d Cir. 2021) (quoting Fed. R. Civ. P. 16(b)(4)). Because Delgado filed her

---

[2] Delgado also requests that the undersigned disqualify herself from this matter on the ground that a "serious due process violation . . . occurred" when the Court stated that it would construe Delgado's motion for reconsideration of Judge Parker's R&R as objections to the R&R. ECF No. 424 at 1; ECF No. 428 at 8. Delgado argues that her motion for reconsideration addressed only one particular error she perceived in the R&R and "was not intended to serve as [her] entire [Rule] 72a Objection." ECF No. 424 at 4. It was for this very reason that the Court offered Delgado another chance to file more fulsome objections, ECF No. 416, an opportunity Delgado availed herself of, *see* ECF Nos. 422–23, 427. Accordingly, Delgado's motion to disqualify is denied.

[3] Courts apply the same standard to motions brought under Rule 21, which governs the addition of new parties. *See Duling v. Gristede's Operating Corp.*, 265 F.R.D. 91, 96–97 (S.D.N.Y. 2010).

3

motion to amend nearly two years after the date specified in Judge Parker's scheduling order, *see* ECF No. 103, the "good cause" standard applies.

In her well-reasoned R&R, Judge Parker discussed the three men Delgado seeks to add as defendants and detailed why Delgado has failed to meet the "good cause" standard as to each one. Judge Parker explained that Delgado "had significant time to obtain discovery and had reason to know of all three proposed defendants' involvement in alleged retaliation or discrimination before the close of discovery, if not earlier." R&R at 5. Delgado had reason to know of Miller and Glassner's potential involvement as early as November 2022, when Defendants responded to Delgado's interrogatories by identifying both men as likely to possess knowledge relating to her claims. *Id.* at 4; *see* ECF No. 406-1 at 4 (Defendants' responses to Delgado's first set of interrogatories). As for Eric Trump, Judge Parker explained, Delgado did not describe what new information she obtained through discovery that would have newly put her on notice that Trump was involved. R&R at 3–4. Lastly, Judge Parker stressed that Delgado's proposed amendment would require the reopening of discovery and "likely delay summary judgment motion practice by months, if not more," causing prejudice to Defendants. *Id.* at 5.

II.     Delgado's Objections

A district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by [a] magistrate judge." 28 U.S.C. § 636(b)(1)(C). When a party makes specific objections, the Court reviews *de novo* the portions of the R&R to which objection is made. *Id.*; Fed. R. Civ. P. 72(b)(3). But when a party does not object or when it "makes only conclusory or general objections, or simply reiterates [its] original arguments," the Court reviews the R&R strictly for clear error. *Wallace v. Superintendent of Clinton Corr. Facility*, No. 13 Civ.

4

3989, 2014 WL 2854631, at *1 (S.D.N.Y. June 20, 2014) (citation omitted); *see also Oquendo v. Colvin*, No. 12 Civ. 4527, 2014 WL 4160222, at *2 (S.D.N.Y. Aug. 19, 2014). A finding is clearly erroneous if the Court is "left with the definite and firm conviction that a mistake has been committed." *Easley v. Cromartie*, 532 U.S. 234, 242 (2001) (citation omitted).

Delgado objects to each of Judge Parker's determinations. Regarding Miller, Delgado highlights that Defendants did not list him in their Rule 26 disclosures and that, consequently, she only found out about his possible involvement as a result of Spicer's deposition testimony in June 2023. ECF No. 423 at 3. As stated, however, the Campaign, in its November 2022 responses to Delgado's first set of interrogatories, listed Miller as someone "likely to have knowledge" pertaining to the allegations in the amended complaint. ECF No. 406-1 at 4. Regardless, it took Delgado more than a year from Spicer's deposition to seek leave to add Miller as a defendant, despite hearing from Spicer that Miller promised Delgado a White House job that did not exist. ECF No. 423 at 3. Furthermore, in other filings, Delgado suggests that she intentionally delayed taking Miller's deposition and decided against naming him as a defendant earlier in the litigation because she believed it would not be efficient to do so. *See, e.g.*, ECF No. 202 at 7–8 (explaining that she "prefers to avoid taking Mr. Miller's deposition, if stipulations can avoid the need for same and, naturally, it would also save time and costs"); Mot. at 6 (explaining that she obtained information regarding Miller's involvement in 2023 "but prudently waited the remainder of discovery[,] as remaining depositions and document production may have shown additional light, either in the direction of naming him or *not* naming him, and also Plaintiff, out of judicial economy, believed it best to seek leave to amend once, versus piecemeal, out of respect for this honorable Court's time"). Together, these facts support

5

Judge Parker's determination that Delgado has not shown "good cause" for her failure to timely add Miller.

As to Glassner, Delgado asserts that she did not find out about his possible involvement in the alleged retaliation against her until the summer of 2024, when she read deposition transcripts filed in an unrelated case against the Campaign, and that her discovery of this "new information" justified the timing of her motion to amend. ECF No. 422 at 6; Mot. at 3. Delgado distorts the record. In their August 2022 Rule 26 disclosures, Defendants specified that Glassner likely had information "regarding [Delgado]'s work for the Campaign . . . and other facts and circumstances alleged in [Delgado]'s first amended complaint." ECF No. 421 at 5. Then, in November 2022, Defendants again stated, in response to an interrogatory, that Glassner was likely to have knowledge "pertaining to the allegations" in the amended complaint. ECF No. 406-1 at 4. Although she acknowledges these disclosures, Delgado claims that Defendants needed to specify that Glassner had information about her work for the Campaign *and* the arbitration against her. ECF No. 422 at 3–4. Delgado does not cite any law in support of this contention, nor could she: Rule 26 requires only that a party disclose the name "of each individual likely to have discoverable information—along with the subjects of that information—that the disclosing party may use to support *its* claims or defenses." Fed. R. Civ. P. 26(1)(A)(i) (emphasis added). Delgado was on notice of Glassner's potential involvement since August 2022, yet she did not seek to depose him until well over a year later, *see* ECF No. 202, so no "good cause" exists for her delay.

Finally, Delgado objects to Judge Parker's recommendation that Eric Trump should not be added as a defendant. *See generally* ECF No. 427. She disputes the R&R's assertion that she knew of Trump's involvement "at the outset of this litigation," claiming that she knew only that

6

he had gotten her fired from a different job with a political action committee. ECF No. 427 at 3, 18. Be that as it may, Judge Parker denied Delgado's request to name Trump as a defendant primarily because Delgado "d[id] not provide any specificity as to the contents of new documents [she received from Trump] or why Trump's alleged involvement would not have been clear earlier." R&R at 3. Judge Parker is correct: In her motion to amend, Delgado asserted only that the new documents showed that "Trump was a key player in the retaliation." Mot. at 4. Then, in her objections to the R&R, Delgado again fails to provide any details regarding what she learned about Trump's involvement from the documents he produced. *See* ECF No. 427 at 13–14. Delgado's failure to specify the purportedly new information that justifies amendment, especially this late in the game, forecloses the necessary finding of "good cause."

Moreover, the Court agrees with Judge Parker's conclusion that the addition of three new defendants at this stage in the litigation would prejudice Defendants. *See* R&R at 5–6. Delgado moved to amend her complaint after the close of an extensive discovery period, and reopening discovery would likely delay the case by months, if not longer, and would require Defendants "to expend significant additional resources to conduct discovery and prepare for trial." *Block v. First Blood Assocs.*, 988 F.2d 344, 350 (2d Cir. 1993); *see Scott v. Chipotle Mexican Grill, Inc.*, 300 F.R.D. 193, 200 (S.D.N.Y. 2014) ("A court is more likely to find an amendment prejudicial if discovery has closed."). Considering this potential prejudice, combined with Delgado's failure to provide a satisfactory reason for her delay, amendment is inappropriate. *See Sly Mag., LLC v. Weider Publ'ns L.L.C.*, 241 F.R.D. 527, 532 (S.D.N.Y. 2007) (explaining that "the concepts of undue delay and prejudice are interrelated").

7

**CONCLUSION**

For the foregoing reasons, the Court OVERRULES Delgado's objections and DENIES her motion to amend the complaint. Delgado's requests for oral argument are DENIED as moot. Her motion to disqualify the undersigned is also DENIED. The Clerk of Court is respectfully directed to terminate the motions at ECF Nos. 410, 412–13, 415, 420, 424, 428, and 432–33.

SO ORDERED.

Dated: February 18, 2025
       New York, New York

_____
ANALISA TORRES
United States District Judge