**SCHULMAN BHATTACHARYA**    6116 Executive Boulevard, Suite 425, North Bethesda, Maryland 20852  240.356.8551

**JEFFREY S. GAVENMAN**
direct dial 240.356.8553   email jgavenman@schulmanbh.com

February 18, 2024

**VIA ECF**

The Honorable Analisa Torres
United States District Court
500 Pearl Street
New York, NY 10007

*Re:   Delgado v. Donald J. Trump for President, Inc., et. al.* **No. 19-cv-11764 (AT)(KHP)**

Dear Judge Torres:

We write respectfully on behalf of Defendants Donald J. Trump for President, Inc. (the "Campaign"), Sean Spicer, and Reince Priebus (together "Defendants") in the above-captioned case to bring to the Court's attention a recent decision that is directly relevant to Defendants' pending motion for summary judgment ("Defendants' Summary Judgment Motion").  ECF No. 434.

Specifically, on February 14, 2025, the day after Defendants filed their reply papers in support of Defendants' Summary Judgment Motion, the Honorable Francis A. Kahn, III, A.J.S.C., issued an opinion granting the Campaign's motion for summary judgment[1] in *Denson v. Donald J. Trump for President*, *Inc.,* 101616/2017 (N.Y. Sup. Feb. 14, 2025), a case encompassing many of the same claims and legal arguments at issue in the instant matter.  That opinion, which was filed today by the New York County Clerk, is attached hereto as Exhibit A (the "Denson Decision").  In granting the Campaign's summary judgment motion concerning Ms. Denson's claims, the Denson Decision ruled on many issues that are relevant to Plaintiff's claims in this case.

First, the Denson Decision dismissed Ms. Denson's claims of Tortious Interference with Prospective Economic Advantage.  In making this decision, the Denson Decision noted that:

> Although plaintiff asserts that Mr. Bannon personally made her an offer of employment, in fact, the evidence in the record reveals that plaintiff never received any actual offer of employment from the federal government or the Transition Team (*see* plaintiff's dep, at

---

[1] Plaintiff may attempt to distinguish the Denson Decision on the grounds that it was issued by the New York State Supreme Court.  However, the legal arguments cited herein all bear on issues of New York state, and not federal, law.  Moreover, it should be noted that Plaintiff herself has acknowledged the relevance of Ms. Denson's case, citing it in her own summary judgment papers. *See* ECF No. 501 at p. 6, n.2 ("Delgado agrees with the Motion for Summary Judgment on retaliation filed in the Denson case, ***in every respect***") (emphasis added); *id*. at p. 23; ECF No. 498 at pp. 27-28.

**SCHULMANBHATTACHARYA**

Page | 2

> 357-359, 371 [testifying that she was never provided with an offer letter or terms of conditions of employment, and was never informed of even the type of work that she would be doing, or how much she would be paid]).

Ex. A at 11.

As such, Justice Kahn held that Ms. Denson could not sustain a tortious interference claim because she failed to present evidence of "the existence of a job offer." *Id*. (quoting *Murphy v. City of New York,* 59 A.D.3d 301, 301 (1st Dep't 2009). Similarly, in the instant case, Plaintiff's tortious interference claim relies on vague promises of a purported White House job offer from President Trump; however, she has not adduced any evidence concerning the specifics of any such offer, which is fatal to her claim. *See* ECF No. 436 at pp. 26-27.

Second, the Denson Decision also dismissed Ms. Denson's hostile work environment claim because Ms. Denson "fails to present any evidence that any Campaign workers ever treated her less favorably than other employees because of her gender, beyond her own speculative assertions…" Ex. A at p. 12. Similarly, in the instant case, Plaintiff has not pointed to any timely evidence that she was treated less well than other employees because of her gender or her pregnancy, aside from her own speculation on that point. *See* ECF No. 436 at pp. 19-20.

Third, in dismissing Ms. Denson's retaliation claims, Justice Kahn noted that Ms. Denson did not (and could not) sustain a retaliation claim in connection with the termination of her employment from the Campaign because "it is undisputed that plaintiff's employment with the Campaign came to its natural end on November 10, 2016 . . . along with the vast majority of the Campaign's workforce…" Ex. A. at 15. While Plaintiff in this case continued to work for the Campaign until the Inauguration, the evidence is clear that her consultancy "came to its natural end" at that point, and she cannot point to evidence of any employees who were retained by the Campaign following the Inauguration. *See* ECF No. 436 at pp. 14-15.

Fourth, in dismissing Ms. Denson's retaliation claims based on an arbitration that the Campaign brought against Ms. Denson for breaching her NDA, Justice Kahn noted, as did Defendants in the instant case, that the First Department had already ruled that "the Campaign had proffered 'a legitimate basis for compelling arbitration, i.e., that it in good faith believed plaintiff violated the NDA by making factual allegations that exceeded the facts necessary to state a viable claim…'" Ex. A at p. 17 (quoting *Denson v. Donald J. Trump for President, Inc.*, 168 N.Y.S.3d 681 (1st Dep't 2022). This is substantially the same legitimate, non-retaliatory reason that the Campaign relied on in the instant case for bringing a virtually identical arbitration against Plaintiff. *See* ECF No. 436 at pp. 17-18.

Accordingly, and for the reasons set forth in more detail in their opening and reply briefs, Defendants respectfully submit that Defendants' Summary Judgment Motion should be granted in its entirety.

We thank the Court for its time and attention in this matter.

SCHULMANBHATTACHARYA

Page | 3

Respectfully,

/s/ Jeffrey S. Gavenman
Jeffrey S. Gavenman