# SCHULMAN BHATTACHARYA

6116 Executive Boulevard, Suite 425, North Bethesda, Maryland 20852  240.356.8551

**JEFFREY S. GAVENMAN**

direct dial 240.356.8553    email jgavenman@schulmanbh.com

February 27, 2025

**VIA ECF**

The Honorable Katharine H. Parker
United States District Court
500 Pearl Street, Room 750
New York, NY 10007

**Re:    *Delgado v. Donald J. Trump for President, Inc., et. al.* No. 19-cv-11764 (AT)(KHP)**

Dear Judge Parker:

We write respectfully on behalf Defendants Donald J. Trump for President, Inc. (the "Campaign"), Sean Spicer, and Reince Priebus (together "Defendants") to respond to Plaintiff's February 27, 2025 letter seeking an extension for her deadline to file her reply papers in support of her pending motion for summary judgment and seeking leave to file a sur-reply to Defendants' pending motion for summary judgment ("Plaintiff's Letter").  ECF No. 522.  Plaintiff's Letter is riddled with misrepresentations of the record and her requests for additional time, as well as to file a sur-reply, should be denied in its entirety.

First, Plaintiff cites to Defendants' supplemental February 18, 2025 letter to Judge Torres ("Defendants' Letter") concerning the summary judgment decision issued by the New York State Supreme Court in another, similar, case against the Campaign, *Denson v. Donald J. Trump for President, Inc.,* 101616/2017 (N.Y. Sup. Feb. 14, 2025) (the "Denson Decision") as a supposed basis for her request for an extension of her deadline to file her reply papers.  ECF No. 521. According to Plaintiff, Defendants' Letter concerning the Denson Decision was "unnecessary" and she needs additional time to draft a response to the points therein.  Neither of these arguments justify the relief Plaintiff seeks.  As Defendants' letter explained, the Denson Decision was issued on February 14, 2025, the day *after* Defendants filed their reply papers in support of their motion for summary judgment.  There was, therefore, obviously no way for Defendants to address the Denson Decision in their papers, making their supplemental letter the only avenue for bringing the legal points therein to Judge Torres' attention.[1]  As to Plaintiff's argument that she requires additional time to address the arguments in Defendants' Letter, it is important to note that Defendants filed their letter on February 18, 2025, more than a week ago.  Plaintiff has had ample time to draft a response to Defendants' two-page letter addressing a single case since it was filed,

---

[1]    Defendants will not address Plaintiff's Letter's attempts to distinguish the Denson Decision herein so as not to invite Plaintiff to engage in further unnecessary back and forth on this issue. The Denson Decision speaks for itself and Plaintiff's attempt to distinguish it, after previously stating in her own summary judgment papers that she "agrees with the Motion for Summary Judgment on Retaliation filed in the Denson case, in every respect," ECF No. 501 at p. 6, n.2, is unavailing.

**SCHULMAN**BHATTACHARYA

as can be seen by the fact that she was able to draft a three-page letter for submission earlier today, itself containing several arguments about the Denson Decision. Additionally, Defendants' Letter does not require an independent response in any way; if she truly wants to argue that the decision is entirely inapplicable, despite her earlier commentary otherwise, Plaintiff can simply make that argument in her reply papers.

Second, as to Plaintiff's claim that her time has been monopolized by another case, Defendants do not dispute that there was a hearing in her family law case on February 24, 2025. However, it seems unlikely that this hearing was scheduled at the eleventh hour[2] such that Plaintiff could not have arranged her schedule, or sought the Court's modification of the existing deadlines, prior to today. Indeed, the Court set the current schedule mandating that Plaintiff's reply papers be filed by March 7, 2025 in its December 26, 2024 Order, ECF No. 497, over two months ago, and Plaintiff presumably had ample notice of the need to balance the demands of her family law hearing with the deadlines in this case and seek appropriate relief, either from this Court or the court overseeing her family law case. Moreover, the Campaign again objects to Plaintiff's repeated, unsupported, and utterly false claims that it is in any way working with Mr. Miller in his family law case or vice versa. We have made this fact clear to Plaintiff in the past and her repeated insistence on making allegations that she knows to be false simply to malign the Campaign is unquestionably improper.

Third, Plaintiff's Letter claims she needs an extension of the existing deadlines to allow her time to draft a sur-reply, notwithstanding the fact that sur-replies are generally not permitted. In support of her argument that an exception to that rule is appropriate in the instant case, Plaintiff's Letter claims that Defendants' reply papers in support of their motion for summary judgment included "two brand new affidavits" purportedly containing "new facts." ECF No. 522 at p. 2. However, as Plaintiff is no doubt aware, the new affidavits were presented for the sole purpose of rebutting false arguments proffered in Plaintiff's opposition to Defendants' motion for summary judgment. Specifically, Mr. Priebus' declaration was submitted to rebut Plaintiff's false claim that Katie Walsh was acting as Mr. Priebus's deputy when she participated in hiring decisions for certain White House positions. *See* ECF No. 498 at p. 23; ECF No. 513 at ¶¶4-6. Similarly, Mr. Spicer's declaration was submitted to clarify testimony that Plaintiff took out of context about his interpretation of her Tweets. ECF No. 515 at ¶40. There is nothing improper about Defendants refuting Plaintiff's arguments in their reply papers, and their need to do so does not provide Plaintiff with the right to a sur-reply in this case.[3]

---

[2]     Plaintiff's Letter is silent as to when this family law hearing was scheduled, aside from the fact that the attachment to Plaintiff's Letter notes that the hearing is a "continuation of hearing commenced on October 30, 2024." ECF No. 522 at p. 4.

[3]     Incredibly, Plaintiff's Letter appears to seek to function as a *de facto* sur-reply when she argues, apropos of nothing related to her request for an extension of the existing deadlines in this case, that Defendants somehow acted improperly by not including a social media post made by President Trump on January 15, 2025 stating that his incoming administration had hired 1,000 people "for **the United States Government**." ECF No. 522 at p. 4 (emphasis added). According to Plaintiff, this post contradicts the evidence in this case that individuals who were hired for the

SCHULMAN**BHATTACHARYA**

Fourth, in objecting to Plaintiff's request for an extension, we noted that the Court had previously ruled that "further extensions will not be granted." Of course, such ruling was premised upon Plaintiff's numerous prior requests for extensions. Defendants therefore declined to consent to Plaintiff's request as it would be improper to consent to a request that is in apparent contravention of this Court's prior orders. In any event, after viewing Plaintiff's Letter, containing her bases for seeking such an extension in fulsome detail, we do not believe that such relief is warranted, for the reasons stated herein.

We thank the Court for its time and attention in this matter.

Respectfully,

/s/ Jeffrey S. Gavenman
Jeffrey S. Gavenman

---

*White House* in 2017 were not hired until after the Inauguration. However, putting aside that President Trump's post does not mention White House roles, which are the only jobs relevant to Plaintiff's claims, there is no evidence that the Presidential Administration's conduct in 2025, eight years after the events relevant here, have any bearing on its conduct in 2017, nor have Defendants ever claimed otherwise. Indeed, as the evidence makes clear, the Campaign no longer has any employees and there is certainly no evidence that it had any role in any hiring decisions in 2025.