UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

_____

ARLENE J. DELGADO,

                 *Plaintiff*,                         Case No.: 19-cv-11764(AT)(KHP)

      v.

DONALD J. TRUMP FOR PRESIDENT, INC.,
TRUMP FOR AMERICA, INC., SEAN SPICER, individually,
REINCE PREIBUS, individually,

                 *Defendants*.

_____

### MEMORANDUM OF LAW IN SUPPORT OF NON-PARTY MILLER'S OPPOSITION TO PLAINTIFF'S MOTION FOR RECONSIDERATION

Goldberg Segalla LLP
Adam S. Katz, Esq.
711 Third Avenue, Ste. 1900
New York, NY 10017
akatz@goldbergsegalla.com
(646) 292-8787

*Attorneys for Non-Party Jason Miller*

50551765.v3

**Table of Contents**

PRELIMINARY STATEMENT……………………………………………………………1

STATEMENT OF FACTS……………………………………………………………….2

ARGUMENT……………………………………………………………………………2

      A.     The Motion for Reconsideration Does Not Comport with the
            Applicable Legal Standard for A Motion for Reconsideration
            and Must Be Denied Outright………………………………………………2

      B.     The Purported Overlooked Case Law is Distinguishable
            and Was Not Overlooked……………………………………………...4

      C.     The Court Properly Found Undue Delay and Plaintiff's Argument for
            Reconsideration are Improper………………………………………6

      D.     The Motion for Reconsideration Ignores the Findings of Prejudice…………..8

      E.     The Motion For Reconsideration Fails to Consider that
            Leave to Add Miller Should be Denied for Harassment and Futility………….9

CONCLUSION………………………………………………………………………….11

50551765.v3

**Table of Authorities**

**Cases**                                                                                                    **Page(s)**

*Block v. First Blood Assocs.,*
  988 F.2d 344 (2d Cir. 1993) ................................................................................................. 8

*Brown v. Barnhart, No. 04 Civ.*
  2450 (SAS), 2005 WL 1423241 (S.D.N.Y. June 16, 2005) ................................................... 3

*Burch v. Pioneer C.R.,*
  551 F.3d 122 (2d Cir. 2008) ............................................................................................... 10

*Cresswell v. Sullivan & Cromwell,*
  922 F.2d 60 (2d Cir. 1990) ................................................................................................... 4

*DeFazio v. Wallis,*
  No. 05-CV-5712, 2006 U.S. Dist. LEXIS 95154, 2006 WL 4005577 .................................... 9

*Duling v. Gristede's Operating Corp.,*
  265 F.R.D. 91 (S.D.N.Y. 2010) ............................................................................................. 5

*Greenshields Secs. Inc. v. Lau,*
  825 F2d 647, 653 n. 6 ........................................................................................................... 5

*In re Health Mgmt. Sys. Inc. Sec. Litig.,*
  113 F. Supp. 2d 613 (S.D.N.Y. 2000) ................................................................................... 2

*Marrero Pichardo v. Ashcroft,*
  374 F.3d 46 (2d Cir. 2004) ................................................................................................... 2

*Mikol v. Barnhart,*
  554 F. Supp. 2d 498 (S.D.N.Y. 2008) ................................................................................... 3

*Sacerdote v. NYU,*
  9 F.4th 95 (2d Cir. 2021) ...................................................................................................... 4

*Scott v. Chipotle Mexican Grill, Inc.,*
  300 F.R.D. 193 (S.D.N.Y. 2014) ........................................................................................... 8

*Sequa Corp. v. GBJ Corp.,*
  156 F.3d 136 (2d Cir. 1998) ................................................................................................. 3

*Shrader v. CSX Transp.,*
  Inc., 70 F.3d 255 (2d Cir. 1995) ........................................................................................... 3

*Yi Sun v. Saslovsky,*
  19-CV-10858-LTS-SN, 2024 U.S. Dist. LEXIS 127645 ........................................................ 3

50551765.v3

**Statutes**

CPLR § 214 ................................................................................................................................. 10

50531765.v3

Non-Party Jason Miller ("Miller") respectfully submits this memorandum of law in opposition to Plaintiff Delgado's motion for reconsideration (the "Motion for Reconsideration"). *See* ECF Dkt. No. 525.

I.     **PRELIMINARY STATEMENT**

The Motion for Reconsideration is Plaintiff's fifth motion related to adding Miller and two other individuals to this matter that is now over five years old involving allegations that purportedly occurred over eight years ago. Discovery has closed and summary judgment motions are nearly completely briefed. This is just Plaintiff's latest scorched earth attempt to tax Miller's limited resources and mire him in public litigation.

Here, Plaintiff fails to meet the "heavy" burden for reconsideration. She is merely trying to relitigate issues that have now been decided by two judges, which is improper for a motion for reconsideration. Plaintiff, per her usual tactics, ignores applicable legal standards, cherry picks the Court's previous orders, and tries to curry sympathy by claiming she is a victim of never getting her motions favorably decided. Plaintiff's purported overlooked controlling law is neither controlling nor was it overlooked. In the Motion for Reconsideration, Plaintiff ignores the "good cause" standard derived by FRCP 16(b)(4) and the broad discretion the Court acknowledges it has to deny leave to add a new party when there is undue delay, prejudice, bad faith, and futility. As set forth *infra* in greater detail, here all are present. Of note to highlight, in addition to the undue delay, Plaintiff specifically ignores that both this Court and Judge Parker made a finding of undue prejudice in attempting to add Miller (and the others) at this point. Moreover, since this motion to add Miller was first made in August 2024, a New York State Supreme Court judge has ruled that Plaintiff does not have standing to bring discrimination claims under the New York State and New York City Human Rights Laws, thereby demonstrating further undue prejudice Miller faces if the

1

Court grants reconsideration, as adding Miller now could result in inconsistent adjudications. Based on the foregoing, the Motion for Reconsideration should be summarily denied.

## II.      STATEMENT OF FACTS

Non-Party Miller assumes that the Court has familiarity with the operative facts, given the extensive briefing on this matter, but refers to ECF Dkt. Nos. 407-408 (Miller's August 15, 2024 initial letter to Judge Parker opposing Ms. Delgado's attempt to add Miller as a party and a related clarification) and 418 (Miller's September 3, 2024 response to Plaintiff Delgado's objections to Judge Parker's Report and Recommendation), as if fully set forth herein for a complete recitation of the facts.

On August 20, 2024, Judge Parker issued a Report & Recommendation, *inter alia*, denying Plaintiff leave to add Miller (ECF Dkt. No. 411) (the R&R") and on February 18, 2024 the Court issued an Order, adopting the holdings of the R&R (ECF Dkt. No. 520) (the "Court's Order")

## III.     ARGUMENT

### A.  The Motion for Reconsideration Does Not Comport with the Applicable Legal Standard for A Motion for Reconsideration and Must Be Denied Outright

Motions for reconsideration are "generally not favored and [are] properly granted only upon a showing of exceptional circumstances." *Marrero Pichardo v. Ashcroft*, 374 F.3d 46, 55 (2d Cir. 2004); *In re Health Mgmt. Sys. Inc. Sec. Litig.*, 113 F. Supp. 2d 613, 614 (S.D.N.Y. 2000)("Indeed, reconsideration is an 'extraordinary remedy to be employed sparingly in the interest of finality and conservation of scarce judicial resources.'") Local Rule 6.3 requires a litigant moving for reconsideration to "set[] forth concisely the matters or controlling decisions

2

50551765.v3

which counsel believes the Court has overlooked." Local Rule 6.3.[1] The Local Rule is "narrowly construed and strictly applied in order to avoid repetitive arguments already considered by the Court." *Brown v. Barnhart*, No. 04 Civ. 2450 (SAS), 2005 WL 1423241, at *1 (S.D.N.Y. June 16, 2005) (citation omitted); *see also, Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995) (motions for reconsideration "should not be granted where the moving party seeks solely to relitigate an issue already decided"). Thus, a motion for reconsideration "shall be granted only if the court has overlooked controlling decisions or *factual matters that were put before it on the underlying motion . . .* and which, had they been considered, might have reasonably altered the result before the court." *Mikol v. Barnhart*, 554 F. Supp. 2d 498, 500 (S.D.N.Y. 2008) (citation omitted; emphasis added). "Where the movant fails to show that any controlling authority or facts have actually been overlooked, and merely offers substantively the same arguments he offered on the original motion or attempts to advance new facts, the motion for reconsideration must be denied." *Id.*, *citing Shrader v. CSX Transp., Inc.,* 70 F.3d 255, 257 (2d Cir. 1995) (emphasis added). "To warrant reconsideration, the moving party bears the heavy burden of showing 'an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent a manifest injustice." *Yi Sun v. Saslovsky*, 19-CV-10858-LTS-SN, 2024 U.S. Dist. LEXIS 127645, * 2 (Jul. 19, 2024), quoting *Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd.*, 956 F.2d 1245, 1255 (2d Cir. 1992). Motions for reconsideration "are not vehicles for taking a second bite at the apple," *Sequa Corp. v. GBJ Corp.*, 156 F.3d 136, 144 (2d Cir. 1998).

Here, Plaintiff fails to meet the "heavy" burden warranting reconsideration. To the contrary, Plaintiff is merely improperly seeking a proverbial "second bite at the apple," by relitigating issues decided now by Judge Parker and this Court. Indeed, Plaintiff largely copies

[1] Local Rule 6.3 also limits Plaintiff's memo of law to 3,500 words. By converting to a Word document and using the Word Count function, Plaintiff's brief exceeds this limit by over 2,000 words.

3

50531765.v3

and pastes entire sections of her objections to Judge Parker's R&R denying Plaintiff leave to add

Miller and other individuals as defendants in this action, which demonstrates that this is just an

improper attempt to relitigate issues decided by this Court. There is no intervening change of

controlling law, new evidence or need to correct a clear error or protect a manifest injustice. This

Motion to reconsideration runs afoul of the need for finality and to conserve judicial resources,

and therefore, the Motion for Reconsideration should be denied outright.

### B. The Purported Overlooked Case Law is Distinguishable and Was Not Overlooked

In the Motion for Reconsideration, Plaintiff attempts to provide examples of controlling

law that the Court purportedly overlooked, arguing that the Court's Order "violated controlling

caselaw that 'mere delay' is not enough reason to deny a party the ability to add a defendant."

Motion for Reconsideration (ECF Dkt. No. 525) at p. 6. As an initial matter, as set forth in greater

detail *infra*, this argument, ignores that, here, the Court did not only make a finding of delay, but

the Court found undue delay <u>and</u> undue prejudice. Additionally, the Court did not overlook these

precedents (which are not controlling because they are distinguishable) and did not need to address

them directly. To the contrary, in the Order, the Court cites Second Circuit law, finding:

> …a district court "plainly has discretion . . . to deny leave to amend where the
> motion is made after an inordinate delay, no satisfactory explanation is offered for
> the delay, and the amendment would prejudice the defendant." *Cresswell v. Sullivan
> & Cromwell*, 922 F.2d 60, 72 (2d Cir. 1990). Furthermore, once a court enters a
> scheduling order setting a date after which no amendment will be permitted, a
> plaintiff may only amend her complaint upon a showing of "good cause." *Sacerdote
> v. NYU*, 9 F.4th 95, 115 (2d Cir. 2021) (quoting Fed. R. Civ. P. 16(b)(4)).

Order (ECF Dkt. No. 520) at p. 3.

In the Motion for Reconsideration, Plaintiff does not address the finding of prejudice, the

inordinate delay or with respect to Miller, why there was "good cause" for her delay, which is fatal

to her Motion for Reconsideration.

4

Moreover, the case law upon which she relies upon is not controlling.  Plaintiff relies on a nearly forty-year-old case—*Richardson Greenshields Secs. Inc. v. Lau*, 825 F2d 647, 653 n. 6 and a trial court ruling in *Duling v. Gristede's Operating Corp.*, 265 F.R.D. 91, 98 (S.D.N.Y. 2010). Motion for Reconsideration (Dkt. No. 525) at p. 6.  *Greenshields* involved an issue of whether an interlocutory appeal could be filed after a trial court denied leave to file an amended answer when the defendant failed to follow the court's individual procedures for pre-motion conferences.  *Id.* at 653.  The footnote that Plaintiff invokes in the Motion for Reconsideration collects cases involving amended pleadings—not adding a party after the close of discovery, and the footnote, in fact, acknowledges the leave to amend may be denied in cases of "undue delay, bad faith, futility of the amendment, and perhaps most important, the resulting prejudice to the opposing party." *Id.* at FN. 6.  Thus, *Greenshields* is readily distinguishable, has verbiage that supports the Court's Order, and also does not consider how the case law for amendment has developed over the last thirty-eight years.

*Duling* is another distinguishable case.  It involved the addition of named plaintiff to a class action, where "plaintiffs moved for leave to amend just days after receiving defendants' opposition to their motion for class certification, which argued that the existing plaintiffs were inadequate class representatives and that their claims were atypical." *Id.* at 98 (emphasis added).  Thus, based on the timing and procedural posture alone, *During* is distinguishable from the instant case.

This is not a case of amending a legal theory or correcting a deficiency in a complaint. None of this purportedly controlling law addresses the "good cause" standard set forth in FRCP 16(b)(4), which is controlling according to the R&R (ECF Dkt. No. 411) at p. 2 and the Court's Order (ECF Dkt. No. 520) at p. 3.  Further, the "relation back" doctrine to add another party, as set forth in FRCP 15(c) is not met here since there is no "mistake concerning the proper party's

50531765.v3

identity," (Fed. R. Civ. P. 15(c)(1)(C), and Plaintiff clearly knew of Miller and his connection to the other defendants when she filed her initial Complaint on December 23, 2019.

**C. The Court Properly Found Undue Delay and Plaintiff's Argument for Reconsideration are Improper**

The issue of Plaintiff's undue delay—and the five years that Plaintiff waited to attempt to add Miller as a defendant in this action— has been thoroughly briefed and Miller will refrain from rehashing the arguments.  It is; however, worth noting that Plaintiff's argument in the Motion for Reconsideration is precisely the type of argument that courts have rejected as improperly rehashing and relitigating arguments that have already been decided.  At the Court noted in FN 2 to the Order, Plaintiff had additional opportunities to file "fulsome objections" to the R&R, "an opportunity Delgado availed herself of."  *See* the Order, FN 2, citing, *inter alia*, ECF Dkt. No. 423 (Plaintiff's Sept. 3, 2024 Objections to the R&R as to Miller).  In Plaintiff's 17-page objections to the R&R as to Miller, Plaintiff admits that, "In mid-June 2023, Defendant Sean Spicer testified, during his deposition, that the role Miller had discussed with Plaintiff 'did not exist.' This was the very first Plaintiff had heard such."  ECF Dkt. No. 423, at p. 3.  In these objections, Plaintiff then went on to make a record of Judge Parker not allowing a deposition of Miller to go forward, even though Plaintiff admitted that she deposed Miller in December 2017 and the summer 2019.  *Id.* at p. 3-4.  Even assuming the Spicer deposition was the first time Plaintiff could have added Miller as a party (which it was not), Plaintiff cannot and has not explained why she waited over a year from Sean Spicer's deposition to seek to add Miller.  Plaintiff's arguments for her delay were presented and considered by this Court and by Judge Parker and they were rejected.  Specifically, in the Court's Order, the Court stated:

> Regardless, it took Delgado more than a year from Spicer's deposition to seek leave to add Miller as a defendant, despite hearing from Spicer that Miller promised Delgado a White House job that did not exist.

50551765.v3

Court's Order (ECF Dkt. No. 520), at p. 5, citing ECF No. 423 at 3; *see also*, R&R at p. 4 ("Plaintiff concedes that she learned of Miller's alleged involvement in discriminatory conduct in 2023, but intentionally waited to seek leave to amend."). Thus, Plaintiff cannot get a "second bite at the apple" on a motion for reconsideration on an argument that was explicitly considered by this Court.

Plaintiff also asks this Court for the first time on the Motion for Reconsideration to consider that the Trump Campaign's Interrogatory responses served in November 2022, wherein Jason Miller is listed as a person with knowledge of Plaintiff's claims, did not put Plaintiff on adequate that Miller could be a party to this action. Plaintiff argues in the Motion for Reconsideration that only the Rule 26 disclosures could have put Plaintiff on notice and that the Interrogatories—even though they are sworn responses—were not sufficient. Motion for Reconsideration at p. 4. Firstly, it is improper for Plaintiff to raise this argument for the first time in a Motion for Reconsideration. Plaintiff certainly could have raised this argument in her 17 pages of objections to the R&R. Secondly, notwithstanding the foregoing, this does not negate that Plaintiff waited over a year from Sean Spicer's deposition and several months after the close of discovery to seek to add Miller. Finally, the Court explicitly considered this argument and rejected it. *See* Court's Order at p. 5 ("Regarding Miller, Delgado highlights that Defendants did not list him in their Rule 26 disclosures and that, consequently, she only found out about his possible involvement as a result of Spicer's deposition testimony in June 2023. ECF No. 423 at 3. As stated, however, the Campaign, in its November 2022 responses to Delgado's first set of interrogatories, listed Miller as someone "likely to have knowledge" pertaining to the allegations in the amended complaint.") Thus, even though Plaintiff raises an unsupported argument regarding interrogatories for the first time on the Motion for Reconsideration, the Court should not consider it, as the Court already considered it and addressed it.

50531765.v3

**D.** **The Motion for Reconsideration Ignores the Findings of Prejudice**

As noted *supra,* in the Motion for Reconsideration, Plaintiff cherry picks the Court's decision and claims that the Court "violated controlling caselaw that 'mere delay' is not enough reason to deny a party the ability to add a defendant." Motion for Reconsideration (ECF Dkt. No. 525) at p. 6. This attempt at reargument blatantly and blindly ignores that this Court (as well as Judge Parker) found that adding Miller at this late juncture would be prejudicial to Miller (and the other individuals Plaintiff seeks to add as parties)—which is one of the factors a court can consider in denying leave to add a party. In issuing its decision denying leave to add Miller as a defendant in this action, the Court directly addressed the issue:

> Moreover, the Court agrees with Judge Parker's conclusion that the addition of three new defendants at this stage in the litigation would prejudice Defendants. See R&R at 5–6. Delgado moved to amend her complaint after the close of an extensive discovery period, and reopening discovery would likely delay the case by months, if not longer, and would require Defendants "to expend significant additional resources to conduct discovery and prepare for trial." *Block v. First Blood Assocs.*, 988 F.2d 344, 350 (2d Cir. 1993); *see Scott v. Chipotle Mexican Grill, Inc.*, 300 F.R.D. 193, 200 (S.D.N.Y. 2014) ("A court is more likely to find an amendment prejudicial if discovery has closed.")

Order at p. 7. Judge Parker similarly found in the R&R, that adding Miller and the other individuals would cause prejudice, noting that it would be "unlikely" that the additional discovery would be limited to three depositions and "[r]eopening discovery for purposes of amendment would likely delay summary judgment motion practice by months, if not more, in a case that is already almost five years old." R&R (ECF No. 411) at p. 5.

As Miller has previously offered, to add Miller at this point—after discovery has been closed and summary judgment briefed—would cause significant prejudice to Miller (as well as the existing parties), as Miller would need to defend himself in an action where the underlying events occurred seven years ago, significant depositions would need to be retaken, and additional paper

8

50551765.v3

discovery would be necessary. Miller, who has not been a party to this case for the last five years, will be entitled to his own discovery.

There is an additional prejudice that did not exist when Plaintiff originally attempted to add Miller as a party in this lawsuit last summer. As this Court is aware, Plaintiff has commenced a similar lawsuit involving Miller in New York State Court (the "New York Action"). While Plaintiff has not indicated the exact nature of her claim against Miller in this lawsuit, presumably it is a discrimination claim alleging a violation the New York State and New York City Human Rights Law ("NYSHRL" and "NYCHRL," respectively). In a decision dated January 31, 2025, Judge Lyle Frank of the New York State Supreme Court dismissed Ms. Delgado's NYCHRL and NYSHRL claims, reasoning "Because Plaintiff has failed to properly allege impact in New York, as a non-resident there is no standing to bring these claims [alleging a violation of NYSHRL and NYCHRL] and they must be dismissed in their entirety." *See* Decision and Order of Judge Lyle Frank, attached hereto as **Exhibit A.** Thus, in addition to the aforementioned prejudice, allowing Miller as a party prejudices Miller in that it could lead to inconsistent adjudications and forces him to litigate a matter that has already been decided by a court.

## E. The Motion For Reconsideration Fails to Consider that Leave to Add Miller Should be Denied for Harassment and Futility

In addition to causing undue prejudice, Plaintiff's Motion for Reconsideration should be denied because it is made in bad faith (and it is futile.). *See DeFazio v. Wallis*, No. 05-CV-5712, 2006 U.S. Dist. LEXIS 95154, 2006 WL 4005577, at *1 (E.D.N.Y. Dec. 9, 2006). While not addressed in the Court's Order or the R&R, this attempt to add Miller five years after the inception of this lawsuit is a blatant bad faith attempt to foist additional litigation costs and bad publicity on to Miller. As previously noted in letters to the Court, if the Amendment is allowed, this would be the third lawsuit borne out of the relationship between Delgado and Miller. First, there was an

9

50551765.v3

action in the Eleventh Judicial Circuit in and for Miami-Dade County, Florida (the "Florida Action"), a custody proceeding for the child Miller and Plaintiff share, where the judge stated, "…Ms. Delgado turned this proceeding into an all-out war," and further called the litigation "protracted" and "unnecessary."  Next, after consistently, publicly stating for several years she had a loving and "sweet" relationship with Miller, Plaintiff commenced the New York Action against Miller alleging, *inter alia*, human trafficking, violations of NYCHRL and NYSHRL, and sexual assault, on the eve of the expiration of New York State's Adult Survivor Act.  Most of Plaintiff's claims in the New York Action have been dismissed in a pre-answer motion to dismiss.  Plaintiff's behavior in the Florida Action and her tactics and allegations in the New York Action demonstrate her desire to harass and inflict financial and reputational harm on Miller, and this should be considered in denying reconsideration.

In addition to harassment, undue prejudice, and undue delay, "[m]otions to amend should generally be denied in instances of futility" and here the proposed amendment would be futile. *See Burch v. Pioneer C.R.*, 551 F.3d 122, 126 (2d Cir. 2008). First, it is still unclear what claim Plaintiff intends to bring against Miller. Second, to the extent that Plaintiff intends to add a claim for pregnancy discrimination under the NYCHRL or NYSHRL, these claims would be entirely duplicative of the claims brought in the New York Action, which have now been dismissed. Plaintiff should not be allowed to shop multiple forums to get a favorable result. Third, Plaintiff's claims against Miller would be time-barred. Both NYSHRL and NYCHRL are governed by a three-year statute of limitations. See CPLR § 214. Since Plaintiff's allegations against Miller relate to conduct which occurred between 2017 (and arguably 2019), any corresponding claim, including any claim under a federal discrimination statute, is long expired, thereby providing another reason why reconsideration should be denied.  Finally, Plaintiff has provided no evidence that Miller had

10

50551765.v3

any role in deciding staffing, as it is well-reported that he withdrew from his Communications Director role in December 2016.

## IV.    CONCLUSION

For the foregoing reasons, Miller respectfully requests that this Court deny the Motion for Reconsideration and maintain the Order denying Plaintiff leave to add Miller as a defendant in this action.

Dated: March 17, 2025

Goldberg Segalla LLP

Adam S. Katz, Esq.
711 Third Avenue, Ste. 1900
New York, NY 10017
akatz@goldbergsegalla.com
(646) 292-8787

*Attorneys for Non-Party Jason Miller*

11