## UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

ARLENE J. DELGADO,
Plaintiff,

-vs-                                                    No. 19 cv-11764 (AT) (KHP)

DONALD J. TRUMP FOR PRESIDENT, INC.,
TRUMP FOR AMERICA, INC., SEAN SPICER,
individually, REINCE PRIEBUS, individually,
and STEPHEN BANNON, individually,

Defendants.

## PLAINTIFF'S MOTION FOR SANCTIONS AGAINST ERIC TRUMP AND MICHAEL MADAIO OF HABBA, MADAIO & ASSOCIATES

NOW COMES the above-named, ARLENE J. DELGADO, Plaintiff, and files Plaintiff's Motion for Sanctions on Third-Party Eric Trump ("Trump") and Eric's Trump's counsel, Michael Madaio of the Habba, Madaio & Associates firm, and pursuant to the Order (ECF #509) of Magistrate Judge Parker ("Judge Parker"), granting leave to file this motion, states as follows:

RELEVANT FACTS

In June and July 2024, Trump was ordered to produce a batch of previously-withheld documents, per a court order denying privilege-protection over said documents. In that production, it was revealed that Trump was involved in the Retaliation against the Plaintiff (e.g., the Campaign suing Delgado for seven figures). (*See e.g.*, documents in ***Attachment B***.) This was heretofore unbeknownst to Plaintiff; never revealed by any witness or party; never revealed in a previously produced document; and certainly never revealed by Trump in his March 2024 deposition in this matter.[1]  (Even in the Campaign's November 2022 Interrogatory answers, the Campaign did not

---

[1] On the contrary, Trump was playing dumb as late as March 2025, when Plaintiff took his deposition. Therein, Trump made statements such as: "I didn't know much about the arbitration" ECF #441-5, p. 56

list Trump as someone with knowledge when it is now known that he should have been listed.[2])

Promptly following the July 2024 revelation, Plaintiff moved to add Trump as a defendant on

August 12th (ECF #403). Hon. Analisa Torres referred the matter to Judge Parker (ECF #404).

On August 15, 2024, Trump, via counsel Michael Madaio, filed an Opposition to the

request (ECF #405). Said Opposition is the basis for this Motion for Sanctions. Therein, Trump

and his counsel represented to this Court that Plaintiff had known of Trump's involvement in the

Retaliation for "years" and thus had unduly delayed in adding him as a defendant.[3] As a result,

they said, Plaintiff should not be permitted to add him now as a defendant. The Opposition read:

> *Plaintiff has acknowledged that she expressly considered "nam[ing] Trump" as a defendant as early as August 2019, see ECF 379 at 1, and ultimately decided against doing so....* ***Further, Plaintiff has not offered any explanation for her delay. Nor can she. Plaintiff has conceded that she contemplated including Trump as a defendant as early as August 2019, going so far as sending him a draft complaint with him as a named defendant****. See ECF 379 at 1. Yet, she deliberately chose not to include him in her initial Complaint filed in December 2019, see ECF 1, or her First Amended Complaint filed in March 2022, see ECF 94. Plaintiff's multi-year delay has rendered her application untimely and improper. See, e.g., United States v. Pokerstars, No. 11-CV-2564 (KMW), 2016 WL 4411421, at \*6 (S.D.N.Y. Aug. 19, 2016)* ***("[D]enial of leave to amend is proper when a party attempts to assert new facts or theories that it could have raised sooner.")****.*

-Trump's Opposition, August 15, 2024, ECF #405, p. 1 (emphasis added)

This was a self-serving and false misrepresentation, to avoid becoming a defendant. First,

Trump writes: "*Plaintiff has acknowledged that she expressly considered nam[ing] Trump as a*

*defendant as early as August 2019, see ECF 379 at 1, and ultimately decided against doing so."*

(internal quotations omitted) This is knowingly false. Plaintiff *never* considered adding Trump as

a defendant on any claim in the instant action (Retaliation or otherwise) as she knew nothing of

---

[2] Unlike Rule 26 disclosures, which only require a party to list those individuals the party intends to rely on in its own claims and defenses, the Interrogatory posed to the Campaign was that it identify those with knowledge about any of the Complaint's causes of action (which includes the retaliation-by-way-of-the-Arbitration-Action). Yet the Campaign did not list Eric Trump.

[3] In fact, Trump and his counsel 'leaned into' this so much that they even, compounding the aggravation and stress to Plaintiff, threatened Plaintiff with a Rule 11 sanctions motion for having even moved *to* add Trump, because, they said, she had known of his involvement in such for 'years'.[3] See ***Attachment E***

his involvement in any of the instant action's claims. Plaintiff once considered naming him as a defendant on a completely separately issue -- a tortious interference claim pertaining to her PAC job.[4] ***Tellingly***, Trump and his counsel do not provide *any* quote demonstrating this alleged prior 'acknowledgement' by Plaintiff in any earlier filing (or anywhere). They do not quote from the (a) the 2019-draft-complaint, nor do they (b) quote from Plaintiff's "ECF #379," despite citing it as their source. Why? Because no such quote exists. Indeed, a quick check of ECF #379 (a July 8, 2024 motion regarding Trump's privilege claims) reveals that Plaintiff said no such thing therein. Let us review what exactly Plaintiff said:

> [speaking of the common interest privilege asserted by Eric Trump…] *Plaintiff does concede that Trump may take that position for emails dated August 2019 or later. Why?* ***In August 2019, Plaintiff did mention to an attorney that she might name Trump in a separate cause of action. But this had nothing to do with her 2017 claims, her counterclaims in the AAA, or any action that existed in 2017, even remotely****. In fact, the issue concerned harm and actions that began in 2018 and had nothing to do with the 2017 threatened litigation or the 2017 AAA / counterclaims.* (ECF #379, emphasis added)

Clearly, nowhere does Plaintiff indicate therein, as Trump *falsely* represented to this Court, that she had considered naming Trump as a defendant in the Retaliation, or in *any*, cause of action in this case - *it was regarding a different issue/claim altogether, as Plaintiff explicitly said in ECF #379*. Yet Trump chose to outright completely misrepresent Plaintiff's ECF #379 statement. ***Second***, what of the alleged August-2019 draft Complaint? Plaintiff attaches herein the relevant portion of that August 2019 draft Complaint (*See **Attachment A***). The *only* mention of Trump is a tortious interference claim regarding her PAC job, which is not a claim in the instant case.

---

[4] Indeed, even the tortious interference claim was one on which Plaintiff could not move forward given the Campaign's threats of "Rule 11 sanctions" on her attorneys and "going scorched earth on her" if she dared move forward on that claim, given that she had no evidentiary support in hand "whatsoever" to support it.

But before Plaintiff could correct this, Judge Parker ruled, just three business days later. On August 20, 2024, Judge Parker entered an Order (ECF #411), denying Plaintiff the ability to add Trump, explicitly relying upon Trump's exact argument (undue delay).[5] (The secondary reason provided by Judge Parker – that Plaintiff could have moved to add Trump before discovery ended – was likely an oversight, given that Trump produced the revelatory information in July 2024, *and discovery had ended in May*.) Trump and his counsel's tactics.... had worked.

Plaintiff immediately contacted Trump's counsel, Mr. Madaio, asking that he fix the error, and followed up on the request (*See* August 15th – August 20th emails, in **Attachment C**). As an officer of the Court, most attorneys would have easily done so. Instead, Mr. Madaio defiantly retorted that it would not be fixed and, astoundingly, warned not to ask again and bullied her by saying her emails were harassing and hostile (when, in fact, Plaintiff's emails, found in Attachment C, show, as ever, she was at all times appropriate and professional). Trump and counsel were thrilled to have gotten away completely mischaracterizing matters (making it sound as though Plaintiff's 2019 consideration-of-naming Trump as a defendant, years ago, was as a defendant on

---

[5] The Order reads:

> *Plaintiff's explanation for her delay in seeking leave to amend is unpersuasive and fails to demonstrate good cause. With regard to Eric Trump, Plaintiff does not provide any specificity as to the content of new documents or why Trump's alleged involvement would not have been clear earlier.* **Plaintiff's assertion that she only just learned Trump was a "key player in the retaliation" against her strains credulity** *given that she identified Trump as someone with knowledge of her claims at the outset of this litigation and knew of his involvement in the arbitration that preceded this case.* **Indeed, in an earlier discovery motion concerning documents produced by Trump, Plaintiff suggested she considered including Trump as a defendant a few months before the case was originally filed in December 2019, that is, almost five years ago. (ECF No. 379.)** *Further, Plaintiff herself notes that she took Trump's deposition in March 2024, two months before the end of discovery. Therefore, Plaintiff could have sought leave to amend before the end of discovery.* (emphasis added)

(Regarding the Court's reference to Plaintiff identifying Trump as someone with knowledge of the claims, the Court is presumably referring to Plaintiff's November 2022 interrogatory answers. Plaintiff listed dozens of individuals and included Trump merely because she and Trump discussed the Arbitration during their October 2017 in-person meeting in Trump's office.  It is unclear why/how Judge Parker extrapolated from such that Plaintiff therefore *knew* Trump was actually involved in such, when all she did was list him as someone who might have knowledge *about* it.)

the Retaliation claim). 'We're not going to walk it back now! We got what we wanted! Too bad!'
That was, essentially, the response.

After several filings (including a time-consuming Motion for Reconsideration and
supplement, by Plaintiff ECF #412, #413), **and even a Declaration from Plaintiff's former
attorney (ECF #421)[6] (*See Attachment D*),** attesting that neither Plaintiff nor her counsel (through
early 2023!) were *ever* aware of Trump's involvement, Trump filed a Response to Plaintiff's
reconsideration-motion, on September 3rd (ECF #419). Buried in the second paragraph is this:

> *More importantly, Plaintiff's claim that the undersigned purportedly "misled" the
> Court is verifiably false....The passages .... conveyed the unextraordinary (and
> undisputed) proposition that Plaintiff considered asserting **a** cause of action
> against Trump in August 2019. See ECF 405 at 1, 3. **It was never specified [in
> Trump's August 15th letter] that Plaintiff sought to assert a retaliation claim
> against Trump…..** (emphasis added) (ECF #419)

One has to read this over several times to truly digest the bravado. Far from showing that
Plaintiff's claim is "verifiably false," they now hurriedly mutter (and only after several filings /
emails by Plaintiff; after a Declaration by her former counsel calling out their lie; and only because
the Court safely already ruled in their favor) that Plaintiff's position is correct! 'Gee, we never
*literally* said that Plaintiff once sought to assert a *Retaliation* claim against Trump. So what if we
*heavily* implied it and so what if we misled the Court?'  This is textbook bad faith. Trump's August

---

[6] It read, in part:

> *....Plaintiff informs me that counsel for Eric Trump has taken the position that Ms. Delgado considered naming
> Eric Trump as a defendant on her retaliation claim several years ago (see the Amended Complaint, Docket No.
> 94), but failed to do so. Based on my own information and experience, that is incorrect.
> 5. During my time working on this matter, I was never aware of any indication or documentation, nor had any
> reason to believe, that Eric Trump had any involvement in the presently-named Defendants' retaliatory acts
> against Plaintiff – when they sabotaged her efforts to obtain White House employment during the first Trump
> Administration in 2016 or 2017, and/or shortly thereafter when they filed and litigated a frivolous arbitration
> against her, both in response to her complaints of pregnancy discrimination and gender-based harassment.*

15th Opposition most certainly did argue that Plaintiff had, in 2019, sought to name Trump on as a defendant on the Retaliation claim – *otherwise, what would be the relevance/ point of mentioning such*? Indeed, their main argument was "undue delay" / 'She *waited too long* to name him on the Retaliation claim'! They clearly represented that was the Retaliation claim on which she could have named him sooner – and that is exactly how Judge Parker took it, understandably so (judges, using taxpayer funded time judiciously and efficiently, trust in the representations of officers of the court). Trump and counsel knew full well what they were doing and worded their August 15th letter in such a way as to mislead the Court into thinking that Plaintiff had discussed/considered naming Trump as a defendant on this claim but that she had 'dilly-dallied' and had waited to do it until years later. "Plaintiff has not offered any explanation for her delay. Nor can she," they sneered. *Now*, they claim, 'We never said that.'

<u>THIS COURT HAS MULTIPLE SOURCES OF AUTHORITY TO IMPOSE SANCTIONS</u>

Parties, witnesses, and counsel must be truthful and not misrepresent facts to opposing parties or the Court. When they are not, federal courts "possess broad inherent power to protect the administration of justice by levying sanctions in response to abusive litigation practices." *Penthouse Int'l, Ltd. v. Playboy Enters.*, 663 F.2d 371, 386 (2d Cir. 1981).

Plaintiff does not move under Rule 11 sanctions, *per se*: The main mechanism of Rule 11 is to first give the offending actor (herein, Trump and his counsel) a chance to withdraw their improper representation or claim. But such would be pointless here, as the harm had *already* been suffered and order entered. The window for withdrawal-of-the-improper-representation would have been between (a) the time they made the false claim and (b) the Court's ruling. But, because the Court ruled so quickly, that window spanned a mere three business days. (And, moreover, a safe- harbor letter would have been a waste of time – Plaintiff *did* ask Trump and counsel to withdraw their improper representation and they refused.) Thankfully, the Court has inherent

sanction powers and need not rely on Rule 11. To the extent the Court still wishes to invoke Rule 11 -- namely, that Trump and his counsel violated Rule 11(b)(3) (which they did[7]) -- the circumstances here negate the need for a safe harbor letter as Mr. Madaio made it clear he would not acknowledge the error. But in any event, ***"[w]hen an attorney makes a representation to the court, the attorney 'certifies to the best of [his] knowledge, information, and belief, formed after an inquiry reasonable under the circumstances' that the representation has 'evidentiary support' or 'will likely have evidentiary support after a reasonable opportunity for further investigation or discovery*.'"** *Google LLC v. Starovikov*, Bo. 21-cv-10260, 2022 WL 16948296, at *7 (Nov. 15, 2022) (citing Fed. R. Civ. P. 11(b), 11(b)(2)). "Additionally, an attorney has an ethical obligation not to knowingly 'make a false statement of fact or law to a tribunal or fail to correct a false statement of material fact or law previously made.'" *Id*. (citing N.Y. Rules of Prof. Conduct 3.3(a)(1)). These matters become sanctionable where, as here, there is a "false allegation about a matter entirely within the Defendants' knowledge and central to the claims in this action and the Court's decision-making." *See id*.

    This Court may issue sanctions pursuant to several sources of authority. First, this Court retains inherent authority "to fashion . . . appropriate sanction[s] for conduct which abuses the judicial process." *Chambers v. NASCO, Inc.*, 501 U.S. 32, 44–46 (1991); *see also Goodyear Tire*

---

[7] F.R.C.P. Rule 11(b) reads:

b) Representations to the Court. By presenting to the court a pleading, written motion, or other paper—whether by signing, filing, submitting, or later advocating it—an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:

….

(3) the **factual contentions have evidentiary support** or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery....

& Rubber Co. v. Haeger, 137 S. Ct. 1178, 1186 (2017) ("Federal courts possess certain 'inherent powers,' not conferred by rule or statute, to manage their own affairs….") *Sussman v. Bank of Israel*, 56 F.3d 450, 459 (2d Cir. 1995) (noting court's "inherent power" to "sanction counsel or a litigant for bad-faith conduct"). The Court's inherent authority to impose sanctions may be used where "false testimony, material misrepresentations [by counsel] and foot-dragging were used….." *Penthouse Int'l, Ltd.*, 663 F.2d at 392. A fraud on the court may occur "[w]hen an attorney misrepresents or omits material facts to the court…." *E. Fin. Corp. v. JSC Alchevsk Iron & Steel Works*, 258 F.R.D. 76, 85 (S.D.N.Y. 2008) *See also S.E.C. v. Smith*, 710 F.3d 87, 97 (2d Cir. 2013) (noting that "sanctions are appropriate when an individual has made a false statement to the court and has done so in bad faith"); *Margo v. Weiss*, No. 96 CIV. 3842 (MBM), 1998 WL 765185, at *3 (S.D.N.Y. Nov. 3, 1998) (sanctions warranted when parties and lawyers make false statements).

DETERMINING APPROPRIATE SANCTIONS

Trump and his attorney's act, making a heavily misleading statement for personal gain, warrants meaningful sanctions. The Court has "wide discretion" to determine what is the appropriate sanction/s and has inherent authority to award a variety of sanctions. *Reilly v. Natwest Mkts. Grp. Inc.*, 181 F.3d 253, 267 (2d Cir. 1999). When determining what would be the appropriate remedy/sanction, courts often consider the following factors: "(i) whether the misconduct was the product of intentional bad faith; (ii) whether and to what extent the misconduct prejudiced the injured party; (iii) whether there is a pattern of misbehavior rather than an isolated instance; (iv) whether and when the misconduct was corrected; and (v) whether further misconduct is likely to occur in the future." *Passlogix, Inc. v. 2FA Tech., LLC,* 708 F.Supp.2d 378, 394 (S.D.N.Y.2010); *see also Almeciga v. Ctr. for Investigative Reporting, Inc.*, 185 F. Supp. 3d 401, 435 (S.D.N.Y. 2016). These factors favor sanctions.

First, the misconduct here was intentional, to help their client avoid being added.

Second, the misconduct was highly prejudicial, as it led the Court to base an important ruling on the misrepresentation. There can hardly be a greater example of prejudice. Indeed Judge Torres recently opted not to allow Trump to be added (denying Plaintiff's Rule 72a Objection) only compounding the chain of events that resulted from the 'original sin' – Trump and his counsel's misrepresentation.[8] Indeed, one cannot know for certain what the outcome would have been, had 'Do not add Eric Trump' not come to her desk already wearing the cloak of legitimacy that Judge Parker's ruling bestowed on such. And, even if the misrepresentation had no effect at all on the ultimate ruling, such would be irrelevant, as simply the immense stress, aggravation, mortification, and time spent (two motions for reconsideration, a Rule 72a Objection, emails to Mr. Madaio)… were all *direct* results of Trump and his counsel's misrepresentation.

Third, Trump's conduct was not isolated. There has been a pattern of questionable conduct in this case by Trump's attorneys. Consider:

- Ms. Habba (Mr. Madaio's partner who has also represented Trump in this case) appeared at Trump's March 2024 deposition, as his attorney, yet did so without having entered any Notice of Appearance in the case;
- It took three rounds of production for Trump to produce documents (which he initially hid behind a privilege claim); *and*
- their initial privilege log did not comply with S.D.N.Y. rules for such yet, when Plaintiff politely raised this during the deposition, she was mocked and told she was wrong, with Ms. Habba stating it was "not her first rodeo" (implying it was, to the contrary, Plaintiff's). (*See* ECF#441-5, p. 81) Yet Plaintiff turned out to be correct and, indeed, Trump had to correct the privilege log.

Worth noting, Habba Madaio and Associates firm was **sanctioned nearly $1 million by federal judge Hon. Donald Middlebrooks** last year, for making "baseless arguments,"[9] though

---

[8] While Judge Torres's does not base her decision-not-to-add-Trump on Trump-and-his-counsel's misrepresentation (ECF #520, p. 7), such is irrelevant for this purpose, as it is impossible to know for certain how the Judge Parker would have ruled, absent Trump's misrepresentation, which is prejudice/harm in and of itself.

[9] https://storage.courtlistener.com/recap/gov.uscourts.flsd.610157/gov.uscourts.flsd.610157.302.0_1.pdf

the fine was reportedly paid for them by a Trump PAC and thus it must be easy to engage in sanctionable conduct, knowing someone else will pay any fees incurred. Indeed, Ms. Habba, appeared at the Madison Square Garden rally last year, coming out dancing to a track entitled, "All I Do Is Win." Trump's attorneys brag of their conduct, for the world to see, and boast of that which they have been permitted to evade or achieve.

Fourth, Trump and his counsel did not correct their conduct when it was brought to their attention. Specifically, the Plaintiff immediately notified Mr. Madaio of the severe and prejudicial error, across several days. They refused to correct.

Fifth, as for whether further conduct is likely to occur in the future, that is unknown.

CONCLUSION

As the Solicitor General once recognized, "counsel have a duty to zealously advocate on behalf of their client, but they also have duties to this Court and to the Bar." *Hargan v. Garza,* No. 17-654 *Cert. Pet.* at 28. And as the Supreme Court wrote, "it is critical that lawyers and courts alike be able to rely on one another's representations." *Azar v. Garza*, 138 S. Ct. 1790, 1793 (2018). For these reasons, Plaintiff respectfully requests that the Court impose appropriate sanctions, as the Court deems fit, on Trump and his counsel for leading the Court to error and the resulting harm on Plaintiff.

Respectfully and humbly submitted,

*s/ Arlene Delgado*
Arlene Delgado
Plaintiff, *pro-se*

**ATTACHMENT A**

**COUNT NINE**
**TORTIOUS INTERFERENCE WITH PROSPECTIVE ECONOMIC ADVANTAGE**
**(Against Eric Trump)**

183.    Delgado had actual prospective business relationships with America First as an at-will employee.

184.    Eric Trump was aware of these prospective business relationships with America First and Delgado's at-will employment status.

185.    Eric Trump, either directly or through his agents, unlawfully and maliciously interfered with Delgado's business relationships to harm her.

186.    The interference from Eric Trump was unlawful because, among other things, it was illegal for him to encourage America First to end its employment of Delgado, since he was attempting to extract a release of her claims against the Campaign in exchange for compensation from America First.

11

**ATTACHMENT B**

Message

---

| | |
|---|---|
| **From**: | Michael Glassner [mglassner@donaldtrump.com] |
| **on behalf of** | Michael Glassner <mglassner@donaldtrump.com> [mglassner@donaldtrump.com] |
| **Sent**: | 8/3/2017 10:00:34 AM |
| **To**: | Alan Garten [agarten@trumporg.com]; Eric Trump [etrump@trumporg.com] |
| **Subject**: | RE: PRIVILEGED AND CONFIDENTIAL: Trump/Delgado |

Great I will call you then.

Thanks

Michael S. Glassner
Executive Director
201-725-7869
www.donaldjtrump.com

-------- Original message --------
From: Alan Garten <agarten@trumporg.com>
Date: 8/3/17 9:57 AM (GMT-05:00)
To: Michael Glassner <mglassner@donaldtrump.com>, Eric Trump <etrump@trumporg.com>
Subject: RE: PRIVILEGED AND CONFIDENTIAL: Trump/Delgado

Can we do 1145?

**T R U M P**

THE TRUMP ORGANIZATION

**Alan Garten**
Executive Vice President and Chief Legal Officer
725 Fifth Avenue | New York, NY | 10022
p. 212.836.3203 | f. 212.980.3821
agarten@trumporg.com | trump.com

**From:** Michael Glassner [mailto:mglassner@donaldtrump.com]
**Sent:** Thursday, August 03, 2017 9:15 AM
**To:** Alan Garten <agarten@trumporg.com>; Eric Trump <etrump@trumporg.com>
**Subject:** RE: PRIVILEGED AND CONFIDENTIAL: Trump/Delgado

Alan,

Are you available for a brief call at 11:30am to discuss?

Thanks

Michael S. Glassner
Executive Director
201-725-7869
www.donaldjtrump.com

-------- Original message --------

From: Alan Garten <agarten@trumporg.com>
Date: 8/3/17 8:46 AM (GMT-05:00)
To: Michael Glassner <mglassner@donaldtrump.com>, Eric Trump <etrump@trumporg.com>
Subject: Fwd: PRIVILEGED AND CONFIDENTIAL: Trump/Delgado



Get Outlook for iOS
_____
From: Lawrence Rosen <lrosen@lhrgb.com>
Sent: Wednesday, August 2, 2017 11:44 AM
Subject: PRIVILEGED AND CONFIDENTIAL: Trump/Delgado
To: Alan Garten <agarten@trumporg.com>, Matthew Maron <mmaron@trumporg.com>


Alan/Matt



Larry



Lawrence S. Rosen, Esq.
The Trump Building
40 Wall Street, 32nd Floor
New York, NY 10005
Tel. 212.530.4822 (NY)
Tel. 732.409.1144 (NJ)
Cell 917.572.3792
Fax. 212.530.4815
Email: Email: LROSEN@LHRGB.COM
http://lhrgb.com/home.php#Attorneys
☐ Please, don't print if you don't have to
---------------------------------------------

**To:**  lara@gilesparscale.com[lara@gilesparscale.com]
**Cc:**  Eric Trump[etrump@trumporg.com], Alan Garten[agarten@trumporg.com]
**From:**  Michael Glassner[mglassner@donaldtrump.com]
**Sent:**  Tue 8/22/2017 11:04:34 AM (UTC-04:00)
**Subject:**  RE: Delgado

That's good for me.


**Michael S. Glassner**
*Executive Director*
201-725-7869
www.donaldjtrump.com


-------- Original message --------
From: Lara Trump <lara@gilesparscale.com>
Date: 8/22/17 8:02 AM (GMT-07:00)
To: Michael Glassner <mglassner@donaldtrump.com>
Cc: Eric Trump <etrump@trumporg.com>, Alan Garten <agarten@trumporg.com>
Subject: Re: Delgado

I think Eric and I both have something at 1 - would 2 work for everyone?

> On Aug 22, 2017, at 11:01 AM, Michael Glassner <mglassner@donaldtrump.com> wrote:
>
> Eric, Alan and Lara,
>
> Below please see the latest update from Larry.
>
> Are you avaliable for a brief call today at 1pm eastern to discuss? If that works I will send around a conference bridge.
>
> Thanks
>
>
>
> **Michael S. Glassner**
> *Executive Director*
> 201-725-7869
> www.donaldjtrump.com
>
>
>
> -------- Original message --------
> From: Lawrence Rosen <lrosen@lhrgb.com>
> Date: 8/22/17 5:01 AM (GMT-07:00)
> To: Michael Glassner <mglassner@donaldtrump.com>
> Subject: Delgado
>
> Good morning Michael,
>
> We must notify the AAA by the close of business today whether we (all 5 defendants) consent to have all matters heard by the AAA (except the breach of contract claim in connection with the settlement).
> If possible, please let me know the positon of the Campaign by mid-day.  That will leave us enough time to speak with counsel for Delgado and try to resolve it before 5 pm.
>
> Delgado is willing to arbitrate all claims, provided that our side pays for all of the AAA's fees and costs (win, lose, or draw).

The Transition Team is not willing to arbitrate if it also requires that it must also pay Delgado's share of the arbitration costs.

Messrs. Spicer and Preibus prefer that the matter remain confidential.  I have not spoken with Mr. Bannon.  Have you?

Thank you very much.

Larry

<image001.jpg>

Lawrence S. Rosen, Esq.
The Trump Building
40 Wall Street, 32nd Floor
New York, NY 10005
Tel. 212.530.4822 (NY)
Tel. 732.409.1144 (NJ)
Cell 917.572.3792
Fax. 212.530.4815
Email: LROSEN@LHRGB.COM
http://lhrgb.com/home.php#Attorneys
*  Please, don't print if you don't have to
---------------------------------------------

This e-mail and any attachments are exclusively for use by the intended recipient and may contain legally privileged and/or confidential information.  If you are not the intended recipient of this e-mail then any dissemination, distribution, or copying of this e-mail and/or attachments by you is prohibited.  If you have received this e-mail in error, then I apologize, but please immediately notify me by reply email and then permanently delete the original and any copies.

**PAGE BREAK**

**To:**       Eric Trump[etrump@trumporg.com]; Lawrence Rosen[lrosen@lhrgb.com]; Alan Garten[agarten@trumporg.com]
**From:**     Michael Glassner[mglassner@donaldtrump.com]
**Sent:**     Fri 10/6/2017 7:46:05 AM (UTC-04:00)
**Subject:**  RE: Case Number 01-17-004-4706

███████

█████████████████████████████████████████████████████

████

██████████

**Michael S. Glassner**
*Executive Director*
201-725-7869
www.donaldtrump.com

-------- Original message --------
From: Eric Trump <etrump@trumporg.com>
Date: 9/30/17 8:52 PM (GMT-05:00)
To: Lawrence Rosen <lrosen@lhrgb.com>, Michael Glassner <mglassner@donaldtrump.com>, Alan Garten
<agarten@trumporg.com>
Subject: Re: Case Number 01-17-004-4706

██████████████████████████████████████████

---

**From:** Lawrence Rosen <lrosen@lhrgb.com>
**Sent:** Saturday, September 30, 2017 8:50:47 PM
**To:** Eric Trump; Michael S. Glassner; Alan Garten
**Subject:** Re: Case Number 01-17-004-4706

█████████████████████████████████████████████

█████████████████████████████████████████████████████████

████████████████████████████████████████

███

Sent from my Verizon, Samsung Galaxy smartphone

-------- Original message --------
From: Eric Trump <etrump@trumporg.com>
Date: 9/29/17 6:03 PM (GMT-05:00)
To: Lawrence Rosen <lrosen@lhrgb.com>, "Michael S. Glassner" <mglassner@donaldtrump.com>, Alan Garten
<agarten@trumporg.com>
Subject: Re: Case Number 01-17-004-4706

██████████████████████████████████████████████████

**From:** Lawrence Rosen <lrosen@lhrgb.com>
**Sent:** Friday, September 29, 2017 5:36:15 PM
**To:** Eric Trump; Michael S. Glassner; Alan Garten
**Subject:** Fwd: Case Number 01-17-004-4706

██████████████████

████

Sent from my Verizon, Samsung Galaxy smartphone

-------- Original message --------
From: Alanna Kaufman <asmall@ecbalaw.com>
Date: 9/29/17 5:04 PM (GMT-05:00)
To: Zainoj@adr.org, Lawrence Rosen <lrosen@lhrgb.com>, Patrick Mcpartland <pmcpartland@lhrgb.com>
Cc: Elizabeth Saylor <esaylor@ecbalaw.com>, "Andrew G. Celli" <acelli@ecbalaw.com>, "Jonathan S. Abady" <jabady@ecbalaw.com>
Subject: Case Number 01-17-004-4706

Dear All,

Please see the attached letter withdrawing Respondent's counterclaims in this action.

Kind regards,

Alanna

Alanna Kaufman

Emery Celli Brinckerhoff & Abady LLP

600 Fifth Avenue, 10th Floor

New York, NY 10020

phone: (212) 763-5000

fax: (212) 763-5001

akaufman@ecbalaw.com

www.ecbalaw.com

This electronic message transmission contains information from the law firm of Emery Celli Brinckerhoff & Abady LLP which may be confidential or privileged. The information is intended to be

**PAGE BREAK**

Message
_____

**From:** Eric Trump [etrump@trumporg.com]
**on behalf of** Eric Trump <etrump@trumporg.com> [etrump@trumporg.com]
**Sent:** 11/2/2017 8:58:56 PM
**To:** Lawrence Rosen [lrosen@lhrgb.com]; Alan Garten [agarten@trumporg.com]; Michael S. Glassner [mglassner@donaldtrump.com]
**Subject:** Re: Donald J. Trump for President, Inc. v. Delgado - Case No. 01-17-0004-4706

███████████████████████████████████████████████████████

**From:** Lawrence Rosen <lrosen@lhrgb.com>
**Sent:** Thursday, November 2, 2017 2:28:06 PM
**To:** Eric Trump; Alan Garten; Michael S. Glassner
**Subject:** Fwd: Donald J. Trump for President, Inc. v. Delgado - Case No. 01-17-0004-4706

All,

███████████████████████████████████████████████████████

Larry


Sent from my Verizon, Samsung Galaxy smartphone


-------- Original message --------
From: Alanna Kaufman <akaufman@ecbalaw.com>
Date: 11/2/17 4:22 PM (GMT-05:00)
To: Zainoj@adr.org
Cc: Elizabeth Saylor <esaylor@ecbalaw.com>, "Andrew G. Celli" <acelli@ecbalaw.com>, "Jonathan S. Abady" <jabady@ecbalaw.com>, Lawrence Rosen <lrosen@lhrgb.com>, Patrick Mcpartland <pmcpartland@lhrgb.com>
Subject: Donald J. Trump for President, Inc. v. Delgado - Case No. 01-17-0004-4706

Dear Mr. Zaino,

Please see the attached correspondence.

Kind regards,
Alanna

Alanna Kaufman

**PAGE BREAK**

Message

---

**From**: Michael Glassner [mglassner@donaldtrump.com]
**on behalf of**    Michael Glassner <mglassner@donaldtrump.com> [mglassner@donaldtrump.com]
**Sent**: 11/28/2017 1:57:10 PM
**To**: Lawrence Rosen [lrosen@lhrgb.com]; Eric Trump (etrump@trumporg.com) [etrump@trumporg.com]
**Subject**: RE: AJ Delgado

Thank you Larry.

I am available for a call tomorrow morning at a time convenient to you and Eric.

**Michael S. Glassner**
*Executive Director*
201-725-7869
www.donaldjtrump.com

-------- Original message --------
From: Lawrence Rosen <lrosen@lhrgb.com>
Date: 11/28/17 1:50 PM (GMT-05:00)
To: "Eric Trump (etrump@trumporg.com)" <etrump@trumporg.com>, Michael Glassner <mglassner@donaldtrump.com>
Subject: AJ Delgado

Hello Michael and Eric

███████████████████████████████████████████████████

Larry



Lawrence S. Rosen, Esq.
The Trump Building
40 Wall Street, 32nd Floor
New York, NY 10005
Tel. 212.530.4822 (NY)
Tel. 732.409.1144 (NJ)
Cell 917.572.3792
Fax. 212.530.4815
Email: LROSEN@LHRGB.COM
http://lhrgb.com/home.php#Attorneys
☐ Please, don't print if you don't have to

**PAGE BREAK**

Message

| | |
|---|---|
| **From:** | Lawrence Rosen [lrosen@lhrgb.com] |
| **on behalf of** | Lawrence Rosen <lrosen@lhrgb.com> [lrosen@lhrgb.com] |
| **Sent:** | 1/7/2018 3:44:32 PM |
| **To:** | Eric Trump [etrump@trumporg.com]; Michael S. Glassner [mglassner@donaldtrump.com] |
| **Subject:** | Fwd: Donald J. Trump for President, Inc. V. Arlene Delgado (01-17-0004-4706) |

Hello Michael and Eric,

Please see below.

Can we speak about this tomorrow?

Thank you
Larry


Sent from my Verizon, Samsung Galaxy smartphone


-------- Original message --------
From: "Jeffrey T. Zaino, Esq." <ZainoJ@adr.org>
Date: 1/6/18 11:19 AM (GMT-05:00)
To: Patrick Mcpartland <pmcpartland@lhrgb.com>
Cc: Lawrence Rosen <lrosen@lhrgb.com>, Alanna Kaufman <asmall@ecbalaw.com>
Subject: Donald J. Trump for President, Inc. V. Arlene Delgado (01-17-0004-4706)

Kindly advise me of the status of this matter. Thank you. Jeff




**Jeffrey T. Zaino, Esq.**
**Vice President**

American Arbitration Association
Commercial
T: 212 484 3224  F: 212 286 0383  E: ZainoJ@adr.org
150 East 42nd St, 17th Floor, New York, NY 10017
www.adr.org

The information in this transmittal (including attachments, if any) is privileged and/or confidential and is intended only for the recipient(s) listed above. Any review, use, disclosure, distribution or copying of this transmittal is prohibited except by or on behalf of the intended recipient. If you have received this transmittal in error, please notify me immediately by reply email and destroy all copies of the transmittal. Thank you.

**From:** Jeffrey T. Zaino, Esq.
**Sent:** Friday, October 13, 2017 2:54 PM
**To:** Patrick Mcpartland; Elizabeth Saylor
**Cc:** Lawrence Rosen; Andrew G. Celli; Jonathan S. Abady; Alanna Kaufman
**Subject:** RE: Case Number: 01-17-0004-4706 -- extension request

Thank you counsel – we will diary this matter for two weeks.  Best, Jeff

**Jeffrey T. Zaino, Esq.**
**Vice President**
Commercial
T: 212 484 3224  F: 212 286 0383  E: ZainoJ@adr.org
150 East 42nd St, 17th Floor, New York, NY 10017

---

**From:** Patrick Mcpartland [mailto:pmcpartland@lhrgb.com]
**Sent:** Friday, October 13, 2017 12:03 PM
**To:** Jeffrey T. Zaino, Esq.; Elizabeth Saylor
**Cc:** Lawrence Rosen; Andrew G. Celli; Jonathan S. Abady; Alanna Kaufman
**Subject:** RE: Case Number: 01-17-0004-4706 -- extension request

Good afternoon Mr. Zaino,

We are writing on behalf of all parties to request that this afternoon's call at 4 p.m. be adjourned for two weeks.

The reason for the request is to allow the parties additional time to confer.

Thank you,


Patrick McPartland, Esq.



The Trump Building
40 Wall Street, 32nd Floor
New York, NY 10005
T: (212) 530-4837
C: (917) 647-4094
F: (212) 530-4815
E: PMCPARTLAND@LHRGB.COM

 Please, don't print if you don't have to.

--------------------------------------------------------------------------------
This e-mail, and any attachments hereto, is intended only for use by the addressee(s) named herein and may contain legally privileged and/or confidential information.  If you are not the intended recipient of this e-mail, you are hereby notified that any dissemination, distribution or copying of this e-mail, and any attachments hereto, is strictly prohibited.  If you have received this e-mail in error, please immediately notify me by reply e-mail and permanently delete the original and any copy of this e-mail and any printout thereof. Finally, while the company uses virus protection, the recipient should check this email and any attachments for the presence of viruses.  The company accepts no liability for any damage caused by any virus transmitted by this email.

---

**From:** Jeffrey T. Zaino, Esq. [mailto:ZainoJ@adr.org]
**Sent:** Monday, September 11, 2017 7:21 PM
**To:** Elizabeth Saylor <esaylor@ecbalaw.com>; Patrick Mcpartland <pmcpartland@lhrgb.com>
**Cc:** Lawrence Rosen <lrosen@lhrgb.com>; Andrew G. Celli <acelli@ecbalaw.com>; Jonathan S. Abady <jabady@ecbalaw.com>; Alanna Kaufman <asmall@ecbalaw.com>
**Subject:** RE: Case Number: 01-17-0004-4706 -- extension request

Thank you counsel.  Absolutely, I will postpone tomorrow's call.  Best, Jeff



**Jeffrey T. Zaino, Esq.**
**Vice President**

American Arbitration Association
Commercial
T: 212 484 3224  F: 212 286 0383  E: ZainoJ@adr.org
150 East 42nd St, 17th Floor, New York, NY 10017
www.adr.org

The information in this transmittal (including attachments, if any) is privileged and/or confidential and is intended only for the recipient(s) listed above. Any review, use, disclosure, distribution or copying of this transmittal is prohibited except by or on behalf of the intended recipient. If you have received this transmittal in error, please notify me immediately by reply email and destroy all copies of the transmittal. Thank you.

**From:** Elizabeth Saylor [mailto:esaylor@ecbalaw.com]
**Sent:** Monday, September 11, 2017 5:30 PM
**To:** Jeffrey T. Zaino, Esq.; Patrick Mcpartland
**Cc:** Lawrence Rosen; Andrew G. Celli; Jonathan S. Abady; Alanna Kaufman
**Subject:** RE: Case Number: 01-17-0004-4706 -- extension request

Mr. Zaino-

We write to request a one-week extension of the initial conference.  All sides consent to this request.  I have a conflict for tomorrow's call, and are still in discussions with the other side regarding the scope of the claims in the arbitration.  The Trump Campaign made a proposal today that we need to discuss with our client but because she lives in Miami, she does not have power or regular cell service.  Thank you.

Elizabeth

**From:** Jeffrey T. Zaino, Esq. [mailto:ZainoJ@adr.org]
**Sent:** Wednesday, August 30, 2017 5:12 PM
**To:** Elizabeth Saylor; Patrick Mcpartland
**Cc:** Lawrence Rosen; Andrew G. Celli; Jonathan S. Abady; Alanna Kaufman
**Subject:** RE: Case Number: 01-17-0004-4706

Thanks all – I have sent a new calendar invite for September 12th at 11 a.m.



**Jeffrey T. Zaino, Esq.**
**Vice President**

American Arbitration Association
Commercial
T: 212 484 3224  F: 212 286 0383  E: ZainoJ@adr.org
150 East 42nd St, 17th Floor, New York, NY 10017
www.adr.org

The information in this transmittal (including attachments, if any) is privileged and/or confidential and is intended only for the recipient(s) listed above. Any review, use, disclosure, distribution or copying of this transmittal is prohibited except by or on behalf of the intended recipient. If you have received this transmittal in error, please notify me immediately by reply email and destroy all copies of the transmittal. Thank you.

**From:** Elizabeth Saylor [mailto:esaylor@ecbalaw.com]
**Sent:** Wednesday, August 30, 2017 12:46 PM
**To:** Patrick Mcpartland; Jeffrey T. Zaino, Esq.
**Cc:** Lawrence Rosen; Andrew G. Celli; Jonathan S. Abady; Alanna Kaufman
**Subject:** RE: Case Number: 01-17-0004-4706

I am available September 12 from 10 to 3:30.  Thanks.

**From:** Patrick Mcpartland [mailto:pmcpartland@lhrgb.com]
**Sent:** Wednesday, August 30, 2017 12:00 PM
**To:** Jeffrey T. Zaino, Esq.; Elizabeth Saylor
**Cc:** Lawrence Rosen; Andrew G. Celli; Jonathan S. Abady; Alanna Kaufman
**Subject:** RE: Case Number: 01-17-0004-4706

September 12th is good for me as well.  Thank you


Patrick McPartland, Esq.



The Trump Building
40 Wall Street, 32nd Floor
New York, NY 10005
T: (212) 530-4837
C: (917) 647-4094
F: (212) 530-4815
E: PMCPARTLAND@LHRGB.COM

 Please, don't print if you don't have to.

-------------------------------------------------------------------------------
This e-mail, and any attachments hereto, is intended only for use by the addressee(s) named herein and may contain legally privileged and/or confidential information.  If you are not the intended recipient of this e-mail, you are hereby notified that any dissemination, distribution or copying of this e-mail, and any attachments hereto, is strictly prohibited.  If you have received this e-mail in error, please immediately notify me by reply e-mail and permanently delete the original and any copy of this e-mail and any printout thereof. Finally, while the company uses virus protection, the recipient should check this email and any attachments for the presence of viruses.  The company accepts no liability for any damage caused by any virus transmitted by this email.

**From:** Jeffrey T. Zaino, Esq. [mailto:ZainoJ@adr.org]
**Sent:** Wednesday, August 30, 2017 11:55 AM
**To:** Elizabeth Saylor <esaylor@ecbalaw.com>; Patrick Mcpartland <pmcpartland@lhrgb.com>
**Cc:** Lawrence Rosen <lrosen@lhrgb.com>; Andrew G. Celli <acelli@ecbalaw.com>; Jonathan S. Abady <jabady@ecbalaw.com>; Alanna Kaufman <asmall@ecbalaw.com>
**Subject:** RE: Case Number: 01-17-0004-4706

Sorry counsel – yes, this is adjourned.  I am unavailable on September 13th. Kindly advise if September 12th works.  Best, Jeff


 **Jeffrey T. Zaino, Esq.**
**Vice President**

American Arbitration Association
Commercial
T: 212 484 3224  F: 212 286 0383  E: ZainoJ@adr.org
150 East 42nd St, 17th Floor, New York, NY 10017
www.adr.org

The information in this transmittal (including attachments, if any) is privileged and/or confidential and is intended only for the recipient(s) listed above. Any review, use, disclosure, distribution or copying of this transmittal is prohibited except by or on behalf of the intended recipient. If you have received this transmittal in error, please notify me immediately by reply email and destroy all copies of the transmittal. Thank you.

**From:** Elizabeth Saylor [mailto:esaylor@ecbalaw.com]
**Sent:** Wednesday, August 30, 2017 11:02 AM

ET00222.003

**To:** Patrick Mcpartland; Jeffrey T. Zaino, Esq.
**Cc:** Lawrence Rosen; Andrew G. Celli; Jonathan S. Abady; Alanna Kaufman
**Subject:** RE: Case Number: 01-17-0004-4706

Mr. Zaino-

I am on the call now, in case you did not get this email or want to discuss the request.  Please let me know if the call has been adjourned.  Thanks.

Elizabeth

---

**From:** Patrick Mcpartland [mailto:pmcpartland@lhrgb.com]
**Sent:** Wednesday, August 30, 2017 10:44 AM
**To:** Jeffrey T. Zaino, Esq.
**Cc:** Lawrence Rosen; Andrew G. Celli; Jonathan S. Abady; Elizabeth Saylor; Alanna Kaufman
**Subject:** RE: Case Number: 01-17-0004-4706

Good morning Mr. Zaino,

We are writing to request that the administrative call scheduled for this morning at 11 a.m. be adjourned.

Although the parties have made progress in their discussions on the scope of the arbitration and other issues, the parties still require some additional time to confer.

The parties jointly request that the call be rescheduled for Wednesday, September 13th, between 2:15 p.m. and 4:30 p.m., subject to your availability.

Thank you,

Patrick McPartland, Esq.



The Trump Building
40 Wall Street, 32nd Floor
New York, NY 10005
T: (212) 530-4837
C: (917) 647-4094
F: (212) 530-4815
E: PMCPARTLAND@LHRGB.COM

 Please, don't print if you don't have to.

-------------------------------------------------------------------------------------
This e-mail, and any attachments hereto, is intended only for use by the addressee(s) named herein and may contain legally privileged and/or confidential information.  If you are not the intended recipient of this e-mail, you are hereby notified that any dissemination, distribution or copying of this e-mail, and any attachments hereto, is strictly prohibited.  If you have received this e-mail in error, please immediately notify me by reply e-mail and permanently delete the original and any copy of this e-mail and any printout thereof. Finally, while the company uses virus protection, the recipient should check this email and any attachments for the presence of viruses.  The company accepts no liability for any damage caused by any virus transmitted by this email.

---

**From:** Jeffrey T. Zaino, Esq. [mailto:ZainoJ@adr.org]
**Sent:** Saturday, August 19, 2017 7:59 AM
**To:** Patrick Mcpartland <pmcpartland@lhrgb.com>
**Cc:** Lawrence Rosen <lrosen@lhrgb.com>; Andrew G. Celli <acelli@ecbalaw.com>; Jonathan S. Abady

<jabady@ecbalaw.com>; Elizabeth Saylor <esaylor@ecbalaw.com>; Alanna Kaufman <asmall@ecbalaw.com>
**Subject:** RE: Case Number: 01-17-0004-4706

Thank you counsel. I will reschedule the administrative call for 11 a.m. on Wednesday August 23rd. I will issue a new calendar invite with the call in information. Best, Jeff



**Jeffrey T. Zaino, Esq.**
**Vice President**

American Arbitration Association
Commercial
T: 212 484 3224  F: 212 286 0383  E: ZainoJ@adr.org
150 East 42nd St, 17th Floor, New York, NY 10017
www.adr.org

The information in this transmittal (including attachments, if any) is privileged and/or confidential and is intended only for the recipient(s) listed above. Any review, use, disclosure, distribution or copying of this transmittal is prohibited except by or on behalf of the intended recipient. If you have received this transmittal in error, please notify me immediately by reply email and destroy all copies of the transmittal. Thank you.

**From:** Patrick Mcpartland [mailto:pmcpartland@lhrgb.com]
**Sent:** Friday, August 18, 2017 2:13 PM
**To:** Jeffrey T. Zaino, Esq.
**Cc:** Lawrence Rosen; Andrew G. Celli; Jonathan S. Abady; Elizabeth Saylor; Alanna Kaufman
**Subject:** Case Number: 01-17-0004-4706

Good afternoon Mr. Zaino,

The parties jointly request a brief adjournment of the administrative call that is scheduled for Monday, August 21st, at 11 a.m. Specifically, the parties request that the call be rescheduled for Wednesday, August 23rd, between 9:30 a.m. and 2 p.m., subject to your availability.

The basis for this request is that the parties need a few extra days to continue to address the scope of arbitration.

Thank you,

Patrick McPartland, Esq.



The Trump Building
40 Wall Street, 32nd Floor
New York, NY 10005
T: (212) 530-4837
C: (917) 647-4094
F: (212) 530-4815
E: PMCPARTLAND@LHRGB.COM

Please, don't print if you don't have to.

--------------------------------------------------------------------------------
This e-mail, and any attachments hereto, is intended only for use by the addressee(s) named herein and may contain legally privileged and/or confidential information. If you are not the intended recipient of this e-mail, you are hereby notified that any dissemination, distribution or copying of this e-mail, and any attachments hereto, is strictly prohibited. If you have received this e-mail in error, please immediately notify me by reply e-mail and permanently delete the original and any copy of this e-mail and any printout thereof. Finally, while the company uses virus protection, the recipient should check this email and any attachments for the presence of viruses. The company accepts no liability for any damage caused by any virus transmitted by this email.

ET00222.005

**PAGE BREAK**

Message

| | |
|---|---|
| **From**: | Eric Trump [etrump@trumporg.com] |
| on behalf of | Eric Trump <etrump@trumporg.com> [etrump@trumporg.com] |
| **Sent**: | 5/1/2018 7:38:32 AM |
| **To**: | Lawrence Rosen [lrosen@lhrgb.com] |
| **Subject**: | RE: this work? |

Nothing yet. I will touch base with Michael.

---

**From:** Lawrence Rosen [mailto:lrosen@lhrgb.com]
**Sent:** Tuesday, May 01, 2018 7:09 AM
**To:** Eric Trump <etrump@trumporg.com>
**Subject:** RE: this work?

Good morning.

Please let me know if AJ responds to your text last night.

Also, perhaps one of us should update Michael Glassner??

Larry

**From:** Eric Trump [mailto:etrump@trumporg.com]
**Sent:** Monday, April 30, 2018 9:16 PM
**To:** Lawrence Rosen <lrosen@lhrgb.com>
**Subject:** Re: this work?

Sent. Thanks

---

**From:** Lawrence Rosen <lrosen@lhrgb.com>
**Sent:** Monday, April 30, 2018 8:42:27 PM
**To:** Eric Trump
**Subject:** this work?

AJ, I am truly sorry that this has happened to you, and as a friend want to continue to help where I can. I think you know that I am not involved with the PAC and don't have any say in their personnel decisions. I was happy to make the initial introduction to Brad, but you got the job on you own. I understand that you are upset and continue to be here for you.  LMK.  Eric.

---

This communication is from The Trump Organization or an affiliate thereof and is not sent on behalf of any other individual or entity. This email may contain information that is confidential and/or proprietary. Such information may not be read, disclosed, used, copied, distributed or disseminated except (1) for use by the intended recipient or (2) as expressly authorized by the sender. If you have received this communication in error, please immediately delete it and promptly notify the sender. E-mail transmission cannot be guaranteed to be received, secure or error-free as emails could be intercepted, corrupted, lost, destroyed, arrive late, incomplete, contain viruses or otherwise. The Trump

PAGE BREAK

**To:**     Michael Glassner[mglassner@donaldtrump.com]; Lawrence Rosen[lrosen@lhrgb.com]; Alan Garten[agarten@trumporg.com]
**From:**   Eric Trump[etrump@trumporg.com]
**Sent:**    Tue 12/24/2019 11:48:22 AM (UTC-05:00)
**Subject:** Re: [EXTERNAL]CONFIDENTIAL COMMUNICATION re: A.J. Delgado v. Donald J. Trump For President, INC. et. al.

▮▮▮▮▮▮▮▮▮▮

---

**From:** Michael Glassner <mglassner@donaldtrump.com>
**Sent:** Tuesday, December 24, 2019 7:54:38 AM
**To:** Lawrence Rosen <lrosen@lhrgb.com>; Eric Trump <etrump@trumporg.com>; Alan Garten <agarten@trumporg.com>
**Subject:** Re: [EXTERNAL]CONFIDENTIAL COMMUNICATION re: A.J. Delgado v. Donald J. Trump For President, INC. et. al.

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

Michael S. Glassner
Chief Operating Officer
Donald J. Trump for President, Inc.
M: 201-725-7869

---

**From:** Lawrence Rosen <lrosen@lhrgb.com>
**Sent:** Monday, December 23, 2019, 9:10 AM
**To:** Michael Glassner
**Subject:** [EXTERNAL]CONFIDENTIAL COMMUNICATION re: A.J. Delgado v. Donald J. Trump For President, INC. et. al.





Lawrence S. Rosen, Esq.
The Trump Building
40 Wall Street, 32nd Floor
New York, NY 10005
Tel. 212.530.4822 (NY)
Tel. 732.409.1144 (NJ)
Cell 917.572.3792
Fax. 212.530.4815

Email: LROSEN@LHRGB.COM
http://lhrgb.com/home.php#Attorneys
*  Please, don't print if you don't have to
--------------------------------------------
This e-mail and any attachments are exclusively for use by the intended recipient and may contain legally privileged and/or confidential information.  If you are not the intended recipient of this e-mail then any dissemination, distribution, or copying of this e-mail and/or attachments by you is prohibited.  If you have received this e-mail in error, then I apologize, but please immediately notify me by reply email and then permanently delete the original and any copies.

---

**From:** Abe Melamed <abe@dereksmithlaw.com>
**Sent:** Monday, December 23, 2019 3:18 AM
**To:** Lawrence Rosen <lrosen@lhrgb.com>
**Cc:** dtslaws@msn.com
**Subject:** Re: CONFIDENTIAL COMMUNICATION re: A.J. Delgado v. Donald J. Trump For President, INC. et. al.

Good Evening Larry,

Thank you for your response.  That is a fair question.  The individual Defendants are:

1- DONALD J. TRUMP FOR PRESIDENT, INC.,
2- TRUMP FOR AMERICA, INC.,
3- SEAN SPICER, individually,
4- REINCE PRIEBUS, individually,
5- STEPHEN BANNON, individually

Please advise, and let me know if you have any other questions.

Best,

-Abe


**Abraham Z. Melamed, Esq.**

DEREK SMITH LAW GROUP, PLLC
Attorneys at Law
*Representing Employees Exclusively In Employment Cases*
*Representing Consumers Exclusively In Consumer Fraud Cases*
Toll Free No. (800) 807-2209
DiscriminationAndSexualHarassmentLawyers.com (website)
Admitted: New York, California, S.D.N.Y., E.D.N.Y., W.D.N.Y., US. Ct. App. 2nd Cir.
NYC Office: One Penn Plaza, Suite 4905, New York, NY 10119 | (212) 587-0760
Philadelphia Office: 1835 Market Street, Suite 2950, Philadelphia, PA 19103 | (215) 391-4790
NJ Office: 73 Forest Lake Drive, West Milford, NJ 07421 | (973) 388-8625
Miami Office: 701 Brickell Ave., Suite 1310, Miami FL 33131 | (305) 946-1884
email: abe@dereksmithlaw.com



_____
CONFIDENTIALITY NOTE: The information contained in this transmission is privileged and confidential information intended only for the use of the individual or entity named above. If the reader of this message is not the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this transmission in error, do not read it. Please immediately reply to the sender that you have received this communication in error and then delete it. Thank you.

SPECIAL NOTICE TO CLIENT(S): If you are a client of this firm and this email is directed to you, DO NOT FORWARD to any other party, or you could be waiving the attorney-client privilege.

IRS CIRCULAR 230 DISCLOSURE: To ensure compliance with Treasury Department regulations, we inform you that any U.S. federal tax advice contained in this correspondence (including any attachments) is not intended or written to be used, and cannot be used, for the purpose of (i) avoiding penalties that may be imposed under the U.S. Internal Rev

enue Code or (ii) promoting, marketing or recommending to another party any transaction or matter addressed herein.

Case 1:19-cv-11764-AT-KHP    Document 540    Filed 03/19/25    Page 36 of 68

Settlement Communication Notice: If this communication pertains to a settlement in any case, all settlement agreements are subject to final client approval and signature.

On Fri, Dec 20, 2019 at 2:58 PM Lawrence Rosen <lrosen@lhrgb.com> wrote:

Good evening Mr. Melamed,

I am uncertain as to the "et al" parties that you are referring to in your email below. Kindly clarify, and we will inquire as to whether we will be defending them and will be authorized to accept service on their behalf.

Best regards,
Larry



Lawrence S. Rosen, Esq.
The Trump Building
40 Wall Street, 32nd Floor
New York, NY 10005
Tel. 212.530.4822 (NY)
Tel. 732.409.1144 (NJ)
Cell 917.572.3792
Fax. 212.530.4815
Email: LROSEN@LHRGB.COM
http://lhrgb.com/home.php#Attorneys
ΠΙ Please, don't print if you don't have to
----------------------------------------

This e-mail and any attachments are exclusively for use by the intended recipient and may contain legally privileged and/or confidential information. If you are not the intended recipient of this e-mail then any dissemination, distribution, or copying of this e-mail and/or attachments by you is prohibited. If you have received this e-mail in error, then I apologize, but please immediately notify me by reply email and then permanently delete the original and any copies.

**From:** Abe Melamed <abe@dereksmithlaw.com>
**Sent:** Friday, December 20, 2019 5:35 PM
**To:** Lawrence Rosen <lrosen@lhrgb.com>
**Cc:** dtslaws@msn.com
**Subject:** CONFIDENTIAL COMMUNICATION re: A.J. Delgado v. Donald J. Trump For President, INC. et. al.

Good Afternoon Mr. Rosen,

My name is Abe Melamed and I am a Partner at Derek Smith Law Group, PLLC. I have been retained to represent Ms. Arelene J. Delgado with respect to her discrimination and breach of contract claims against Donald J. Trump For President, INC. et. al. I am informed that you represent all parties with respect to these claims. I am reaching out to confirm this, and to see if you are authorized to accept/waive service of the Complaint we intend to file in the SDNY early next week.

Best,

-Abe

**Abraham Z. Melamed, Esq.**

Dᴇʀᴇᴋ Sᴍɪᴛʜ Lᴀᴡ Gʀᴏᴜᴘ, PLLC

Attorneys at Law

*Representing Employees Exclusively In Employment Cases*
*Representing Consumers Exclusively In Consumer Fraud Cases*

Toll Free No. (800) 807-2209

DiscriminationAndSexualHarassmentLawyers.com (website)

Admitted: New York, California, S.D.N.Y., E.D.N.Y., W.D.N.Y., US. Ct. App. 2nd Cir.

NYC Office: One Penn Plaza, Suite 4905, New York, NY 10119 | (212) 587-0760
Philadelphia Office: 1835 Market Street, Suite 2950, Philadelphia, PA 19103 | (215) 391-4790
NJ Office: 73 Forest Lake Drive, West Milford, NJ 07421 | (973) 388-8625
Miami Office: 701 Brickell Ave., Suite 1310, Miami FL 33131 | (305) 946-1884
email: abe@dereksmithlaw.com

_____

CONFIDENTIALITY NOTE: The information contained in this transmission is privileged and confidential information intended only for the use of the individual or entity named above. If the reader of this message is not the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this transmission in error, do not read it. Please immediately reply to the sender that you have received this communication in error and then delete it. Thank you.

SPECIAL NOTICE TO CLIENT(S): If you are a client of this firm and this email is directed to you, DO NOT FORWARD to any other party, or you could be waiving the attorney-client privilege.

IRS CIRCULAR 230 DISCLOSURE: To ensure compliance with Treasury Department regulations, we inform you that any U.S. federal tax advice contained in this corresponde nce (including any attachments) is not intended or written to be used, and cannot be used, for the purpose of (i) avoiding penalties that may be imposed under the U.S. Internal Revenue Code or (ii) promoting, marketing or recommending to another party any transaction or matter addressed herein.

Settlement Communication Notice: If this communication pertains to a settlement in any case, all settlement agreements are subject to final client approval and signature.
_____

**Abraham Z. Melamed, Esq.**

Dᴇʀᴇᴋ Sᴍɪᴛʜ Lᴀᴡ Gʀᴏᴜᴘ, PLLC

Attorneys at Law

*Representing Employees Exclusively In Employment Cases*
*Representing Consumers Exclusively In Consumer Fraud Cases*

Toll Free No. (800) 807-2209

DiscriminationAndSexualHarassmentLawyers.com (website)

Admitted: New York, California, S.D.N.Y., E.D.N.Y., W.D.N.Y., US. Ct. App. 2nd Cir.

NYC Office: One Penn Plaza, Suite 4905, New York, NY 10119 | (212) 587-0760
Philadelphia Office: 1835 Market Street, Suite 2950, Philadelphia, PA 19103 | (215) 391-4790
NJ Office: 73 Forest Lake Drive, West Milford, NJ 07421 | (973) 388-8625
Miami Office: 701 Brickell Ave., Suite 1310, Miami FL 33131 | (305) 946-1884
email: abe@dereksmithlaw.com

_____

CONFIDENTIALITY NOTE: The information contained in this transmission is privileged and confidential information intended only for the use of the individual or entity named above. If the reader of this message is not the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this transmission in error, do not read it. Please immediately reply to the sender that you have received this communication in error and then delete it. Thank you.

SPECIAL NOTICE TO CLIENT(S): If you are a client of this firm and this email is directed to you, DO NOT FORWARD to any other party, or you could be waiving the attorney-client privilege.

IRS CIRCULAR 230 DISCLOSURE: To ensure compliance with Treasury Department regulations, we inform you that any U.S. federal tax advice contained in this corresponde nce (including any attachments) is not intended or written to be used, and cannot be used, for the purpose of (i) avoiding penalties that may be imposed under the U.S. Internal Revenue Code or (ii) promoting, marketing or recommending to another party any transaction or matter addressed herein.

Settlement Communication Notice: If this communication pertains to a settlement in any case, all settlement agreements are subject to final client approval and signature.

**ATTACHMENT C**

**From:** Michael Madaio <mmadaio@habbalaw.com>
**Sent:** Thursday, August 15, 2024 2:02 PM
**To:** ajdelgado@outlook.com <ajdelgado@outlook.com>
**Cc:** Alina Habba, Esq. <ahabba@habbalaw.com>; Peter Gabra <pgabra@habbalaw.com>; Matthew Eyet <meyet@habbalaw.com>
**Subject:** Delgado v. DJTFP (19-v-11764) - Rule 11 Notice

Ms. Delgado,

We are in receipt of your pre-motion letter request dated August 12, 2024 (ECF 403), wherein you seek permission to amend the Complaint to include Eric Trump as a party defendant. Pursuant to Fed. R. Civ. P. 11(c)(2), attached please find a safe harbor notice which sets forth the numerous reasons why your application is in violation of Rule 11. As stated in the letter, we plan to file a motion for sanctions if your application is not withdrawn within 21 days.

Regards,
**Michael T. Madaio, Esq.**
*Admitted to Practice in NJ, NY & PA*



HABBA MADAIO
& Associates LLP

∗∗∗∗∗∗∗∗∗∗∗∗∗∗∗∗∗∗∗∗∗∗∗∗∗∗∗∗∗∗∗∗∗∗∗∗∗∗∗∗∗∗∗∗∗∗∗∗∗∗∗∗∗∗∗∗∗∗∗∗∗∗∗∗∗∗∗∗∗∗∗

**From:** A Delgado <ajdelgado@outlook.com>
**Sent:** Thursday, August 15, 2024 2:17 PM
**To:** Michael Madaio <mmadaio@habbalaw.com>
**Subject:** Re: Delgado v. DJTFP (19-v-11764) - Rule 11 Notice

The Motion will not be withdrawn.

On the contrary, it is you who are in danger of sanctions, given that you have made material misrepresentations to the Court in your Response letter. I caution you against that and ask that you revise your letter. You repeatedly state that I could have named Mr. Trump sooner, and that, as such, my position now is in bad faith. In support of that, you claim that he was referenced in a draft Complaint in 2019, etc. As I am sure you are aware, the claim considered against Eric, referenced in 2019, had nothing whatsoever with the retaliation that took place in 2017. (I am happy to explain but it is not my role to do your work for you and I trust you know the facts already, or should.) In fact, I was shocked to discover, only a couple of months ago, through discovery, that Eric was involved in the 2017/AAA retaliation against me (a frivolous $1.5 million action because I indicated I would be filing a discrimination lawsuit). As you know, the statute of limitations begins to toll upon discovery, so I am free to file this as a separate action, as well.

I ask you to amend your Response and stop misleading the Court. Again, the consideration regarding Eric, and references in 2019, had nothing to do with the 2017 AAA retaliation. **Will you revise your material misrepresentation, by filing an Amended Response, or do I need to draft and send you a Rule 11 letter?**

This is simply in line with your client - when I assert my rights, he retaliates. He is doing the same thing he did in 2017. This is Trump World's *modas operandi.* It no longer works.

Again, the Motion will not be withdrawn. But please do revise your letter, so you are not in the position of making knowingly material misrepresentations to the Court.

∗∗∗∗∗∗∗∗∗∗∗∗∗∗∗∗∗∗∗∗∗∗∗∗∗∗∗∗∗∗∗∗∗∗∗∗∗∗∗∗∗∗∗∗∗∗∗∗∗∗∗∗∗∗∗∗∗∗∗∗∗∗∗∗∗∗∗∗∗∗∗

**From:** A Delgado <ajdelgado@outlook.com>
**Sent:** Monday, August 19, 2024 11:34 AM
**To:** Michael Madaio <mmadaio@habbalaw.com>
**Subject:** Re: Delgado v. DJTFP (19-v-11764) - Rule 11 Notice

Mr. Madaio,

Following up on the two emails below, to ask if you will be amending your Response, given that you are on notice since Thursday of material, factual errors and misrepresentations you made therein.

**From:** A Delgado <ajdelgado@outlook.com>
**Sent:** Thursday, August 15, 2024 2:30 PM
**To:** Michael Madaio <mmadaio@habbalaw.com>
**Subject:** Re: Delgado v. DJTFP (19-v-11764) - Rule 11 Notice

Sir, you also reference that my work with the Campaign was based in... Washington D.C.?

The 2016 Campaign was based in New York City; Mr. Trump resided in New York City at the time of these retaliatory acts, etc., and nothing whatsoever had any relation to "Washington D.C." [In fact, no Trump Campaign effort has ever been based in D.C. (though I believe the 2020 Campaign had an office in Arlington, VA.)]

It is one misrepresentation after another. Again, I request that you Amend your Response, especially as you are notice that there are factual, material misrepresentations you have made to the Court.

Thank you.

 **Outlook**

---

**Re: immediate correction is required**

---

**From** Michael Madaio <mmadaio@habbalaw.com>

**Date** Tue 8/20/2024 8:46 PM

**To** A Delgado <ajdelgado@outlook.com>

Ms. Delgado,

The two excerpts you refer to below do not contain any misrepresentations. They explicitly reference, and cite to, statements made by you in prior filings. The Court cited those same statements in its Order.

You may be representing yourself pro se in this matter but you are still a member of the New York bar and should conduct yourself accordingly. The level of unprofessionalism you have displayed in response to an unfavorable ruling is troubling to say the least. Please refrain from inundating my inbox with hostile and harassing messages.

Regards,

## Michael T. Madaio, Esq.
*Admitted to Practice in NJ, NY & PA*

1430 US Highway 206, Suite 240
Bedminster, New Jersey 07921
Telephone: 908-869-1188
Facsimile: 908-450-1881

The information in this e-mail is confidential and may be legally privileged. If you are not the intended recipient, you must not read, use or disseminate the information. Although this e-mail and any attachments are believed to be free of any virus or other defect that might affect any computer system into which it is received and opened, it is the responsibility of the recipient to ensure that it is virus free and no responsibility is accepted by Habba Madaio & Associates LLP for any loss or damage arising in any way from its use.

---

**From:** A Delgado <ajdelgado@outlook.com>
**Sent:** Tuesday, August 20, 2024 7:17 PM
**To:** Michael Madaio <mmadaio@habbalaw.com>
**Subject:** immediate correction is required

Mr. Madaio:

Attached is the reference to Eric Trump that was conveyed and discussed in 2019.

It is a TORTIOUS INTERFERENCE claim pertaining to what I colloquially refer to as the "2018 retaliation."

Immediately provide me with the documentaion you have for the flagrant misrepresentation you made to the Court that I had knowledge of Eric Trump's involvement in the retaliation taken in 2017 (which is the retaliation claim in the case). You informed the Court today:

*Plaintiff has acknowledged that she expressly considered "nam[ing] Mr. Trump" as a defendant as early as August 2019, see ECF 379 at 1, and ultimately decided against doing so....*

*Further, Plaintiff has not offered any explanation for her delay. Nor can she. Plaintiff has conceded that she contemplated including Mr. Trump as a defendant as early as August 2019, going so far as sending him a draft complaint with him as a named defendant. See ECF 379 at 1. Yet, she deliberately chose not to include him in her initial Complaint filed in December 2019, see ECF 1, or her First Amended Complaint filed in March 2022, see ECF 94.*

You heavily indicate that the claims considered against Eric Trump were about the retaliation claim in the case, as that was the basis for the denial, as is clear from the Order.

Please provide me tonight with the "draft Complaint" that was sent to him, naming him as a defendant in ANY of the existing claims in the case. On the contrary, I think you'll find it's the screenshot I've included, which pertains to 2018-PAC-related actions, and nothing to do with the Campaign's 2017-retaliation.

I expect you file a letter with the Court tonight, retracting your false representation. Otherwise, I will seek damages against you, your firm, and Mr. Trump for this enormous false representation that has had material impact on my csae.

**ATTACHMENT D**

September 3, 2024

Hon. Analisa Torres
United State District Court, S.D.N.Y.
500 Pearl Street, Courtroom 17D
New York, NY 10007
**RE**: *affidavit from prior counsel, Dan Kirschbaum, Esq., attesting to error in Magistrate Parker's holding regarding Eric Trump, and error in Eric Trump's representation to the Court*
CASE: 19-cv-11764

Your Honor,

I am the *pro-se* Plaintiff in the above-mentioned matter, hereinafter referred to in first person or as "Plaintiff."

As you are likely aware, an August 20, 2024 R&R by Magistrate Judge Parker, denied me the ability to add Eric Trump as a defendant, because, she wrote, I was aware of Mr. Trump's involvement for years and had considered him adding him as a retaliation-defendant for years, yet failed to do so for years. Eric Trump and his counsel (the Habba & Associates Law Firm) led the Court to this error, by making the misleading representation in their August 15, 2024 letter to the Court, which the Court took at face value. (The 'retaliation' claim is a claim found in the Amended Complaint, filed March 2022, which, in part, regards the arbitration action that was made against me for stating I intended to file suit and assert claims under the law.)

Attached please find a Sworn Declaration by my prior counsel, who served on this case for years, in support of my motion to add Eric Trump as a defendant and correcting the error found in Magistrate Judge Parker's August 20, 2024 R&R. Mr. Kirschbaum **attests that we had no awareness of Eric Trump's involvement in the retaliation**. Mr. Kirschbaum also attests that the Defendant-Campaign made no mention of Mr. Trump's involvement in its disclosures.

This all information that came to light for the first time in June and July of 2024, as a result of documents third-party Eric Trump was ordered to produce.

There was never any delay, whatsoever, on my part in adding Mr. Trump as a defendant.

Respectfully and humbly submitted,
*s/ Arlene Delgado*
Plaintiff, *pro-se*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
ARLENE DELGADO,

                        Plaintiff,                    No. 19 Civ. 11764 (AT) (KHP)

        *-against-*

DONALD J. TRUMP FOR PRESIDENT, INC.,
TRUMP FOR AMERICA, INC., SEAN SPICER,
individually, REINCE PRIEBUS, individually,
and STEPHEN BANNON, individually,

                        Defendants.
------------------------------------------------------------------x

## <u>AFFIRMATION OF DANIEL S. KIRSCHBAUM, ESQ.</u>

        I, Daniel S. Kirschbaum, Esq., declare, under penalty of perjury, that the following is true

and correct:

        1.      From about February 2020 until about May 2023, I was associated with the Derek

Smith Law Group, PLLC, attorneys for Plaintiff Arlene Delgado in the above-captioned action.

Throughout much of that period I was assigned to work on this action.

        2.      I submit this Declaration in support of Plaintiff's motion to amend her Complaint

to name Eric Trump as a Defendant.

        3.      This Declaration is based upon my firsthand experience, as well as my review of

the documentary record in this case.

        4.      Plaintiff informs me that counsel for Eric Trump has taken the position that Ms.

Delgado considered naming Eric Trump as a defendant on her retaliation claim several years ago

(*see* the Amended Complaint, Docket No. 94), but failed to do so.  Based on my own information

and experience, that is incorrect.

5.      During my time working on this matter, I was never aware of any indication or documentation, nor had any reason to believe, that Eric Trump had any involvement in the presently-named Defendants' retaliatory acts against Plaintiff – when they sabotaged her efforts to obtain White House employment during the first Trump Administration in 2016 or 2017, and/or shortly thereafter when they filed and litigated a frivolous arbitration against her, both in response to her complaints of pregnancy discrimination and gender-based harassment.

6.      Moreover, Eric Trump was not listed in Defendants' Rule 26 disclosures or their November 2022 responses to Plaintiff's Interrogatory No. 2, which asked Defendants to identify any individuals "likely to have knowledge pertaining to the allegations in the First Amended Complaint." (True and correct copies of Defendants' responses to Plaintiff's interrogatories are attached as Exhibit A.) The retaliation claim was clearly one of the claims in the already existing Amended Complaint.

7.      Until Ms. Delgado informed me this month that, as a result of documents produced by Eric Trump this year, it appears that Eric Trump was allegedly involved in the retaliation against her, the only knowledge I had regarding Eric Trump was his potential interference with Plaintiff's efforts to obtain employment involved events in 2018, when he may have interfered with Plaintiff's position at a pro-Donald Trump political action committee (PAC).

8.      For these reasons, Plaintiff had no reasonable basis to name Eric Trump as a Defendant when her Complaint was initially amended in March 2022.

DATED:      New York, New York
            August 31, 2024

Daniel S. Kirschbaum

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
ARLENE J. DELGADO,

                     Plaintiff,

          -against-

DONALD J. TRUMP FOR PRESIDENT, INC., SEAN
SPICER, individually, REINCE PRIEBUS,
individually, and STEPHEN BANNON, individually,

                 Defendants.[1]
------------------------------------------------------------------X

Civil Action No.:
19-cv-11764 (AT) (KHP)

## DEFENDANTS' RULE 26(a)(1)(A) INITIAL DISCLOSURES

Pursuant to Rule 26(a)(1)(A) of the Federal Rules of Civil Procedure, defendants Donald

J. Trump for President, Inc. (the "Campaign"), Sean Spicer, and Reince Priebus (collectively,

"Defendants") hereby provide the following initial disclosures:

**I.     Individuals Likely to Have Discoverable Information That
May Be Used to Support Defendants' Claims or Defenses**

      1.     Sean Spicer
              c/o LaRocca Hornik Rosen & Greenberg LLP
              40 Wall Street, 32nd Floor
              New York, New York 10005

Information regarding plaintiff's work for the Campaign and Trump for America, Inc. and
other facts and circumstances alleged in plaintiff's first amended complaint.

      2.     Reince Priebus
              c/o LaRocca Hornik Rosen & Greenberg LLP
              40 Wall Street, 32nd Floor
              New York, New York 10005

Information regarding plaintiff's work for the Campaign and Trump for America, Inc. and
other facts and circumstances alleged in plaintiff's first amended complaint.

---

[1] Plaintiff also named Trump for America, Inc. as a defendant when she commenced this action. However, in
December 2021 plaintiff voluntarily dismissed all claims against this entity with prejudice. ECF Doc. No. 92.

       3.     Kellyanne Conway
               Last known address, if any, to be provided under separate cover.

Information regarding plaintiff's work for the Campaign and Trump for America, Inc. and other facts and circumstances alleged in plaintiff's first amended complaint.

       4.     Lucia Castellano
               Last known address, if any, to be provided under separate cover.

Information regarding plaintiff's work for the Campaign and Trump for America, Inc. and other facts and circumstances alleged in plaintiff's first amended complaint.

       5.     Michael S. Glassner
               34 Maple Avenue
               Mendham, New Jersey 07945

Information regarding plaintiff's work for the Campaign and Trump for America, Inc. and other facts and circumstances alleged in plaintiff's first amended complaint.

## II.    Documents That May Be Used To Support Defendants' Claims or Defenses

Documents regarding plaintiff's work for the Campaign and Trump for America, Inc.; documents regarding plaintiff's social media posts in 2016; documents regarding the parties' failure to reach a settlement in 2017; documents regarding plaintiff's prior legal issues, which would have precluded any future employment with the Executive branch; documents regarding plaintiff's physical and mental condition; and documents regarding plaintiff's mitigation of damages.

## III.    Computation of Damages

Not applicable.

## IV.    Insurance

None.

Defendants reserve the right to amend or supplement these initial disclosures as necessary.

Dated: New York, New York
      August 9, 2022

                           LAROCCA HORNIK ROSEN
                           & GREENBERG LLP

                           /s/ *Jared E. Blumetti*
By:   _____
                           Patrick McPartland
                           Jared E. Blumetti

                           40 Wall Street, 32nd Floor
                           New York, New York 10005
                           T: (212) 530-4837, 4831
                           E: pmcpartland@lhrgb.com
                              jblumetti@lhrgb.com

                           *Attorneys for defendants*
                            *Donald J. Trump for President, Inc.,*
                           *Sean Spicer, and Reince Priebus*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
ARLENE J. DELGADO,

                              Plaintiff,                    Civil Action No.:
                                                           19-cv-11764 (AT) (KHP)
                -against-


DONALD J. TRUMP FOR PRESIDENT, INC., SEAN
SPICER, individually, REINCE PRIEBUS,
individually, and STEPHEN BANNON, individually,

                              Defendants.
-------------------------------------------------------------------X

### DONALD J. TRUMP FOR PRESIDENT, INC.'S
### <u>RESPONSES TO PLAINTIFF'S FIRST SET OF INTERROGATORIES</u>

Donald J. Trump for President, Inc. (the "Campaign"), by its attorneys, LaRocca Hornik

Rosen & Greenberg LLP, responds and objects to plaintiff's first set of interrogatories as follows:

### <u>GENERAL OBJECTIONS</u>

The Campaign incorporates the following general objections (the "General Objections") to

the interrogatories into each and every response set forth below to the specific interrogatories.  The

Campaign does not waive any of these General Objections in response to any specific

interrogatory.  Any specific objection made by the Campaign in no way limits or modifies these

General Objections.

1.      The Campaign objects to the interrogatories, including any definitions or

instructions, to the extent they seek to impose obligations on the Campaign that are beyond those

required or authorized by the Federal Rules of Civil Procedure, the Local Rules of the Southern

District of New York, or any applicable order of the Court.

2.     The Campaign reserves all objections as to the admissibility or use of any of its responses in any further proceedings in this action (including the trial of this action) or in any other proceedings or trials.

3.     The Campaign's responses are limited to the knowledge or information possessed by the Campaign and do not purport to reflect knowledge or information possessed by any other person, entity, or party.

4.     The Campaign's responses are not a waiver of its right to rely on other facts or documents in any further proceedings in this action, including the trial of this action.

5.     The Campaign objects to the interrogatories, including any definitions or instructions, to the extent they seek the production of information protected by the attorney-client privilege, work product doctrine, or any other privilege or immunity.

6.     The Campaign objects to the interrogatories, including any definitions or instructions, to the extent that they are vague or ambiguous.

7.     The Campaign objects to the interrogatories, including any definitions or instructions, to the extent that they are overly broad or unduly burdensome.

8.     The Campaign objects to the interrogatories, including any definitions or instructions, to the extent that they can be construed to seek information that is not relevant to any party's claim or defense and is not proportional to the needs of this action.

9.     The Campaign objects to the interrogatories to the extent they assume facts not in evidence or are otherwise defective in form.  Any response by the Campaign is not to be deemed an admission of any allegation contained in any interrogatory.

10.     The Campaign objects to the interrogatories to the extent that the information requested by plaintiff is equally available to, or in the possession, custody, or control of plaintiff,

or may be derived or ascertained from plaintiff's records or any records produced by any other party in this action.

11.     The Campaign objects to the interrogatories, including any definitions or instructions, to the extent that the interrogatories seek information covering an unduly long time-frame on the grounds that such time-frame is overly broad, unduly burdensome, and oppressive, and such interrogatories call for information that is not relevant to any party's claim or defense and is not proportional to the needs of this action.

12.     The Campaign reserves the right to amend or supplement this response at any appropriate time.

## INTERROGATORIES

1.     Identify (by first and last name, mailing address, e-mail address, and telephone number): any person who furnished any information used in preparing any response to any of these Interrogatories, and identify by custodian each document that was furnished.

## RESPONSE NO. 1:

In addition to the General Objections, the Campaign objects to this interrogatory, including, but not limited to, the term "used in preparing," on the grounds that it is confusing, vague, ambiguous, and overbroad.  The Campaign further objects to this interrogatory on the grounds that it is compound.  Subject to these objections, Bradley Crate c/o LaRocca Hornik Rosen & Greenberg LLP ("LHRG").  Responsive documents are currently in the possession of LHRG and will be produced under separate cover.

2.     Identify (by first and last name, mailing address, e-mail address, and telephone number): any current or former owner, officer, executive, principal, manager, employee,

contractor, or agent of the Campaign who has or is likely to have knowledge pertaining to the allegations in the First Amended Complaint as revised on March 28, 2022 (Docket No. 94).

**RESPONSE NO. 2:**

In addition to the General Objections, the Campaign objects to this interrogatory, including, but not limited to, the term "likely to have," on the grounds that it is vague, ambiguous, and overbroad. The Campaign further objects to this interrogatory to the extent it seeks information that is not relevant to the claims or defenses in this action. Subject to these objections, (1) Kellyanne Conway, last known address of 11 Litchfield Way, Alpine, New Jersey; (2) Lucia Castellano, last known address of 31 John Adams Court, Monroe, New Jersey; (3) Michael Glassner, last known address of 34 Maple Avenue, Mendham, New Jersey; (4) Steve Bannon; and (5) Jason Miller.

3. Identify (by first and last name, mailing address, e-mail address, and telephone number): any current or former owner, officer, executive, principal, manager, employee, contractor, or agent of any Defendant who had any role in considering any of Plaintiff's requests (whether formal or informal) for any position (whether a hiring, transfer, promotion, reassignment, whether paid or unpaid, full-time or part-time, as a formal employee or a contractor) in the Campaign, or the White House, or any Presidential Administration.

**RESPONSE NO. 3:**

In addition to the General Objections, the Campaign objects to this interrogatory, including, but not limited to, the terms "any role," "considering," "requests," "any position," on the grounds that it is confusing, vague, ambiguous, overbroad, and seeks information that is not relevant to the claims or defenses in this action. The Campaign further objects to this interrogatory on the grounds

that it is compound.  The Campaign further objects to this interrogatory to the extent it seeks information in the possession, custody, or control of other parties and non-parties.


4.      Identify by custodian (including first and last name, mailing address, e-mail address, and telephone number), location, and general description: any and all documents reflecting, pertaining to, or constituting any requests (whether formal or informal) from Plaintiff for a position (whether a hiring, transfer, promotion, reassignment, whether paid or unpaid, full-time or part-time, as a formal employee or a contractor) in the Campaign, or the White House, or any Presidential Administration.

**RESPONSE NO. 4:**

In addition to the General Objections, the Campaign objects to this interrogatory, including, but not limited to, the terms "requests" and "a position," on the grounds that it is vague, ambiguous, and overbroad.  The Campaign further objects to this interrogatory on the grounds that it is compound.  The Campaign further objects to this interrogatory to the extent it seeks information that is not relevant to the claims or defenses in this action and to the extent it seeks information in the possession, custody, or control of other parties and non-parties.  Subject to these objections, responsive documents are currently in the possession of LHRG and will be produced under separate cover.


5.      Identify by custodian (including first and last name, mailing address, e-mail address, and telephone number), location, and general description: any and all written and/or recorded statements of any witness or potential witness in this lawsuit.

**RESPONSE NO. 5:**

In addition to the General Objections, the Campaign objects to this interrogatory on the grounds that it is vague and ambiguous.  The Campaign further objects to this interrogatory to the extent it seeks information or documents protected from disclosure by the attorney-client privilege, attorney work product doctrine, or any other privilege or immunity.  Subject to these objections, responsive documents are currently in the possession of LHRG and will be produced under separate cover.

6.    Identify by custodian (including first and last name, mailing address, e-mail address, and telephone number), location, and general description: every report, complaint, or grievance (whether formal or informal) that was filed against, received, heard, or transmitted to, or maintained by any Defendant or any agent of any Defendant, *and* which concerned or alleged any form of discrimination or harassment on the basis of sex, gender, pregnancy status, family status, or disability, *or* which concerned or alleged any form of retaliation.

**RESPONSE NO. 6:**

In addition to the General Objections, the Campaign objects to this interrogatory, including, but not limited to, the terms "every report, complaint, or grievance" and "received, heard, or transmitted to, or maintained by," on the grounds that it is confusing, vague, ambiguous, and overbroad.  The Campaign further objects to this interrogatory on the grounds that it is compound.  The Campaign further objects to this interrogatory to the extent it seeks information in the possession, custody, or control of other parties.  The Campaign further objects to this interrogatory on the grounds that it seeks information that is not relevant to the claims or defenses in this action because it is not limited to the same alleged harassers; the same form of alleged discrimination or

6

harassment; individuals who are similarly situated to plaintiff; or individuals who worked at the same time as or in the same geographical location as plaintiff.  Subject to these objections, no responsive information.

7.    Identify by custodian (including first and last name, mailing address, e-mail address, and telephone number), location, and general description: every report, complaint, or grievance (whether formal or informal, written or oral) that concerned or alleged any form of discrimination or harassment on the basis of sex, gender, pregnancy status, family status, or disability, *or* which concerned or alleged any form of retaliation, *and* which was filed against, received, heard, or transmitted to, or maintained by any of the following individuals since August 1, 2016:

i. Donald Trump, Jr.

ii. Eric Trump

iii. Jason Miller

iv. Bradley Parscale

v. Corey Lewandowski

vi. Jared Kushner

vii. Ivanka Trump

viii. Cassidy Dumbauld

ix. Brian Walsh

x. Jessica Ditto

xi. Hope Hicks

xii. John McGann

xiii. Sarah Huckabee Sanders

xiv. Giancarlo Sopo

xv. Stephanie Grisham

xvi. Kellyanne Conway

**RESPONSE NO. 7:**

       In addition to the General Objections, the Campaign objects to this interrogatory, including, but not limited to, the term "any report, complaint, or grievance," on the grounds that it is confusing, vague, ambiguous, and overbroad. The Campaign further objects to this interrogatory on the grounds that it is compound. The Campaign further objects to this interrogatory to the extent it seeks information in the possession, custody, or control of other parties and non-parties. The Campaign further objects to this interrogatory on the grounds that it seeks information that is not relevant to the claims or defenses in this action because it is not limited to the same alleged harassers; the same form of alleged discrimination or harassment; individuals who are similarly situated to plaintiff; or individuals who worked at the same time as or in the same geographical location as plaintiff. Subject to these objections, no responsive information.


       8.      Identify by custodian (including first and last name, mailing address, e-mail address, and telephone number), location, and general description: any document containing, reflecting, or describing *any* application by *any person* for a communications-related position with or on behalf of the Campaign or the White House or any Presidential Administration since August 1, 2016, *or* containing, reflecting, or describing your review of any such application.

**RESPONSE NO. 8:**

       In addition to the General Objections, the Campaign objects to this interrogatory, including,

but not limited to, the terms "any application," "any person," "communications-related position," "with or on behalf of," and "containing reflecting, or describing your review," on the grounds that it is confusing, vague, ambiguous, and overbroad.  The Campaign further objects to this interrogatory on the grounds that it seeks information that is not relevant to the claims or defenses in this action.  The Campaign further objects to this interrogatory to the extent it seeks information in the possession, custody, or control of non-parties.


9.    Identify by first and last name, mailing address, e-mail address, and telephone number: the attendees or recipients of any training or instruction concerning discrimination, retaliation, and/or harassment you provided since August 1, 2016; *and* identify by custodian (including first and last name, mailing address, e-mail address, and telephone number), location, and general description: any documents used or provided in such training or instruction.

**<u>RESPONSE NO. 9:</u>**

In addition to the General Objections, the Campaign objects to this interrogatory, including, but not limited to, the term "any training or instruction," on the grounds that it is confusing, vague, ambiguous, and overbroad.  The Campaign further objects to this interrogatory on the grounds that it is compound.  The Campaign further objects to this interrogatory on the grounds that it seeks information that is not relevant to the claims or defenses in this action.  Subject to these objections, no responsive information.


10.    Identify by custodian (including first and last name, mailing address, e-mail address, and telephone number), location, and general description: any documents with which your employees, agents, or contractors have been instructed or expected to report or complain about

discrimination, retaliation, or a hostile work environment since August 1, 2016: *and* identify by first and last name, mailing address, e-mail address, and telephone number: any person who received or reviewed, or who was supposed to receive or review, such reports or complaints.

**RESPONSE NO. 10:**

In addition to the General Objections, the Campaign objects to this interrogatory, including, but not limited to, the terms "have been instructed," "expected to report or complain," and "was supposed to receive and review," on the grounds that it is confusing, vague, ambiguous, and overbroad. The Campaign further objects to this interrogatory on the grounds that it is compound. The Campaign further objects to this interrogatory on the grounds that it seeks information that is not relevant to the claims or defenses in this action. Subject to these objections, no documents; for persons, Lucia Castellano.

11.    Identify by custodian (including first and last name, mailing address, e-mail address, and telephone number), location, and general description: each document reflecting or pertaining to any formal or informal *investigation* conducted by any of your employees, contractors, or agents concerning Plaintiff; *and* identify by first and last name, mailing address, e-mail address, and telephone number: any person who did or was supposed to conduct, participate in, oversee, or review any such investigation.

**RESPONSE NO. 11:**

In addition to the General Objections, the Campaign objects to this interrogatory on the grounds that the interrogatory, including, but not limited to, the term "formal or informal investigation," is confusing, vague, ambiguous, and overbroad. The Campaign further objects to

this interrogatory on the grounds that it is compound.  Subject to these objections, no responsive documents, or persons.

12.    Identify by custodian (including first and last name, mailing address, e-mail address, and telephone number), location, and general description: each document constituting or reflecting any formal or informal *discipline* (whether a reprimand, warning, performance improvement plan, or other) that any Defendant issued to Plaintiff for any reason; *and* identify by first and last name, mailing address, e-mail address, and telephone number: any person who did, or who was supposed to, compose, issue, approve, receive, review, or maintain any such document.

**RESPONSE NO. 12:**

In addition to the General Objections, the Campaign objects to this interrogatory, including, but not limited to, the term "formal or informal discipline," on the grounds that it is confusing, vague, ambiguous, and overbroad.  The Campaign further objects to this interrogatory on the grounds that it is compound.  The Campaign further objects to this interrogatory on the grounds that it seeks information that is not relevant to the claims or defenses in this action and to the extent it seeks information in the possession, custody, or control of other parties.  Subject to these objections, no responsive documents, or persons.

13.    Identify by custodian (including first and last name, mailing address, e-mail address, and telephone number), location, and general description: each document reflecting or pertaining to any formal or informal *investigation* conducted *by any* of your employees, contractors, or agents and concerning *any* Campaign staffer, employee, contractor, agent, or volunteer pertaining to any form of discrimination or harassment on the basis of sex, gender,

11

pregnancy status, family status, or disability, *or* any form of retaliation; *and* identify by first and last name, mailing address, e-mail address, and telephone number: any person who did or was supposed to conduct, participate in, oversee, or review any such investigation.

**RESPONSE NO. 13:**

In addition to the General Objections, the Campaign objects to this interrogatory, including, but not limited to, the terms "formal or informal investigation" and "any Campaign staffer," on the grounds that it is confusing, vague, ambiguous, and overbroad. The Campaign further objects to this interrogatory on the grounds that it is compound. The Campaign further objects to this interrogatory on the grounds that it seeks information that is not relevant to the claims or defenses in this action because it is not limited to the same alleged harassers; the same form of alleged discrimination or harassment; individuals who are similarly situated to plaintiff; or individuals who worked at the same time as or in the same geographical location as plaintiff. Subject to these objections, no documents; for persons, Lucia Castellano.


14.    Identify by custodian (including first and last name, mailing address, e-mail address, and telephone number), location, and general description: each document constituting or reflecting any formal or informal *discipline* (whether a reprimand, warning, performance improvement plan, or other) that any Defendant issued to any Campaign staffer, employee, contractor, agent, or volunteer for any form of discrimination or harassment on the basis of sex, gender, pregnancy status, family status, or disability, *or* any form of retaliation; *and* identify by first and last name, mailing address, e-mail address, and telephone number: any person who did, or who was supposed to, compose, issue, approve, receive, review, or maintain any such document.

**RESPONSE NO. 14:**

In addition to the General Objections, the Campaign objects to this interrogatory, including, but not limited to, the terms "formal or informal discipline" and "any Campaign staffer," on the grounds that it is confusing, vague, ambiguous, and overbroad. The Campaign further objects to this interrogatory on the grounds that it is compound. The Campaign further objects to this interrogatory to the extent it seeks information in the possession, custody, or control of other parties. The Campaign further objects to this interrogatory on the grounds that it seeks information that is not relevant to the claims or defenses in this action because it is not limited to the same alleged harassers; the same form of alleged discrimination or harassment; individuals who are similarly situated to plaintiff; or individuals who worked at the same time as or in the same geographical location as plaintiff. Subject to these objections, no documents; for persons, Lucia Castellano.

15.    Identify by custodian (including first and last name, mailing address, e-mail address, and telephone number), location, and general description: each document reflecting or pertaining to any formal or informal communication between any Campaign staffer, employee, contractor, agent, or volunteer and any political action committee created by or on behalf of any Defendant or Donald J. Trump – including but not limited to the "Save America PAC"; and identify by first and last name, mailing address, e-mail address, and telephone number: any Campaign staffer, employee, or agent whom you know to have communicated with any political action committee created by or on behalf of any Defendant or Donald J. Trump – including but not limited to the "Save America PAC."

**RESPONSE NO. 15:**

In addition to the General Objections, the Campaign objects to this interrogatory on the grounds that it is confusing, vague, ambiguous, overbroad, and defective in form. The Campaign further objects to this interrogatory on the grounds that it is compound. The Campaign further objects to this interrogatory on the grounds that it seeks information that is not relevant to the claims or defenses in this action.


16.     Identify by author or by the person who posted it, any and all documents reflecting, pertaining to, or constituting any posting to any form of social media (whether original content or a response to or forwarding of some other person's content) that concerns Plaintiff; the contents of the First Amended Complaint as revised on March 28, 2022 (Docket No. 94); the subjects of this lawsuit; the appointment of any person to any communications role on any presidential campaign, presidential transition, or presidential administration; or Jason Miller's appointment to any position on any presidential campaign, presidential transition, or presidential administration.

**RESPONSE NO. 16:**

In addition to the General Objections, the Campaign objects to this interrogatory on the grounds that it is confusing, vague, ambiguous, overbroad, and defective in form. The Campaign further objects to this interrogatory on the grounds that it is compound. The Campaign further objects to this interrogatory on the grounds that it seeks information that is not relevant to the claims or defenses in this action.

Dated:  New York, New York
        November 18, 2022

As to objections,

LAROCCA HORNIK ROSEN
& GREENBERG LLP

/s/ *Jared E. Blumetti*

By: _____
Patrick McPartland
Jared E. Blumetti

40 Wall Street, 32nd Floor
New York, New York 10005
T: (212) 530-4837, 4831
E: pmcpartland@lhrgb.com
    jblumetti@lhrgb.com

*Attorneys for defendants*
*Donald J. Trump for President, Inc.,*
*Sean Spicer, and Reince Priebus*

15

As to responses,

I, Bradley T. Crate, hereby declare that the facts stated in the foregoing are true and correct to the best of my knowledge, information, and belief.

_____
Bradley T. Crate

**ATTACHMENT E**



Michael T. Madaio, Esq.
Partner
mmadaio@habbalaw.com
Admitted to practice in NJ, NY & PA

August 15, 2024

<u>**Via E-Mail**</u>
Arlene J. Delgado
ajdelgado@outlook.com

Re: <u>**Fed. R. Civ. P. 11(c) Safe Harbor Letter Notice of Sanctions**</u>
   *Delgado v. Donald J. Trump for President, Inc., et al.,*
   No. 19-cv-11764 (AT)(KHP)

Dear Ms. Delgado:

  As you are aware, my office represents non-party, Eric Trump, in the above-referenced matter. I am in receipt of your pre-motion letter filed on August 12, 2024 (ECF 403), which seeks permission to file an Amended Complaint naming Mr. Trump, among others, as a defendant in this action. For the reasons explained below, your application is frivolous as a matter of law. **Pursuant to Fed. R. Civ. P. 11(c)(2), you are hereby notified that Mr. Trump will move for sanctions against you unless your application to include him as a defendant is withdrawn within 21 days hereof.**

  Fed. R. Civ. P. 11(b) provides, in relevant part, that an unrepresented party presenting a pleading to a court must "certify that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances," that:

  (1) the pleading is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;

  (2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law; and

  (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery.

Fed. R. Civ. P. 11(b)(1)-(3); *see also Smith v. Educ. People, Inc.*, 233 F.R.D. 137, 142 (S.D.N.Y. 2005) (citations omitted), *aff'd*, 2008 WL 749564 (2d Cir. Mar. 20, 2008) ("It is well established that Rule 11 applies to pro se litigants."); *Malley v. New York City Bd. of Educ.*, 207 F. Supp. 2d 256, 259 (S.D.N.Y. 2002) ("The fact that a litigant appears pro se does not shield [her] from Rule 11 sanctions because 'one acting pro se has no license to harass others, clog the judicial machinery with meritless litigation, and abuse already overloaded court dockets.'") (citation omitted).

  Your proposed amendment is plainly frivolous, lacks a shred of evidentiary support, and is presented solely to harass Mr. Trump and delay proceedings. Therefore, for the reasons set forth below, your conduct is in violation of Fed. R. Civ. P. 11.

1430 U.S. Highway 206, Suite 240, Bedminster, NJ 07921 ▪ Tel. 908.869.1188

## I.       The Proposed Claims are Not Warranted by Existing Law

In your pre-motion letter, you indicate that your intention is to assert a "claim of retaliation" against Mr. Trump, specifically one that is "already a formal cause of action" in the Complaint. ECF 403 at 2. Presumably, you are seeking to assert claims under Executive Law § 296, *et. seq.* ("NYSHRL") and/or New York City Administrative Code 8-107, *et. seq.* ("NYCHRL") (collectively, the "HRL Statutes"), which have already been asserted as causes of action. Regardless, a claim against Mr. Trump would be frivolous under either statute. Annexed as **Exhibit 1** is Defendant's opposition to your pre-motion letter, which outlines the numerous, glaring deficiencies with your proposed retaliation claim against Mr. Trump. To summarize, the proposed claim is untimely; there is no cognizable retaliation claim against Mr. Trump; the HRL statutes do not apply given the extraterritorial nature of your proposed amendment; and the inclusion of Mr. Trump as a defendant would destroy the Court' subject matter jurisdiction over this case. *See generally id.* The proposed amendment fails on any of these grounds; in combination, your application is rendered utterly frivolous.

## II.      The Record is Devoid of Evidentiary Support for Any Claim Against Mr. Trump

In your pre-motion letter application, you contend, without elaboration, that the documents produced by Mr. Trump have made it "abundantly clear [that he] was intimately involved in the retaliatory action" against you. ECF 403 at 4. This statement is flatly contradicted by the record. Examination of the documentary evidence provided by Mr. Trump does not reveal even the slightest hint that *any* individual was acting with a retaliatory motive, much less Mr. Trump. Accordingly, it is overwhelmingly apparent that your application was brought with the intent to harass Mr. Trump, to cause unnecessary delay, and/or to needlessly increase the cost of litigation without a shred of actual evidence to support the allegations contained therein.

## III.     The Proposed Claims are Brought for an Improper Purpose

It is evident that your application is brought in bad faith and for the purpose of harassing Mr. Trump. Indeed, the frivolousness of your proposed amendment, on its own, is conclusive in this respect. *See, e.g., Fox v. Boucher*, 794 F.2d 34, 36-38 (2d Cir. 1986) (affirming sanctions for complaint that was "entirely frivolous, and the record shows that it was made as part of a conscious effort to harass appellee" in retaliation); *Galonsky v. Williams*, No. 96-cv-6207, 1997 WL 759445, at *4-6 (S.D.N.Y. Dec. 10, 1997) (imposing sanctions for filing claims that lacked support in the law and the "baseless claims [were filed] as part of a public relations campaign in order to embarrass the defendants and thereby coerce a settlement[.]").

Further, your conduct since the inception of this litigation confirms that your belated attempt to sue Mr. Trump is nothing more than an abusive litigation tactic. For instance, you have acknowledged that you contemplated including Mr. Trump as a defendant in this action as early as August 2019, even going so far as sending him a draft complaint. *See* ECF 379 at 1. Yet, you deliberately chose not to include him in your initial Complaint filed in December 2019, *see* ECF 1, or your First Amended Complaint filed in March 2022, *see* ECF 94, despite ample opportunity. Instead, you waited nearly *five years* to move to add Mr. Trump as a defendant, at the tail end of litigation and after discovery has been closed, *see* ECF 403 at 1 (noting that your application was

intentionally filed after "discovery [was] completed"). There is no excuse for your inordinate delay, which was not incidental, but by dubious design,

\*            \*            \*            \*

Based on the foregoing, it is hereby demanded that you withdraw your application to add Mr. Trump as a defendant in this case. Should you fail to do so, Mr. Trump will seek sanctions against you pursuant to Fed. R. Civ. P. 11(c) if your application is not withdrawn within 21 days.

Respectfully submitted,

Michael T. Madaio, Esq.
For HABBA MADAIO & ASSOCIATES LLP