UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ARLENE DELGADO,<br><br>                    Plaintiff,<br><br>         v.<br><br>DONALD J. TRUMP FOR PRESIDENT, INC.,<br>SEAN SPICER, individually, REINCE PRIEBUS,<br>individually<br>                    Defendants. | **REPORT AND RECOMMENDATION ON CROSS-MOTIONS FOR SANCTIONS**<br><br>1:19-cv-11764 (AT) (KHP) |

**TO:**   HONORABLE ANALISA TORRES, UNITED STATES DISTRICT JUDGE
**FROM:** KATHARINE H. PARKER, UNITED STATES MAGISTRATE JUDGE

On March 19, 2025, Plaintiff Arlene Delgado, *pro se*, filed a motion for sanctions pursuant to Rule 11 of the Federal Rules of Civil Procedure against non-party Eric Trump and his counsel, Michael Madaio. Mr. Trump later cross-moved for Rule 11 sanctions against Plaintiff. For the reasons set forth below, both the Plaintiff's motion and Mr. Trump's cross-motion for sanctions should be denied.

**PROCEDURAL HISTORY**

Plaintiff's March 19, 2025 motion seeks sanctions against Non-Party Eric Trump and his attorney, Michael Madaio, on the grounds that Madaio's August 15, 2024 Opposition (ECF No. 405) to Plaintiff's August 12, 2024 motion to add Eric Trump as a defendant (ECF No. 403) included misrepresentations of fact to the Court. In particular, Plaintiff takes issue with statements indicating that she had considered adding Trump as a defendant to the instant retaliation action, but chose not to. (ECF No. 405, at 1.) Plaintiff claims this statement was a

blatant misrepresentation, leading the Court to erroneously deny her motion to add Trump as a party after discovery had closed.

In her motion, the Plaintiff claims she is "not moving under Rule 11 sanctions *per se*" but invokes both Rule 11 and the Court's inherent authority as the basis for the Court's authority to issue sanctions and invites the Court to choose which theory of sanctions corresponds to the Non-Party's conduct without setting forth the specific relief she seeks. (*See* ECF No. 540, at 10 ("Plaintiff respectfully requests that the Court impose appropriate sanctions, as the Court deems fit, on Trump and his counsel for leading the Court to error and the resulting harm on Plaintiff.")).

On April 18, 2025, Non-Party Eric Trump and Counsel Michael Madaio filed a cross-motion for sanctions in response to Plaintiff's motion asking the Court to impose sanctions under Section 1927 and its own inherent power. Messrs. Trump and Madaio aim their motion at Plaintiff's sanctions motion, contending it is a frivolous, abusive litigation tactic "filed in bad faith and for an improper purpose" (ECF No. 543, at 5). They also assert that Plaintiff's ongoing questioning of the Court's discretion and personal comments about individual Judges' biases display sanctionable disrespect towards the Court. Finally, they assert that Plaintiff has vexatiously multiplied the proceedings in this matter in violation of 28 U.S.C. § 1927 by repeatedly filing motions and objections to the Court's decision denying addition of Eric Trump as a party.

**LEGAL STANDARDS**

**1. Sanctions Under 28 U.S.C. § 1927 and the Court's Inherent Power**

28 U.S.C. § 1927 provides that "[a]ny attorney or other person admitted to conduct cases in any court of the United States ... who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct."  Section 1927 is only applicable to attorneys or other persons authorized to practice before the courts and not against a party. *Oliveri v. Thompson*, 803 F.2d 1265, 1273 (2d Cir. 1986).

The Court may impose sanctions against a party and its attorneys pursuant to its inherent power.  The standard for determining whether sanctions are appropriate pursuant to the Court's inherent power is the same as the one for assessing whether sanctions are appropriate against an attorney pursuant to § 1927. *Int'l Technologies Mktg., Inc. v. Verint Sys., Ltd.*, 991 F.3d 361, 368 (2d Cir. 2021); *United States v. Prevezon Holdings, Ltd.*, 305 F. Supp. 3d 468, 478 (S.D.N.Y. 2018).  Specifically, there must be clear evidence that "'(1) the offending party's claims were entirely without color, and (2) the claims were brought in bad faith -- that is, motivated by improper purposes such as harassment or delay.'" *Prevezon Holdings, Ltd.*, 305 F. Supp. 3d at 478-79 (quoting *Eisemann v. Greene*, 204 F.3d 393, 396 (2d Cir. 2000)).  Therefore, courts often consider motions for sanctions pursuant to § 1927 and their inherent power together. *Id.*  Attorneys' fees can be awarded as sanctions when "the losing party has acted in bad faith, vexatiously, wantonly, or for oppressive reasons." *Eisemann*, 204 F.3d at 395 (internal quotations omitted).  A district court's inherent power to sanction also includes the power to "sanction a party ... to deter abuse of the judicial process and prevent a party from

perpetrating a fraud on the court." *Yukos Cap. S.A.R.L. v. Feldman*, 977 F.3d 216, 235 (2d Cir. 2020). Before issuing sanctions under its inherent power, the court must provide the attorney or party facing sanctions with "adequate notice and opportunity to be heard." *Shepherd v. Annucci*, 921 F.3d 89, 97 (2d Cir. 2019).

### 2. Sanctions Under F.R.C.P. Rule 11

Rule 11 provides:

> By presenting to the court a pleading, written motion, or other paper—whether by signing, filing, submitting, or later advocating it—an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:
>
> (1) it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;
>
> (2) the claims, defenses, and other legal contentions are warranted by existing law or by a non-frivolous argument for extending, modifying, or reversing existing law or for establishing new law;
>
> (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and
>
> (4) the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on belief or a lack of information.

Fed. R. Civ. P. 11(a).

The Court may impose an appropriate sanction on a party, attorney or law firm if, "after notice and a reasonable opportunity to respond, the court determines that Rule 11(b) has been violated." Fed. R. Civ. P. 11(c)(1). Rule 11 sanctions "must be limited to what suffices to deter repetition of the conduct or comparable conduct by others similarly situated." Fed. R. Civ. P. 11(c)(4). Sanctions "may include nonmonetary directives; an order to pay a penalty into court; or, if imposed on motion and warranted for effective deterrence, an order directing payment to the movant of part or all of the reasonable attorney's fees and other expenses directly resulting

from the violation." Fed. R. Civ. P. 11(c)(4); *see also Lawrence v. Richman Grp. of CT LLC*, 620 F.3d 153, 158 (2d Cir. 2010).

There are strict procedural requirements for bringing a Rule 11 motion. *See Star Mark Mgmt., Inc. v. Koon Chun Hing Kee Soy & Sauce Factory, Ltd.*, 682 F.3d 170, 175-76 (2d Cir. 2012). Given the aim of the Rule to minimize expenditure of judicial resources and encourage correction or withdrawal of defective documents, *see Lawrence*, 620 F.3d at 158; *Perpetual Secs., Inc. v. Tang*, 290 F.3d 132, 141 (2d Cir. 2002), the Rule also requires a notice and cure period. Specifically, its safe-harbor provision requires the moving party to first provide notice and a draft of the motion for sanctions to the non-moving party and 21 days to cure. Fed. R. Civ. P. 11(c)(2). It also requires service of the notice and motion in accordance with Rule 5. An informal warning letter is insufficient without service of a separate Rule 11 motion. *Star Mark Mgmt.*, 682 F.3d at 175. Only after the safe-harbor period has expired may a party file a Rule 11 motion. Additionally, "[a]lthough Rule 11 contains no explicit time limit for serving the motion, the 'safe harbor' provision functions as a practical time limit, and motions have been disallowed as untimely when filed after a point in the litigation when the lawyer sought to be sanctioned lacked an opportunity to correct or withdraw the challenged submission." *In re Pennie & Edmonds LLP*, 323 F.3d 86, 89 (2d Cir. 2003).

## DISCUSSION

1. **Plaintiff's Motion for Sanctions**

    A. *Plaintiff's Motion for Rule 11 Sanctions*

Plaintiff's motion is procedurally improper under Rule 11. In her submission, the Plaintiff acknowledges that Rule 11 requires a party seeking sanctions to provide a "safe

harbor" notice before filing the motion but concedes she did not provide the notice. She explains that a "safe-[]harbor letter would have been a waste of time" because she "did ask Trump and counsel to withdraw their improper representation and they refused." (ECF No. 540, at 6.) In their response to Plaintiff's motion, Messrs. Madaio and Trump confirm they never received a draft of Plaintiff's sanctions motion. (ECF No. 541, at 2.) Though a letter is not required by Rule 11 (and, as mentioned above, is sometimes insufficient), some draft or substantive notice of the motion is required. *Gal v. Viacom Int'l, Inc.*, 403 F.Supp.2d 294, 309 (S.D.N.Y. 2005). Plaintiff's informal request to withdraw the representation does not satisfy Rule 11's strict requirements. *See Black v. Covidien, PLC*, No. 17-cv-6085 (FPG), 2018 WL 3219883, at *3 (W.D.N.Y. July 2, 2018); *Gottschalk v. City and County of San Francisco*, 964 F. Supp. 2d 1147, 1168-69 (N.D. Cal. 2013). Therefore, sanctions under Rule 11 are inappropriate and should be denied.

      B.    *Plaintiff's Motion for Sanctions Under the Court's Inherent Power*

As noted above, sanctions under the Court's inherent authority can only issue upon clear evidence that "(1) the offending party's claims were entirely without color, and (2) the claims were brought in bad faith -- that is, motivated by improper purposes such as harassment or delay. Plaintiff does not meet this standard.

The crux of the Plaintiff's argument for sanctions centers on a statement made in Mr. Trump's Opposition to Plaintiff's motion to amend her complaint to add Eric Trump as a party that in essence argued that Plaintiff had contemplated suing Eric Trump long before her formal motion to amend her complaint in this action and that her motion to amend was too late. Plaintiff contends that she only first thought to add Eric Trump as a defendant after taking is

deposition in March 2024. The dispute about the timing of when Plaintiff first contemplated suing Eric Trump under any theory of liability or adding him as a Defendant in this matter is not one that gives rise to sanctionable conduct. To start, the Court found that Plaintiff's motion to amend, brought at the end of a multi-year discovery period was too late. At the time, the parties were on the eve of summary judgment briefing after an an extended and contentious discovery period. The addition of a new defendant at that juncture would have required additional discovery and further delayed a case that had, at that time, been pending nearly five years.

Further, the Court in its decision adopting the undersigned's Report and Recommendation noted that Plaintiff had failed to describe what new information she obtained through discovery that would have newly put her on notice that Trump was involved. Further, it is clear that there is a factual dispute as to when Plaintiff first knew or should have known sufficient facts to name Eric Trump as a defendant in this case. There were many filings in this case that suggest Plaintiff knew or should have known of Eric Trump's alleged involvement or potential involvement in the alleged retaliation long before she deposed him. This factual dispute means that Plaintiff fails to meet the standard for obtaining sanctions under the Court's inherent power. That is, she has not put forth "clear evidence" that Messrs. Trump and Madaio's statement about when Plaintiff first knew that she could have moved to add Eric Trump as a defendant in this action (under any theory) was "entirely without color" or motivated by an improper purpose such as delay or made in bad faith. Thus, the high bar for imposition of sanctions has not been met. *Wolters Kluwer Financial Servs., Inc. v. Scivantage*, 564 F.3d 110, 114 (2d Cir. 2009).

**2.      Non-Party Eric Trump and His Counsel's Motion for Sanctions**

Mr. Trump's cross-motion for sanctions Section 1927 and the Court's inherent power should similarly be denied.  Mr. Trump argues that Plaintiff has repeatedly filed documents in "bad faith and for improper purpose" and "with numerous false and inflammatory allegations" (ECF No. 543, at 9.)  He further charges that the Plaintiff has made frivolous arguments in her own sanctions motion, material misrepresentations to the Court, and needlessly multiplied proceedings.  Though Plaintiff's many filings at various stages in this case have included inappropriate *ad hominem* criticisms of the Court, the Defendants and non-parties, the Court gives Plaintiff the benefit of the doubt and construes her various filings and arguments to be styled to match the passion of her feeling that she was mistreated by Defendants and zealous advocacy of her case.  The Court also notes that Plaintiff has succeeded in some of her motions with respect to Mr. Trump, indicating that at least some of her motions have had legal merit.  And, even though Plaintiff did not succeed on all her motions, that does not mean they were made in bad faith and for improper purpose.  Moreover, Plaintiff has not up to now displayed behavior that the Second Circuit has found to warrant sanctions, such as disrupting proceedings or refusing to comply with Court security protocols.  *See generally In re Bank*, 850 F. App'x 115 (2d Cir. 2021).  In sum, Mr. Trump and his counsel have failed to meet the high burden for demonstrating that sanctions are warranted under Section 1927 or the Court's inherent power.

**CONCLUSION**

For the reasons set forth above, I respectfully recommend that the cross-motions for sanctions (ECF Nos. 540, 542) both be denied.

Dated: New York, New York
         September 15, 2025

Respectfully submitted,

*Katharine H Parker*

KATHARINE H. PARKER
United States Magistrate Judge

**NOTICE**

      Plaintiff shall have seventeen days and Mr. Trump shall have fourteen days from service of this Report and Recommendation to file written objections pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure. *See also* Fed. R. Civ. P. 6(a), (d) (adding three additional days only when service is made under Fed. R. Civ. P. 5(b)(2)(C) (mail), (D) (leaving with the clerk), or (F) (other means consented to by the parties)). A party may respond to another party's objections after being served with a copy. Fed. R. Civ. P.72(b)(2).

      Plaintiff shall have seventeen days to serve and file any response. Mr. Trump shall have fourteen days to serve and file any response. Any objections and any responses to such objections shall be filed with the Clerk of the Court, with courtesy copies delivered to the chambers of the Honorable Analisa Torres at the United States Courthouse, 500 Pearl Street, New York, New York 10007, and served on the other parties. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(d), 72(b). Any requests for an extension of time for filing objections must be addressed to Judge Torres. The failure to file timely objections shall result in a waiver of those objections for purposes of appeal. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(d), 72(b); *Thomas v. Arn*, 474 U.S. 140 (1985).