September 16, 2025

Hon. Analisa Torres
United State District Court, S.D.N.Y.
500 Pearl Street
New York, NY 10007
RE: Delgado v. Trump Campaign, et. al (19-cv-11764)

**RE:** *request brief continuance/resetting of trial date*

Your Honor,

Greetings to the Court.

I am the *pro-se* Plaintiff in the above-mentioned matter, hereinafter referred to as the Plaintiff or in first person.

I am in receipt of Your Honor's September 12, 2025 Order, in which Your Honor ruled on the summary judgment filings. Therein, the Order states trial is to take place on November 7, 2025.

I write to, most respectfully, request a brief continuance, for the following reasons**. I should note at the outset that the opposing side agrees to a continuance, provided we find dates that work for both sides, and we are currently conferring about dates in January. (please see attached) email correspondence)**

FIRST, **I have trial, in which I am *pro-se*, in my family law case, in the 11th District of Miami-Dade, Florida, on <u>October 10, 2025,</u> all-day (**which will likely spill over into additional days). This trial was set months ago, on June 13, 2025 (**please see attached 'setting of trial' notice**).

That trial will consume every free hour (the few I have) from now until then, as there is a great deal of discovery, including depositions, subpoenas that remain outstanding, review of hundreds of documents the opposing party has yet to produce (in fact, the opposing party has yet to produce a single page and is waiting until the last minute to do so, hence why the next three weeks will be intense), calculations, eight years of child support worksheets, gathering and preparing a voluminous number of exhibits, witness lists, and pre-trial catalogue filings… *all of which must take place in the days between now and then*.

I would not be able to even begin to prepare for the trial in the instant matter until *that* trial is complete, simply by virtue of the large volume of what remains to be done in that matter, through no fault of my own (but rather due to the opposing party refusing to provide any discovery thus far, despite my motions). It is, moreover, a contentious and complex trial, as the opposing party (Jason Miller) currently has over one dozen different revenue/income streams, with a total yearly income of over $4 million. Mr. Miller's counsel informed the Court in June that they will not make any settlement offer, nor attend mediation, nor stipulate to any issue and trial will be necessary.

In addition to all of that, I have two pending petitions for writ of certiorari with the Third District Court of Appeals of Florida (3D25-1111 and 3D25-1721), with a Reply, in both, due this month.

SECOND, I have an all-day mediation on another matter pending in this Court, *Delgado v. Sonnen*, *et al.*, Civ. No. 24-1690-JGLC-JW, with Mediator Frank Maas (Ret., U.S.M.J., S.D.N.Y), on **November 6, 2025**, which was set over one month ago. It took a full month of coordinating-emails and calls, over the summer, to obtain a date that worked for all parties and for the mediator, because this is a live mediation and the multiple parties are located in disparate parts of the country. Indeed, my plan was to turn to preparing for that, upon completion of the 11th Circuit trial (assuming, that is, that the 11th Circuit trial even concludes on October 10th). Changing the date of this mediation – as will be necessary if trial is to proceed on November 7 – will lead to a substantial delay in attempting to resolve that case, and will then require costly discovery to be necessary despite the parties' attempts to avoid that by participating in mediation on a somewhat expedited basis.

THIRD, as I am pro-se, I respectfully plead for mercy with the Court that, even if I turn to preparing for this matter once the other trial is complete, and even if there were no mediation with Ret. Judge Maas in early November, I require more than a couple of weeks to prepare for a trial, particularly in federal court. I wish to be able to present my case to the jury with adequate time to prepare; thorough exhibits; properly prepared exhibits; subpoenas of necessary witnesses and the like; *and* it is a case involving multiple defendants and multiple claims.

FOURTH, I verify, under penalty of perjury, that I have conferred with a highly respected attorney (including in a phone call over this past week weekend), who is interested in representing me and entering this case, at least in a limited purpose appearance (for purposes of assisting with the preparation and presentation of my case and the examination and cross-examination of witnesses). But this attorney would not be able do so for a November 7th trial. It benefits the Court to have an experienced litigator, versus a pro-se litigant unfamiliar with evidentiary and procedural rules, enter this case, and such would save not only the parties time and unnecessary headaches but also help streamline and ease the trial itself. It would serve the interests of justice. (I only omit his name for purposes of this letter as he is unable to commit unless there is a continuance, but I am able to provide the name privately to chambers.) I would, of course, appreciate the benefit of counsel.

FIFTH, I respectfully note that the scheduling order in this case (which differs from the scheduling order in some other cases, which sometimes set out a trial date) did not contain a trial date. Thus, the November 7, 2025 date was not a date on which I was on notice, or reasonably could have expected, that a trial might take place.

SIXTH, I note this is the first continuance (and only) sought. This is not a second request for a continuance nor will there be a second request for continuance.

SEVENTH, I respectfully request solicitude from the Court, given my pro-se status and given that I am a single mother to an eight-year-old boy who has special needs. The time it takes for a seasoned litigator (which I am not) to adequate prepare for a jury trial in federal court is vastly different to that of a pro-se litigant, but particularly so given my personal circumstance.

I respectfully believe that this all represents good cause for a brief continuance.

Additional factors a court considers in deciding whether to grant a continuance, aside from the grounds themselves, include:

- whether the moving party was diligent in seeking the extension: Here, I was. I am responsibly moving for this extension immediately upon receiving the trial setting.

- prejudice to the other party / harm from delay: There is no prejudice to the Defendants via additional time. If anything, they, too, would likely benefit from such.

- interests of justice/fairness: Does denying the continuance risk unfairness? Is the litigant (especially a pro se litigant) being deprived of due process by being rushed? Per the aforementioned reasons, I believe the answer here is a clear 'yes.'

- whether the opposing party consents or does not oppose: Mr. Gavenman, counsel for the Defendants, agrees. ***Please see attached.***

The Court itself may also wish to re-set the trial for a week in which it has a two or three day block open, as I respectfully require more than one day to put on the case and it appears the November 7, 2025 setting is for one day only. Particularly given the political nature of the Defendants, even seating a jury will likely take considerably more time than in another case.

I thank Your Honor in advance for consideration of my request. I respectfully propose that Your Honor grant leave for the parties to submit dates of availability by September 26, 2025 and that the deadlines for trial statements and related materials be extended accordingly.

Respectfully and humbly submitted,

*s/Arlene Delgado*
Arlene Delgado
Plaintiff, pro-se

 Outlook

## RE: request

**From** Jeffrey Gavenman <jgavenman@schulmanbh.com>
**Date** Sun 9/14/2025 2:04 PM
**To** A Delgado <ajdelgado@outlook.com>

Hi Ms. Delgado,

I did, thank you; hope you did as well.

Yes, a continuance is fine, so long as we can agree on a new trial date to propose that works for both of us. Did you have a new date in mind?

Best,
Jeff

**From:** A Delgado <ajdelgado@outlook.com>
**Sent:** Sunday, September 14, 2025 7:40 AM
**To:** Jeffrey Gavenman <jgavenman@schulmanbh.com>
**Subject:** request

Hello Mr. Gavenman,

I hope you and your family had a nice summer.

I write to confer as to whether you agree to a brief continuance of the November 7th trial date. The reason is that I have trial in my family law case on October 10, 2025 (see attached), which was set months ago, and a mediation in the *Delgado v. Sonnen, et. al.* matter on November 6, 2025, which was set weeks ago (and after much trouble coordinating dates that worked for all).

Please let me know if you consent.

Thanks,

AJ

IN THE CIRCUIT COURT OF THE ELEVENTH JUDICIAL
CIRCUIT IN AND FOR MIAMI-DADE COUNTY, FLORIDA

CASE NO: 2017-016674-FC-04
SECTION: FC39
JUDGE: Spencer Multack

**Miller, Jason**

Petitioner(s)

vs.

**Delgado, Arlene J**

Respondent(s)

_____/

**LIVE/IN-PERSON**
**NOTICE OF SPECIAL SET HEARING**

**Final Hearing @9:00 a.m. (1 day) IN PERSON**

  The Court gives you notice that a Special Set hearing in this case is scheduled for **8 hr** on **10-10-2025** at **09:00 AM** in courtroom **23C** before the Judge **Spencer Multack** at the **Lawson E. Thomas Courthouse Center**, **175 NW 1st Avenue, Miami, FL 33128**.

Failure to appear may result in sanctions or the case may be dismissed. If you settle the dispute before the hearing, you must call the Judge's chambers. You may not cancel the hearing without the Judge's approval.

**CERTIFICATE OF SERVICE**

A true and correct copy of the above notice was delivered to the parties below on **06-13-2025**.

**If you are a person with a disability who needs any accommodation in order to participate in this proceeding, you are entitled, at no cost to you, to the provision of certain assistance. Please contact Aliean Simpkins, the Eleventh Judicial Circuit Court's ADA Coordinator, Lawson E. Thomas Courthouse Center, 175 NW 1st Ave., Suite 2400, Miami, FL 33128, Telephone (305) 349-7175; TDD (305) 349-7174, Fax (305) 349-7355, Email: ADA@jud11.flcourts.org at least seven (7) days before your scheduled court appearance, or immediately upon receiving this notification if the time before the scheduled appearance is less than seven (7) days; if you are hearing or voice impaired, call 711.**