**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

ARLENE J. DELGADO,

               Plaintiff,

v.

DONALD J. TRUMP FOR PRESIDENT, INC.,
*et al*.,

               Defendants.

Case No. 19-cv-11764 (AT) (KHP)

## MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION

Jeffrey S. Gavenman
Schulman Bhattacharya, LLC
6116 Executive Boulevard, Suite 425
North Bethesda, Maryland 20852
Telephone: (240) 356-8550

*Counsel for Defendants Donald J. Trump for President, Inc.*
*Reince Priebus, and Sean Spicer*

October 21, 2025

## <u>TABLE OF CONTENTS</u>

TABLE OF AUTHORITIES ........................................................................................ iii

PRELIMINARY STATEMENT ................................................................................... 1

BACKGROUND .......................................................................................................... 2

ARGUMENT ............................................................................................................... 5

    I.    LEGAL STANDARD .................................................................................... 5

    II.   PLAINTIFF DOES NOT HAVE STANDING TO ASSERT CLAIMS UNDER THE NYSHRL OR THE NYCHRL ........................................................................ 6

        A.  PLAINTIFF WAS NOT A RESIDENT OF NEW YORK STATE OR NEW YORK CITY DURING THE RELEVANT TIME PERIOD ................................. 7

        B.  THE IMPACT OF THE ALLEGED CONDUCT DID NOT OCCUR WITHIN NEW YORK CITY OR NEW YORK STATE ..................................................... 8

CONCLUSION ........................................................................................................... 14

## <u>TABLE OF AUTHORITIES</u>

**Cases**

*Aurecchione v. Schoolman Transp. Sys., Inc.*,
  426 F.3d 635 (2d Cir. 2005) .................................................................................. 5

*Benham v. eCommission Sols., LLC*,
  118 A.D.3d 605 (1st Dept 2014) ........................................................................... 10

*Dittes v. Chargeafter USA, Inc.*,
  2025 WL 1984273 (S.D.N.Y. July 17, 2025) ....................................................... 8

*Doner-Hendrick v. New York Institute of Technology*,
  2011 WL 2652460 (S.D.N.Y. July 6, 2011) ......................................................... 7

*E.E.O.C. v. Bloomberg L.P.*,
  967 F. Supp. 2d 816 (S.D.N.Y. 2013) .................................................................. 13

*Fried v. LVI Servs., Inc.*,
  500 F. App'x 39 (2d Cir. 2012) ...................................................................... 8, 9, 14

*Hardwick v. Auriemma*,
  116 A.D.3d 465 (1st Dep't 2014) .................................................................... 10, 13

*Henderson ex rel. Henderson v. Shinseki*,
  562 U.S. 428 (2011) ............................................................................................... 6

*Hoffman v. Parade Publs.*,
  15 N.Y.3d 285 (2010) .................................................................................. 7, 9, 13

*Hu v. Skadden, Arps, Slate, Meagher & Flom LLP*,
  76 F.Supp.2d 476 (S.D.N.Y. 1999) ...................................................................... 6

*Kingston v. Int'l Bus. Machines Corp.*,
  135 N.Y.S.3d 9 (1st Dep't 2020) ......................................................................... 13

*Kraiem v. JonesTrading Institutional Services LLC*,
  492 F.Supp.3d 184 (S.D.N.Y. 2020) .................................................................... 7

*Mahmoud v. United States*,
  2021 WL 1700656 (W.D.N.Y. Apr. 6, 2021) ....................................................... 6

*Makarova v. United States*,
  201 F.3d 110 (2d Cir. 2000) ................................................................................. 5

*Ndremizara v. Swiss Re Am. Holding Corp.*,
    93 F.Supp.3d 301 (S.D.N.Y. 2015) ................................................................. 6

*Omoniyi v. Department of Homeland Sec.*,
    2012 WL 892197 (S.D.N.Y. Mar. 13, 2012) ..................................................... 5

*Pakniat v. Moor*,
    192 A.D.3d 596 (1st Dep't 2021) .................................................................... 10

*Pedroza v. Ralph Lauren Corp.*,
    2020 WL 4273988 (S.D.N.Y. July 23, 2020) ............................................... 7, 13

*Phifer v. City of New York*,
    289 F.3d 49 (2d Cir. 2002) ............................................................................... 5

*Rothman v. Gregor*,
    220 F.3d 81 (2d Cir. 2000) ............................................................................... 6

*S.E.C. v. Rorech*,
    673 F.Supp.2d 217 (S.D.N.Y. 2009) ............................................................... 5

*Shiber v. Centerview Partners LLC*,
    2022 WL 1173433 (S.D.N.Y. Apr. 20, 2022) ............................................... 7, 9

*Troeger v. JetBlue Airways Corp.*,
    2024 WL 5146185 (S.D.N.Y. Dec. 17, 2024) .................................................. 8

*Trotter v. Nat'l Football League*,
    737 F.Supp.3d 172 (S.D.N.Y. 2024) .............................................................. 10

*U.S. v. Bond*,
    762 F.3d 255 (2d Cir. 2014) ............................................................................. 6

*Wolf v. Imus*,
    170 A.D.3d 563 (1st Dept 2019) ..................................................................... 8

**Rules**

FRCP 12(h)(3) ....................................................................................................... 5

Defendants Donald J. Trump for President, Inc. (the "Campaign"), Sean Spicer, and Reince Priebus (collectively, "Defendants") respectfully submit this memorandum of law in support of their motion for partial dismissal of Plaintiff Arlene Delgado's ("Plaintiff" or "Delgado") First Amended Complaint, dated March 28, 2022 (the "Amended Complaint") pursuant to Federal Rule of Civil Procedure ("FRCP") 12(h)(3).

## PRELIMINARY STATEMENT

In the instant case, Plaintiff has asserted claims against Defendants under the New York State Human Rights Law (the "NYSHRL") and the New York City Human Rights Law (the "NYCHRL") for discrimination and retaliation. However, Plaintiff, as she herself admits in her Amended Complaint, was a resident of Miami, Florida during all times relevant to this case, not a resident of New York State and/or New York City. And, by their very terms, neither the NYSHRL nor the NYCHRL are meant to afford protection to individuals who are not residents of New York State or New York City, respectively, except in limited circumstances, not applicable here.

Plaintiff's inability to invoke the NYSHRL and the NYCHRL in her lawsuits against the Campaign was confirmed earlier this year in a separately pending case, captioned *Delgado v. Donald J. Trump for President, Inc.*, Index No. 952333/2023 (the "New York State Action"). In the New York State Action, Plaintiff also alleged violations of the NYSHRL and the NYCHRL by the Campaign, this time arising from Plaintiff's relationship with Jason Miller ("Mr. Miller"). In that case, on January 31, 2025, the Supreme Court of New York, New York County issued a Decision and Order on Motion (the "January 31 Decision") dismissing Plaintiff's claims under the NYSHRL and NYCHRL against, *inter alia*, the Campaign. *See* Declaration of Jeffrey S. Gavenman, Esq. dated October 21, 2025 ("Gavenman Decl."), Ex. A. In doing so, the Honorable Lyle E. Frank explained that, in order for a non-resident plaintiff to bring claims under the

1

NYSHRL or the NYCHRL, she needed to allege that the discriminatory conduct had an impact in New York State and/or New York City and Plaintiff's allegations—particularly in light of the fact that she was indisputably a resident of Florida—failed to satisfy her burden of demonstrating jurisdiction under the law. Importantly, Judge Frank correctly found that merely claiming that some discriminatory conduct may have occurred in New York State and/or New York City was insufficient to meet Plaintiff's burden in the New York State Action. As a result, he dismissed Plaintiff's claims based on the NYSHRL and the NYCHRL in the New York State Action in their entirety.

Likewise, in the instant case, there is simply no basis for Plaintiff to proceed with her claims under New York's anti-discrimination statutes. Plaintiff was, indisputably, never a resident of New York State or New York City in the relevant time period. And, she cannot demonstrate that any purportedly unlawful conduct by Defendants had the requisite impact within the boundaries of New York to justify subject matter jurisdiction under the law. As shown below, at the time that the relevant alleged adverse employment actions in this case occurred, Plaintiff was not present in New York; rather, she was in Florida. The law is therefore clear that Plaintiff cannot sustain claims under the NYSHRL and NYCHRL. Accordingly, this Court lacks subject matter jurisdiction over Plaintiff's discrimination and/or retaliation claims against Defendants under the NYSHRL and the NYCHRL and those claims should be dismissed in their entirety in this case. For that reason, as set forth more fully herein, Defendants respectfully request the Court dismiss Plaintiff's NYSHRL and NYCHRL claims, with prejudice, pursuant to FRCP 12(h)(3).

## **BACKGROUND**

This action has been pending since December 23, 2019. ECF No. 1. In her Amended Complaint, Plaintiff alleged claims against Defendants based on her employment with the

Campaign for (1) breach of contract; (2) promissory estoppel; (3) discrimination under the NYSHRL; (4) aiding and abetting under the NYSHRL; (5) retaliation under the NYSHRL; (6) discrimination under the NYCHRL; (7) retaliation under the NYCHRL; (8) aiding and abetting under the NYCHRL; (9) interference under the NYCHRL; (10) vicarious liability under the NYCHRL; (11) tortious interference with prospective economic advantage; and (12) prima facie tort. ECF No. 94, ¶¶ 92-135.

After both parties moved for summary judgment, on September 11, 2025, the Court issued an Order (the "Order") denying Plaintiff's motion for summary judgment in its entirety and granting, in part, Defendants' motion for summary judgment, dismissing Plaintiff's breach of contract, promissory estoppel, and prima facie tort claims. ECF No. 546. With those claims dismissed, the remaining claims against Defendants, which are scheduled to proceed to trial, are Plaintiff's discrimination and retaliation claims under the NYSHRL and the NYCHRL and Plaintiff's claim for tortious interference with prospective economic advantage.[1]

Notably, on November 22, 2023, Plaintiff also filed the New York State Action against the Campaign, Mr. Miller, and Jamestown Associates, Inc. ("Jamestown"). On February 16, 2024, the defendants in the New York State Action, including the Campaign, filed separate motions to dismiss. Plaintiff filed an Amended Complaint on March 22, 2024, *see* Gavenman Decl., Ex. B,

---

[1] On September 25, 2025, Defendants filed a motion for reconsideration as to portions of the Order. ECF No. 551. In that motion, Defendants also requested clarification of the Order to confirm that their motion for summary judgment was granted as to the aspect of Plaintiff's retaliation claim against Mr. Priebus and Mr. Spicer that relates to the decision to institute an arbitration against Plaintiff. As noted in the motion (ECF No. 551 at p. 2, n.1), the Court granted summary judgment on that aspect in the body of the Order (at p. 23, n.11), but the "Conclusion" section of the Order states that Defendants' motion for summary judgment on Plaintiff's "retaliation claims under NYSHRL and NYCHL are DENIED." Order at p. 37. Plaintiff also filed two motions for reconsideration of portions of the Order on October 16, 2025. ECF Nos. 558, 559.

and the defendants in the New York State Action again filed separate motions to dismiss Plaintiff's Amended Complaint on May 6, 2024.

Specifically, the defendants argued that Plaintiff could not bring claims under the NYCHRL and NYSHRL based on her employment with the Campaign because: (1) she was not a resident of New York City during the relevant time period; and (2) she could not demonstrate that she was impacted in New York as a result of the unlawful conduct alleged. *See* Gavenman Decl., Ex. C at pp. 17-18; Ex. D at pp. 22-23. Critically, in response, Plaintiff never even attempted to argue that she was a New York resident during the relevant time period. Instead, she merely argued that she could bring claims based on New York's anti-discrimination statutes because certain (purportedly) unlawful conduct occurred in New York. *See* Gavenman Decl., Ex. E at pp. 26-27.

Judge Frank subsequently issued his decision and order dismissing Delgado's NYSHRL and NYCHRL claims on January 31, 2025. Judge Frank granted the Campaign's motion to dismiss Plaintiff's claims brought under both statutes, explaining that Plaintiff, as a nonresident of New York City, was required to "plead and prove that the alleged discriminatory conduct had an impact within those respective boundaries." *See* Gavenman Aff., Ex. F[2] at p. 9 (internal citations and quotations omitted). Judge Frank went on to explain:

> Plaintiff argues that simply alleging that an injury occurred in New York City is sufficient. But the First Department has held that allegations that "discriminatory acts and [an] unlawful decision to terminate plaintiff's employment occurred in New York is insufficient to plead impact in New York." *Pakniat v. Moor*, 192 A.D.3d 596, 597 (1st Dept. 2021); *see also Jarusauskaite v. Almod Diamonds, Ltd.*, 198 A.D.3d 458, 459 (1st Dept. 2021) (holding that "the fact that the alleged discriminatory acts occurred in New York is insufficient to plead impact in New York"). Because Plaintiff has

---

[2] Although the court's analysis on the NYC Human Rights Law claim is contained in the order on Mr. Miller's motion to dismiss, the court adopted that reasoning in dismissing that claim against the Campaign. *See* Gavenman Decl., Ex. A at pp. 2-3, 7.

> failed to properly allege impact in New York, as a non resident there
> is no standing to bring these claims and they must be dismissed in
> their entirety.

*Id.*

## ARGUMENT

### I.    Legal Standard

"Under Rule 12(h)(3) of the Federal Rules of Civil Procedure, a court must dismiss an action '[i]f the court determines at any time that it lacks subject-matter jurisdiction.'" *Omoniyi v. Department of Homeland Sec.*, 2012 WL 892197, at *4 (S.D.N.Y. Mar. 13, 2012) (quoting FRCP 12(h)(3)). "Motions brought pursuant to Rule 12(h)(3) are subject to the same standards as motions to dismiss for lack of subject-matter jurisdiction brought pursuant to Federal Rule of Civil Procedure 12(b)(1), except that the former may be asserted at any time and need not be responsive to a pleading." *Id.* (citations omitted).

"A case is properly dismissed for lack of subject matter jurisdiction under Rule 12(b)(1) when the district court lacks the statutory or constitutional power to adjudicate it." *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000). "A plaintiff asserting subject matter jurisdiction has the burden of proving by a preponderance of the evidence that it exists." *Id.* In considering a motion to dismiss pursuant for lack of subject matter jurisdiction, a court "generally must accept the material factual allegations in the complaint as true," but "does not . . . draw all reasonable inferences in the plaintiff's favor." *S.E.C. v. Rorech*, 673 F.Supp.2d 217, 221 (S.D.N.Y. 2009). "The plaintiff bears the burden of proving subject matter jurisdiction by a preponderance of the evidence." *Aurecchione v. Schoolman Transp. Sys., Inc.*, 426 F.3d 635, 638 (2d Cir. 2005). Unlike a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), in adjudicating a motion to dismiss for lack of subject matter jurisdiction, a court may also consider evidence extrinsic to the pleadings. *See Phifer v. City of New York*, 289 F.3d 49, 55 (2d Cir. 2002). Importantly, a court may also "take

judicial notice of pleadings filed in other cases in deciding a motion to dismiss without converting

that motion into a motion for summary judgment." *Ndremizara v. Swiss Re Am. Holding Corp.*,

93 F.Supp.3d 301, 313 n.7 (S.D.N.Y. 2015) (citing *Rothman v. Gregor*, 220 F.3d 81, 92 (2d Cir.

2000)).

It is also axiomatic that "[o]bjections to subject-matter jurisdiction . . . may be raised at any

time," including after trial. *Henderson ex rel. Henderson v. Shinseki*, 562 U.S. 428, 434 (2011).

Indeed, a lack of subject matter jurisdiction is a defense that can be asserted at any time.  The

Supreme Court has gone so far as to explain that, "a party may raise such an objection even if the

party had previously acknowledged the trial court's jurisdiction." *Id.* at 435; *see also Mahmoud v.*

*United States*, 2021 WL 1700656, at *1 (W.D.N.Y. Apr. 6, 2021) ("Under Fed. R. Civ. P. 12(h)(3),

a party may bring a motion challenging the federal court's subject matter jurisdiction at any

time.").

Accordingly, "[i]t is never too late in the progression of an action for a motion to dismiss

for lack of subject matter jurisdiction under Fed. R. Civ. P. 12(h)(3) and Fed. R. Civ. P. 12(b)(1)."

*Hu v. Skadden, Arps, Slate, Meagher & Flom LLP*, 76 F.Supp.2d 476, 478 (S.D.N.Y. 1999)

(granting 12(h)(3) motion to dismiss in case that had been pending for two years and finding that

"plaintiff's protest regarding the timing of this motion on the eve of trial is unavailing."); *see also*

*U.S. v. Bond*, 762 F.3d 255, 263 (2d Cir. 2014) (ordering dismissal of case after subject matter

jurisdiction was raised on appeal because "it has been the rule since nearly the inception of our

republic that subject matter jurisdiction may be raised any time.") (citation omitted).

## I.    Plaintiff Does not have Standing to Assert Claims Under the NYSHRL or the NYCHRL

The Court of Appeals has explained: "it is clear from the [NYCHRL's] language that its

protections are afforded only to those who inhabit or are 'persons in' the City of New York."

6

*Hoffman v. Parade Publs.*, 15 N.Y.3d 285, 289 (2010). Indeed, "[t]he intent of [the] NYSHRL is to protect those who live or work within New York State[.]" *Pedroza v. Ralph Lauren Corp.*, No. 19-cv-08639(ER), 2020 WL 4273988, at *2-5 (S.D.N.Y. July 23, 2020) (dismissing NYCHRL and NYSHRL claims of New Jersey resident). Similarly, "[t]he NYCHRL covers only those who inhabit or are persons within New York City, including those who work in the city."); *Shiber v. Centerview Partners LLC*, 21 Civ. 3649 (ER), 2022 WL 1173433, at *3-4 (S.D.N.Y. Apr. 20, 2022) (holding that where the plaintiff "at all relevant times worked from her home in New Jersey and because she cannot demonstrate an impact in New York City or New York State, her NYCHRL and NYSHRL claims must be dismissed.").

As a result, courts have held that New York courts do not have subject matter jurisdiction over claims under the NYSHRL and/or the NYCHRL brought by non-resident plaintiffs unless they can demonstrate an impact in New York. *See Kraiem v. JonesTrading Institutional Services LLC*, 492 F.Supp.3d 184, 195 (S.D.N.Y. 2020) ("New York State courts lack subject matter jurisdiction over claims brought under the NYCHRL and the NYSHRL by a non-resident plaintiff, when the alleged discriminatory conduct did not have an 'impact' on the plaintiff within New York City (regarding the NYCHRL) and within New York State (regarding the NYSHRL)"); *see also Doner-Hendrick v. New York Institute of Technology*, 2011 WL 2652460, at *8 (S.D.N.Y. July 6, 2011) (granting motion to dismiss the plaintiff's NYSHRL claims after finding that "plaintiff makes no factual allegations to support a reasonable inference that NYIT's allegedly discriminatory behavior had a relevant impact in New York").

### A.    Plaintiff Was Not a Resident of New York State or New York City During the Relevant Time Period

Plaintiff has never alleged that she was a resident of the state or city of New York during the time period that gave rise to her claims in this case. *See* ECF No. 94. The Amended Complaint

states that "Plaintiff is an individual woman residing in Miami, Florida." *Id*. at ¶6  Plaintiff's response to the Campaign's motion to dismiss in the New York State Action confirms that she cannot truthfully allege residency in New York during the relevant time period in this case as she never disputed her lack of New York residency.  *See* Gavenman Decl., Ex. E.  As such, Plaintiff cannot avail herself of the protections afforded by the NYSHRL or the NYCHRL based on any purported residence in New York State or New York City.  *See Fried v. LVI Servs., Inc.*, 500 F. App'x 39, 42 (2d Cir. 2012) (affirming dismissal of a NYCHRL claim where the plaintiff lived and worked in Connecticut even though she attended meetings and communicated frequently with colleagues in New York City); *Wolf v. Imus*, 170 A.D.3d 563, 564 (1st Dept 2019) ("Supreme Court properly dismissed…City and State Human Rights Law[] [claims], because the impact on plaintiff from the termination of his employment occurred in Florida, where he lived and worked."); *Troeger v. JetBlue Airways Corp.*, No. 23-CV-10859 (JPO), 2024 WL 5146185, at *8 (S.D.N.Y. Dec. 17, 2024) (granting partial dismissal of NYSHRL and NYCHRL claims "[b]ecause the Second Amended Complaint does not make a plausible, uncontroverted allegation that Troeger resided in New York after his transfer to Fort Lauderdale in April 2022").

### B.    The Impact of the Alleged Conduct did Not Occur within New York City or New York State

In order for a non-resident of New York to bring claims under the NYSHRL or the NYCHRL, the plaintiff must demonstrate "that the alleged discriminatory and retaliatory conduct had an impact within the City or State." *Dittes v. Chargeafter USA, Inc.*, 2025 WL 1984273, at *4 (S.D.N.Y. July 17, 2025) (holding that "[b]ecause Plaintiff has not plausibly alleged that the discriminatory and retaliatory conduct she alleges had an impact on her within New York" she had "failed to allege facts that affirmatively and plausibly suggest that that jurisdiction exists.") (internal quotations omitted).  Moreover, even if Plaintiff could allege that any adverse

employment decision was made in New York – which she cannot – she would still be unable to bring claims under New York's anti-discrimination statutes. As the Court of Appeals has explained:

> The Appellate Division's rule that a plaintiff need only plead and prove that the employer's decision to terminate was made in the city is impractical, would lead to inconsistent and arbitrary results, and expands NYCHRL protections to nonresidents who have, at most, tangential contacts with the city. Indeed, the permutations of such a rule are endless, and, although the locus of the decision to terminate may be a factor to consider, the success or failure of an NYCHRL claim should not be solely dependent on something as arbitrary as where the termination decision was made. In contrast, the impact requirement is relatively simple for courts to apply and litigants to follow, leads to predictable results, and ***confines the protections of the NYCHRL to those who are meant to be protected—those who work in the city***.

*Hoffman*, 15 N.Y.3d at 290-91 (emphasis added). As such, the plaintiff must demonstrate that decision impacted her rights in New York City.

The impact analysis has been explained by courts as being favored because it is "'simple for courts to apply and litigants to follow, lead[ing] to predictable results,' and not necessarily to engage in a fact intensive analysis of all the plaintiff's ties to New York City." *Shiber*, 2022 WL 1173433 at *3 (quoting *Fried v. LVI Servs., Inc.,* 500 F. App'x 39, 42 (2d Cir. 2012)). For purposes of the impact analysis, "a non-resident plaintiff's occasional meetings in or travel to the city are tangential and do not satisfy the impact requirement." *Shiber*, 2022 WL 1173433 at *3 (*quoting Hoffman*, 933 N.E.2d at 748). In other words, a non-resident plaintiff only has a claim under the NYSHRL or the NYCHRL where the impact of the alleged discriminatory act was felt by the plaintiff in New York State and/or New York City respectively. *Id.; see also Pakniat v. Moor*, 192 A.D.3d 596, 596-97 (1st Dep't 2021) (rejecting the plaintiff's argument that the rise of remote

working arrangements resulting from the COVID 19 pandemic expands the scope of the impact analysis to reach employees who are not physically located in New York City).

In order to demonstrate that an employment decision had an impact in New York, the plaintiff must demonstrate that it "had any impact on the terms, conditions or extent of her employment . . . within the boundaries of New York." *Hardwick v. Auriemma*, 116 A.D.3d 465, 467 (1st Dep't 2014). To satisfy the impact analysis, courts have required that a non-resident be present in New York City at the time the alleged discriminatory act occurred. *See Benham v. eCommission Sols., LLC,* 118 A.D.3d 605, 606 (1ˢᵗ Dept 2014) ("Whether New York courts have subject matter jurisdiction over a nonresident plaintiff's claims under the HRLs turns primarily on her physical location at the time of the alleged discriminatory acts"); *Trotter v. Nat'l Football League*, 737 F.Supp.3d 172, 192 (S.D.N.Y. 2024) (dismissing complaint where the plaintiff did not identify "any discriminatory conduct that occurred while Trotter ***was in*** New York") (emphasis added).

Here, Plaintiff cannot make such a showing. There is no evidence that she resided in New York during the relevant time period, nor was she located in New York during the adverse actions that give rise to her claims under the anti-discrimination statutes. After the election - which took place nearly two months prior to the purported discrimination and retaliation (*see* Am. Compl., ¶¶ 44-59) - Plaintiff returned to Florida. *See* Ex. G at 152. While she occasionally returned to New York, there is no dispute that she lived in Florida during this time period. As Plaintiff testified, as of January 2017, "Because I wasn't given any work, I think I was physically in Florida." *Id.* at 269; *see also id.* at 267-268 (wherein Plaintiff testified that her learned that she was not invited to the inauguration "on my laptop in my kitchen").

Moreover, as to the specific acts of discrimination and retaliation alleged, it is clear that Plaintiff was not present in New York during the relevant time period.  With regards to Plaintiff's claims that she was purportedly marginalized by the Campaign upon disclosure of her pregnancy, she herself admits that no one, including Mr. Spicer, ever told her that she would not be getting work in the period from late December 2016 through January 2017 that is relevant to this aspect of her claim.  *Id.* at 264-265.  Thus, Plaintiff cannot claim that she was in New York when this decision was made[3] or even when it was communicated to her.  That Plaintiff cannot present any evidence as to when this decision was made, or by whom, is fatal to any potential argument that she may have that she was in New York when it was made.  Consequently, because Plaintiff cannot claim that she was in New York when this conduct occurred – insofar as it was never communicated to her at all – she cannot claim that this conduct had an "impact" in New York.

Plaintiff's claim that her consultancy with the Campaign or the Transition Team was terminated suffers from the same fatal flaw.  There is no evidence in the record as to when that decision – to the extent that it was a decision at all (*see* n. 4) – was made.  To the extent that any purported termination occurred as of the date of the inauguration in January 2017, Plaintiff has testified that she was in Florida during this time period.  *See* Ex. G at 269 ("Because I wasn't given any work, I think I was physically in Florida").  Thus, Plaintiff cannot claim that she was in New York when it occurred, and she cannot therefore establish the requisite impact necessary to sustain subject matter jurisdiction over claims under the NYSHRL and the NYCHRL based on the termination of her consultancy with the Campaign or the Transition Team.

---

[3] This is assuming, *arguendo* that any such "decision" was made at all.  There is no evidence that anyone made an affirmative decision to deny Plaintiff work, much less that they were motivated by an unlawful animus, rather than Plaintiff's lack of new assignments being a function of the fact that, by late December 2016, the Campaign was over and its remaining employees were transitioning to join the White House, as Defendants have maintained.

Similarly, Plaintiff was never told that her name was removed from organizational charts for a White House position, and she similarly cannot claim that she was in New York when this decision was made. *Id.* at 228. Indeed, to the extent that Plaintiff is claiming that the decision not to hire her for a role in the White House was discriminatory and/or retaliatory at all, it is impossible to see how that decision could have even had any conceivable impact in New York. The position itself was located in Washington D.C. and there is no nexus whatsoever between the position and New York State or City. There is simply no connection whatsoever between this decision, or this role for that matter, and New York State or New York City, much less a sufficient connection to warrant a finding of impact to warrant subject matter jurisdiction. *See King v. Aramark Services, Inc.*, 96 F.4th 546, 556-57 (2d Cir. 2024) (dismissing NYSHRL claim where plaintiff was given an office in Virginia and hired to oversee the defendant's facilities in Virginia and West Virginia, even though she did some work remotely out of her New York home office).

Finally, Plaintiff's retaliation claim premised on the Campaign's decision to institute an arbitration action against her also unquestionably had no impact in New York. The Arbitration was filed in July 2017, at a time when Plaintiff was indisputably no longer working for the Campaign, and was no longer in New York for any employment related reason. Plaintiff was instead residing in Florida, as a Florida resident, as she has throughout the time period during which this arbitration proceeded. Once again, Plaintiff's inability to demonstrate that the arbitration had an impact in New York State or New York City is fatal to her ability to sustain claims under the NYSHRL and the NYCHRL.

Plaintiff may argue that she occasionally visited New York as part of her work with the Campaign, but that has no bearing on the impact analysis required under the state and city anti-discrimination laws. As discussed above, to litigate such claims under the anti-discrimination

laws, Plaintiff must do more than demonstrate that her work responsibilities required her to travel to New York. Rather, she must allege that the specific conduct that forms the basis for her claim occurred while she in New York. Mere business-related travel is legally insufficient. *Pedroza*, 2020 WL 4273988, at *2 ("Courts have repeatedly held that a non-resident plaintiff's occasional meetings in or travel to the City are tangential and do not satisfy the impact requirement."); *see also E.E.O.C. v. Bloomberg L.P.*, 967 F. Supp. 2d 816, 865 (S.D.N.Y. 2013) ("[B]oth the New York Court of Appeals and the Court of Appeals for the Second Circuit have held that the impact requirement is not satisfied simply by pointing to frequent communication with a managing office in New York City and meetings there regarding local projects."); *see also Kingston v. Int'l Bus. Machines Corp.*, 135 N.Y.S.3d 9, 10 (1st Dep't 2020) (finding non-resident plaintiff's pleadings that he "reported to managers based in New York, served clients mostly based in New York, and travelled to New York State and City two to three times a year" insufficient to establish subject matter jurisdiction over NYSHRL and NYCHRL claims).

Similarly, to the extent that Plaintiff argues that the Campaign is subject to the NYSHRL or the NYCHRL because it was headquartered or had offices in New York City, the law is also clear that such facts are immaterial in determining whether the conduct at issue had sufficient impact in New York State or New York City such that it would give rise to subject matter jurisdiction in this case. *See Hoffman*, 15 N.Y.3d at 288 (NYSHRL and NYCHRL do not reach a wrongful termination suit where the plaintiff lived in Atlanta, even where he alleged "he attended quarterly meetings in New York City, that the [organization] was managed from—and all corporate contracts were negotiated through—the New York City office, and that defendants' decision to terminate him was made and executed in New York City.'"); *see also Hardwick*, 116 A.D.3d at 467 (1st Dep't 2014) (affirming dismissal of NYSHRL and NYCHRL claims because "[e]ven if the

decision to modify her assignment was made within the City's boundaries,…Plaintiff makes no claim that…the reduction in her duties at the London Olympics…had any impact…within the boundaries of New York."); *Fried v. LVI Services, Inc.*, No. 10-cv-9308(JSR), 2011 WL 4633985, at *13 (S.D.N.Y. Oct. 4, 2011) (noting that to sustain an NYCHRL claim it was insufficient to merely allege the corporate defendant had its headquarters in New York City).

## CONCLUSION

For the foregoing reasons, Defendants respectfully request this Court dismiss Plaintiff's claims under the NYSHRL and the NYCHRL for lack of subject matter jurisdiction pursuant to FRPC 12(b)(h)(3) with prejudice.

Dated: October 21, 2025
      New York, New York

                             **SCHULMAN BHATTACHARYA, LLC**

               By:    /s/  Jeffrey S. Gavenman
                          Jeffrey S. Gavenman
                          6116 Executive Boulevard, Suite 425
                          North Bethesda, Maryland 20852
                          Tel.: (240) 356-8550
                          Facsimile: (240) 356-8558
                          Email: jgavenman@schulmanbh.com

14

## **CERTIFICATE OF COMPLIANCE**

I hereby certify that this motion complies with the type-volume limitation of this Court's Individual Rules of Practice III(D) because it contains 4,565 words, excluding the parts exempted by this Court's Individual Rules of Practice and the Local Rules of the Southern District of New York.

Dated: October 21, 2025                    Respectfully submitted,

                                         */s/ Jeffrey S. Gavenman*
                                         Jeffrey S. Gavenman

                                         *Counsel for Defendants*