IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

ARLENE J. DELGADO,

        Plaintiff,

v.

DONALD J. TRUMP FOR PRESIDENT, INC.,
   *et al*.,

        Defendants.

Case No. 19-cv-11764 (AT) (KHP)

**DEFENDANTS' MEMORANDUM OF LAW IN OPPOSITION TO
PLAINTIFF'S MOTION FOR RECONSIDERATION DENYING HER MOTION
FOR PARTIAL SUMMARY JUDGMENT ON PLAINTIFF'S RETALIATION CLAIM**

Jeffrey S. Gavenman
Jeremy W. Schulman
Schulman Bhattacharya, LLC
6116 Executive Boulevard, Suite 425
North Bethesda, Maryland 20852
Telephone: (240) 356-8550

*Counsel for Defendants Donald J. Trump for President, Inc.
Reince Priebus, and Sean Spicer*

Defendant Donald J. Trump for President, Inc. (the "Campaign") respectfully submits this memorandum of law in opposition to Plaintiff Arlene Delgado's ("Plaintiff" or "Delgado") motion for partial reconsideration (ECF No. 559, "Plaintiff's Motion") of the Court's September 11, 2025 decision and order (the "Order"). Plaintiff's Motion challenges the Order to the extent that it denied Plaintiff's motion for summary judgment as to Plaintiff's claim for retaliation based on the Campaign's decision to file an arbitration action (the "Arbitration") against Plaintiff. *See* ECF No. 559.

## PRELIMINARY STATEMENT

Plaintiff's Motion suffers from the same fundamental defect as her other motion for reconsideration ("Plaintiff's First Motion for Reconsideration"). In both, Plaintiff argues that the Court erred when it denied summary judgment to Plaintiff on the portion of her New York State Human Rights Law and New York City Human Rights Law retaliation claims based on the Campaign's decision to file the Arbitration (the "Arbitration Claim"). However, both motions are premised upon Plaintiff's mischaracterization of the evidence. As it relates to Plaintiff's Motion, Plaintiff seeks reconsideration of the Court's decision to deny summary judgment on her Arbitration Claim based, in part, on the Campaign's belief that Plaintiff "would file a complaint with the NYCCHHR [that] violated the NDA." ECF No. 546 at p. 6. According to Plaintiff's Motion, this statement should never have been credited by the Court because "the *only* reason listed in the AAA filing was … Delgado's tweets." ECF No. 559 at p. 3 (emphasis in original). In support of this argument, Plaintiff's Motion cites to the administrative paperwork that the Campaign filed as part of the arbitration, which, she (wrongly) contends, admitted that the only reason that the Campaign filed the Arbitration was because of the tweets that Plaintiff sent on December 22, 2016 and December 24, 2016 (the "Tweets").

1

Unfortunately for Plaintiff's argument, she flatly mischaracterizes what is stated in the Campaign's paperwork. Plaintiff then uses this mischaracterization of the paperwork to argue that, because the Campaign (purportedly) did not cite the complaint that she intended to file with the New York City Commission on Human Rights (the "NYCCHR"), the Campaign's attempt to use that as a justification for instituting the Arbitration in this case should not have been credited.

However, Plaintiff's argument is entirely undermined by the undisputed evidence in the record. Contrary to Plaintiff's assertion, the initial documents filed when the Arbitration was instituted do, in fact, clearly identify the threatened complaint with the NYCCHR as one of the bases for the filing of the Arbitration. The Court correctly recognized as much, noting that the Campaign's initial filing in the Arbitration alleged that the Arbitration was brought because of both the Tweets that Plaintiff published and because Plaintiff had informed the Campaign of her intention to file a public complaint with the NYCHRR in which Plaintiff threatened to divulge confidential and/or embarrassing information about the Campaign that was not necessary to prosecute her claims. Thus, the Campaign has been clear since the very first day that it filed the Arbitration on July 28, 2017, that the Arbitration had been filed because Plaintiff had violated her nondisclosure agreement (the "NDA") in the past (by publishing the Tweets) and was threatening to violate her NDA in the future (by publicly filing the NYCHRR Complaint). These non-retaliatory bases for the Campaign's decision to institute the Arbitration amply support the Order denying Plaintiff's motion for summary judgment as to the Arbitration Claim. Therefore, Plaintiff's Motion should therefore be denied in its entirety.

## ARGUMENT

I. **LEGAL STANDARD**

As this Court has previously recognized, "[r]econsideration of a previous order by the court is an extraordinary remedy to be employed sparingly." ECF No. 546 at p. 31 (quoting *In re Beacon Assocs. Litig.,* 818 F. Supp. 2d 697, 701 (S.D.N.Y. 2011)). As this Court has also explained, "the standard for granting such a motion is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *LCS Grp., LLC v. Shire LLC*, No. 18-cv-2688(AT)(SDA), 2020 WL 5077075, at *1 (S.D.N.Y. Aug. 27, 2020) (quoting *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995)). In short, "[a] motion for reconsideration is neither an opportunity to advance new facts or arguments nor to reiterate arguments that were previously rejected. . . Rather, the sole function of a proper motion for reconsideration is to call to the Court's attention dispositive facts or controlling authority that were plainly presented in the prior proceedings but were somehow overlooked in the Court's decision: in other words, an obvious and glaring mistake." *Goldner v. Edwards*, No. 20-cv-2764(AT), 2020 WL 1812740, at *1 (S.D.N.Y. Apr. 9, 2020) (internal citations and quotations omitted).

II. **PLAINTIFF IS NOT ENTITLED TO RECONSIDERATION OF THE ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGEMENT AS TO THE ARBITRATION CLAIM.**

Plaintiff's Motion should be denied insofar as she has not identified any dispositive facts or controlling legal authority that the Court refused to consider in denying Plaintiff's motion for summary judgment as to the Arbitration Claim. Instead, Plaintiff's Motion contends that the Court erred by allowing the Campaign to argue that it initially instituted the Arbitration based on its belief that Plaintiff had violated her NDA with the Campaign by publicly filing the Tweets and by threatening to file a complaint with the NYCCHR that disclosed confidential and/or sensitive

3

information that was not necessary to the filing of her claims. Specifically, as the Declaration of Michael Glassner (the "Glassner Declaration") explained:

> In or around March 2017, I learned that former Campaign consultant Arlene Delgado intended to file a lawsuit against the Campaign that threatened to reveal confidential information concerning the Campaign that was not necessary to pursue her legal claims, the purpose of which was to embarrass the Campaign and to obtain publicity at the Campaign's expense. The Campaign also believed that Ms. Delgado would not be willing to take necessary and simple steps to balance her unquestioned right to file claims against the Campaign with her confidentiality responsibilities pursuant to her NDA, such as by filing any potential legal filings under seal.

*See* ECF No. 438 at ¶ 10.

According to Plaintiff, the Court should have rejected the Campaign's explanation as to its non-retaliatory bases for filing the Arbitration because, she claims, the Campaign had never previously cited her threatened complaint with the NYCCHR as a reason for the Arbitration. *See* ECF No. 559 at p. 5 ("Unfortunately for the Campaign, however, the AAA filing says nothing about threatened lawsuits by Delgado, as the reason" for filing the Arbitration).

Contrary to what Plaintiff's Motion argues, however, the initial documents filed when the Arbitration was instituted do, in fact, clearly identify the threatened complaint with the NYCCHR as one of the bases for the filing of the Arbitration. As the July 28, 2017, filing states:

> [Plaintiff] breached confidentiality and non-disparagement obligations contained in a written agreement (the "NDA") she executed in connection with her retention as an independent contractor by claimant Donald J. Trump for President, Inc. Among other things, she breached her obligations by publishing confidential information in a series of Twitter posts on December 22 and 24, 2016. ***She has also threatened to file a public complaint containing similar and further confidential information and disparaging statements with the New York City Commission on Human Rights ("NYCCHR")***.

ECF No. 556-7 at p. 30 (emphasis added). While the Campaign later amended its claims in the Arbitration on August 2, 2017, it did so only *after* Plaintiff agreed that she would file any claim

4

with the NYCCHR under seal. *See* ECF No. 515 at ¶56. However, the Glassner Declaration indisputably cites to both the Tweets and Plaintiff's threatened public complaint with the NYCCHR in accurately explaining why the Campaign made the initial decision to file the Arbitration. *See* ECF No. 438 at ¶¶10-11. Moreover, contrary to what Plaintiff's Motion argues, the reasons contained in the Glassner Declaration are entirely in accord with the Campaign's initial administerial filing that merely required the Campaign to "briefly describe" the bases for the institution of the Arbitration. Taken together, both documents paint a consistent picture of the Campaign's non-retaliatory bases underlying its decision to institute the Arbitration in the first instance.

Plaintiff's Motion is particularly confounding as it is clear from the Order that, contrary to what Plaintiff argues, the Court never "overlooked that there were not two grounds for the Arbitration Action." ECF No. 559 at p. 6. Instead, the Court explicitly considered the sequence of events and properly recognized that the Campaign had, in fact, always contended that it instituted the Arbitration because of both the Tweets and Plaintiff's threatened public NYCCHR complaint. As set forth in the Order, on July 28, 2017:

> the Campaign filed an arbitration demand against Delgado with the American Arbitration Association ("AAA") for $1.5 million, alleging that her December 2016 tweets and her suggestion that she would file a complaint with the NYCCHR violated the NDA . . . About a month later, after Delgado agreed to file her NYCCHR complaint under seal, the Campaign amended its arbitration demand by removing the reference to Delgado's threatened NYCCHR action

ECF No. 546 at p. 6 (cleaned up and internal citations omitted).

In light of these facts, the Court denied Plaintiff's motion for summary judgment as to the Arbitration Claim, explaining "as Defendants note, the Campaign may have had non-retaliatory

5

reasons for bringing claims against Delgado, including a belief that Delgado actually violated or was about to violate the NDA." ECF No. 546 at p. 23.

Having failed to identify any facts or legal authority warranting reconsideration of the Order due to the Court's consideration of Plaintiff's threatened NYCCHR complaint, Plaintiff next turns to the Tweets themselves. There, Plaintiff argues that Mr. Glassner's Declaration is contradicted by other filings from the Arbitration itself, rather than any evidence adduced during discovery in this case. ECF No. 559 at p. 6. However, as explained in Defendants' opposition to Plaintiff's First Motion for Reconsideration, none of these supposed contradictions are contradictions at all. *See* ECF No. 564. Instead, Mr. Glassner's statements, in both the Glassner Declaration in this case, as well as in the declaration he submitted in the Arbitration, are indisputably consistent with one another insofar as they discuss two different sets of tweets that Plaintiff sent at two different times. *Id.* at pp. 4-7. Similarly, the statements by Mr. Spicer in his own declaration in the Arbitration and by the Campaign's former lawyers in the Arbitration are wholly irrelevant, as they are not evidence about the Campaign's reasoning for instituting the Arbitration. ECF No. 564 at pp. 8-9. The only relevant evidence on that point is contained in the Glassner Declaration and in his testimony in this case.

It bears noting that the only reason that Plaintiff has been forced to cite to statements made in the context of the Arbitration, rather than in this case during discovery, is that Plaintiff failed to adduce any discovery during the discovery period about the Campaign's reasons for instituting the Arbitration. Despite having ample opportunity to do so, Plaintiff did not ask a single deponent about the Campaign's basis for instituting the Arbitration, nor did propound interrogatories on that point. *See* ECF No. 381 at p. 3 (wherein Judge Parker denied Plaintiff's motion to reopen discovery to depose Mr. Glassner and noted that "she took a Rule 30(b)(6) deposition during which

6

she could have explored information about commencement of the arbitration" and failed to do so). Having made the tactical decision not to inquire about this decision during discovery, Plaintiff is evidently asking the Court to reconsider granting her summary judgment on the Arbitration Claim based on nothing more than her gross mischaracterizations of the evidence and out of context statements made by third parties. However, as explained herein, Plaintiff has failed to point to any facts or controlling authority that his Court overlooked, fatally undermining Plaintiff's Motion.

### III. PLAINTIFF'S MOTION SHOULD BE STRICKEN FOR FAILING TO COMPLY WITH THE LOCAL RULES AND THIS COURT'S INDIVIDUAL RULES OF PRACTICE.

Separately, both Plaintiff's Motion and Plaintiff's First Motion for Reconsideration (*see* ECF No. 558), should each be denied because of her failure to abide by the Local Rules of the Southern District of New York (the "Local Rules") and this Court's Individual Practices in *Pro Se* Cases (the "Individual Rules"). Specifically, the Local Rules and the Court's Individual Rules both limit briefs in support of motions for reconsideration to 3,500 words. *See* Local Rule 6.3; Individual Rule IV(D). Plaintiff has attempted to circumvent the word limits by impermissibly filing two motions for reconsideration of a single order, even though the Local Rules only contemplate a single motion for reconsideration being filed for any particular order. *See* Local Rule 6.3 ("a notice of motion for reconsideration must be served within 14 days after the entry of the court's order being challenged"). Indeed, the Court also clearly indicated that Plaintiff was allowed to file a single motion for reconsideration as to the Order. *See* ECF No. 555 ("Plaintiff shall file her ***motion*** for reconsideration by October 16, 2025") (emphasis added). Yet, Plaintiff filed two motions for reconsideration in a transparent attempt to avoid the word limits imposed by the Local Rules and this Court's Individual Rules. Such is further evidenced by the fact that Plaintiff attempts to "incorporate[]" Plaintiff's motion for reconsideration of the portion of the Order

7

denying Plaintiff's motion to strike the Glassner Declaration into Plaintiff's Motion. *See* ECF No. 559 at p. 4.

Moreover, it is impossible to determine whether either of Plaintiff's motions for reconsideration complied with the word limits imposed by the Local Rules and the Individual Rules because Plaintiff also failed to include the certificate of compliance those rules require. *See* Local Rule 6.3 ("If a brief is filed by an attorney or prepared with a computer, the party must also provide a certificate of compliance as required by Local Civil Rule 7.1(c)"); Individual Rule IV(D) ("If a brief is prepared with a computer, it must include a certificate by the attorney or the party who is not represented by an attorney that the document complies with the word-count limits set forth above").

Nor can Plaintiff excuse her failure to comply with the Local Rules by claiming that she was ignorant of their requirements. First, although *pro se* in this matter, Plaintiff is an attorney who should understand what the rules require. Second, this is not the first time that Defendants have pointed out that Plaintiff has exceeded the word limits on a motion for reconsideration and failed to include the proper certification. *See* ECF No. 536 at pp. 2-3. Plaintiff should not be permitted to continually ignore the rules that apply to all litigants that appear before the Court and her motions for reconsideration concerning the Order should both be denied in their entirety for that reason alone.

## CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Court deny Plaintiff's Motion in its entirety.

Dated: October 23, 2025

                                      **SCHULMAN BHATTACHARYA, LLC**

By:  /s/ Jeffrey Gavenman
       Jeffrey S. Gavenman
       Jeremy W. Schulman
       6116 Executive Boulevard, Suite 425
       North Bethesda, Maryland 20852
       Tel.: (240) 356-8553
       Facsimile: (240) 356-8558
       Email: jgavenman@schulmanbh.com
               jschulman@schulmanbh.com

**CERTIFICATE OF COMPLIANCE**

I hereby certify that this motion complies with the type-volume limitation of this Court's Individual Rules of Practice III(D) because it contains 2,517 words, excluding the parts exempted by this Court's Individual Rules of Practice and the Local Rules of the Southern District of New York.

Dated: October 23, 2025                                  Respectfully submitted,

/s/ Jeffrey S. Gavenman
Jeffrey S. Gavenman

*Counsel for Defendants*