**SCHULMANBHATTACHARYA**   6116 Executive Boulevard, Suite 425, North Bethesda, Maryland 20852 240.356.8551

**JEFFREY S. GAVENMAN**
direct dial 240.356.8553   email jgavenman@schulmanbh.com

November 21, 2025

**VIA EMAIL**

The Honorable Analisa Torres
United States District Court
500 Pearl Street
New York, NY 10007

**Re:    *Delgado v. Donald J. Trump for President, Inc., et. al.* No. 19-cv-11764 (AT)(KHP)**

Dear Judge Torres:

We write respectfully on behalf of Defendants Donald J. Trump for President, Inc. (the "Campaign"), Sean Spicer, and Reince Priebus (together "Defendants") in the above-captioned case in response to the letter filed by Plaintiff Arlene Delgado's ("Plaintiff") counsel on November 19, 2025 (ECF No. 573 ("Plaintiff's Letter")). Plaintiff's Letter asks the Court to strike Defendants' reply papers that were submitted in support of Defendants' motion for reconsideration of the Court's decision and order denying aspects of Defendants' motion for summary judgment ("Defendants' Motion"). Plaintiff's Letter argues that the Court did not intend to permit Defendants to file reply papers in connection with Defendants' Motion, but there is simply no support for Plaintiff's position.

Under Rule IV(A) of the Court's Individual Practices in *Pro Se* Cases,[1] "Unless otherwise ordered by the Court, papers filed in opposition to a motion must be served and filed within four weeks of service of the motion papers, and reply papers, if any, must be served and filed within two weeks of receipt of opposition papers." In this case, the Court's October 2, 2025 Order merely set a date for Plaintiff's opposition papers to Defendants' Motion. *See* ECF No. 555. It notably did not, however, indicate that Defendants could not, or should not, file the reply papers explicitly permitted under the Court's Individual Practices in *Pro Se* Cases.[2] Absent any such language demonstrating that the Court would not permit Defendants to file reply papers in connection with Defendants' Motion, Defendants, relying on the Court's Individual Practices in *Pro Se* Cases, properly filed their reply in a timely fashion. Plaintiff has not demonstrated any basis to strike

---

[1]    Notably, counsel for Plaintiff did not enter his notice of appearance until October 26, 2025 (ECF No. 566), so Plaintiff was still *pro se* at the time of the October 2, 2025 Order and on October 16, 2025, when Plaintiff filed her opposition to Defendants' Motion.

[2]    Importantly, on previous occasions in this case where the parties were not permitted to file reply papers, the relevant scheduling orders issued by Judge Parker explicitly stated as much. *See* ECF No. 312 at pp. 11-12 ("No reply is permitted"); ECF No. 330 at p. 2 ("No reply brief permitted").

**SCHULMANBHATTACHARYA**

Page | 2

these reply papers and the relief she seeks should be denied in its entirety.[3] Indeed, it would not serve the ends of justice to have the Court ignore the important arguments and case law discussed by Defendants in their reply. That the reply is a powerful rebuttal to Plaintiff's opposition is underscored by Plaintiff's request to have the Court strike such reply.

We thank the Court for its attention to this matter.

Respectfully submitted,

/s/ Jeffrey S. Gavenman
Jeffrey S. Gavenman

---

[3] To the extent that Plaintiff is claiming that she was prejudiced because she did not file reply papers in connection with her own motions for reconsideration, we will note that Plaintiff's counsel entered his notice of appearance three days after Defendants submitted their oppositions to Plaintiff's motions for reconsideration. If there was some confusion on Plaintiff's part as to whether reply papers were permitted, she could have sought clarification from the Court. She chose not to do so, and her failure cannot constitute legitimate prejudice.