```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: __12/12/2025__
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ARLENE DELGADO,

                Plaintiff,

-against-

DONALD J. TRUMP FOR PRESIDENT, INC.,
SEAN SPICER, individually, REINCE PRIEBUS,
individually,

                Defendant.

19 Civ. 11764 (AT)

**ORDER**

ANALISA TORRES, District Judge:

    Plaintiff, Arlene Delgado, brings this action against Defendants, Donald J. Trump for President, Inc., Sean Spicer, and Reince Priebus, alleging that Defendants engaged in gender- and pregnancy-based discrimination against her and then retaliated against her when she spoke out in opposition. *See generally* Am. Compl., ECF No. 94. By order dated September 11, 2025 (the "Order"), the Court denied Delgado's motions (1) for partial summary judgment, (2) to strike a non-party declaration, and (3) for reconsideration of the Court's order denying Delgado leave to amend her complaint. *See generally* SJ Order, ECF No. 546. The Court also partially granted and partially denied Defendants' motions (1) for summary judgment and (2) for permission to file under seal certain documents submitted in connection with their summary judgment motion. *See generally id.*

    Before the Court are the parties' cross motions for reconsideration of the Court's Order. *See* Def. Mot., ECF No. 551; Pl. Mot. I, ECF No. 558; Pl. Mot. II, ECF No. 559; *see also* Def. Mem., ECF No. 552; Pl. Opp., ECF No. 557; Def. Opp. I, ECF No. 564; Def. Opp. II, ECF No. 565; Def. Reply, ECF No. 567; Pl. Reply, ECF No. 577. Also before the Court is Delgado's motion to adjourn the trial date to March 9, 2026, or a time "shortly thereafter." ECF No. 572.

    For the reasons stated below, the motions are DENIED.

## DISCUSSION[1]

I. <u>Legal Standard</u>

"Reconsideration of a previous order by the court is an extraordinary remedy to be employed sparingly." *In re Beacon Assocs. Litig.*, 818 F. Supp. 2d 697, 701 (S.D.N.Y. 2011) (citation omitted). It should be granted "when the [movant] identifies 'an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice.'" *Kolel Beth Yechiel Mechil of Tartikov, Inc. v. YLL Irrevocable Tr.*, 729 F.3d 99, 104 (2d Cir. 2013) (quoting *Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd.*, 956 F.2d 1245, 1255 (2d Cir. 1992)). Only errors that are "direct, obvious, and observable," *Corpac v. Rubin & Rothman, LLC*, 10 F. Supp. 3d 349, 354 (E.D.N.Y. 2013) (citation omitted), or that leave the Court "with the definite and firm conviction that a mistake has been committed," *Anderson v. Bessemer City*, 470 U.S. 564, 573 (1985) (citation omitted), warrant reconsideration.

"A motion for reconsideration is not 'an occasion for repeating old arguments previously rejected nor an opportunity for making new arguments that could have been previously advanced.'" *Mikhaylova v. Bloomingdale's Inc.*, No. 19 Civ. 8927, 2023 WL 2237541, at *1 (S.D.N.Y. Feb. 27, 2023) (quoting *Associated Press v. U.S. Dep't of Def.*, 395 F. Supp. 2d 17, 19 (S.D.N.Y. 2005)). Such a motion is appropriate, however, when "the movant demonstrates that the Court has overlooked controlling decisions or factual matters that were put before it on the underlying motion, and which, had they been considered, might have reasonably altered the result before the [C]ourt." *Regent Ins. Co. v. Storm King Contracting, Inc.*, No. 06 Civ. 2879, 2008 WL 1985763, at *1 (S.D.N.Y. May 7, 2008) (citation omitted).

---

[1] The Court presumes familiarity with the facts alleged in the amended complaint, *see* Am. Compl., ECF No. 94, and repeats them here only as necessary.

II.   Defendants' Motion

Defendants argue that reconsideration of the Order is warranted because the Court overlooked Defendants' assertions that the Campaign did not employ Priebus, that Priebus was not involved in Delgado's employment, and that Priebus did not "harbor any discriminatory animus," when it denied Defendants' motion for summary judgment on Delgado's claims against him for discrimination, retaliation, and tortious interference with economic advantage.  Def. Mem. at 3, 6, 10.  Defendants raised these arguments in their summary judgment briefing, and the Court considered them and rejected them.  *See* Def. SJ Mem. at 7, ECF No. 436; SJ Order at 12–14; Def. Mem. at 2.  On that basis alone, the Court may deny Defendants' motion for reconsideration as it pertains to the materials the Court considered in the Order.  *See Mikhaylova*, 2023 WL 2237541, at *1 ("A motion for reconsideration is not an occasion for repeating old arguments previously rejected" (quotation omitted)).

The arguments also fail on the merits.  Defendants are only entitled to summary judgment if they can establish that there "is no genuine dispute as to any material fact" and that they are "entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247–48 (1986); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322–26 (1986).  A genuine dispute exists "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party."  *Anderson*, 477 U.S. at 248.  Here, viewing the facts "in the light most favorable to [Delgado, and] resolving all ambiguities in her favor," *Borley v. United States*, 22 F.4th 75, 78 (2d Cir. 2021), the Court holds that a reasonable jury could find that Priebus played a role in decisions concerning Delgado's employment.

3

A. Discrimination Claim Against Priebus

First, on Delgado's claims for discrimination under the New York State Human Rights Law ("NYSHRL") and the New York City Human Rights Law ("NYCHRL"), Defendants' arguments for reconsideration fail.

Under the NYSHRL, Priebus may be liable for aiding and abetting discriminatory conduct, even if he was not the ultimate decisionmaker in Delgado's termination. *See McHenry v. Fox News Network, LLC*, 510 F. Supp. 3d 51, 68, 73 (S.D.N.Y. 2020) ("[A] co-worker who actually participates in the conduct giving rise to a discrimination claim can be held liable . . . even though that co-worker lacked authority to either hire or fire the plaintiff." (quotation omitted)). The NYCHRL offers employees "broader protection than its NYSHRL counterpart," *Bilitch v. N.Y.C. Health & Hosps. Corp.*, 194 A.D.3d 999, 1004 (N.Y. App. Div. 2021), and only requires Delgado to show "by a preponderance of the evidence that she has been treated less well than other employees because of her gender [or sexual and reproductive health decisions]," *Mihalik v. Credit Agricole Cheuvreux N. Am., Inc.*, 715 F.3d 102, 110 (2d Cir. 2013) (citation omitted). *See also* N.Y.C. Admin. Code § 8-107(1)(a) (prohibiting both employers and employees from discriminatory conduct); *id.* § 8-107(6) (similarly prohibiting "aid[ing], abet[ting], incit[ing], compel[ling] or coerc[ing] the doing" of discriminatory conduct).

Delgado has adduced evidence that raises a factual dispute as to Priebus' involvement in the alleged discriminatory conduct regarding her termination. A jury could reasonably infer on this record that there was an artificial distinction between the Transition and Campaign teams, negating Defendants' contention that they should be granted summary judgment merely because Priebus was not employed by the Campaign. *See* Def. Mem. at 6; Pl. Opp. at 5-6; Def. Ex. 1[2] at

---

[2] Citations to "Def. Ex." are to the exhibits attached to the declaration of Jeffrey Gavenman at ECF Nos. 440 and

154:24–25 (Delgado's testimony that "[n]o one [was] quite sure what the Transition team was"); see Def. Ex. 10 (Delgado's signed consulting contract with the Transition); Def. Ex. 13 at DEF-1685 (email thread sending Delgado her "consultant contract from the Transition"); Def. Ex. 1 at 157:19–20 (Delgado's testimony that she received paychecks from both entities); Pl. Ex. 51[3] at P-437 (email discussing the "campaign portion" of Delgado's pay for December 2016); Pl. Ex. 74 at 4–6 (November 2016 press release listing Delgado as a member of the Transition's "leadership staff"); Pl. Ex. 34 at DEF-2440 (master staff list designating Delgado as a contract employee of the Transition).

    Defendants' argument that there is no non-speculative evidence that Priebus actually participated in decision-making about Delgado's employment fails. See Def. Mem. at 6–7, 9. Delgado points to evidence in the record indicating that Priebus and Spicer discussed White House hiring, see Pl. Ex. 58 at P-41, that Priebus was on the Transition team's executive committee and was the incoming White House Chief of Staff, see Pl. Ex. 74 at 8, therefore, reasonably making him responsible for employment decisions for the Transition, including Delgado's firing. See, e.g., Def. Ex. 4 at 14:17–24, 15:9–10 (Priebus' deposition testimony agreeing that "selection of White House personnel . . . is one of the . . . duties of the chief of staff" and that he has "influence in the process"); Pl. Ex. 74 at 1 (press release noting that Priebus would "continue the . . . leadership team . . .formed during the campaign [and] . . . help lead the transition process in the run-up to Inauguration Day"); see also *United States v. Am. Soc. of Composers, Authors & Publishers*, 902 F. Supp. 411, 420 (S.D.N.Y. 1995) (holding that "assertions [with] sufficient plausibility and factual support [will] withstand summary

---

442.
[3] Citations to "Pl. Ex." are to the exhibits filed in support of Delgado's motion for summary judgment at ECF 556.

judgment").

Defendants' argument that Priebus' lacked discriminatory animus also fails. *See* Def. Mem. at 6–7. As the Court held in its Order, Delgado has raised a factual question as to the ultimate reason for her termination, and to what extent Priebus "share[d] the intent or purpose of the principal actor," the Campaign and Transition. *Nezaj v. PS450 Bar & Rest.*, 719 F. Supp. 3d 318, 333 (S.D.N.Y. 2024); *see* SJ Order at 17.

Accordingly, reconsideration of the Court's decision to deny Defendants' summary judgment on Delgado's NYSHRL and NYCHRL discrimination claims against Priebus is denied.[4]

### B. Retaliation Claim Against Priebus

Second, Defendants are not entitled to reconsideration on Delgado's retaliation claim against Priebus. Both the NYSHRL and NYCHRL prohibit retaliation against an employee who has engaged in protected activity—including opposing any forbidden discriminatory practice by, for example, bringing legal claims alleging unlawful discrimination. N.Y. Exec. Law § 296(7); N.Y.C. Admin. Code § 8-107(7). Defendants' claim that reconsideration of the denial of summary judgment on Delgado's retaliation claim is merited because the Court overlooked that there is no evidence that Priebus participated in the retaliatory actions she alleges. Def. Mem. at 4, 6, 10.[5] Not so. As explained above, the Court considered this same argument in denying

---

[4] Defendants argue that Delgado should be estopped from asserting discrimination or retaliation failure-to-hire claims under NYSHRL and NYCHRL. Def. Mem. at 5. The Court has already determined that Delgado's failure-to-hire claim is "nonexistent," *see* ECF No. 63 at 4, and Delgado disclaimed bringing such claims in her summary judgment briefing, and again disclaims them now, Pl. Opp. at 12. The Court, therefore, rejects any contention that Defendants are entitled to summary judgment on nonexistent claims.

[5] Defendants also seek clarification as to whether the Order granted their summary judgment motion with respect to Delgado's retaliation claim as it relates to Defendants' decision to start arbitration against Delgado. Def. Mem. at 2 n.1. The Court granted Defendants Priebus and Spicer partial summary judgment as it relates to the "discrete issue" of Defendants' decision to initiate arbitration against Delgado because there was no evidence that Priebus or Spicer participated in that decision. *See* SJ Order at 23 n.11. As the Court noted, however, "Priebus and Spicer are not

6

Defendants' summary judgment on this claim, *see* SJ Order at 21, and the Court again finds that Delgado has produced sufficient evidence from which a reasonable jury could infer that Priebus was involved in the decision to terminate her after she told him and others she was pregnant. *See* Def. Ex. 19; *Graciani v. Patients Med.*, P.C., No. 13 Civ. 2751, 2015 WL 5139199, at *19–20 (E.D.N.Y. Sept. 1, 2015) (denying defendants summary judgment on NYSHRL and NYCHRL retaliation claims where plaintiff had offered evidence that "termination quickly followed her voicing her concerns about pregnancy discrimination to" her employer and there was a question of fact as to whether retaliation was the but-for cause or played a role in the decision to fire plaintiff).

Accordingly, reconsideration of the Court's decision to deny Defendants' summary judgment on Delgado's NYSHRL and NYCHRL retaliation claim against Priebus is denied.

### C. Tortious Interference Claim Against Priebus

Third, Defendants are not entitled to reconsideration on Delgado's tortious interference claim against Priebus. To bring a tortious interference with prospective economic advantage claim, a plaintiff must show that "(1) [she] had business relations with a third party; (2) the defendant interfered with those business relations; (3) the defendant acted for a wrongful purpose or used dishonest, unfair, or improper means; and (4) the defendant's acts injured the relationship." *16 Casa Duse, LLC v. Merkin*, 791 F.3d 247, 261 (2d Cir. 2015) (citation omitted). For the same reasons stated above with respect to discrimination and retaliation, Defendants' arguments that Priebus did not play any role in the decision to not offer Delgado a job at the White House, and that he was not motivated by animus, fail. Because there are

---

entitled to summary judgment on Delgado's retaliation claim to the extent the claim encompasses her constructive termination from the Campaign and denial of a role in the White House." *Id.*

7

disputes of material fact as to Priebus' role in Delgado's termination and his true intent, Defendants' motion for reconsideration on Delgado's tortious interference claim is denied.

### III. Delgado's Motion for Reconsideration

Delgado argues that reconsideration of the Order is warranted because the Court erred in denying her motion to strike a non-party declaration filed by Michael Glassner ("Glassner Declaration") in connection with Defendants' summary judgment motion, Pl. Mot. I, and in denying her motion for summary judgment as it relates to arbitration-action retaliation, Pl. Mot. II. Delgado restates arguments already considered and rejected in the Order. *See* Mot. to Strike at 2–5, ECF No. 471; *see* Pl. SJ Mot. at 24–30, ECF No. 501; *see* SJ Order at 8–10, 20–23. That is not a sufficient basis for reconsideration. *See Mikhaylova*, 2023 WL 2237541, at *1. Delgado's arguments also fail on the merits.

#### A. Motion to Strike

Delgado argues that because there are "major contradictions" in the Glassner Declaration and his declarations from the parties' arbitration proceedings, Spicer and Glassner's deposition testimony, and the Campaign's filings in the arbitration proceedings, the Court should have granted her motion to strike. Pl. Mot. I at 4–6, 9–10. The Court disagrees.

Delgado incorrectly relies on *Mack v. United States,* 814 F.2d 120, 124 (2d Cir. 1987) and *Lawrence v. Chemprene*, No. 18 Civ. 2537, 2019 WL 5449844 at *2 (S.D.N.Y. Oct 24, 2019). In both cases, the Court disregarded a *party's* affidavit that contradicted their own prior deposition testimony in the same case. Here, Glassner is not a party, and Delgado claims that Glassner's declarations in a separate arbitration proceeding are inconsistent with his declaration and testimony in this case. *See* Pl. Mot. I at 4–5. To the extent Delgado argues that there are inconsistencies between the Glassner Declaration and his deposition testimony in this case and

8

other evidence in the record, those inconsistencies go to Glassner's credibility, which cannot be determined at summary judgment and should instead be evaluated by the jury on the entire trial record. *See Trinidad v. Pret A Manger (USA) Ltd.*, 962 F. Supp. 2d 545, 553 (S.D.N.Y. 2013) ("[A]lleged discrepancies between affidavits and depositions . . . go to the credibility of the declarant—and therefore to the weight to be given his or her testimony—rather than the admissibility of the testimony."); *see also Jeffreys v. City of New York*, 426 F.3d 549, 551 (2d Cir. 2005) ("[T]he general rule [is] that district courts may not weigh evidence or assess the credibility of witnesses at the summary judgment stage.")

Delgado's motion for reconsideration of the Court's denial of her motion to strike is, therefore, denied.

### B. Arbitration-Action Retaliation

Delgado contends that she is entitled to reconsideration of the Court's denial of summary judgment on her arbitration-action retaliation claims under the NYSHRL and NYCHRL, arguing that there is no genuine dispute of material fact on the issue. *See* Pl. Mot. II at 2. She fails, however, to provide sufficient grounds for reconsideration. As the Court determined in its Order, although Delgado points to potential retaliatory reasons that the Campaign decided to pursue arbitration against her, there is also evidence in the record from which a reasonable jury could conclude that the Campaign had non-retaliatory reasons for bringing arbitration claims against Delgado, including to the extent she did or was about to violate a nondisclosure agreement between the parties. *See* SJ Order at 23; *see also* Pl. SJ Mem. at 18–24 (arguing that arbitration started soon after she engaged in protected activity, including complaining of pregnancy discrimination and stating that she may file a complaint with a New York City agency and initiate this action); Def. SJ Opp. at 24–26, ECF No. 518 ("[T]he Campaign made the

decision to bring the [a]rbitration because it legitimately believed that Plaintiff breached the NDA . . . ."). Accordingly, Delgado is denied reconsideration on this issue.

## CONCLUSION

For the reasons stated above, Defendants' and Delgado's motions for reconsideration are DENIED. Delgado's motion to adjourn the trial date is DENIED.

The Clerk of Court is respectfully directed to terminate the motions at ECF Nos. 551, 558, 559, and 572.

SO ORDERED.

Dated: December 12, 2025
       New York, New York

_____
ANALISA TORRES
United States District Judge