

R H E I N G O L D   G I U F F R A   R U F F O
P L O T K I N   &   H E L L M A N   L L P

DAVID B. RHEINGOLD◇
THOMAS P. GIUFFRA♦○
EDWARD A. RUFFO♦
SHERRI L. PLOTKIN♦
JEREMY A. HELLMAN
ROSS G. TESTAIUTI♦△
ETHAN J. COHEN

Of Counsel
PAUL D. RHEINGOLD‡●

*Also Admitted In:*

D.C. ‡
Virginia ◇
New Jersey ♦
Massachusetts ●
Utah ○
Pennsylvania △

February 11, 2026

Hon. Analisa Torres
United States District Court
Southern District of New York
Daniel Patrick Moynihan U.S. Courthouse
500 Pearl St.
New York, NY 10007-1312

> Re:    **Delgado v. Donald J. Trump For President, Inc. et al,
> No. 1:19-cv-11764-AT-KHP**

Dear Judge Torres:

As you know, I represent Ms. Delgado in the State Court action currently pending in the Supreme Court, New York County. I am also assisting Mr. Hyland who is counsel for Ms. Delgado in the matter before your Honor. I am submitting this letter on behalf of both Mr. Hyland and myself based on recent developments related to the matter before the Court.

At the January 27, 2026, appearance before the Court, the ongoing issues related to the Florida child support case involving Jason Miller were discussed. Mr. Miller is not a party in the matter before the Court but is a named party in the State court action and is a party seeking release in both actions. The Court wisely recognized that the child support case also needed to be resolved in order to effectuate a true global resolution and to address concerns raised by Ms. Delgado for complete peace on the litigation front.  The Court identified the importance of the interests of the child and the impact of the ongoing strife on him.

Thereafter, we were directed to contact Mr. Miller's attorney in Florida, Sandy Fox to try to schedule mediation on an expedited basis. Mr. Hyland made repeated attempts to effectuate the Court's directives but was unsuccessful due to the intransigence of Mr. Fox.

## <u>PROCEEDINGS OF JANUARY 29, 2026</u>

At the last conference on January 29, 2026, we discussed the challenges we were being presented with by Mr. Fox which thwarted what the Court directed us to do. We also raised the various difficulties presented in the Family Court matter caused by Mr. Fox's abusive interactions during the litigation with both Ms. Delgado and her prior counsel Laline Concepcion-Veloso.

The Court directed Mr. Hyland to produce the offensive communications along with proof to support Plaintiff's allegation that various PACs were funding the litigation in Florida. The Court also offered to contact Judge Multack to attempt to facilitate a global resolution of these three related, pending cases.

As the Court may recall, Mr. Gavenman relayed at our most recent conference, that Mr. Fox suggested that the parties exchange lists of remaining documents needed within seven (7) days and that responsive documents were to be provided seven (7) days later to the respective forensic accountant expert witnesses. We agreed to this proposal.

Following the conference, both sides supplied lists of documents as scheduled. Ms. Delgado also did everything possible to move the process along, including obtaining the services of a recommended mediator, obtaining possible dates for the mediation and providing any remaining financial documents required by the forensic accountant retained by Mr. Miller.

Unfortunately, Mr. Miller/Mr. Fox failed to provide *any* updated documents. Moreover, Mr. Fox refused to engage with Mr. Hyland to discuss the mediation and inexplicably demanded that all communications come directly from Ms. Delgado. As the Court is aware, the communications between them have been problematic. It was thought that the introduction of a more neutral person into the process would ameliorate the toxicity. However, this effort at "calming the waters" was not well received by Mr. Fox for reasons known only to him.

Subsequently, on January 30, 2026, we were advised by the Court that it had a productive call with Judge Multack that morning, and that a conference was scheduled for February 9, 2026, to address the various issues which would hopefully result in productive mediation and resolution. We were optimistic that with the intervention of the Court there was chance of resolution of all three cases.

## <u>THE RECUSAL OF JUDGE MULTACK</u>

Unfortunately, that hope was dashed on February 1, 2026, when we were advised that Judge Multack had recused himself from the case that he had handled for over four years. As a result, the February 9, 2026, conference was cancelled.  We were baffled as to why this recusal had occurred, particularly since Judge Multack had resisted recusal on several prior occasions.

Notably, Judge Multack's recusal was the *ninth* recusal that had occurred during the pendency of the family court action in Miami. This prompted me to review prior proceedings and documents related to the action. I was surprised by what I discovered as it was so contrary to my experience practicing in New York since 1995. Candidly, much of what I reviewed seemed more like a Carl Hiaasen novel as opposed to the dry pleadings and proceedings that I expected.

On February 7, 2026, Ms. Delgado learned, through a third party, what appears to have caused Judge Multack's recusal. Apparently, two days after the status conference was scheduled by Judge Multack, Jason Miller posted the following social media post, to his over *600,000 followers, on February 1st, at 2:41 pm, effectively threatening Judge Multack:*



Judge Multack recused himself *four hours* after the post was made on Twitter.

It cannot be denied that Mr. Miller's threat to cause career harm to Judge Multack by mobilizing "EVERYONE" and "EVERY resource" were not merely the idle ramblings of a crank; they were very real threats of professional harm made by a person who has extensive political power and the ability to follow through on them. Mr. Miller is a very well-connected member of the Republican establishment with close ties to President Trump and his inner circle.

Frankly, I have been very surprised by much of what I have discovered about the prior proceedings in Florida, but a public threat to a member of the Judiciary to intimidate them from performing their duty is something that I never would have expected to encounter in my career as an attorney practicing in civil matters. While I am not a criminal lawyer, I did believe that what occurred seemed illegal and took the opportunity to review the applicable statutes.

Florida does have a law addressing threats and harassment of judges. It is codified in Florida Statutes Title XLVI. Crimes § 836.12. The applicable section is entitled Threats or Harassment. The section states:

> (3)    *Any person who knowingly and willfully harasses* a law enforcement officer, a state attorney, an assistant state attorney, a firefighter, *a judge*, a justice, a general magistrate, a special magistrate, a child support enforcement hearing officer, an administrative assistant, a judicial assistant, a clerk of the court, clerk personnel, or an elected official, *with the intent to intimidate or coerce such a person to perform or refrain from performing a lawful duty, commits a misdemeanor of the first degree*, punishable as provided in s. 775.082 or s. 775.083. (emphasis supplied).

Despite this shocking development, nothing has been done in the Florida courts other than to assign a new judge to the family court case. In the interim, Mr. Miller's attorney, Mr. Fox, sought hearings with the newly assigned judge and even requested a trial date last week prior to Ms. Delgado's discovery of the threatening tweet.  It is very obvious that Mr. Miller has no interest in resolving the family court case. Furthermore, since his costs are seemingly being absorbed by several PACs, he has no incentive to do so.

Based on these unique developments, we respectfully request a conference to address the matters before the Court.

Respectfully submitted,

Thomas P. Giuffra

Cc: All Counsel of Record (by ECF)