

Adam Katz | Partner<br>
Direct 646.292.8787 | akatz@goldbergsegalla.com

February 16, 2026

**Via ECF**
Hon. Analisa Torres, U.S.D.J.
United States District Court, Southern District of New York
500 Pearl St.
New York, NY 10007-1312

  Re: *Delgado v. Donald J. Trump for President, Inc., et al.*, No. 19-cv-11764 (AT)(KHP)
    <u>Response to Plaintiff Delgado's February 11, 2026 Letter</u>

Dear Judge Torres:

  This firm represents non-party Jason Miller for the purposes of this letter and in another action commenced by Ms. Delgado in the New York State Supreme Court, bearing the index number 952333/2023 ("NY State Case"). We write in response to Thomas Giuffra's highly inappropriate and troubling letter, dated February 11, 2026 ("Giuffra's Letter").

  At the outset of the letter, Mr. Giuffra discusses a January 27, 2026 appearance before the Court, wherein he states that the parties to the call, which to our understanding included Ms. Delgado, discussed "the ongoing issues related to Florida child support case involving Jason Miller." Giuffra's Letter at p. 1. Leaving aside jurisdictional issues over the Florida child support case being discussed by this Court, the Florida case never should have been discussed informally or formally without Mr. Miller present, especially if Ms. Delgado was given an opportunity to voice her opinion on the case. Additionally, this firm has submitted other letters on the docket to this Court when Ms. Delgado tried to add Mr. Miller as a party nearly a decade after the action commenced, and could have been notified of any intent to discuss Mr. Miller.

  Giuffra's Letter then delves into a series of mischaracterizations and outright falsehoods to curry favor with the Court, at the expense of Mr. Miller. Notably, the letter makes it seem as if Miller has been the one thwarting the efforts toward a global resolution that included the Florida child support case, and that it was Ms. Delgado who has been seeking "complete peace on the litigation front." Giuffra's Letter at p. 1. Nothing in this statement could be further from the truth. Rather, Ms. Delgado initially rejected the request to include the NY State Case involving Mr. Miller in the mediation that occurred between the parties in this case on December 17, 2025 (the "December Mediation"). Even after relenting on that point, Ms. Delgado made it very clear that she did not want Mr. Miller or his legal representatives to attend the December Mediation, and that any settlement agreement must carve out Mr. Miller in a way that allows her to continue to attack him in the Florida family law case. Mr. Miller was not included in the mediation, never met with the mediator, and was

**Please send mail to our scanning center at: PO Box 880, Buffalo NY 14201**

711 3rd Avenue, Suite 1900, New York, NY 10017-4013 | 646-292-8700 | 646-292-8701 | **www.goldbergsegalla.com**
CALIFORNIA | CONNECTICUT | FLORIDA | ILLINOIS | NEW JERSEY | NEW YORK | NORTH CAROLINA | MARYLAND | MISSOURI | PENNSYLVANIA

Hon. Analisa Torres, U.S.D.J.
February 16, 2026
Page 2

only asked for a financial contribution to settlement,—which is another example of excluding Mr. Miller from these proceedings.[1]

Then, Giuffra's Letter references that a second hearing took place on January 29, 2026 wherein the Florida family court was discussed. Yet again, Mr. Miller was not invited to participate in the hearing. Astonishingly, in addition to Ms. Delgado's presence at the hearing, it appears that Ms. Delgado had two firms representing her at the hearing. Giuffra's letter even references discussions about Mr. Miller's family court lawyer, Sandy Fox, and his interactions with Ms. Delgado and Ms. Delgado's former counsel. Giuffra's Letter at p. 2. However, Mr. Miller was again denied the opportunity to have any representation on his behalf. As a result, it appears that Ms. Delgado and her legal team were inappropriately allowed to dredge up and mischaracterize anything and everything about the family law case, without Mr. Miller being able to respond or to provide his version of events.

Giuffra's Letter then tries to portray Mr. Miller and Sandy Fox as the reason why mediation has not occurred. Contrary to Mr. Giuffra's assertions, Mr. Fox communicated with Ms. Delgado and Mr. Hyland about setting up a mediation on at least three occasions since January 22, 2026-- even offering to hold the mediation on the weekend, and to have Mr. Miller pay for the mediation, to satisfy this Court's order to complete the mediation immediately. Mr. Fox correctly expressed reluctance to talk to Mr. Hyland substantively about the family law case; Mr. Hyland is not an attorney authorized to practice in Florida, and Ms. Delgado has previously raised concerns when Mr. Fox did not communicate with her directly. To the extent that Ms. Delgado does not want to communicate with Mr. Fox directly, she should either retain counsel in the Florida case or Mr. Hyland should seek admission in Florida *pro hac vice*. Giuffra's Letter also appears to object to Mr. Fox engaging in discovery in the Florida case, but he has had no choice but to seek judicial intervention when Ms. Delgado insisted on playing by her own rules-- avoiding discovery obligations, ignoring Mr. Fox, filing motions in the appellate court while these settlement negotiations were ongoing, and engaging in scorched earth tactics to prolong this decade-long family court battle. Given Ms. Delgado's tactics in the Florida case, it is simply beyond the pale for her legal team in this case to take umbrage at Mr. Fox for filing legitimate discovery motions. Ms. Delgado simply has not taken the steps necessary to resolve the Florida matter with Mr. Miller.

Finally, Mr. Giuffra concludes his letter by referencing a tweet posted by Mr. Miller regarding Judge Multack, in yet another attempt to gratuitously smear Mr. Miller before this Court. First, Mr. Giuffra offers his baseless legal opinion: "While I am not a criminal lawyer, I did believe that what occurred seemed illegal," with a citation to a Florida statute. Giuffra's Letter at p. 3-4. Even if the Florida statute was implicated, which it is not for the reasons set forth *infr*a, this Court does not have jurisdiction to enforce a Florida criminal statute, especially through a letter motion. More importantly, there is nothing improper about Mr. Miller's tweet. He has a right to freedom of speech to voice his opinion about Judge Multack. The single tweet does not harass Judge Multack. It does not physically or otherwise threaten Judge Multack. More importantly, it does not

---

[1] Moreover, Giuffra's Letter fails to inform the Court that Ms. Delgado and Mr. Miller reached a complete settlement in the Florida case, thereby ensuring the "complete peace" between the parties that Ms. Delgado now claims to seek. However, it was Ms. Delgado who successfully had that settlement vacated, leading to the continued litigation between herself and Mr. Miller.

Hon. Analisa Torres, U.S.D.J.
February 16, 2026
Page 3

demand Judge Multack's recusal; Judge Multack made that choice on his own. Indeed, it would be hard to solely blame Mr. Miller's tweet for Judge Multack's recusal as the judge has previously voiced his frustration with Ms. Delgado and even signed an order to show cause that, if granted, would have precluded Ms. Delgado from representing herself *pro se* in the family court matter. Judge Multack also could have been hesitant to get involved in this action and the state action on an *ex parte* basis.

In yet another irony and another example of Ms. Delgado misrepresenting the events that transpired in the Florida case, Giuffra's Letter references the fact that Judge Multack was the ninth judge to oversee the Florida custody dispute, using the passive voice to imply that these recusals were – like Giuffra's Letter's reference to Judge Multack's recusal – the fault of Mr. Miller. Giuffra's Letter at p. 3. Giuffra's Letter conveniently omits that each of the nine previous recusals in the Florida case were precipitated and, in many cases, demanded, by Ms. Delgado, through her antics and contrived theories of prejudice when she received an unfavorable ruling from one of the judges. It is worth repeating that in the Florida custody action, one of the judges in that action described the litigation as "unnecessary," "protracted," and something Ms. Delgado turned "into an all out war." ECF Dkt. No. 407, Ex. A. Indeed, this Court is familiar with these antics as Ms. Delgado tried to have this Court and Judge Parker recused for various perceived biases on multiple occasions.

Just yesterday, Fracisco Alvarado, a blogger and purported influencer reached out to Mr. Fox and Mr. Miller. Mr. Francisco had previously been brought in by Ms. Delgado to draft blog and webpage content, solely designed to incite further vitriol amongst the parties. This instant is no different as it is obvious that Ms. Delgado requested Mr. Alvarado to reach out to Mr. Miller to thwart settlement efforts and to distract from her recent request to disqualify the Eleventh Judicial Circuit Court based upon Mr. Miller's post on X. This is just the latest effort confirming Ms. Delgado will never settle her nearly decade long lawsuit against Mr. Miller.

In conclusion, this current situation is not Mr. Miller's fault. Rather, Ms. Delgado\s gamesmanship manifested in her refusal to provide necessary documents or pick a date for mediation, as well as Mr. Miller and his counsel continuously being excluded from pertinent settlement discussions, caused this current predicament to spiral out of control. Notwithstanding the foregoing, as late as Wednesday, February 11, 2026, Mr. Miller's family law attorney told Ms. Delgado that "To be clear, we are ready, willing and able to mediate once you or a member in good standing of The Florida Bar respond and coordinate with us."

We thank the Court for its attention to this response.

Respectfully submitted,

Adam S. Katz, Esq.